IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

William m Hicks
      Plaintiff;

vs.

Ken Jenne sheriff of
Broward sheriffs office, et al,
and
Emergency medical services
association, Inc, et al,.
      Defendants.

CIVIL action*
00-6087-CIV-DIMItRouLEAS

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL.

### STATEMENT OF THE CASE:

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting claims for the unconstitutional misuse of force, the denial of due process in subsequent disciplinary proceedings, and the denial of medical care for injuries inflicted during assault and misuse of force. The plaintiff seeks damages as to all claims and an injunction to ensure proper medical treatment.

### STATEMENT OF FACTS:

The complaint alleges that the plaintiff was assaulted by a known violent inmate and held by misuse of force by sheriffs deputys, receiving a number of injuries including fractured

right temple, jaw in two places and facial fractures. Plaintiff never was treated and was told by jail Doctor, He recieved no fractures nor severe injuries after taking five xrays in jail. Plaintiffs jaw was never wired closed nor right temple and facial as jail and E.M.S.A. were told to do. continued to deny medical care and try to cover up wrongful actions. The plaintiff was convicted many times at disciplinary hearings for actions he had not done. All disciplinary reports were in retaliation to cover up Broward sheriffs office and E.M.S.A. wrongful actions. Plaintiff was denied all requests for witnesses and evidence to be present during all disciplinary hearings. Plaintiff was convicted of all charges despite the complete lack of any evidence, even in the officers' reports. The staff along with superintendent denied all appeals on disciplinary. Plaintiff spent over half a year confined

## ARGUMENT

### THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

IN deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S.ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

(1.) FACTUAL COMPLEXITY: The plaintiff alleges that two of Broward sheriffs deputys violated security at jail by leaving post and plaintiff was assaulted by known violent inmate. Then plaintiff was held by a deputy as the known violent inmate continued his assault on him. He also asserts that certain jail supervisors were on notice of wrongful actions of deputys and did nothing about it or security problems.

In addition, one of the Plaintiff's claims involves the denial of medical care to serious head and facial fractures; it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Moore v. Mabus, 976 F.2d 268, 272 (5TH cir. 1992); Jackson v. County of mclean, 953 F.2d 1070, 1073 (7TH cir. 1992); Tucker v. Randall, 948 F.2d 388, 392 (7TH cir. 1991).

(2.) THE PLAINTIFF'S ABILITY TO INVESTIGATE: The plaintiff is now confined to Department of corrections and has no ability to investigate the facts. For example, he is unable to identify, locate and interview the defendants nor inmates who were present in jails. Several inmates are now confined to Department of corrections. A factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F.2d 388, 391-92 (7th cir. 1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (w.D.N.Y. 1988); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D. Wis. 1984). In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports and statements about the incident, the history of the officers with prior records of misuse of force, and the plaintiff's medical history. See Tucker v. Dickey, 613 F. Supp. 1124, 1133-34 (w.D.Wis. 1985) (need for discovery supported appointment of counsel).

(3.) CONFLICTING TESTIMONY: The plaintiff's account of his beating by known violent inmate and violations of security of Jail as well misuse of force by sheriff deputys. The denial of medical by EMSA along with all Staffing and doctors and dentists, this aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witnesses as can be Located). The existence of these credibility issues supports the appointment of counsel. Gatson v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988).

(4.) THE ABILITY OF THE INDIGENT TO PRESENT HIS claim: The plaintiff Is an indigent prisoner with no Legal training, a factor that supports the appointment of counsel. Whisenant V. Yuam, 739 F.2d 160, 163 (4th cir. 1984). In addition, he is confined to Department of corrections with very Limited access to Legal materials and research. Rayes v. Johnson, 969 F.2d 700, 703-04 (8th cir. 1992) (citing Lack of ready access to Law Library as a factor supporting appointment of counsel).

(5.) LEGAL COMPLEXITY: The Large number of defendants, some of whom are supervisory officials, presents complex Legal issues or determining which defendants were sufficiently personally involved in the constitutional violations to be held Liable. In addition, the plaintiff has asked for a Jury trial, which requires much greater legal skills than the plaintiff has or can develope. see Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th cir. 1991) (citing Jury demand as a factor supporting appointment of counsel), cert. denied, 112 S. ct. 1995 (1992).

(6.) THE ABILITY TO ACCESS FILES: The plaintiff has complete medical files and daily notes as well documents on Broward sheriffs office and EMSA. But since complexity of case, plaintiff cannot have them in his possesion for fear of being taken. The

(4)

medical contractor "EMSA" is owned by Attorney General of florida, wife. which in it self makes it more complex case.

(7.) <u>MERIT OF THE CASE:</u> The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The unprovoked and injurious beating alleged in the complaint clearly states an Eight Amendment violation. see Hudson v. McMillian, ―― U.S. ―― 112 S.ct. 995, 1000 (1992). The allegations of denial of medical care amount to "intentionally interfering with the treatment once prescribed", which the Supreme court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.ct. 285 (1976). The unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence, and the failure to give a meaningful statement of reasons for the decision are all plain violations of due process. Ponte v. Real, 471 u.s. 491, 497, 105 S.ct. 2192 (1985); Superintendent v. Hill, 472 u.s. 445, 457, 105 S.ct. 2768 (1985); Dyson v. Kocik, 689 F.2d 466, 467-68 (3d cir. 1982). On its face, then, this is a meritorious case.

<u>CONCLUSION</u>

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

Feb 2 2000
Date

s/ ___William m Hicks___
Doc# 664670

William m Hicks
Tomoka corr. Inst.
3950 Tiger Bay RD
Daytona Beach, Florida 32124

I hereby declare under penalty of perjury that foregoing to be true and correct.

(5)

pag 1of3 : LISTING OF LAWYERS Plaintiff Sought :

I william m Hicks provide Listings of Lawyers who he has tried to get help from. Plaintiff has Sought help since year 1996 and has close to 200 hundred Listings of Names whom he tried for help but can not recieve any.

1.) ACLU oF Florida.

225 N.E. 34 ST, Suite 102 miami, Fla 33137.
(305) 576-2336

2.) Bernard F. Daley, JR. P.A.

1210 E. Park Avenue, p.o. Box 1177 Tallahassee, Fla 32301,
(p.o. Box 32302)      (350) 224-5823

3.) Capital Collateral Representative (CCCR).

1533 S. monroe St. Tallahassee, Fla 32301.
(904) 487-4376

4.) CRiminal Defense Center,
% Robert A. Rand, P.A.

908 Thomasville RD Tallahassee, Fla 32303
(850) 224-9192

5.) christopher c. cloney, P.A.

315 S.E. 7th ST. FT. Laud, Fla 33301
(954) 523-5993

page 2 of 3

6.) Centurion ministries.

32 nassau street, 3rd Floor · princeton, new jersey 08542.

7.) Carey m. Fischer, P.A.

Suite 300 · 750 S.E. 3rd Ave FT. Laud, Fla 33316.
(954) 524-3553

8.) David W. Collins, P.A.

P.O. Box 541 monticello, Fla 32345

9.) Florida Justice Institute, Inc.

First union financial center, Suite 2870, · 200 South Biscayne
Blvd Miami, Fla 33131-2310
(305) 358-2081

10.) Florida Institutional legal Services, Inc.

1110-c nw 8Th Avenue Gainesville, Fla 32601
(904) 953-2260

11.) Gary, williams, parenti, finney, Lewis, mcmanus, watson
& Sperando P.A.

waterside professional Bldg 221 E. osceola st. Stuart,
Fla 34994   (561) 283-8260

12.) National legal Aid & Defender Ass.

1625 k st. nw ~ 8Th Floor washington, D.C. 20006
(202) 452-0620

Page 3 of 3

13.) Pen Sacola TASC.

24 west chase ST. pensacola, Fla 32501

14.) Prisoners' Rights program.
    public defenders service

451 Indiana Ave, N.W. washington, DC 20001

15.) NAACP legal Defense and educational fund, Inc.

99 hudson ST. suite 1600 newyork, ny 10013-2897
(212) 965-2200

16.) Prison ministries

P.O. Box 1911 Decatur, Georgia 30031-1911

17.) Prisoners SelPhelP Legal clinic

35 halsey ST. Suite 4B · Newark, NJ 07102
(973) 243-3688

18.) Prentice H. marshall, P.A.

4641 S. Atlantic Ave ponce Inlet, Fla 32127
(904) 760-5649

19.) Randall c. Berg. JR. P.A.

20.) U.S. Department of Justice
    P.o Box 66018 Washington, DC 20035-6018

21.) Volunteer Lawyers Resource Center of Fla, Inc.
    805 N. Gadsen ST. Suite A Tallahassee, Fla 32303 (904) 681-6499