```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 00-6087-Civ-DIMITROULEAS
                         MAGISTRATE JUDGE SORRENTINO
WILLIAM M. HICKS,        :

     Plaintiff,          :

v.                       :    ORDER ON PENDING MOTIONS

KEN JENNE, et al.,       :

     Defendants.         :
_____
```

This Cause is before the Court upon motions by the plaintiff (DE#s 27, 28, 29, and 30).

The plaintiff filed a "Motion to Dismiss Case" if he could have his filing fee refunded (DE# 27, Dated October 15, and filed with the Clerk October 17, 2000).

Five days later the plaintiff filed with the Clerk a "Motion for Stay," asking permission to rescind his motion to dismiss, and requesting a "stay" so that he might "continue seeking an attorney to take case." (DE# 28). On the same day the plaintiff filed a "Motion to Amend Complaint," seeking leave to amend so that he can "remove 14 defendants and keep 13 defendants; stating that he "can not hire an attorney nor fined [sic] an attorney to take case, it would be best to simplify his complaint in order to resume case on his own;" and further stating that "the original complaint has to many defendant's and plaintiff wants to stick to the defendant's who done gross negligence." (DE# 29).

Finally, the plaintiff filed a "Motion for Court Order to Allow Plaintiff's Evidence to Enter Prison." (DE# 30).

Upon Consideration, and review of the record, it is thereupon

ORDERED AND ADJUDGED, as follows:

1. **The plaintiff's motion for leave to amend (DE# 29) is granted,** to the extent that the plaintiff shall, on or before November 30, 2000, file an amended complaint.

    a. The amended pleading must be labeled Amended Complaint and must show Case No. 00-6087-Civ-Dimitrouleas, so that the Clerk will know that it is to be filed in this case.

    b. The amended complaint must include all allegations against each defendant whom the plaintiff intends to sue and must state all relief which is sought; it cannot just add to the original complaint. This is because the amended complaint will become the only active complaint in the case. Nothing in the original complaint (DE# 1) will be considered after the amended complaint is filed. The amended complaint must be one single pleading which stands on its own.

    c. The amended complaint must comply with Fed.R.Civ.P. 8(a) by providing a short and plain statement of a claim, a basis for federal jurisdiction, and a demand for judgment. It must also comply with Fed.R.Civ.P. 10(b) which requires that the plaintiff separate his claims based upon differing sets of circumstances. The plaintiff must therefore separate his claims against each defendant in a separate paragraph or paragraphs, stating what that person is alleged to have done or failed to do.

    d. The plaintiff is hereby informed that no action will be taken with regard to obtaining service of process in this case until the amended complaint is received, and an initial review of the sufficiency of that pleading has been conducted.

      e.  The plaintiff is cautioned that failure file the superseding amended complaint on or before November 30, 2000, will likely result in dismissal of this case.

2.   **The plaintiff's motion** for leave to voluntarily dismiss the case **(DE# 27) is dismissed, as moot.**

3.   **The plaintiff's motion** to stay the case so that he can seek an attorney **(DE# 28) is dismissed, as moot.**

4.   **The plaintiff's motion (DE# 30)**, captioned "Plaintiff's Motion for Court Order to Allow Plaintiff's Evidence to Enter Prison," **is denied.** The plaintiff must comply with applicable prison rules and regulations.

DONE AND ORDERED at Miami, Florida this 30 day of October, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  William M. Hicks, <u>Pro Se</u>
    DC# 664670
    Everglades Correctional Institution
    1601 S.W. 187th Avenue
    P. O. Box 65-9001
    Miami, FL 33265-9001