UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CIV-DIMITROULEAS
MAGISTRATE JUDE SORRENTINO
DIVISION: CIVIL

WILLIAM M. HICKS,
  Plaintiff,
v.
KEN JENNE, et al.
  Defendant's.
_____/

## PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO DISMISS CASE

COMES NOW, Plaintiff, william m Hicks, pro se, files his motion to Dismiss defendant's motion to dismiss case. Plaintiff Submits facts herein which are in court's files. Therefore this court should not dismiss case since the Plaintiff followed all court's orders, rules in a timely fashion and states as follows:

(1.) Plaintiff, filed a motion to amend his $1983 civil rights claim to relate back to year 1996 of original filing. And to remove (14) defendant's and keep remaining (13) defendant's in complaint, Dated oct 17,

(1)

2000,

(2.) The court sent an ORDER ON PENDING MOTIONS, dated Oct 30, 2000, The Plaintiff recieved order on Nov 3, 2000. Then this court GRANTED Plaintiff's motion to amend complaint (DE #29) with full instructions and to file with court ON or BY Nov 30, 2000,

(3.) Plaintiff amended his complaint, kept (13) defendant's, followed court's instructions as to amended complaint and had it notarized by Department of corrections officer at Everglades corr INST on Nov 9, 2000,

(4.) The Plaintiff then handed a sealed envelope to official to mail, and then sent a complete copy to family. They had made (16) complete sets and paid a Private mail courier service to deliver to Fort Lauderdale Branch of Federal court, and had a clerk working in court house sign for delivery of all (16) complaints. this is documented and done before deadline of Nov 30, 2000,

(5.) Plaintiff then filed 1ST NOTICE OF INQUIRY asking if clerk recieved Dated Jan 3, 2001,
The clerk sent Docket sheet showing NO, Dated Jan 8, 2001, 9:26am,

(6.) Plaintiff, filed 2nd notice of INQUIRY asking if recieved yet, Dated Jan 18, 2001,
The clerk sent Docket sheet showing no, Dated Jan 23, 2001, 2:41pm,

(2)

(7.) Plaintiff, filed 3rd notice of Inquiry asking it recieved amended complaint, Dated feb 16, 2001,
The clerk responded with yellow sticker saying not as yet and a copy of docket sheet,

(8.) Plaintiff, then filed two page letter of concern to honorable Judge Dimitrouleas stating fall problem and how Plaintiff filed amended complaint and did not want this kind of issue to be raised, Dated Jan 20, 2001,

(9.) Then Plaintiff, filed a letter to cheif Judge, Honorable William J. Zloch, outlining concerns of amended complaint and the clerks office. Judge said in reply dated Feb 13, 2001, he referred it to honorable Judge Dimitrouleas. letter sent to Judge Zloch was dated Feb 7, 2001,

(10.) Plaintiff, then files for a Telephonic hearing / status, dated Feb 28, 2001, to find out reasons why clerk has not filed my amended complaint after months of recieving it.
Trial court of Sorrentino sent an order denying motion for non compliance,

(11.) Plaintiff, refiles motion for Telephonic hearing / status, Dated march 17, 2001,
Then the court reconsiders first motion after review of the record and GRANTS motion for telephonic hearing, solely to the extent that hereby informed that copies of amended com-

(3.)

Plaint dated Nov 9, 2000, have been sent with notices of lawsuit and Request's for waivers of service of summons to eleven defendants. Dated march 14, 2001.

Therefore, the facts as to following all rules of court and once mail is placed in the officials hands to mail, its deemed filed. "Mail Box Rule". And defendant's motion to dismiss must fail since the Plaintiff complied with all rules of court and instructions and has no power or control over clerk of court's office nor mailing procedure.

The defendant's assert Plaintiff was contumacious which is not the facts contained herein. Defendant's use Rule 4(m) Fed. R. Civ. P., which clearly says the District court should also take care to protect Pro se Plaintiff's from consequences of confusion or delay attending the resolution of an informa Pauperis Petition. <u>Robinson v. America's Best contacts & Eye glasses</u>, 876 F.2d 596 (7th Cir. 1989).

Wherefore, Plaintiff ask honorable court to deny defendant's motion to dismiss and continue with factual case and allow Plaintiff to continue to Prosecute his §1983 civil rights claim.

<u>William M Hicks #664620</u>

<u>William M Hicks</u>
<u>march 23, 2001</u>
Dated

(4.)

## OATH

I <u>William M Hicks</u>, hereby state that the facts and information contained herein or attached hereto is true and correct under Penalty of Perjury pursuant to title 28 U.S.C. § 1746 AND § 92.525 Florida Statutes (1989).

EXECUTED ON THIS <u>23</u> day of March, 2001.

<u>William M Hicks #664670</u>
William M Hicks, pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing: Plaintiff's motion to Deny and Dismiss defendant's motion to dismiss, has been furnished by U.S. mail upon handing over to prison officials for mailing to, counsel for defendant's behalf, McAllister, P.A. 2801 Ponce de Leon Blvd, 9TH Floor Coral Gables, Fla 33134

<u>William M Hicks #664670</u>
<u>William M Hicks, prose</u>
<u>Everglades Corr Inst</u>
<u>PO Box 949000</u>
<u>Miami, Florida 33194-9000</u>

(5.)