UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CIVIL

WILLIAM M. HICKS,
    PLAINTIFF,

    VS.                    CASE NO: 00-6087-CIV-DIMITROULEAS.

KEN JENNE,

SUSAN McCAMPBELL,

BARBARA HANSON-EVANS,

STANLEY HOLMES,

JOHN DOE'S #1 AND #2,         JURY TRIAL DEMANDED

DR. W.C. DAVIS,

DR. UECKER,

DR. TREVOR WEATHORS,

DR. CLINE,

DR. PEARSON,

DR. G. PEARSON,

EMERGENCY MEDICAL

SERVICES ASSOCIATION,
    DEFENDANT'S,

AMENDED COMPLAINT UNDER THE CIVIL RIGHTS

ACT,

42. U.S.C. § 1983



## PRELIMINARY STATEMENT

THIS IS A CIVIL RIGHTS ACTION FILED BY WILLIAM M. HICKS, PRO-SE. THE FOREGOING IS BASED ON CONSTITUTIONAL VIOLATIONS. PLAINTIFF SUES FOR DAMAGES BOTH PHYSICAL AND PUNITIVE, ALLEGING VIOLATIONS OF HIS RIGHTS TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT AND DENIAL OF MEDICAL CARE IN VIOLATION OF THE EIGHTH AMENDMENT. PLAINTIFF ALSO ALLEGES ACTS OF EXTRINSIC FRAUD.

## JURISDICTION

THIS HONORABLE COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIMS OF VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1331 AND § 1343

2

## PREVIOUS ACTIONS FILED

1), IN 1996, PLAINTIFF FILED ACTION IN THIS HONORABLE COURT UNDER 42 U.S.C. § 1983, INVOLVING THE MATTERS STATED HEREIN, CASE NO: 96-6496-CIV-UNGARO-BENAGES.

2), ON NOVEMBER 19, 1996, PLAINTIFF FILED NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE IN CASE NO1 96-6496-CIV-UNGARO-BENAGES.

3), ON NOVEMBER 20, 1996, THIS HONORABLE COURT ISSUED AN ORDER GRANTING PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE TO REFILE.

4), ON JANUARY 4, 2000, PLAINTIFF REFILED COMPLAINT UNDER 42 U.S.C. § 1983. IN THIS HONORABLE COURT, CASE NO: 96-6496-CIV-UNGARO-BENAGES

5), ON JANUARY 18, 2000, THIS HONORABLE COURT FILED PLAINTIFF'S COMPLAINT.

6) ON OCTOBER 15, 2000, PLAINTIFF FILED MOTION TO DISMISS IF HE COULD HAVE HIS FILING FEE REFUNDED.

7), ON APPROXIMATELY OCTOBER 22, 2000, PLAINTIFF FILED MOTION TO STAY.

3

8), ON APPROXIMATELY OCTOBER 22. 2000, PLAINTIFF FILED MOTION TO AMEND.

9). ON OCTOBER 30. 2000, THIS HONORABLE COURT ISSUED AN ORDER GRANTING PLAINTIFF LEAVE TO AMEND AND GAVE PLAINTIFF UNTIL NOVEMBER 30. 2000, TO DO SO, ALSO WITH INSTRUCTIONS TO FILE UNDER CASE NUMBER, 00-6087-CIV-DIMITROULEAS.

10), COMES NOW, THE PLAINTIFF, WILLIAM M. HICKS, AND RESPECTFULLY FILES THIS AMENDED COMPLAINT UNDER 42 U.S.C. § 1983, WITH THIS HONORABLE COURT.

## PARTIES

1). THE PLAINTIFF, WILLIAM M. HICKS, WAS INCARCERATED WITHIN THE BROWARD COUNTY JAIL UNDER THE SUPERVISION OF THE BROWARD COUNTY SHERIFF'S OFFICE AT ALL TIMES DURING THE EVENTS DESCRIBED HEREIN.

2). DEFENDANT, KEN JENNE, IS THE SHERIFF FOR BROWARD COUNTY LOCATED AT, 2601 W. BROWARD BLVD, FT. LAUDERDALE FLORIDA 33312. HE IS SUED IN HIS OFFICIAL CAPACITIES.

3). DEFENDANT, SUSAN McCAMPBELL, IS THE DIRECTOR FOR THE BROWARD COUNTY SHERIFF'S OFFICE. SHE IS SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITIES.

4). DEFENDANT, BARBARA HANSON - EVANS, IS THE MEDICAL AD- MINISTRATOR FOR THE NORTH BROWARD COUNTY DETENTION CENTER SHE IS SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITIES.

5). DEFENDANT, JOHN DOE #1 AND #2 ARE CORRECTIONAL SHERIFF'S OFFICERS FOR THE BROWARD COUNTY JAIL THEY ARE SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES.

6), DEFENDANT, STANLEY HOLMES, IS THE OMBUDSMAN FOR THE
BROWARD COUNTY SHERIFF'S OFFICE. HE IS SUED IN HIS OFFIC-
IAL AND INDIVIDUAL CAPACITIES.

7), DEFENDANT, W.C. DAVIS, WAS THE CHEIF MEDICAL PHYSICIAN
AT THE NORTH BROWARD COUNTY JAIL DURING ALL EVENTS DESCRIB-
ED HEREIN, HE IS SUED IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES.

8), DEFENDANT, DR. UCKER, IS EMPLOYED AT THE BROWARD CO-
UNTY JAIL AS A NIGHT SHIFT PHYSICIAN. HE IS SUED IN HIS OFF-
ICIAL AND INDIVIDUAL CAPACITIES.

9), DEFENDANT, EMERGENCY MEDICAL SERVICE ASSOCIATION (E.M.S.A)
IS THE SUBCONTRACTED MEDICAL CARE PROVIDER FOR THE BROWARD
COUNTY JAIL AND A CORPERATE MEMBER OF INPHYNET CORPORATIONS
THEY ARE SUED IN THEIR OFFICIAL CAPACITIES.

10), DEFENDANT, DR. CLINE, DR. G. PEARSON, AND DR. PEARSON,
ARE DENTAL PHYSICIANS EMPLOYED AT THE BROWARD COUNTY JAIL
BY (E.M.S.A), THEY ARE SUED IN THEIR OFFICIAL AND INDIVIDUAL
CAPACITIES.

11), DEFENDANT, DR. TREVOR WEATHORS, IS THE ORAL SURGEON
EMPLOYED BY THE BROWARD COUNTY JAIL. HE IS SUED IN HIS
OFFICIAL AND INDIVIDUAL CAPACITIES.

6

## STATEMENT OF THE CASE AND FACTS

1), ON AUGUST 7. 1995. PLAINTIFF WAS ARRESTED AND DETAINED IN THE BROWARD COUNTY JAIL.

2), SOMETIME AFTER PLAINTIFF WAS ARRESTED AND DETAINED. HE WAS TRANSFERED TO THE NORTH BROWARD DETENTION CENTER, (N.B.D.C.).

3), THE (N.B.D.C.) IS THE BROWARD COUNTY DETENTION FACILITY USED TO HOUSE PSYCHOLOGICALLY DISTURBED DETAINEE'S.

4), ON APRIL 7. 1996, WHILE PLAINTIFF WAS BEING DETAINED WITH IN THE (N.B.D.C.) PLAINTIFF ALONG WITH APPROXIMATELY THIRTY (30) OTHER DETAINEE'S WERE ESCORTED TO AN INCLOSED RECREATION AREA BY TWO (N.B.D.C.). SHERIFF'S OFFICER'S WHO WERE ASSIGNED TO SUPERVISE (GUARD) THE DETAINEES.

5) UPON ARRIVING AT THE (N.B.D.C.) RECREATIONAL AREA, PLAINTIFF ALONG WITH ALL OTHER DETAINEE'S WERE SECURED (LOCKED) WITHIN THE CONFINES OF THE RECREATIONAL AREA BY SHERIFF'S OFFICER'S JOHN DOE #1, AND JOHN DOE #2, .

7

6), AFTER PLAINTIFF AND ALL OTHER DETAINEE'S WERE SECURED (LOCKED) WITHIN THE CONFINES OF THE REC- REATIONAL AREA. SHERIFF'S OFFICER'S JOHN DOE #1 AND JOHN DOE #2, RETIRED TO THE RECREATIONAL SUPPLY ROOM WHICH WAS LOCATED OUTSIDE THE CONFINES OF THE RECRE- ATION AREA, THUS PLACING BOTH OFFICER'S OUT OF SIGHT AND HEARING OF PLAINTIFF AND ALL OTHER DETAINEE'S.

7), AFTER PLAINTIFF AND ALL OTHER DETAINEE'S WERE LOCKED IN THE RECREATION AREA AND ABANDONED BY SHERIFF'S OFFICER'S JOHN DOE #1 AND JOHN DOE #2, PLAINTIFF LAYED DOWN ON THE CEMENT AS FAR AWAY FROM THE OTHER DETAINEE'S AS POSSIBLE. PLAINTIFF REMOVED HIS SHIRT AND LAYED IT ACROSS HIS EYES TO BLOCK THE SUN.

8), SHORTLY AFTER PLAINTIFF LAYED DOWN AND COVERED HIS EYES HE WAS VIOLENTLY ATTACKED FOR NO APPAR- ENT REASON, BY DETAINEE NORMAN BEECH.

9), AS PLAINTIFF WAS BEING VIOLENTLY ATTACKED HE MADE EVERY EFFORT TO ESCAPE HIS ATTACKER, PLAINT- IFF SCREAMED FOR HELP AS HE ATTEMPTED TO REACH THE EXIT DOOR, HOWEVER THERE WAS NO SHERIFF'S OFFICER'S WITHIN SIGHT OR HEARING OF PLAINTIFF, AND NO HELP DID HE RECEIVE.

8

10), AFTER APPROXIMATELY 7 to 8 MINUTES INTO THE VIOLENT ATTACK ON PLAINTIFF HE FINALLY MANAGED TO MAKE IT TO THE EXIT DOOR, AT THIS TIME SHERIFF'S OFFICER'S JOHN DOE #1 AND JOHN DOE #2, RE-APPEARED IN THE INNER HALL WAY.

11), SHERIFF'S OFFICER'S, JOHN DOE #1 AND JOHN DOE #2, VERBALLY ORDERED DETAINEE NORMAN BEECH TO STOP, HOWEVER NEITHER OFFICER ATTEMPTED TO PHYSICALLY STOP THE VIOLENT ATTACK ON PLAINTIFF BY DETAINEE NORMAN BEECH.

12), PLAINTIFF ATTEMPTED TO MOVE AROUND SHERIFF OFFICER JOHN DOE #1 TO ESCAPE THE CONTINUING VIOLENT ATTACK, HOWEVER WHEN THE ATTACKER NORMAN BEECH TURNED HIS ATTACK ON SHERIFF OFFICER'S JOHN DOE #1 AND JOHN DOE #2, KNOCKING JOHN DOE #2 TO THE FLOOR, JOHN DOE #1 GRABBED PLAINTIFF AND USED PLAINTIFF AS A HUMAN SHIELD TO ONCE AGAIN TAKE THE FULL FORCE OF DETAINEE NORMAN BEECH'S VIOLENT ATTACK.

13), WHILE SHERIFF'S OFFICER, DEFENDANT JOHN DOE #1 HELD PLAINTIFF AS A HUMAN SHIELD, SHERIFF OFFICER, DEFENDANT JOHN DOE #2 ATTEMPTED TO CALL FOR BACK UP, HOWEVER, HIS RADIO WAS DISFUNCTIONAL AND HE WAS UNABLE TO CALL FOR BACK UP ASSISTANCE.

9

14), WHEN SHERIFF OFFICER, DEFENDANT JOHN DOE #2, REALIZED HIS RADIO WAS DISFUNCTIONAL HE UNLOCKED THE DOOR LEADING TO THE EXTERIOR HALLWAY AND FELL THROUGH IT.

15), AT THE TIME SHERIFF OFFICER DEFENDANT JOHN DOE #2 FELL THROUGH THE EXTERIOR HALL WAY DOOR ANOTHER SHERIFF'S DEPUTY WAS WALKING BY AND ASSISTED.

16), ONCE THE EXTERIOR HALL WAY DOOR WAS OPENED PLAINTIFF BROKE FREE OF SHERIFF'S OFFICER, DEFENDANT, JOHN DOE #1 AND ESCAPED TO THE EXTERIOR HALLWAY.

17), ONCE PLAINTIFF REACHED THE EXTERIOR HALL WAY HE WENT TO THE NURSES ROOM JUST UP THE HALL WERE HE SAW AN UNKNOWN BLACK FEMALE NURSE PREPARING MEDICATION "SHOTS", PLAINTIFF KNOCKED ON THE DOOR, WHEN THE NURSE SAW THAT PLAINTIFF WAS BLEEDING SEVERLY FROM THE RIGHT SIDE OF HIS HEAD AND FACE SHE OPENED THE DOOR AND ADMITTED PLAINTIFF WITHIN.

18), ONCE WITHIN THE NURSES ROOM THE NURSE IMMEDIATELY STARTED CLEANING THE BLOOD UP FROM PLAINTIFF, WHILE DOING SO SAID NURSE STATED " I HOPE THIS IS'NT FROM NORMAN BEECH, HE GET'S --- WHEN I'M LATE GIVING HIM HIS MEDICATION.

10

19), SAID UNKNOWN NURSE THEN FINISHED CLEANING AND TAPING PLAINTIFF'S FACIAL INJURIES AND PLAINTIFF WAS THEN ESCORTED TO THE (N.B.D.C.) MEDICAL DEPARTMENT.

20), UPON PLAINTIFF'S ARRIVAL AT (N.B.D.C.) MEDICAL DEPARTMENT. PLAINTIFF MET WITH DR. W.C. DAVIS.

21), DR. W.C. DAVIS, PERFORMED A MINOR EXAMINATION OF PLAINTIFF'S EXTERIOR OPEN WOUNDS AND THEN STATED, IT'S NOT BAD. DO YOU WANT ME TO STICH IT UP.

22), PLAINTIFF REPLIED (YES), PLAINTIFF ALSO REQUESTED XRAYS, HOWEVER, DEFENDANT DR. DAVIS, REFUSED, BUT WHEN PLAINTIFF CONTINUED TO DEMAND THAT XRAYS BE TAKEN. DEFENDANT DR. DAVIS, CALLED IN AN XRAY TECHNICIAN AND XRAYS WERE TAKEN.

23), AFTER DEFENDANT DR. DAVIS, EXAMINED PLAINTIFF'S XRAYS HE INFORMED PLAINTIFF THAT THERE WERE NO FRACTURES OF ANY KIND. HOWEVER WHILE DEFENDANT DR. DAVIS, AND THE XRAY TECHNICIAN WERE EXAMINING THE XRAYS IN THE XRAY ROOM JUST ACROSS THE HALL A LOUD DISCUSSION BROKE OUT BETWEEN THEM, PLAINTIFF OVERHEARD THE XRAY TECHNICIAN SAY AS FOLLOWS: "RIGHT THERE IT'S RIGHT THERE.

11

24), WHEN DEFENDANT DR. DAVIS, INFORMED PLAINTIFF THAT THERE WERE NO FRACTURES, PLAINTIFF ASKED DEFENDANT DR. DAVIS, TO ALLOW HIM TO SEE THE XRAYS AND TALK TO THE XRAY TECHNICIAN. HOWEVER, DEFENDANT DR. DAVIS BECAME ANGRY AND ORDER THE WAITING OFFICER TO REMOVE PLAINTIFF FROM THE MEDICAL DEPARTMENT.

25), PLAINTIFF WAS ESCORTED FROM (N.B.D.C.) MEDICAL DEPARTMENT TO 12-1-H-3 CONFINEMENT.

26), PLAINTIFF WAS HELD IN 12-1-H-3 CONFINEMENT ONE MAN CELL THROUGHOUT THE NIGHT OF APRIL 7, 1996, WITH OUT FURTHER MEDICAL ATTENTION. PLAINTIFF WAS NOT AFFORDED ANY MEDICATIONS EVEN THOUGH PLAINTIFF'S INJURIES WERE OF SUCH A SERIOUS NATURE THAT EVEN A LAY PERSON COULD HAVE SEEN THE NEED FOR MEDICAL ATTENTION.

27) ON THE MORNING OF APRIL 8, 1996, PLAINTIFF WAS PERMITTED TO SIT IN THE DAY ROOM. DURING THIS TIME THE DAY SHIFT MANAGER OF PROGRAMS MR. ROBINSON AND DEFENDANT, STANLEY HOLMES, ENTERED THE CELL BLOCK OF 12-1-H-3, BOTH WALKED AROUND PLAINTIFF THEN STOOD IN FRONT OF PLAINTIFF AND STARTED LAUGHING AT PLAINTIFF'S NUMEROUS INJURIES.

12

28), PLAINTIFF REQUESTED OF DEFENDANT STANLEY HOLMES, THAT HE BE TAKEN TO MEDICAL. PLAINTIFF EX-PLAINED THAT HE WAS IN GREAT PAIN HOWEVER, DEFEND-ANT STANLEY HOLMES, JUST STOOD AND LAUGHED AT PLAINTIFF.

29), PLAINTIFF, REQUESTED OF DEFENDANT STANLEY HOLMES, TO BE PERMITTED TO PRESS CHARGES AGAINST HIS ATTACK-ERS. DEFENDANT STANLEY HOLMES THEN STATED "NOT IN THIS JAIL". DEFENDANT STANLEY HOLMES, THEN EXITED CELL BLOCK 12-1-H-3, LAUGHING AS HE LEFT.

30), ON APRIL 8, 1996, PLAINTIFF, WAS PERMITTED TO TO CALL HIS FAMILY. UPON CONTACTING HIS FAMILY HE WAS INFORMED THAT THEY HAD ALREADY BEEN CONTACTED BY AN UNKNOWN SOURCE.

31), PLAINTIFF'S FAMILY INFORMED HIM THAT THEY CONTACT-ED DEFENDANT DR. DAVIS. AND WERE TOLD THAT PLAINT-IFF HAD RECEIVED NO SERIOUS INJURIES. NO FRACTURES.

32), ON APRIL 8, 1996, PLAINTIFF, FILED THE FIRST OF MANY GRIEVANCES.

33), ON APRIL 10, 1996, PLAINTIFF WAS TRANSFERED TO THE BROWARD COUNTY MAIN JAIL. OPEN POPULATION.

34) UPON PLAINTIFF'S ARRIVAL AT THE BROWARD COUNTY MAIN JAIL (B.C.M.J.), PLAINTIFF IMMEDIATELY SOUGHT MEDICAL ASSISTANCE BUT WAS DENIED.

35), FOR THE FOLLOWING TWO MONTHS OF PLAINTIFF'S STAY AT (B.C.M.J.). PLAINTIFF MADE IT A DAILY PRACTICE TO OBTAIN MEDICAL CARE. ALL PLAINTIFF'S EFFORTS WERE DENIED AND OR IGNORED.

36) IN JUNE OF 1996, PLAINTIFF WAS SUDDENLY TRANS- FERED BACK TO (N.B.D.C.), UPON HIS ARRIVAL PLAINT- IFF WAS PLACED IN CONFINEMENT UNDER FRAUDULENT DISCIPLINARY CHARGES. PLAINTIFF REMAINED IN CON- FINEMENT FOR APPROXIMATELY SIX MONTHS.

37) PLAINTIFF CONTINUED TO FILE REQUESTS, GRIEVANCES AND LETTERS FULLY DISCRIBING HIS SERIOUS MEDICAL NEED. THIS DOCUMENTS WERE FILED TO DEFENDANT'S SUSAN McCAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES, DR W.C. DAVIS.

38), PLAINTIFF'S CRIMINAL ATTORNEY WAS FORCED TO HAVE PLAINTIFF'S CRIMINAL CASE POSEPONED DO TO THE SERIOUSNESS OF PLAINTIFF'S INJURIES. PLAINTIFF'S ATT- ORNEY VERBALLY PETITIONED THE COURT FUR ASSISTANCE IN ACQUIRING MEDICAL CARE FOR PLAINTIFF.

14

39), UPON THE ISSUENCE OF AN ORDER BY THE COURT TO THE BROWARD COUNTY SHERIFF, PETITIONER WAS FINALLY AFFORDED MEDICAL CONSULTATIONS WITH DEFENDANT'S DR. KECKER, DR. TREVOR WEATHORS, DR. CLINE AND DR. G. PEARSON.

40), EVEN THOUGH ALL DEFENDANT'S LISTED IN FACT(39) AFFORDED PLAINTIFF A VERBAL CONSULTATION, NO ACTUAL CARE OR TREATMENT WAS EVER SUPPLIED TO PLAINTIFF.

41), THROUGHOUT THE COURSE OF THE CONSULTATIONS WITH THE ABOVE LISTED DEFENDANT'S, MANY TREATMENTS SUCH AS OMF SURGERY WERE SUGGESTED HOWEVER, PLAINTIFF WAS DENIED ANY AND ALL MEDICAL CARE AND OR TREATMENT. SEE: EXHIBIT ( A ).

42), PLAINTIFF'S LAST AND FINAL MEDICAL CONSULTATION AT (N. B.D.C.) WAS WITH DEFENDANT DR. CLINE. PLAINTIFF INFORMED DEFENDANT DR. CLINE THAT HE INTENDED TO SUE FOR DAMAGES, PAIN AND SUFFERING AND VIOLATION OF HIS RIGHTS TO DUE PROCE-SS, AT THIS TIME DEFENDANT DR. CLINE DISCLOSED THE FOLL-OWING TO PLAINTIFF: 1) THE FACT THAT ALL DEFENDANT'S LISTED NEW OF PLAINTIFF'S SERIOUS MEDICAL NEED, 2), THAT THE DECISION TO DENY PLAINTIFF THE NEEDED MEDICAL TREATMENT WAS UNANIMOUS BASED ON THE EXTREME COST SAID TREATMENT WOULD REQUIRE.

## STATEMENT OF CLAIM

DEFENDANT'S, KEN JENNE, SUSAN Mc CAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES, DENIED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE 14TH AND 5TH AMENDMENT OF THE UNITED STATES CONSTITUTION. THIS CLAIM IS MADE ON THE VERY CLEAR FACTS THAT (1), DEFENDANT'S, DENIED PLAINTIFF PROPER PROCEDURAL -- CONDUCT IN THE ACCESSING OF THE (N.B.D.C.) GRIEVANCE PROCEDURE, (2). PLAINTIFF, WAS PLACED IN SEGREGATION WITHOUT DUE PROCESS PROCEDURES. (3), PLAINTIFF WAS DE-NIED ACCESS TO THE COURTS.

DEFENDANT'S KEN JENNE, SUSAN MC CAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES, DR. W.C. DAVIS, DR. UE-CKER, DR. TREVOR WEATHORS, DR. CLINE, DR. PEARSON, AND DR. G. PEARSON, WERE ALL INFORMED BY PLAINT-IFF AND THE COURTS OF PLAINTIFF'S SERIOUS MEDICAL NEED THEREFORE SAID DEFENDANT'S KNEW OR SHOULD HAVE KNOWN OF SAID SERIOUS MEDICAL NEED. HOW-EVER, SAID DEFENDANT'S CHOSE OF THEIR OWN ACCORD TO BE DELIBERATELY INDIFFERENT TO THIS SERIOUS MEDICAL NEED AND THEREFORE, DENIED PLAINTIFF ADEQUATE MEDICAL TREATMENT AND CARE FOR THE KNOWN SER-IOUS INJURIES OF PLAINTIFF, IN VIOLATION OF THE 8TH

16

AMENDMENT OF THE UNITED STATES CONSTITUTION.

DEFENDANT'S, KEN JENNE, SUSAN Mc CAMPBELL,
BARBARA HANSON - EVANS, STANLEY HOLMES, JOHN DOE'S
(1) AND (2) ARE RESPONSIBLE FOR PROVIDING REASONABLE
SAFETY FOR PRISONERS. THE ABOVE LISTED DEFENDANTS
ARE DIRECTLY RESPONSIBLE FOR THE FAILURE TO PROTECT
PLAINTIFF FROM A KNOWN VIOLENTLY DISTURBED OFFENDER.
THE TOTAL RECKLESS DISREGARD OF THE ABOVE LISTED DE-
FENDANT'S BY ALLOWING A KNOWN VIOLENT , MENTA-
LLY DISTURRED OFFENDER DETAINEE TO BE PLACED IN
THE DIRECT PRESENCE OF OTHER DETAINEE'S IS A CLEAR
SHOWING OF DELIBERATE INDIFFERENCE TO THE SAFETY
OF PLAINTIFF AND OTHER (N. B. D. C.) DETAINEE'S.

DEFENDANT, EMERGENCY MEDICAL SERVICES ASSOCIATION
AND THE POLICY'S THEREOF ARE DIRECTLY RESPONSIBLE FOR
THE DENIAL OF ADEQUATE MEDICAL CARE TO PLAINTIFF.
THE STATEMENT MADE BY DEFENDANT    DR. CLINE TO
PLAINTIFF, CONCERNING THE FACT THAT SAID DENIAL OF ALL
MEDICAL CARE "TREATMENT" "SURGERY" WAS BASED ON THE
EXTREME COST OF SAID TREATMENT IS A CLEAR SHOWING
OF THE EXSISTANCE OF A POLICY TO DENY COSTLY MEDICAL
TREATMENT

17

## CLAIMS FOR RELIEF

### CLAIM UNDER THE VIOLATION OF AMENDMENT 5 AND 14
### DENIAL OF DUE PROCESS

THE DEFENDANT'S, KEN JENNE, SUSAN McCAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES AND JOHN DOE'S (1) AND (2) ARE EMPLOYEE'S OF THE PUBLIC, WHO IN THIER SERVICE ACT UNDER COLOR OF STATE LAW, THESE DEFENDANT'S HAVE SUBJECTED AND/OR CAUSED TO BE SUBJECTED. THE PLAINTIFF TO CIVIL RIGHTS VIOLATIONS, FURTHERMORE SAID DEFENDANT'S COMMITTED ACTS OF EXTRINSIC FRAUD IN ORDER TO MASK THIER EARLIER ILLEGAL ACTIONS. DEFENDANTS ACTS AND OR OMMISSIONS IN THIS CAUSE ARE DIRECTLY TO BLAME FOR THE VERY SERIOUS INJURIES SUFFERED BY PLAINTIFF.

FURTHERMORE, THE DEFENDANT'S ACTS AND/OR OMISSIONS HAVE BROUGHT ABOUT CRUEL AND UNUSUAL PUNISHMENT ON THE PLAINTIFF, NOT ONLY WAS PLAINTIFF DENIED DUE PROCESS OF LAW, THIS DENIAL COUPLED WITH UNIQUE SEGREGATION TO HIDE PLAINTIFF'S SERIOUS INJURIES FROM THE EYES OF THE PUBLIC CAUSED PLAINTIFF TO SUFFER UNJUSTLY.

## CLAIMS FOR RELIEF

### CLAIM UNDER VIOLATION OF AMENDMENT 8,

### DENIAL OF MEDICAL CARE

DEFENDANT'S KEN JENNE, SUSAN McCAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES, DR. W.C. DAVIS, DR. UECKER, DR. TREVOR.WEATHORS, DR. CLINE, DR. PEARSON, DR. G. PEARSON AND EMERGENCY MEDICAL SERVICES ASSOCIATION, (E.M.S.A), ARE DIRECTLY RESPONSIBLE FOR THE DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHT TO ADEQUATE MEDICAL CARE, THE ACTS AND/OR OMISSISIONS OF THESE DEFENDANT'S HAVE NOT ONLY CAUSED PLAINTIFF TO SUFFER CRUELY AND INHUMANLY, THE DAMAGES TO PLAINTIFF ARE NOW UNREPAIRABLE, FIRST, THERE IS THE FACT THAT PLAINTIFF WAS SERIOUSLY INJURED WHILE IN THE CUSTODY AND CARE OF ALL DEFENDANT'S LISTED HEREIN SECOND THE DEFENDANT'S LISTED ABOVE KNEW AND OR SHOULD HAVE KNOWN OF PLAINTIFF'S SERIOUS MEDICAL NEED, HOWEVER, SAID DEFENDANT'S DELIBERATELY AND MALICIOUSLY DENIED PLAINTIFF THE SERIOUSLY NEEDED MEDICAL CARE HE REQUIRED. THEREFORE, PLAINTIFF NOW FACES THE REMAINDER OF HIS LIFE SUFFERING FROM THE NOW PERMANENT PHYSICAL DAMALE HE SUFFERED AT THE HANDS OF THE DEFENDANT'S.

19

## NOTE

PLAINTIFF DECLARES THAT HE HAS DOCUMENTED EVIDENCE OF WHICH WILL UPHOLD ALL ALLEGATIONS STATED HEREIN. HOWEVER, SAID DOCUMENTED EVIDENCE IS PRESENTLY BEING STORED IN A LOCATION OUTSIDE PLAINTIFF'S PRESENT IN- STITUTION, PLAINTIFF IS AT PRESENT MAKING EVERY POS- SIBLE ATTEMPT TO REOBTAIN THIS EVIDENCE, HOWEVER, THE WHEELS OF THE DEPARTMENT OF CORRECTIONS ARE SLOW IN TURNING. THEREFORE, PLAINTIFF PRAYS THIS HONORABLE COURT WILL PERMIT HIM THE OPPORTUNITY TO SUBMIT THIS EVIDENCE AT A LATER DATE

RESPECTFULLY

William McK[signature]

B), AWARD PUNITIVE DAMAGES AS THIS HONORABLE COURT
DEEMS PLAINTIFF IS ENTITLED TO.

C), AWARD ANY OTHER RELIEF AS IT MAY APPEAR THE PLA-
INTIFF IS ENTITLED

D), AWARD ALL COST FOR LEGAL FEES PLAINTIFF MAY
ACQUIRE DURING THE COURSE OF THIS ACTION I.e. ATTOR-
NEY FEES, INUESTIGATORY FEES AND ANY AND ALL OTHER
REASONABLE FEES ACQUIRED.

NOV 9, 2000
DATE

RESPECTFULLY SUBMITTED

William M. Hicks #664670
WILLIAM M. HICKS #664670
EVERGLADES CORRECTIONAL INST.
P.O. BOX 659001    H-2-215
MIAMI FLORIDA 33265-9001

## CERTIFICATE OF SERVICE

I WILLIAM M. HICKS, HEREBY CERTIFY THAT (16) TRUE AND CORRECT COPIES OF THE FOREGOING COMPLAINT HAVE BEEN FURNISHED TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA, AT FEDERAL COURTHOUSE SQUARE, 301 N. MIAMI AVE, MIAMI FLORIDA 33128-7788, VIA U.S. MAIL THIS ___ DAY OF NOVEMBER 2000.

## NOTARIZED OATH

UNDER PENALTY OF PURJURY. I WILLIAM M. HICKS, HEREBY SWEAR THAT ALL CONTAINED IN THE FOREGOING 42. U.S.C. §1983 COMPLAINT IS TRUE AND CORRECT.

STATE OF FLORIDA

COUNTY OF DADE

_____ pro SE
SIGNATURE          D.C. NO1

_____
NOTARY SIGNATURE

_____
DATE

VICKY E. CLEMONS
MY COMMISSION # CC 684115
EXPIRES: September 29, 2001
Bonded Thru Notary Public Underwriters

23

EXHIBIT (A)

*Exhibit*

**RON COCHRAN**
**SHERIFF**
**BROWARD COUNTY**
**POST OFFICE BOX 9507**
**FORT LAUDERDALE, FLORIDA 33310-5907**

**DATE:**    July 2, 1996

**TO:**    William Hicks, BS9514533

**FROM:**    Barbara Hanson-Evans, HSA, BSO

**SUBJECT:**    Grievance

I reviewed your chart thoroughly as promised.

2/21/96    X-ray showed fracture of (L) mandible
           and zygomatic arch.
3/15/96    Minimal depression of the arch.
4/22/96    Uecker suggested OMF surgery.
5/3/96     Old healed fracture of the arch.
5/8/96     Dr. Cline, Todd Schwartz, and Dr. Weathers
           explained that surgery was not planned for the
           arch. The problem with eating was addressed.
           Soft diet ordered.

I did notice you are now taking your medication. I have given
Mr. Holmes the copies of DR's for review.

The x-rays do not show any remarkable problem and the bones are
intact. I am assuming that you will be experiencing pain which
is now being managed appropriately.

As I suggested I would review the chart to see if there were
documentation to substantiate what you alleged the physicians
told you. I have seen nothing about clean break etc. I only
rely on the x-ray reports which cannot be tampered with.

I was informed that you were scheduled to see Dr. Pearson/
Dr. Cline on 6/28/96.

Recieved
7-3-96
Bill H