**UNITED STATES DISTRICT COURT**
**SOUTHERN L .STRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

WILLIAM M. HICKS,                                    Case No. 00-6087-CIV-Dimitrouleas

        Plaintiff,

vs.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS, STANLEY
HOLMES, JOHN DOE'S #1 and #2,
DR. W.C. DAVIS, DR. WECKER,
DR. TREVOR WEATHORS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON,
EMERGENCY MEDICAL SERVICES ASSOC.,

        Defendants.
_____/



## DEFENDANTS HANSON-EVANS AND HOLMES'
## MOTION FOR EXTENSION OF TIME

    The Defendant, HANSON-EVANS and HOLMES, through their undersigned attorneys,

pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, file this their Motion for Extension of

Time (and Memorandum of Law) and in support thereof would state as follows:

    1.    The Plaintiff, who is proceeding pro se, has filed an Amended Complaint pursuant to

Title 42 U.S.C. Section 1983 alleging violation of his federal constitutional rights against, among

others,[1] Defendants HANSON-EVANS and HOLMES. These two defendants agreed to waive

personal service of the Amended Complaint upon them. Therefore, on April 12, 2001 the office of

the undersigned entered its Notice of Appearance on their behalf and filed a Notice that it was these

Defendants' intention to serve written defenses to the Amended Complaint on or before May 15,

---

[1] Plaintiff also names Sheriff Ken Jenne and numerous others as Defendants in this matter.
As the other defendants have either not been served with process in this matter or are represented
by separate counsel, this motion is being filed on behalf of Hanson-Evans and Holmes only.



2001.

2.      In his Amended Complaint, the Plaintiff details the procedural history of this case, including the fact that it was previously filed by Plaintiff in May of 1996 under Case No. 96-CV-6496 and voluntarily dismissed without prejudice in November of 1996. He then refiled the case in January of 2000 apparently under the present case number 00-CV-6087.

3.      The office of the undersigned has not yet received all of the background information and records needed in order to adequately respond to the Amended Complaint by the current due date of May 15, 2001.

4.      Additionally, due to competing discovery and pretrial commitments and deadlines that undersigned counsel has in unrelated cases, including preparation of a reply brief in David Lee Turner and Gary C. Davis vs. Cecil Eugene Moore and Valerie Moore, 11th Circuit Court of Appeal, Case Number 01-11297-J, as well as a reply brief in Steve Wiley and Dominick Gucciardo vs. Carl Stephen Rosati, et.al., Fourth District Court of Appeal, Case No. 4D00-1741, the Defendants Hanson-Evans and Holmes are requesting an additional thirty (30) days of up to and including Thursday, June 14, 2001 to file their response to the Amended Complaint.

5.      As Plaintiff is an incarcerated pro se inmate, undersigned counsel has not contacted same to determine whether he would oppose this motion.

6.      This Motion is being filed in good faith and not for the purpose of unnecessary delay.

7.      That no party will be prejudiced by the granting of this extension and no previous extensions of this deadline for these Defendants has been sought.

Further and in support of this Motion, the Defendants would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

Rule 6(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> [when] by these Rules or notice given thereunder or by order of court,
> an act is required or allowed to be done at or within a specified time,
> the court for cause shown may at any time in its discretion...order a
> period enlarged if request therefore is made before the expiration of
> the period originally prescribed or as extended by a previous order ...

By its express terms, the Rule affords wide discretion to this Court to enlarge the time period established by the Rule or a court order.  See Woods v. Allied Concord Financial Corp., 373 F.2d 733 (5th Cir. 1967); Yanofsky v. Wernick, 362 F.Supp. 1005 (S.D. N.Y. 1973); Graham v. Brier, 418 F.Supp. 73 (S.D. Wis. 1976); Moore's Federal Practice 2d.Ed §608 1984.  Rule 6 should be applied liberally "to secure the just, speedy and inexpensive determination of every action." Enlargements of time should be available when a party demonstrates a reasonable basis for such request.  See Beaufort Concrete Company v. Atlantic States Construction Company, 352 F.2d 460 (5th Cir. 1965).

As the office of the undersigned has not yet received all of the background information and records needed in order to adequately respond to the Amended Complaint and due to competing discovery and pretrial commitments and deadlines that undersigned counsel has in unrelated cases, the Defendants HANSON-EVANS and HOLMES require additional time to prepare a response to the Plaintiff's Amended Complaint.  The requested enlargement of time of thirty (30) days should not operate to the prejudice of any party.

The Motion for Extension of Time should be granted.

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by U.S. Mail to **WILLIAM M. HICKS, Plaintiff, DC#664670**, c/o Everglades Correctional Institution, P.O. Box 659001, H-2-215, Miami, Florida 33265-9001 and **JOEL SHULMAN, ESQ.** O'Connor,

Chimpoulis, Restani, Marrero and McAllister, P.A., 2801 Ponce de Leon Blvd., 9th Floor, Coral

Gables, Florida 33134 this ⎯⎯ day of May, 2001.

PURDY, JOLLY & GIUFFREDA, P.A.
Attorneys for Defendants
HANSON-EVANS & HOLMES
1322 S.E. Third Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 462-3200
Facsimile: (954) 462-3861

BY: _____
⎯ SUMMER M. BARRANCO
Florida Bar No. 984663