UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE SORRENTINO

CASE NO. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS,                              )
                                               )
                            Plaintiff,         )
                                               )
v.                                             )
                                               )
KEN JENNE, SUSAN McCAMPBELL,                   )
BARBARA HANSON-EVANS,                          )
STANLEY HOLMES, JOHN DOES                      )
#1 AND #2, DR. W.C. DAVIS, DR.                 )
UECKER, DR. TREVOR WEATHERS,                   )
DR. CLINE, DR. PEARSON, DR. G.                 )
PEARSON, EMERGENCY MEDICAL                     )
SERVICES ASSOCIATION,                          )
                                               )
                            Defendants.        )
_____ )



## DEFENDANTS, EMERGENCY MEDICAL SERVICE ASSOCIATION, INPHYNET, DR. W.C. DAVIS, DR. UCKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON AND DR. G. PEARSON'S MOTION TO DISMISS AND MEMORANDUM OF LAW

Defendants, EMERGENCY MEDICAL SERVICE ASSOCIATION ("EMSA"),

INPHYNET, DR. W.C. DAVIS ("DAVIS"), DR. UCKER ("UCKER"), DR. TREVOR

WEATHERS ("WEATHERS"), DR. CLINE ("CLINE"), DR. PEARSON ("PEARSON"),

and DR. G. PEARSON ("G. PEARSON"), by and through their undersigned attorney,

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully move this



Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

Court to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief
can be granted, and as grounds therefor state as follows:

1. This is an action brought by the Plaintiff concerning medical treatment rendered
to him by the Defendants, pursuant to 42 U.S.C. § 1983. This case was
originally filed by the Plaintiff in 1996 (Case No. 96-6496). Plaintiff filed a
Motion to Dismiss Without Prejudice on November 19, 1996 (Exhibit "A")
which was granted by this Honorable Court on November 20, 1996 (Exhibit
"B").

2. Count II, which pertains to the above-referenced Defendants, purports to allege
an Eighth Amendment claim under § 1983. This Count must be dismissed
because Plaintiff has not alleged sufficient facts to show that Defendants were
deliberately indifferent towards him.

3. Further, Plaintiff's § 1983 claim is barred by the statute of limitations.

4. Alternatively, construing the pleadings most favorably to the Plaintiff, the state
claim contained in the Amended Complaint is also subject to dismissal because
there has been a complete failure on the part of the Plaintiff to comply with
Florida Statute Chapter 766, et seq., and specifically, the presuit screening
requirements mandated for the filing of a medical negligence claim against a
health care provider in Florida. As the allegations contained in the Amended

-2-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

Complaint center around the failure to render proper medical care, the Amended Complaint is subject to dismissal in accordance with Florida law.

5.   It has been held in Florida that prisoners, despite their incarceration, must adhere to and strictly follow the presuit requirements, and their failure to do so in the statutory period bars their claim.

6.   In the alternative, Defendants are entitled to qualified immunity.

### MEMORANDUM OF LAW

#### I.   Plaintiff Fails to State an Eighth Amendment Claim for Denial of Adequate Medical Care

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also Farmer v. Brennan, 511 U.S. 825 (1994). Allegations of medical malpractice do not rise to this level, see id. at 106, nor do mere differences of opinion between the prisoner and the defendants concerning the proper course of treatment. See Chance v. Armstrong, 143 F.3d 698, 703 (2nd Cir.1998); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir.1999) Rather, officials must "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

Plaintiff has failed to allege any facts sufficient to state a cause of action for an Eighth Amendment claim. His claim is, at most, a claim of negligence that is not cognizable under the

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD · 9TH FLOOR · P.O. BOX 14-9022 · CORAL GABLES, FLORIDA 33114 · (305) 445-4090

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

Eighth Amendment. See Campbell, 169 F.3d at 1363. Without a valid federal question, the

Court should decline to exercise supplemental jurisdiction over the remaining claims.

It is well settled that mere negligence is not actionable under § 1983. See Davidson v.

Cannon, 474 U.S. 344 (1986). Furthermore, the due process clause is not implicated by lack of

due care of a State official causing unintended injury to life, liberty or property. Id. Clearly, the

Amended Complaint filed against the Defendants allege negligence on their part causing injury

to Plaintiff. Accordingly, there is no cognizable civil rights claim under § 1983, but, at most,

a state law claim, which this Court lacks subject matter jurisdiction over these Defendants.

## II.    The Amended Complaint Fails to State a Cause of Action Under § 1983 Against Defendants EMSA and INPHYNET

There can be no liability against Defendants EMSA and INPHYNET under § 1983 on

the theory of respondeat superior. Monell v. Department of Social Services of the City of New

York, et al., 436 U.S. 658 (1978). Thus, the Amended Complaint fails to state a claim against

Defendants EMSA and INPHYNET for which relief can be granted, and must be dismissed

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III.    Plaintiff's § 1983 Is Barred by the Statute of Limitations

The statute of limitations for § 1983 actions is borrowed from the forum state's general

(or residual) statute of limitations. Wilson v. Garcia, 471 U.S. 261 (1985); Owens v. Okure, 488

U.S. 235, 249-50 (1989); Rowe v. City of Fort Lauderdale, 8 F.Supp.2d 1369, 1372 (S.D. Fla.

1998). A plaintiff must commence a § 1983 claim arising in Florida within four years of the

-4-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

allegedly unconstitutional or otherwise illegal act. Burton v. City of Belle Glade, 178 F.3d 1175,

1188 (11th Cir.1999); See also Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th

Cir.1988); Fla. Stat. § 95.11(3).

According to the Amended Complaint, all alleged conduct on the part of these Defendants

which Plaintiff complains occurred on or before April 10, 1996. Plaintiff filed his Amended

Complaint on November 9, 2000, approximately five months after the statute of limitations had

run. Therefore, Plaintiff's § 1983 claim expired with the end of the four year limitations period

and cannot be raised.

### IV. Alternatively, Construing the Pleadings Most Favorably to the Plaintiff, The Amended Complaint Is Essentially a Medical Negligence Claim Which Is Governed by Florida Law and, Accordingly, Must Be Dismissed

### A. Plaintiff's Claim Against Defendants Is Barred by the Statute of Limitations Pursuant to the Medical Malpractice Action

In September of 1996, these Defendants, specifically Defendant WEATHERS, filed

Motions to Dismiss clearly delineating the presuit requirements that must be completed as a

condition precedent to bringing a medical malpractice claim in a Florida court. The Motions and

accompanying Memoranda of Law provided this Pro Se Plaintiff with case law and direction on

how to follow the presuit requirements. Pursuant to Florida Statute § 95.11, Plaintiff had two

years in which to initiate a medical malpractice action against the Defendants, by complying with

the presuit requirements before the statute of limitation expired. On November 19, 1996,

Plaintiff filed his Motion to Dismiss Without Prejudice and on November 20, 1996, the Court

-5-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

granted and ordered the dismissal without prejudice. Therefore, the statute of limitations on the

medical malpractice issue expired no later than 1998.

The Pro Se Plaintiff re-filed the same 1996 Complaint in November, 2000 as an

"Amended Complaint." Thus, because the statute of limitations has expired, Plaintiff is barred

from bringing a medical malpractice action against these Defendants as a matter of law.

## B.    Plaintiff's Failure to Adhere to the Presuit Statutory Requirements in Bringing a Medical Malpractice Action within the Statutory Period Requires Dismissal of Plaintiff's Amended Complaint as a Matter of Law

Florida law requires that a claimant, before filing an action for medical negligence against

a Florida healthcare provider, provide statutory notice to the potential defendant of the existence

of a malpractice claim. Fla. Stat. § 766.106. Prior to issuing the notice of intent to initiate

malpractice litigation as required under Florida Statute § 766.106, Florida law also requires the

claimant to conduct an investigation to determine if there are reasonable grounds to believe

medical negligence has occurred. Fla. Stat. § 766.203. Most importantly, as a prerequisite to

filing any action for medical negligence, Florida law requires corroboration of reasonable

grounds to initiate medical negligence litigation by way of a verified written medical expert

opinion. Fla. Stat. § 766.203; Boyd v. Becker, 627 So.2d 481 (Fla. 1993).

After the notice of intent to initiate litigation is sent to a prospective defendant, along with

the verified corroborating affidavit from the medical expert, a ninety (90) day pre-suit screening

period takes place which is a condition precedent to the filing of a lawsuit by a potential

-6-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

claimant. Fla. Stat. § 766.106; Kukral v. Mekras, 679 So.2d 278 (Fla. 3d DCA 1996). It is well
established that the failure on the part of a plaintiff to comply with the statutory presuit screening
requirements requires dismissal of the action.  Miami Physical Therapy Associates, Inc. v.
Savage, 632 So. 2d 114 (Fla. 3d DCA 1994).  The Defendants qualify for the protection of the
provision under Florida Statute 766, et seq.

It is clear from the Amended Complaint that there has been no compliance with the
presuit screening requirements as mandated by Florida law.  The Amended Complaint is also
deficient because there is no certification that a reasonable investigation has been made, as
required under Florida Statute § 766.104.  Thus, the Amended Complaint must be dismissed in
accordance with well-settled Florida law governing medical negligence claims.

## C.    Florida Medical Malpractice Presuit Requirements Must Be Followed Despite Plaintiff's Incarceration

The law in Florida is well settled that presuit requirements must be met by any and all
parties filing a medical malpractice action, including incarcerated prisoners. In Okaloosa County
v. Nicholson, 697 So.2d 1297 (Fla. 1st DCA 1997), the plaintiff, an incarcerated prisoner,
brought an action against the county alleging that the county knew or should have known he was
suffering from an infection in his arm.  The Okaloosa court was asked to decide whether or not
the failure to provide the corroborating opinion with the notice of intent was fatal if the
limitations period had run.  In holding that a complaint filed by an incarcerated prisoner echoed
the allegations of a medical malpractice claim against the county, the court relied upon Shands

-7-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

Teaching Hospital v. Miller, 642 So.2d 48 (Fla. 1st DCA 1994) which ordered the dismissal of
an action with prejudice where no corroborating medical opinion was provided when the notice
of intent was mailed on or before the running of the statute of limitations. Okaloosa at 1299; see
also Archer v. Maddux, 645 So.2d 544 (Fla. 1st DCA 1994). As such, the Okaloosa court
concluded that the plaintiff was bound to adhere to presuit requirements, and his failure to
comply strictly with the presuit requirements made dismissal of the action with prejudice proper.
Id.

The case of Nelson v. Prison Health Services, 991 F.Supp. 1452 (M.D. Fla. 1997) also
involved a claim of medical negligence alleged by a prisoner against medical personnel who
provided medical treatment to the prisoner. In addressing the state law claim for medical
malpractice, the Court held that medical negligence claims asserted against an individual who
provides medical care to an incarcerated prisoner must be brought pursuant to Florida Statute
Chapter 766. Id. The failure to adhere to the requirements set forth will result in dismissal.

The Nelson Court ultimately held that although the plaintiff failed to set forth a claim for
a claim for medical malpractice, the very essence of the allegations indicated a malpractice
action was being sought. Id. at 1466. Thus, the Court held the plaintiff properly pled a claim
for malpractice. The Court further indicated that since the plaintiff followed Florida Statute
Chapter 766, the medical negligence claim survived.

-8-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

The courts in both <u>Okaloosa</u> and <u>Nelson</u> recognized that even though a plaintiff is incarcerated, he or she must strictly comply with the medical malpractice pre-suit requirements; failure to do so will result in dismissal with prejudice.

Here, Defendants assisted this Pro Se Plaintiff with their Motions to Dismiss and attached Memoranda of Law. The Plaintiff was at liberty to follow the Memoranda in an effort to comply with the presuit requirements, but Plaintiff has failed to do so. Since Plaintiff has failed to comply with the presuit requirements and the statute of limitations has since passed, the Defendants' Motion to Dismiss must be granted as a matter of law.

## V.    Qualified Immunity

In the alternative, Defendants are entitled to qualified immunity. At all relevant times, Defendants were acting within the scope of their employment at the North Broward Detention Facility. Accordingly, Defendants, in their individual capacity, are entitled to dismissal on the basis of qualified immunity. "Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis of suit violates 'clearly established [federal statutory or] constitutional rights of which a reasonable person would have known.'" <u>GJR Investments, Inc. v. County of Escambia</u>, 132 F.3d 1359, 1366 (11th Cir.1998) (footnote omitted), citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>see also Adams v. Poag</u>, 61 F.3d 1537 (11th Cir.1995). The United States Supreme Court stated in <u>Harlow</u> "that qualified immunity protects government actors is the usual

-9-

rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." 457 U.S. at 818. Moreover, the courts must construe qualified immunity liberally: "Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." Lassiter v. Alabama A&M University, 28 F.3d 1146, 1149 (11th Cir.1994).

With regard to the Amended Complaint in its entirety, ultimately, qualified immunity rests on whether the law is "clearly established" and whether the facts alleged demonstrate that the officials violated the law. Brown v. Cochran, 171 F.3d 1329 (11th Cir.1999). More specifically, the Supreme Court has stated that first deciding whether the plaintiff has alleged a deprivation of a constitutional right at all is the "better approach." County of Sacramento v. Lewis, 523 U.S. 833 (1998). If a deprivation is alleged, the court must then determine whether the right violated was clearly established by a controlling authority. Jenkins v. Talladega City Board of Education, 115 F.3d 821, 826 n.4 (11th Cir.1997) (en banc). In demonstrating that the defendant violated clearly established law, the plaintiff bears the burden. See Jordan v. Doe, 38 F.3d 1559, 1565 (11th Cir.1994).

The Eleventh Circuit applies a heightened pleading standard for complaints asserting a violation of § 1983 against individual defendants; the complaint must allege material facts which are sufficiently similar to the facts in existing case law in order to overcome immunity. GJR

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

Investments, 132 F.3d at 1367; see also Olandeinde v. City of Birmingham, 963 F.2d 1481 (11th Cir.1992).

## A.     Alleged Facts Fail to Establish that Defendants Violated a Federal Constitutional Right

Plaintiff has made allegations through a shotgun approach. The Eleventh Circuit requires allegations to be specific: "a plaintiff must not be permitted, through the use of [...] 'shotgun' pleading tactic[s...] to strip government officials of the protection provided by the official immunity doctrine." Marx v. Gumbinner, 855 F.2d 783, 792 (11th Cir.1988). Like the present case, "[t]he complaint presents scores of allegations regardless of their relevance and incorporates them in their entirety into several counts asserting discrete relief[.]" GJR Investments, 132 F.3d at 1368.

## B.     Plaintiff Fails to Establish the Violation of a "Clearly Established" Right

A legal right is "clearly established" where "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S.635, 639-40 (1987); Adams, 61 F.3d at 1542 (quoting with approval Anderson, supra); Rodgers v. Horsley, 39 F.3d 308 (11th Cir.1994). See also Lassiter, 28 F.3d at 1150. And, "[i]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." Rodgers, 39 F.3d at 311, citing Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir.1993). In short, "the rights that [a] plaintiff asserts that were violated [...] must have been clearly established in a 'particularized sense,' so

-11-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

that a reasonable official would know that his actions violation [a] plaintiff's rights." P.C. v. McLaughlin, 913 F.2d 1033, 1039 (2nd Cir.1990); see Anderson, 483 U.S. at 640; Edwards v. Gilbert, 867 F.2d 1271 1277 (11th Cir.1989) (facts of cases relied upon to establish clearly established law must be materially similar).

"[U]nless the plaintiff's allegations state a claim for violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Construing the allegations here in the light most favorable to the Plaintiff, the Plaintiff does not establish any violation of clearly established law. The facts alleged in the Amended Complaint are not materially similar to any controlling authority in existence at the time Defendants are alleged to have acted. Hence, Defendants are entitled to immunity.

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendants, EMERGENCY MEDICAL SERVICE ASSOCIATION, INPHYNET, DR. W.C. DAVIS, DR. UCKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON, and DR. G. PEARSON, respectfully request this Honorable Court enter an Order dismissing the Amended Complaint against them and awarding such other relief as the Court deems appropriate.

-12-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas


WE HEREBY CERTIFY that a true and correct copy of the foregoing Defendants, Emergency Medical Service Association, Inphynet, Dr. W.C. Davis, Dr. Ucker, Dr. Trevor Weathers, Dr. Cline, Dr. Pearson, and Dr. G. Pearson's Motion to Dismiss and Memorandum of Law was mailed this 15th day of May, 2001 to all counsel and/or parties of record on the attached Service List.

> O'CONNOR, CHIMPOULIS, RESTANI,
> MARRERO & McALLISTER, P.A.
> Attorneys for Defendants, EMSA Limited
>     Partnership, Inphynet, Dr. Winthrop,
>       Dr. Davis, Dr. Ucker, Dr. Trevor Weathers,
>       Dr. Cline, Dr. Pearson, and Dr. G. Pearson
> 2801 Ponce de Leon Boulevard
> Ninth Floor
> Coral Gables, FL    33134
> (305) 445-4090

By: _____
> JOEL L. SHULMAN
> FBN 389242
> DAVID R. CASSETTY
> FBN 991023

F:\WORD\FILES\97-6939\pleading\m-dismiss02.jls

-13-

## SERVICE LIST

William M. Hicks v. Ken Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS, *pro se*
#664670
Everglades Correctional Institution
P.O. Box 949000
Miami, FL  33194-9000

SUMMER BARRANCO, Esquire
Purdy, Jolly & Giuffreda
1322 S.E. Third Avenue
Fort Lauderdale, FL    33316

E. BRUCE JOHNSON, Esquire
Johnson, Anselmo
790 East Broward Boulevard, Suite 400
Fort Lauderdale, FL    33303-0220

DOUGLAS H. McINTOSH, Esquire
McIntosh, Sawran, Peltz & Cartaya, P.A.
1776 East Sunrise Boulevard
Fort Lauderdale, FL   33304

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

WILLIAM M. HICKS,

      Plaintiff,                        CASE NO.: 96-6496 CIV-Ungaro-Benages

v.

RON COCHRAN, et al.,

      Defendants.
_____/

### MOTION TO DISMISS WITHOUT PREJUDICE

    COMES NOW, Plaintiff, WILLIAM HICKS, by and through undersigned counsel and files

this Motion to Dismiss Without Prejudice and would state as follows:

    Plaintiff at this time respectfully requests that this Honorable Court dismiss the above-

referenced action without prejudice.

    WHEREFORE, Plaintiff, WILLIAM HICKS prays this honorable court enter an order

dismissing this action without prejudice.

           Respectfully Submitted this 19th day of November, 1996.

By: _____
           Ana M. Davide-Fernandez, Esq.
           Florida Bar No.: 875996
           501 Brickell Key Drive; Ste 300
           Miami, Florida 33131
           (305) 371-7077

# Exhibit "A"

RECEIVED NOV 2 1 19

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail

to all interest parties this _____ day of November, 1996.

ANA M. DAVIDE-FERNANDEZ, ESQ.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 96-6496-CIV-UNGARO-BENAGES

WILLIAM M. HICKS,
    Plaintiff,

vs.

RON COCHRAN, et al.,
    Defendants.
_____/

## ORDER OF DISMISSAL

THIS CAUSE came before the Court upon the plaintiff's Notice of Dismissal without

Prejudice, filed November 19, 1996.

THE COURT has considered the Notice, the pertinent portions of the record, and is otherwise

fully advised in the premises. It is hereby

ORDERED AND ADJUDGED that this Cause is hereby DISMISSED without prejudice.

DONE AND ORDERED in Chambers at the United States District Courthouse in Miami,

Florida, this $\underline{20}$ day of November, 1996.

_Ursula Ungaro-Benages_

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

copies provided:
Magistrate Judge Sorrentino
Counsel of Record
William M. Hicks

# Exhibit "B"