COPY IN CHAMBERS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

<u>WILLIAM M. HICKS,</u>
<u>PLAINTIFF,</u>

VS.

KEN JENNE, SUSAN McCAMPBELL,

BARBARA HANSON-EVANS,

STANLEY HOLMES, JOHN DOES #(1),

AND (2), DR. W.C. DAVIS, DR. UCKER,

DR. TREVOR WEATHERS, DR CLINE,

DR. PEARSON, DR. G. PEARSON,

EMERGENCY MEDICAL SERVICES

<u>ASSOCIATION,.</u>
<u>DEFENDANT'S,</u>

| MAGISTRATE JUDGE,

| SORRENTINO,

| CASE NO: <u>00-6087-CIV-DIM,</u>

Cho

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION</u>

### <u>TO DISMISS</u>

COMES NOW, THE PLAINTIFF, WILLIAM M. HICKS, PRO-SE

AND RESPECTFULLY SUBMITS THIS RESPONSE TO DEFENDANT'S MOTION

TO DISMISS AND I'N SUPPORT THEREOF WOULD STATE THE FOLLOW-

ING:



## PRELIMINARY STATEMENT

COUNSEL FOR DEFENDANT'S WOULD ATTEMPT TO MISLEAD THIS COURT WITH A BOILERPLATE DEFENSE OF INDISPUTABLE STATEMENTS OF WHICH ARE LESS THAN HALF TRUTH, AND MISAPPLIED CASE LAW. WHICH IS PREVALENT THROUGHOUT DEFENDANT'S MOTION TO DISMISS.

DEFENDANT'S ARE SUED IN BOTH THEIR OFFICIAL AND INDIVIDUAL CAPACITIES FOR CONSTITUTIONAL RIGHTS VIOLATIONS UNDER THE 8TH AMENDMENT, PURSUANT TO 42 U.S.C. §1983, AS SUCH THEY MAY NOT AVAIL THEMSELVES OF THE DEFENSE OF QUALIFIED IM-MUNITY AND ARE LIABLE FOR DAMAGES IN THE TORTUROUS CON-CONDUCT THEY SUBJECT UPON THE PLAINTIFF.

MOREOVER, IN <u>WOOD-U-STRICKLAND</u>, 95 S.C.+ 992 (1975), A DUAL TEST FOR ESTABLISHING THE EXISTENCE OF QUALIFIED IMMUNITY WAS SET WHICH REQUIRES BOTH AN OBJECTIVE AND A SUBJECTIVE MEASUREMENT OF OFFICIAL CONDUCT. UNDER THE OBJECTIVE TEST OF <u>WOOD</u>, AN OFFICIAL EVEN IF HE IS ACTING IN THE SINCERE SUBJECTIVE BELIEF THAT HE IS DOING RIGHT, LOSES HIS / HER CLOAK OF QUALIFIED IMMUNITY OF HIS ACTIONS CON-TRAVENE "SETTLED", INDISPUTABLE LAW" THUS. AN OFFICIAL IS LIABLE UNDER SECTION 1983" IF HE / SHE KNEW OR HAD RE-ASON TO KNOW THAT THE ACTIONS HE / SHE TOOK WITHIN THE

2

SPHERE OF OFFICIAL RESPONSIBILITY WOULD VIOLATE THE CON-
STITUTIONAL RIGHTS OF THE PERSON EFFECTED."

BASED ON DEFENDANT'S OFFICIAL STATUS, IT CAN NOT BE
SAID THAT DEFENDANT'S DID NOT KNOW THAT THEIR ACTIONS
VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE 8TH
AMENDMENT, HARLOW -V- FITZGERALD, 102 S. C + 2727

ALSO SEE PAGE 16 PARAGRAPH (2) OF COMPLAINT WERE PLAIN-
TIFF HAS CLEARLY STATED A CAUSE OF ACTION IN THAT "DEFENDA-
NT'S KNEW OR SHOULD HAVE KNOWN OF PLAINTIFF'S SERIOUS MED-
ICAL NEED", HOWEVER. ALL DEFENDANT'S KNOWINGLY, WILLIN-
GLY, AND BELIBERATELY DENIED PLAINTIFF ADEQUATE MEDICAL
CARE FOR NO OTHER PURPOSE THAT TO SAVE A BUCK.

1), ON NOVEMBER 9, 2000, PLAINTIFF, WILLIAM M. HICKS, FILED A PRO-SE AMENDED COMPLAINT PURSUANT TO 42 U.S.C. §1993, ALLEGING ACTS BY THE DEFENDANT'S IN VIOLATION OF THE UNITED STATES CONSTITUTION UNDER THE 5TH, 8TH, AND 14TH AMENDMENTS.

2), ON MAY 15, 2001, COUNSELS FOR DEFENDANT'S FILED A JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT.

PURSUANT TO DEFENDANT'S MOTION TO DISMISS, DEFENDANTS, PURRCRT TO ALLEGE THAT PLAINTIFF'S COMPLAINT SHOULD BE DISMISS-ED FOR THE FOLLOWING REASONS:

(a), THAT PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO SHOW THAT DEFENDANT'S WERE DELIBERATELY INDIFFERENT TOWARDS HIM.

(b), THAT PLAINTIFF'S CLAIM IS BARRED BY THE STATUTE OF LIMI-TATIONS.

(c), THAT PLAINTIFF HAS FAILED TO COMPLY WITH FLORIDA STATUTE CHAPTER 766, et seq. SPECIFICALLY, THE PRESUIT SCREENING REQUIRE-MENT MANDATED FOR THE FILING OF A MEDICAL NEGLIGENCE CLAIM.

(d), THAT PLAINTIFF HAS FAILED TO STATE AN EIGHTH AMENDMENT CLAIM FOR DENIAL OF ADEQUATE MEDICAL CARE.

(e), THAT PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER § 1983 AGAINST DEFENDANT'S EMSA, AND INPHYNET,

PLAINTIFF, WILLIAM M. HICKS, PRO-SE WOULD OPPOSE THE DEFENDANT'S MOTION TO DISMISS, AND IN SUPPORT THEREOF WOULD STATE THE FOLLOWING:

(a), PLAINTIFF HAS INDEED SHOWN SUFFICIENT FACTS THAT ALL DEFENDANT'S WERE DELIBERATELY INDIFFERENT TOWARDS HIM.

(b), PLAINTIFF HAS FILED IN A TIMELY MANNER. AND THEREFORE IS NOT BARRED BY STATUTE OF LIMITATIONS.

(c), THAT PLAINTIFF HAS FILED HIS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 AND THEREFORE IS NOT REQUIRED TO COMPLY WITH PRESUIT SCREENING REQUIREMENT UNDER F.S. s. 766 et seq WHERE THE COMPLAINT IS OF DELIBERATE INDIFFERENCE NOT NEGLIGENCE OR MALPRACTICE AS THE DEFENDANT'S CLAIM.

(d), PLAINTIFF HAS INDEED STATED AN EIGHTH AMENDMENT CLAIM UNDER THE DELIBERATE INDIFFERENCE STANDARD

(e), PLAINTIFF HAS INDEED STATED A CAUSE OF ACTION UNDER § 1983 AGAINST DEFENDANTS EMSA AND INPHYNET.

## IN ADDRESSING DEFENDANT'S FIRST

### CLAIM

(4) DEFENDANT'S HAVE ALLEGED THAT PLAINTIFF [...] FAILED TO
ALLEGE SUFFICIENT FACTS TO SHOW THAT DEFENDANT'S WERE
DELIBERATELY INDIFFERENT TOWARDS HIM.

THIS ALLEGATION BY DEFENDANT'S IS CONCLUSIVELY REFUTED
IN PLAINTIFF'S AMENDED COMPLAINT, IE AT PAGE 15, SECTION
4a) WHERE PLAINTIFF CLEARLY STATES AS FOLLOWS:

1) THE FACT THAT ALL DEFENDANT'S LISTED HEREIN NEW OF
PLAINTIFF'S SERIOUS MEDICAL NEED, 2) THAT ALL DEFENDANT'S
LISTED HEREIN DENIED PLAINTIFF THE SERIOUSLY NEEDED MED-
ICAL CARE BASED ON THE EXTREME COST SAID CARE WOULD RE-
QUIRE, IS A CLEAR SHOWING THAT DEFENDANT'S WERE DELIBERATELY
INDIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL NEEDS. IN WALDROP-V-
EVANS, 871 F2d 1030 ( 11TH CIR 1989), THE HONORABLE COURT
HELD, THAT GROSSLY INCOMPETENT OR INADIQUATE CARE OF INMATES
CAN CONSTITUTE DELIBERATE INDIFFERENCE TO SERIOUS PHYSICAL OR
PSYCHIATRIC NEEDS IN VIOLATION OF EIGHTH AMENDMENT. AS CAN
DOCTOR'S DECISION TO TAKE EASIER AND LESS EFFICACIOUS COURSE OF
TREATMENT, FAILURE TO RESPOND TO KNOWN MEDICAL PROBLEMS CAN
ALSO CONSTITUTE DELIBERATE INDIFFERENCE.

IN THE INSTANT CASE PLAINTIFF HAS CLEARLY SHOWN THAT ALL DEFENDANT'S KNEW OR HAD REASON TO KNOW OF PLAINTIFF'S SERIOUS MEDICAL NEED SEE, EXHIBIT (A) OF COMPLAINT.

FURTHERMORE, THE FACT THAT PLAINTIFF WAS FORCED TO REQUEST ASSISTANCE FROM THE CIRCUIT COURT AND THE COURT HAD TO ISSUE ORDER(S) TO THE DEFENDANT'S TO AFFORD PLAINTIFF ADEQUATE MEDICAL CARE IS A CLEAR SHOWING THAT EVEN THE HONORABLE CIRCUIT COURT JUDGE WAS ABLE TO SEE THE VERY VISABLE BONE DISFIGUREMENT OF PLAINTIFF'S FACE. HOWEVER, EVEN THE COURTS ORDER(S) DID NOT PROMPT THE DEFENDANT'S TO AFFORD PLAINTIFF ANY ACTUAL MEDICAL CARE, PLAINTIFF WAS LEFT TO SUFFER THE PAIN OF THE SERIOUS INJURIES HE RECEIVED WHILE IN THE CUSTODY AND CARE OF THE DEFENDANT'S. SEE PAGE 16, PARA, 2 OF COMPLAINT WHERE PLAINTIFF HAS CLEARLY ALLEGED SUFFICIENT FACTS TO SHOW THAT ALL DEFENDANT'S WERE DELIBERATELY INDIFFERENT TO HIS SERIOUS MEDICAL NEED FOR NO OTHER REASON OTHER THAN MONETARY COST.

: SEE (EX D) court(s) order(s)

IN ADDRESSING DEFENDANT'S SECOND

CLAIM

(b)  DEFENDANT'S HAVE ALLEGED THAT PLAINTIFF'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.

HOWEVER, DEFENDANT'S ALLEGATION IS CONCLUSIVELY REFUTED BY DOCUMENTED FACTS. THE STATUTE OF LIMITATIONS FOR § 1983, ACTION IS BORROWED FROM THE FORUM STATE'S GENERAL (OR RESIDUAL) STATUTE OF LIMITATIONS, WHEREFORE, A PLAINTIFF MUST FILE A CLAIM UNDER 42 U.S.C. § 1983 WITHIN FOUR YEARS OF THE UNCONSTITUTIONAL OR OTHERWISE ILLEGAL ACT. BURTON -U- CITY OF BELLE GLADE, 178 F. 3d. 1175, (11TH CIR 1999), IN THE INSTANT CASE DEFENDANT'S HAVE ALLEGED THAT BECAUSE PLAINTIFF FILED THE AMENDED COMPLAINT IN NOVEMBER OF 2000, FOR ACTS THAT OCCURED ON OR BEFORE APRIL 10, 1996, THE PLAINTIFF'S CLAIMS ARE BARRED BY STATUTE OF LIMITATIONS.

HOWEVER, THE FACTS SHOWN IN THE AMENDED COMPLAINT, IE AT PAGE (4) SECTIONS (4)THROUGH(7) AND PAGE(5) SECTIONS (8-9,) IT IS CLEAR THAT PLAINTIFF REFILED HIS CLAIM ON JANUARY 4, 2000, AND THAT THE HONORABLE COURT FILED THE COMPLAINT ON JANUARY 18, 2000, APPROXIMATELY (3) MONTHS PRIOR TO THE FOUR YEAR LIMITATION. FURTHERMORE, PLAINTIFF'S COMPLAINT REMAINED

PENDING THROUGHOUT THE FOLLOWING MONTHS. WHERE EVEN THOUGH PLAINTIFF FILED FOR DISMISSAL, STAY AND PERMISSION TO AMEND, NO RULING BY THE HONORABLE COURT WAS MADE UNTIL OCT-30, 2000: WHEN PLAINTIFF'S MOTION IN REQUEST TO AMEND WAS GRANTED BY THE HONORABLE COURT GIVING PLAINTIFF (30) DAYS TO FILE THE AMENDED COMPLAINT WITH FURTHER SPECIFIC INSTR-UCTIONS TO FILE SAID AMENDED COMPLAINT UNDER CASE NUMBER 00-6087-CIV-DIMITROULEAS. SEE EX B ), COURT'S ORDER. ATTACHED

WHEREFORE, DEFENDANT'S ALLEGATIONS AS TO PLAINTIFF'S AM-ENDED COMPLAINT BEING TIME BARRED APPEARS TO BE SOME FORM OF CHALLENGE TO THIS HONORABLE COURTS AUTHORITY.

BASED ON THE FACTS SHOW IN EXHIBIT (B) DEFENDANT'S CLAI-MS ARE MERITLESS AND SHOULD BE DENIED.

<u>IN ADDRESSING DEFENDANTS</u>

<u>THIRD CLAIM</u>

(C) , THE ACTION FILED BY PLAINTIFF IS PURSUANT TO 42. U.S.C. §1983 SPECIFICALLY UNDER THE DELIBERATE INDIFFERENCE STANDARD.

WHEREFORE, THE DEFENDANT'S ALLEGATIONS THAT PLAINTIFF HAS FAILED TO COMPLY WITH FLORIDA STATUTE § 766. et seq, SPECIFICALLY THE PRESUIT SCREENING REQUIREMENT IS WITHOUT MERIT. WHERE PURSUANT TO THE SUPREME COURTS RULING IN <u>FELDER-V-CASEY</u>, 108 S.Ct. 2302 (1988), PLAINTIFF'S FILING IN FEDERAL COURT UNDER §1983, ARE NOT REQUIRED TO ADHERE TO STATE LAW REQUIREMENT'S UNDER F.S.s. 766 et seq, WHEN ALLEGING ACTS OF CONSTITUTIONAL RIGHT DEPRIVATION. ALSO SEE; <u>MOORE-V-MORGAN</u>, 922 F2d 1553 (11TH CIR. 1991),

WHEREFORE, DEFENDANT'S CLAIMS THAT PLAINTIFF HAS FAILED TO COMPLY WITH F.S.s. 766 et seq, SPECIFICALLY THE PRESUIT REQUIREMENT MUST BE DENIED.

IN ADDRESSING DEFENDANT'S FOURTH

CLAIM

(d), DEFENDANT'S HAVE ALLEGED THAT PLAINTIFF HAS FAILED TO STATE AN EIGHTH AMENDMENT CLAIM, FOR DENIAL OF MEDICAL CARE.

DEFENDANT'S ALLEGATION IS CONCLUSIVELY REFUTED IN PLAINTIFF'S COMPLAINT WITH ATTACHED EXHIBIT (A), WHERE IT IS CLEARLY SHOWN. ALL DEFENDANT'S KNEW OR HAD REASON TO KNOW THAT PLAINTIFF WAS IN SERIOUS NEED OF MEDICAL CARE DUE TO SEVER INJURIES "FRACTURES" RECEIVED WHILE IN THE CUSTODY AND CARE OF THE DEFENDANT'S.

FURTHERMORE, ALL DEFENDANT'S KNEW OR HAD REASON TO KNOW THAT PLAINTIFF SUFFERED EXTREMELY FROM PAIN CAUSED BY HIS INJURIES, YET ALL DEFENDANT'S KNOWINGLY, WILLINGLY AND WITH MALICE CHOSE TO BE DELIBERATELY INDIFFERENT TO PLAIN- TIFF'S SERIOUS MEDICAL NEED AND THUS DENIED PLAINTIFF THE ADEQUATE HEALTH CARE HE REQUIRED. DELIBERATE INDIFFERENCE TO A PERSONS SERIOUS MEDICAL NEED OF WHICH RESULTED IN NO MEDICAL CARE AND GREAT PAIN AND SUFFERING CONSTITUTES" AN EIGHTH AMENDMENT CLAIM FOR DEPRIVATION OF PLAINTIFF'S CONST- ITUTIONAL RIGHTS TO ADEQUATE MEDICAL CARE. WALDROP -V- EVANS, 871 F.2d, 1030 (11TH CIR. 1989). SEE EXHIBIT (C) ATTACHED

11

FURTHERMORE, PLAINTIFF HAS CLEARLY OUTLINE BOTH ACTS AND OM-
ISSIONS SUFFICIENT TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT.
COMPLAINT AT PAGE 11, SECTION (22), PAGE 12, SECTIONS(24), (25),
(26), (27), PAGE 13, SECTIONS (28), (29), (31), PAGE 14, SECT-
IONS (34), (35), (36), PAGE 15, SECTIONS (40), (41), (42), PAGE
16, PAGE 17, PARA, (2), PAGE 18, AND SPECIFICLY PAGE 19, WHERE
PLAINTIFF STRICKLY ALLEGED THE FACT OF ACTS AND OMISSIONS.

IN McELLIGOTT-V-FOLEY, 182 F.3d 1248, 1254 (11TH CIR.
1999), THE HONORABLE ELEVENTH CIRCUIT COURT OF APPEAL, HELD
THAT IN ORDER FOR A PRISONER'S CLAIMS CONCERNING INADEQUA-
TE MEDICAL TREATMENT TO BE A VIOLATION OF THE EIGHT AMEN-
DMENT, THE PRISONER MUST ALLEGE ACTS OR OMMISSIONS SUFF-
ICIENTLY HARMFUL TO EVIDENCE DELIBERATE INDIFFERENCE TO A
SERIOUS MEDICAL NEED. PLAINTIFF HAS MET THIS TEST IN THAT
PLAINTIFF HAS CLEARLY OUTLINED THAT THE ACTS AND OMISSIONS
WERE FAR BEYOND HARMFUL BUT IN FACT WERE THE DIRECT CAUSE OF
GREAT PAIN AND SUFFERING AND RESULTED IN NOW PERMANENT DIS-
FIGUREMENT AND CONTINUOUS PAIN AND SUFFERING.

## IN ADDRESSING DEFENDANT'S FIFTH

### CLAIM

(e), DEFENDANT'S HAVE ALLEGED THAT PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER § 1983 AGAINST DEFEND- ANT'S EMSA AND INPHYNET, ON THE CONTRARY, ONCE AGAIN THE DEFENDANT'S CLAIMS ARE CONCLUSIVELY REFUTED BY THE COMPLAINT. AT PAGE 15, SECTION (42), AND PAGE 17, PARA. (2) WHERE PLAINT- IFF HAS SPECIFICALLY ALLEGED THAT IT WAS EMSA, AND THE "POLICIES" THEREOF THAT WERE DIRECTLY RESPONSIBLE FOR THE DENIAL OF ADEQUATE MEDICAL CARE TO PLAINTIFF.

WHEREFORE, PLAINTIFF HAS STATED A CAUSE OF ACTION AGAINST DE- FENDANT EMSA, THROUGH THE ALLEGATION THAT A CORPORATE POLICY OR CUSTUM WAS THE MOVING FORCE BEHIND THE DENIAL OF ADEQUATE MEDICAL CARE, SAID POLICY OR CUSTOM BEING TO SUPPLY THE LEAST COSTLY "CARE" POSSIBLE EVEN AT THE EXSPENCE OF THE PATIENT, IN THE INSTANT CASE NO MEDICAL CARE BEYOND THE CLEANING AND ST- ICHING OF PLAINTIFF'S WOUNDS WAS RENDERED EVEN THOUGH ALL DEFENDANT'S KNEW OR HAD REASON TO KNOW OF PLAINTIFF'S SERIOUS INTERNAL INJURIES. SEE EXHIBIT (A), BROWN -U- CITY OF FORT- LAUDERDALE, 923 F.2d 1474, 1481 (11TH CIR. 1991), MONELL -U- NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, 436 U.S. 658, 687, (1978).

13

AS TO DEFENDANT'S CLAIMS TO QUALIFIED IMMUNITY, UNDER CLAIM THEY WERE ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT AT BROWARD COUNTY "DETENTION FACILITY, IS WITHOUT MERIT IN THAT DEFENDANTS ARE NOT DEEMED GOVERNMENT OFFICIALS BUT ARE IN FACT EMPLOYEE'S OF "BROWARD COUNTY" AND A PRIVATE MEDICAL CORPORATION UNDER CONTRACT WITH THE "BROWARD COUNTY" SHERIFF'S DEPARTMENT.

FURTHERMORE, EVEN IF THE DEFENDANT'S COULD BE DEEMED GOVERNMENT OFFICIALS THE CLAIM THAT THEY WERE ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT NOT ONLY FAILS TO ACCORD DEFENDANT'S IMMUNITY IT GIVES STRENGTH TO PLAINTIFF'S CLAIM OF THE EXISTENCE OF A MOVING POLICY OR CUSTOM. IN <u>WOOD-U-STRICKLAND</u>, 95 S.CT, 992 (1975), THE SUPREME COURT HAS SET FOURTH A DUAL TEST FOR MEASURING THE EXISTENCE OF QUALIFIED IMMUNITY, AS PLAINTIFF HAS SET OUT IN THE COMPLAINT, THE CONDUCT WHICH IS THE BASIS FOR THE SUIT VIOLATES CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF WHICH ANY REASONABLE PERSON WOULD HAVE KNOWN. HOWEVER, DEFENDANT'S ARE NOT DEEMED GOVERNMENT ACTORS OF STATE. WHOM KNOWINGLY, WILLINGLY, AND DELIBERATELY VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE EIGHTH AMENDMENT BY DENYING PLAINTIFF ADEQUATE MEDICAL CARE FOR HIS SERIOUS MEDICAL NEED OF WHICH ALL DEFENDANT'S KNEW OR HAD REASON TO KNOW VIOLATED EIGHTH AMENDMENT. <u>MCELLIGOTT-U-FOLEY</u>, 182 F.3d 1248 (11TH CIR, 1999).

## CONCLUSION

WHEREFORE, BASED UPON THE FOREGOING, PLAINTIFF, WILLIAM M. HICKS,

RESPECTFULLY REQUEST THIS HONORABLE COURT ENTER AN ORDER DENYING

DEFENDANT'S MOTION TO DISMISS AND PERMIT THIS CASE TO PROCEED TO

TO TRIAL.

RESPECTFULLY SUBMITTED

WILLIAM M. HICKS, # 664870

EVERGLADES CORRECTIONAL INST,

P.O. BOX 949000

MIAMI FLORIDA 33194-9000

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I WILLIAM M. HICKS, HEREBY

CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING RESPONSE

TO DEFENDANT'S MOTION TO DISMISS WAS MAIL THIS 28 DAY OF MAY

2001, TO ALL COUNSELS OF RECORD ON THE ATTACHED SERVICE LIST

STATE OF FLORIDA

COUNTY OF DADE

VICKY E. CLEMONS
MY COMMISSION # CC 684115
EXPIRES: September 29, 2001
Bonded Thru Notary Public Underwriters

CC 684115

NOTARY SIGNATURE

5/28/01

15

SERVICE LIST

SUMMER BARRINCO, ESQUIRE.
PURDY, JOLLY & GIULFF EDA
1322 S.E. THIRD AVENUE
FT. LAUDERDALE, FL. 33316

E. BRUCE JOHNSON, ESQUIRE
JOHNSON, ANSELMO
790 EAST BROWARD BOULEVARD, SUITE 400
FT. LAUDERDALE, FL. 33303 - 0220

DOUGLAS H. MCINTOSH, ESQUIRE.
MCINTOSH, SAWRAN, PELTZ & CARTAYA, P.A.
1776 EAST SUNRISE BOULEVARD
FT. LAUDERDALE, FL. 33304

JOEL L. SHULMAN,
O'CONER, CHIMPOULIS, RESTANI,
MARRERO & MCALLISTER, P.A.
2801 PONCE de LEON BOULEVARD
NINTH FLOOR, CORAL GABLES FL.
                33134



*Exhibit*
*A*

**RON COCHRAN**
**SHERIFF**
**BROWARD COUNTY**
POST OFFICE BOX 9507
FORT LAUDERDALE, FLORIDA 33310-9907

**DATE:** July 2, 1996

**TO:** William Hicks, BS9514533

**FROM:** Barbara Hanson-Evans, HSA, BSO

**SUBJECT:** Grievance

I reviewed your chart thoroughly as promised.

| | |
|---|---|
| 2/21/96 | X-ray showed fracture of (L) mandible and zygomatic arch. |
| 3/15/96 | Minimal depression of the arch. |
| 4/22/96 | Uecker suggested OMF surgery. |
| 5/3/96 | Old healed fracture of the arch. |
| 5/8/96 | Dr. Cline, Todd Schwartz, and Dr. Weathers explained that surgery was not planned for the arch. The problem with eating was addressed. Soft diet ordered. |

I did notice you are now taking your medication. I have given Mr. Holmes the copies of DR's for review.

The x-rays do not show any remarkable problem and the bones are intact. I am assuming that you will be experiencing pain which is now being managed appropriately.

As I suggested I would review the chart to see if there were documentation to substantiate what you alleged the physicians told you. I have seen nothing about clean break etc. I only rely on the x-ray reports which cannot be tampered with.

I was informed that you were scheduled to see Dr. Pearson/ Dr. Cline on 6/28/96.



Upon Consideration, and review of the record, it is thereupon

ORDERED AND ADJUDGED, as follows:

1.    The plaintiff's motion for leave to amend (DE# 29) is **granted,** to the extent that the plaintiff shall, on or before November 30, 2000, file an amended complaint.

> a.    The amended pleading must be labeled Amended Complaint and must show Case No. 00-6087-Civ-Dimitrouleas, so that the Clerk will know that it is to be filed in this case.
>
> b.    The amended complaint must include all allegations against each defendant whom the plaintiff intends to sue and must state all relief which is sought; it cannot just add to the original complaint. This is because the amended complaint will become the only active complaint in the case. Nothing in the original complaint (DE# 1) will be considered after the amended complaint is filed. The amended complaint must be one single pleading which stands on its own.
>
> c.    The amended complaint must comply with Fed.R.Civ.P. 8(a) by providing a short and plain statement of a claim, a basis for federal jurisdiction, and a demand for judgment. It must also comply with Fed.R.Civ.P. 10(b) which requires that the plaintiff separate his claims based upon differing sets of circumstances. The plaintiff must therefore separate his claims against each defendant in a separate paragraph or paragraphs, stating what that person is alleged to have done or failed to do.
>
> d.    The plaintiff is hereby informed that no action will be taken with regard to obtaining service of process in this case until the amended complaint is received, and an initial review of the sufficiency of that pleading has been conducted.

2



*(handwritten: A Nice Letter (?))*

*(handwritten: STAPLE COPYS packet o' response)*

SYLVIA POITIER, DISTRICT #2, 1985-PRESENT
**Board of County Commissioners**

(954) 357-7002 • FAX (954) 357-7295

*(handwritten: Ethics, To call, I Tried, 5-1-98 won't go through)*

April 28, 1998

William Hicks
B597-17076
North Broward Detention Center Jail
P.O. Box 407037
Fort Lauderdale, FL 33340

Dear Mr. Hicks:

I received your letter, and I am sending it to someone in the Detention Division to check for the misuse and abuse you are suffering. Please let me know if you get any relief.

Please write me and tell me why you are in jail, and how long you have been there. I look forward to hearing from you.

May God bless you and keep you, may he make his face to shine upon you and be gracious unto you, may he lift up his countenance upon you and give you peace. Until we meet face to face, write me again.

Sincerely,

*(signature)*
Sylvia Poitier
Commissioner

*(handwritten: resend a Letter 6-3-98 voucher or voter)*

*(handwritten: I Hicks recieved 4-30-98 NBDC 12-1-H-4)*

*(handwritten: AS OF 6-5-98 never responded to my needs O'cills)*

BROWARD COUNTY GOVERNMENT CENTER ... ANDREWS AVENUE ... FORT LAUDER...

EXHIBIT D

[ ] **17th Judicial Circu.. .n and for Broward County**
[ ] **In the County Court in and for Broward County**

**CLOCK IN**

AUG 3 1997

| DIVISION: | | **ORDER** |
|---|---|---|
| [✓] CRIMINAL | — . | |
| [ ] TRAFFIC | | |
| [ ] OTHER | | |

THE STATE OF FLORIDA VS.

**CASE NUMBER**

95 - 13759

**PLAINTIFF** State          **DEFENDANT** Hicks

CHARGE _Murder 1°_

this Cause coming on motion of Defendant,

this Court hereby orders that the
jail facility and specifically the medical
team to evaluate Mr Hicks for
the need for medical treatment
and medication if necessary.

DONE AND ORDERED THIS __13th__ DAY OF __AUGUST__ , 19 _97_ , IN

BROWARD COUNTY, FLORIDA

_James J. Cohn_
**JUDGE**

COPIES:          BSO     -     SAO

**☒ 17th Judicial Circuit in and for Broward County**

**[ ] In the County Court in and for Broward County**

| DIVISION: | | |
|---|---|---|
| ☒ CRIMINAL<br>[ ] TRAFFIC<br>[ ] OTHER | **ORDER** | |

THE STATE OF FLORIDA VS.

William Hicks

**PLAINTIFF**                    **DEFENDANT**

**CASE NUMBER**

X-13759q=10

CHARGE _1. Murder 1st degree_

The defendant having been adjudged Incompetant by the Court at this time.... It is hereby:

_Ordered And Adjudged_

That the defendant be housed in the Broward County jail (Forensic Unit). There to be prescribed such medication/treatment as deemed necessary to restore Competency.

DONE AND ORDERED THIS ___5___ DAY OF ___February___, 19 _98_, IN

BROWARD COUNTY, FLORIDA

James J. Cohn
**JUDGE**

COPIES:        BSO    -    SAO

234

CLOCK IN

[ ] 17th Judicial Circuit ... and for Broward County
[ ] In the County Court in and for Broward County

DIVISION:

[ ] CRIMINAL
[ ] TRAFFIC
[ ] OTHER

**ORDER**

THE STATE OF FLORIDA VS. H . William

CASE NUMBER

95137590CF10A

**PLAINTIFF**                    **DEFENDANT**

1. Murder
2. Burglary Struct/AssH/Ball
CHARGE 3. Robbery

IT is hereby ordered that William
Hicks be evaluated and seen by
appropriate medical personnel in the
Broward County Jail for present
medical concerns.

DONE AND ORDERED THIS __27__ DAY OF __March__ , 19 _97_ IN

BROWARD COUNTY, FLORIDA

James J. Cohn
**JUDGE**

Cohn

COPIES:    BSO   -   SAO

26