

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE SORRENTINO

CASE NO. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS,

Plaintiff,

v.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS,
STANLEY HOLMES, JOHN DOES
#1 AND #2, DR. W.C. DAVIS, DR.
UECKER, DR. TREVOR WEATHERS,
DR. CLINE, DR. PEARSON, DR. G.
PEARSON, EMERGENCY MEDICAL
SERVICES ASSOCIATION,

Defendants.

### DEFENDANTS, EMERGENCY MEDICAL SERVICE ASSOCIATION, INPHYNET, DR. W.C. DAVIS, DR. UCKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON AND DR. G. PEARSON'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants, EMERGENCY MEDICAL SERVICE ASSOCIATION ("EMSA"), INPHYNET, DR. W.C. DAVIS ("DAVIS"), DR. UCKER ("UCKER"), DR. TREVOR WEATHERS ("WEATHERS"), DR. CLINE ("CLINE"), DR. PEARSON ("PEARSON"), and DR. G. PEARSON ("G. PEARSON"), by and through their undersigned attorney, pursuant to Fed.R.Civ.P.12(b)(6) and Local Rules 7.1.C and 7.5, respectfully file this Reply in Support of their Motion to Dismiss, and as grounds therefor state as follows:



Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

### I.  Plaintiff Fails to State an Eighth Amendment Claim for Denial of Adequate Medical Care

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff cites to Waldrop v. Evans, 871 F.2d 1030 (11th Cir.1989) and McElligott v. Foley, 182 F.3d 1248 (11th Cir.1999) in his Response Motion to show instances where the Eleventh Circuit has found defendants acting with deliberate indifference; however, Plaintiff again has failed to allege any facts sufficient to state a cause of action for his Eighth Amendment claim. Plaintiff also cites to various paragraphs from his Amended Complaint as well as attached Exhibits in his Response Motion in an attempt to allege that the Defendants acted with deliberate indifference. However, as those paragraphs and Exhibit "A" specifically indicate, although Plaintiff now claims he was not satisfied with the medical care provided to him, Plaintiff did in fact receive medical care. Plaintiff's claim is, at most, a claim of negligence that is not cognizable under the Eighth Amendment. See Campbell, 169 F.3d at 1363. It is well settled that mere negligence is not actionable under § 1983. See Davidson v. Cannon, 474 U.S. 344 (1986). Without a valid federal question, the Court should decline to exercise supplemental jurisdiction over the remaining claims. Accordingly, there is no cognizable civil rights claim under § 1983, but, at most, a state law claim, which this Court lacks subject matter jurisdiction over these Defendants.

cv-06087-WPD    Document 69    Entered on FLSD Docket 06/08/2001

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

## II. The Amended Complaint Fails to State a Cause of Action Under § 1983 Against Defendants EMSA and INPHYNET

There can be no liability against Defendants EMSA and INPHYNET under § 1983 on the theory of respondeat superior. Monell v. Department of Social Services of the City of New York, et al., 436 U.S. 658 (1978). In Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir.1991), to which the Plaintiff cites in his Response Motion, the Court states "[t]o prove liability [...] based on custom, a plaintiff must establish a widespread practice that, 'although not authorized by written law [...], is so permanent and well settled as to constitute a custom or usage with the force of law,'" quoting, St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). The Brown Court found the plaintiff's complaint containing claims of a custom of racial discrimination through a series of discriminatory practices allegations sufficient. Here, however, the Plaintiff merely states that it was EMSA and INPHYNET's policy or custom to deny costly medical care based on an alleged statement made to him by Defendant CLINE. Clearly, Plaintiff's allegations regarding a custom or policy fail to state a claim against Defendants EMSA and INPHYNET for which relief can be granted, and therefore must be dismissed.

## III. Plaintiff's § 1983 Action

Defendants concede that Plaintiff's § 1983 action is not barred by the statute of limitations.

-3-

cv-06087-WPD    Document 69    Entered on FLSD Docket 06/08/2001

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

### IV. Alternatively, Construing the Pleadings Most Favorably to the Plaintiff, The Amended Complaint Is Essentially a Medical Negligence Claim Which Is Governed by Florida Law and, Accordingly, Must Be Dismissed

Defendants contended in their Motion to Dismiss that, in the alternative, Plaintiff's claims are, at most, medical negligence claims. Although Plaintiff correctly cites Felder v. Casey, 487 U.S. 131 (1988) in his Response Motion for the proposition that plaintiffs filing in federal court under § 1983 are not required to adhere to state law requirements, Defendants' assertions are based on the proposition that Plaintiff has not made an effective § 1983 claim. As such, Plaintiff's failure to comply timely with the pre-suit requirements under Fla. Stat. § 766, et seq. bars him from bringing a medical malpractice action against these Defendants as a matter of law.

### V. Qualified Immunity

In the alternative, Defendants are entitled to qualified immunity. At all relevant times, Defendants were acting within the scope of their employment at the North Broward Detention Facility. Accordingly, Defendants, in their individual capacity, are entitled to dismissal on the basis of qualified immunity. "Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis of suit violates 'clearly established [federal statutory or] constitutional rights of which a reasonable person would have known.'" GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1366 (11th Cir.1998) (footnote omitted), citing Harlow v. Fitzgerald, 457 U.S. 800 (1982); see also Adams v. Poag, 61 F.3d 1537 (11th Cir.1995).

-4-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

The Eleventh Circuit applies a heightened pleading standard for complaints asserting a violation of § 1983 against individual defendants; the complaint must allege material facts which are sufficiently similar to the facts in existing case law in order to overcome immunity. GJR Investments, 132 F.3d at 1367; see also Olandeinde v. City of Birmingham, 963 F.2d 1481 (11th Cir.1992).

Plaintiff has made allegations through a shotgun approach. The Eleventh Circuit requires allegations to be specific: "a plaintiff must not be permitted, through the use of [...] 'shotgun' pleading tactic[s...] to strip government officials of the protection provided by the official immunity doctrine." Marx v. Gumbinner, 855 F.2d 783, 792 (11th Cir.1988). Like the present case, "[t]he complaint presents scores of allegations regardless of their relevance and incorporates them in their entirety into several counts asserting discrete relief[.]" GJR Investments, 132 F.3d at 1368.

Finally, Plaintiff has not presented any case law with similar facts as those alleged in his Amended Complaint which precludes Defendants from receiving qualified immunity. "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir.1994), citing Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir.1993). In short, "the rights that [a] plaintiff asserts that were violated [...] must have been clearly established in a 'particularized sense,' so that a reasonable official would know that his actions violation [a] plaintiff's rights." P.C. v.

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD · 9TH FLOOR · P.O. BOX 14 9022 · CORAL GABLES, FLORIDA 33114 · (305) 445-4090

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

McLaughlin, 913 F.2d 1033, 1039 (2nd Cir.1990); see Anderson v. Creighton, 483 U.S. 635, 640 (9187); Edwards v. Gilbert, 867 F.2d 1271 1277 (11th Cir.1989) (facts of cases relied upon to establish clearly established law must be materially similar). Plaintiff cites to Wood v. Strickland, 420 U.S. 308 (1975) for the proposition that a dual test lies for measuring the existence of qualified immunity. The test in Strickland, however, was limited to the specific context of school discipline. Id. at 322.

"[U]nless the plaintiff's allegations state a claim for violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Construing the allegations here in the light most favorable to the Plaintiff, the Plaintiff does not establish any violation of clearly established law. The facts alleged in the Amended Complaint are not materially similar to any controlling authority in existence at the time Defendants are alleged to have acted. Hence, the Defendants are entitled to immunity.

To the extent that Plaintiff sues the Defendants in their official capacities, the Eleventh Amendment bars judgments under § 1983 against the State or its agencies, instrumentalities and State employees in their official capacity. Lewis, Lamar, Free v. Robert C. Granger, M.D., 887 F.2d 1552, (11th Cir. 1989). Section 1983 does not abrogate a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 345 (1979). Moreover, a § 1983 suit cannot be asserted against the Defendants in their official capacities because such suit is no different from

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD · 9TH FLOOR · P.O. BOX 14-9022 · CORAL GABLES, FLORIDA 33114 · (305) 445-4090

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

a suit against the state itself. See Will v. Michigan Department of State Police, 491 U.S. 58, 70-71 (1989). Accordingly, because § 1983 does not provide for a valid abrogation of a state's Eleventh Amendment immunity, none of the Defendants in their official capacities can be sued in this forum.

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendants, EMERGENCY MEDICAL SERVICE ASSOCIATION, INPHYNET, DR. W.C. DAVIS, DR. UCKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON, and DR. G. PEARSON, respectfully request this Honorable Court enter an Order dismissing the Amended Complaint against them and awarding such other relief as the Court deems appropriate.

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

WE HEREBY CERTIFY that a true and correct copy of the foregoing Defendants, Emergency Medical Service Association, Inphynet, Dr. W.C. Davis, Dr. Ucker, Dr. Trevor Weathers, Dr. Cline, Dr. Pearson, and Dr. G. Pearson's Reply in Support of Their Motion to Dismiss was mailed this sixth day of June, 2001 to all counsel and/or parties of record on the attached Service List.

> O'CONNOR, CHIMPOULIS, RESTANI,
> MARRERO & McALLISTER, P.A.
> Attorneys for Defendants, EMSA Limited
>   Partnership, Inphynet, Dr. Winthrop,
>   Dr. Davis, Dr. Ucker, Dr. Trevor Weathers,
>   Dr. Cline, Dr. Pearson, and Dr. G. Pearson
> 2801 Ponce de Leon Boulevard
> Ninth Floor
> Coral Gables, FL   33134
> (305) 445-4090
>
> By: _____
>    JOEL L. SHULMAN     FBN 191023
>    FBN 389242

F:\WORD\FILES\97-6939\pleading\m-reply.ds

-8-

SERVICE LIST

William M. Hicks v. Ken Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS, *pro se*
#664670
Everglades Correctional Institution
P.O. Box 949000
Miami, FL 33194-9000

SUMMER BARRANCO, Esquire
Purdy, Jolly & Giuffreda
1322 S.E. Third Avenue
Fort Lauderdale, FL 33316

E. BRUCE JOHNSON, Esquire
Johnson, Anselmo
790 East Broward Boulevard, Suite 400
Fort Lauderdale, FL 33303-0220

DOUGLAS H. McINTOSH, Esquire
McIntosh, Sawran, Peltz & Cartaya, P.A.
1776 East Sunrise Boulevard
Fort Lauderdale, FL 33304