**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

WILLIAM M. HICKS,   Case No. 00-6087-CIV-Dimitrouleas

    Plaintiff,

vs.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS, STANLEY
HOLMES, JOHN DOE'S #1 and #2,
DR. W.C. DAVIS, DR. WECKER,
DR. TREVOR WEATHORS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON,
EMERGENCY MEDICAL SERVICES ASSOC.,

    Defendants.
_____/



### DEFENDANTS HANSON-EVANS AND HOLMES' MOTION TO DISMISS/MOTION TO STRIKE
**(And Memorandum of Law)**

    The Defendants, HANSON-EVANS and HOLMES, by and through their undersigned attorneys, pursuant to Rule 12(b)(6) and (f) of the Federal Rules of Civil Procedure, file this their Motion to Dismiss/Motion to Strike and Memorandum of Law and as grounds therefore would state as follows:

    1.    The Plaintiff, who is proceeding pro se, has filed an Amended Complaint[1] pursuant to Title 42 U.S.C. §1983 naming as defendants, among others[2], Barbara Hanson-Evans, who is

---

[1] It should be noted that these defendants' copies of the Amended Complaint are missing page 21.

[2] The Plaintiff also names Ken Jenne, Sheriff of Broward County, Broward County Sheriff's Office Director Susan McCampbell, Emergency Medical Services Assoc. (EMSA) as well as several doctors and dentists as defendants. As these individuals/entities have either not yet

1



alleged to be the Medical Administrator for the North Broward Detention Center, and Stanley Holmes, who is alleged to be the Ombudsman for the Broward County Sheriff's Office. Plaintiff alleges that on April 7, 1996 he was attacked by a fellow inmate for no apparent reason and sustained serious injuries. He further claims that the subsequent medical treatment he received while incarcerated in the North Broward Detention Center and Broward County Main Jail was inadequate. Plaintiff's Amended Complaint also includes various general allegations that he was denied his 5th and 14th Amendment right to due process and that he was subjected to cruel and unusual punishment in contravention to the 8th Amendment and that he was denied access to the courts.

2. The Amended Complaint fails to state a claim upon which relief can be granted against the Defendants Hanson-Evans and Holmes and is properly dismissed.

3. The Defendants Hanson-Evans and Holmes are entitled to qualified immunity to the extent they are named in their individual capacities.

4. To the extent the Plaintiff seeks punitive damages from these Defendants in their official capacities, these defendants move to strike Plaintiff's prayer for such damages as they are not recoverable against these Defendants in their official capacities.

WHEREFORE, the Defendants Hanson-Evans and Holmes respectfully request that this Honorable Court enter an Order dismissing them from the Amended Complaint in this matter.

Further, and in support of this motion, these Defendants would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

### MEMORANDUM OF LAW

The Plaintiff names, among others, Barbara Hanson-Evans, who is alleged to be the Medical
_____

been served in this action or have separate counsel, this motion is not being filed on their behalf.

Administrator for the North Broward Detention Center, and Stanley Holmes who is alleged to be Ombudsman for the Broward County Sheriff's Office, as defendants in both their official and individual capacities. (See Amended Complaint at pages 5/¶4; 6/¶6). The allegations of the Amended Complaint center around an incident that occurred on or about April 7, 1996 when Plaintiff was allegedly attacked by a fellow inmate for no apparent reason and sustained serious injuries. He claims that the subsequent medical treatment he received while incarcerated in the North Broward Detention Center and Broward County Main Jail was inadequate. He also alleges that he was denied due process, access to the courts and that he was subjected to cruel and unusual punishment.

## OFFICIAL CAPACITY CLAIMS

To the extent that the Plaintiff names the Defendants Hanson-Evans and Holmes in their official capacities, the Amended Complaint is properly dismissed. A suit against an agent or employee of the Sheriff (as are these individuals) in their official capacities is, in all respects other than name, a suit against the governmental entity. Kentucky v. Graham, 473 U.S. 159 (1985). Therefore, such a claim against these defendants is actually duplicitous as Plaintiff has also named the Sheriff of Broward County as a defendant. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).

It is well settled that a governmental entity is not liable for the actions of its employees under 42 U.S.C. §1983 by operation of the concept of respondeat superior/vicarious liability. Consequently, there must be evidence of a custom, policy, practice or procedure that provided the moving force behind, and cause of the alleged constitutional violation. Therefore, a plaintiff must establish a direct causal connection between a custom or policy and the alleged constitutional deprivation. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Brown v. Smith, 813 F.2d 1187 (11th Cir. 1987); Fundiller v. City of Cooper City, 777 F.2d 1436 (11th Cir. 1985);

3

City of Canton, Ohio v. Harris, 489 U.S. 378 (1989).

To the extent Plaintiff brings a claim for an alleged Eighth Amendment[3] violation for his medical care, to properly state a claim Plaintiff must allege and prove that a deliberate indifference was shown towards a serious medical need. See Estelle v. Gamble, 429 U.S. 97 (1976); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986); Parker v. Williams, 862 F.2d 1471, 1476-77 (11th Cir. 1989). The factual allegations contained in the Plaintiff's Amended Complaint fail to sufficiently support an allegation that there existed a custom, policy, practice or procedure of the Broward County Sheriff which authorized the showing of deliberate indifference toward serious medical needs of inmates within the North Broward Detention Center or Broward County Main Jail or which caused the deprivation of Plaintiff's constitutional rights.

It is clear that there is no cause of action pursuant to a claim for an inadvertent failure to provide medical care or mere negligence in diagnosing or treating a medical condition. See Estelle, supra, see also Hearst v. Phelps, 579 F.2d 940 (5th Cir. 1978).[4] In fact, once an inmate has received medical care, courts are hesitant to find an Eighth Amendment violation has occurred. Hamm, supra. Medical treatment violates the Eighth Amendment only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure." Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980). Furthermore, the mere disagreement between an inmate and a physician as to the

---

[3] To the extent the Plaintiff was a pretrial detainee while housed in the North Broward Detention Center or Broward County Main Jail, the Fourteenth Amendment, rather than the Eighth Amendment, properly applies. See Hare v. City of Corinth, 74 F.3d 633 (5th Cir. 1996). However, the analytical standard is basically the same.

[4] Pursuant to Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981), this case is binding precedent in the Eleventh Circuit Court of Appeals.

diagnosis or treatment of an inmate's conditions does not give rise to a constitutional violation. See Ferranti v. Moran, 618 F.2d 888 (1st Cir. 1980); McCracken v. Jones, 562 F.2d 22 (10th Cir. 1977) cert. denied, 435 U.S. 917 (1978); Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993); Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972).

To the extent Plaintiff brings a claim pursuant to 42 U.S.C. §1983 for the attack upon him by another inmate, Plaintiff must establish that a named defendant was involved in procuring, causing, or being deliberately indifferent to the possibility of such an attack under color of state law. See King v. Fairman, 997 F.2d 259, 262-63 (7th Cir. 1993); Knight v. Gill, 999 F.2d 1020 (6th Cir. 1993). Here, the Amended Complaint contains no such allegations. Moreover, Plaintiff has failed to sufficiently set forth facts alleging the showing of a deliberate indifference as that standard has been defined by the United States Supreme Court in Farmer v. Brennan, 114 S.Ct. 1970 (1994).

### INDIVIDUAL CAPACITY CLAIMS/QUALIFIED IMMUNITY

To the extent the Plaintiff names the Defendants Hanson-Evans and Holmes in their individual capacities, it is clear that in order for the Plaintiff to establish a claim pursuant to Title 42 U.S.C. §1983, he must establish that each named defendant was the particular person who violated his substantive constitutional rights. See Baker v. McCollan, 433 U.S. 137, 99 S.Ct. 2689 (1979). Section 1983 imposes additional proof requirements when the statute is used as a vehicle to allege the violation of substantive constitutional rights. The statute provides:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any state...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges or immunities, secured by the Constitution...shall be liable to the party injured in action at law, suit in equity or other proper proceeding for redress.

Title 42 U.S.C. §1983. The Eleventh Circuit in Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.

5

1982), cert. denied, 464 U.S. 922 (1983), held that the language in §1983 plainly requires proof of an affirmative causal connection between the actions taken by a particular person "under color of state law" and a constitutional deprivation. Id at 1380. The Court further stated that in order to prevail against an individual defendant under §1983, the plaintiff must establish that the conduct alleged violated a constitutional right, that the individual defendant intentionally, or by callous indifference, was a cause of the constitutional deprivation, and that this deprivation was a legal cause of his injuries. Id at 1381.

Additionally, the Eleventh Circuit has stated that "while Fed.R.Civ. P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim." GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1367 (11th Cir. 1998).

The allegations in the Amended Complaint as to the Defendants Hanson-Evans and Holmes are conclusory and fail to allege specific conduct taken by these Defendants which resulted in a violation of the Plaintiff's constitutional rights. Very often the Amended Complaint lists the Defendants Hanson-Evans and Holmes' names lumped together with other defendants' names or references the "defendants" in a conclusory fashion. (See e.g. Amended Complaint at pg. 15/¶42; pg. 16; pg.17; pg. 18; and pg. 19). Additionally, these defendants may not be held personally liable for their subordinates' or other individuals' unconstitutional actions. In the Amended Complaint it is apparent that the Plaintiff often attempts to hinge personal liability upon these defendants for the alleged actions of their subordinates or other individuals at the jail which is improper. See Kentucky v. Graham, supra. The Amended Complaint also does not allege facts sufficient to hold the

6

Defendants Hanson-Evans or Holmes individually liable pursuant to a supervisory liability theory. See Brown v. Crawford, 906 F.2d 667 (11th Cir. 1990).

Moreover, Plaintiff has further failed to plead facts sufficient to overcome the defense of qualified immunity which is at issue in any individual capacity civil rights case. A Plaintiff is required to "allege detailed facts as to why the defense of qualified immunity [could not] be sustained." Harris and Pottinger v. District Board of Trustee of Polk County Community College, 981 F.Supp 1459, 1462 (M.D.Fla. 1997) (citations omitted); see also GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359 (11th Cir. 1998). In Pottinger, supra, the Court dismissed a Section 1983 claim where Plaintiffs did not identify the specific actions taken by specific individuals in a nonconclusory fashion. Id at 1461-62. The Defendants Hanson-Evans and Holmes assert the defense of qualified immunity from suit. Here Plaintiff has failed to establish any specific conduct on the part of these two Defendants which would have violated Plaintiff's constitutional rights. (See supra).

### PUNITIVE DAMAGES SHOULD BE STRICKEN

To the extent the Plaintiff seeks punitive damages from the Defendants in their official capacities, these defendants hereby move to strike Plaintiff's prayer for such damages as they are not recoverable against them in their official capacities. See City of Newport, et.al. v. Fact Concerts, Inc., et al., 453 U.S. 247 (1981); Morris v. Crow, 825 F. Supp. 295 (M.D.Fla. 1993) and Colvin v. McDougall, Sheriff of Lee County, 62 F.3d 1316 (11th Cir. 1995).

The motion should be granted.

7

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail to WILLIAM M. HICKS, Plaintiff, DC#664670, c/o Everglades Correctional Institution, P.O. Box 659001, H-2-215, Miami, Florida 33265-9001 and JOEL SHULMAN, ESQUIRE, 2801 Ponce de Leon Blvd., 9th Floor, Coral Gables, Florida 33134 this 27th day of June, 2001.

> PURDY, JOLLY & GIUFFREDA, P.A.
> Attorneys for Defendants
> HANSON-EVANS & HOLMES
> 1322 S.E. Third Avenue
> Fort Lauderdale, Florida 33316
> Telephone: (954) 462-3200
> Facsimile: (954) 462-3861
>
> BY: _____
> SUMMER M. BARRANCO
> Florida Bar No. 984663

8