UNITE STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FILED BY

01 JUL 18 AM 10: 54

CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

William M Hicks,

   Plaintiff,


   v s.                                    MAGISTRATE JUDGE,

                                              SORRENTINO,

Ken Jenne, Susan McCampbell,

Barbara Hanson-Evans,                    CASE No. 00-6087-Civ-Dim,

Stanley Holmes, John Does *(1),

and (2), DR. W.C. Davis, DR. Ucker,

DR. Trevor Weathers, DR. Cline,

DR. Pearsum, DR. G. Pearsum,

Emergency Medical Service Ass.

         Defendant(s).               /

_____


         PLAINTIFF'S RESPONSE TO DEFENDANT'S HANSON-EVANS

         AND HOLMES MOTION TO DISMISS


   COMES NOW, THE PLAINTIFF WILLIAM M. HICKS, PR-SE AND RE-
SPECTFULLY SUBMITS THIS RESPONSE TO DEFENDANT'S MOTION TO
DISMISS AND IN SUPPORT THEREOF WOULD STATE AS FOLLOWS:

DEFENDANT'S Boiler Plate defense questions:

(1.) a. Defendant's Barbara Hensen-Evans, medical Administrator and Stanley Holmes, ombudsman Deny official titles.

b. Defendant's deny Plaintiff was attacked by an inmate and had sustained serious injuries.

c. Defendant's deny Plaintiff's medical he supposibly recieved was inadequate.

d. Defendant's deny Plaintiff's 5Th and 14Th Amendments right to due Process were violated.

e. Defendant's deny Plaintiff was subject to cruel and unusual Punishment in controvention to the 8th Amendment.

(2.) Defendant's claim Amended complaint fails to state a claim which relief can be granted against Hensen-evans and Holmes and should be dismissed.

(3.) Defendant's claim they are entitled to qualitied immunity to exent they are named in their individual capacities.

(4.) Defendant's claim Plaintiff is not intitled to seek Punitive Damages from them in their official copacities.

-1-

<u>PLAINTIFF'S RESPONSE TO DEFEDANT(S) BOILER</u>
<u>PLATE MOTION TO DISMISS.</u>

(1.) a. Defendant's Barbara Hanson-Evans, Medical Administrator for N.B.D.C. denial of her official title is false and misleading. SEE exhibit __A__, of grievance which clearly shows her title as well responding to grievance in her official capacity. Defendant Stanley Holmes, ombudsman denial of his official title is false and misleading. see Exhibit __B__, of Susan McCampbell director of B.S.O clearly stating Holmes official title as ombudsman.

B. Defendant's denial of Plaintiff's attack by known violent inmate "Norman Beech" is once again false and misleading. See exhibit __C__, of arresting report on Norman beech and Exhibit __D__, of narrative report by reck Deputy G. Hensley clearly outlining the vicious assault on Plaintiff and Exhibit __E__, of narrative by reck Deputy E. Lottanzi outlining the vicious assault on Plaintiff which all report(s) list all charges brought by these two deputy's but does not have a report filed by Plaintiff. They refused Plaintiff's rights to file charges as outlined in complaint which clearly states Holmes will not allow any charges in "his" jail.

Defendant's claim Plaintiff was not seriously injured by this brutal assault. This is not true and Plain lie. see Exhibit __F__, reporting fracture to "left" mandibular ramus, dated Feb 22, 1996, and Exhibit __G__, reporting fracture to Posterior of zygomatic arch, dated April 1, 1996, and Exhibit __H__, reporting DR. Davis, M.D. fracture to zygoma arch with TMJ impingement, dated Oct 21, 1996, and Exhibit

2

$\overline{\underline{\quad I \quad}}$, reporting fracture to right maxillary sinus, dated Nov 27, 1996. All these fracture(s) accured on Feb 9, 1996 and all these reports(s) list fracture(s) months apart and Hansen-Evans along with Holmes were fully aware of this at all times. They both shared the same office with adjoining offices. SEE Exhibit $\underline{\quad I \quad}$, of fracture to right zygomatic Arch, Feb 23, 96, and Exhibit $\underline{\quad I \quad}$, of old healed fracture posterior Third of the zygomatic Arch dated May 17, 1996.

C. Defendant's claim the medical he supposebly recieved was adequate. This is far from the truth and clearly misleading. See (1) (c), that clearly shows "almost" all fractures(s) that acured on Feb 9, 1996 from the violent assault and clearly shows all dates months apart from day of assault and is clearly put forth that the Plaintiff did not recieve "any" medical since they denied any treatment and tried to hide all listed fractures from Plaintiff. By Plaintiff's consistent demand's to be treated, only then they done their job but still refused medical for serious fractures.

D. Defendant's denial that Plaintiff's 5Th and 14Th amendment rights to due process were violated is clearly wrong and once again misleading. Defendant's Hansen-Evans and Holmes continuously denied Plaintiff's due process by. (1) Continued denial of grievance procedures which Exhibit $\underline{\quad A \quad}$, of a grievance listing all fractures monthly apart and clearly showing Defendant's Hansen-Evans and Holmes were fully aware but denied to follow through with proper procedures. (2) denying all Plaintiff's due process rights to proper procedures in all his disiplinary hearings and reviews which both defendant's were clearly alerted to by Exhibit $\underline{\quad A \quad}$. Even though Plaintiff's continued grievances and complaints complaining of Disiplinary reports which one was classified as A-5; distruption of orderly fashion of running the institution for having two granola bars and bag of jelly beans sold in canteen. (3) by the Plaintiff being in continuously confinement over half a year for seeking

3

medical he was denied access to use of phone, law library as well
supplies. Plaintiff was arbitrarily punished in violation of these basic
tenets, defendants misguided defense that Plaintiff was afforded
due process is simply without merit. These disciplinary proceedings
required by _wolff v. mc Donnell, 94 s.ct 2963 (1963) is to Protect_
Prisoners from the arbitary actions of officials, not _inflict_ it upon them.
when a disciplinary team is demonstrably not impartial, such as in
the instant case, and required by _mc Donnell,_ and _Redding v. Fairman,_
_717 F. 2d 1105 (7th cir 1983)_ and exhibits a clear pre-conceived finding
of guilt, the disciplinary hearing becomes a due process, a fleeting
prayer.

E. Defendant's Hanson-Evans and Holmes deny Plaintiff was subject
to cruel and unusual punishment in contravention to the 8th Amendment
is clearly refuted. see (1)(a), (b), (c), (d). Both defendant's acted
under color of state law and Plaintiff's factual complaint list that
these defendants committed the conduct at issue and that the conduct
alleged in the complaint caused the deprivation of a right protected
by federal law or the United States constitution. _Parratt v. taylor, 431_
_u.s. 527, 535, 101 s.ct 1908, 68 L.Ed 2d 420 (1951),_ and _Daniels v._
_williams, 474 u.s. 327, 325, 106 s.ct 662, 58 L.Ed 2d 662 (1986).,_ The
evidence put forth shows Deliberate indifference to Plaintiff's serious
medical needs constitutes cruel and unusual punishment whis is action-
able under section 1953. _Estelle v. Gamble, 42 u.s. 97, 97 s.ct 285, 50_
_L.Ed 2d 251 (1976).,_ As in case at bar the defendant's Diliberate indiffi-
erence to his serious medical neca's relating to "unexplained" delay
in providing appropriate diagnosis and treatment, despite numerous
attempts by the Plaintiff to obtain medical assistance, is properly raised.
_Estelle v. Gamble, supra ; Higgs v. Florida Dept. of corrections, 647 So.2d_

4

462 (Fla 1st DCA 1994). In Mandel v. Doe, 888 F.2d 783, 789 (11th Cir 1989), held that when the need for treatment is obvious, medical care which is so cursory as to amount to "no" treatment at all may amount to deliberate indifference. This may be manifested by doctor's and officials taking the easier and less efficacious route in treating prisoners, or by providing medical care that is so grossly incompetent, inadequate, or excessive as to shock the conscience, or to be considered intolerable to fundamental fairness. Such treatment violates the 8th Amendment. Rogers v. Evans, 792 F.2d 1052, 1058 (11th cir 1986). The Plaintiff has shown that Hanson-Evans and Holmes acted in their individual capacities. Zatler v. Wainwright, 802 F.2d 397 (11th cir 1986) as well in their official capacities. Langley v. Adams County, 987 F.2d 1473, 1477 (10th cir 1993) or, in Barber v. City of Salmon, 953 F.2d 232, 237 (6th cir 1992). While it is well-settled law that a official's deliberate indifference to a substantial risk of serious harm to an inmate violates the 8th Amendment, and to survive a motion to dismiss on a 1983 civil rights action, for an Eighth Amendment claim, courts require that the prisoner produce sufficient evidence which: 1) Proves a substantial risk of serious harm; 2) Proves the defendant's deliberate indifference to that risk; and 3) a show of causation. LaMarca v. Turner, 995 F.2d 1526 (11th cir 1993), certiorari 114 S. ct 1189, 127 L.Ed 2d 539 (1994).

2.) Defendant's claim amended complaint fails to state a claim which relief can be granted against Hanson-Evans and Holmes. This is clearly refuted. Plaintiff has clearly supported a claim for relief against these defendants. There is no dearth of well-settled case law on this matter. The courts have consistently held that dismissal of a complaint for failure to state a cause of action is appropriate only if it is clear that no relief could be granted under any set of

5

facts that could be proved consistent w/th allegations. Hishon v.
King and Spalding, 104 S.Ct 2229, 2232 (1984); Blackstone v. State
of Alabama, 30 F.3d 117, 112 (11th Cir 1994). Plaintiff in this action has
made clear and concise allegations of constitutional deprivations
corrected by the defendants acting under color of state law. The com-
plaint states why these deprivations were, infact, violations of the
constitution, and has cited the applicable law to substantiate the
claims. Further, all relevant exhibits that unambiguously show that
each defendant either signed or knew of documents(s) and being in-
formed by Plaintiff and well aware that they were in violation of the
protected constitutional rights of Plaintiff. In the instant case, all defen-
dants were advised or shown documents. Clearly, the defendants, a
cabal of conspirators, assembled to inflict undue and illegal punishments,
knew or reasonably should have known, that they were acting beyond the
scope of their official duties. In whitehorn v. Harrelson, 758 F.2d 1416
(11th Cir 1985), whitehorn sets forth the two essential elements a
plaintiff must meet to state a cause of action. A 1983 claim is
conditioned on two essential elements: First the conduct complained
of must have deprived the plaintiff of rights and privileges or imm-
unities secured by the constitution of the laws of the U.S. Parratt v.
taylor, 101 S.Ct 1908, 1912 (1982); Bendiburg v. Dempsey, 909 F.2d 436
(11th Cir 1990); Lucas v. Cannon 848 F.Supp 168, 168 (Mid Fla 1994).
Plaintiff has easily met each element.


3.) Defendant's claim they are entitled to qualified immunity. This
is not the case. Once again counsel for defendant's has a spurious argu-
ment to this court which is totally without merit, as an attempt to show
that the defendant's should not be held accountable for their malicious
and calculated misconduct. It streches credulity past the point of
imagination to believe that the defendant's would not have known that

They were violating "clearly established" constitutional rights of the Plaintiff, Defendant's willfully chose to ignore well-grounded law of the land with brazen thoughts of impunity within their minds this unlawful act was not discretionary, therefore defendants are not entitled to immunity. under _Harlow v. Fitzgerald, 102 S.ct 2727 (1982)_, officials performing discretionary functions generally shield from liability for civil damages if their conduct dose not violate "clearly established" statutory or constitutional rights of which a reasonable person should know". The court in _Harlow_ established that in passing upon the issue of qualified or "good faith" immunity, courts must apply both an objective and subjective standards. Decisions of this court have established that the "good faith" defense has both an "objective" and a "subjective" aspects. The objective element involves a presumptive knowledge of, and respect for "basic unquestioned" constitutional rights." The subjective component refers to "permissible intentions". Referring both to the objective and subjective elements, we have held that qualified immunity would be defeated if an official knew or reasonably should have known that the actions within his/her sphere of official responsibility would violate the constitutional rights of the Plaintiff, or if he/she took the action with malicious intentions to cause a depravation of constitutional rights or other injury, _Harlow at 2736._
The court in _Harlow_ established that in passing upon the issue of qualified or "good faith" immunity, courts must apply both an objective and subjective standards. Decisions of this court have established that the "good" faith" defense has both an "objective" and a "subjective" aspects. The objective element involves a presumptive knowledge of, and respect for "basic unquestioned constitutional rights". The subjective component refers to "permissible intentions". Referring both to the objective and subjective elements, we have held that qualified immunity would be defeated if an official knew or reasonably should have known that the actions within

his/her sphere of official responsibility would violate the constitutional rights of the Plaintiff, or if he/she took the action with malicious intentions to cause a depravation of constitutional rights or other injury. *Harlow at 2736*, see also *wood v. strickland, 95 s.ct 992, 100 (1975),* obviously, the defendant's did not become medical Administrator or ombudsman the day before the events in the instant case, although their actions may lead one to believe that they had. As Such, the defendants may not avail themselves of the defense of qualified immunity. In *wood v. strickland* established a dual test for measuring the existence of qualified immunity which requires an objective and subjective measurement of official conduct, under the objective test of *wood*, an official, even if he/she is acting in the sincere subjective belief that he/she is doing right, loses his/her cloak of qualified immunity of his/her actions contravene "settled", indisputable law" thus, an official is liable under section 1983" if he/she knew or reasonably should have known that the action he/she took within his/her sphere of official responsibility would violate the constitutional rights of the person effected," The fulcrum of this objective first half of *wood* is the existence, at the time of the official's action, of clearly established judicial decisions that make his/her action unconstitutional, To circumvent the defendants Predictable plea to the court for qualified immunity, the plaintiff relies upon the following settled indisputable law as set forth by the clearly established judicial decisions. *Procunier v. Martinez, 94 s.ct 1800 (1974) ; mainroad v. Aytch, 522 F.2d 1080 (3rd cir 1975); Taylor v. Sterrett, 532 F.2d 462 (5th cir 1976); mcnamara v. moody, 606 F.2d 621 (5th cir 1974) ; leggins v. Dele 999 F.2d 364 (8th cir 1883); Harlow v. FitzGerald, 102 s.ct 2727 (1982).* In that controlling case of martinez, has been established for twenty years, and any plea for qualified immunity is totally without merit, *Gamble v. Florida H.R.S., 779 F.2d*

8

1509, 1511, ; check v. Harlow vs. Fitzgerald, 102 S.ct 2727 ;
Lavicky v. Burnett, 758 F.2d 468, ; Anderson v. Creighton, 483
U.S. 635, 638, 107 S.ct 3034, 3038 (1997).

4a) Defendants claim Plaintiff is not intitled to punitive damages
which is clearly wrong. Counsel for defendant's would attempt to
mislead this court with a boilerplate defense of inaccurate statements,
half truths, and misapplied case law, which is prevalent throughout
defendant's motion to dismiss. Plaintiff has indeed stated a cause
of action by showing this court with clear and concise statements of the
constitutional violations exhibited by the defendant's and citing the
applicable law to prove the cause of action. A petition for Declatory judgement
is proper where plaintiff seeks a declaration of his rights protected by
the constitution through the 5th, 14th and 8th Amendments, and a declar-
ation from this court that the arbitrary and unlawful punishment meted
by the defendant's was a severe intringement on Plaintiff's rights
protected by the constitution. Plaintiff is entitled to relief as the
complaint has alleged and established from which irreparable injury
can reasonably be inferred, when the defendant(s) conduct is shown
to be motivated by evil motive or intent, or when it demonstrates
reckless or callous indifference to federally protected rights of others,
Punitive damages should be awarded to plaintiff. Plaintiff's complaint
has shown defendant's knew or reasonably should have known that
the action taken within their sphere of official responsibility would
violate the constitutional rights of the plaintiff. Defendant's
carried out their actions with malicious intentions, there fore
defendant's are not entitled to qualified and/or Eleventh Amendment
immunity from the claim for damages. Defendants have not shown
an absence of genuine issue as to any material fact in Plaintiff's
complaint

9

complaint, defendant's motion to dismiss request borders on the ludicrous. Furthermore defendant's propounded arguments that punitive damages are unwarranted in the instant case. Certainly, learned counsel a member of the Florida Bar, would know, or in the very least, be reasonably aware, that the nefarious conduct of his/her clients is absolutely illegal and unconstitutional, leading one to wonder about counsel's adherence to the code of ethics. Never the less, Plaintiff has established the conduct of defendant's was not a mistake in judgment. Plaintiff's proof has established such ill will, desire to injure, reckless indifference, or malice on the part of defendant's as to substantiate an award of punitive damages. The court in _Lavicky v. Burnett, 758 F.2d 468 (10th cir 1986)_ held "we recognize that an award of punitive damages involves a discretionary moral judgment" by the fact finder, _Burnett at 477_. Punitive damages may be recovered in actions under the Federal civil rights statute proscribing the deprivation of rights even in the absence of actual loss. _Silver v. cormier, 529 F.2d 161, 163-164 (10th cir 1976)_ and in 5 Pence v. Stalberg us. number of Board trustees, 474 F.2d 74, 88 (3rd cir). When defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others punitive damages in a reasonable amount should be awarded, _smith v. wade, 103 S.ct 1625 (1993)_. Plaintiff would suffer an inherent injustice if this did not award punitive damages.

Therefore Defendant's motion to Dismiss should be denied and Plaintiff's case should continue to trial.

I william m Hicks, HEREBY CERTIFY that a copy of
Plaintiff's response to Defendant's Hansen-Evans and Holmes
motion to Dismiss has been handed over to prison officials
to mail, by U.S. mail this ___16___ day of July, 2001. Also
served upon defendant's counsel;

SUMMER m. BARRANCO, esq, 1322 S.E. Third Avenue, Fort
lauderdale, Florida 33316,

JOEL SHULMAN, esq, 2801 ponce de leon Blvd, 9th Floor, Coral
Gables, Florida 33134,

July 16, 2001

William m Hicks, pro se
William m Hicks #664670
Everglades corr East
PO Box 949000
miami, fla 33194-9000

11

*Exhibit*
*A*

' **RON COCHRAN**
**SHERIFF**
**BROWARD COUNTY**
**POST OFFICE BOX 9507**
**FORT LAUDERDALE, FLORIDA 33310-5907**

**DATE:** July 2, 1996

**TO:** William Hicks, BS9514533

**FROM:** Barbara Hanson-Evans, HSA, BSO

**SUBJECT:** Grievance

I reviewed your chart thoroughly as promised.

| | |
|---|---|
| 2/21/96 | X-ray showed fracture of (L) mandible and zygomatic arch. |
| 3/15/96 | Minimal depression of the arch. |
| 4/22/96 | Uecker suggested OMF surgery. |
| 5/3/96 | Old healed fracture of the arch. |
| 5/8/96 | Dr. Cline, Todd Schwartz, and Dr. Weathers explained that surgery was not planned for the arch. The problem with eating was addressed. Soft diet ordered. |

I did notice you are now taking your medication. I have given
Mr. Holmes the copies of DR's for review.

The x-rays do not show any remarkable problem and the bones are
intact. I am assuming that you will be experiencing pain which
is now being managed appropriately.

As I suggested I would review the chart to see if there were
documentation to substantiate what you alleged the physicians
told you. I have seen nothing about clean break etc. I only
rely on the x-ray reports which cannot be tampered with.

I was informed that you were scheduled to see Dr. Pearson/
Dr. Cline on 6/28/96.

Recieved
7-3-96
Bill H

**Broward County**
**Post Office Box 9507**
**Fort Lauderdale, Florida 33310**

July 22, 1996

Mr. William M. Hicks, BS9514533
North Broward Detention Center
1550 Blount Road
Pompano Beach, Florida 33060

Dear Mr. Hicks:

I have received your recent letter in which you request that I send someone to speak to you
regarding your disciplinary status. Please be advised that I have requested that Mr. Stan Holmes,
Ombudsperson, speak with you regarding these issues.

Sincerely,

Susan W. McCampbell, Director
Department of Corrections and Rehabilitation

SWMcC/dg
cc:    Stan Holmes, Ombudsperson

v-06087-WPD    Document 74    Entered on FLSD Docket 07/19/2001    Pa

**SHERIFF**
**BROWARD COUNTY**
**P.O. BOX 9507**
**FORT LAUDERDALE, FL 33310**

### FACSIMILE TRANSMITTAL

TO FAX #: _____

TO:    **AGENCY/DIVISION:** _DOCR / ADMIN_

**ATTENTION:** _MARIE HALL_

FROM:    **AGENCY/DIVISION: BROWARD COUNTY SHERIFF'S OFFICE/MAIN JAIL**

**DEPARTMENT OF CORRECTIONS AND REHABILITATION**

**NAME:** _Dep Steve Souce / Int + Review_

**TOTAL NUMBER OF PAGES (INCLUDING COVER SHEET):** _____

**SUBJECT OF TRANSMITTAL:** _Event Report Ref — Hicks, William._

**SPECIAL INSTRUCTIONS:** _Per your request. If more info is needed please contact Dep Hodgeman NBB. Phone "5440" Thankyou._

_____    **SIGNED:** _SM Soul #516_

**DATED:** _9/26/96_

### RETURN FAX # (305) 831-8416

BROWARD COUNTY SHERIFF'S OFFICE
P O BOX #507, FT. LAUDERDALE, FL 33310

**EVENT REPORT**

WAR EXC

*RL 7298*

№ 1 of 4

☐ JUVENILE  ☐ HATE CRIME  ☐ DOMESTIC VIOLENCE  ☐ GANG RELATED

☐ CRIME AGAINST ELDERLY (SPECIAL ENFORCEMENT CODE _____)

| | CRIME CLASSIFICATION | STATE STATUTE |
|---|---|---|
| F☐ M☒ 1. Simple btry. | 784.A3 |
| F☒ M☐ 2. btry. /Corr Offic | 784.075 |
| ☒ M☐ 3. btry /Corr Offic | 784.025 |
| F☐ M☐ 4. | |

AREA NAME: North Broward Bureau    ZONE: 214

INCIDENT LOCATION: 4#12  6-H  Rcd  yard

| Occurred Date / Time / Day | Date of Report | Dispatched | Arrived | Cleared | Related Case # |
|---|---|---|---|---|---|
| 2-9-96  1330  Fri. | 2-9-96 | 1330 | 1331 | 1346 | |

**(VICTIM'S BUSINESS)**

Full Legal Name of Business                    Business Name

Business Address / City / State / Zip          Business Phone    MAR 4 '96

**(REPORTING PERSON'S INFORMATION)**

#1 ☒ P.R.  ☐ WITN.  ☐ VICT        Victim/Witness Handbook Given? Y ☐ N ☐

| Last Name, First Name, Middle | Residence Address / Apt / City / State / Zip | Res Phone |
|---|---|---|
| Hearley  Gary  D. | On File | On File |

Business / School Name / Address / City / State / Zip: Broward County Sheriffs Office
Bus Phone: 831-5494    Occupation/Title: Dep. Sheriff  R/S: w/m  DOB: 3-X-52

Other Contact Info (Date, Time Available Etc.)

#2 ☐ P R  ☐ WITN  ☒ VICT.        Victim/Witness Handbook Given? Y ☐ N ☐

| Last Name, First Name, Middle | Residence Address / Apt / City / State / Zip | Res Phone |
|---|---|---|
| Hearley  Gary  D. | On File | On File |

Business / School Name / Address / City / State / Zip: Broward County Sheriffs Office
Bus Phone: 834-5494    Occupation/Title: Dep. Sheriff  R/S: w/m  DOB: 3-X-52

Other Contact Info (Date, Time Available Etc.)

#3 ☐ P R  ☐ WITN  ☒ VICT        Victim/Witness Handbook Given? Y ☐ N ☐

| Last Name, First Name, Middle | Residence Address / Apt / City / State / Zip | Res Phone |
|---|---|---|
| Lottenzi  Dina  Claudia | On File | On File |

Business / School Name / Address / City / State / Zip: Broward County Sheriffs Office
Bus Phone: 834-5494    Occupation/Title: Dep. Sheriff  R/S: w/m  DOB: 4-20-32

Other Contact Info (Date, Time Available Etc.)

#4 ☐ P R  ☐ WITN  ☒ VICT        Victim/Witness Handbook Given? Y ☐ N ☐

| Last Name, First Name, Middle | Residence Address / Apt / City / State / Zip | Res Phone: 545 |
|---|---|---|
| Hicks  William | 4958 N university Dr  Lauderhill Fl. | 741-4477 |

Business / School Name / Address / City / State / Zip: Not Listed
Bus Phone: —    Occupation/Title: —    R/S: w/m  DOB: 7-19-0

Other Contact Info (Date, Time Available Etc.)

BSO RP #1 (Rev. 11/94)

## (SUSPECT/ARRESTEE/MISSING PERSON'S INFORMATION)

**#1 ☒ SUSPECT  ☐ ARRESTEE  ☐ MISSING PERSON**

| Last Name | First Name | Middle | Residence Address / Apt / City / State / Zip | Res. Phone 305 |
|---|---|---|---|---|
| Breck | Norman | | 351 Delaware Ave Ft Laud Fl | 587-8397 |

| Business / School Name / Address / City / State / Zip | Bus. Phone | Occupation/Title | R/S | DOB/AGE |
|---|---|---|---|---|
| Not Listed | Not Listed | Not Listed | B/m | 7-12-58 |

| Birth Place | HGT | WGT | EYE COLOR | HAIR COLOR | CLOTHING (Describe) |
|---|---|---|---|---|---|
| ST Catherine Jm. | 6Ø5 | 212 | Brn | Blk | Jail Issue Clothing |

| SCARS, MARKS, TATTOOS, DEFORMITIES (Location/Describe) | Nickname/Alias | NTA # | Y ☐ N ☒ |
|---|---|---|---|
| TT L-Arm "N" | UNK | | |

NCIC/FCIC / DATE / MSG #

**#2 ☐ SUSPECT  ☐ ARRESTEE  ☐ MISSING PERSON**

| Last Name | First Name | Middle | Residence Address / Apt / City / State / Zip | Res. Phone |
|---|---|---|---|---|

| Business / School Name / Address / City / State / Zip | Bus. Phone | Occupation/Title | R/S | DOB/AGE |
|---|---|---|---|---|

| Birth Place | HGT | WGT | EYE COLOR | HAIR COLOR | CLOTHING (Describe) |
|---|---|---|---|---|---|

| SCARS, MARKS, TATTOOS, DEFORMITIES (Location/Describe) | Nickname/Alias | NTA # | Y ☐ N ☐ |
|---|---|---|---|

**#3 ☐ SUSPECT  ☐ ARRESTEE  ☐ MISSING PERSON**

| Last Name | First Name | Middle | Residence Address / Apt / City / State / Zip | Res. Phone |
|---|---|---|---|---|

| Business / School Name / Address / City / State / Zip | Bus. Phone | Occupation/Title | R/S | DOB/AGE |
|---|---|---|---|---|

| Birth Place | HGT | WGT | EYE COLOR | HAIR COLOR | CLOTHING (Describe) |
|---|---|---|---|---|---|

| SCARS, MARKS, TATTOOS, DEFORMITIES (Location/Describe) | Nickname/Alias | NTA # | Y ☐ N ☐ |
|---|---|---|---|

## (SUSPECT/MISSING PERSON'S FEATURES)

| HAIR LENGTH | HAIR STYLE | FACIAL HAIR | COMPLEXION | TEETH | APPEARANCE/DEMEANOR | SPEECH | R/L HANDED |
|---|---|---|---|---|---|---|---|
| BALD / SHORT / COLLAR / SHOULDER / LONG / COARSE / FINE / THICK / THINNING / RECEDING / BALDING / OTHER | ABNORMAL/USUAL / BRAIDED / PUNK / DIRTY/GREASY / CREW CUT / PONYTAIL / PROCESSED / STRAIGHT / WAVY/CURLY / WIG / OTHER | CLEAN SHAVEN / FULL BEARD / FU MANCHU / GOATEE / LOWER LIP / MUSTACHE / NONE / SIDEBURNS / UNSHAVEN / OTHER | ACNE / DARK / FRECKLED / LIGHT / MEDIUM / POCKED / RUDDY / TANNED / MULATTO / OTHER | BROKEN / BUCK TEETH / DECAYED / DIRTY / GOLD / GOLD LINED / GOLD DESIGN / MISSING / VERY WHITE / OTHER | DIRTY / RAPID / NEAT / ANGRY / CALM / COCKY / DRUNK / NERVOUS / VIOLENT / DISGUISE / OTHER | ACCENT / RAPID / SLOW / LOUD / SOFT / LISP / NASAL / RASPY / STUTTER / OTHER | RIGHT / LEFT / UNK.  **BUILD**  SMALL / MEDIUM / HEAVY / OTHER |

## (WEAPON INFORMATION)

**(WEAPON TYPE)  ☐ USED IN CRIME  ☐ STOLEN  ☐ FOUND  ☐ SEIZED     (FIREARM FEATURES)**

| SUSPECT | SUSPECT | SUSPECT | SUSPECT | SUSPECT | SUSPECT |
|---|---|---|---|---|---|
| AUTOMATIC/BLUE STEEL / AUTOMATIC/CHROME/NICKEL / REVOLVER/BLUE STEEL / REVOLVER/CHROME/NICKEL / LONG / SHOTGUN / SIMULATED GUN / TOY GUN | RIFLE / WORKABLE / BOARD/STICK / POCKET KNIFE / BUTCHER KNIFE / OTHER CUTTING STABBING INSTR | EXPLOSIVES / VEHICLE / HANDS/FEET / BODILY FORCE / BLACKJACK/CLUB / POISON/DRUGS / TEAR/GAS/MACE | ACID/POTASH / OTHER | SHORT BARREL / LONG BARREL / DOUBLE BARREL / BOLT ACTION / PUMP | SAWED OFF / ALTERED STOCK / LARGE BORE / SMALL BORE / OTHER |

| SUSP # | CAL/GAUGE | MAKE | SERIAL # | BARREL LENGTH | MODEL # | GRIPS |
|---|---|---|---|---|---|---|
| SUSP # | CAL/GAUGE | MAKE | SERIAL # | BARREL LENGTH | MODEL # | GRIPS |
| SUSP # | CAL/GAUGE | MAKE | SERIAL # | BARREL LENGTH | MODEL # | GRIPS |

NCIC/FCIC / DATE / MSG #

| VICTIM | SPOUSE / EX-SPOUSE | CHILD / STEP-PARENT | STUDENT | BOYFRIEND/GIRLFRIEND | EMPLOYEE | OTHER KNOWN |
|---|---|---|---|---|---|---|

## (NARCOTICS INVESTIGATION)

| ACTIVITY | TYPE | | UNIT |
|---|---|---|---|
| ☐ POSSESS ☐ USE / ☐ SELL ☐ DISTRIBUTE / ☐ BUY ☐ MANUFACTURE/PRODUCE CULTIVATE / ☐ TRAFFIC ☐ OTHER / ☐ SMUGGLE / ☐ DELIVER | ☐ AMPHETAMINE / ☐ BARBITURATE / ☐ COCAINE / ☐ HEROIN / ☐ HALLUCINOGEN / ☐ MARIJUANA | ☐ OPIUM/DERIVATIVE / ☐ PARAPHERNALIA/ EQUIPMENT / ☐ SYNTHETIC / ☐ UNKNOWN / ☐ OTHER | ☐ GRAM ☐ TON / ☐ MILLIGRAM ☐ LITER / ☐ KILOGRAM ☐ MILLILITER / ☐ OUNCE ☐ DOSE UNIT/ITEM / ☐ POUND ☐ OTHER |

BROWARD COUNTY SHERIFF'S OFFICE
P.O. BOX 9507, FT. LAUDERDALE, FL 33310

**NARRATIVE**                    $EX\ D$

EVENT ☒    SHORT EVENT ☐

SUPPLEMENT ☐                    pg 4 of 4

| AREA NAME North Broward Bureau | ZONE 214 | INCIDENT LOCATION 12/ G-H Rd Jack | | |
|---|---|---|---|---|
| Occurred: Date / Time / Day 2-9-96  1336  Fri | Date of Report 2-9-96 | Dispatched 1336 | Arrived 1330 | Cleared 1391 | Related Case #

**NARRATIVE**

On 2-9-96 at 1330, inmate Beach, Norman B-m 8596-1282 started striking inmate Hicks, William w/m 8595-14533 with his fists. Dep Lattouzi and myself tried to separate them. While attempting to separate them, inmate Beach struck and pushed me. He also pushed me while I was attempting to subdue him. I verbally told / shouted to Beach to stop and re-treat from hitting Hicks. Beach dis-regarded these orders and continued to advance and hit Hicks. I and Dep Lattouzi received minor injuries and inmate Hicks had a cut below his right eye. Both inmates were seen by EMSA and deputies were sent to the workers camp clinic.

3876

**AFFIDAVIT**

DEPUTY'S AFFIDAVIT: I SWEAR THIS REPORT, CONSISTING OF __4__ PAGES, IS CORRECT AND TRUE TO THE BEST OF MY KNOWLEDGE

DEPUTY'S SIGNATURE/CCN _Dep. G. Hensly_  #3876    DATE _2-9-96_.

COUNTY OF BROWARD    STATE OF FLORIDA

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE ME THIS __9__ DAY OF _FEBRUARY_ 19 _96_ BY _DEP. G. HENSLEY_
                                                                    NAME AND TITLE

WHO IS PERSONALLY KNOWN TO ME OR WHO HAS PRODUCED _____ AS IDENTIFICATION AND WHO ☐ DID ☒ DID NOT TAKE AN OATH.

_Sgt. E. Weller #3538_
NOTARY PUBLIC OR PUBLIC OFFICER AND TITLE OR RANK/CCN

COMPLAINT AFFIDAVIT: I, _____ _____, DO HEREBY SWEAR THAT ON _____ _____, 19 ___.

THE CRIMINAL ACTS STATED IN THIS REPORT WERE COMMITTED WITHOUT MY PERMISSION, AGAINST MY WILL, BY PERSON(S) UNKNOWN/KNOWN

TO ME AS _____, AND FURTHER I DO ☐ DO NOT ☐ DESIRE TO PROSECUTE.

VICTIM'S SIGNATURE _____ DATE _____ WITNESS' SIGNATURE _____ DATE _____

| REPORTING DEPUTY PRINT/CCN Dep. Gary Hensly  3876 | APPROVING SUPERVISOR PRINT/CCN SGT. WELLER # 3538 |
|---|---|
| SIGN/DATE Dep. G. Hensly  2-5-96 | SIGN/DATE Sgt. Weller  2/09/96 |

9-26-1996 10:03AM FROM M/J SUPERINTENDENT ...

v-06087-WPD ... Document 34     Entered on FLSD Docket 07/19/2001     Pa...

BROWARD COUNTY SHERIFF'S OFFICE
PO BOX 9507, FT. LAUDERDALE, FL 33310

**NARRATIVE**

SHORT EVENT [ ]     SUPPLEMENT ✗

$EXE$   ∅

pg **2 of 2**

| AREA NAME BROWARD CO. JAIL — NORTH BROWARD BSC N.W. 3C AVE. POMPANO BEACH, FL | ZONE 33069 | INCIDENT LOCATION 12/11/H | REC: YARD |
| --- | --- | --- | --- |

| Occurred Date / Time / Day 2/9/96 1930 FRIDAY | Date of Report 2/9/96 | Dispatched 1330 | Arrived 1330 | Cleared 1340 | Related Case # |
| --- | --- | --- | --- | --- | --- |

**NARRATIVE**

ON 2/9/96 AT 1330 HRS, INMATE▪ BEECH, NORMAN B/M 8596-1282 STARTED
STRIKING INMATE HICKS, WILLIAM W/M 8595-14533 WITH HIS FISTS,
DEP. HENSLEY AND MYSELF TRIED TO SEPARATE THEM, WHILE
ATTEMPTING TO SEPARATE THEM, INMATE BEECH STRUCK AND
PUSHED DEP. HENSLEY, HE ALSO PUSHED ME WHILE I WAS
ATTEMPTING TO SUBDUE HIM, BOTH DEPUTIES RECEIVED
MINOR INJURIES AND INMATE HICKS HAD A CUT BELOW HIS
RIGHT EYE, BOTH INMATES WERE SEEN BY EMSA & DEPUTIES
WERE SENT TO THE WORKER'S COMP. CLINIC.

**AFFIDAVIT**

DEPUTY'S AFFIDAVIT: I SWEAR THIS REPORT, CONSISTING OF **2** PAGES, IS CORRECT AND TRUE TO THE BEST OF MY KNOWLEDGE.

DEPUTY'S SIGNATURE/CCN _____     DATE : **2-9-96**

COUNTY OF BROWARD     STATE OF FLORIDA

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE ME THIS **9** DAY OF **FEBRUARY** 19 **96** BY **DEP. C. LATTANZI**
                                                                                                                NAME AND TITLE

WHO IS PERSONALLY KNOWN TO ME OR WHO HAS PRODUCED _____ AS IDENTIFICATION AND WHO : DID ✗ DID NOT TAKE AN OATH

Sgt. E. Weller #3538
NOTARY PUBLIC OR PUBLIC OFFICER AND TITLE OR RANK/CCN

COMPLAINT AFFIDAVIT: I. _____ DO HEREBY SWEAR THAT ON _____ , 19

THE CRIMINAL ACTS STATED IN THIS REPORT WERE COMMITTED WITHOUT MY PERMISSION, AGAINST MY WILL, BY PERSONS(S) UNKNOWN/KNOWN

TO ME AS _____ , AND FURTHER I DO : I DO NOT : DESIRE TO PROSECUTE

VICTIM'S SIGNATURE _____ DATE _____ WITNESS' SIGNATURE _____ DATE _____

REPORTING DEPUTY PRINT/CCN _CLAUDIO LATTANZI 1153_     APPROVING SUPERVISOR PRINT/CCN _Sgt. I. WELLER # 3538_

SIGN/DATE _____ 1-9-96     SIGN/DATE _Sgt. Weller_ 2-9-96

BROWARD COUNTY SHERIFF'S OFFICE
P.O. BOX 9507. FT. LAUDERDALE. FL 33310

**SHORT EVENT REPORT**
☐ SUPPLEMENT
☒ · CONTINUATION

*EX E*

∞ 1 of 2

CASE NUMBER: 96-08-4753

| ☐ JUVENILE  ☐ HATE CRIME  ☐ DOMESTIC VIOLENCE  ☐ GANG RELATED | | CRIME CLASSIFICATION | STATE STATUTE |
|---|---|---|---|
| ☐ CRIME AGAINST ELDERLY (SPECIAL ENFORCEMENT CODE _____) | | | |

| AREA NAME | | ZONE | F ☐ M ☒ 1. BATTERY | 784.03 |
|---|---|---|---|---|
| INCIDENT LOCATION | | | F ☒ M ☐ 2. BATTERY ON CORR. OFFICER | 784.075 |
| | | | F ☒ M ☐ 3. BATTERY ON CORR.OFFICER | 784.075 |

| Occurred: Date / Time / Day | | Date of Report | Dispatched | Arrived | Cleared | Related Case # |
|---|---|---|---|---|---|---|

| Full Legal Name of Business | Business Name / Address / City / State / Zip | Phone |
|---|---|---|

| # ___  ☒ P.R.  ☐ WITN.  ☒ VICT. | | | Victim/Witness Handbook Given?  Y ☐  N ☐ | | |
|---|---|---|---|---|---|
| Last Name. LATTANZI | First Name. ELAUDIO | Middle | Residence Address / Apt / City / State / Zip  ON FILE | | Res. Phone ON FILE |
| Business / School Name / Address / City / State / Zip | | | Bus. Phone | Occupation/Title DEPUTY SHERIFF | R/S W/M  DOB. 11/20/22 |

| # ___  ☐ SUSPECT  ☐ ARRESTEE  ☐ MISSING PERSON | | | | |
|---|---|---|---|---|
| Last Name. | First Name. | Middle | Residence Address / Apt / City / State / Zip | Res. Phone |
| Business / School Name / Address / City / State / Zip | | Bus. Phone | Occupation/Title | R/S  DOB |

| Birth Place | | HGT. | WGT. | EYE COLOR | HAIR COLOR | CLOTHING (Describe) |
|---|---|---|---|---|---|---|

| SCARS, MARKS, TATTOOS, DEFORMITIES. (Location/Describe) | Nickname/Aka | NTA  Y ..  N .. # |
|---|---|---|

NCIC/FCIC / DATE / MSG #

| HAIR LENGTH | HAIR STYLE | FACIAL HAIR | COMPLEXION | TEETH | APP/DEMEANOR | SPEECH | R/L HANDED |
|---|---|---|---|---|---|---|---|
| ☐ BALD | ☐ AFRO/NATURAL | ☐ CLEANSHAVEN | ☐ ACNE | ☐ BROKEN | ☐ DIRTY | ☐ ACCENT | ☐ RIGHT |
| ☐ SHORT | ☐ BRAIDED | ☐ FULL BEARD | .. ☐ DARK | ☐ BUCK TEETH | ☐ FLASHY | ☐ RAPID | ☐ LEFT |
| ☐ COLLAR | ☐ PUNK | ☐ FU MANCHU | ☐ FRECKLED | ☐ DECAYED | ☐ NEAT | ☐ SLOW | ☐ UNK |
| ☐ SHOULDER | ☐ DIRTY/GREASY | .. ☐ GOATEE | ☐ LIGHT | ☐ DIRTY | ☐ ANGRY | ☐ LOUD | |
| ☐ LONG | ☐ CREW CUT | ☐ LOWER LIP | .. ☐ MEDIUM | ☐ GOLD | ☐ CALM | ☐ SOFT | ☐ BUILT? |
| ☐ COARSE | ☐ PONYTAIL | .. ☐ MUSTACHE | ☐ POCKED | ☐ GOLD LINED | ☐ COCKY | ☐ LISP | |
| ☐ FINE | .. ☐ PROCESSED | .. ☐ NONE | ☐ RUDDY | ☐ GOLD DESIGN | ☐ DRUNK | ☐ NASAL | |
| ☐ THICK | .. ☐ STRAIGHT | .. ☐ SIDEBURNS | .. ☐ TANNED | ☐ MISSING | ☐ NERVOUS | ☐ RASPY | ☐ SMALL |
| ☐ THINNING | ☐ WAVY/CURLY | ☐ UNSHAVEN | ☐ MULATTO | ☐ VERY WHITE | ☐ VIOLENT | ☐ STUTTER | ☐ MEDIUM |
| ☐ RECEDING | ☐ WIG | ☐ OTHER | ☐ OTHER | ☐ OTHER | ☐ DISGUISE | ☐ MUMBLES | ☐ HEAVY |
| ☐ OTHER | ☐ OTHER | | | | ☐ OTHER | ☐ OTHER | ☐ OTHER |

| VICT # ___ | STATUS CODE | S-STOLEN  R-RECOVERED  SR-STOLEN & RECOVERED  SP-SUSPICIOUS  I-IMPOUNDED  DECAL # | | |
|---|---|---|---|---|
| SUSP # ___ | ( ) | A-ABANDONED  F-FAIL TO RETURN  SZ-SEIZED  U-USED IN CRIME  O-OTHER  VIN/HULL # | | |

| AUTO | TRUCK/VAN | MOTORCYCLE | ☐ CAMPER/RV | ☐ BUS | ☐ TRAILER | ☐ BOAT | ☐ AIRCRAFT | OTHER |
|---|---|---|---|---|---|---|---|---|
| MAKE | MODEL: | YEAR | BODY STYLE | | TAG # | | YEAR | STATE |
| VEHICLE COLOR | TOP _____ BOTTOM _____ | | RECOVERY MILEAGE | EVIDENCE OF STRIPPING  Y ___  N ___ | | DAMAGE  N/A  MODERATE | ☐ LIGHT  ☐ SEVERE |
| TOWED BY/AUTHORITY/CCN | | OJ CASE # | | OJ CITY/COUNTY | | | |

NCIC/FCIC / DATE MSG #

| STATUS CODES | S-STOLEN  P-PERSONAL | ☐ RETURNED TO OWNER  SR-STOLEN & REC. | R-RECOVERED  L-LOST | E-EVIDENCE  VB-VICTIM BUSINESS | K-PHOTOS TAKEN & PROPERTY RETURNED TO OWNER | U-USED IN CRIME  SZ-SEIZED | F-FOUND  D-DAMAGED |
|---|---|---|---|---|---|---|---|
| CODE | PER/SUS# | QUAN | DESCRIPTION OF ARTICLE, MODEL, BRAND NAME, ETC. | | SERIAL # | | ESTIMATED LOSS |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| NCIC/FCIC / DATE / MSG # | PROPERTY # | TOTAL $ |
|---|---|---|

BSO RP#2 (REV 2/95)

STRUCTURE OF THE SKULL

EXHIBIT

LAY OUT OF all Fractures aT N.B.D.C.

VERTe skull

Frontal bone

Parietal bone

Temporal bone

sphenoid Bone

occipital bone

Zygomatic arch.

mandible

＞

---

Frontal bone

Nasal Bone

(5) Lens scratched blury vision
To BoTH EYES:

(1) Skull Fractured

(2) INFlamed Fractured Jaw

maxilla

Fracture Behind Jaw

(3)

(4) stiches and Fracture sphenoid Bone

mandible

(5) right eye
is Bury and is
sertched From
punchaches as
well Flyed with
Blood.

(6) severe
neck problems
caused by assualt.

(1) right Temple Fracture has
caused severe nerve damage
aswell noT wiring skull shut.

(2) INFlamed Fractured Jaw has
caused severe problems* cau't epen
more than one & half Fingers wide.

(3) Behind Jaw Fracture is a problem.

(4) Fracture sphenoid Bone causes great
problems BReatHing.

# EMSA

## X-RAY REPORT

ESF 1 5 1996

LXF

| NAME · LAST | FIRST | | DOB | DATE | ARREST ID # |
|---|---|---|---|---|---|
| Hicks | Wm | | 9/10/63 | 2/9/96 | BS95-14533 |

| SEX | RACE | TECH INITIALS | DATE OF TEST | INSTITUTION | X·RAY # |
|---|---|---|---|---|---|
| M | W | WE | 2-9-96 | NBN C | NB |

| DRS. NAME | LOCATION | NURSE SIGNATURE/STAMP |
|---|---|---|
| Davis | 12 H 4 | Serrao   Vicky Serrao, RN  NBDC |

IN THE BEST INTEREST OF THE PATIENT AND REFERRING PHYSICIAN, THIS EXAMINATION WILL NOT BE DONE IF PERTINENT CLINICAL INFORMATION, AND TENTATIVE CLINICAL DIAGNOSIS ARE NOT PROVIDED BELOW:

HISTORY:   R Jaw — fight   2

TECH COMMENTS:

### X-RAY REQUEST

| | | | | |
|---|---|---|---|---|
| ANKLE R[ ] L[ ] | FACIAL BONES | KUB | POST REDUCTION | TM JOINT R[ ] L[ ] |
| CERVICAL SPINE | FEMUR R[ ] L[ ] | KUB & UPT | RIBS, BOTH SIDES | THORACIC SPINE |
| CHEST | FINGERS R[ ] L[ ] | LATERAL DECUBITUS | RIBS R[ ] L[ ] | TIBIA & FIBULA R[] L[] |
| CHEST, PA & LAT | FOOT R[ ] L[ ] | L.S. SPINE | SACRUM | WRIST R[ ] L[ ] |
| CLAVICLE R[ ] L[ ] | FOREARM R[ ] L[ ] | MANDIBLE R·R[ ] L[ ] | SHOULDER R[ ] L[ ] | OTHER |
| COCCYX | HAND R[ ] L[ ] | NASAL BONES | SINUSES | |
| COMPARISON VIEW | HIPS, BILATERAL | ORBITS | SKULL | |
| ELBOW R[ ] L[ ] | HIPS R[ ] L[ ] | OS CALCIS R[ ] L[ ] | SONOGRAM | |
| ECHO | HOLTER MONITOR | PELVIS | STERNUM | |

**REPORT:**
MANDIBLE:   Fracture suggested on the left mandibular ramus. Correlate with the clinical findings.

Radiological findings should be correlated with the clinical findings.

Thank you for referring this patient.

Miguel A. Tome, M.D.
Radiologist

seen by dentist
ly

DR. N. DENZIER
STAFF PHYSICIAN MAIN JAIL

2-27-96

RADIOLOGIST SIGNATURE

DATE REPORT TYPED

RECEIVED
APR 0 8 1996

EMSA

## X-RAY REPORT

| NAME-LAST | | FIRST | | DOB | DATE | ARREST-ID # |
|-----------|---|-------|---|-----|------|-------------|
| Hicks | | Williams | | 9/10/63 | 3/15/96 | B69514533 |
| SEX | RACE | TECH INITIALS | DATE OF TEST | INSTITUTION | | X-RAY # |
| M | B | | | BCMJ | | |
| DRS. NAME | | | LOCATION | NURSE SIGNATURE/STAMP | | |
| Cline | | | 7C35 | | | |

IN THE BEST INTEREST OF THE PATIENT AND REFERRING PHYSICIAN, THIS EXAMINATION WILL NOT BE DONE IF PERTINENT CLINICAL INFORMATION, AND TENTATIVE CLINICAL DIAGNOSIS ARE NOT PROVIDED BELOW:

HISTORY:

Zygomatic Arch Rt , History of fx.

TECH COMMENTS:

### X-RAY REQUEST

| | | | | |
|---|---|---|---|---|
| ANKLE R[ ] L[ ] | FACIAL BONES | KUB | POST REDUCTION | TM JOINT R[ ] L[ ] |
| CERVICAL SPINE | FEMUR R[ ] L[ ] | KUB & UPT | RIBS, BOTH SIDES | THORACIC SPINE |
| CHEST | FINGERS R[ ] L[ ] | LATERAL DECUBITUS | RIBS R[ ] L[ ] | TIBIA & FIBULA R[] L[] |
| CHEST, PA & LAT | FOOT R[ ] L[ ] | L.S. SPINE | SACRUM | WRIST R[ ] L[ ] |
| CLAVICLE R[ ] L[ ] | FOREARM R[ ] L[ ] | MANDIBLE R[ ] L[ ] | SHOULDER R[ ] L[ ] | OTHER |
| COCCYX | HAND R[ ] L[ ] | NASAL BONES | SINUSES | |
| COMPARISON VIEW | HIPS, BILATERAL | ORBITS | SKULL | |
| ELBOW R[ ] L[ ] | HIPS R[ ] L[ ] | OS CALCIS R[ ] L[ ] | SONOGRAM | |
| ECHO | HOLTER MONITOR | PELVIS | STERNUM | |

### REPORT:

ZYGOMA: Fracture of the posterior portion of the zygomatic arch with minimal depression of the arch anteriorly.

Thank you for referring this patient

James F. Thompson, M.D.
Radiologist



DR. WINTHROP C. DAVIS
STAFF PHYSICIAN—NBDC
APR 1 - 1996
DATE

☐ FURTHER ACTION _____ DATE _____

_____
RADIOLOGIST SIGNATURE

_____
DATE REPORT TYPED

Institution/Facility

OUTSIDE
ORAL SURGERY

**EMSA** *CORRECTIONAL CARE*

**CONSULTATION REQUEST FORM**

EMERGENCY ☐     URGENT ☑     ROUTINE ☐

DR. WINTHROP C. DAVIS
STAFF PHYSICIAN - NBOC
10/31/96

Inmate #: B595 14533     Sex M    Race W    D.O.B. 9.10.63

Patient Last Name: Hicks     First Name: William

Request Date: 10.21.96     Sentence/Release Date: _____

Reason for Consultation: Present illness and history - include summary of current problem(s); meds, x-ray and lab studies, etc.

Right Zygomatic Arch fracture with

possible TMJ impingement.

Nothing to eat, needs X-Rays

DR. WINTHROP C. DAVIS
STAFF PHYSICIAN - NBOC

Prior Consultation Enclosed ☐ Yes ☑ No     Referring Physician: Jack Cline, DDS

Initial Diagnosis: Zygomatic Arch fracture    Signature: _____

Consulting Physician: W De. Engelhs Coral Springs, 2801 University Dr   752.1045

Results: (To be completed by Consulting University Scan) ELLIOT   Suite 102

Treatment Plan and Recommendations (therapy, meds, studies)

C-T Scan from Z4600MAII ARCHES AND T.M.T's to ANOIF of MANDIBLE include impted oubits.

PLEASE SEND VAN NENO   J & Elliot DMD

Reviewed by: _____     Date: _____

Outside Consultations Only: EMSA Correctional Care

Billing Instructions: _____ (Insurance Name or EMSA)

Address: 1200 S. Pine Island Road, Suite 500, Ft Laud 33324

Policy #: _____

Approved Provider: _____     Procedure Authorized _____

(If admission Pre-Op to be done onsite please attach results Laboratory, X-ray, EKG)

Scheduled Date of Service/Time: 11-7-96    11:30 am    Type of Visit approved: TO BE filed - R.S.

(Inpatient admission, Outpatient Surgery, Visit Outpatient, Diagnostic testing)

To be completed by institution:

Items to be Sent With Referral

☐ Recent X-Ray    ☐ Recent Lab Results    ☐ Other Special Test Results

Consulting Physician (Please attach copy of consultation, ED Form or D/C Summary)    Date _____

Findings (problems, diagnosis) and Recommendations (therapy, meds, studies)

_____

_____

Procedure Completed: _____     Consulting Physician: _____

Final Diagnosis: _____     Dr Elliot (954) 752-1045

Disposition: _____

POMPANO BEACH MEDIC... CENTER
600 S.W. THIRD STREET
POMPANO BEACH, FL 33060

NAME: HICK, WILLIAM
PHYS: Gupta, Subhash
DOB: 09/10/63    AGE: 33    SEX: M
ACCT: N00956554262 LOCATION: N.RAD
EXAM DATE: 11/27/96 STATUS: OUT
RADIOLOGY NO: 24661506
UNIT NO: N000016140

FOR Dr. ELLIOTT 344-9651 (FAX)

EMSA
1550 BLOUNT ROAD
POMPANO BEACH, FL 33069

EXAMS: CT FACIAL BONES W/O CONTRAST, CT ORBITS W/O CONTRAST,
       CT ORBIT CORONAL VIEW

C.T. SCAN OF THE FACIAL BONES:

MULTIPLE THIN CORONAL AND AXIAL COMPUTERIZED TOMOGRAPHIC SECTIONS OF
THE FACIAL BONES AS OBTAINED. THERE IS A SMALL CRACK IN THE LATERAL
WALL OF THE RIGHT MAXILLAY SINUS. THERE ARE NO AIR FLUID LEVELS IN
THE RIGHT MAXILLARY SINUS. THE REMAINDER OF THE WALLS OF THE RIGHT
MAXILLARY SINUS, AS WELL AS THE BONY ORBITS APPEAR NORMAL. THE RIGHT
TEMPOROMANDIBULAR JOINT APPEARS NORMAL. THE RIGHT ZYGOMATIC ARCH
APPEARS NORMAL.

IMPRESSION:

SMALL CRACK IN THE LATERAL WALL OF THE RIGHT MAXILLARY SINUS OTHERWISE
NORMAL EXAMINATION.

          ** REPORT SIGNATURE ON FILE 11/28/96 **
          REPORTED BY: STEPHEN EDELSTEIN, M.D.
          SIGNED BY:   EDELSTEIN, STEVEN

CC: EMSA

TRANSCRIBED DATE/TIME: 11/27/96 (1647)
TRANSCRIPTIONIST: NRAD.BLH
PRINTED DATE/TIME: 11/28/96 (1346)   BATCH NO: 1885

PAGE 1                          EMSA

**IMAGING REPORT**

## EMSA

### X-RAY REPORT

RECEIVED
FEB 2 3 1996

| NAME · LAST | | FIRST | | DOB | DATE | | ARREST ID # |
|---|---|---|---|---|---|---|---|
| Hicks, William | | | | 9/10/63 | 2/15/96 | | 859514533 |

| SEX | RACE | TECH INITIALS | DATE OF TEST | INSTITUTION | | X·RAY # |
|---|---|---|---|---|---|---|
| M | B | WE | 2-19-96 | BCMJ | | |

| DRS. NAME | | LOCATION | NURSE SIGNATURE/STAMP | Melissa Cooper, LPN |
|---|---|---|---|---|
| PA Chatfield | | 7c35 | M. Cooper PN | Mail Jail |

IN THE BEST INTEREST OF THE PATIENT AND REFERRING PHYSICIAN, THIS EXAMINATION WILL NOT BE DONE IF PERTINENT CLINICAL INFORMATION, AND TENTATIVE CLINICAL DIAGNOSIS ARE NOT PROVIDED BELOW:

HISTORY: R eye injury

TECH COMMENTS:

### X-RAY REQUEST

| | | | | |
|---|---|---|---|---|
| ANKLE R[ ] L[ ] | FACIAL BONES | KUB | POST REDUCTION | TM JOINT R[ ] L[ ] |
| CERVICAL SPINE | FEMUR R[ ] L[ ] | KUB & UPT | RIBS, BOTH SIDES | THORACIC SPINE |
| CHEST | FINGERS R[ ] L[ ] | LATERAL DECUBITUS | RIBS R[ ] L[ ] | TIBIA & FIBULA R[] L[] |
| CHEST, PA & LAT | FOOT R[ ] L[ ] | L.S. SPINE | SACRUM | WRIST R[ ] L[ ] |
| CLAVICLE R[ ] L[ ] | FOREARM R[ ] L[ ] | MANDIBLE R[ ] L[ ] | SHOULDER R[ ] L[ ] ☒ | OTHER include zygoma |
| COCCYX | HAND R[ ] L[ ] | NASAL BONES | SINUSES | |
| COMPARISON VIEW | HIPS, BILATERAL ☒ | ORBITS [R] | SKULL | |
| ELBOW R[ ] L[ ] | HIPS R[ ] L[ ] | OS CALCIS R[ ] L[ ] | SONOGRAM | |
| ECHO | HOLTER MONITOR | PELVIS | STERNUM | |

### REPORT:

RIGHT ORBIT:    Fracture of the right zygomatic arch.    The
remainder of the bony structure is intact.

seen by Deutof

Thank you for referring this patient.

Miguel A. Tome, M.D.
Radiologist

D/R: 02/19/96

D/D: 02/20/96

M/R/R:

☒OK TO FILE
M.D. INITIAL          DR. N. DERIZER STAFF PHYS.AN MAIN JAIL          DATE 2-23-96

☐PULL CHART
FOLLOW UP

☐NO FURTHER ACTION          DATE ____
M.D. INITIAL

_____
RADIOLOGIST SIGNATURE

_____
DATE REPORT TYPED

EXR

## EMSA

### X-RAY REPORT

RECEIVED
MAY 10 1996

| NAME - LAST | | FIRST | | DOB | DATE | |
|---|---|---|---|---|---|---|
| Hicks, | | William | | 9-10-63 | 5-3-96 | 5595714533 |

| SEX | RACE | TECH INITIALS | DATE OF TEST | INSTITUTION | X-RAY # |
|---|---|---|---|---|---|
| M | W | WE | 5-3-96 | BCmJ | MJ |

| DRS. NAME | LOCATION | NURSE SIGNATURE/STAMP |
|---|---|---|
| Weathers | | |

IN THE BEST INTEREST OF THE PATIENT AND REFERRING PHYSICIAN, THIS EXAMINATION WILL NOT BE DONE IF PERTINENT CLINICAL INFORMATION, AND TENTATIVE CLINICAL DIAGNOSIS ARE NOT PROVIDED BELOW:

HISTORY:

TECH COMMENTS:

### X-RAY REQUEST

| | | | | |
|---|---|---|---|---|
| ANKLE R[ ] L[ ] | FACIAL BONES | KUB | POST REDUCTION | TM JOINT R[ ] L[ ] |
| CERVICAL SPINE | FEMUR R[ ] L[ ] | KUB & UPT | RIBS, BOTH SIDES | THORACIC SPINE |
| CHEST | FINGERS R[ ] L[ ] | LATERAL DECUBITUS | RIBS R[ ] L[ ] | TIBIA & FIBULA R[] L[] |
| CHEST, PA & LAT | FOOT R[ ] L[ ] | L.S. SPINE | SACRUM | WRIST R[ ] L[ ] |
| CLAVICLE R[ ] L[ ] | FOREARM R[ ] L[ ] | MANDIBLE R[ ] L[ ] | SHOULDER R[ ] L[ ] | OTHER |
| COCCYX | HAND R[ ] L[ ] | NASAL BONES | SINUSES | R Zygomatic |
| COMPARISON VIEW | HIPS, BILATERAL | ORBITS | SKULL | Arch |
| ELBOW R[ ] L[ ] | HIPS R[ ] L[ ] | OS CALCIS R[ ] L[ ] | SONOGRAM | |
| ECHO | HOLTER MONITOR | PELVIS | STERNUM | |

**REPORT:** RIGHT ZYGOMATIC ARCH:     Old  healed  fracture  of  the  posterior third of the right zygomatic arch.

Thank you for referring this patient

James R. Thompson, M.D.
Radiologist

James R. Thompson, M.D.
Radiologist

□OK TO FILE
   M.D. INITIAL _____        DATE 5-17-96

□PULL CHART
   FOLLOW UP

□NO FURTHER ACTION
   M.D. INITIAL _____        DATE _____

_____
RADIOLOGIST SIGNATURE

_____
DATE    PORT TYPED



**RON COCHRAN**
**SHERIFF**
**BROWARD COUNTY**

November 5, 1996

The Honorable Lori Nance Parrish
Board of County Commisstioners
115 South Andrews Avenue, Room 410
Fort Lauderdale, Florida 33301

Re:    Inmate William Hicks

Dear Commissioner Parrish:

I appreciate you forwarding to me inmate William Hicks' letter regarding his treatment in the Broward County Jail. Mr. Hicks is being held awaiting trial. He is alleged to have beaten to death his mother's 82 year old neighbor.

The jail staff is very much involved with Mr. Hicks and his medical issues. He is one of the many inmates we work with each day who does not concur with their medical treatment. I, and the jail staff, are satisfied that Mr. Hicks' medical issues are being addressed in the most appropriate manner.

If we can provide any specifics about Mr. Hicks' case, without violating his right to medical confidentiality, please call Susan McCampbell at 831-8916.

Sincerely,

Ron Cochran
Sheriff

RC/rk