UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE SORRENTINO

CASE NO. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS,

            Plaintiff,

v.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS,
STANLEY HOLMES, JOHN DOES
#1 AND #2, DR. W.C. DAVIS, DR.
UECKER, DR. TREVOR WEATHERS,
DR. CLINE, DR. PEARSON, DR. G.
PEARSON, EMERGENCY MEDICAL
SERVICES ASSOCIATION,

            Defendants.

## DEFENDANTS, EMERGENCY MEDICAL SERVICE ASSOCIATION, INPHYNET, DR. W.C. DAVIS, DR. UCKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON AND DR. G. PEARSON'S OBJECTIONS TO REPORT AND RECOMMENDATION

Defendants, by and through the undersigned counsel, pursuant to Local Magistrate Rule 4(b), file their written objections to the Magistrate's Report and Recommendation dated August 9, 2001 and received August 13, 2001, and state as follows:

1.    United States Magistrate Judge Charlene Sorrentino issued her Report and Recommendation in this matter on August 9, 2001, recommending that the Motion to Dismiss filed by the Defendants, with the exception of INPHYNET, should be denied.

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD • 9TH FLOOR • P.O. BOX 14-9022 • CORAL GABLES, FLORIDA 33114 • (305) 445-4090



Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

2.     Although the Magistrate correctly points out that allegations of a pro se complaint are to be held to a less stringent standard than the formal pleadings drafted by lawyers, citing Haines v. Kerner, 404 U.S. 519 (1972), Haines does not overturn the well settled proposition of law that federal courts should interfere with the internal operation of state prisons only in cases involving exceptional circumstances. See Jones v. W.F. Rouse, 341 F.Supp. 1292 (M.D. Fla. 1972). Even if liberal standards are to be applied to Plaintiff's allegations against the above-named Defendants, Plaintiff's claims still fail.

3.     The Defendants object to the Magistrate's Recommendation that their Motion to Dismiss be denied. Specifically, the claims against EMSA should be dismissed based upon the theory of respondeat superior.

4.     The allegations against the remaining above-named Defendants should also be dismissed for failure to state a cause of action under § 1983. Moreover, the Defendants are entitled to qualified immunity.

5.     Because the § 1983 claim fails, Plaintiff's claim is, essentially, a state medical malpractice claim which also fails because Plaintiff has failed to comply with Florida Statute Chapter 766, et. seq.

## Standard of Review

The allegations of the Plaintiff's Amended Complaint are not similar to those made in Haines v. Kerner, supra; Plaintiff's claims are not so exceptional to permit the less stringent

-2-

cv-06087-WPD    Document 84    Entered on FLSD Docket 08/27/2001    F

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

pleading standards under Haines. See Jones v. W.F. Rouse, supra. Plaintiff is required to adhere to the heightened pleading standard for claims asserting a violation of § 1983 against individual defendants. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1366 (11th Cir.1998) (footnote omitted). Moreover, even were liberal standards to be applied to Plaintiff's claims, his allegations still are not cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97 (1976).

## Plaintiff's Claims Against EMSA

The Report failed to address EMSA's assertion that the Amended Complaint fails to state a cause of action against it under § 1983 on the theory of respondeat superior. See Monell v. Department of Social Services of the City of New York, et al., 436 U.S. 658 (1978). In Monell and subsequent cases, the Supreme Court has required a plaintiff seeking to impose liability on a municipality or other local governmental bodies under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury. See Monell, supra, at 694; Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986); Canton v. Harris, 489 U.S. 378, 392 (1989). To hold EMSA liable under § 1983, "the plaintiff must establish a widespread practice that, 'although not authorized by written law or express...policy, is so permanent and well settled as to constitute a custom or usage with force of law.'" Nelson v. Prison Health Services, Inc., 991 F.Supp. 1452, 1464 (M.D. Fla. 1997) (quoting Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir.1991)). The alleged custom or policy of EMSA must be alleged to be more than flawed or inadequate; it must have caused the constitutional violation. See

-3-

cv-06087-WPD    Document 84    Entered on FLSD Docket 08/27/2001

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

Thornton v. City of Montgomery, Ala, 78 F.Supp.2d 1218, 1231 (M.D. Ala. 1999). Plaintiff merely asserts that because Defendant CLINE purportedly told him that medical treatment was being denied because of the extreme cost of the treatment (See Amended Complaint at ¶ 42), EMSA had a policy denying costly medical treatment (See Amended Complaint at p. 42). Plaintiff has failed to delineate any custom or policy of EMSA that caused the alleged constitutional violations and has not set forth with any specificity how the actions of EMSA constituted deliberate indifference.

### Plaintiff's Claims Against the Remaining Above-Named Defendants

The remaining above-named Defendants also object to the Magistrate's Report regarding the Plaintiff's Eighth Amendment claim. The Report correctly states that Plaintiff's claims arise from the Due Process Clause of the Fourteenth Amendment, but must be analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. Nevertheless, Plaintiff fails to state an Eighth or Fourteenth Amendment claim for denial of adequate medical care. Plaintiff's Amended Complaint reveals that he was seen numerous times by the remaining above-named Defendants for medical care and treatment. As Exhibit "A" to Plaintiff's Amended Complaint shows, one Defendant recommended surgery; however, other Defendants explained that surgery was not planned for Plaintiff. As in Estelle, supra, the question of whether surgery was necessary or not is an example of a matter for medical judgment and does not represent cruel and unusual punishment. Id. at 107.

-4-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

In the alternative, Defendants are entitled to qualified immunity. The Magistrate's Report states the determination for qualified immunity should be made only after further development of the case. However, once qualified immunity is raised, a trial court must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings. See Crawford-El v. Britton 118 S.Ct. 1584, 1596 (1998); Harbert International, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir.1998). Qualified immunity can be determined in favor of the Defendants at this stage in the litigation for the reasons expressed in the above-named Defendants' Motion to Dismiss and Reply in Support of Defendants' Motion to Dismiss. In addition, Plaintiff has failed to allege material facts which are sufficiently similar to the facts in existing case law in order to overcome immunity. GJR Investments, 132 F.3d at 1367; see also Oldandeinde v. City of Birmingham, 963 F.2d 1481 (11th Cir.1992).

## Plaintiff's Claim Is a Medical Malpractice Claim

Defendants object to the Magistrate's Report concerning Plaintiff's alleged medical claims. For the reasons expressed above as well as in the Defendants' Motion to Dismiss and Reply in Support of Defendants' Motion to Dismiss, Plaintiff does not have an § 1983 claim for cruel and unusual punishment, but rather has, at most, a state medical malpractice claim. As such, Plaintiff's failure to comply timely with the pre-suit requirements under Fla. Stat. § 766, et seq, bars him from bringing a medical malpractice action against these Defendants as a matter of law.

-5-

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendants, EMERGENCY MEDICAL SERVICE ASSOCIATION, INPHYNET, DR. W.C. DAVIS, DR. UCKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON, and DR. G. PEARSON, respectfully request this Honorable Court enter an Order dismissing the Amended Complaint against them and awarding such other relief as the Court deems appropriate.

WE HEREBY CERTIFY that a true and correct copy of the foregoing Defendants, Emergency Medical Service Association, Inphynet, Dr. W.C. Davis, Dr. Ucker, Dr. Trevor Weathers, Dr. Cline, Dr. Pearson, and Dr. G. Pearson's Objections to Report and Recommendation was mailed this 23rd day of August, 2001 to all counsel and/or parties of record on the attached Service List.

> O'CONNOR, CHIMPOULIS, RESTANI,
> MARRERO & McALLISTER, P.A.
> Attorneys for Defendants, EMSA Limited
>     Partnership, Inphynet, Dr. Winthrop,
>     Dr. Davis, Dr. Ucker, Dr. Trevor Weathers,
>     Dr. Cline, Dr. Pearson, and Dr. G. Pearson
> 2801 Ponce de Leon Boulevard
> Ninth Floor
> Coral Gables, FL   33134
> (305) 445-4090
>
> By: _____
>     JOEL L. SHULMAN
>     FBN 389242

F:\WORD\FILES\97-6939\pleading\obj-mag-rpt.jls

-6-

SERVICE LIST

William M. Hicks v. Ken Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS, *pro se*
#664670
Everglades Correctional Institution
P.O. Box 949000
Miami, FL 33194-9000

SUMMER BARRANCO, Esquire
Purdy, Jolly & Giuffreda
1322 S.E. Third Avenue
Fort Lauderdale, FL 33316