UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

    Plaintiff,

vs.

KEN JENNE, et al.,

    Defendant.

_____/



## ORDER APPROVING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon the Defendants' Motion to Dismiss [DE 49], Defendants' Motion for Dismissal [DE 63], Defendants' Motion to Dismiss and Motion to Strike [DE 71], the Report and Recommendation [DE 77] of Magistrate Judge Charlene H. Sorrentino, dated August 9, 2001, and Plaintiff, William Hicks' Reply to Magistrate Judge Report [DE 83], filed herein on August 21, 2001.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the entire court record herein, including the underlying motions and the report and recommendation, and is otherwise fully advised in the premises.

Plaintiff's objections are limited to page two (2) of report number three (3), where he complains that he was denied due process based on incomplete and falsified Disciplinary Reports. Plaintiff further claims that he was wrongly placed in confinement for over a half a year.

Magistrate Sorrentino states in her Report that Plaintiff continually failed to provide any specific factual allegations, nor did he specify which Defendants were responsible for certain acts. Magistrate Sorrentino relies on Fullman to support her stance that Plaintiff's due process



claims are wholly conclusory, and therefore subject to dismissal. Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984).

Further, Plaintiff attaches the Inmate Disciplinary Report to his objections. The Report evidences that he received a hearing prior to being disciplined. Where a prisoner claims that he was denied due process in a disciplinary hearing on the basis of insufficient evidence, the claim must be rejected if there was some evidence to support the decision. Gaston v. Couglin, 249 F.3d 156, 163 (2nd Cir. 2001); Williams v. Fountain, 77 F.3d 372, 375 (11th Cir. 1996) ("A minimum requirement of due process is that conclusions of prison disciplinary bodies be 'supported by some evidence in the record.'"[1]). This Court must only determine "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Williams, 77 F.3d 372, 375. There exists evidence to support the decision to discipline Plaintiff, and therefore his due process claims must fail.

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 77] of Magistrate Judge Charlene H. Sorrentino is hereby adopted;

2.    **A**. Plaintiffs' claims of confinement without due process and denial of access to the Courts as to Defendants Jenne and McCampbell are hereby Dismissed;

   **B**. Plaintiffs' claim that corrections officials failed to have inmate Beech prosecuted under state criminal law are hereby Dismissed;

   **C**. Motion to Dismiss [DE 49] for lack of prosecution is hereby **DENIED**;

   **D**. Motion to Dismiss [DE 63] is hereby **DENIED**;

---

[1] Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985).

**E.** Motion to Dismiss [DE 71] is hereby **GRANTED**. Claims against Defendants Hanson-Evans and Holmes for confinement without due process and denial of access to the Courts are hereby Dismissed. Defendants Hanson-Evans and Holmes Motion to Strike [DE 71-2] is hereby **GRANTED**;

**F.** Defendants Bechard, Robinson, Locket, Garrison, Watson, Schwartz, Roberts, Wimberly, Inphynet, Kevin J. RN, Pointer, Corwin and Parish named in the initial Complaint but not the Amended Complaint, are hereby Dismissed from the action; and

**G.** This action remains open solely on Plaintiff's medical claims, as to Defendants EMSA, Davis, Ucker, Weathers, Cline, Pearson and G. Pearson, Jenne, McCampbell, Hanson-Evans, and Holmes;[2] and on Plaintiff's claim of endangerment as to Defendants John Doe # 1, John Doe #2, Jenne, McCampbell, Hanson-Evans and Holmes.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of August, 2001.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[2] Plaintiff has sufficiently alleged an Eighth Amendment violation. Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001); Chance v. Armstrong, 143 F.3d 698, 702 (2nd Cir. 1998). However, a missed diagnosis by a prison doctor does not automatically equal an Eighth Amendment violation. Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998). Actual knowledge must be shown. Bryan v. Endell, 141 F.3d 1290, 1291 (8th Cir. 1998).

3

copies to:

Magistrate Judge Sorrentino

William Hicks, Pro se
DC # 664670
Everglades Correctional Institution
1601 SW 187th Avenue
PO Box 949000
Miami, FL 33194

Joel L. Schulman, Esq.
E. Bruce Johnson, Esq.
Summer M. Barranco, Esq.