UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-Dimitrouleas
MAGISTRATE JUDGE SORRENTINO

WILLIAM M HICKS,
    Plaintiff,
VS.
KEN JENNE, et al,
    Defendant(s)

## MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, Plaintiff william m Hicks, prose, and files pursuant to 31915, requests this court to appoint counsel to represent him in this case for the following reasons:

1.) The plaintiff is unable to afford counsel,

2.) The plaintiff has made numerous attempts to obtain counsel but is unable to retain one,

3.) Plaintiff is incarcerated and unable to access all his evidence which he has "boxes" full to support his claim against all,

4.) The case requires discovery of document(s) and depositions(s) of a number of witnesses as well defendant(s),



5.) This case involves medical issues that will require expert testimony, and

6.) Plaintiff has demanded a jury trial.

(A) FACTUAL COMPLEXITY:

This case is a civil rights case filed under 42 U.S.C. §1983 by a state prisoner and in deciding whether to appoint counsel for an indigent litigant the court should consider "The factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of indigent to present his claim and the complexity of the legal issues." Abdullah vs. Gunter, 949 F.2d 1032, 1035 (8th Cir 1991) (citation omitted), cert. denied, 112 S.Ct. 1995 (1992). In addition courts have suggested that the most important factor is whether the case appears to have merit, Cooper vs. A Sargent, co. Inc, 877 F.2d 170, 173 (2d Cir 1989). Each of those factors weighs in favor of appointing counsel in this case.

In addition, one of the plaintiff's claims involves the denial of medical care; it will be necessary to present medical expert witnesses and to cross-examine medical witnesses called by defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Moore v. Mabus, 976 F.2d 268, 272 (5th Cir 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir 1992); Tucker v. Randall, 948 F.2d 388, 392 (7th Cir 1991).

2.

### (B) THE PLAINTIFF'S ABILITY TO INVESTIGATE:

The plaintiff is a prisoner and has little ability to investigate the facts. The plaintiff is unable to identify, locate and interview inmates who were present and/or knew of plaintiff's situation. The plaintiff plans on calling inmates as witnesses as well free world person(s), which is a factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F.2d 388, 391-92 (7th cir 1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D. Wis. 1984). In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports and statements about the incident, the history of defendants with prior records, and plaintiff's medical history. See Tucker vs. Dickey, 613 F. Supp. 1124, 1133-34 (W.D. Wis. 1985) (need for discovery supported appointment of counsel.

### (C) CONFLICTING TESTIMONY:

The plaintiff's account of his assault will be a issue. This aspect of the case will be a credibility contest between the defendant's and plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. Gatson v. Coughlin, 679 F.Supp 270, 273 (W.D.N.Y. 1988).

### (D) THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM:

The plaintiff is an indigent prisoner with little legal training

a factor that supports the appointment of counsel. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th cir 1984). In addition, he is confined in prison with very limited law books or materials. <u>Rayes v. Johnson</u>, 969 F.2d 700, 703-04 (8th cir 1992) citing lack of access to law library as factor supporting appointment of counsel.

(5) MERIT OF THE CASE:

The plaintiff's allegations, are proved to clearly establish a constitutional violation. The "<u>unprovoked</u>" and <u>brutal beating</u> alleged in the complaint clearly states an Eighth Amendment violation. SEE <u>Hudson v. McMillian</u>, 112 S.Ct. 995, 1000 (1992). The allegations of denial of medical care amount to "<u>intentionally</u>" denying medical and interfering with treatment once prescribed", which the Supreme court has specifically cited as an example of unconstitutional deliberate indifference to inmates' medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105, 97 S.Ct 285 (1976). The unjustified denial of witnesses, conviction of a disciplinary offense with no supporting evidence, and the failure to give a meaningful statement of reasons for the decision are all plain violations of due process. <u>Ponte v. Real</u> 471 U.S. 491, 497, 105 S.Ct. 2192 (1985); <u>Superintendent v. Hill</u>, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985); <u>Dyson v. Kocik</u>, 689 F.2d 466, 467-68 (3rd cir 1982). on its face, then this is a meritorious case.

## Conclusion

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

<u>August 23, 2001</u>           <u>William M Hicks 664670</u>
   Dated                         <u>William M Hicks, prose.</u>

## AFFIDAVIT / OATH

Under penalty of purjury, <u>I Willam M Hicks</u>, hereby swear that he has read/wrote said motion for appointment of counsel and that all contained herein is true and correct.

                                          <u>William M Hicks</u>

This was handed over to prison officials to mail this <u>23</u> day of August, 2001, by U.S. mail.

                                   <u>William M Hicks</u>
                                   <u>DC #664670  Bldg H-2, 215</u>
                                   <u>Everglades Corr Inst</u>
                                   <u>PO Box 949000</u>
                                   <u>Miami, Fla 33194-9000</u>

William M Hicks 664639 Bldg H2 2m215
Everglades correctional institution
PO Box 949003
Miami, Fla 33194-9003

8/24/09

legal mail

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of Florida

ATTN: clerk of court Rm 108

299 EAST BROWARD BLVD

Ft. Lauderdale, Florida 33301