UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM M. HICKS,                      Case No. 00-6087-CIV-Dimitrouleas

    Plaintiff,

vs.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS, STANLEY
HOLMES, JOHN DOE'S #1 and #2,
DR. W.C. DAVIS, DR. UCKER,
DR. TREVOR WEATHORS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON,
EMERGENCY MEDICAL SERVICES ASSOC.,

    Defendants.
_____/



### DEFENDANTS SHERIFF, HANSON-EVANS AND HOLMES' ANSWER/DEFENSES

The Defendants, KEN JENNE, Sheriff of Broward County, HANSON-EVANS and HOLMES file this their Answer/Defenses to the Amended Complaint dated November 9, 2000 and would state as follows:

### Preliminary Statement

As this section is in narrative form and does not contain numbered paragraphs, all allegations therein are denied and strict proof thereof is demanded.

### Jurisdiction

Denied.

1



### Previous Actions Filed

1. Admitted.

2. Admitted that Plaintiff filed a document entitled "Motion to Dismiss without Prejudice" on November 19, 1996.

3. Admitted that on November 20, 1996 Judge Ungaro-Benages entered an Order of Dismissal in case number 96-6496-CIV which dismissed that case without prejudice.

4. Without knowledge and therefore denied.

5. Without knowledge and therefore denied.

6. Without knowledge and therefore denied.

7. Without knowledge and therefore denied.

8. Without knowledge and therefore denied.

9. Admitted.

10. Admitted.

### Parties

1. Admitted to the extent that while Plaintiff was incarcerated in the Broward County jail he was in the custody of the Broward County Sheriff's Office. All other allegations are denied.

2. Admitted.

3. Denied.

4. Admitted that the Defendant Barbara Hanson-Evans is a health services administrator employed with the Broward County Sheriff's Office. All other allegations are denied.

5. Without knowledge and therefore denied.

6. Admitted.

7. Without knowledge and therefore denied.

8. Without knowledge and therefore denied.

9. Admitted to the extent that EMSA had a contract with the Sheriff of Broward County to provide medical services to the inmates housed in the Broward County Jail. Without knowledge as to all other allegations and therefore denied.

10. Without knowledge and therefore denied.

11. Denied.

### Statement of the Case and Facts

1. Admitted.

2. Admitted.

3. Denied.

4. Without knowledge and therefore denied.

5. Without knowledge and therefore denied.

6. Without knowledge and therefore denied.

7. Without knowledge and therefore denied.

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Admitted to the extent that x-rays were taken. Without knowledge as to other allegations and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Denied as to Defendant Holmes. Without knowledge and therefore denied as to Defendants Sheriff and Hanson-Evans.

28. Denied as to Defendant Holmes. Without knowledge and therefore denied as to Defendants Sheriff and Hanson-Evans.

29. Denied as to Defendant Holmes. Without knowledge and therefore denied as to Defendants Sheriff and Hanson-Evans.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Denied.

33. Denied.

34. Without knowledge and therefore denied.

35. Denied.

36. Admitted to the extent that Plaintiff was transferred to the North Broward Detention Center in approximately June of 1996. All other allegations are denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Without knowledge and therefore denied.

40. Denied.

41. Denied.

42. Without knowledge and therefore denied.

### Statement of Claim

As this section is in narrative form and does not contain numbered paragraphs, all allegations therein are denied and strict proof thereof is demanded.

### Claims for Relief

#### Claim Under Violation of Amendment 5 and 14
#### Denial of Due Process

As this section is in narrative form and does not contain numbered paragraphs, all allegations therein are denied and strict proof thereof is demanded.

### Claim Under Violation of Amendment 8
### Denial of Medical Care

As this section is in narrative form and does not contain numbered paragraphs, all allegations therein are denied and strict proof thereof is demanded.

### Note

As this section is in narrative form and does not contain numbered paragraphs, all allegations therein are denied and strict proof thereof is demanded.

### General Denial

Any and all allegations to which a specific response is not previously been provided is herein denied and strict proof thereof is demanded.[1]

### DEFENSES

1.  As a first Defense, the Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure would assert that Plaintiff has failed to make sufficient allegation of ultimate fact from which it can be determined that a claim for relief has been stated.

2  As a further and separate defense, the Defendants would assert that any and all injuries or damages suffered by Plaintiff were caused by reason of Plaintiff's negligence and/or wrongful acts and/or misconduct.

---

[1] All copies of the Complaint received by these Defendants did not include a page 21. Therefore, all allegations therein are denied and strict proof thereof is demanded.

3. As a further and separate Defense, the Defendants would assert that any and all injuries or damages suffered by Plaintiff were caused in whole or in part by reason of the wrongful acts of others over which these Defendants had no control or responsibility to control.

4. As a further and separate Defense, the Defendants would assert that they are immune from any and all liability through application of the concept of qualified immunity, as they, at no time, committed any act in derogation of Plaintiff's civil rights of which a reasonable person would have had knowledge and, at all times, otherwise acted in good faith relying upon existing statutes, policies and procedures as authority for their actions.

5. As a further and separate Defense, the Defendants would assert that any and all actions they took were taken:

   a. Without malice;

   b. In pursuit of lawful and legal duties.

6. As a further and separate defense, the Defendants would assert that the Defendant Sheriff has no custom, policy, practice or procedure that provided the moving force or cause of any alleged violation of Plaintiff's constitutional rights.

7. As a further and separate Defense, the Defendants would assert that any and all injuries allegedly suffered by Plaintiff were caused in whole or in part by reason of Plaintiff's harmful acts and/or negligent conduct for which Plaintiff is comparatively chargeable.

8. As a further and separate Defense, the Defendants would assert that the force used was reasonable and was applied in good faith to restore or maintain discipline and/or security.

9. As a further and separate Defense, the Defendants would assert that the force used was not applied maliciously or sadistically with the intent of causing harm.

7

10. As a further and separate Defense, the Defendants would assert that they are entitled to a set off for any collateral sources of compensation for Plaintiff's alleged injuries and/or damages.

### DEMAND FOR TRIAL BY JURY

The Defendants, KEN JENNE, Sheriff of Broward County, HANSON-EVANS and HOLMES, hereby demand trial by jury on all issues so triable.

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by U.S. Mail to **WILLIAM M. HICKS, Plaintiff, DC#664670**, c/o Everglades Correctional Institution, P.O. Box 949000, Miami, Florida 33194-9000 and **JOEL SHULMAN, ESQUIRE**, 2801 Ponce de Leon Blvd., 9th Floor, Coral Gables, Florida 33134 this 4th day of September, 2001.

        PURDY, JOLLY & GIUFFREDA, P.A.
        Attorneys for Defendants SHERIFF,
        HANSON-EVANS & HOLMES
        1322 S.E. Third Avenue
        Fort Lauderdale, Florida 33316
        Telephone: (954) 462-3200
        Facsimile: (954) 462-3861

        BY: _/s/ Summer M. Barranco_
        SUMMER M. BARRANCO
        Florida Bar No. 984663