UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE SORRENTINO

CIVIL

CASE NO. 00-6087-CIV-Dimitrouleas



William m Hicks,

   Plaintiff,

VS.

KEN JENNE, et al,

   Defendant(s).   /
_____/


## <u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Plaintiff <u>William m. Hicks, pro se,</u> pursuant to Rules 15(a) and 19(a), Fed. R. Civ. P., requests leave to file an amended complaint adding two parties.

(1.) The plaintiff in his original complaint named two John Doe defendant's.

(2.) Since the filing of the complaint the Plaintiff has determined that the name of JOHN DOE ONE defendant is Deputy CLAUDIO LATTANZI. Plaintiff has replaced full name in complaint at page 5.(5), pg 7.(5), pg 8, (6), (7.), pg 9, (10), (11), (12), (13), Pg 10, (16), Pg 17, Pg 18, Pg 21, are amended to reflect the identity

and the actions of Deputy CLAUDIO LATTANZI.

(3.) Since the filing of the complaint the plaintiff has determined that the name of John Doe Two defendant is Deputy GARY HENSLEY. Plaintiff has replaced full name in complaint at page 5, (5), pg 7, (5), pg 8, (6), (7), pg 9, (10), (11), (12), (13), pg 10, (14), (15), pg 17, pg 18, pg 21 (1), are amended to reflect the identity and the actions of Deputy GARY HENSLEY.

(4.) Plaintiff has supplied copies of amended complaint.

(5.) This court should grant leave freely to amend a complaint. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); Interroyal corp v. Sponseller, 889 F.2d 108, 112 (6th Cir.) cert. denied, 494 U.S. 1091 (1990).

9/25/01
Date

Respectfully submitted,
William m Hicks, pro se
William M Hicks #664670
Everglades corr Inst
Po Box 949000
Miami, florida 33194-9000

## CERTIFICATE OF SERVICE

I William M Hicks, prose, Herby certify that a true and corrected copy of the foregoing motion to amend and copy of the complaint amended naming both John Does ONE and TWO have been turned over to prison officials to mail by U.S. mail and copies sent to:

Summer Barranco, esq, 1322 S.E. 3rd Avenue FT, Laud, Fla 33316 and,

McCallister, P.A. 2801 ponce de leon BIvD, 9th Fl, coral Gables, Fla 33134 This 25 day of september, 2001.


William M Hicks, prose.
William M Hicks #664670
Everglades CORR INST
Po Box 949000
miami, fla 33194-9000

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE SORRENTINO

CIVIL

WILLIAM M. HICKS,

    Plaintiff,

VS.

                        CASE NO: 00-6087-CIV-Dimitrouleas

KEN JENNE,

SUSAN McCAMPBELL,             JURY TRIAL DEMANDED

BARBARA HANSO-EVANS,

STANLEY HOLMES,

CLAUDIO LATTANZI,

GARY HENSLEY,

DR. W.C. DAVIS,

DR. UECKER,

DR. TREVOR WEATHORS,        AMENDED COMPLAINT UNDER

DR. CLINE,                   THE CIVIL RIGHTS ACT,

DR. PEARSON,              42 U.S.C. §1983

DR. G. PEARSON,

EMERGENCY MEDICAL

SERVICES ASSOCIATION,

      DEFENDANT(S).

## PRELIMINARY STATEMENT

THIS IS A CIVIL RIGHTS ACTION FILED BY WILLIAM M. HICKS, PRO-SE. THE FOREGOING IS BASED ON CONSTITUTIONAL VIOLATIONS. PLAINTIFF SUES FOR DAMAGES BOTH PHYSICAL AND PUNITIVE, ALLEGING VIOLATIONS OF HIS RIGHTS TO DUE PROCESS UNDER THE FOURTEEN-TH AMENDMENT AND DENIAL OF MEDICAL CARE IN VIOLATION OF THE EIGHTH AMENDMENT. PLAINTIFF ALSO ALLEGES ACTS OF EXTRINSIC FRAUD.

## JURISDICTION

THIS HONORABLE COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIMS OF VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS PUR-SUANT TO 42 U.S.C. § 1331 AND § 1343

2

## PREVIOUS ACTIONS FILED

1), IN 1996, PLAINTIFF FILED ACTION IN THIS HONORABLE COURT UNDER 42 U.S.C. § 1983, INVOLVING THE MATTERS STATED HEREIN, CASE NO: 96-6496-CIV-UNGARO-BENAGES.

2), ON NOVEMBER 19, 1996, PLAINTIFF FILED NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE IN CASE NO: 96-6496-CIV-UNGARO-BENAGES.

3), ON NOVEMBER 20, 1996, THIS HONORABLE COURT ISSUED AN ORDER GRANTING PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE TO REFILE.

4), ON JANUARY 4, 2000, PLAINTIFF REFILED COMPLAINT UNDER 42 U.S.C. § 1983, IN THIS HONORABLE COURT, CASE NO: 96-6496-CIV-UNGARO-BENAGES

5), ON JANUARY 18, 2000, THIS HONORABLE COURT FILED PLAINTIFF'S COMPLAINT.

6) ON OCTOBER 15, 2000, PLAINTIFF FILED MOTION TO DISMISS IF HE COULD HAVE HIS FILING FEE REFUNDED.

7), ON APPROXIMATELY OCTOBER 22, 2000, PLAINTIFF FILED MOTION TO STAY.

3

8), ON APPROXIMATELY OCTOBER 22, 2000, PLAINTIFF FILED MOTION TO AMEND.

9), ON OCTOBER 30, 2000, THIS HONORABLE COURT ISSUED AN ORDER GRANTING PLAINTIFF LEAVE TO AMEND AND GAVE PLAINTIFF UNTIL NOVEMBER 30, 2000, TO DO SO, ALSO WITH INSTRUCTIONS TO FILE UNDER CASE NUMBER, 00-6087-CIV-DIMITROULEAS.

10), COMES NOW, THE PLAINTIFF, WILLIAM M. HICKS, AND RESPECTFULLY FILES THIS AMENDED COMPLAINT UNDER 42 U.S.C. § 1983, WITH THIS HONORABLE COURT.

11), COMES NOW, the PLAINTIFF, William M. Hicks, prose, AND RESPECTFULLY FILES THIS SECOND AMENDED COMPLAINT TO INCLUDE JOHN DOE ONE and TWO Full NAMES.

4

## PARTIES

1), THE PLAINTIFF, WILLIAM M. HICKS, WAS INCARCERATED WITHIN THE BROWARD COUNTY JAIL UNDER THE SUPERVISION OF THE BROWARD COUNTY SHERIFF'S OFFICE AT ALL TIMES DURING THE EVENTS DESCRIBED HEREIN.

2), DEFENDANT, KEN JENNE, IS THE SHERIFF FOR BROWARD COUNTY LOCATED AT, 2601 W, BROWARD BLVD, Ft. LAUDERDALE FLORIDA 33312, HE IS SUED IN HIS OFFICIAL CAPACITIES.

3), DEFENDANT, SUSAN McCAMPBELL, IS THE DIRECTOR FOR THE BROWARD COUNTY SHERIFF'S OFFICE. SHE IS SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITIES.

4), DEFENDANT, BARBARA HANSON-EVANS, IS THE MEDICAL ADMINISTRATOR FOR THE NORTH BROWARD COUNTY DETENTION CENTER SHE IS SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITIES.

5), DEFENDANT, ELAUDIO LATTANZI and GARY HENSLEY are Correctional Sheriff's officers for the Broward county Jail. They are Sued in their official and individual Capacities.

5

6), DEFENDANT, STANLEY HOLMES, IS THE OMBUDSMAN FOR THE BROWARD COUNTY SHERIFF'S OFFICE. HE IS SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

7), DEFENDANT, W.C. DAVIS, WAS THE CHEIF MEDICAL PHYSICIAN AT THE NORTH BROWARD COUNTY JAIL DURING ALL EVENTS DESCRIBED HEREIN. HE IS SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

8), DEFENDANT, DR. UCKER, IS EMPLOYED AT THE BROWARD COUNTY JAIL AS A NIGHT SHIFT PHYSICIAN. HE IS SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

9), DEFENDANT, EMERGENCY MEDICAL SERVICE ASSOCIATION (E.M.S.A) IS THE SUBCONTRACTED MEDICAL CARE PROVIDER FOR THE BROWARD COUNTY JAIL AND A CORPERATE MEMBER OF INPHYNET CORPORATIONS THEY ARE SUED IN THEIR OFFICIAL CAPACITIES.

10), DEFENDANT, DR. CLINE, DR. G. PEARSON, AND DR. PEARSON, ARE DENTAL PHYSICIANS EMPLOYED AT THE BROWARD COUNTY JAIL BY (E.M.S.A). THEY ARE SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES.

11), DEFENDANT, DR. TREVOR WEATHORS, IS THE ORAL SURGEON EMPLOYED BY THE BROWARD COUNTY JAIL. HE IS SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

## STATEMENT OF THE CASE AND FACTS

1), ON AUGUST 7, 1995, PLAINTIFF WAS ARRESTED AND DETAINED IN THE BROWARD COUNTY JAIL.

2), SOMETIME AFTER PLAINTIFF WAS ARRESTED AND DETAINED, HE WAS TRANSFERED TO THE NORTH BROWARD DETENTION CENTER, (N.B.D.C.).

3), THE (N.B.D.C.) IS THE BROWARD COUNTY DETENTION FACILITY USED TO HOUSE PSYCHOLOGICALLY DISTURBED DETAINEE'S.

4), ON APRIL 7, 1996, WHILE PLAINTIFF WAS BEING DETAINED WITH IN THE (N.B.D.C.) PLAINTIFF ALONG WITH APPROXIMATELY THIRTY (30) OTHER DETAINEE'S WERE ESCORTED TO AN INCLOSED RECREATION AREA BY TWO (N.B.D.C.) SHERIFF'S OFFICER'S WHO WERE ASSIGNED TO SUPERVISE (GUARD) THE DETAINEE'S.

5) UPON ARRIVING AT THE (N.B.D.C.) RECREATIONAL AREA, PLAINTIFF ALONG WITH ALL OTHER DETAINEE'S WERE SECURED (LOCKED) WITHIN THE CONFINES OF THE RECREATIONAL AREA BY SHERIFF'S OFFICER'S Elaudio Lattanzi and Gary Hensley.

6), AFTER PLAINTIFF AND ALL OTHER DETAINEE'S WERE SECURED (LOCKED) WITHIN THE CONFINES OF THE REC- REATIONAL AREA. SHERIFF'S OFFICER'S Elaudio Lattanzi and Gary Hensley RETIRED TO THE RECREATIONAL SUPPLY ROOM WHICH WAS LOCATED OUTSIDE THE CONFINES OF THE RECRE- ATION AREA, THUS PLACING BOTH OFFICER'S OUT OF SIGHT AND HEARING OF PLAINTIFF AND ALL OTHER DETAINEE'S.

7), AFTER PLAINTIFF AND ALL OTHER DETAINEE'S WERE LOCKED IN THE RECREATION AREA AND ABANDONED BY SHERIFF'S OFFICER'S Elaudio Lattanzi and Gary Hensley, PLAINTIFF LAYED DOWN ON THE CEMENT AS FAR AWAY FROM THE OTHER DETAINEE'S AS POSSIBLE, PLAINTIFF REMOVED HIS SHIRT AND LAYED IT ACROSS HIS EYES TO BLOCK THE SUN.

8), SHORTLY AFTER PLAINTIFF LAYED DOWN AND COVERED HIS EYES HE WAS VIOLENTLY ATTACKED FOR NO APPAR- ENT REASON, BY DETAINEE NORMAN BEECH.

9), AS PLAINTIFF WAS BEING VIOLENTLY ATTACKED HE MADE EVERY EFFORT TO ESCAPE HIS ATTACKER, PLAINT- IFF SCREAMED FOR HELP AS HE ATTEMPTED TO REACH THE EXIT DOOR, HOWEVER THERE WAS NO SHERIFF'S OFFICER'S WITHIN SIGHT OR HEARING OF PLAINTIFF, AND NO HELP DID HE RECEIVE.

8

10), AFTER APPROXIMATELY 7 to 8 MINUTES INTO THE VIOLENT ATTACK ON PLAINTIFF HE FINALLY MANAGED TO MAKE IT TO THE EXIT DOOR, AT THIS TIME SHERIFF'S OFFICER'S Lattanzi And Hensley RE-APPEARED IN THE INNER HALL WAY.

11), SHERIFF'S OFFICER'S, E. Lattanzi and G. Hensley VERBALLY ORDERED DETAINEE NORMAN BEECH TO STOP, HOWEVER NEITHER OFFICER ATTEMPTED TO PHYSICALLY STOP THE VIOLENT ATTACK ON PLAINTIFF BY DETAINEE NORMAN BEECH.

12), PLAINTIFF ATTEMPTED TO MOVE AROUND SHERIFF OFFICER JOHN DOE #1 TO ESCAPE THE CONTINUING VIOLENT ATTACK, HOWEVER WHEN THE ATTACKER NORMAN BEECH TURNED HIS ATTACK ON SHERIFF OFFICER'S E. Lattanzi and G. Hensley KNOCKING G. Hensley TO THE FLOOR, Lattanzi GRABBED PLAINTIFF AND USED PLAINTIFF AS A HUMAN SHIELD TO ONCE AGAIN TAKE THE FULL FORCE OF DETAINEE NORMAN BEECH'S VIOLENT ATTACK.

13), WHILE SHERIFF'S OFFICER, DEFENDANT E. Lattanzi HELD PLAINTIFF AS A HUMAN SHIELD, SHERIFF OFFICER, DEFENDANT G. Hensley ATTEMPTED TO CALL FOR BACK UP, HOWEVER, HIS RADIO WAS DISFUNCTIONAL AND HE WAS UNABLE TO CALL FOR BACK UP ASSISTANCE.

14), WHEN SHERIFF OFFICER, DEFENDANT G. Hensley REALIZED HIS RADIO WAS DISFUNCTIONAL HE UNLOCKED THE DOOR LEADING TO THE EXTERIOR HALLWAY AND FELL THROUGH IT.

15), AT THE TIME SHERIFF OFFICER DEFENDANT G. Hensley FELL THROUGH THE EXTERIOR HALL WAY DOOR ANOTHER SHERIFF'S DEPUTY WAS WALKING BY AND ASSISTED.

16), ONCE THE EXTERIOR HALL WAY DOOR WAS OPENED PLAINTIFF BROKE FREE OF SHERIFF'S OFFICER, DEFENDANT, E. Lottanzi AND ESCAPED TO THE EXTERIOR HALLWAY.

17), ONCE PLAINTIFF REACHED THE EXTERIOR HALL WAY HE WENT TO THE NURSES ROOM JUST UP THE HALL WERE HE SAW AN UNKNOWN BLACK FEMALE NURSE PREPARING MEDICATION "SHOTS", PLAINTIFF KNOCKED ON THE DOOR, WHEN THE NURSE SAW THAT PLAINTIFF WAS BLEEDING SEVERLY FROM THE RIGHT SIDE OF HIS HEAD AND FACE SHE OPENED THE DOOR AND ADMITTED PLAINTIFF WITHIN.

18), ONCE WITHIN THE NURSES ROOM THE NURSE IMMEDIATELY STARTED CLEANING THE BLOOD UP FROM PLAINTIFF, WHILE DOING SO SAID NURSE STATED " I HOPE THIS IS'NT FROM NORMAN BEECH, HE GET'S --- WHEN I'M LATE GIVING HIM HIS MEDICATION.

, 10

19), SAID UNKNOWN NURSE THEN FINISHED CLEANING AND TAPING PLAINTIFF'S FACIAL INJURIES AND PLAINTIFF WAS THEN ESCORTED TO THE (N.B.D.C.) MEDICAL DEPARTMENT.

20), UPON PLAINTIFF'S ARRIVAL AT (N.B.D.C.) MEDICAL DEPARTMENT, PLAINTIFF MET WITH DR. W.C. DAVIS.

21), DR. W.C. DAVIS, PERFORMED A MINOR EXAMINATION OF PLAINTIFF'S EXTERIOR OPEN WOUNDS AND THEN STATED, IT'S NOT BAD, DO YOU WANT ME TO STICH IT UP.

22), PLAINTIFF REPLIED (YES), PLAINTIFF ALSO REQUESTED XRAYS, HOWEVER, DEFENDANT DR. DAVIS, REFUSED, BUT WHEN PLAINTIFF CONTINUED TO DEMAND THAT XRAYS BE TAKEN. DEFENDANT DR. DAVIS, CALLED IN AN XRAY TECHNICIAN AND XRAYS WERE TAKEN.

23), AFTER DEFENDANT DR. DAVIS, EXAMINED PLAINTIFF'S XRAYS HE INFORMED PLAINTIFF THAT THERE WERE NO FRACTURES OF ANY KIND. HOWEVER WHILE DEFENDANT DR. DAVIS, AND THE XRAY TECHNICIAN WERE EXAMINING THE XRAYS IN THE XRAY ROOM JUST ACROSS THE HALL A LOUD DISCUSSION BROKE OUT BETWEEN THEM. PLAINTIFF OVERHEARD THE XRAY TECHNICIAN SAY AS FOLLOWS: "RIGHT THERE IT'S RIGHT THERE.

11

24), WHEN DEFENDANT DR. DAVIS, INFORMED PLAINTIFF THAT THERE WERE NO FRACTURES, PLAINTIFF ASKED DEFENDANT DR. DAVIS, TO ALLOW HIM TO SEE THE XRAYS AND TALK TO THE XRAY TECHNICIAN. HOWEVER, DEFENDANT DR. DAVIS BECAME ANGRY AND ORDER THE WAITING OFFICER TO REMOVE PLAINTIFF FROM THE MEDICAL DEPARTMENT.

25), PLAINTIFF WAS ESCORTED FROM (N.B.D.C.) MEDICAL DEPARTMENT TO 12-1-H-3 CONFINEMENT.

26), PLAINTIFF WAS HELD IN 12-1-H-3 CONFINEMENT ONE MAN CELL THROUGHOUT THE NIGHT OF APRIL 7, 1996, WITHOUT FURTHER MEDICAL ATTENTION, PLAINTIFF WAS NOT AFFORDED ANY MEDICATIONS EVEN THOUGH PLAINTIFF'S INJURIES WERE OF SUCH A SERIOUS NATURE THAT EVEN A LAY PERSON COULD HAVE SEEN THE NEED FOR MEDICAL ATTENTION.

27) ON THE MORNING OF APRIL 8, 1996, PLAINTIFF WAS PERMITTED TO SIT IN THE DAY ROOM. DURING THIS TIME THE DAY SHIFT MANAGER OF PROGRAMS MR. ROBINSON AND DEFENDANT, STANLEY HOLMES, ENTERED THE CELL BLOCK OF 12-1-H-3, BOTH WALKED AROUND PLAINTIFF THEN STOOD IN FRONT OF PLAINTIFF AND STARTED LAUGHING AT PLAINTIFF'S NUMEROUS INJURIES.

12

28), PLAINTIFF REQUESTED OF DEFENDANT STANLEY HOLMES, THAT HE BE TAKEN TO MEDICAL. PLAINTIFF EXPLAINED THAT HE WAS IN GREAT PAIN HOWEVER, DEFENDANT STANLEY HOLMES, JUST STOOD AND LAUGHED AT PLAINTIFF.

29), PLAINTIFF, REQUESTED OF DEFENDANT STANLEY HOLMES, TO BE PERMITTED TO PRESS CHARGES AGAINST HIS ATTACKERS. DEFENDANT STANLEY HOLMES THEN STATED "NOT IN THIS JAIL". DEFENDANT STANLEY HOLMES, THEN EXITED CELL BLOCK 12-1-H-3, LAUGHING AS HE LEFT.

30), ON APRIL 8, 1996, PLAINTIFF, WAS PERMITTED TO TO CALL HIS FAMILY. UPON CONTACTING HIS FAMILY HE WAS INFORMED THAT THEY HAD ALREADY BEEN CONTACTED BY AN UNKNOWN SOURCE.

31), PLAINTIFF'S FAMILY INFORMED HIM THAT THEY CONTACTED DEFENDANT DR. DAVIS. AND WERE TOLD THAT PLAINTIFF HAD RECEIVED NO SERIOUS INJURIES, NO FRACTURES.

32), ON APRIL 8, 1996, PLAINTIFF, FILED THE FIRST OF MANY GRIEVANCES.

33), ON APRIL 10, 1996, PLAINTIFF WAS TRANSFERED TO THE BROWARD COUNTY MAIN JAIL. OPEN POPULATION.

34) UPON PLAINTIFF'S ARRIVAL AT THE BROWARD COUNTY MAIN JAIL (B.C.M.J.), PLAINTIFF IMMEDIATELY SOUGHT MEDICAL ASSISTANCE BUT WAS DENIED.

35), FOR THE FOLLOWING TWO MONTHS OF PLAINTIFF'S STAY AT (B.C.M.J.). PLAINTIFF MADE IT A DAILY PRACTICE TO OBTAIN MEDICAL CARE. ALL PLAINTIFF'S EFFORTS WERE DENIED AND OR IGNORED.

36) IN JUNE OF 1996, PLAINTIFF WAS SUDDENLY TRANS-FERED BACK TO (N.B.D.C.), UPON HIS ARRIVAL PLAINT-IFF WAS PLACED IN CONFINEMENT UNDER FRAUDULENT DISCIPLINARY CHARGES. PLAINTIFF REMAINED IN CON-FINEMENT FOR APPROXIMATELY SIX MONTHS.

37) PLAINTIFF CONTINUED TO FILE REQUESTS, GRIEVANCES AND LETTERS FULLY DISCRIBING HIS SERIOUS MEDICAL NEED, THIS DOCUMENTS WERE FILED TO DEFENDANT'S SUSAN McCAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES, DR W.C. DAVIS.

38), PLAINTIFF'S CRIMINAL ATTORNEY WAS FORCED TO HAVE PLAINTIFF'S CRIMINAL CASE POSEPONED DO TO THE SERIOUSNESS OF PLAINTIFF'S INJURIES, PLAINTIFF'S ATT-ORNEY VERBALLY PETITIONED THE COURT FOR ASSISTANCE IN ACQUIRING MEDICAL CARE FOR PLAINTIFF.

39), UPON THE ISSUENCE OF AN ORDER BY THE COURT TO THE BROWARD COUNTY SHERIFF, PETITIONER WAS FINALLY AFFORDED MEDICAL CONSULTATIONS WITH DEFENDANT'S DR. UECKER, DR. TREVOR WEATHORS, DR. CLINE AND DR. G. PEARSON.

40), EVEN THOUGH ALL DEFENDANT'S LISTED IN FACT (39) AFFORDED PLAINTIFF A VERBAL CONSULTATION, NO ACTUAL CARE OR TREATMENT WAS EVER SUPPLIED TO PLAINTIFF.

41), THROUGHOUT THE COURSE OF THE CONSULTATIONS WITH THE ABOVE LISTED DEFENDANT'S, MANY TREATMENTS SUCH AS OMF SURGERY WERE SUGGESTED HOWEVER, PLAINTIFF WAS DENIED ANY AND ALL MEDICAL CARE AND OR TREATMENT. SEE: EXHIBIT (A).

42), PLAINTIFF'S LAST AND FINAL MEDICAL CONSULTATION AT (N. B.D.C.) WAS WITH DEFENDANT DR. CLINE. PLAINTIFF INFORMED DEFENDANT DR. CLINE THAT HE INTENDED TO SUE FOR DAMAGES, PAIN AND SUFFERING AND VIOLATION OF HIS RIGHTS TO DUE PROCESS, AT THIS TIME DEFENDANT DR. CLINE DISCLOSED THE FOLLOWING TO PLAINTIFF; 1) THE FACT THAT ALL DEFENDANT'S LISTED HEW OF PLAINTIFF'S SERIOUS MEDICAL NEED, 2), THAT THE DECISION TO DENY PLAINTIFF THE NEEDED MEDICAL TREATMENT WAS UNANIMOUS BASED ON THE EXTREME COST SAID TREATMENT WOULD REQUIRE.

## STATEMENT OF CLAIM

DEFENDANT'S, KEN JENNE, SUSAN McCAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES, DENIED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE 14TH AND 5TH AMENDMENT OF THE UNITED STATES CONSTITUTION. THIS CLAIM IS MADE ON THE VERY CLEAR FACTS THAT (1), DEFENDANT'S, DENIED PLAINTIFF PROPER PROCEDURAL - - CONDUCT IN THE ACCESSING OF THE (N.B.D.C.) GRIEVANCE PROCEDURE, (2), PLAINTIFF, WAS PLACED IN SEGREGATION WITHOUT DUE PROCESS PROCEDURES. (3), PLAINTIFF WAS DE-NIED ACCESS TO THE COURTS.

DEFENDANT'S KEN JENNE, SUSAN McCAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES, DR. W.C. DAVIS, DR. UE-CKER, DR. TREVOR WEATHORS, DR. CLINE, DR. PEARSON, AND DR. G. PEARSON, WERE ALL INFORMED BY PLAINT-IFF AND THE COURTS OF PLAINTIFF'S SERIOUS MEDICAL NEED THEREFORE SAID DEFENDANT'S KNEW OR SHOULD HAVE KNOWN OF SAID SERIOUS MEDICAL NEED. HOW-EVER, SAID DEFENDANT'S CHOSE OF THEIR OWN ACCORD TO BE DELIBERATELY INDIFFERENT TO THIS SERIOUS MEDICAL NEED AND THEREFORE, DENIED PLAINTIFF ADEQUATE MEDICAL TREATMENT AND CARE FOR THE KNOWN SER-IOUS INJURIES OF PLAINTIFF. IN VIOLATION OF THE 8TH

AMENDMENT OF THE UNITED STATES CONSTITUTION.


DEFENDANT'S, KEN JENNE, SUSAN McCAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES, E. Lattanzi and G. Hensley ARE RESPONSIBLE FOR PROVIDING REASONABLE SAFETY FOR PRISONERS. THE ABOVE LISTED DEFENDANTS ARE DIRECTLY RESPONSIBLE FOR THE FAILURE TO PROTECT PLAINTIFF FROM A KNOWN VIOLENTLY DISTURBED OFFENDER. THE TOTAL RECKLESS DISREGARD OF THE ABOVE LISTED DE- FENDANT'S BY ALLOWING A KNOWN VIOLENT, MENTA- LLY DISTURBED OFFENDER DETAINEE TO BE PLACED IN THE DIRECT PRESENCE OF OTHER DETAINEE'S IS A CLEAR SHOWING OF DELIBERATE INDIFFERENCE TO THE SAFETY OF PLAINTIFF AND OTHER (N.B.D.C.) DETAINEE'S.


DEFENDANT, EMERGENCY MEDICAL SERVICES ASSOCIATION AND THE POLICY'S THEREOF ARE DIRECTLY RESPONSIBLE FOR THE DENIAL OF ADEQUATE MEDICAL CARE TO PLAINTIFF. THE STATEMENT MADE BY DEFENDANT DR. CLINE TO PLAINTIFF, CONCERNING THE FACT THAT SAID DENIAL OF ALL MEDICAL CARE "TREATMENT" "SURGERY" WAS BASED ON THE EXTREME COST OF SAID TREATMENT IS A CLEAR SHOWING OF THE EXSISTANCE OF A POLICY TO DENY COSTLY MEDICAL TREATMENT

19

## CLAIMS FOR RELIEF

### CLAIM UNDER THE VIOLATION OF AMENDMENT 5 AND 14
### DENIAL OF DUE PROCESS

THE DEFENDANT'S, KEN JENNE, SUSAN MCCAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES, E. Lattanzi and G. Hensley ARE EMPLOYEE'S OF THE PUBLIC, WHO IN THIER SERVICE ACT UNDER COLOR OF STATE LAW, THESE DEFENDANT'S HAVE SUBJECTED AND/OR CAUSED TO BE SUBJECTED, THE PLAINTIFF TO CIVIL RIGHTS VIOLATIONS, FURTHERMORE SAID DEFENDANT'S COMMITTED ACTS OF EXTRINSIC FRAUD IN ORDER TO MASK THIER EARLIER ILLEGAL ACTIONS. DEFENDANT'S ACTS AND OR OMMISSIONS IN THIS CAUSE ARE DIRECTLY TO BLAME FOR THE VERY SERIOUS INJURIES SUFFERED BY PLAINTIFF.

FURTHERMORE, THE DEFENDANT'S ACTS AND/OR OMISSIONS HAVE BROUGHT ABOUT CRUEL AND UNUSUAL PUNISHMENT ON THE PLAINTIFF. NOT ONLY WAS PLAINTIFF DENIED DUE PROCESS OF LAW, THIS DENIAL COUPLED WITH UNDUE SEGREGATION TO HIDE PLAINTIFF'S SERIOUS INJURIES FROM THE EYES OF THE PUBLIC CAUSED PLAINTIFF TO SUFFER UNJUSTLY.

## CLAIMS FOR RELIEF

### CLAIM UNDER VIOLATION OF AMENDMENT 8,
### DENIAL OF MEDICAL CARE

DEFENDANT'S KEN JENNE, SUSAN McCAMPBELL, BARBARA HANSON-EVANS, STANLEY HOLMES , DR. W.C. DAVIS, DR. UECKER , DR. TREVOR WEATHORS, DR. CLINE, DR. PEARSON , DR. G. PEARSON AND EMERGENCY MEDICAL SERVICES ASSOCIATION, (E.M.S.A), ARE DIRECTLY RESPONSIBLE FOR THE DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHT TO ADEQUATE MEDICAL CARE, THE ACTS AND/OR OMISSISIONS OF THESE DEFENDANT'S HAVE NOT ONLY CAUSED PLAINTIFF TO SUFFER CRUELY AND INHUMANLY, THE DAMAGES TO PLAINTIFF ARE NOW UNREPAIRABLE, FIRST, THERE IS THE FACT THAT PLAINTIFF WAS SERIOUSLY INJURED WHILE IN THE CUSTODY AND CARE OF ALL DEFENDANT'S LISTED HEREIN SECOND THE DEFENDANT'S LISTED ABOVE KNEW AND OR SHOULD HAVE KNOWN OF PLAINTIFF'S SERIOUS MEDICAL NEED. HOWEVER, SAID DEFENDANT'S DELIBERATELY AND MALICIOUSLY DENIED PLAINTIFF THE SERIOUSLY NEEDED MEDICAL CARE HE REQUIRED. THEREFORE , PLAINTIFF NOW FACES THE REMAINDER OF HIS LIFE SUFFERING FROM THE NOW PERMANENT PHYSICAL DAMAGE HE SUFFERED AT THE HANDS OF THE DEFENDANT'S.

## <u>NOTE</u>

PLAINTIFF DECLARES THAT HE HAS DOCUMENTED EVIDENCE OF WHICH WILL UPHOLD ALL ALLEGATIONS STATED HEREIN. HOWEVER, SAID DOCUMENTED EVIDENCE IS PRESENTLY BEING STORED IN A LOCATION OUTSIDE PLAINTIFF'S PRESENT IN-STITUTION. PLAINTIFF IS AT PRESENT MAKING EVERY POS-SIBLE ATTEMPT TO REOBTAIN THIS EVIDENCE. HOWEVER,THE WHEELS OF THE DEPARTMENT OF CORRECTIONS ARE SLOW IN TURNING. THEREFORE, PLAINTIFF PRAYS THIS HONORABLE COURT WILL PERMIT HIM THE OPPORTUNITY TO SUBMIT THIS EVIDENCE AT A LATER DATE

RESPECTFULLY

Sept 6, 2001

William M McGrase

'20

## RELIEF SOUGHT

1), THE DENIAL OF PLAINTIFF'S RIGHTS TO DUE PROCESS OF LAW BY
DEFENDANT'S, KEN JENNE, SUSAN McCAMPBELL, BARBARA HAN-
SON-EVANS, STANLEY HOLMES, AND E. Lattanzi and G. Hensley
VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE 5TH
AND 14TH AMENDMENT.

2), THE DENIAL OF MEDICAL CARE BY DEFENDANT'S, KEN JENNE,
SUSAN McCAMPBELL, BARBARA HANSON-EVANS, STANLEY --
HOLMES, DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHORS,
DR. CLINE, DR. PEARSON, DR. G. PEARSON, AND EMERGENCY
MEDICAL ASSOCIATION, VIOLATED PLAINTIFF'S CONSTITUTIONAL
RIGHTS UNDER THE 8TH AMENDMENT.

WHEREFORE, PLAINTIFF REQUEST (PRAYS) THAT THIS
HONORABLE COURT WILL GRANT THE FOLLOWING RELIEF.

A), AWARD COMPENSATORY DAMAGES FOR PAIN AND SUFFER-
ING IN THE FOLLOWING AMOUNTS

1) ONE MILLION DOLLARS $ 1,000,000.00 FROM EACH OF
THE DEFENDANT'S LISTED HEREIN.

21

B). AWARD PUNITIVE DAMAGES AS THIS HONORABLE COURT DEEMS PLAINTIFF IS ENTITLED TO.

C). AWARD ANY OTHER RELIEF AS IT MAY APPEAR THE PLAINTIFF IS ENTITLED.

D). AWARD ALL COST FOR LEGAL FEES PLAINTIFF MAY ACQUIRE DURING COURSE OF THIS ACTION Ie, ATTORNEY FEES, INVESTIGATORY FEES AND ANY AND ALL OTHER REASONABLE FEES ACQUIRED.

SEPTEMBER 6 , 2001
        DATE

RESPECTFULLY SUBMITTED
William M Hicks prose
William M Hicks #664670
EVERGLADES CORRECTIONAL INST
P.O. BOX 949000      H-2,215
Miami, Florida  33194-9000

## CERTIFICATE OF SERVICE

I _William M Hicks_, Pro se, Hereby certify that a true AND correct copy of the foregoing Amended complaint naming both John Does have been turned over to prison officials to mail by U.S. mail and copies sent to: Summer Barranco, esq 1322 S.E. 3rd Avenue Ft. Lauderdale 33316 and to McCallister, P.A. 2801 Ponce de leon blvd, 9Th FL Coral Gables, Fla 33134 this ___6___ Day of september, 2001.

## NOTARIZED OATH

UNDER PENALTY OF PURJURY, I _William M Hicks_, HEREBY SWEAR THAT All CONTAINED IN THE FOREGOING 42 U.S.C. § 1983 complaint is TRUE AND CORRECT.

STATE OF FIORIDA
COUNTY OF DADE



AMENDED COMPLAINT
WILLIAM G. BERNARD
MY COMMISSION # CC 735666
EXPIRES: 04/21/2002
1-800-3-NOTARY   Fla Notary Services & Bonding Co.
INMATE I.D. PROVIDED

_William m Hicks_ 664670
SIGNATURE                    DC #

_Cecil H. B_____
NOTARY SIGNATURE

6 SEPTEMBER 2001
DATE

23