UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM M. HICKS,

    Plaintiff,

vs.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS, STANLEY
HOLMES, JOHN DOE'S #1 and #2,
DR. W.C. DAVIS, DR. UCKER,
DR. TREVOR WEATHORS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON,
EMERGENCY MEDICAL SERVICES ASSOC.,

    Defendants.
_____/

Case No. 00-6087-CIV-Dimitrouleas

NIGHT BOX
FILED
OCT 12 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## DEFENDANTS SHERIFF, HANSON-EVANS AND HOLMES' OBJECTION TO PLAINTIFF'S MOTIONS FOR COURT ORDER TO SERVE WITNESS SUBPOENAS FOR DEPOSITIONS

The Defendants, SHERIFF, HANSON-EVANS and HOLMES through their undersigned attorneys, file this their Objection to Plaintiff's Motions for Court Order to Serve Witness Subpoenas for Depositions and would state as follows:

On October 1st, 3rd and 5th, of 2001, the office of the undersigned received three separate documents entitled "Plaintiff's Motion for Court Order to Serve Witness Subpoenas for Depositions" together with form subpoenas directed to several individuals and packets entitled "Deposition Upon Written Questions." Therein, Plaintiff cites to Rule 31 of the Federal Rules of Civil Procedure and instructs each individual "to respond in his [or her] own words to each question asked. This is to be done within (14) days of recieving (sic) this Deposition. No attorney is needed but you must have all

1

your responses notarized by an official notary. Then hand deliver to plaintiff at listed address." The individuals Plaintiff seeks to "depose" pursuant to Rule 31 are:

a) Miss E. Davis, Mental Health Dept., Everglades Correctional Institution

b) Dr. Francisco Fonte, D.D.S., Everglades Correctional Institution

c) Dr. Gonzalez, M.D., C.H.O., Everglades Correctional Institution

d) Toby L. Fox, DC# A-962340, Everglades Correctional Institution

e) Darcy H. Rose DC# 593360, Everglades Correctional Institution

f) Dr. Jeffrey F. Elliot, D.M.D., Coral Springs Oral and Maxillofacial

g) Dr. Charles D. Russo, D.M.D., Coral Springs Oral and Maxillofacial

Rule 31 states in pertinent part:

> **(a) Serving Questions, Notice.**
>
> (1) A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45.
>
> (2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2),[1] if the person being examined is confined in prison....
>
> (3) A party desiring to take a deposition of written questions shall serve them upon every other party with a notice stating (1) the name

---

[1] Rule 26(b)(2) states in pertinent part: The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

2

and address of the person who is to answer them,..., and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken....

**(b) Officer to Take Responses and Prepare Record.** A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by the officer.

The Defendants Sheriff, Hanson-Evans and Holmes would object to the Plaintiff's Motions on several grounds. Plaintiff, who is confined at Everglades Correctional Institution in Miami, Florida, and who is proceeding pro se, apparently misconstrues the requirements of Rule 31. He has failed to specify who these individuals are, what their knowledge is regarding this matter, what relevance their testimony has to the subject suit, and perhaps most importantly, has failed to designate the officer who will take the responses and prepare the record pursuant to Rule 31 and has failed to show how payment will be made to take such depositions upon written questions.

The motions should be denied.

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail to **WILLIAM M. HICKS, Plaintiff, DC#664670**, c/o Everglades Correctional Institution, P.O. Box 949000, Miami, Florida 33194-9000 and **JOEL SHULMAN, ESQUIRE**, 2801 Ponce de Leon Blvd., 9th Floor, Coral Gables, Florida 33134 this 15th day of October, 2001.

> PURDY, JOLLY & GIUFFREDA, P.A.
> Attorneys for Defendants SHERIFF,
> HANSON-EVANS & HOLMES
> 1322 S.E. Third Avenue
> Fort Lauderdale, Florida 33316
> Telephone: (954) 462-3200
> Facsimile: (954) 462-3861
>
> BY: _____
> SUMMER M. BARRANCO
> Florida Bar No. 984663