UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM M. HICKS,                               Case No. 00-6087-CIV-Dimitrouleas

    Plaintiff,

vs.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS, STANLEY
HOLMES, JOHN DOE'S #1 and #2,
DR. W.C. DAVIS, DR. UCKER,
DR. TREVOR WEATHORS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON,
EMERGENCY MEDICAL SERVICES ASSOC.,

    Defendants.
_____/

NIGHT BOX
FILED
OCT 12 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### DEFENDANTS SHERIFF, HANSON-EVANS AND HOLMES' OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The Defendants, SHERIFF, HANSON-EVANS and HOLMES through their undersigned attorneys, file this their Objection to Plaintiff's Motion for Leave to File Amended Complaint which contained a certificate of service dated September 25, 2001, but was delivered via private courier (South Florida Courier Systems, Inc.) to the office of the undersigned on October 10, 2001 and would state as follows:

1.     On October 10, 2001, the office of the undersigned received a three-page document entitled "Motion for Leave to File Amended Complaint" together with a twenty-three page document entitled "Amended Complaint Under The Civil Rights Act, 42 U.S.C. §1983." In his Motion, the Plaintiff requests leave to "file an amended complaint adding two parties." The Plaintiff further states

1



that "[s]ince the filing of the complaint the Plaintiff has determined that the name of John Doe one defendant is Claudio Lattanzi...[and] the name of John Doe two Defendant is Deputy Gary Hensley." (See Plaintiff's Motion at pages 1 and 2).

2. On January 18, 2000, the Plaintiff Hicks filed a Complaint in this action. Thereafter, on November 27, 2000, the Plaintiff filed an Amended Complaint which named, among others John Does #1 and #2 as defendants. The Defendants Hanson-Evans and Holmes filed a Motion to Dismiss/Motion to Strike on or about June 27, 2001. In response thereto, on or about July 16, 2001, the Plaintiff filed a document with several exhibits including an event report which included the names of the deputies involved in the 1996 subject incident which Plaintiff now seeks to add as party defendants to this action (Claudio Lattanzi and Gary Hensley).[1]

3. The Defendants Sheriff, Hanson-Evans and Holmes object to the Plaintiff's Motion for Leave to File Amended Complaint. Although leave of court to amend should be freely given when so required, leave to amend is properly denied if, such as here, the amendment would be futile. See Williams v. Little Rock Municipal Waterworks, 21 F.3d 218 (8th Cir. 1994); California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988); see also, Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66 (1st Cir.), cert. denied, 116 S.Ct. 171 (1995). Here Plaintiff wishes to add deputies Claudio Lattanzi and Gary Hensley as defendants in this matter some twenty (20) months after the original complaint in this action was filed and some ten (10) months after his amended complaint was

---

[1] It should be noted that on May 8, 1996 the Plaintiff filed a Complaint in case number 96-CV-6496-UNGARO-BENAGES alleging the same or substantially similar allegations concerning the early 1996 incident. That matter was dismissed without prejudice after Plaintiff filed a Motion to Dismiss without Prejudice.

filed.[2] The amended complaint alleges that the subject incident occurred on April 7, 1996. (See Amended Complaint at page 7). Assuming this to be true, the applicable statute of limitations would have expired on April 7, 2000. Therefore the claims Plaintiff now seeks to bring against Lattanzi and Hensley are untimely and would be barred by the statute of limitations anyway. See Wayne v. Jarvis, 197 F.3d 1098 (11th Cir. 1999), cert. denied, 529 U.S. 1115 (2000). Moreover, the new amended complaint would not relate back to the original complaint filed by the Plaintiff in January 2000. See id (pro se inmate's lack of knowledge regarding identities of deputy sheriffs was not a mistake concerning the identity of the proper party, and thus, inmate's amendment to §1983 complaint arising from beating by fellow inmates, to replace "John Doe" deputy sheriffs with specifically-named defendants, did not relate back to original complaint, so as to avoid limitations bar).

The motion should be denied.

---

[2]Moreover, Plaintiff now wishes to name these individuals as defendants over five (5) years after his original complaint was filed in the first action referenced above.

[3]As pointed out by the Magistrate in her Report dated August 9, 2001, the subject incident more likely occurred on February 9, 1996 as suggested by Plaintiff's exhibits filed in response to the Defendants' Motion to Dismiss. (See Magistrate's Report at page 9/footnote 6).

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail to **WILLIAM M. HICKS, Plaintiff, DC#664670**, c/o Everglades Correctional Institution, P.O. Box 949000, Miami, Florida 33194-9000 and **JOEL SHULMAN, ESQUIRE**, 2801 Ponce de Leon Blvd., 9th Floor, Coral Gables, Florida 33134 this 15th day of October, 2001.

PURDY, JOLLY & GIUFFREDA, P.A.
Attorneys for Defendants SHERIFF,
HANSON-EVANS & HOLMES
1322 S.E. Third Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 462-3200
Facsimile: (954) 462-3861

BY: _____
SUMMER M. BARRANCO
Florida Bar No. 984663