UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM M. HICKS,

    Plaintiff,

vs.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS, STANLEY
HOLMES, JOHN DOE'S #1 and #2,
DR. W.C. DAVIS, DR. UCKER,
DR. TREVOR WEATHORS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON,
EMERGENCY MEDICAL SERVICES ASSOC.,

    Defendants.
_____/

Case No. 00-6087-CIV-Dimitrouleas

NIGHT BOX FILED
NOV - 2 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### DEFENDANTS SHERIFF, HANSON-EVANS AND HOLMES' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO COMPEL DISCOVERY/ DEFENDANTS' SHERIFF, HANSON-EVANS AND HOLMES' MOTION FOR PROTECTIVE ORDER (AND MEMORANDUM OF LAW)

The Defendants KEN JENNE, Sheriff of Broward County, Florida, BARBARA HANSON-EVANS and STANLEY HOLMES, through their undersigned attorneys, respond to Plaintiff's Motion for Order to Compel Discovery and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, file this their Motion for Protective Order (and Memorandum of Law) and in support thereof would state as follows:

1. The Plaintiff, who is proceeding pro se, brought his Amended Complaint pursuant to Title 42 U.S.C. §1983 which alleges that he was attacked by a fellow inmate for no apparent reason and sustained serious injuries. He further claims that the subsequent medical care and treatment he received while incarcerated at the North Broward Detention Center (NBDC) and Broward County



main jail was inadequate.[1]

2. On October 23, 2001, the office of the undersigned received a Motion for Order to Compel Discovery. Therein the Plaintiff, who is pro se and is currently incarcerated at Everglades Correctional Institution serving a life sentence for murder, requests the Court to issue an order compelling the Defendants to comply with his discovery requests. Specifically, as to the Defendants Sheriff, Hanson-Evans and Holmes[2], the Plaintiff attaches as Exhibit F a document entitled "Discovery Request" dated September 13, 2001, directed to the Defendant Sheriff requesting that pursuant to Rule 26(a)(1)(A) the Plaintiff be provided with a copy of the "complete employee file in B.S.O control" of the Defendant Susan McCampbell as well as her complete home address, phone number, "as well (sic) any other known addresses counsel knows about." The Plaintiff also requests the "complete B.S.O. files" for deputies Gary Hensley and Elaudio Lattanzi as well as their home addresses, phone numbers and "any other known addresses." Plaintiff states he needs this information so he may serve the named individuals with the complaint. (See Plaintiff's Discovery Request at page 2).

3. In response thereto, on September 24, 2001, the Defendant Sheriff objected to the discovery request stating that as the Plaintiff was an incarcerated pro se individual, the action was exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1). (See Exhibit E to Plaintiff's Motion).

4. In response to Plaintiff's Motion, these Defendants would state that their objection as noted

---

[1] Other claims contained in the Amended Complaint regarding denial of due process and access to the courts was dismissed by order of the Court dated August 24, 2001.

[2] It should be noted that although the only discovery request which is the subject of the Plaintiff's present motion to compel as to any of these defendants is directed to only the Defendant Sheriff Jenne, Plaintiff's motion references all three of these defendants. Therefore, this motion is being filed on behalf of all three defendants (Sheriff, Hanson-Evans and Holmes).

above was appropriate and supported by the Federal Rules of Civil Procedure.

5. Additionally, as the Plaintiff has recently made other requests for this information and/or documentation, these Defendants would move this Court for a protective order from being required to provide the information/documentation sought by the Plaintiff in his discovery request on the grounds as more fully set forth in the attached memorandum of law.

Further, and in support of this motion, these Defendants would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(b)(2) allows a district court to limit the scope or sequence of discovery with broad discretion where the burden or expense of the proposed discovery outweighs its likely benefit.[3] Furthermore, the Court may bar discovery altogether as required "to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c). Simply put, a district court has broad discretion to control discovery. See Phipps v. Blakeney, 8 F.3d 788 (11th Cir. 1993); Lee v. Etowah County Bd. of Education, 963 F.2d 1416 (11th Cir. 1992); see also Crawford-El v. Britton, ___ U.S. ___, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)(discusses district court's broad discretion under Rule 26).

The Defendants object to the Plaintiff's request for the employee or personnel files of the named individuals (McCampbell, Lattanzi and Hensley) including their home addresses and telephone

---

[3] Rule 26(b)(2) states in pertinent part: The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

numbers on several grounds. First, all three individuals (McCampbell, Lattanzi and Hensley) are or were law enforcement officials and as such their home addresses and telephone numbers are privileged under Florida law pursuant to Florida Statute 119.07(3)(i). Additionally, on or about September 25, 2001, Plaintiff filed a Motion for Leave of Court to Amend the Complaint to add Lattanzi and Hensley as Defendants. These Defendants filed an Objection thereto. The motion remains pending. Unless and until Plaintiff is granted leave to amend to add Lattanzi and Hensley as defendants, there is no reason to have them served with the complaint and therefore Plaintiff's request is premature (and possibly moot). Further, given Plaintiff's incarcerated pro se status and the severity of the crime for which he is incarcerated (First Degree Murder), he has not shown why he requires these individuals actual personnel or employee files or whether he can afford to pay the costs associated with copying them. It should also be noted that the allegations of this suit date back to as early as 1996 and Plaintiff clearly could have personally requested (or had someone request on his behalf) such documentation well before the present time by way of a public records request. Based on the foregoing, it is appropriate for the Court to enter a protective order regarding the Plaintiff's request and any future requests plaintiff may make for such information and/or documentation.

As Plaintiff is an incarcerated pro se individual, undersigned counsel has not attempted to contact him regarding this motion.

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail to **WILLIAM M. HICKS, Plaintiff, DC#664670**, c/o Everglades Correctional Institution, P.O. Box 949000, Miami, Florida 33194-9000 and **JOEL SHULMAN, ESQUIRE**, 2801 Ponce de Leon Blvd., 9th Floor, Coral Gables, Florida 33134 this 5th day of November, 2001.

> PURDY, JOLLY & GIUFFREDA, P.A.
> Attorneys for Defendants SHERIFF,
> HANSON-EVANS & HOLMES
> 1322 S.E. Third Avenue
> Fort Lauderdale, Florida 33316
> Telephone: (954) 462-3200
> Facsimile: (954) 462-3861
>
> BY: _____
> SUMMER M. BARRANCO
> Florida Bar No. 984663

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM M. HICKS,					Case No. 00-6087-CIV-Dimitrouleas

    Plaintiff,

vs.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS, STANLEY
HOLMES, JOHN DOE'S #1 and #2,
DR. W.C. DAVIS, DR. WECKER,
DR. TREVOR WEATHORS, DR. CLINE,			**ORDER**
DR. PEARSON, DR. G. PEARSON,
EMERGENCY MEDICAL SERVICES ASSOC.,

    Defendants.
_____/

THIS MOTION is before the Court upon Defendants SHERIFF, HANSON-EVANS and HOLMES' Motion for Protective Order. The Court has carefully reviewed said Motion and after due consideration, it is

**ORDERED AND ADJUDGED** that the Defendants SHERIFF, HANSON-EVANS and HOLMES' Motion for Protective Order and the same is hereby

_____

_____

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of _____, 2001.

                                            _____
                                            HONORABLE WILLIAM P. DIMITROULEAS

Copies furnished:                       United States District Judge
Summer M. Barranco, Esquire
William M. Hicks, Pro Se Plaintiff
Joel Shulman, Esquire