UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-Civ-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

WILLIAM M. HICKS,

    Plaintiff,

v.                    ORDER ON PENDING MOTIONS

KEN JENNE, et al.,

    Defendants.

_____

This Cause is before the Court upon motions by the plaintiff and defendants (DE#s 95, 96, 97, 98, 99, 100, 108, 110, and 111), and an undocketed motion by the plaintiff, captioned "Plaintiff's Motion for Court Order," which is dated October 31, 2001, but was filed with the Clerk of Court on October 30, 2001.[1]

Upon Consideration, and review of the record, it is thereupon

ORDERED AND ADJUDGED, as follows:

1. **The defendants' motion (DE# 95)**, for leave to take the plaintiff's deposition, **is granted.** Counsel may depose the plaintiff under such reasonable conditions as may be prescribed by authorities at the prison wherein he is confined. Counsel for the defendants is cautioned that this is an unrepresented pro se plaintiff. The Court expects counsel to be circumspect and

---

[1] The original copy of the "Plaintiff's Motion for Court Order" apparently went astray. A copy of the "Plaintiff's Motion for Court Order," marked "Duplicate Original" and "Copy for Judge," which was received in chambers, has been sent to the Clerk so that it may be docketed and placed in the official Court file.

assiduously guard against any overreaching or the taking of any unfair advantage of an unschooled individual who is not represented by counsel.

2.  **The plaintiff's motion (DE# 96)**, for an Order directing the United States Marshal to serve a subpoena upon "Everglades Correctional Institution, ATTN: Wexford Medical Records" so that he can obtain copies of his medical files, dental records, and x-ray reports, **is denied.**

The Everglades Correctional Institution and Wexford Medical Records are not parties to this Section 1983 civil rights suit.

In essence, the plaintiff is asking that non-parties (the Everglades Correctional Institution, and Wexford Medical Records), be required to produce copies of documents which are part of his Florida Department of Corrections medical record.

The District Court cannot order the service of subpoenas at government expense in a civil action, even on behalf of a litigant who is proceeding *in forma pauperis*. Lloyd v. McKendree, 749 F.2d 705, 706 (11 Cir. 1985). The non-parties from whom the plaintiff seeks the documentation in question has no obligation to produce copies of such documents at no cost. The plaintiff as a pro se civil litigant must bear his own expenses of litigation, such as the cost of photocopying documents, except that he need not prepay

the costs of Court functionaries, having been permitted to proceed in forma pauperis. The Court has no financial resources to pay for records subpoenaed from an non-party to this litigation. The plaintiff has made no provision for the costs and expenses of subpoenaing the items he wishes to obtain, and the Court therefore cannot issue a subpoena for the documentation he requests. See McNeil v. Lowney, 831 F.2d 1368 (7 Cir. 1987) (District Court lacked statutory authority to waive witness fees for litigant proceeding in forma pauperis, and right of access to the court did not independently include waiver of witness fees so that indigent litigant could present his case).

3. **The plaintiff's motions (DE#s 97, 98, and 99)**, for the service of subpoenas for the taking of depositions upon written questions, **are denied**. The persons upon whom the plaintiff seeks to have subpoenas served are not parties to this lawsuit, and he has made no provisions for the costs and expenses of subpoenaing the non-parties.

4. **The plaintiff's motion for leave to amend (DE# 100), is denied**. The plaintiff seeks to further amend his amended pleading (DE# 53), to insert the names of Deputy Elaudio Lattanzi and Deputy Gary Hensley in the body of the amended complaint (DE# 53) where the two men were previously named, respectively, as defendants John Doe #1 and John Doe #2.

The plaintiff indicates in the motion (DE# 100 which is dated September 25, 2001, and was filed with the Clerk on October 10, 2001) that he has determined that the defendants Doe are Lattanzi

3

and Hensley. Other defendants in the case have filed objections, through counsel, arguing that the motion for leave to amend to substitute Lattanzi and Hensley for Does #1 and #2 should be denied, because the events involving the two defendants occurred in April of 1996, more than four years before the defendants were identified by the plaintiff by name, and that pursuant to Eleventh Circuit case law, <u>Wayne v. Jarvis</u>, 197 F.3d 1098 (11 Cir. 1999), the claims against the two defendants are time barred, since they were not timely designated by name and served with summonses and complaints. A separate Report has been entered this date recommending that as to the two defendants, Deputy Elaudo Lattanzi (formerly John Doe #1) and Deputy Gary Hensley (formerly John Doe #2), the claims in the amended complaint be dismissed, as time barred, pursuant to <u>Wayne v. Jarvis</u>, <u>supra</u>, and other applicable law pertaining to the period of limitations for claims alleged against them.

5.   **The plaintiff's motion (DE# 108)** to compel answers to discovery requests propounded to the defendants on September 18 and September 22, 2001 [DE# 108, Exhibits C and D, respectively], and discovery requests propounded to defendant Jenne through his attorney on September 13, 2001 [DE# 108, Exhibit F], **is granted solely to the extent provided in paragraph "5. a." of this Order, below, <u>and is otherwise denied</u> for reasons states in paragraph "5. b." of this Order.**

    a.   Pursuant to the last portion of Request #1 of the September 13, 2001 discovery propounded to defendant Jenne [seeking documents and information relating to defendant Susan

4

        McCampbell][2], if a current <u>work address</u> for the defendant Susan McCampbell is in the possession or control of the defendant Jenne, he shall provide the plaintiff with such information.

   b.    The remainder of the plaintiff's requests, as reflected in DE# 108, Exhibits C, D, and F, are denied. These include: requests for information concerning non-parties for which there is no stated need [Ex. C; Ex. D, requests 1 and 2]; requests relating to defendant EMSA which are overbroad [Ex. D, request 3]; and requests concerning McCampbell, Hensley, and Lattanzi which are overbroad and/or intrude on privacy (i.e. requests for complete employee files, home addresses, and home telephone numbers).

6.   **The plaintiff's motion (DE# 111)**, to compel the production of addresses for Susan McCampbell, Gary Hensley, and Elaudio Lattanzi, **is denied, except as provided in paragraph "5. a." of this Order with respect to a current work address for McCampbell.**

7.   **The Motion for Protective Order (DE# 110)**, filed jointly by the defendants Jenne, Hanson-Evans, and Holmes, **is granted, except as provided in provided in paragraph "5. a." of this Order with respect to a current work address for McCampbell.**

---

    [2]    An unexecuted return of service, was filed for Susan McCampbell (DE# 82, filed August 15, 2001) indicating that McCampbell could not be served with process at the Broward Sheriff's Office ("BSO") because she no longer works for the BSO, and she left no forwarding address.

5

8. **The plaintiff's undocketed motion, captioned "Plaintiff's Motion for Court Order,"** which is dated October 31, 2001, but was filed with the Clerk of Court on October 30, 2001, **is granted,** to the extent that he requests a ruling on his motion (DE# 96) to subpoena medical records from a non-party, and a ruling on the motion (DE# 96) is included in paragraph 2 of this Order.

9. The November 16, 2001 deadline for completion of discovery, which was set by the scheduling Order entered on September 11, 2001 (DE# 94), is extended by 30 days. The parties shall have until Monday, December 17, 2001, to complete discovery, including the filing of all motions relating to discovery.

DONE AND ORDERED at Miami, Florida this _14_ day of November, 2001.

                                                                           UNITED STATES MAGISTRATE JUDGE

cc: William M. Hicks, <u>Pro Se</u>
    DC# 664670
    Everglades Correctional Institution
    1601 S.W. 187th Avenue
    P. O. Box 65-9001
    Miami, FL 33265-9001

    Summer Marie Barranco, Esquire
    Purdy, Jolly, & Giuffreda, P.A.
    1322 S.E. Third Avenue
    Ft. Lauderdale, FL 33316

    Joel L. Schulman, Esquire
    O'Connor, Chimpoulis, Restanti,
      Marrero & McCallister, P.A.
    2801 Ponce de Leon Blvd., 9th Floor
    Coral Gables, FL 33134