UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-Civ-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

WILLIAM M. HICKS,          :

    Plaintiff,            :

v.                         :     REPORT OF
                                 MAGISTRATE JUDGE
SHERIFF KENNETH JENNE, et al.,:

    Defendants.           :
_____

FILED by ___ D.C.
MAG. SEC.

NOV 14 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. FLA MIAMI

## I. Introduction

In this <u>se</u> civil rights action pursuant to 42 U.S.C. §1983, the plaintiff William M. Hicks, who is now a state prisoner, filed a <u>pro se</u> amended complaint about events that took place in 1996 at the North Broward Detention Center ("NBDC") and the Broward County Main Jail ("BCMJ") where he was previously confined.

On September 25, 2001, the plaintiff signed and mailed a motion for leave to amend (DE# 100), seeking to further amend his amended pleading (DE# 53), by inserting the names of Deputy Elaudio Lattanzi and Deputy Gary Hensley in the body of the amended complaint (DE# 53) where the two men were previously named, respectively, as defendants John Doe #1 and John Doe #2.

A separate Order has been entered this date, which in pertinent part denies the plaintiff's motion for leave to amend, because for reasons stated below in this report, the claims against

Lattanzi and Hensley are barred by the applicable statute of limitations.

The plaintiff indicates in the motion (DE# 100) that he has determined that the defendants Doe are Lattanzi and Hensley. Other defendants in the case filed objections, through counsel (DE# 103), arguing that the motion for leave to amend to substitute Lattanzi and Hensley for Does #1 and #2 (DE# 100) should be denied, because the events involving the two defendants occurred in April of 1996, more than four years before the defendants were identified by the plaintiff by name, and pursuant to Eleventh Circuit case law, Wayne v. Jarvis, 197 F.3d 1098 (11 Cir. 1999), the claims against the two defendants are time barred, since they were not timely designated by name and served with summonses and complaints.

As discussed below, in Section II of this report, it is apparent that as to the two defendants, John Doe #1 [Deputy Elaudo Lattanzi] and John Doe #2 [Deputy Gary Hensley] the claims in the amended complaint must be dismissed, as time barred, pursuant to Wayne v. Jarvis, supra, and other law pertaining to the applicable period of limitations.

II. Discussion

On April 26, 1996, the following statute, 28 U.S.C. §1915 was amended. It reads in pertinent part, as follows:

2

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
> * * *
>
> (B) the action or appeal --
>
> * * *
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted;...

Prior to the amendment of the Statute in April of 1996, dismissal of such a claim was pursuant to 28 U.S.C. §1915(d). The Supreme Court had identified two classes of cases in which 28 U.S.C. §1915(d) authorized courts to dismiss cases sua sponte: (i) "claim[s] based on an indisputably meritless legal theory," and (ii) "those claims whose factual contentions are clearly baseless." Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11 Cir. 1990), quoting Neitzke v. Williams, 490 U.S. 319 (1989).

Subsequent to the Neitzke decision, supra, the Eleventh Circuit reviewed the law in this area in Moreland v. Wharton, 899 F.2d 1168 (11 Cir. 1990). The Court noted the following:

> "[D]rawing from his years of experience in reading complaints and living lawsuits from start to finish," a district judge is uniquely qualified to decide the likelihood that a lawsuit will

3

>succeed on the merits. <u>Spencer v. Rhodes</u>, 656 F.Supp. 458, 461 (E.D. N.C.), <u>aff'd without opinion</u>, 826 F.2d 1061 (4th Cir. 1987).

<u>Moreland v. Wharton</u>, <u>supra</u> at 1170. The Eleventh Circuit went on to cite <u>Harris v. Menendez</u>, 817 F.2d 737, 740 (11 Cir. 1987), a pre-<u>Neitzke</u> case, to reaffirm the proposition that even post-<u>Neitzke</u> a Court may dismiss a case after it has conducted a "sufficient inquiry" to determine whether the plaintiff's realistic chances of ultimate success are slight. <u>Moreland</u>, <u>supra</u> at 1171.

In <u>Clark v. State of Georgia Pardons and Paroles Board</u>, 915 F.2d 636 (11 Cir. 1990), the Court not only restated the rule of <u>Moreland</u>, <u>supra</u>, but noted that even if the complaint states a cause of action, it can sometimes be frivolous within the meaning of 28 U.S.C. §1915(d). <u>Id.</u>, at 639, citing <u>Harris v. Menendez</u>, 817 F.2d 737, 739-40 (11 Cir. 1987). As examples, the Court noted that the obvious applicability of an affirmative defense such as absolute immunity, res judicata, collateral estoppel, and expiration of the statute of limitations, would all justify a §1915(d) dismissal. <u>Clark</u>, <u>supra</u> at 640, n.2.

In the case of <u>Wayne v. Jarvis</u>, 197 F.3d 1098 (11 Cir. 1999), a *pro se* case in which the inmate/plaintiff did not identify John Doe deputy sheriffs by name until three months after expiration of the period of limitations, the Eleventh Circuit held that the *pro se* inmate's lack of knowledge regarding identities of the deputy

4

sheriffs was not a mistake concerning the identity of the proper parties, and thus, his amendment to the Section 1983 complaint arising from a beating by fellow inmates, to replace the "John Doe" deputy sheriffs with specifically-named defendants, did not relate back to the original complaint, so as to avoid a bar based on the statute of limitations.

In the context of this §1983 action, the "sufficient inquiry" contemplated by Moreland, supra at 1171, is supplied by review of the original complaint, and amended complaint (DE# 53), as drafted by the plaintiff. It is apparent from the face of the pleadings that, as to the defendants Elaudo Lattanzi (formerly John Doe #1) and Deputy Gary Hensley (formerly John Doe #2), the complaint should be dismissed because the applicable statute of limitations has run.

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law. The Court further held that these cases are best characterized as personal injury actions. Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

Later, the Supreme Court decided <u>Owens v. Okure</u>, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations. In Florida, this is <u>Fla.Stat.</u> §95.11(3)(p), four years for actions not specifically provided for. The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. <u>Hardin v. Straub</u>, 490 U.S. 536 (1989). Florida has a general tolling statute, <u>Fla.Stat.</u> §95.051, but it does not toll limitations periods for prisoners.

Thus, the length of the limitations period, determined by state law, is four years. The events alleged against John Doe #1 (identified to the Court by the plaintiff on September 25, 2001, as Elaudo Lattanzi) and John Doe # 2 (identified to the Court by the plaintiff on September 25, 2001 as Deputy Gary Hensley), occurred on April 7, 1996, more than five years and five months before the proposed amended complaint (DE# 100) seeking to substitute the defendants Doe with specifically-named defendants was signed and submitted for filing.

The plaintiff's civil rights claims which are barred by the statute of limitations are therefore subject to dismissal pursuant to <u>Clark v. State of Georgia Pardons and Paroles Board</u>, 915 F.2d 636 (11 Cir. 1990), <u>Moreland v. Wharton</u>, 899 F.2d 1168 (11 Cir.

1990), Wayne v. Jarvis, 197 F.3d 1098 (11 Cir. 1999), and 28 U.S.C. §1915(e)(2)(B)(i), as frivolous.

### III. Conclusion

It is therefore recommended that as to all claims against defendants John Doe #1 [Elaudio Lattanzi] and John Doe #2 [Gary Hensley] the amended complaint in this case be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) because the claims are frivolous, to the extent that the plaintiff seeks money damages for the events alleged which took place in April of 1996.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: November 14, 2001

UNITED STATES MAGISTRATE JUDGE

cc: William M. Hicks, Pro Se
    DC# 664670
    Everglades Correctional Institution
    1601 S.W. 187th Avenue
    P. O. Box 65-9001
    Miami, FL 33265-9001

    Summer Marie Barranco, Esquire
    Purdy, Jolly, & Giuffreda, P.A.
    1322 S.E. Third Avenue
    Ft. Lauderdale, FL 33316

    Joel L. Schulman, Esquire
    O'Connor, Chimpoulis, Restanti,
      Marrero & McCallister, P.A.
    2801 Ponce de Leon Blvd., 9th Floor
    Coral Gables, FL 33134