UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

WILLIAM M. HICKS,             :

    Plaintiff,           :
                              ORDER INSTRUCTING PRO SE
v.                            :  PLAINTIFF CONCERNING RESPONSE
                              TO MOTION FOR SUMMARY JUDGMENT
KEN JENNE, et al.,            :

    Defendants.          :
_____

    In this prisoner civil rights action the defendants, Ken Jenne, Barbara Hanson-Evans and Stanley Holmes have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56, or a motion to dismiss with supporting documentation which the Court will treat as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6).

    The plaintiff is hereby notified that this Court will consider this motion without oral hearing, and that he may file a response in opposition thereto for consideration by the Court. Somerville v. Hall, 2 F.3d 1563 (11 Cir. 1993); Griffith v. Wainwright, 772 F.2d 822, 825 (11 Cir. 1985); Moore v. Florida, 703 F.2d 516 (11 Cir. 1983); Barker v. Norman, 651 F.2d 1107 (5 Cir. 1981); Kibort v. Hampton, 538 F.2d 90 (5 Cir. 1976).



The attention of the plaintiff is particularly drawn to all provisions of Fed.R.Civ.P. 56, and specifically to that portion of Rule 56(e) which provides:

> When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If he does not so respond, summary judgment, if appropriate, shall be entered against him.* (Emphasis added.)

The plaintiff is specifically cautioned as follows:

1. Any issue determined by summary judgment will not be tried. If a summary judgment is granted as to all issues, there will be no trial and a final judgment will be entered without further proceedings.

2. The evidence presented by the defendant in support of the motion for summary judgment may be accepted by the Court as true if it is not contradicted by affidavits or other sworn evidence such as depositions, submitted by the plaintiff.

3. The plaintiff cannot rely solely on his complaint and other initial

2

>pleadings, but must respond with affidavits, depositions, or otherwise, to show that there are material issues of fact which require a trial.

Coleman v. Smith, 828 F.2d 714 (11 Cir. 1987); Brown v. Shinbaum, 828 F.2d 707 (11 Cir. 1987). Thereupon, it is

ORDERED that on or before January 14, 2002, the plaintiff may file a response to the pending motion for summary judgment.

DONE AND ORDERED at Miami, Florida, this __7__ day of December, 2001.

_____
UNITED STATES MAGISTRATE JUDGE

cc: William M. Hicks, Pro Se
    DC #664670
    Everglades Correctional Institution
    P. O. Box 949000
    Miami, FL 33194-9000

    Summer Barranco, Esq.
    Purdy, Jolly & Giuffreda
    1322 S.E. Third Avenue
    Fort Lauderdale, FL 33316

    Joel L. Shulman, Esq.
    O'Connor, Chimpoulis, Restani, et al.
    2801 Ponce de Leon Boulevard
    Ninth Floor
    Coral Gables, FL 33134