UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE SORRENTINO

CASE NO. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS,

    Plaintiff,

v.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS,
STANLEY HOLMES, JOHN DOES
#1 AND #2, DR. W.C. DAVIS, DR.
UECKER, DR. TREVOR WEATHERS,
DR. CLINE, DR. PEARSON, DR. G.
PEARSON, EMERGENCY MEDICAL
SERVICES ASSOCIATION,

    Defendants.
_____/

**DEFENDANTS, EMERGENCY MEDICAL SERVICE ASSOCIATION,
DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS,
DR. CLINE AND DR. PEARSON'S
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants, EMERGENCY MEDICAL SERVICE ASSOCIATION ("EMSA"), DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, DR. CLINE, and DR. PEARSON,[1] by and through their undersigned attorney, hereby file their Response to Plaintiff's Motion for Summary Judgment.[2]

---

[1] Plaintiff has also named Dr. G. Pearson in this lawsuit. However, because Plaintiff did move for summary judgment against Dr. G. Pearson, Dr. G. Pearson does not respond to Plaintiff's Motion.

[2] Because Defendants filed their own Motion for Summary Judgment on December 3, 2001, this Response does not contain Defendants' statement of facts.

SILVER, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD • 9TH FLOOR • P.O. BOX 14-9022 • CORAL GABLES, FLORIDA 33114 • (305) 445-4090



Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas
Page 2

### **Plaintiff Provides No Evidence to Warrant Summary Judgment**

Plaintiff provides a detailed explanation of the Summary Judgement standard in his Motion for Summary Judgment (see pp. 10-12); however, because his Motion is based solely on conjecture and assumptions, Plaintiff's Motion for Summary Judgment must be denied.

Plaintiff cites to Celotex Corp. v. Catrett, 477 U.S. 317 (1986) which held that a movant for summary judgment bears the initial responsibility of informing the Court of the basis for his motion by identifying those parts of the record that demonstrate the non-existence of genuine issue of material fact. While Plaintiff correctly identifies the Summary Judgment standard, he has failed to provide any record evidence demonstrating the non-existence of genuine issue of material fact to warrant summary judgment in his favor. Plaintiff's statement of facts are mere allegations; he has offered no proof to support them.

What has been established is that Plaintiff was unhappy with the Defendants' course and scope of their treatment of him. He either disagreed with a diagnosis or a plan of treatment. See William Hicks Deposition at 50-53, 248-50, 268-71, 285, 288, 292-94. Plaintiff's contention of deliberate indifference, therefore, is unfounded. See Estelle v. Gamble, 429 U.S. 97 (1976). (Holding that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Id. at 106).

Plaintiff has also failed to establish that EMSA caused a constitutional violation. Plaintiff goes beyond the scope of his allegations against EMSA contained in his Amended Complaint

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas
Page 3

(see Amended Complaint at 6, 17 where Plaintiff alleges that he was denied medical care because EMSA had a policy denying costly medical services) by now claiming (1) that EMSA has an ongoing custom of hiring unqualified physicians and (2) that EMSA covers up actions and/or omissions of physicians employed by EMSA. See Plaintiff's Motion for Summary Judgment at 12. Because Plaintiff did not initially plead these allegations against EMSA, the allegations are not at issue in this suit.

## CONCLUSION

Based on the foregoing as well as for the reasons set forth in Defendants' Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment must be denied.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this **10th** day of December, 2001 to all counsel and parties of record on the attached service list.

> O'CONNOR, CHIMPOULIS, RESTANI,
> MARRERO & McALLISTER, P.A.
> Attorneys for Defendants, EMSA Limited
>    Partnership, Dr. Davis, Dr. Uecker,
>    Dr. Trevor Weathers, Dr. Cline,
>    Dr. Pearson, and Dr. G. Pearson
> 2801 Ponce de Leon Boulevard, 9th Floor
> Coral Gables, FL 33134
> (305) 445-4090
>
> By: _____
>    JOEL L. SHULMAN
>    Florida Bar No. 389242

F:\WORD\FILES\97-6939\pleading\response-plntfs-msj.jls

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas
Page 4

## SERVICE LIST

William M. Hicks v. Ken Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS, *pro se*
#664670
Everglades Correctional Institution
P.O. Box 949000
Miami, FL  33194-9000

SUMMER BARRANCO, Esquire
Purdy, Jolly & Giuffreda
1322 S.E. Third Avenue
Fort Lauderdale, FL   33316