UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM M. HICKS,

    Plaintiff,

vs.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS, STANLEY
HOLMES, JOHN DOE'S #1 and #2,
DR. W.C. DAVIS, DR. UCKER,
DR. TREVOR WEATHORS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON,
EMERGENCY MEDICAL SERVICES ASSOC.,

    Defendants.
_____/

Case No. 00-6087-CIV-Dimitrouleas

### DEFENDANTS SHERIFF, HANSON-EVANS & HOLMES' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendants, KEN JENNE, Sheriff of Broward County, BARBARA HANSON-EVANS and STANLEY HOLMES, by and through their undersigned attorneys, file this their response to Plaintiff's Motion for Summary Judgment which contained a certificate of service dated November 30, 2001 and which was received by the office of the undersigned on December 5, 2001 and would respond as follows:

This is an action brought by Plaintiff, an incarcerated pro se individual, pursuant to Title 42 U.S.C. §1983, against these Defendants.[1] The Amended Complaint alleges that while Plaintiff

---

[1] The Plaintiff also names Broward County Sheriff's Office Director Susan McCampbell, John Doe #1, John Doe #2, Emergency Medical Services Assoc. (EMSA) as well as several doctors and dentists as defendants. As these individuals/entities have either not been served in this action or have separate counsel, this response is not being filed on their behalf.

1



was an inmate in the North Broward Detention Center, he was attacked by a fellow inmate and sustained serious injury. He further alleges that thereafter he received inadequate medical care for his injuries.[2]

On or about November 30, 2001, these Defendants as well as codefendants EMSA, Dr. Davis, Dr. Uecker, Dr. Weathers, Dr. Cline, Dr. G. Pearson and Dr. Pearson filed their Motions for Summary Judgment (and Memorandum of Law) which remain pending before the Court. Plaintiff now files his own motion seeking summary judgment. In his motion for summary judgment, Plaintiff argues in a conclusory fashion that based on his factual allegations he is entitled to summary judgment. He offers nothing more than his own allegations as support therefor. Based on the evidence in the record before the Court, it is apparent that the Plaintiff's motion for summary judgment should be denied.

## STANDARD OF REVIEW

The standard of review which must be applied by the Court for purposes of a motion for summary judgment is contained in Rule 56(c) of the Federal Rules of Civil Procedure which reads, in pertinent part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.

In <u>Clemons v. Dougherty County, Georgia</u>, 684 F.2d 1365, 1368-69 (11th Cir. 1982), the Court in applying this standard indicated the following:

---

[2]The Amended Complaint also contained allegations that the Plaintiff was denied his 5th and 14th Amendment right to due process, that he was subjected to cruel and unusual punishment in contravention of the 8th Amendment and that he was denied access to the courts. These claims were dismissed by Order of the Court dated August 24, 2001.

> The party seeking summary judgment bears the exacting burden of demonstrating that there is no genuine dispute as to any material fact in the case. In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant.

Furthermore, the United States Supreme Court while addressing the standard which trial courts should apply in ruling on a motion for summary judgment indicated:

> [the] standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. Brady v. Southern R. Co., 320 U.S. 476, 479-480 (1943).

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, in this case, the Defendants. The opposing party is then required to come forward with sufficient evidence to rebut the showing with affidavits or other relevant and admissible evidence. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.), cert. denied 112 S.Ct. 913 (1992). It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. See Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990).

Here, however, the Plaintiff has failed to meet his burden of demonstrating that there is no genuine dispute as to any material fact in the case such that he would be entitled to summary judgment. Rather, Plaintiff's motion for summary judgment consists of only bare allegations regarding the defendants' actions or alleged inaction and their motivations which are conclusory in nature and not supported by the record.

As the Plaintiff has failed to meet his burden for purposes of a motion for summary judgment, and for the reasons stated in the Defendants' Motion for Summary Judgment which these defendants adopt as if fully set forth herein, the Plaintiff's motion is properly denied. Rather, it is the Defendants that are properly entitled to final summary judgment in this matter.

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by U.S. Mail to **WILLIAM M. HICKS, Plaintiff, DC#664670**, c/o Everglades Correctional Institution, P.O. Box 949000, Miami, Florida 33194-9000 and **JOEL SHULMAN, ESQUIRE**, 2801 Ponce de Leon Blvd., 9th Floor, Coral Gables, Florida 33134 this 14th day of December, 2001.

PURDY, JOLLY & GIUFFREDA, P.A.
Attorneys for Defendants SHERIFF,
HANSON-EVANS & HOLMES
1322 S.E. Third Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 462-3200
Facsimile:  (954) 462-3861

BY: _____
SUMMER M. BARRANCO
Florida Bar No. 984663