UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM M. HICKS,             Case No. 00-6087-CIV-Dimitrouleas

    Plaintiff,

vs.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS, STANLEY
HOLMES, JOHN DOE'S #1 and #2,
DR. W.C. DAVIS, DR. UCKER,
DR. TREVOR WEATHORS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON,
EMERGENCY MEDICAL SERVICES ASSOC.,

    Defendants.
_____/

### DEFENDANTS SHERIFF, HANSON-EVANS AND HOLMES' RESPONSE TO PLAINTIFF'S MOTION FOR COURT TO SERVE COMPLAINT

The Defendants, SHERIFF, HANSON-EVANS and HOLMES through their undersigned attorneys, file this their Response to Plaintiff's Motion for Court to Serve Complaint which contained a certificate of service dated December 4, 2001 and was received by the office of the undersigned on December 6, 2001 and would state as follows:

1. On December 6, 2001, the office of the undersigned received a document entitled "Motion for Court to Serve Complaint." In his Motion, the Plaintiff requests for the Court to serve Defendant Susan McCampbell with a copy of the Amended Complaint at an address located in Tamarac, Florida.

2. On January 18, 2000, the Plaintiff Hicks filed a Complaint in this action. Thereafter,

1



on November 27, 2000, the Plaintiff filed an Amended Complaint which named, among others Susan McCampbell as a defendant.[1]

3. The Defendants Sheriff, Hanson-Evans and Holmes would state that Plaintiff's Motion for Court to Serve Complaint should be denied. Rule 4 of the Federal Rules of Civil Procedure which governs summonses states in pertinent part:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

4. In the case at bar, over a year has passed since the operative Amended Complaint was filed by the Plaintiff. It also appears that Plaintiff has never requested for the 120 day deadline to be extended by the Court. Therefore, dismissal of Susan McCampbell is appropriate. See Lowe v. Hart, 157 F.R.D. 550 (M.D. Fla. 1994); Schnabel v. Wells, 922 F.2d 726 (11th Cir. 1991); Cox v. Arizona League of Professional Baseball Clubs, Inc., 151 F.R.D. 436 (M.D. Fla. 1993).

5. It should also be noted that these defendants have a motion for summary judgment currently pending before the Court. The arguments made therein would apply as well to Ms. McCampbell. It is these defendants' position that as Ms. McCampbell would be entitled to summary judgment in this matter anyway, the service of the amended complaint upon her at this late date would be futile and therefore a waste of judicial time.

The motion should be denied.

---

[1] It should be noted that on May 8, 1996 the Plaintiff filed a Complaint in case number 96-CV-6496-UNGARO-BENAGES alleging the same or substantially similar allegations concerning the early 1996 incident. That matter was dismissed without prejudice after Plaintiff filed a Motion to Dismiss without Prejudice.

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by U.S. Mail to **WILLIAM M. HICKS, Plaintiff, DC#664670**, c/o Everglades Correctional Institution, P.O. Box 949000, Miami, Florida 33194-9000 and **JOEL SHULMAN, ESQUIRE**, 2801 Ponce de Leon Blvd., 9th Floor, Coral Gables, Florida 33134 this 14th day of December, 2001.

> PURDY, JOLLY & GIUFFREDA, P.A.
> Attorneys for Defendants SHERIFF,
> HANSON-EVANS & HOLMES
> 1322 S.E. Third Avenue
> Fort Lauderdale, Florida 33316
> Telephone: (954) 462-3200
> Facsimile: (954) 462-3861
>
> BY: _____
> SUMMER M. BARRANCO
> Florida Bar No. 984663