UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-Civ-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

WILLIAM M. HICKS,                     :

    Plaintiff,                        :

v.                                    :    REPORT OF
                                           MAGISTRATE JUDGE
SHERIFF KENNETH JENNE, et al.,        :

    Defendants.                       :
_____

FILED
DEC 27 2001
CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

    In this *se* civil rights action pursuant to 42 U.S.C. §1983, the original complaint was filed on January 18, 2000. The plaintiff William M. Hicks, who is now a state prisoner, filed a *pro se* amended complaint (DE# 53) about events that took place in 1996 at the North Broward Detention Center ("NBDC") and the Broward County Main Jail ("BCMJ") where he was previously confined. The case has reached the summary judgment stage, and all defendants remaining in the case, with exception of Barbara McCampbell, a former Broward Sheriff's Office employee who has not been served with process in this case, have joined in motions for summary judgment (DE#s 116 and 117) which were filed on December 3, 2001, and to which the plaintiff has been instructed he may respond on or before January 14, 2002.

    The original complaint (DE# 1) which was signed November 30, 1999, and filed with the Clerk on January 18, 2000, named multiple defendants, including the unserved defendant Barbara McCampbell. The gravamen of the amended complaint (DE# 53, which is dated November 9, 2000, and was filed with the Clerk on November 27, 2000) is that on April 7, 1996, at the NBDC, the plaintiff was

attacked by another inmate, and that in the days, weeks, and months following the attack medical care for injuries which he sustained in the attack was denied or delayed. The case remains pending solely on the plaintiff's claims of endangerment or failure of jail officials to protect him from risk of harm at the hands of another inmate, and his claims of medical indifference.

The September 13, 2001 scheduling Order setting deadlines for completion of pretrial procedures in this case (DE# 94), provided that all discovery was to be completed by November 16, 2001, motions to join additional parties or amend the pleadings were due by November 30, 2001, motions to dismiss or for summary judgment were to be filed on or before December 2, 2001, and the plaintiff's and defendants' pretrial statements were to be filed, respectively, by January 4, and January 15, 2001.

A Notice of Lawsuit and Request for Waiver of Service of Summons were sent to defendant McCampbell at the address provided by the plaintiff. No waiver was filed. On August 9, 2001, an Order was entered directing the Marshal to obtain personal service for two individuals, one of whom was McCampbell (DE# 78). On August 15, an unexecuted return of service was filed by the U.S. Marshal for McCampbell (DE# 82), bearing the notation: "8-14-01 No longer works for Sheriff's Dept., left no forwarding address. Has been gone since the Sheriff took office."

On September 5, 2001, the plaintiff filed a "Motion to Continue Process of Service Upon Defendant Susan McCampbell" (DE#

90, dated August 31, 2001), stating that since she was no longer at the Broward Sheriff's Office and he had no means to locate her, he wanted the Court to perfect service upon McCampbell. On September 7, 2001, an Order was entered by the undersigned (DE# 93), denying the plaintiff's motion for service. The Order stated that "The Court cannot conduct discovery for the plaintiff. It is his responsibility to provide an address for the defendant" (DE# 93).

Three months later, on December 4, 2001, after all other defendants in the case had filed their motions for summary judgment, the plaintiff signed a "Motion for Court to Serve Complaint," which was filed with the Clerk on December 6, 2001 (DE# 120), providing the Court with what appears to be a residential address for McCampbell, and asking that the Court serve her with process at that address.

Rule 4(m) of the Federal Rules of Civil Procedure reads in pertinent part, as follows, verbatim:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effectuated within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period...

This civil rights action is now nearly two years old. On

December 4, 2001, the plaintiff submitted for mailing a request for the Court to serve defendant McCampbell. By December 4th, all of the pretrial deadlines in the case, with exception of the deadlines for filing of the plaintiff's and defendants' pretrial statements had passed. The case had proceeded to the summary judgment stage, and motions for summary judgment had been filed by all defendants except for McCampbell.

It is simply too late to permit the complaint against defendant McCampbell to proceed at this late stage. If the Court were to permit plaintiff Hicks' claims against McCampbell to proceed at this juncture, it would be necessary to start from the beginning, by sending a Notice of Lawsuit and Request for Waiver of Service of Summons to McCampbell, and only then, if McCampbell did not waive service, could the Marshal be directed to attempt to obtain personal service of a summons and copy of the amended complaint upon McCampbell. That alone could require a period of two months, after which the process for completion of pretrial proceedings would have to commence, anew, starting with discovery. The period for filing of motions to dismiss and/or for summary judgment would have to be reopened to accommodate the development of the case against McCampbell, and thereafter, the plaintiff's pretrial statement, and possibly the pretrial statements of the defendants whose motions for summary judgment are now pending before the Court would have to be amended. Only then, could surviving claims go to trial. The defendants in the case, apart from McCampbell, would clearly be prejudiced by such delays.

It is therefore recommended that: 1) as to the defendant McCampbell, the amended complaint (DE# 53) be dismissed pursuant to Fed.R.Civ.P. 4(m); and 2) that as to McCampbell the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: December 27, 2001

_____
UNITED STATES MAGISTRATE JUDGE

cc: William M. Hicks, Pro Se
DC# 664670
Everglades Correctional Institution
1601 S.W. 187th Avenue
P. O. Box 65-9001
Miami, FL 33265-9001

Summer Marie Barranco, Esquire
Purdy, Jolly, & Giuffreda, P.A.
1322 S.E. Third Avenue
Ft. Lauderdale, FL 33316

Joel L. Schulman, Esquire
O'Connor, Chimpoulis, Restanti,
   Marrero & McCallister, P.A.
2801 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134