UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-Civ-Dimitrouleas
MAGISTRATE JUDGE SORRENTINO

William M. Hicks,
    Plaintiff
vs.
KEN JENNE, et al,
    defendant(s).
_____/

## PLAINTIFF'S PRETRIAL STATEMENT

William M. Hicks, pro se,
Everglades corr INST
PO BOX 949000
miami, fla 33194-9000



(a) Brief statement of case:

The case before this Honorable court is based on the plaintiff being brutally assaulted and battered by a psychotic detainee with known history of violence on detainee's and deputys while housed at 'N.B.D.C.' North Broward Detention Center jail in the recreation yard. While no recreation deputys assigned to insure security were present, where plaintiff recieved severe trauma to right eye, neck and back along with fractures to left side of face and fractures to right temple, jaw and below right eye which happened on or about Feb 7, 1996 at 1:30pm. After plaintiff broke free from recreation deputy he exscaped into main hallway of jail where he seen a nurse and she taped bleeding cut closed below right eye. Then cleaned blood off plaintiff and floor. Plaintiff then escorted to medical and seen by chief health officer, DR. Davis, M.D. Doctor sutured plaintiff's open cut and took (5) x-rays after several demands from plaintiff. Plaintiff then being told in person he recieved no serious injuries, nor sustained any fractures. Then plaintiff escorted to 12-1-H-3 confinement. Plaintiff did not recieve an order for pain medications nor seen any specialist. Then on or about Feb 10, 1996 plaintiff was transferred to 'main jail' Broward county main jail and placed in a drug cell which plaintiff had a prior court order. Plaintiff started his quest for medical through inmate requests and grievances. Plaintiff eventually seen defendant's DR. cline, DDS, DR. Pearson, DDS, DR. Weathors, DDS, oral surgeon and DR. uecker, M.D. which all of these defendant's knew of plaintiff's fracture's and serious medical conditions but never gave any actual treatment. Plaintiff

(1.)

while housed at main jail reached out to all medical directors of E.M.S.A. and all officials of B.S.O. by way of inmate requests, grievances and complaints. Plaintiff also filed complaints with internal Affairs. Plaintiff recieved below basic medical treatment which was below the standards by law. Eventually plaintiff was sent back to N.B.D.C. and was placed in confinement for over half a year. Plaintiff reached out to all medical directors of E.M.S.A and B.S.O. officials which no actual medical treatment was given. Plaintiff filed complaints with defendant's Susan McCampbell and Ken Jenne 'Sheriff' which no actual help or medical treatment was given. Plaintiff repeatedly spoke and wrote inmate requests and grievances to defendant DR. G. Pearson, DDS where he only gave basic dental care. Plaintiff had his criminal Attorneys as well himself ask the circuit court to issue court orders for medical. The court issued (3) court orders to B.S.O. and E.M.S.A. which were denied.

(2.)

<u>(b) brief writen statements of facts that will be offered:</u>

The plaintiff in said styled cause will show that while he was housed at N.B.D.C., he was brutally assaulted and battered by a psychotice violent detainee norman beech with propensity for violence in the psychiatric unit, recreation yard. Plaintiff will provide BSO incident reports outlining the assault and battery made upon him and show norman Beech was formally charged with two counts of assault and battery on two BSO deputys and simple battery on plaintiff.

Plaintiff will show through his own testimony and charts showing layout of recreation yard and no recreation deputys assigned to recreation yard were present to insure the safty of plaintiff or the security of the jail with approx. (30) other detainees locked in the confines of the recreation yard on or about Feb 7, 1996. Plaintiff will provide John Doe #2 to give testimony.

Then as plaintiff made his way to exterior doorway with the assault and battery still accurring non-stop he met up with John Doe #1 and John Doe #2, known as John Doe #1, Elaudio Lattanzi and John Doe #2, gary Hensley in a locked hallway and John Doe #1 grabbed plaintiff as a human sheild causing plaintiff to take full force of assault and battery causing plaintiff more injuries and trauma. Plaintiff will testify that John Doe #2 tried to call for back up on his radio, but his radio was disfunctional. Also will testify that plaintiff broke free from John Doe #1 when John Doe #2 unlocked main hallway door to jail, and escaped to safety.

(3.)

Plaintiff will testify and show report of nurse, chukuw, RN, describing injuries and cut to facial below right eye and treatment she then provided. Plaintiff will testify that nurse was preparing medication shots that she personally stated were for norman Beech the attacker. Also that nurse cleaned blood up around facial cut and taped closed and cleaned blood off plaintiff's body and the floor.

Plaintiff will testify he was escorted through female unit to medical and seen chief health officer, DR. W.C. Davis, M.D. where the only treatment recieved was sutures to facial cut and (5) x-rays after several demands from plaintiff. Then x-ray technician wayne evans developed x-rays on site. Then DR. Davis, M.D. defendant, telling plaintiff he recieved no serious injuries nor sustained any fractures. Plaintiff will provide wayne evans testimony. Plaintiff will also testify he asked to review x-rays but DR. Davis refused his requests. Plaintiff then escorted to 12-1-H-3 confinement. Plaintiff will testify he recieved no pain medication nor any orders for pain medication or proper treatment.

Plaintiff will testify that on Feb 8, 1996 defendant stanley Holmes and unit manager Robinson came into confinement day room where plaintiff was sitting and stanley Holmes walked around plaintiff laughing due to the serious injuries observed, and denied plaintiff's verbal plea's for medical and to press charges.

Plaintiff will testify and provide family witnesses that will show Plaintiff called them from confinement day room phone and family saying that medical department of N.B.D.C. jail contacted them and plaintiff's criminal attorneys and were told of assault and battery and that plaintiff did not recieve serious injuries or sustained any fractures.

(4.)

Plaintiff will testify that due to assault and battery he sustained neck, back and eye injuries and provide medical records, radiologist's reports showing he indeed sustained injuries, trauma and fractures to left side of face and right temple, jaw and below right eye. Also that he was in continued pain and suffered daily.

Plaintiff will testify that on or about Feb 12, 1996 he was transferred to main jail and housed in 7-D-2 unit "Drug cell" which was ran by defendant Stanly Holmes wife. Plaintiff will provide court order showing he asked to be court ordered prior to assault and battery. Plaintiff will testify and provide inmate requests and grievances that will show the start of seeking medical treatment.

Plaintiff will testify that after completion of drug cell duration, he was enrolled in drug relapse prevention ran by miss A. Jackson. Plaintiff will provide miss Jackson to testify. Plaintiff will testify he continued his inmate requests and grievances for medical treatment and that he filed his first §1983 civil rights complaint. Primarily requesting a court order for medical treatment but was denied. Plaintiff will testify that miss Jackson locked plaintiff up in his cell for refusing to go to 8th floor recreation where alot of fights were.

Plaintiff will testify that while housed at main jail he filed requests, grievances and complaints to defendant's Dr. Trevor Weathors, DDS, oral surgeon, Dr. Cline, DDS, Dr. Pearson, DDS and Dr. Uecker, M.D., making them fully aware of plaintiff's assault and battery and plaintiff indeed had serious medical issues and fractures. Plaintiff will provide radiologists reports and medical charts showing defendant's took x-rays monthly and knew of fractures up till approx. 11 months. But still refused to provide any actual

(5.)

medical for serious fractures and fractured jaw. Plaintiff will testify that all defendant's knew of plaintiff's pain and suffering but still refused appropriate medical attention. Plaintiff will provide family and friends to testify that they contacted E.M.S.A and staff and advised them of plaintiff's serious medical condition and his pain and suffering.

Plaintiff will testify and submit daily notes, inmate requests and grievances that will show DR. cline, DDS and DR. Trevor weathors, DDS, oral surgeon were taking other detainees x-rays and showing plaintiff he had no fractures. Plaintiff will call x-ray technologist Wayne evans to testify.

Plaintiff will testify and provide inmate grievances, medical notes showing recommended (omf) open mouth fracture surgery was ordered by defendant DR. uecker, m.D., but defendant's DR. cline, DDS and DR. Trevor weathors made the final decission not to follow medical doctors order to wire fractured jaw closed. Plaintiff will testify that medical authorities ordered that plaintiff's right temple be wired closed, but defendant's DR. Trevor weathors and DR. cline made the final decission not to wire temple closed. Both defendant's are dentist's and not medical doctors.

Plaintiff will testify and submit requests, grievances and medical files showing defendant DR. uecker, m.D. was fully aware of plaintiff's medical condition as well taking an x-ray approx. 2 years later revealing a fracture below right eye.

(6.)

Plaintiff will testify and submit inmate requests, grievances and medical files showing defendant's DR. Cline, DDS, DR. Trevor weathors, DDS, oral surgeon and DR. Pearson at main jail provided only basic dental care throughout 1996-1998. Also will show DR. Uecker, M.D. only provided basic, below standards of medical care.

Plaintiff will testify and provide inmate requests, grievances and daily notes sent to main jail superintendent, MR. Willie Roberts making him fully aware of plaintiff's medical condition and assault and battery and plaintiff trying to obtain medical treatment. Plaintiff also will testify and submit inmate requests and grievances sent to all levels of B.S.O. at main jail

Plaintiff will testify and submit Internal Affairs complaints that plaintiff filed over denial of medical treatment and assaults by B.S.O. deputys.

Plaintiff will testify and submit (D.R.s) Displinary Reports showing once plaintiff was transferred back to N.B.D.C. in 1996 he was placed in confinement for asking for his soft food diet. Plaintiff will show through DRs, inmate requests and grievances that this was the start of over half a year straight confinement. Plaintiff will also submit a DR from defendant DR. W.C. Davis, M.D. he recieved after plaintiff refused to see him but was forced and plaintiff recieved 30 days confinement.

Plaintiff will testify and submit inmate requests, grievances and complaints showing defendant Stanley Holmes responded, seen plaintiff at both N.B.D.C. jail and main jail making Holmes fully aware

(7.)

of plaintiff's medical condition and fractures, pluss he visited plaintiff day after assault and battery in confinement. Plaintiff will testify and submit requests and grievances show Holmes denied plaintiff's Displinary Appeals. Plaintiff will show that defendants stanley Holmes and Barbara Hanson-Evans both were working together and both denied medical and all DR. Appeals.

Plaintiff will testify and submit inmate grievances and requests sent to N.B.D.C. superintendent, Barbara Law asking for help in obtaining medical and DR Appeals.

Plaintiff will testify and submit inmate requests and grievances sent to defendant, DR. G. pearson, DDS at N.B.D.C. showing he was fully aware of plaintiff's medical condition and would only afford basic dental care.

Plaintiff will testify and submit inmate requests and grievances sent to all medical directors of E.M.S.A. at N.B.D.C. and main jail seeking needed medical treatment, but was denied any actual treatment.

Plaintiff will testify and submit inmate requests, grievances and responses sent to B.S.O. officials who sent to defendant susan mccampbell, who then sent them to defendant's stanley Holmes and Barbara Hanson-Evans. Show all were aware of plaintiff's medical condition but done nothing.

(8.)

Plaintiff will testify and submit circuit court orders, directed to B.S.O. and E.M.S.A. to provide plaintiff with needed medical treatment. Plaintiff will call his two criminal trial lawyers to testify that they asked court to intervene and order B.S.O. and E.M.S.A to provide medical. Also to testify they sent letters and phone calls to B.S.O. and EMSA to obtain needed medical treatment. Also testify that plaintiff could not focus on his criminal trial due to pain and suffering from years 1996-1998.

Plaintiff will testify and submit inmate requests and grievances sent to defendant Barbara Hanson-Evans showing she was fully aware of plaintiff's medical condition as well made aware of all her employee's under her supervision.

Plaintiff will testify and submit inmate requests, grievances and responses from defendant Susan McCampbell, that will show she was fully aware of plaintiff's medical condition and attempts to obtain medical treatment. Plaintiff will submit letters from McCampbell that she sent to all levels of B.S.O. and E.M.S.A and even though plaintiff continued to send complaints she done nothing to help or to insure all employees of B.S.O. or E.M.S.A and employees done their job. All were under her supervision. Plaintiff will submit responses McCampbell sent to Internal Affairs saying plaintiff recieved medical treatment. As well denying that any B.S.O. deputy assaulted plaintiff.

(9.)

Plaintiff will testify and submit inmate requests, grievances and complaints sent to defendant Ken Jenne 'sheriff' as well his responses. Showing Jenne was fully aware of assault and battery, denied medical care and assaults by deputys. Also will show he communicated between himself and Susan McCampbell and Broward County commissioners.

Plaintiff will testify and submit responses from congress and senate, reaching out for medical care and help.

Plaintiff will testify that defendant E.M.S.A. was made aware as well fully aware of plaintiff's assault and battery and all his fractures and injuries as well needed medical treatment. Plaintiff will submit medical files, dental files, court orders, inmate requests and grievances outlining E.M.S.A. was aware and failed to fulltil its obligation as a health care contractor as well supervise its employee's.

Plaintiff will testify and submit medical file from a private oral facial maxiollo dentist who saw plaintiff approx 9 months later and was ready to wire jaw closed.

Plaintiff will testify and submit corporate records of E.M.S.A. showing Martha Prado is the wife of Attorney General Bob Butterworth and she is the owner of E.M.S.A. as well other medical contractors who supply jails and prisons. And show that this caused plaintiff to be denied medical care for serious injuries.

(10.)

Plaintiff will testify and submit responses from law firms declining to take plaintiff's civil case from years 1996 through 2001.

(11.)

(C) list of all exhibits:

1.) Displinary Reports,
2.) Broward sheriff's policies file,
3.) Susan McCampbell request's and grievances,
4.) Ken Jenne 'sheriff' request's and grievances,
5.) Barbara Hanson-Evans request's and grievances,
6.) Broward county commissioners responses and complaints,
7.) Everglades corr Inst requests and grievances for medical,
8.) Stanley Holmes request's and grievances,
9.) F.D.L.E. responses and complaints,
10.) oral facialomaxial surgeon reports,
11.) Internal Affairs "B.S.O." complaints,
12.) copies of x-rays taken day of assault,
13.) Dental file from B.S.O. years 1996-1998,
14.) Willie Roberts 'superintendent of main jail' requests,
15.) replys from Congress and Senate,
16.) Mrs. Holmes requests and grievances, 'caseworker',
17.) Miss A. Jackson requests and grievances, 'caseworker',
18.) Barbara Law 'superintendent, N.B.D.C.' requests and grievances,
19.) B.S.O. mail Room requests, vouchers, complaints,
20.) Kevin J. RN, 'medical director main jail' requests and grievances,
21.) Tomoka corr INST requests and grievances for medical,
22.) South Florida Reception center requests and grievances,
23.) complete medical file from EMSA, years 1996-1998,
24.) Dr. pearson, DDS requests and grievances,
25.) Dr. G. pearson, DDS requests and grievances,
26.) Dr. cline, DDS requests and grievances,
27.) Dr. Trevor Weathers, DDS, oral surgeon requests and grievances,

(12.)

28.) DR. uecker, M.D. requests and grievances,
29.) "E.M.S.A." Emergency medical service Ass requests and grievances,
30.) DR. W.C. Davis, M.D. requests and grievances,
31.) Daily notes from years 1996 through 2001,
32.) News paper articles,
33.) responses from Attorneys refusing to take civil case,
34.) letter to Government officials,
35.) Agency for Health care complaints filed,
36.) sworn Affidavits,
37.) Police reports from Assault and battery.

(13.)

(d) Plaintiff's witness list: And summary of testimony:

1.) Robert Hicks: 11150 Delta circle Boca Raton, fla 33428. Will testify to all plaintiff's attempts to obtain medical and of plaintiff's weekly complaint of daily pain and suffering. Also testify to all plaintiff's evidence he had stored.

2.) Kathleen Farber: 4400 W. Sample RD, suite 112, Coconut Creek, fla 33073. Will testify she is plaintiff's sister and of all her attempts to obtain medical for plaintiff. Will testify to plaintiff's daily complaints of pain and suffering. Will testify of plaintiff's wrongful confinement's while in B.S.O. custody.

3.) Carla Blair: 7515 N.W. 44 street, Apt 104, Ft. Lauderdale, fla 33319. Will testify to seeing plaintiff at visits while housed at N.B.D.C. jail and seeing trauma to plaintiff facial, and right eye. Will testify working with plaintiff's mother trying to obtain medical care for plaintiff. Will testify knowing plaintiff prior to his arrest.

4.) Steve Allard: 10142 Windtree lane Boca Raton, fla 33428. Will testify plaintiff worked for him and knew plaintiff for years prior to arrest.

5.) Mr. Craig and Mrs. Joanne Marcus: 2863 W. Broward Blvd Ft. Lauderdale, fla 33312. Will testify to visiting plaintiff in jail and prison. Also of plaintiff's complaints of pain and suffering.

(14.)

6.) Mr. Jeffrey M. Harris and Mike Entin, both criminal Attorneys of plaintiff: Suite 1500, Barnet Bank Plaza - one east Broward Blvd. Ft. Lauderdale, Fla 33301. Both will testify of plaintiff's daily complaints of pain and suffering. Also asking circuit court several times to issue court orders for medical treatment on B.S.O. and E.M.S.A. Will testify they sent several letters and phone calls to B.S.O. and E.M.S.A. to obtain medical care for plaintiff and recieve medical files and x-rays.

7.) Mr. Terry and Mrs. Fran Shissler: 4637 Baldric Street Boca Raton, Fla 33428. Both will testify that they are plaintiff's aunt and uncle, that plaintiff complained of pain and suffering daily and not recieving medical. Will testify that plaintiff's mother done all she could to obtain medical treatment. Will testify knowing plaintiff all his life.

8.) Miss Ruth Labell, RN: N.B.D.C. jail, 1550 N.W. 30th Avenue, Pompano Beach, Fla 33069. Will testify she now works for E.M.S.A. and knew plaintiff prior to arrest and he lived with her.

9.) Mrs. Ruqaiyah Holmes: Broward County jail, 555 S.E., 1st Avenue, Ft. Lauderdale, Fla 33301. Will testify she is the wife of defendant Stanley Holmes and plaintiff was in her drug cell two days after assault and battery.

10.) Miss. Annette D. Jackson: Broward Sheriff's office, Drug court, 2601 West Broward Blvd, Ft. Lauderdale, Fla 33310. Will testify that plaintiff was in her drug relapse cell and filed his first §1983 civil Rights Suit.

(15.)

11.) Sgt. Robert Gross-Nickle: N.B.D.C. jail, 1550 N.W. 30th Avenue, Pompano Beach, Fla 33069. Will testify to assaults made upon detainees by B.S.O. deputys. Also will testify to Norman Beeches history of violence on detainees and deputys. Also to plaintiff's Displinary confinements.

12.) Deputy Greg Popivictch: N.B.D.C. jail, 1550 N.W. 30th Avenue, Pompano Beach, Fla 33069. Will testify to Norman Beeches history of assault and batterys upon detainees and deputys. Also to plaintiff's Displinary confinements.

13.) L.t. Michael Bechard: N.B.D.C. jail, 1550 N.W. 30th Avenue, Pompano Beach, Fla 33069. Will testify he was unit manager of N.B.D.C. and knew of plaintiff's medical condition. Also about plaintiff's Displinary confinements.

14.) Deputy Madeline Garrison: Broward county jail, 555 S.E. 1st Avenue, Ft. Lauderdale, Fla 33301. Will testify she was charge Sgt. of N.B.D.C. and then year 1998 became L.t. and then became deputy. Also will testify of internal Affairs complaint she investigated for assault on plaintiff by deputys. Also about plaintiff's attempts to obtain medical.

15.) Mr. Gary Hensley: 2417 N.E. 14th Avenue, Pompano Beach, Fla 33064-6924. Will testify he was recreation deputy at N.B.D.C. jail and he worked for Broward sheriff's office. Also will testify to assault and battery made upon plaintiff by detainee on or about Feb 9, 1996. Will testify to Norman Beeches violence and assault and batterys made upon other detainees and deputys.

(16.)

16.) Miss E. Davis: Everglades Corr Inst, 1601 SW 187th Avenue, Miami, Fla 33185, will testify that she is plaintiff's mental health officer and plaintiff complained of pain and suffering daily and denied medical treatment in county jail as well prison.

17.) Dr. Francisco Fonte, DDS: Everglades Corr Inst, 187th Avenue, Miami, Fla 33185. Will testify he supplied basic dental care and that he done physical exams of plaintiff's facial and jaw and found treatment is needed. Also of protruding facial jaw bone.

18.) Dr. Alfredo Pairot, DDS: Everglades Corr Inst, 187th Avenue, Miami, Fla 33185. Will testify plaintiff complained of pain in his head and jaw. Can not open mouth fully and he advised plaintiff surgery is needed.

20.) Mrs. Calista Chukwu, RN: N.B.D.C. jail, 1550 N.W. 30th Avenue, Pompano Beach, Fla 33069. Will testify she was the first person to treat plaintiff after assault and battery and she was preparing medication shots for attacker. Also to the abuse plaintiff recieved in confinement and denied medical care.

21.) Mrs. Marta Prado: owner of E.M.S.A.

Will testify she is the owner of E.M.S.A. and married to Attorney General Bob Butterworth.

22.) Mr. Wayne Evans: X-ray technologist:

Will testify he took x-rays at N.B.D.C. and main jail, years 1996-1998.

(17.)

23.) Mrs. Melsaidies Nelson, RN: 1550 N.W. 30th Avenue, Pompano Beach, Fla 33069. Will testify to plaintiff's complaints of pain and suffering and denial of medical treatment. She will testify she was supervisor of mental health at N.B.D.C. through years 1996-1998.

24.) Dr. Gonzalez, M.D. C.H.O.: Everglades Corr Inst, 1601 SW 187th Avenue, Miami, Fla 33185. Will testify that he is the chief health officer at Everglades and all medical orders written for medical care were denied or some how lost. Will testify that plaintiff saw him and complained of pain and suffering as well done a physical exam and found jaw bone protruding.

Plaintiff asks this Honorable court to allow him to add the addresses of those listed at a later time. Also to add new witnesses when found.

Plaintiff ask that all his medical experts be added later as he has not found these doctors to testify yet.

So prays.

(18.)

## CERTIFICATE OF SERVICE

I William M. Hicks, prose, hereby certify that all contained herein this 'pretrial statement' is true and correct and plaintiff has handed over to prison officials to mail by U.S. mail this 31 day of December, 2001 and mailed to:

Summer M. BARRANCO, esq,
1322 S.E. 3rd Avenue, Ft. Lauderdale, Fla 33316.

Joel Shulman, esq, 2801 Ponce de Leon Blvd • 9Th FL • Coral Gables, Fla 33134.

William M. Hicks, prose.
William M. Hicks #664670
Everglades Corr Inst
PO Box 949000
Miami, Fla 33194-9000

(19.)