UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE SORRENTINO
CASE NO. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS,            )
                             )
            Plaintiff,       )
                             )
v.                           )
                             )
KEN JENNE, SUSAN McCAMPBELL, )
BARBARA HANSON-EVANS,        )
STANLEY HOLMES, JOHN DOES    )
#1 AND #2, DR. W.C. DAVIS, DR. )
UECKER, DR. TREVOR WEATHERS, )
DR. CLINE, DR. PEARSON, DR. G. )
PEARSON, EMERGENCY MEDICAL   )
SERVICES ASSOCIATION,        )
                             )
            Defendants.      )
_____)



## DEFENDANTS, EMERGENCY MEDICAL SERVICE ASSOCIATION, DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON AND DR. G. PEARSON'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants, EMERGENCY MEDICAL SERVICE ASSOCIATION ("EMSA"), DR. W.C. DAVIS ("DAVIS"), DR. UECKER ("UECKER"), DR. TREVOR WEATHERS ("WEATHERS"), DR. CLINE ("CLINE"), DR. PEARSON ("PEARSON"), and DR. G. PEARSON ("G. PEARSON")[1], by and through the undersigned counsel, pursuant to Rule 56

---

[1] Plaintiff has named EMSA and six individual medical defendants, including Dr. Pearson and Dr. G. Pearson in this suit. In Plaintiff's "Objection to Defendant's [sic] Motion for Summary Judgment," Plaintiff does not name Dr. Pearson among the Defendants; however, all of the above-named Defendants have moved for summary judgment against the Plaintiff. In Plaintiff's Notice of Correction dated January 4, 2002, Plaintiff asserts that he incorrectly



Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

of the Federal Rules of Civil Procedure and Local Rule 7.1.C, file this Reply Memorandum in Support of their Motion to for Summary and state as follows:

    Despite Plaintiff's assertion to the contrary, there are no issues of disputed material facts which would preclude this Honorable Court from granting summary judgment to the Defendants. Plaintiff has attached numerous exhibits (labeled Exhibits "A" through "O") to his "Objection to Defendant's [sic] Motion for Summary Judgment" ("Objection") which he contends provide sufficient evidence to establish that Defendants are not entitled to summary judgment. The materials contained in the exhibits, however, do not raise any issue of disputed material fact. In fact, the materials support the Defendants' position that Plaintiff merely disagreed with and was unhappy with the Defendants' care and treatment of him. See, e.g., "Objection," Exhibit "C" (November 14, 1996 Memo to Sergeant Jim Layman from Susan McCampbell; October 4, 1996 letter to William Hicks from Susan McCampbell; November 6, 1996 letter to William Hicks from Susan McCampbell); and Exhibit "E" (November 5, 1996 letter to the Honorable Lori Nance Parrish from Ron Chochran; September 15, 1997 letter to William Hicks from F. Patrick Tighe); Exhibit "H" (September 26, 1996 Memo to William Hicks from Barbara Hanson-Evans; March 12, 1998 Memo to William Hicks from Barbara Hanson-Evans).

---

referred to "Dr. Pearson" where he should have referred to "Dr. G. Pearson" in his Motion for Summary Judgment. Pursuant to this correction, Dr. Pearson is no longer a named party in Plaintiff's Motion for Summary Judgment. Therefore, the Defendants request that this Court replace "Dr. G. Pearson" for "Dr. Pearson" in the Defendants' Response to Plaintiff's Motion for Summary Judgment.

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD • 9TH FLOOR • P.O. BOX 14-9022 • CORAL GABLES, FLORIDA 33114 • (305) 445-4090

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

Plaintiff's Exhibits also show that the Defendants' conduct was not egregious, rising to the level of deliberate indifference. See, e.g., "Objection," Exhibit "I" (Medical Pass from Dr. Cline ordering 2 pillows for William Hicks); Exhibit "K" (Medical Pass from Dr. Uecker ordering an extra pillow for William Hicks); and Exhibit "L" (Diet Order Form from Dr. Pearson ordering a soft food diet for William Hicks). Plaintiff's own exhibits clearly establish that the Defendants were cognizant of his injury and provided him with adequate medical care. None of the Defendants consciously disregarded Plaintiff's medical needs.

Finally, Plaintiff attaches several newspaper articles in Exhibit "O" of his "Objection" relating to EMSA; however, Plaintiff has failed to assert why these articles are pertinent to this matter.[2]

Plaintiff not only has failed to show that there was an excessive risk of harm to his health, but also has failed to show that the Defendants involved in his care and treatment knew of the excessive risk of harm and consciously disregarded that risk of harm. Farmer v. Brennan, 511 U.S. 825 (1994). The record clearly establishes that the Defendants acted properly and that Plaintiff received prompt and appropriate medical care given his symptoms and complaints.

---

[2] Exhibit "O" may be Plaintiff's attempt to support his constitutional claim against EMSA; however, the articles contained in Exhibit "O" do not establish that EMSA had a longstanding policy or custom of failing to provide inmates with adequate medical care based on excessive costs of treatments as Plaintiff has alleged. See Amended Complaint at ¶¶ 6, 17.

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD • 9TH FLOOR • P.O. BOX 14-9022 • CORAL GABLES, FLORIDA 33114 • (305) 445-4090

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

Consequently, there is no showing that the Defendants were in any way deliberately indifferent to Plaintiff's medical needs.

## CONCLUSION

For the foregoing reasons, as well as those expressed in their Motion for Summary Judgment, Defendants, EMERGENCY MEDICAL SERVICE ASSOCIATION, DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON and DR. G. PEARSON, respectfully request an entry of judgment as a matter of law, together with such other relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this **11th** day of January, 2002 to all counsel and parties of record on the attached service list.

> O'CONNOR, CHIMPOULIS, RESTANI,
> MARRERO & McALLISTER, P.A.
> Attorneys for Defendants, EMSA Limited
>     Partnership, Dr. Davis, Dr. Uecker,
>     Dr. Trevor Weathers, Dr. Cline,
>     Dr. Pearson, and Dr. G. Pearson
> 2801 Ponce de Leon Boulevard
> Ninth Floor
> Coral Gables, FL 33134
> (305) 445-4090
>
> By: _____
> JOEL L. SHULMAN
> Florida Bar No. 389242

F:\WORD\FILES\97-6939\pleading\reply-supptofmsj.jls

-4-

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD • 9TH FLOOR • P.O. BOX 14-9022 • CORAL GABLES, FLORIDA 33114 • (305) 445-4090

<u>SERVICE LIST</u>

<u>William M. Hicks v. Ken Jenne, et al.</u>
U.S. District Case No. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS, *pro se*
#664670
Everglades Correctional Institution
P.O. Box 949000
Miami, FL  33194-9000

SUMMER BARRANCO, Esquire
Purdy, Jolly & Giuffreda
1322 S.E. Third Avenue
Fort Lauderdale, FL   33316