UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM M. HICKS,

    Plaintiff,

vs.

KEN JENNE, SUSAN McCAMPBELL,
BARBARA HANSON-EVANS, STANLEY
HOLMES, JOHN DOE'S #1 and #2,
DR. W.C. DAVIS, DR. WECKER,
DR. TREVOR WEATHORS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON,
EMERGENCY MEDICAL SERVICES ASSOC.,

    Defendants.
_____/

Case No. 00-6087-CIV-Dimitrouleas

## DEFENDANTS SHERIFF, HANSON-EVANS & HOLMES' OBJECTIONS TO REPORT OF MAGISTRATE JUDGE DATED APRIL 4, 2002

The Defendants SHERIFF, HANSON-EVANS and HOLMES, through their undersigned attorneys, file this their Objections to the Report of Magistrate Judge dated April 4, 2002 and which was received by the office of the undersigned on April 5, 2002 and would state as follows:

The Plaintiff Hicks, an incarcerated pro se individual, filed an Amended Complaint pursuant to 42 U.S.C. §1983 alleging that his federal civil rights were violated by the Defendants. Specifically, the Amended Complaint alleges that while Plaintiff was an inmate in the North Broward Detention Center, he was attacked by a fellow inmate and sustained serious injury. He further alleges that thereafter he received inadequate medical care for his injuries.[1]

---

[1] The Amended Complaint also contained allegations that the Plaintiff was denied his 5th and 14th Amendment right to due process, that he was subjected to cruel and unusual punishment in contravention of the 8th Amendment and that he was denied access to the courts. These claims were dismissed by Order of the Court dated August 24, 2001.

1



On November 30, 2001, the Defendants SHERIFF, HANSON-EVANS and HOLMES filed a Motion for Summary Judgment[2]. Plaintiff filed a response to the motion on or about January 4, 2002. Thereafter, the Honorable U.S. Magistrate Sorrentino issued a Report which recommended that the Defendants SHERIFF, HANSON-EVANS and HOLMES' Motion for Summary Judgment be granted as to the Plaintiff's claim of endangerment (regarding Plaintiff's altercation with fellow inmate Beech), but be denied as to the Plaintiff's medical indifference claim. It is in regards to the recommendation concerning the denial of the Defendants SHERIFF, HANSON-EVANS and HOLMES' Motion for Summary Judgment on the medical indifference claim to which they file these objections.[3]

These Defendants would adopt as if fully set forth herein the arguments set forth in the Co-Defendants' Objections to Magistrate's Report dated April 15, 2002. In addition, the Defendants SHERIFF, HANSON-EVANS and HOLMES would state that the Magistrate's Report notes that all three of these defendants are not entitled to summary judgment in their favor on the medical indifference claim. The Report references the affidavits of Defendants HANSON-EVANS and HOLMES but notes that:

> [n]o affidavits or other evidence has been submitted on behalf of the other defendants in support of their motions for summary judgment [Sheriff Jenne, and Doctors Davis, Uecker, Weathers, Cline, Pearson, and G. Pearson] based on which it can be determined that they either had no knowledge of the Plaintiff's injuries, his alleged associated medical problems, and his claim that he was being denied recommended medical treatment (surgery), or that due to the nature of their positions and duties

---

[2]The codefendants EMSA, Dr. Davis, Dr. Uecker, Dr. Weathers, Dr. Cline, Dr. G. Pearson and Dr. Pearson filed their own Motion for Summary Judgment on or about November 30, 2001.

[3] The Magistrate's Report also recommended that the Defendant McCampbell be dismissed from the lawsuit pursuant to Rule 4(m), that the Plaintiff's Motion for Summary Judgment be denied and that the codefendants' Motion for Summary Judgment be denied.

2

they had no power or authority [to] intervene in the alleged indifferent course of treatment.

See Report of Magistrate Judge at page 21. The Defendant JENNE, unlike the Defendants HANSON-EVANS and HOLMES, was not named in his individual capacity in this case. See Defendants Sheriff, Hanson-Evans and Holmes' Motion for Summary Judgment at page 2/ftnt. 3; Amended Complaint at page 5/¶2; Plaintiff's depo. Part 1/ pg. 109/lines 18-21. As a result, summary judgment for the Defendant SHERIFF is not appropriately denied for the reasons stated in the Magistrate's Report as referenced above.

Additionally, the record before the Court does not demonstrate sufficient evidence with which to deny summary judgment to the Defendant SHERIFF in his official capacity. To prevail at trial on this claim, the Plaintiff must demonstrate that his constitutional rights were violated and that the violation was caused by a custom, policy, practice or procedure of the Defendant Sheriff. Monell v. Dept. of Social Services, 436 U.S. 659 (1978). The Defendants HANSON-EVANS and HOLMES have set forth the policies of the Defendant Sheriff concerning the health care of inmates in the Broward County jail facilities and have submitted affidavits regarding this issue. See Defendants Sheriff, Hanson-Evans and Holmes' Motion for Summary Judgment/Exhibits "A" and "B" and attachments thereto. Plaintiff has failed to come forward with anything that sufficiently rebuts this evidence. As a result, the Defendants SHERIFF, HANSON-EVANS and HOLMES are entitled to summary judgment on the medical indifference claim in this case in their official capacities.

As to the individual capacity claims brought by Plaintiff against the Defendants HANSON-EVANS and HOLMES, the Plaintiff has presented no evidence to sufficiently rebut the affidavits of Defendants HANSON-EVANS and HOLMES which show that neither of these individuals as Health

Services Administrator (Hanson-Evans) or Ombudsperson (Holmes) had the requisite state of mind such that they could be found by a jury to be deliberately indifferent to Plaintiff's serious medical needs as that standard has been defined by the U.S. Supreme Court in <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). As a result, they are entitled to summary judgment in their favor in this matter.

Therefore, for the foregoing reasons as well as those set forth in their Motion for Summary Judgment, the Defendants SHERIFF, HANSON-EVANS and HOLMES would respectfully request that this Court overrule the Magistrate's recommendation concerning the denial of their Motion for Summary Judgment on the medical indifference issue and grant said motion dismissing all of Plaintiff's claims against them in this matter.

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by U.S. Mail to **WILLIAM M. HICKS, Plaintiff, DC#664670**, c/o Everglades Correctional Institution, P.O. Box 659001, H-2-215, Miami, Florida 33265-9001 and **JOEL SHULMAN, ESQUIRE**, 2801 Ponce de Leon Blvd., 9th Floor, Coral Gables, Florida 33134 this 15th day of April, 2002.

> PURDY, JOLLY & GIUFFREDA, P.A.
> Attorneys for Defendants SHERIFF,
> HANSON-EVANS & HOLMES
> 1322 S.E. Third Avenue
> Fort Lauderdale, Florida 33316
> Telephone: (954) 462-3200
> Facsimile: (954) 462-3861
>
> BY: _____
> (SUMMER M. BARRANCO
> Florida Bar No. 984663