UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE SORRENTINO

CASE NO. 00-6087-Civ-DIMITROULEAS

WILLIAM M. HICKS,          )
                           )
              Plaintiff,   )
                           )
v.                         )
                           )
KEN JENNE, SUSAN McCAMPBELL, )
BARBARA HANSON-EVANS,      )
STANLEY HOLMES, JOHN DOES  )
#1 AND #2, DR. W.C. DAVIS, DR. )
UECKER, DR. TREVOR WEATHERS, )
DR. CLINE, DR. PEARSON, DR. G. )
PEARSON, EMERGENCY MEDICAL )
SERVICES ASSOCIATION,      )
                           )
              Defendants.  )
_____)



## DEFENDANTS, EMERGENCY MEDICAL SERVICE ASSOCIATION, DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON AND DR. G. PEARSON'S OBJECTIONS TO REPORT AND RECOMMENDATION

Defendants, EMERGENCY MEDICAL SERVICE ASSOCIATION ("EMSA"), DR. W.C. DAVIS ("DAVIS"), DR. UECKER ("UECKER"), DR. TREVOR WEATHERS ("WEATHERS"), DR. CLINE ("CLINE"), DR. PEARSON ("PEARSON"), and DR. G. PEARSON ("G. PEARSON"), by and through their undersigned attorney, pursuant to Magistrate Rule 4(b), file their written objections to the Magistrate's Report and Recommendation dated April 4, 2002, and state as follows:



Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

1.     United States Magistrate Judge Charlene Sorrentino issued her Report and Recommendation in this matter on April 4, 2002, recommending that the Motion for Summary Judgment filed by the above-named Defendants be denied.

2.     The Defendants object to the Magistrate's Recommendation.  Although the courts should provide some leeway to a pro se party's pleadings, proceeding without a lawyer does not absolve the party of the need to produce evidence in support of his or her claims. In this matter, Plaintiff has failed to produce any evidence in support of his claims.

3.     As the Magistrate makes clear in her Report, citing to Celotex Corp. v. Catrett, 477 U.S. 317 (1986), summary judgment is appropriate when the non-moving party fails to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof.  See Magistrate's Report and Recommendation at 4.  The Magistrate suggests that Defendants should have submitted evidence to refute Plaintiff's assertions.  Id. at 21.  However, because Plaintiff himself has no personal knowledge and has not proffered any evidence regarding the Defendants' actions or non-actions, Plaintiff has failed to establish the proof necessary to overcome summary judgment.

Defendants need not rebut Plaintiff's mere allegations as the Magistrate suggests.  The burden of proof does not shift to Defendants simply because of Plaintiff's accusations. Evidence setting forth legal conclusions are insufficient to meet Plaintiff's burden.  See Wood v. City of Lakeland, FL, 203 F.3d 1288, 1292 (11th Cir.2000).  "The mere existence of a

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD • 9TH FLOOR • P.O. BOX 14-9022 • CORAL GABLES, FLORIDA 33114 • (305) 445-4090

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." See St.Paul Guardian Insurance Company v. United States of America, 117 F.Supp.2d 1349, 1353 (S.D. Fla. 2000). Plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts." Id., citing Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Because Plaintiff has failed to adduce evidence to overcome summary judgment, Defendants are entitled to judgment as a matter of law.

4. EMSA should be granted summary judgment because Plaintiff has failed to establish that EMSA had a custom or policy of failing to provide inmates with adequate medical care based on excessive costs of treatments. Moreover, the individual medical Defendants should be granted summary judgment because Plaintiff has failed to establish that they were deliberately indifferent towards his medical needs.

### Plaintiff's Claims Against EMSA

The Magistrate suggests that EMSA argued that it is entitled to summary judgment because Plaintiff failed to *allege* in his Amended Complaint that his constitutional deprivation occurred due to EMSA's cost-saving policies. See Magistrate's Report and Recommendation at 20. However, the record and EMSA's Motion for Summary Judgment are clear that Plaintiff has failed to *establish* that EMSA had an alleged cost-saving policy. Plaintiff's mere allegation that he was denied surgery due to the existence of a cost-saving policy is just that: an allegation.

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD • 9TH FLOOR • P.O. BOX 14-9022 • CORAL GABLES, FLORIDA 33114 • (305) 445-4090

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

The record clearly shows that Plaintiff has never seen such a policy and bases his allegation solely on personal belief. See William Hicks Deposition at 296-97. In fact, the only reference in the record regarding a cost saving policy concerns a statement allegedly made by CLINE to Plaintiff; however, Plaintiff testified that CLINE never told him that this alleged policy was the reason why Plaintiff was being denied medical treatment. Id.

### Plaintiff's Claims Against the Individual Defendants

As the Magistrate states in her Report, it is well settled that a showing of mere negligence, neglect, or medical malpractice is insufficient to recover on a § 1983 claim. A showing of conscious or callous indifference is required. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); Daniels v. Williams, 474 U.S. 327 (1986); Brown v. Hughes, 894 F.2d 1533, 1537-38 (11th Cir.1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir.1988). Plaintiff has proffered no evidence to show that Defendants' actions or non-actions were so egregious as to rise to the level of deliberate indifference.

Although Plaintiff alleges that his injuries were serious and that Defendants were deliberately indifferent towards his medical needs, the record, again, clearly establishes that Plaintiff's medical needs were met and that he was simply not satisfied with the treatment he was receiving. The Magistrate's Report confirms that the record is replete with documentation indicating that Plaintiff was provided with examination, diagnosis, and treatment for his injuries and/or symptoms. See Magistrate's Report and Recommendation at 18. Furthermore, Plaintiff's

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD • 9TH FLOOR • P.O. BOX 14-9022 • CORAL GABLES, FLORIDA 33114 • (305) 445-4090

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

testimony contains only mere accusations rather than any evidence that the Defendants were deliberately indifferent.[1]

Finally, the Magistrate suggests that Plaintiff alleges/asserts that CLINE admitted to him that the decision to deny the surgery recommended by UECKER was based on the fact that the surgery would be expensive. See Magistrate's Report and Recommendation at p. 19. However, as discussed above, the record shows that CLINE never made these comments to Plaintiff regarding Plaintiff's treatment.

## CONCLUSION

For the foregoing reasons, as well as those expressed in their Motion for Summary Judgment, Defendants, EMERGENCY MEDICAL SERVICE ASSOCIATION, DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON and DR. G. PEARSON, respectfully request an entry of judgment as a matter of law, together with such other relief as the Court deems just and proper.

---

[1] For example, as stated in footnote 3 of Defendants' Motion for Summary Judgment, Plaintiff testified that he is suing PEARSON based upon his belief that although she was aware of his jaw difficulties, she did not reach out to other authorities to obtain the assistance he claims to need. However, Plaintiff has no personal knowledge and has offered no proof whether or not PEARSON contacted other authorities. See Hicks Deposition at 248-50.

-5-

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this **15th** day of April, 2002 to all counsel and parties of record on the attached service list.

> O'CONNOR, CHIMPOULIS, RESTANI,
> MARRERO & McALLISTER, P.A.
> Attorneys for Defendants, EMSA Limited
>     Partnership, Dr. Davis, Dr. Uecker,
>     Dr. Trevor Weathers, Dr. Cline,
>     Dr. Pearson, and Dr. G. Pearson
> 2801 Ponce de Leon Boulevard
> Ninth Floor
> Coral Gables, FL 33134
> (305) 445-4090
>
> By: _____
> JOEL L. SHULMAN
> Florida Bar No. 389242

F:\WORD\FILES\97-6939\pleading\n-objections-magistrate-rpt.jls

Hicks v. Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

## SERVICE LIST

William M. Hicks v. Ken Jenne, et al.
U.S. District Case No. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS, *pro se*
#664670
Everglades Correctional Institution
P.O. Box 949000
Miami, FL  33194-9000

SUMMER BARRANCO, Esquire
Purdy, Jolly & Giuffreda
1322 S.E. Third Avenue
Fort Lauderdale, FL   33316

O'CONNOR, CHIMPOULIS, RESTANI, MARRERO & McALLISTER, P.A.
2801 PONCE DE LEON BOULEVARD • 9TH FLOOR • P.O. BOX 14-9022 • CORAL GABLES, FLORIDA 33114 • (305) 445-4090