UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-civ-Dimitrouleas
CIVIL DIVISION
HONORABLE JUDGE DIMITROULEAS

William M. Hicks,
　　　　Plaintiff,
vs.
SHERIFF KEN JENNE, et al,
　　　　Defendant(s).



PLAINTIFF'S PETITION FOR APPLICATION AND PERMISSION TO APPEAL THE FINAL ORDER DISMISSING DEFENDANTS JOHN DOES #1 AND #2

COMES NOW, the Plaintiff prose, pursuant to Fed. R. Civ. P., and submits his Petition to the Honorable Dimitrouleas, for permission to appeal a final order dismissing John Doe #1, now known as Elaudio Lattanzi and John Doe #2, now known as Gary Hensley. Order was entered on December 18, 2001, by Honorable William P.

Dimitrouleas and would state reasons as follows:

(1.) The Plaintiff filed a motion to court to allow him to amend his complaint so he could remove half of the defendant's and simplify it for litigation and keep only persons personally responsible.

(2.) The Honorable court granted permission to amend complaint.

(3.) Once Plaintiff amended his complaint, he mailed it to his sister "Kathleen Hicks" so she could make (16) copies. Kathleen had on her own hired a private courier service hand deliver them to Miami, Federal court house, but the clerks there refused to accept service and advised courier to deliver to Broward county, Federal court house. Reason why, unknown.

(4.) Courier company advised Kathleen Hicks, and recieved permission to deliver to Broward Federal courthouse and made such delivery and had a clerk of court sign for (16) copies of amended complaint. The Plaintiff's record on file has complete copies of this.

(5.) Now during a (3) month period, the plaintiff had written many notices of inquiry's and clerks of court advised that they had not recieved the amended

2.

complaints, nor had any such recording of it.

(6.) Plaintiff also filed several motions to magistrate Sorrentino asking her to serve the amended complaint upon all the defendant(s), and did not want any problems to arise with statute of limitations.

(7.) The defendant's counsel, between all of this filed a motion in court to dismiss plaintiff's complaint, and brought to courts attention in words I did not even know as well stating plaintiff disregarded rules of court and orders and based on that, plaintiff's complaint should be dismissed.

(8.) Now the defendant's counsel had no right to file this motion to dismiss and due to one main fact, is that they were never served with the original complaint, nor the amended complaint.

(9.) Plaintiff was then forced to file his own motion to defend his civil rights suit and submitting in great detail of evidence starting from courts permission to amend complaint and mailing complaint after it was notorized by prison staff to his sister; having a private courier company attempting to deliver to Miami division and having to pay twice to deliver to Broward division; Kathleen Hicks and her employee's sworn affidavits giving detail how they handled complaint;

copies of courier service bills for attempt to deliver to miami, division and second bill for delivering the (16) complaint's to clerk of Broward Federal courthouse, showing clerks signature accepting delivery; day for day notes of plaintiff's constant contact through notice of inquiry's; motions filed; ect....

(10.) Once the magistrate in miami, was notified with all evidence now in courts file, the plaintiff's (16) copies of complaint showed up in clerks possesion after (3) months. And then magistrate issued a prompt order to serve all defendant(s) with copies of complaint.

(11.) This failure of courts clerk made plaintiff loose THREE months of his statute of limitations and also caused plaintiff not to be able to serve another defendant, susan McCampbell which made (3) defendant's lost due to this mishap.

(12.) When plaintiff sometime later, filed to amend complaint to add full names of John Does #1 and #2, the defendant's objected and this Honorable court ruled that the plaintiff was "TIME BARRER BY THE STATUTE OF LIMITATIONS" claiming it was the plaintiff's fault for not serving them in time, which is not the case here at hand.

4.

## CONCLUSION

Plaintiff makes it clear that he does not place any wrongdoing on Honorable Dimitrouleas, or the magistrate Sorrentino. But the plaintiff does place great suspicion on Broward county, Federal court clerks office, as well on all defendant(s), to include sheriff and E.M.S.A medical contractor which is owned by MRS. MARTA "Prado" BUTTERWORTH. If plaintiff's amended complaint that was notorized and filed with clerk before courts deadline and filed when clerk signed for it and not (3) months later. The plaintiff would **NOT** have been time barred by the statute of limitations, if the clerk issued the (16) complaint's ready to be served upon all defendant's. The plaintiff would of had more than enough time to serve John Does #1 and #2, pluss defendant Susan McCamphell.

Wherefore, the plaintiff asks this Honorable court to reverse its order, or allow the plaintiff to appeal to the 11th district.

5.

## AFFIDAVIT/OATH

I William M. Hicks, plaintiff, prose, HEREBY declare under penalty of perjury, declare that I have read and wrote motion to appeal and the facts stated herein are true and correct pursuant to Florida statutes §92.525, 18 U.S.C. 1621, 26 U.S.C. 7206, and 28 U.S.C. 1746

William M. Hicks #664670

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of plaintiff's motion to appeal, has been turned over to prison officials to mail by U.S. mail, this 21 day of April, 2002 and mail to:

1. Summer M. Barranco, esq.
2. Joel Shulman, esq.

William M. Hicks #664670
William M. Hicks, prose
Everglades Corr Inst
Box 949000
Miami, Fla 33194-9000

6.