UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-Dimitrouleas
MAGISTRATE JUDGE SORRENTINO
CIVIL

William M. Hicks,
    Plaintiff,
vs.
Ken Jenne, et al,
    Defendant(s).

FILED BY _____ D.C.
2002 APR 24 PM 1:14
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA-FTL

<u>PLAINTIFF'S RESPONSE TO DEFENDANTS
KEN JENNE, HANSO-EVANS AND HOLMES'
OBJECTIONS TO REPORT OF MAGISTRATE
JUDGE DATED APRIL 4, 2002</u>

Comes now the plaintiff, pro se, and files his response pursuant to Fed. R. Civ. P. The plaintiff recieved defendant's objections on April 18, 2002. The plaintiff files his response accordingly.



Page 3, of defendant's objections. Counsel for defendant's listed above claim that there is not sufficient evidence with which to deny summary judgment to defendant's "sheriff" Ken Jenne in his official capacity.

Plaintiff has placed into evidence a letter from Jenne showing he had personal knowledge to plaintiff's serious medical needs and he personally signed it on his own stationary. Also placed into evidence is letters from senate and congress as well complaints forward to him/his department.

As to defendant's Hanson-Evans and Holmes claims that they have set forth the policies of defendant sheriff by way of affidavits, is without merit as the sheriff has not provided his own affidavit to prevail on this claim. Plaintiff provided ample evidence to refute their claim and therefore should be denied as to relief from their summary judgment on medical indifference claim in their official capacities.

Page 3-4, of defendant's objections as to Hanson-Evans and Holmes claim that they are entitled to summary judgment on individual capacity claims brought by the plaintiff, claiming reason that plaintiff has not presented any evidence to sufficiently

2.

rebut their affidavits. This should be denied as plaintiff has provided ample evidence to over come summary judgment and can prove to a jury that both defendant's Hanson-Evans and Holmes can and would be held liable for their individual actions as to not performing to their professional job duties as to Hanson-Evans "medical Administrator" and Holmes "ombudsman" and not up holding to rules and regulations set forth in Dept of Corr as well county detentions.

### Conclusion

For the foregoing reasons stated herein plaintiff's response to defendant's objections, the plaintiff ask this court to deny said defendant's objections and adopt magistrates report and recommendations. And allow plaintiff to be heard by a jury panel.

## CERTIFICATE OF SERVICE

I William M. Hicks, pro se, HEREby declare the facts contained herein plaintiff's response is true and correct to the best of his ability. I certify that a true and correct copy was handed over to prison officials to mail by U.S. mail this 21 day of April, 2002, and copies mailed to:

Joel Shulman, esq, 2801 ponce de leon Blvd, 9th FL, coral Gables, Fla 33134 and

Summer Barranco, esq, 1322 S.E. 3rd Avenue Ft. Laud, Fla 33316.

William M. Hicks, pro se
William M. Hicks #664670
Everglades Corr Inst
Box 949000
Miami, Fla 33194-9000