UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CIV-Dimitrouleas

MAGISTRATE JUDGE SORRENTINO

CIVIL

William M. Hicks,
    Plaintiff,

vs.

Ken Jenne, et al,
    defendant's.



PLAINTIFF'S RESPONSE TO DEFENDANT'S EMSA, DAVIS, UECKER, WEATHERS, CLINE, PEARSON AND G. PEARSON'S OBJECTIONS TO MAGISTRATES REPORT AND RECOMMENDATIONS DATED APRIL 4, 2002

Comes now the Plaintiff, pro se, and files his response pursuant to Fed. R. Civ. P. The Plaintiff recieved the defendant's objections on April 17, 2002. The plaintiff files his response accordingly.



On defendant's objections, page 2, line 3, the defendant's claim plaintiff has failed to supply evidence. WHICH IS NOT TRUE. The entire record shows evidence such as, report(s) by two John Does, recreation deputies based on assault and battery made upon plaintiff by Norman Beech; event report by first treating nurse by taping cut closed; report by DR. Davis, M.D. C.H.O. of N.B.D.C.; radiologist's reports showing fractures up to 11 months after assault and battery, with defendant's names ordering xrays; grievances; requests; complaints; ect... Therefore plaintiff submitted able and even more than enough evidence to over come a summary judgment motion.

Defendant's also claim they do not need to rebut plaintiff's mere allegations as the magistrate suggests. This is clearly wrong as counsel for named defendant's are now trying to shift the focus on this Honorable court, rather than explain why they themselves did not follow summary judgement rules and refute plaintiff's summary judgment motion filed in this court first. Defendant's claim there is no evidence produced by the plaintiff that which a jury could reasonably find for the plaintiff. This is clearly wrong as plaintiff filed more than enough evidence to over come summary judgment against the defendant's, as well for plaintiff's own summary judgment motion.

2.

Defendant's objections, page 3, line 4. The defendant's EMSA claim that their summary judgment is clear that plaintiff has failed to establish that E.M.S.A. had an alleged cost-saving policy. This is not true by way of evidence submitted by plaintiff as to recommendation by defendant DR. uecker, M.D. "who is in private practice also as a M.D. surgeon" to due O.M.F. "open mouth fracture surgery" which is stated on a grievance dated year 1996, and provided by defendant Hanson-Evans "Medical Administrator at N.B.D.C." which clearly listed SOME of plaintiff's fractures and radiologists reports ranging from day of assault and battery till 11 months later and still not providing needed medical treatment or MRIS, ect.

SEE plaintiff's depo, page 190, line 21 on. States that plaintiff now in prison year(s) later and still can't open his mouth more than 1 1/2 fingers wide as well right side of jaw bone protruding from face and can be noticable bye the eye. And counsel Joel Schulman, esq, responding he don't need to feel the jaw bone as he can personally see it sticking out from accross the table.

Plaintiff also provided for summary judgment motion evidence of news paper articles based solely on sheriff's office and E.M.S.A.; an article on DR. martin, M.D. psychiatrists from N.B.D.C. resigning from practicing in florida while under investigation and ect...

counsel for defendant cline, DDS, claims in plaintiff's depo at 296-97, that cline never told the plaintiff that detainees were being denied medical care due to cost-saving policies. This is not true. If you read depo in its entirety, it reads that plaintiff was told this and plaintiff states honestly, he can not speak for every situation and as well plaintiff having so many fractures, the defense is trying to construe all statements into one argument.

Defendant's objections, page 4. The plaintiff here feels he need not go into great details since it will only restate his responses in this motion. Defendant's claim plaintiff failed to proffer evidence to show defendant's actions or non actions that were so egregious as to rise to the level of deliberate indifference. This is clearly refuted and wrong.

The plaintiff alleges that his injuries were serious, and he has supported this claim by a clear and convincing showing of evidence.

The defendant's claim and use the magistrate judge to support that they provided plaintiff his medical needs by way of examination, diagnosis, and treatment for his injuries and/symptoms. They the defendant's did not even file affidavit's to support this in their own defense. Plaintiff states that supplying soft food

4

diet, weeks or months later; pain medications weeks later; a soft pillow pass, not sure how long after, maybe months; xrays without providing any treatment for ALL known fractures; an outside visit with an oral facial maxial surgeon, nine months later; sutures to close a serious facial cut; ect..." By which the plaintiff had to fight through complaints, grievances, and requests to get what he got and continued to fight to maintain it."

Plaintiff brings to courts attention in plaintiffs depo, pages 248-252, which points out the true facts on defendant pearson, DDS, to support his true feelings as to why she is still liable and a defendant.

Defendant's objection motion page 5. counsel for defendant's still try to persuade this court to plaintiff's statement in his depo at page 296-97. That defendant cline, DDS, never told him of a cost-saving policy which is not true and was brought out in this motion by plaintiff. If there never was a cost-saving policy, why then did the plaintiff get denied ALL medical orders to provide surgery and as well proper needed medical attention. That is a big question.

## CONCLUSION

For the foregoing reasons stated herein plaintiff's

5.

response to defendant's objections, the plaintiff ask this court to deny said defendant's objections and adopt magistrates report and recommendations. And allow plaintiff to be heard by a jury panel.

### CERTIFICATE OF SERVICE

I William M. Hicks, prose, HEREBY declare the facts contain herein plaintiff's response is true and correct to the best of his ability. I certify that a true and correct copy was handed over to prison officials to mail by U.S. mail this 21 day of April, 2002, and copies mailed to:

Joel Shulman, esq  2801 ponce de leon Blvd, 9th fl, coral Gables, fla. 33134 and

Summer Barranco, esq  1322 S.E. 3rd Avenue, Ft. Laud, fla 33316.

<u>William M. Hicks prose</u>
<u>William M. Hicks #664670</u>
<u>Everglades corr Inst</u>
<u>Box 949000</u>
<u>Miami, fla 33194-9000</u>

6.