UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILLIAM HICKS,

      Plaintiff,

vs.

SHERIFF KEN JENNE, et al,

      Defendants.

_____/

CASE NO. 00-6087-CIV-DIMITROULEAS



FILED by _____ D.C.

JUN 25 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## FINAL JUDGMENT AND ORDER APPROVING REPORT, IN PART, AND DISMISSING ALL COUNTS

THIS CAUSE is before the Court upon the Report of Magistrate Judge Charlene H.

Sorrentino [DE-141], signed April 4, 2002 and Plaintiff William Hicks' Objections [DE-150]

filed on April 15, 2002 and Defendants EMSA and Doctors' April 15, 2002 objections [DE-144]

and Defendants' and Sheriff's April 15, 2002 objections [DE-142] and Plaintiff's April 24, 2002

Responses [DE-146 and 147]. The Court has carefully considered the Magistrate's Report and

all of the objections, and responses and has conducted a _de novo_ review of the report, and is

otherwise fully advised in the premises. Having considered the objections and responses, this

Court agrees with some of the reasoning and analysis of the Magistrate Judge that: 1) Plaintiff's

claims as to Defendant Susan McCampbell should be dismissed, 2) all the endangerment claims

should be dismissed. The court disagrees with the Magistrate's conclusion that the medical

treatment claims against the Sheriff, Hanson-Evans, Holmes, Davis, Ucker (Uecker), Weathers,

EMSA, Cline and both Pearsons should remain pending, the Court disapproves the Report and

Recommendation and dismisses the complaints against all Defendants. The court finds as

follows:

1



On February 9, 1996, Plaintiff Hicks was a pre-trial detainee at the Broward County Jail.

He was the victim of a brutal, unprovoked attack by a fellow inmate, Norman Beach. Hicks,

who admittedly has a long history of mental illness [DE-118, p. 16-19] and who is now serving a

life without parole sentence for murder, [DE-118, p. 6 and 24], did not receive adequate medical

treatment after the attack. Nevertheless, Hicks is not entitled to relief in that he has failed to

establish that there is a material dispute on any of his claims: deliberate indifference to his safety,

welfare or medical needs.

Hicks did not know Beach before the attack [DE-118, p. 33]. Hicks had no reason to

believe an attack was imminent. One of the deputies told Beach to stop the attack. [DE-118, p.

42]. Beach even assaulted the deputies, one of whom had to use Hicks to shield himself from

Beach's attack. [DE-118, p. 43]. One of the deputies was knocked down by Beach as the deputy

tried to call for back-up. [DE-118, p. 44]. The fact that a nurse was about to give Beach a shot

just prior to the attack [DE-118, p. 47] does not establish a cause of action. Moreover, the

Deputies, who responded to the altercation, John Does #1 and #2, have been dismissed from the

lawsuit. The remaining defendants on the altercation issue are the Sheriff, Barbara Hanson-

Evans (an administrator) and Stanley Holmes (an ombudsman). None of those defendants were

present during the attack. [DE-118, p. 49]. Hicks has testified that he sued the Sheriff because of

his leadership role. [DE-118, p. 109]. However, the doctrine of respondeat superior is not

applicable in a § 1983 case. Grech v. Clayton County, 288 F. 3d 1277 (11th Cir. 2002); Terrance

v. Northville Regional, 286 F. 3d 834 (6th Cir. 2001). Hicks has testified that he sued Hanson-

Evans because he trusted her [DE-118, p. 96] and because she should have stopped other

deputies from beating up inmates [DE-118, p.97]. Hicks testified that he sued Holmes for not

backing him up on grievances and for laughing at him. [DE-118, pp. 103, 106]. None of these

defendants had any culpability in the attack, nor in Hicks later medical treatment or lack thereof. None of these defendant are licensed medical care providers, and any negligence in their doing their job did not rise to a level to sustain a § 1983 cause of action. Hicks has not shown that the Sheriff or EMSA have a custom, policy, practice or procedure of violating inmates' rights. Monell v. Department of Social Services, 436 U.S. 658 (1978). Certainly, the Sheriff does not have final policy making authority to perform operations. Cuesta v. School Board, 285 F. 3d 962, 968 (11th Cir. 2002). Hicks must produce more than a scintilla of proof to survive summary judgment. Here, he does not. He just presents his subjective opinions. [DE-153, p. 89].

Hicks' allegation that the doctors were deliberately indifferent to his medical needs is not supported by evidence. At most his conclusory allegations establish a claim of negligence, which is insufficient to satisfy his cause of action. Campbell v. Sikes, 169 F. 3d 1353, 1363 (11th Cir. 1999). Here, there was no unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97 (1976). After the fight the deputies escorted Hicks through the girls' unit, a shortcut, to the medical department [DE-118, p 50]. Dr. Davis was waiting for him [DE-118, p. 55]. It only took one minute to be seen. [DE-118, p. 174]. Dr. Davis examined a cut on Hicks' eye, cleaned it up, administered seven stitches, and took five x-rays [DE-118, p. 53]. Davis saw no fractures [DE-118, p. 53], which apparently was confirmed by an MRI in 2000 [DE-118, p. 60].[1] However, x-rays were again taken on February 21, 1996 and March 15, 1996 and apparently showed fractures [DE-116, p. 17]. On March 4, 1996, Dr. Ucker gave Hicks an extra pillow. [DE-153, p. 63]. Subsequently, doctors disagreed on the appropriate medical treatment.

---

[1]Hicks testified that he sued Dr. Davis because he was the main Chief Medical Officer, did not see a fracture on the x-ray, gave him a false disciplinary report, and was dishonest. [DE-153, p. 48-51].

3

Dr. Cline and Dr. Weathers advised of the dangers of surgery [DE-118, p. 72], apparently that warning was corroborated by Dr. Charles Russell, [DE-118, p. 73]. The doctors prescribed pain medication [DE-118, p.70].[2] Special diets were ordered. [DE-118, p 201]. Approximately nine months after the attack Dr. Ucker told Hicks that he had a fracture under his right eye - [DE-153, p. 59]. Hicks sued Dr. Ucker because he was a treating physician and he did not follow his code of ethics. [DE-153, p.60], he did not bring up the other doctors on charges before the licensing division. [DE-153, p. 61]. Hicks sued Dr. Weathers because he did not tell Hicks that he was an oral surgeon. [DE-153, p. 64-65], and switched x-rays [DE-153, p. 69]. Hicks testified that he sued Dr. Sharon Pearson because she was aware of his situation [DE-153, p. 39], but she did not have an evil nature [DE-153, p. 43]. He sued Dr. G. Pearson because he was aware of the situation [CR-DE-153, p 84]. Here, there are insufficient allegations that the doctors had subjective knowledge that there was a risk of serious harm.[3] Campbell v. Sikes at 1364. More than negligence is required. Mc Elligott v. Foley, 182 F. 3d 1248, 1255 (11th Cir. 1999). A failure to order x-rays is insufficient to sustain a cause of action. Estelle v. Gamble at 107. Here a failure to read an x-ray properly can not be sufficient. Hicks' claim that Dr. Cline and Dr. Weathers later switched x-rays, assuming for the purposes of this motion that Hicks can read x-rays,[4] is no more than a scintilla of evidence and insufficient to justify a trial. Almost anyone

---

[2]Hicks does not claim that the Defendant failed to treat his pain. See Walker v. Benjamin, 2002 WL 1313006 (7th Cir. June 18, 2002).

[3]In this Court's August 24, 2001 Order Approving Report and Recommendation [DE-85], the Court indicated that a missed diagnosis by a prison doctor does not automatically equal an Eighth Amendment violation. Johnson v. Quinones, 145 F. 3d 264, 168 (4th Cir. 1998). Actual knowledge must be shown. Bryan v. Endell, 141 F. 3d 1290, 1291 (8th Cir. 1998).

[4]Hicks has admitted that he can not read x-rays. [DE-153, p. 52].

4

who saw Hicks is being sued for not helping him with medical treatment that he concludes

should have been given him.  A doctor's alleged comment that economics affected medical

decisions at EMSA [DE-153, p. 88] also is not sufficient evidence to justify a trial.  St. Paul v.

Guardian Insurance, 117 F. Supp. 2d 1349, 1353 (S.D. Fla. 2000).  Such implausible inferences

do not warrant a trial.  Cuesta at 970.  Accordingly, it is

       ORDERED AND ADJUDGED as follows:

      1. The Magistrate Judge's Report and Recommendation [DE-130] is hereby ADOPTED,

in Part.

      2. Plaintiff William Hicks' Objections are hereby OVERRULED.

      3. Defendant Susan McCampbell was previously DISMISSED as a party to this action

pursuant to Rule 4(m), Federal Rules of Civil Procedure, for failure to timely perform service of

the summons and complaint.  Additionally, under 28 U.S.C. § 1915(e)(2)(B)(ii) a dismissal is

appropriate.

      4. Plaintiff's November 30, 2001 Motion For Summary Judgment [DE-119] is DENIED.

      5. Defendant's Motion for Summary Judgment [DE-116] is Granted as to endangerment,

and as to medical indifference.

      6. Defendants' Motion for Summary Judgment [DE-117] is GRANTED as to all

Defendants.

      7. Plaintiff's June 7, 2002 Motion for Clarification [DE-152] is Denied.

      8. The Clerk shall deny any pending motions as Moot.

9.  The Clerk shall close this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

25 day of June, 2002.


WILLIAM P. DIMITROULEAS
United States District Judge



Copies furnished to:

Magistrate Judge Charlene H. Sorrentino

William M. Hicks, #664670
Everglades Correctional Institution
1601 S.W. 187th Avenue
P.O. Box 949000
Miami, Florida 33194-9000

Summer M. Barranco, Esquire
1322 S.E. Third Avenue
Ft. Lauderdale, Florida 33316

Joel L. Shulman, Esquire
2801 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134