# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (Broward Division)

WILLIAM HICKS,
  Petitioner/Appellant,

vs.

SHERIFF KENNETH JENNE et al.,
  Defendants/Appellee.

CASE NO. 00-6087-CIV-DIMITROULEAS

MOTION FOR CERTIFICATE OF APPEALABILITY

FILED by INTAKE _____ D.C.
JUL 23 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

COMES NOW, William Hicks, Petitioner/Appellant, (herein referred to as Hicks or Appellant) prose, respectfully petitions this Honorable Court to issue certificate of appealability pursuant to 28 U.S.C.A § 1291 and 28 U.S.C. § 2253(c), Fed. R. App. P., Rules 4(a)(1) and 22 on issues and claims: 1) Endangerment, by jail officials failing to protect him from risk of harm at the hands of another inmate, named Norman Beech, who attacked and injured Hicks at the North Broward Detention Center on April 7, 1996;[*] 2)(A) Denial of, and Delay in Access to Medical Care (deliberate indifference to serious medical needs) while Hicks was confined at N.B.D.C. between April 7 and April 10, 1996, he was

---

[*] North Broward Detention Center will be abbreviated by N.B.D.C.



denied care for his medical needs, including care for the injuries which he sustained in April 7, 1996 attack, (B) and upon his transfer to the Broward County Main Jail from N.B.D.C. on April 10, 1996, Hicks immediately informed corrections officials at B.C.M.J. that he had serious medical needs and they refused to take him to medical department; (C) while Hicks was confined at B.C.M.J from April 10, 1996 until June of 1996 (the month in which he was transferred back to N.B.D.C.) he was denied care for his medical needs, including injuries which he sustained in the April 7, 1996 attack, as a result of acts and omissions by both corrections and medical personel; (D) and after Hicks was tranferred back to the N.B.DC. in June of 1996, medical and corrections officials continued to ignore his medical complaints, causing his defense attorney and the Circuit Court Judge in Hicks' state criminal proceedings to intervene on his behalf; and even then Hicks was afforded only medical, consultations (which resulted in recommendation that he be provided surgery), but

he was given no actual care or treatment for his conditions and injuries because treatment, surgery would be costly;[2*] 3) Denial of Due Process where Hicks was suddenly transferred back to N.B.D.C. and was placed in confinement under fradulent disciplinary charges; 4) Denial of Access to the Courts. Because the defendants' named in amended complaint, Ken Jenne, Sheriff of Broward County, Susan McCampbell, Director of Broward Sheriff's office (BSO), Barbara Hanson-Evans, Medical Administrator at N.B.D.C., John Doe #1, who was present at the time of April 7, 1996 attack, but failed to intervene or protect Hicks from the attack at N.B.D.C., John Doe #2, who was also present at the time of the attack on Hicks on April 7, 1996 and failed to intervene or protect, Stanley Holmes, Ombudsman for B.S.O., Dr. W.C. Davis, Chief Physician at N.B.D.C., Dr. Ucker, Night Shift Physician at B.C.M.J., Emergency Medical Service Association (EMSA) at N.B.D.C. and B.C.M.J. (contracted medical provider),

---

[2*] In his complaint Hicks asserted that defendant Dr. Cline, admitted to him during his final medical consultation at NBDC, that the defendant's collective decision to deny him the needed medical treatment was unanimous based on the extreme cost for said treatment.

Dr. Cline, Dental Physician employed by EMSA at B.C.M.J., Dr. G. Pearson, Dental Physician employed by EMSA at N.B.D.C.J., Dr. Pearson a Dental Physician employed by EMSA at B.C.M.J., and Dr. Trevor Weathers, Oral Surgeon at B.C.M.J., deprivation of Hicks U.S. Const. Rights under the 1st, 8th, and 14th Amendments he suffers permanent injuries and Claims should not have been dismissed.

However, those issues were before this Court and dismissed on June 25, 2002, by order of this Court.[3] Exhibit (A). The Appellant, herein seeks further review and respectfully request that this Honorable Court issue Certificate of Appealability (COA) for the following reasons:

### FACTS HISTORY OF CASE

1. Hicks herein incorporates and adopts the history of case as set forth on the record in this cause. [D.E-1-153]

---

3* Exhibit will be abbreviated by Exh. and a alphabetical symbol.

4

## 2. STANDARD FOR ISSUING COA

Title 28 U.S.C § 2253 provides that a certificate of appealability may issue if the applicant makes a substantial showing of denial of Constitutional Rights. See: <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1603 (2000); <u>Jones v. United States</u>, 2000 WL 1224637, *2 (11th Cir. 2000). This includes showing that reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Slack supra</u>, at 1603, 1604 (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 and n.4 103 S. Ct. 3383, 3394 (1983))

> "Where a district court has rejected the Constitutional Claims on the merits, the showing required to satisfy § 2253 (c) is straight forward: The Petitioner must demonstrate that reasonable jurist would find the district courts assessment of Constitutional claims debatable or wrong." <u>Slack</u>, 120 S.ct. at 1604.

5

3. <u>RESULT IN APPELLANT'S CASE</u>

The Magistrate's conclusions and finding of facts as to Defendant Susan McCampbell were in error as a matter of law. However, the <u>Magistrate was correct as to the claims of deliberate indifference</u> to Hicks serious medical needs by Sheriff, Wanlaw-Evans, Holmes, Davis, Ucker, Weathers, EMSA, Cline, and both Pearsons. The Appellant's claims stated sufficient facts to warrant <u>a jury determination</u> as to the disputed facts. Further, a claim will only be dismissed under Rule 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief. It is clear that pleader can prove consistent with his or her allegations. It is clear that relief can be granted. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed 59 (1984) There exist issue of material fact as to Hicks endangerment claim of being housed in a facility where psychologically violent offenders are most often left unsupervised, as to those officials responsible for establishing those policies

and or procedures, deliberate indifference to medical needs by the defendants, where Hicks was deprived serious medical care by defendants for non medical reasons; there exist issue as to whether correction officers acted within their discretionary authority when they placed Hicks in disciplinary confinement for no reason, whether John Doe #1 and #2 failed to intervene or protect Hicks, and as to John Doe #1, using Hicks as a human sheild to protect himself as opposed to assisting and protecting Hicks from further injuries." A "genuine issue" exists where the evidence before the court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party. "Controlling Legal Standard" for a genuine issue is tested through the prison of applicable controlling legal standard — the quantum and quality of proof necessary to support liability under claims raised. Thus, if the plaintiff must prove its case by clear and

convincing evidence, the court will assess whether the evidence in the summary judgment record would allow a rational fact-finder to find for the Plaintiff by that standard of clear and convincing evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed 2d 202 (1986)

Hence, Hicks made a substantial showing in his claims and pleadings of a likelihood that the outcome of the proceedings could have been differently by a determination of the facts by the fact finder had they been given the opportunity to determine the issues of material fact.

## Conclusion

Wherefore, Appellant, William Hicks, ask this Honorable Court to grant a COA on issues aforementioned. The grant of COA is appropriate on these issues.

Respectfully Submitted,

William M. Hicks
William Hicks, prose

## CERTIFICATE OF SERVICE

I William Hicks, Certify, that a true and correct copy of the foregoing instrument (COA) was furnished to the prospective counsels of the Defendants/Appellee, on this 19 day of July 2002. AND CERTIFY THE FOREGOING STATED HEREIN TO BE TRUE AND CORRECT.

/S/ *William M. Hicks DC#664670*
William Hicks, prose
Everglades C.I.
P.O. Box 949000
Mia., Fl. 33194-9000

copies furnished to:

Summer M. BARRANCO, esq
1322 S.E. Third Avenue   FT. Loud, Fla 33316.

AND

JOEL SHULMAN, esq
2801 Ponce De leon Blvd · 9TH FL · Coral Gables, Fla 33134

*William M. Hicks*
William M. Hicks #664670

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILLIAM HICKS,   CASE NO. 00-6087-CIV-DIMITROULEAS

    Plaintiff,

vs.

SHERIFF KEN JENNE, et al,

    Defendants.
_____/



FILED by _____ D.C.
JUN 25 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### FINAL JUDGMENT AND ORDER APPROVING REPORT, IN PART, AND DISMISSING ALL COUNTS

THIS CAUSE is before the Court upon the Report of Magistrate Judge Charlene H. Sorrentino [DE-141], signed April 4, 2002 and Plaintiff William Hicks' Objections [DE-150] filed on April 15, 2002 and Defendants EMSA and Doctors' April 15, 2002 objections [DE-144] and Defendants' and Sheriff's April 15, 2002 objections [DE-142] and Plaintiff's April 24, 2002 Responses [DE-146 and 147]. The Court has carefully considered the Magistrate's Report and all of the objections, and responses and has conducted a _de novo_ review of the report, and is otherwise fully advised in the premises. Having considered the objections and responses, this Court agrees with some of the reasoning and analysis of the Magistrate Judge that: 1) Plaintiff's claims as to Defendant Susan McCampbell should be dismissed, 2) all the endangerment claims should be dismissed. The court disagrees with the Magistrate's conclusion that the medical treatment claims against the Sheriff, Hanson-Evans, Holmes, Davis, Ucker (Uecker), Weathers, EMSA, Cline and both Pearsons should remain pending, the Court disapproves the Report and Recommendation and dismisses the complaints against all Defendants. The court finds as follows:

received
June 27, 2002

1

On February 9, 1996, Plaintiff Hicks was a pre-trial detainee at the Broward County Jail. He was the victim of a brutal, unprovoked attack by a fellow inmate, Norman Beach. Hicks, who admittedly has a long history of mental illness [DE-118, p. 16-19] and who is now serving a life without parole sentence for murder, [DE-118, p. 6 and 24], did not receive adequate medical treatment after the attack. Nevertheless, Hicks is not entitled to relief in that he has failed to establish that there is a material dispute on any of his claims: deliberate indifference to his safety, welfare or medical needs.

Hicks did not know Beach before the attack [DE-118, p. 33]. Hicks had no reason to believe an attack was imminent. One of the deputies told Beach to stop the attack. [DE-118, p. 42]. Beach even assaulted the deputies, one of whom had to use Hicks to shield himself from Beach's attack. [DE-118, p. 43]. One of the deputies was knocked down by Beach as the deputy tried to call for back-up. [DE-118, p. 44]. The fact that a nurse was about to give Beach a shot just prior to the attack [DE-118, p. 47] does not establish a cause of action. Moreover, the Deputies, who responded to the altercation, John Does #1 and #2, have been dismissed from the lawsuit. The remaining defendants on the altercation issue are the Sheriff, Barbara Hanson-Evans (an administrator) and Stanley Holmes (an ombudsman). None of those defendants were present during the attack. [DE-118, p. 49]. Hicks has testified that he sued the Sheriff because of his leadership role. [DE-118, p. 109]. However, the doctrine of respondeat superior is not applicable in a § 1983 case. Grech v. Clayton County, 288 F. 3d 1277 (11th Cir. 2002); Terrance v. Northville Regional, 286 F. 3d 834 (6th Cir. 2001). Hicks has testified that he sued Hanson-Evans because he trusted her [DE-118, p. 96] and because she should have stopped other deputies from beating up inmates [DE-118, p.97]. Hicks testified that he sued Holmes for not backing him up on grievances and for laughing at him. [DE-118, pp. 103, 106]. None of these

2

defendants had any culpability in the attack, nor in Hicks later medical treatment or lack thereof. None of these defendant are licensed medical care providers, and any negligence in their doing their job did not rise to a level to sustain a § 1983 cause of action. Hicks has not shown that the Sheriff or EMSA have a custom, policy, practice or procedure of violating inmates' rights. Monell v. Department of Social Services, 436 U.S. 658 (1978). Certainly, the Sheriff does not have final policy making authority to perform operations. Cuesta v. School Board, 285 F. 3d 962, 968 (11th Cir. 2002). Hicks must produce more than a scintilla of proof to survive summary judgment. Here, he does not. He just presents his subjective opinions. [DE-153, p. 89].

Hicks' allegation that the doctors were deliberately indifferent to his medical needs is not supported by evidence. At most his conclusory allegations establish a claim of negligence, which is insufficient to satisfy his cause of action. Campbell v. Sikes, 169 F. 3d 1353, 1363 (11th Cir. 1999). Here, there was no unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97 (1976). After the fight the deputies escorted Hicks through the girls' unit, a shortcut, to the medical department [DE-118, p 50]. Dr. Davis was waiting for him [DE-118, p. 55]. It only took one minute to be seen. [DE-118, p. 174]. Dr. Davis examined a cut on Hicks' eye, cleaned it up, administered seven stitches, and took five x-rays [DE-118, p. 53]. Davis saw no fractures [DE-118, p. 53], which apparently was confirmed by an MRI in 2000 [DE-118, p. 60].[1] However, x-rays were again taken on February 21, 1996 and March 15, 1996 and apparently showed fractures [DE-116, p. 17]. On March 4, 1996, Dr. Ucker gave Hicks an extra pillow. [DE-153, p. 63]. Subsequently, doctors disagreed on the appropriate medical treatment.

---

[1] Hicks testified that he sued Dr. Davis because he was the main Chief Medical Officer, did not see a fracture on the x-ray, gave him a false disciplinary report, and was dishonest. [DE-153, p. 48-51].

3

Dr. Cline and Dr. Weathers advised of the dangers of surgery [DE-118, p. 72], apparently that warning was corroborated by Dr. Charles Russell, [DE-118, p. 73]. The doctors prescribed pain medication [DE-118, p.70].[2] Special diets were ordered. [DE-118, p 201]. Approximately nine months after the attack Dr. Ucker told Hicks that he had a fracture under his right eye - [DE-153, p. 59]. Hicks sued Dr. Ucker because he was a treating physician and he did not follow his code of ethics. [DE-153, p.60], he did not bring up the other doctors on charges before the licensing division. [DE-153, p. 61]. Hicks sued Dr. Weathers because he did not tell Hicks that he was an oral surgeon. [DE-153, p. 64-65], and switched x-rays [DE-153, p. 69]. Hicks testified that he sued Dr. Sharon Pearson because she was aware of his situation [DE-153, p. 39], but she did not have an evil nature [DE-153, p. 43]. He sued Dr. G. Pearson because he was aware of the situation [CR-DE-153, p 84]. Here, there are insufficient allegations that the doctors had subjective knowledge that there was a risk of serious harm.[3] Campbell v. Sikes at 1364. More than negligence is required. Mc Elligott v. Foley, 182 F. 3d 1248, 1255 (11th Cir. 1999). A failure to order x-rays is insufficient to sustain a cause of action. Estelle v. Gamble at 107. Here a failure to read an x-ray properly can not be sufficient. Hicks' claim that Dr. Cline and Dr. Weathers later switched x-rays, assuming for the purposes of this motion that Hicks can read x-rays,[4] is no more than a scintilla of evidence and insufficient to justify a trial. Almost anyone

---

[2] Hicks does not claim that the Defendant failed to treat his pain. See Walker v. Benjamin, 2002 WL 1313006 (7th Cir. June 18, 2002).

[3] In this Court's August 24, 2001 Order Approving Report and Recommendation [DE-85], the Court indicated that a missed diagnosis by a prison doctor does not automatically equal an Eighth Amendment violation. Johnson v. Quinones, 145 F. 3d 264, 168 (4th Cir. 1998). Actual knowledge must be shown. Bryan v. Endell, 141 F. 3d 1290, 1291 (8th Cir. 1998).

[4] Hicks has admitted that he can not read x-rays. [DE-153, p. 52].

4

who saw Hicks is being sued for not helping him with medical treatment that he concludes should have been given him. A doctor's alleged comment that economics affected medical decisions at EMSA [DE-153, p. 88] also is not sufficient evidence to justify a trial. St. Paul v. Guardian Insurance, 117 F. Supp. 2d 1349, 1353 (S.D. Fla. 2000). Such implausible inferences do not warrant a trial. Cuesta at 970. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation [DE-130] is hereby ADOPTED, in Part.

2. Plaintiff William Hicks' Objections are hereby OVERRULED.

3. Defendant Susan McCampbell was previously DISMISSED as a party to this action pursuant to Rule 4(m), Federal Rules of Civil Procedure, for failure to timely perform service of the summons and complaint. Additionally, under 28 U.S.C. § 1915(e)(2)(B)(ii) a dismissal is appropriate.

4. Plaintiff's November 30, 2001 Motion For Summary Judgment [DE-119] is DENIED.

5. Defendant's Motion for Summary Judgment [DE-116] is Granted as to endangerment, and as to medical indifference.

6. Defendants' Motion for Summary Judgment [DE-117] is GRANTED as to all Defendants.

7. Plaintiff's June 7, 2002 Motion for Clarification [DE-152] is Denied.

8. The Clerk shall deny any pending motions as Moot.

9. The Clerk shall close this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 25 day of June, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Charlene H. Sorrentino

William M. Hicks, #664670
Everglades Correctional Institution
1601 S.W. 187th Avenue
P.O. Box 949000
Miami, Florida 33194-9000

Summer M. Barranco, Esquire
1322 S.E. Third Avenue
Ft. Lauderdale, Florida 33316

Joel L. Shulman, Esquire
2801 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134