IN THE UNITED STATES DISTRICT COURT
<u>SOUTHERN</u> DISTRICT OF FLORIDA
<u>CIVIL</u> DIVISION

<u>William M. Hicks</u>,
    Plaintiff, PR, SE,

vs.                                     CASE NO.: <u>00-6087-Civ-Dim</u>

<u>KEN JENNE, ET, AL</u>,
    Defendant(s).
_____/

## MOTION FOR APPOINTEMENT OF COUNSEL

COMES NOW, <u>William M. Hicks</u>, Plaintiff, to move this Honorable Court, pursuant to Title 28 U.S.C. § 1915(d), for the appointment of counsel to assist in the prosecution of this civil action and in furtherance thereof would show the following:

Several factors[1] must be considered in assessing a prisoner's request for appointment of counsel in a civil proceeding; they include:

    1. The type and complexity of the case: <u>case is about denial of medical care and denial of any surgery and have alot of Doctors and medical contractor who have engaged in the denial of care. Have had serious injuries and fractures, still have medical problems.</u>

    2. Whether the indigent prisoner is capable of adequately presenting his case: <u>Hicks is a state prisoner and doesn't have experience in crossexamining Doctors, witnesses, rules of trial or court ect. locate witnesses and serving.</u>

    3. Whether the indigent prisoner is in a position to investigate adequately the case: <u>Cannot Depo experts, witnesses or retrieve medical records, xrays ect.</u>

---

[1]/<u>Ulmer v. Chancellor</u>, 691 F.2d 209, at 213 (5th Cir. 1982).



4. Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and cross examination: _There will be attorney privileged evidence for impeachment and evidence that has to be presented with knowledge._____; and

5. Whether the claims are meritorious enough to entitle the Plaintiff to surpass the summary judgment stage and proceed to trial: _Hicks had reversed case on appeal and all medical defendants have been held to withstand summary judgment and proceed to trial. The evidence will show 'all' defendant's guilt and participation in denial of medical and violation of state and federal constitutional rights._

### MEMORANDUM OF LAW IN SUPPORT

It is a service to the Court for counsel to explain the applicable legal principles to the complainant and to limit litigation to the potentially meritorious issues. In addition, appointment of a lawyer provides the unlettered inmate with an opportunity to obtain representation equally qualified with the professional counsel usually provided by the State for the Defendent(s). The appointment of counsel is, therefore, not only authorized by the statute but is of benefit to the Court and to parties. Quoting **Knight v. Watkins**, 616 F.2d 795, 799 (5th Cir. 1980); see also **Stringer v. Rowe**, 616 F.2d 993, 1001 (7th Cir. 1980). By appointing counsel in cases such as this one, the Court not only insures that the meritorious claims of a civil rights pro se prisoner are not defeated, but eases the burden placed on the Court **Id**.

- 2 -

While Plaintiff has no clear constitutional right to the appointment of counsel in a civil case, Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), it is justified by exceptional circumstances. The U. S. Eleventh Circuit Court of Appeals held, in Kilgo v. Ricks, 983 F.2d 189, 193-94 (11th Cir. 1993), that "[t]he key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Unless the court is willing to guide pro se litigants through the obstacle course it has set up, or allow them to skip some of the less substantial obstacles, it should not erect unnecessary procedural barriers which many pro se litigants will have great difficulty surmounting without the assistance of counsel." Id., see also Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993); Steele v. Shah, 87 F.3d 1266 (11th Cir. 1996).

**WHEREFORE**, based upon the complexity of the issues, need for extensive discovery, and adversarial nature of the proceedings which demonstrate a need for a trained practitioner of law to present and prosecute these claims to the Court and jury, it is prayed that counsel will be appointed to assist in this cause.

*William M. Hicks 664670*
*William M. Hicks, prose*

### DELCARATION/CERTIFICATE OF SERVICE

**HAVING READ** the foregoing statements of this Motion I swear under penalties of perjury all stated is true and correct and certify that a true and correct copy has been furnsiehd by U. S. Mail to: *Summer M. Barranco, esq 1322 S.E 3rd AVE, FT Lauderdale, Fla 33316 and* this *2* day of *Sept.* 2003. *Joel Shulman, esq 2801 ponce de leon BLVD. 9th FL. coral Gables, Fla 33114.*

*William M. Hicks prose*
*William M. Hicks   DC# 664670*
*Lake Corr Inst*
*19225 US Hwy 27*
*clermont, fla 34711-9025*

- 3 -