IN THE UNITED STATES DISTRICT COURT
_SOUTHERN_ DISTRICT OF FLORIDA
_CIVIL_ DIVISION

_William M. Hicks_,
    Plaintiff,

vs.                                    CASE NO.: _00-6087-civ-Dim_

_Ken Jenne, et al_,
    Defendant(s).
_____/

## MOTION FOR APPOINTMENT OF INDEPENDANT EXPERT WITNESS

    COMES NOW, _William M. Hicks_, Plaintiff, to move this Honorable Court, pursuant to Federal Rule of Evidence 706, for the appointment of an independant expert witness to assist the Court in this civil action and in furtherance thereof would show the following:

    This action arises from the deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment. Accordingly, the appointment of an independant expert witness will assist the Court, and jury, is assessing the complex issue of adequate medical care and treatment which is the central issue of the claims and defenses at issue in this case. Being that Plaintiff [■] has been declared indigent or [_] submits an accompanying affidavit of indigency, the Court is authorized to appointment an expert witness at the Defendant(s) expense.

## MEMORANDUM OF LAW IN SUPPORT

    There are many benefits from the appointment of an expert witness to advised the Court on issues for which the Court is presumably not qualified to decide, i.e., standard for adequate medical/psychiatric care and treatment. "Expert opinion on that issue and its application here obviously might be important to the finder of fact." Steele v. Shah, 87 F.3d 1266, 1271 (11th



Cir. 1996). As an indigent pro se litigant, Plaintiff is unable to acquire his own expert witness, and appointment of an expert by the Court "could provide further reason to appoint an expert to avoid a wholly one-sided presentation of opinions on the issue." Id.

"Under rule 706, the Court may on its own motion or on the motion of another party appoint an expert witness. Fed.R.Evid. 706(a)." McKinney v. Anderson, 924 F.2d 1500, 1510-11 (9th Cir. 1991). It is to provide the Court with the tools necessary to come to a reasonable determination of the case, and such as in the case at hand, prevent the Court from deciding issues outside of its field, which are genuinely in despute. In Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed.2d 919 (1920), the Supreme Court recognized that Trial Judges in the Federal system possessed "inherent power to provide themselves with appropriate instruments required for the performance of their duties," including the power to "appoint persons unconnected with the Court to aid Judges in the performance of specific judicial duties, as they may arise in the progress of a cause." Quoting Reilly v. U. S., 863 F.2d 149, at 157 (1st Cir. 1988).

It is not uncommon for courts, on their own motion or through a part's motion, to appoint an expert witness to aid in technical matters. See Wheat v. Thigpen, 793 F.2d 621 (5th Cir. 1986); Aminoil USA, Inc. v. OKC Corp., 629 F.2d 647 (E.D.La. 1986); Phillips Oil Co. v. OKC Corp., 812 F.2d 265 (5th Cir. 1987); Computer Associates Intern., Inc. v. Altai, Inc., 982 F.2d 693, 712 (2d Cir. 1992)(as the court's own expert witness on the issue); Good v. Austin, 800 F.Supp. 557, 559 (E. & W.Mich. 1992) (entered an order, pursuant to Fed.R.Evid. 706, appointing Mr. Swanson to serve as the Court's expert witness); B.H. By Pierce v. Murphy, 984 F.2d 196, 198 (7th Cir. 1993)(work toward settlement with the help of the Court-appointed expert). Many cases involving pro se litigants have found the appointment of an expert beneficial, if not necessary, to deal with complex issues involving medical/phsychiatric care and treatment. See Steele

<u>Shah</u>, 87 F.3d 1266 (11th Cir. 1996); <u>Smith v. Jenkins</u>, 919 F.2d 90 (8th Cir. 1990); <u>Roger v. Evans</u>, 792 F.2d 1052 (11th Cir. 1986); <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1035 (11th Cir. 1989); <u>Greason v. Kemp</u>, 891 F.2d 829, 835 (11th Cir. 1990): all of which have deemed these issues in dispute required exploration by expert witness, not the District Court.

**WHEREFORE**, based upon the foregoing facts, arguments, authorities, record thus-far in this proceeding, and this Court's authority, Plaintiff respectfully prays for the appointment of an expert wintess in this case.

*William M. Hicks 664670*
*William M. Hicks, prose*

## DECLARATION/CERTIFICATE OF SERVICE

HAVING READ the foregoing statement of this Motion I swear under penalties of perjury all stated is true and correct and certify that a true and correct copy has been furnished by U. S. Mail to: *Summer M. Barranco, esq 1322 S.E. 3rd Ave, Ft Lauderdale, Fla 33316 and*, this *2* day of *Sept* 2003.
*Joel Shulman, esq 2801 ponce de leon Blvd. 9th fl. Coral Gables, Fla 33114.*

*William M. Hicks prose*
*William M. Hicks DC# 664670*

*Lake Correctional Inst*
*19225 US Hwy 27*
*Clermont, Fla 34711-9025*

- 3 -