BH

Provided to Lake C.I.
16 DEC 03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-Dimitrouleas
MAGISTRATE JUDGE. WHITE

FILED by ___ D.C.
INTAKE

DEC 18 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

WILLIAM M HICKS,
    Plaintiff, prose,
  —vs—
KEN JENNE, et al,
    Defendant(s).
_____/

PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM SERVED UPON DEPT. OF CORR. MEDICAL, AND TRANSPORT ORDER TO TAKE PLAINTIFF TO UNBIASED HOSPITAL FOR X-RAYS AND EXAMINATIONS, AND RENEWED REQUEST FOR APPOINTMENT OF COUNSEL.

COMES NOW, Plaintiff William M. Hicks, prose, and files in accordance with Fed. R. Civ. P., and request the following relief from this Honorable court as follows:

1) Plaintiff files pursuant to Fed. R. Civ. P. Rule. 45 (c)(2)(A), and ask Honorable court to issue an order for subpoena duces tecum and direct the United States marshals to serve, U.S. -vs- Means, 741 F.2d 1053, 1055 (8th Cir 1984) (en banc) upon Lake Corr. Inst. Warden Mr. Johnson, so he may enforce it upon Miss Debbie Clemons, medical records custodian. So Plaintiff may copy pertinent medical files that are needed to his

177A

jury trial set to commence July 5, 2004, <u>Benavides -vs- Bureau of Prisons</u>, 995 F.2d 1269 (D.C. Cir 1993). Plaintiff pursuant to chapter 33-601.901 and FLA. STAT. §945.10 (3), has the right to inspect and copy his medical files upon making a request to do so. Plaintiff is not trying to burden this court, but the court knows he is prose and has little authority, therefore needs the court's power to enforce a state law so plaintiff may further his discovery. Plaintiff has tried at institutional level by submitting requests and a 303 grievance to warden with no action thusfar. Plaintiff will aprise the court with enough information to show why he's in need of court's help. On May 9, 2003, plaintiff had (5) x-rays taken of his head, facial and jaw at Lake Corr Inst (L.C.I.), an was told by his treating doctor, DR. TA, M.D., that there were no signs of new or old fracture's or any signs of abnormalitys to his jaw. Then on October 14, 2003, plaintiff was taken to a street Doctor, DR. Farber, DDS, oral facial surgeon, which DR. Farber reported limited opening of mouth, with jaw bone on right side of face sticking out and there was nothing, to fix the problem! since no proper medical care ever done. Doctor noted to fix kneck injuries and ordered x-rays to be taken (Plaintiff had these x-rays at N FRC, C.T. scan, Nov 14, 03). On October 28, 2003, (two) x-rays were taken again of kneck at L.C.I. and was told damage to 5th and 6th vertabra and spur's in kneck with arthritis. On November 14, 2003, at North Fla Reception Center (N.F.R.C.) plaintiff had C.T. scan x-ray of facial and jaw that was ordered by DR. Farber, DDS, oral facial surgeon. Plaintiff returned to Lake Corr Inst on December 1, 2003, and nurse in intake advised him of his C.T. scan x-ray which plaintiff seen and was told normal x-ray, no fracture's or any ever had? (This is same x-ray company who done M.R.I. in year 2000 at N.F.R.C. and advised no fracture's, or ever having fracture's which is contrary to court's file of radiologists report's revealing fracture's up to (11) months later. Plaintiff on December 8, 2003, wrote another request after being denied access

to visit with miss Debbie Clemons over medical records. Plaintiff while at sick call, did speak to her as she came in to work, but done nothing, except to write another request even after I advised she never responded to October 2003 request. Then on Dec 11, 2003, plaintiff had medical appointment he thought was to be with his treating Doctor, DR. TA, M.D., But seen DR. MRS Blake physicians assistant and advised I was to review x-ray results. DR. Blake advised of kneck injuries I already knew about, but when asked to review C.T. scan x-ray taken Nov 14, 03, at N.F.R.C., She stated "YOU WANT ME TO GO TO PRISON. I CAN NOT VIOLATE CONFIDENTIALITY". Plaintiff was amazed at DR. Blake's response and that he was being denied his right to review C.T. scan x-ray of his own jaw and facial. Plaintiff has outlined some of the facts that are and have been occurring since day of assault in year 1996. These files are needed to further his case and prepare for jury trial as well 'TRY' to meet court's deadlines set for discovery.

> Wherefore, plaintiff prays Honorable court will grant motion and issue subpoena duces tecum on D.O.C. and agents there of to witt, warden of L.C.I., Debbie Clemons.
> so prays

2.) Plaintiff in accordance with Fed. R. Civ. P., respectfully ask this Honorable court to issue an order and serve it upon Dept. of Corr. and warden MR. Johnson of loke corr Inst, to have him transported for a one day evaluation and x-rays to witt; C.T. scan, M.R.I., at local Hospital for an unbiased professional evaluation. Plaintiff has described a conflict in motion for medical records. Since plaintiff discovered his kneck injury in year 2000, some four years after assault, he has not once seen a specialist for his injuries.

3 of 6

Plaintiff suffers in daily pain since 1996, and is only treated with motrin and since EMSA, Broward sheriff's office and D.O.C. know of all in injuries since 1996 and till present it clearly shows since Plaintiff is suing EMSA a contractor who provides medical services to jail's and prison's, he's being denied proper medical care as well being told the truth of 'all' his injuries. Plaintiff has great pain in his jaw, facial, kneck, lower back and head, he believes he may even have brain damage as well clots in his head from the severe assault and battery made upon him by a known Boxer who hit plaintiff up to approx. 80-90 times. This is clearly evident by (11) months of radiologist's report's revealing fracture's still, that were all known by EMSA and BSO on day of assault where x-rays were taken right after. D.O.C. is blocking plaintiff from the full extent of his injuries that are still effecting his every day life. Plaintiff prays this court will use its authority to order D.O.C. to take him to a Hospital where he may finally find out the truth and full extent of his injuries. maybe then will D.O.C. come out from the veil and provide the urgently need medical care. Plaintiff would like to put on record for further use as he done in 2000 in a circuit court, by placing DOC and EMSA, BSO, on notice that if Plaintiff is not told the true extent of all his injuries by a proper evaluation and x-rays that were done, this will be considered deliberate concealment and further action will be taken under concealment statutes and laws.

Wherefore plaintiff prays this Honorable court will grant motion as his due process rights will be severely hindered if not and can not present all known injuries unless the court protects his rights and ensures he is afforded proper constitutional rights protection and guaranteed prompt medical care.

so prays

4 of 6

3.) Plaintiff moves this Honorable court, pursuant to Title U.S.C. 28 § 1915(d), for appointment of counsel to assist him in the prosecution of this civil suit and/or provide counsel for all Discovery related matters to include location of witnesses, Deposition(s), Discovery of medical files, reports, and x-rays, and would show the following: The court should consider several factors in assessing plaintiff's request for appointment of counsel, Ulmer -vs- Chancellor, 691 F2d 209, 213 (5th cir 1982). The appointment of counsel would be a benefit to plaintiff and the court and to parties Knight -vs- Watkins, 616 F2d 795, 799 (5th cir 1980); see Stringer -vs- Rowe, 616 F2d 993, 1001 (7th cir 1980). Moreover, lawful incarceration necessarily limits an inmate's right to plead and manage his own case personally see Price -vs- Johnston, 68 S.ct 1049, 1059-60 (1948). The 11th cir courts of Appeals held, in Kilgo -vs- Ricks, 983 F2d 189, 193-94 (11th cir 1993), that [T]he key is whether the pro se litigant needs help in presenting the essential merits of his position to the court and/or jury. The complexity of this case warrants appointment of counsel and is justified as an exceptional circumstance where the facts and legal issues are so novel or complex as to require assistance of trained counsel, Wahl -vs- McIver, 773 F.2d at 1174 (11th cir 1985) where medical expert(s) are needed and will be cross examined as well numerous Documents and witnesses. Plaintiff will be denied proper access to bring forth his case. This is shown by reversal of summary judgment in 11th cir court of Appeals.

Wherefore, plaintiff re-news his motion for appointment of counsel for entire case and/or to help surpass Discovery stage so plaintiff may adhere to court's deadlines.

So prays.

## AFFIDAVIT / OATH

I William M. Hicks, plaintiff, pro se, under penalties of perjury, declare that I have read and wrote the forgoing motion for court order's (1) medical records, (2) Transport order to Hospital for x-rays and evalutions, (3) renewed request for appointment of counsel, and facts and matters contained herein are true and correct to best of my ability pursuant to FLA. STAT. 92.525, 18 U.S.C. 1621, 26 U.S.C. 7206 and 28 U.S.C. 1746.

Executed this 16 day of December, 2003, A.D.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that true and correct copies were handed over to prison official's to mail by U.S. mail this 16 day of Dec 2003, and copies mailed to: (1) summer M. Barranco, esq 1322 S.E 3rd Ave. Ft. Laud, fla 33316 and David R. Cassetty, esq 2801 ponce de leon Blvd. 9th Fl. coral Gables, fla 33114.

William M. Hicks 664670  
William M. Hicks  
Lake Corr Inst  
19225 U.S. Hwy 27  
Clermont, Fla 34711-9025