MED
97-6939

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE WHITE

CASE NO. 00-6087-Civ-Dimitrouleas

WILLIAM M. HICKS, )
 )
    Plaintiff, )
 )
v. )
 )
KEN JENNE, SUSAN McCAMPBELL, )
BARBARA HANSON-EVANS, )
STANLEY HOLMES, JOHN DOES )
#1 AND #2, DR. W.C. DAVIS, DR. )
UECKER, DR. TREVOR WEATHERS, )
DR. CLINE, DR. PEARSON, DR. G. )
PEARSON, EMERGENCY MEDICAL )
SERVICES ASSOCIATION, )
 )
    Defendants. )
 )

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM, TRANSPORT ORDER AND RENEWED REQUEST FOR APPOINTMENT OF COUNSEL

Defendants, EMSA LIMITED PARTNERSHIP, INPHYNET, DR. WINTHROP, DR. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, and DR. CLINE, hereby respond and file this Memorandum in Opposition to Plaintiff's Motion for Subpoena Duces Tecum Served upon Department of Correction Medical, and Transport Order To Take Plaintiff to Unbiased Hospital for X-rays and Examinations, and Renewed Request for Appointment of Counsel, as follows:

1.     Pro Se Plaintiff moves this Honorable Court for an Order granting the above-referenced motion wherein he seeks relief on three separate grounds. Firstly, Plaintiff requests



*Hicks v. Jenne, et al.*
*Case No. 00-6087-Civ-Dimitrouleas*

---

that the Court issue an Order for Subpoena Duces Tecum for records to be served upon Warden Johnson and Debbie Clemons, medical records custodian, at Lake Corr. Inst. The Court has already denied Plaintiff's previous request for subpoenas by Order dated November 14, 2001, relying on Lloyd v. McKendree, 749 F.2d 705, 706 (11th Cir. 1985), which held that a District Court cannot order the service of subpoenas at government expense in a civil action, even on behalf of a litigant proceeding *in forma pauperis*. Accordingly, Plaintiff's request for subpoenas should once again be denied.

2.   Secondly, Plaintiff requests that the Court order the Department of Correction to transport him for a medical evaluation and diagnostic testing, including x-rays, MRI's and CT Scans, at a local hospital for an "unbiased professional evaluation." In essence, the Plaintiff is asking that the Court provide free expert testimony on his behalf. However, the Court's discretion to appoint an independent expert witness is only appropriate in limited situations. Specifically, an expert witness may be appointed by the Court if all opinions presented would be wholly one-sided on an issue. *See* Steele v. Shah, 87 F.3d 1266 (11th Cir. 1996). This is not the situation in the case at bar wherein Plaintiff cites to medical opinions by some of his treating physicians, including Dr. Farber, DDS, in Paragraph one of his motion, which indicate "limited opening of mouth, with jaw bone on right side of face sticking out and there was nothing, to fix the problem! since no proper medical care ever done. [sic]" Further, the Eleventh Circuits reversal of the Final Summary Judgment entered by the Court based on conflicting medical evidence also demonstrates that Plaintiff will be able to present medical opinions at trial that are

*Hicks v. Jenne, et al.*
*Case No. 00-6087-Civ-Dimitrouleas*

favorable to his position. Accordingly, the testimony presented will not be wholly one-sided, supporting the denial of Plaintiff's request for an independent medical expert.

3.       Finally, Plaintiff requests that the Court appoint counsel on his behalf. Federal law is clear that appointment of counsel in a civil rights claim is not an absolute constitutional right, but only a privilege that is justified by exceptional circumstances. *See* Kilgo v. Ricks, 983 F.2d 189 (11th Cir. 1993)(finding that a civil rights claim by a prisoner arising from inadequate medical treatment present factual and legal claims that are fairly straightforward and requiring exceptional circumstances to justify appointment of counsel); Poole v. Lambert, 819 F.2d 1025 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169 (11th Cir. 1985); Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510 (11th Cir. 1983). While Plaintiff has summarized the different courts' rationale to appointing counsel to an indigent/prisoner plaintiff, he has failed to allege the existence of any exceptional circumstances that would warrant the appointment of counsel in this case as required by Wahl *supra*. Plaintiff has also failed to outline what efforts, if any, were made to secure private counsel. *See* Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982). Moreover, Plaintiff's successful appeal of the Final Summary Judgment granted in this case further proves that Plaintiff is capable of adequately presenting his case.

WHEREFORE, Defendants, EMSA LIMITED PARTNERSHIP, INPHYNET, DR. WINTHROP, DR. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, and DR. CLINE, respectfully request this Honorable Court deny Plaintiff's Motion for Subpoena Duces Tecum

*Hicks v. Jenne, et al.*
*Case No. 00-6087-Civ-Dimitrouleas*

---

Served upon Department of Correction Medical, and Transport Order To Take Plaintiff to Unbiased Hospital for X-rays and Examinations, and Renewed Request for Appointment of Counsel, and for such other and further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was mailed on this 5th day of January, 2004, to: William M. Hicks, #664670, Lake Correctional Institution, 19225 U.S. Highway 27, Clermont, Florida 34711-9025.

    RESTANI, McALLISTER & CASSETTY, P.A.
    Attorneys for EMSA Limited Partnership, Inphynet,
    Dr. Winthrop, Dr. Davis, Dr. Ucker, Dr. Trevor
    Weathers, Dr. Cline, and Dr. Pearson
    2801 Ponce de Leon Boulevard, Ninth Floor
    Coral Gables, FL 33134
    (305) 445-4090 Phone
    (305) 445-7728 Fax

By: _____
    MARIA E. DALMANIERAS, ESQ.
    FBN: 179825