Provided to Lake C.I. BH
14 Jan 04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-Dimitrouleas
MAGISTRATE JUDGE. P.A. WHITE

FILED by OTD D.C.
INTAKE
JAN 21 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

William M. Hicks,
   Plaintiff, prose,
  -vs-
Ken Jenne, et al,
   Defendant(s).
_____/

PLAINTIFF'S TRAVERSE REPLY TO DEFENDANT'S
OPPOSITION OBJECTIONS DATED January 5, 2004

COMES NOW, Plaintiff (Hicks) and files his reply to EMSA defendant(s) response dated January 5, 2004, objecting to Plaintiff's motion for subpoena Duces tecum served upon DOC medical, and Transport order for unbiased x-rays and Examination, and Renewed request for appointment of counsel. Plaintiff (Hicks) will show why defendant's objections should be disregarded as follows:

1). Defendant's objections are outside the time frame for responding as Hicks filed his motion on December 16, 2003 and defendant's filed objections January 5, 2004.

2). Defendant's argue Hicks is not entitle to service of supoena's which is incorrect. Hicks is fully aware he has to pay a fee if he can afford



the service by U.S marshal's. Also the court can set a fee to which can pay and/or grant the motion and allow him to personally serve it upon lake corr Inst warden and medical records custodian as he is acting prose and representing himself thusfar. It's obvious that defendant's want to block as many attempts that Hicks can by placing obstacles in his path so he may not obtain evidence needed to further his cause and prepare for trial. But on the other hand, it's okay that they can execute their own authority to obtain evidence.

3.) Defendant's misconstrue Hicks argument, Hogan -vs- midland county comm. court, 680 F2d 1101, 1103 (5th cir 1982) (per curiam), that Hicks in essence is asking this court to provide [FREE] expert testimony on his behalf, which is clearly not in line with Government's obligation to provide medical care for those whom it's punishing by incarceration. U.S.C.A. Const. Amend. 8, Estelle -vs- Gamble, 97 S.ct 285 (1976); city of Revere -vs- Massachusetts Gen. Hosp., 103 S.ct 2979, 2983 (1983) (cases cited). In all reality, the defendant's are asking this court to continue to deny Hicks his substantive due process rights to medical as his liberty has been restrained by incarceration and [T]he 'process' that the constitution guarantees in connection with any deprivation of liberty thus includes a continuing obligation to satisfy certain minimal custodial standards, Romeo Carr, Cednick Wymbs -vs- Tatanglo, 16 Fla L. Wkly Fed C913 (11th cir 2003). This is an ongoing medical problem arising from when Hicks was a pretrial detainee where his constitutional rights to medical care were denied and concealed, Farmer -vs- Brennan, 114 S.ct 1970 (1994); Horn -vs- Madison county fiscal court, 22 F.3d 653 (6th cir 1994). Which Hicks has clearly met the four distinct elements of deliberate indifference, Taylor -vs- Adams, 221 F.3d 1254, 1257 (11th cir 2000) cert den 531 U.S. 1077 (2001). Where none of the defendant(s) even met a reasonable level and quality of medical care owed to Hicks; Hamm -vs- DeKalb county, 774 F.2d 1567, 1573 (11th cir 1985)

2 of 9

cert.den. 475 U.S 1096 (1986). As the [NO] treatment route taken manifested by defendant's taking the easier and less efficacious route treating Hicks combined with the grossly incompetent, inadequate actions are to be considered to be intolerable to fundament fairness, <u>mandel -vs- Doe</u>, 888 F2d 783, 789 (11thcir 1989). Plaintiff is not asking for free medical care or treatment, but quite the contrary as he's a prisoner and must rely on prison authoritys to treat his medical needs and if the authorities fail to do so, those needs will not be met, <u>Estelle -vs- Gamble</u>, 97 S.ct at 290. Hicks continued medical condition consisting of (24) hour a day headaches are serious alone, which "significantly effects his daily life and activities", <u>McGuckin -vs- Smith</u>, 974 F2d 1050, 1060 (9th cir 1992), not to exclude his nausea, dizzyness, Head pain, facial pain, jaw pain on left and right side, jaw bone sticking out on right side, limited opening of jaw, right temple nerve damage with pain, kneck pain in vertabra's, lower back and vision problem in one eye. This does not include all unknown medical problems Hicks still has that's being concealed. This constitutes an ongoing infliction of such unnecessary suffering which is inconsistant with contemporary standards of decency as manifested in modern legistation codifying the common law view that "[i]t is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself," <u>Estelle -vs-Gamble</u> 97 S.ct at 290-91; <u>spicer -vs- williamson</u>, 191 N.C. 487, 490, 132 S.E. 291, 293 (1926). Plaintiff clearly pointed out in his whole motion why he's in need for unbiased professional medical care, examination and proper x-rays. Since Hicks violent assault and battery upon him he's been denied medical care. This is still occurring in D.O.C. custody by reflections of Doctor's hands on evaluations noting problems, versus the alleged x-ray results where Hicks is told he has no fracture[s] or abnormalitys. This is the same as MRI taken in 2000, where he's told never had Fracture[s] and C.T. scan taken in 2003, declairing no abnormalitys and is normal. This is obviously wrong as Hicks deposition

taken by defendant's on page 191:9, reveals EMSA Attorney clearly admitting he can see the jaw bone sticking out of Hicks facial on right side. Also Hicks sworn testimony of M.R.I. results pg 118:25; fracture to right temple pg 192:12; fracture under right eye pg 70:22-71:5,20; and of his jaw pages 58:23; 61:22; 72:24; 141:20 and more. Hicks on going denial of medical care that's needed coupled with he has never seen any specialist for all known document injuries, which is surely not part of the punishment which civilized nations may impose for a crime, <u>Estelle-vs-Gamble</u>. Defendant's objections must fail. When Hicks first filed his $1983 suit, he tried to have the federal court in year 1996, order BSO and EMSA to provide medical. But Hicks was denied by the court of 'any' help. Whether it be the court did not believe Hicks sworn complaint and motion(s), or that BSO and EMSA would never have actually denied medical care to some life threatening injuries as well all other injuries. Hicks sworn motion and pleadings were backed now by EMSA and BSO revealing a fracture every month, up to (11) months and (11) months later sending Hicks to have his jaw wired closed, not to mention too, the fracture under right eye Dr. Ucker, M.D, shown Hicks approx (two) years later. Hicks places his life and faith in this Honorable court, that it can see through defendant's plea to deny him medical for legal reasons. The defendant's should have thought about that when Hicks while in their care and custody from day of assault in 1996 till the day gone to prison in year 1998, tried to obtain medical care but was denied and concealed from him. This court's aware EMSA has intrest in jails and prisons in this state as well many others and since being sentenced to prison he's still denied unbiased treatment, x-ray results and examinations. Hicks asks this court to take his sworn motion as true. The same way as when he filed his sworn $1983 suit in 1996. The court failed Hicks then, but it has the authority to correct its mishap that had occurred. Hicks still suffers in great pain 24 hours a day and does not get

any relief even though he lives on motrin which is killing him alone. The court may have heard of cases of people wanting to die rather than suffer in pain 24 hours a day. Well Hicks is one of them as he has been suffering since 1996 till present, (8) years thus far and no one cares because of money. Hicks assailant was a street boxer and hit Hicks up to 80 or more time and when the BSO deputy used Hicks as a human sheild, it did not help as it caused Hicks to take full force hits to the facial and head with no way to escape. Thus causing brain damage and Hicks needs to find out the true extent.

3.) The defendant's in their objections to Hicks obtaining counsel make it appear he's capable of handling a civil trial consisting of medical corporation and many doctor's. This is contrary to his situation as a state prisoner with limited rights and to plead and manage his own case, price -vs- Johnson, 68 S.Ct 1049, 1059-60 (1948). This court denied Hicks first request on Sept 24, 2003, and did not adequately explain its bare assertion that the neccessary circumstances were absent from Hicks case to support appointment of counsel, steel -vs- shah, 87 F3d at 1271 (11th cir 1996) citing poole -vs- lambert, 819 F2d 1025 (11th cir 1987), as the key to whether Hicks a prose litigant needs help in presenting the essential merits of his position to the court, kilgo -vs- Ricks, 983 F2d 189, 193 (11th cir 1993), and the presence of "facts and legal issues [which] are so novel or complex as to require assistance of a trained practitioner, poole -vs- lambert, 819 F2d at 1028, wahl -vs- mclver, 773 F2d 1169, 1174 (11th cir 1985). The appointment of counsel will be a service to Hicks and court as well defendant's by sharpening the issues in the case, shaping the examination of witnesses, and thus sharpening the trial and assisting in a just determination, knighton -vs- watkins, 616 F2d 795, 799 (5th cir 1980), and for counsel to explain applicable legal principles and limit litigation

to potentially meritorious issues. Id 799. The court provided a pretrial schedule order which appears the court assumes Hicks a pro se litigant has familiarity with litigation procedures. Hicks never done one before and the court also states failure to comply on time will result in dismissal and/or sanctions. The court has not afforded any help or instructions on how to fulfill this complex order. The court should thus allow Hicks to skip some obstacles as the court has erected procedural barriers that Hicks being pro se will have 'great' difficulty to surmount without counsel, Kilgo -vs- Ricks, 983 F2d at 153 (11th Cir 1993).

The appointment of counsel would advance the proper administration of justice, 28 USC § 1915(d). The court, in Ulmer -vs- Chancellor, 691 F2d 209, 213 (11th Cir 1982), has set up four elements for appointment of counsel. (1) the complexity of the case. This case involves deliberate indifference to serious life threatening injuries and the medical contractor with its employee's consisting of M.D. Doctor's and Dentist(s) who have violated Hicks constitutional rights to medical care by denying him basic treatment for numerous fracture(s) to head, facial, knee, damage and lower back, eye vision, ect.. This does not include all concealed injuries still unaware of, Branch -vs- Cole, 686 F2d 266; Maclin -vs- Freake, 650 F2d 885 (7th Cir 1981); (2) whether Hicks is capable of adequately presenting his case. Hicks [HAS] no law schooling combined with schooling in trials, rules of court, procedures, introduction of evidence or presenting witnesses. Hicks does not have a high school diploma and DOC records reveal test scores of a 6th grade level. Also has psychiatric problems and on psychotropic medication[S] combined with the violent assault and battery, has memory loss and constant pain. Have great difficulty talking for long periods of time before jaw locks up and causes more headaches; Cole, at 266; Freake, at 888; Drone -vs- Hutto, 565 F2d 543, 544 (8th Cir 1981); (3) whether Hicks is in a position to investigate

adequately. Since Hicks is a prisoner in custody, he has little to none authority or control. Cannot use phone to call anyone unless wait every six months to put on phone lists and then only collect. Don't have access to computers to obtain info or addresses needed or get responses back to 60-65% of the letters mailed by U.S. mail. Has real hard time in obtaining any evidence, witnesses locations, records, as courts aware of, Freake supra at 888; White -vs- Walsh, 649 F2d 560, 563 (8th Cir 1981); Sheilds -vs- Jackson, 570 F2d 284, 285-86 (8th Cir 1978)(per curiam); Peterson -vs- Nadler, 452 F2d 754 (5th Cir 1971); and (4) whether evidence will consist in large part of conflicting testimony as to require the presentation of evidence and in cross examination. As Hicks explained his limitations and this case will be in large part on conflicting testimony as defendant's are to blame each other and medical expert's opinions will be in conflict. It would be like taking Hicks who knew construction trade[s] and place him on the U.S. supreme court bench, which would be impossible as it takes years of schooling and training mixed with skills in laws of state and federal. Defendant's counsel's declare Hicks can plead motions, so he's able to take on the world and his own civil trial by himself without any single day in a civil trial proceedings or schooling. Not quite. It's obvious they are skilled and backed by money and will use their skill which I'll call deceit to take advantage of Hicks defense and trial... Hicks presence will be required at his civil trial to enable him to assert his intrests and protect his rights, and an appropriate order for him to appear, by writ of Habeas corpus 'ad testificadum' must be issued on court's own accord or by Hicks. As this is going to be a great question Hicks would like the court to respond to in this motion also, Ulmer -vs- Chancellor, 619 F2d 209, 212 (11th Cir 1982), court should also appoint expert for Hicks defense as his case in chief is deliberate, indifference by prison

doctors and its employer EMSA, Smith -vs- Jenkins, 919 F2d 90, 93-94 (5th Cir 1990), Hicks will list attorneys he has tried to take his case as follows in accordance with Ulmer -vs- Chancellor, 691 F2d 209 (5th Cir 1982):

LAW OFFICES OF

(1) Simpson Thacher & Bartlett, New York, NY.
(2) Volunteer Lawyers Project, Miami
(3) McKenna & Cuneo, LLP, Washington DC.
(4) Legal Aid Service of Broward and Palm Beach
(5) Morgan & Finnegan LLP, New York, NY
(6) Christopher C. Colney, P.A. FTL.
(7) Prisoner's Legal Services of New York
(8) Florida Justice Institute, Inc. Miami
(9) Dechert Price & Rhoads, Philadelphia, PA
(10) Holland & Knight LLP, Tallahassee, Fla
(11) Robert L. Trierweiler, esq, Indianapolis, IN.
(12) Dianne L. Risky, esq, New York, New York
(13) Bernard F. Daley Jr. Tallahassee, Fla
(14) Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Ft. Pierce, Fla
(15) Prentice H. Marshall, Ponce Inlet, Fla
(16) ACLU, Miami, Fla
(17) Johnnie L. Cochran Jr. Los Angeles, Cal.
(18) Fla. Institutional Legal Services, Inc.
(19) David Collins, esq. Fla
(20) Carey M. Fischer P.A. FTL.
(21) Hugh L. Koerner, P.A. FTL.
(22) Del Amo & Segurola, Coral Gables, Fla
(23) Stetson College of Law Fla
(24) Miami University of Law
(25) St. Thomas University School of Law.
(26) University of Florida
(27) Joseph S. Shook & Ass. Coral Gables.
(28) Criminal Defense Center, Tallahassee, Fla
(29) Brooks & Ross, Miami
(30) Wayne D. Corry P.A. FTL
(31) Gulf Coast Legal Services Inc. Clearwater, Fla
(32) Steven J. Hammer, P.A. FTL.
(33) Frank E. Sheffield P.A. Tallahassee, Fla

(34) Eugene M. Simon, esq, Miami.
(35) Cain + Snihur, Miami.
(36) University of Houston law center, Texas.
(37) Mallah, Blaker, Aronowitz + Sterling, Miami.
(38) Theodore S. Forman, esq. FTL.
(39) Sheppard + white P.A. Jacksonville.
(40) Pensacola Task, Pensacola, Fla.
(41) Choate, Hall, Stweart, Boston, MA.
(42) Heller Ehrman White, esq San Francisco, CA
(43) Sullivan + Cromwell, New York, NY.
(44) Patton Boggs LLP Washington, D.C.

This list can go on for another 100 at least for local lawyers since year 1996 till present 2004. Therefore Hicks has tried to obtain counsel.

Wherefore, Hicks asks the Honorable court to grant all said relief requested herein motion to further end of justice owed to Hicks under the laws of the U.S. and constitution

So prays

### CERTIFICATE OF SERVICE
### OATH

I William M. Hicks, declare under pains of perjury pursuant to Fla STAT §92.525(2000), 18 USC §1621, 26 USC §7206 and 28 USC §1746, that said motion was read and written by plaintiff and all matters herein are true and correct to best of his abilitys and copies mailed this 14 day of January 2004, by prison officials to mail and sent to Summer M. Barranco, esq, 1322 S.E. 3rd Ave., Ft. Laud, Fla 33316 and David R. Cassetty, esq 2801 Ponce de Leon Blvd. 9th fl. Coral Gables, Fla 33114.

William M. Hicks 664670
William M. Hicks Arose
Lake Corr Inst
19225 U.S. Hwy 27
Clermont, Fla 34711-9025

9 of 9