UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILLIAM M. HICKS,                                CASE NO. 00-6087-CIV-DIMITROULEAS

    Plaintiff,

vs.

KEN JENNE, et al.,

    Defendants.
_____/

### ORDER

THIS CAUSE having been heard upon Plaintiff's December 16, 2003 Motion for Subpoena Duces Tecum and Renewed Request for Counsel [DE-177], and having considered Defendants' January 6, 2004 Response [DE-180], and Plaintiff's January 14, 2004 Reply [DE-181], the Court finds as follows:

    1.    Plaintiff requests his prison medical records for use at trial.

    2.    Plaintiff asks this Court to order the state prison officials to transport Plaintiff to a local hospital for x-rays and scans.

    3.    Plaintiff renews his request for the appointment of counsel.

    4.    Plaintiff has previously requested this Court to order the Marshal to serve subpoenas on state prisons for medical records. That request was denied on November 14, 2001. [DE-114].

    5.    Lake Correctional Institution is not a party to this § 1983 civil rights suit. In essence, the Plaintiff is asking that a non-party, Lake Correctional Institution, be required to produce copies of documents which are part of his Florida Department of Corrections Medical Record. However, a district court cannot order the service of subpoenas at government expense



in a civil action, even on behalf of a litigant who is proceeding in forma pauperis. Lloyd v. McKendree, 749 F.2d 705, 706 (11th Cir. 1985). The non-party from whom the Plaintiff seeks the documentation in question has no obligation to produce copies of such documents at no cost. The Plaintiff, as a pro se civil litigant, must bear his own expenses of litigation, such as the cost of photocopying documents, except that he need not prepay the costs of Court functionaries, having been permitted to proceed in forma pauperis. The Court has no financial resources to pay for records subpoenaed from a non-party to this litigation. Moreover, the Plaintiff has made no provision for the costs and expenses of subpoenaing the items he wishes to obtain, and the Court therefore cannot issue a subpoena for the documentation he requests. See McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987) (finding that the district court lacked statutory authority to waive witness fees for litigant proceeding in forma pauperis, and right of access to the court did not independently include waiver of witness fees so that indigent litigant could present his case). Finally, Plaintiff has not made a showing of relevance or need.

6. The Court declines to exercise discretion to appoint an independent medical witness for the Plaintiff.

7. No exceptional circumstances exist for this Court to appoint counsel. Kilgo v. Picks, 983 F.2d 189, 193 (11th Cir. 1993). There is no right to counsel in a civil case. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).

Wherefore, Plaintiff's Motion for Records, Treatment and Counsel [DE-177] is **DENIED**. The case remains referred to Magistrate Judge White.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _18_ day of February, 2004.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

U.S. Magistrate Judge White
David R. Cassetty, Esquire
Summer M. Barranco, Esquire
Joel L. Shulman, Esquire

William M. Hicks, #664670
c/o Lake City Inst.
19225 U.S. Highway 27
Clermont, Florida 34711-9025