```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 00-6087-Civ-DIMITROULEAS
                                    MAGISTRATE JUDGE P.A. WHITE
WILLIAM M. HICKS,           :

          Plaintiff,        :

v.                          :       ORDER ON PENDING MOTIONS

KEN JENNE, et al.,          :

          Defendants.       :
_____
```

FILED by AG. SEC. MAR 11 2004 CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA. MIAMI

This Cause is before the Court upon motions by the defendants and plaintiff (DE#s 184, 185, 186, 187, and 189).

Upon Consideration, and review of the record, it is thereupon

ORDERED AND ADJUDGED, as follows:

1. **The defendants' motion (DE# 184),** for an extension of time until March 22, 2004 to respond to the plaintiff's discovery requests which were served on or about January 20, 2004 [Interrogatories, Production Requests, and Requests for Admissions], **is granted**, subject to the following.

    a.  In light of the Order entered by the Honorable William P. Dimitrouleas, United States District Judge, setting a trial date in July 2004, and setting pretrial deadlines, *no further extensions for responses to discovery will be granted.*[1]

    b.  Notwithstanding the rulings in this Order with regard to the completion of discovery, **the April 23, 2004 deadline for filing of substantive motions, and all other deadlines set by Judge Dimitrouleas shall remain in effect unless superseded by a subsequent Court Order.**

---

[1] The Order [DE# 176] entered by Judge Dimitrouleas, in pertinent part, set the case for trial in July 2004, with deadlines for completion of discovery by April 9, 2004, for the filing of substantive motions by April 24, 2004, and the mandatory pretrial stipulation by June 9, 2004.



  c. Defendants are expected to fully cooperate in the process of discovery. Their responses and/or objections to all the pending January 20 discovery requests shall be served in <u>time for plaintiff to **receive**</u> them at his place of incarceration by March 22, 2004; and the defendants shall file a Notice of Compliance with the Court on or before March 22, 2004, which Notice shall include:

  (i) photocopies of plaintiff's requests,

  (ii) defendants' responses/objections thereto, and

  (iii) either copies of the documents or things that were produced, or a statement describing precisely what was produced.

2. The Plaintiff's Response [DE# 187] to the defendants' motion for extension of time [DE# 184] is noted. **The plaintiff's motion,** incorporated in that response, **requesting an extension of the April 9, 2004 discovery deadline, "<u>if needed</u>," is denied, except as provided below.**

  a. After the defendants' initial responses, any motion by the plaintiff to compel further response to his January 20, 2003, discovery requests must bear a Certificate of Service indicating that it was submitted to prison officials for mailing on or before the April 9, 2004 Discovery deadline.[2]

---

[2] Local Rule 26.1.H.2 of the United States District Court for the Southern District of Florida, which contains the provisions relating to motions to compel responses to discovery, reads as follows, verbatim:

> **2. Motions to Compel.** Except for motions grounded on complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery, motions to compel discovery in accordance with Rules 33, 34, 36, and 37, Fed.R.Civ.P., shall quote <u>verbatim</u> each interrogatory, request for admission or request for production and the response to which objection is taken followed by (a) the specific objections, (b) the grounds assigned for the objection (if not apparent from the objection), and (c) the reasons assigned as supporting the motion, all of which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory or request and may not be made generally.

     b.   Additional discovery requests, if any, propounded by the plaintiff [after receipt of the defendants' responses to his January 20, 2004 requests], must bear a Certificate of Service indicating that they were submitted for mailing to counsel, on or before April 9, 2004.

     <u>As for any such additional discovery requests propounded on or before April 9, 2003, Counsel is hereby notified that defendants' responses and/or objections thereto shall be served upon plaintiff within fifteen days of receipt</u>; and the defendants, through counsel, shall file a Notice of Compliance with the Court on that date, which Notice shall include:

     (i)   photocopies of plaintiff's requests,

     (ii)  defendants' responses/objections thereto, and

     (iii) copies of any documents or things that were produced, or a statement describing precisely what was produced.

3.  **The plaintiff's motion (DE# 185)** to compel the former defendant, Sheriff Jenne, to provide, at no expense, for use at trial, photographs of the location in the North Broward Detention Center where plaintiff was attacked by another inmate, **is denied.**[3]

4.  **The plaintiff's Notice Of Inquiry (DE# 186), which is in legal effect a motion for subpoenas, and for information** related to bringing non-incarcerated and incarcerated witnesses to testify at trial, **is granted,** solely to the extent that he is provided

---

[3] The plaintiff apparently does not understand that, after his appeal, the sole claim remaining for trial in this case is that various defendants ("the Medical Defendants") responsible for providing medical care to Broward County inmates were deliberately indifferent to his medical needs. The Appellate Court affirmed the District Court's judgment in favor of other defendants ("the Sheriff's Defendants") on the claims of failure to protect the plaintiff from risk of harm at the hands of fellow inmates, and on the claim of denial of medical care. A copy of the Appellate Court's Mandate [DE# 166] is being provided to the plaintiff with his copy of this Order.

3

information to his questions in paragraphs "4.a." through "4.d." below.

    a.   In regard to the plaintiff's statement that "I need up to (20) subpoenas to produce witnesses," he is instructed as follows:

    For his use, to secure the appearance at trial of <u>non-incarcerated</u> witnesses, the plaintiff may write to the Clerk of Court, to request that the necessary number of subpoenas be issued by the Clerk, in blank, and mailed to him at his address of record. As explained below, it will be up to the plaintiff and the agent engaged by the plaintiff to serve any subpoenas on his behalf, to make sure that they are in proper order and correctly served.

    b.   In regard to the plaintiff's inquiry regarding "pay for witnesses" and "mileage if any," it is important for the plaintiff to understand the following:

    The plaintiff may call non-incarcerated witnesses at trial, but it is his obligation to secure their presence in Court. Although the plaintiff is proceeding in forma pauperis in this case pursuant to 28 U.S.C. §1915, that statute only allows the Court to make its own resources [such as the Clerk] available without prepayment of the required costs and fees. For a plaintiff who is proceeding <u>in forma pauperis</u>, even those costs and fees are ultimately the responsibility of the plaintiff if he does not prevail in the case. No witness can be served with a subpoena on behalf of a plaintiff unless the plaintiff is able to provide the fees for attendance and the mileage allowed by law for each witness. <u>Fed.R.Civ.P.</u> 45(b)(1); Fernandez v. Kash N'Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991). The law currently provides for an attendance fee of $40.00 per day for each day's attendance, and an allowance per mile for travel by private automobile, which is currently 37½ cents per mile. <u>See</u>: 28 U.S.C. §1821(b), (c)(2); 5 U.S.C. §5704(a)(2).

4

If the plaintiff cannot provide such funds it does not mean that he cannot call non-incarcerated witnesses. It does mean, however, that he will have to persuade the non-incarcerated witness to come to Court without a subpoena. Of course, if non-incarcerated witnesses whom the plaintiff wishes to examine are among witnesses who are brought to trial to testify for the defendants, the plaintiff will have the opportunity to examine them when they are present at trial.

c.  In regard to the plaintiff's inquiry about "the current pay for having U.S. Marshal's Serve subpoenas," the plaintiff is instructed, as follows:

In a private civil suit such as this, the U.S. Marshal's Service does not serve subpoenas on behalf of litigants. It is the plaintiff's responsibility to choose and personally contact a person authorized to serve subpoenas, and make all necessary arrangements with that individual regarding costs and fees involved in service of the subpoena, and those to which a subpoenaed witness is entitled.

d.  In regard to his inquiry about "a habeas corpus form...to produce a prisoner to trial," the plaintiff is instructed, as follows:

With regard to the plaintiff himself, the Court will enter a writ of habeas corpus ad testificandum for the plaintiff to be brought to trial. With regard to any other proposed incarcerated witness, the Court can also order and secure the individual's presence at trial pursuant to a writ of habeas corpus ad testificandum, however, the plaintiff must file a motion or petition with the Court specifically requesting issuance of a writ or writs for the incarcerated witness or witnesses. This must include all necessary identifying information for each proposed witness, including the person's full name, inmate number, and current place of incarceration. The fact that the plaintiff requests a writ for a particular witness does not mean that the Court will grant the

request. This is why it is important for the plaintiff to inform the court in his petition for writ why the testimony of the witness is critical to his case, by providing a summary of the nature of the testimony that the individual is expected to give. The same summary of the expected testimony of the witness is required as part of the plaintiff's Pretrial Statement. In this way, the Court can evaluate which proposed inmate witnesses may have relevant and admissible evidence to give, and evaluate if any proposed witnesses should be excluded so that overlapping or unnecessary testimony may be avoided.

5.   **The plaintiff's petition (DE# 189),** for writ of habeas corpus ad testificandum, **is granted**, to the extent that the Court will, at such time that it is appropriate, issue a writ for the plaintiff himself to be brought to this District so he is present for trial. There will be no need for the plaintiff to renew this request.

6.   Because, with respect to both the "failure to protect" and "denial of medical care" claims, the Eleventh Circuit affirmed the District Court's judgment in favor of "the Sheriff's Defendants," who were specifically identified by the Appellate Court as defendants Jenne, Hanson-Evans, and Holmes (see Judgment and Opinion issued as the Mandate of the United States Court of Appeals, DE# 166 at pp. 5-6 and 11); and because the case remains pending only on claims against the "Medical Defendants" (see Id. at pp. 5-6 and pp. 12-15) who are represented by Attorneys Toomey and Woulfe, it appears that there is no need for the parties to continue providing copies of filings in this case to Attorney Barranco.

Dated: March __, 2004.

UNITED STATES MAGISTRATE JUDGE

cc: William M. Hicks, <u>Pro Se</u>
DC# 664670
Lake Correctional Institution
19225 U.S. Hwy. 27
Clermont, FL 34711-9025


Gregg A. Toomey, Esquire
Richard T. Woulfe, Esquire
BUNNELL, WOULFE, KIRSCHBAUM,
    KELLER, McINTYRE, & GREGOIRE, P.A.
One Financial Plaza, #900
100 S.E. 3rd Avenue
Ft. Lauderdale, FL 33394
**(By U.S. Mail; and by facsimile 954/463-6643)**


Summer Marie Barranco, Esquire
PURDY, JOLLY, & GIUFFREDA, P.A.
1322 S.E. 3rd Avenue
Fort Lauderdale, FL 33316

Summer Marie Barranco, Esquire
PURDY, JOLLY, & GIUFFREDA, P.A.
International Building, Suite 1216
2454 East Sunrise Boulevard
Fort Lauderdale, FL 33304

7