UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-Civ-DIMITROULEAS
MAGISTRATE JUDGE P.A. WHITE

WILLIAM M. HICKS,          :

        Plaintiff,       :

v.                         :     ORDER ON PENDING MOTIONS

EMSA, et al.,              :

        Defendants.      :
_____

FILED by ___ D.C.
APR 14 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

This Cause is before the Court upon motions by the plaintiff and defendants (DE#s 211, 212, 215, 216, 217).

Upon Consideration, and review of the record, it is thereupon

ORDERED AND ADJUDGED, as follows:

1. **The plaintiff's motion (DE# 211),** dated March 26, 2004, **for an extension of the discovery deadline beyond April 9, 2004,** due to delay in his receipt of answers to requests for admissions propounded to the defendant Dr. G. Pearson, D.D.S., **is denied.**[1]

2. **The plaintiff's motion (DE# 212),** for the Court to issue and Order requiring the United States Marshal to serve subpoenas for

---

[1] Plaintiff's March 26 motion [DE# 211] crossed in the mail with orders entered on March 31, 2004 by the Honorable William P. Dimitrouleas, United States District Judge, and by the undersigned [docketed respectively at DE#s 210 and 213], which denied plaintiff's motion for sanctions based on Pearson's delayed response.

The March 31, 2004 Order On Pending Motions, which was entered by the undersigned [DE# 213, a copy of which was sent by facsimile to defense counsel on April 1, 2004] stressed to both parties that the April 9, 2004 discovery deadline remained in force; required plaintiff to immediately provide Pearson with a missing page from the Admissions Requests (if plaintiff had not already done so); and required Pearson thereafter to immediately respond to the Requests for Admissions (or supplement his Answers if they had already been provided).



purposes of requiring non-incarcerated persons to appear as witnesses at trial, **is denied.**[2]

3.  **The plaintiff's motion (DE# 215),** which seeks clarification of matters related to the Court's trial calendar, is respectfully deferred for ruling by the Honorable William P. Dimitrouleas, United States District Judge.

4.  **The plaintiff's motion to compel (DE# 216),** dated April 1, 2004, captioned "Plaintiff's Motion for Court to Order Defendants to Provided Discovery Request That Were Ordered by Court for Them to Produce by March 22, 2004," **is dismissed, as moot.**[3]

5.  **The defendants' motion (DE# 217),** to compel release of plaintiff's psychiatric records from his Florida Department of Corrections ("Florida DOC") medical file at Lake Correctional Institution, **is denied**. For reasons discussed below, the defendants fail to show that plaintiff's mental condition has been introduced as an issue in the case.

The remaining defendants [six doctors, and Emergency Medical Services Association ("EMSA")] argue in their motion that plaintiff

---

[2] The plaintiff was instructed in the March 10, 2004 Order on Pending Motions [DE# 196] that in private civil suits for damages such as this one it is not the practice of the United States Marshal to serve subpoenas on behalf of litigants, for the purpose of requiring non incarcerated witnesses to appear at trial; and further instructed the plaintiff that it was his responsibility to contact and make all necessary arrangements with some other agent of his choice who is authorized to serve subpoenas.

[3] Pursuant to the Court's March 10, 2004 Order on Pending Motions [DE# 196] the defendants' responses to the plaintiff's January 20, 2004 discovery requests [Interrogatories; Production Requests; and Requests for Admissions to defendants other than Pearson], were to be served upon the plaintiff by March 22. The defendants have filed Notices with the Court, with copies to the plaintiff, indicating that by Federal Express, on March 19, 2004, they served responses to plaintiff's January 20 discovery requests, but on March 29, 2004 defense counsel was notified that officials at the prison where the plaintiff is confined had refused the Federal Express package, and rejected it with instructions that only U.S. Mail would be accepted. Upon return of the discovery package to counsel, the package was re sent to the plaintiff, by Express Mail, via the U.S. Postal Service on March 31, 2004.

Hicks [now committed to the Florida DOC, and confined at Lake C.I.] spent an "extensive period" in the Broward County jail, where records "document diagnoses for a variety of psychological disorders," and "numerous incidents where plaintiff refused psychotropic medications." The defendants argue that "because the plaintiff alleges improper medical treatment, all medical records, including psychiatric records are discoverable." They further argue that "[t]his is especially true in that the plaintiff's claims are not supported by the medical records, and the plaintiff is expected to testify from memory at trial." The defendants reason that, "Given this, the plaintiff's mental condition is at issue, and the defendants would be prejudiced if they were not allowed to receive all of the plaintiff's records as maintained by the Department of Corrections." (DE# 217, Motion at p. 2, ¶¶5-7).

This case is pending only on plaintiff's claim of deliberate indifference to his serious needs, after he was attacked by another inmate while in Broward County Custody in 1996. The nature of the plaintiff's medical claims and alleged injuries were discussed in detail in a Report in this case in 2002 (DE# 141). In brief, however, as noted in the Report, Hicks claims that he was denied proper treatment for physical injuries to his face and jaw, including alleged fractures, and that allegedly for reasons of cost, he was denied surgery, which he claims had been recommended.

In Florida, a patient's records of treatment by a psychotherapist (which includes doctors, psychologists, clinical social workers, marriage and family therapists, mental health counselors, and treatment personnel of treatment facilities) are privileged pursuant to statute, unless one of three enumerated exceptions applies.[4]

---

[4] The exceptions are where the records of communications between patient and psychotherapist are: relevant to an issue in proceedings to compel hospitalization for mental illness; made in the course of a court-ordered examination of the mental or emotional condition of the patient; or relevant to an issue of the mental or emotion condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or

The plaintiff has not waived the privilege. The conclusion reached by the defendants that "because the Plaintiff alleges improper medical treatment, all medical records, including psychiatric records, are discoverable," is not correct." The defendants

---

defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of the party's claim or defense. Fla.Stat. §90.503(1) et seq.

The first two exceptions have no application here; and the defendants therefore apparently would have the Court rely upon the third exception (i.e., that the plaintiff has placed his mental capacity at issue).

The statutory privilege does not apply if the patient relies on mental or emotional condition as an element of his claim or defense, but the burden rests on the party seeking the privileged information to show that the patient's mental condition has been introduced as an issue in the case. See Sykes By and Through Sykes v. St. Andrews School, 619 So.2d 467 (Fla. 4 Dist. 1993); Palm Beach Co. School Bd. v. Morrison, 621 So.2d 464 (Fla. 4 Dist. 1993).

The defendants state in their motion that they requested that plaintiff sign an authorization for release of his medical records, and that "Plaintiff has signed a consent form at Lake Correctional Institution but has refused release of his psychiatric records."

In Florida, the courts have held that a patient's psychiatric records were not discoverable where he sought damages based on various elements, including "great pain and suffering," and "loss of enjoyment of life," but did not include a claim for "mental anguish." Partner-Brown v. Bornstein, 734 So.2d 555, 556-57 (Fla. 5 Dist. 1999). The Court in reaching its holding, specifically stated that the respondent's argument that Partner-Brown's psychiatric records should be subject to disclosure because she had "placed her mental or emotional state at issue" by virtue of her reference to "loss of enjoyment of life," held that, without more, an allusion to loss of enjoyment of life does not place the mental or emotional condition of the plaintiff at issue so as to waive the protection of §90.503. Moreover, the Court in Parnter-Brown, distinguishing Nelson v. Womble, 657 So.2d 1221 (Fla.5 Dist. 1995) (in which discovery of mental health records was allowed because in Nelson the Court was dealing with a specific allegation that mental anguish was inflicted), noted that "if we were to adopt the position asserted here by the respondent, it would render the above statute a nullity and inject the issue of mental anguish into virtually every personal injury case;" that "that is not the law and that is not what we held in Nelson; and further noted that "it should be apparent that physical pain and suffering, absent mental anguish, can impair the enjoyment of life." Partner Brown, supra, 657 So.2d at 556. The Court in Partner Brown concluded its opinion, by holding that "if mental anguish is not pled, evidence thereof is inadmissible at trial and discovery directed to it is not available to the defense." Partner Brown, supra, 657 So.2d at 557.

Clearly the reason for such privileges is to encourage patients to seek treatment for substance abuse or other mental illnesses, without fear that by doing so their privacy will be compromised. Cf: Mosier v. American Home Patient, Inc., 170 F.Supp.2d 1211, 1213 (N.D.Fla. 2001) (Holding that alleged need to see if substance abuse affected a former employee's work performance was not good

have not demonstrated that the plaintiff has placed his mental condition at issue in the case.' In sum, it does not appear that there is a basis for granting the defendants' Motion to compel the plaintiff to sign an authorization for release of psychiatric records, which may be contained in his Florida DOC medical file located at Lake C.I., which was complied after his transfer from Broward County to Florida DOC custody.

Dated: April 14th, 2004.

_____
UNITED STATES MAGISTRATE JUDGE

---

cause to overcome confidentiality afforded to substance abuse records under the Public Health Service Act, §543, as amended 42 U.S.C.A. §290 et seq., and holding that the privilege of confidentiality afforded to communications made by patient in the course of substance abuse diagnosis, treatment or referral should not be lightly abrogated).

[7]    Review of the amended complaint (DE# 53), the plaintiff's filings in conjunction with his motion for summary judgment (DE# 119), and the plaintiff's filings in opposition to the defendants' motion for summary judgment (DE# 119), fails to show that he has placed his mental condition at issue in this case. Plaintiff's allegations and exhibits pertaining to his claims do not relate to psychiatric counseling, diagnosis, or treatment by a physician or any other person qualifying as psychotherapist under §90.503, either in a Broward County Institution, or at Lake C.I., to which he was transferred sometime after the events alleged in the amended complaint.

In the amended complaint for damages, plaintiff Hicks alleges [in his Claims for Relief, under the caption "Claim Under Violation of Amendment 8, Denial of Medical Care"] that due to "the deprivation of plaintiff's constitutional right to adequate medical care," the acts or omissions of the defendants "have not only caused plaintiff to suffer cruely [sic] and inhumanly [sic]" but he now faces the remainder of his life suffering from the now permanent physical damage he suffered at the hands of the defendants." (Amended Complaint, DE# 53, p. 19, Claims for Relief). The underlying complaint does not allege that he is suing because of mental suffering, and the "Claim for Relief" and request for damages contains no request for damages predicated on "mental suffering" or "mental anguish."

cc: William M. Hicks, <u>Pro Se</u>
DC# 664670
Lake Correctional Institution
19225 U.S. Hwy. 27
Clermont, FL 34711-9025


Gregg A. Toomey, Esquire
Richard T. Woulfe, Esquire
BUNNELL, WOULFE, KIRSCHBAUM,
    KELLER, McINTYRE, & GREGOIRE, P.A.
One Financial Plaza, #900
100 S.E. 3rd Avenue
Ft. Lauderdale, FL 33394