UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-DIM
MAGISTRATE JUDGE, P.A. WHITE

Provided to Lake C.I.
22 April 04

William M. Hicks,
  Plaintiff, prose,
  -vs-
EMSA, et al,
  Defendant(s).
_____/

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE HIS CRIMINAL CHARGES FROM JURY TRIAL

COMES NOW, William M. Hicks, prose, pursuant to Fed. R. Evid. Rule 403, 404(b), 609, to exclude his present incarceration conviction from trial for reasons it will excite jury to make decision on basis of factor unrelated to issues properly before it, Fed. R. Evid. R. 403, Glover -vs- Oppkman, 178 Fsupp 22 (w.D. va 2001). Plaintiff raises this issue early and needs a ruling so he may properly prepare for trial and whether his convictions should be raised by plaintiff at begining of his testimony rather than by defendant's. Plaintiff's present convictions of 1st degree murder, Burglary and Robbery are not similare to incident at issue being tried, Lewis -vs- Sheriff's Dept. for city of St. louis, 817 F2d 465, 467 (8th cir 1987) cert den. 484 U.S. 929 (1987); Eng -vs- Scully, 146 FRD at 78 (murder conviction excluded), and Plaintiff's assault conviction does not relate to truthfulness or untruthfulness, U.S. -vs- Alberti, 470 F2d 878, 882 (2nd cir 1972) cert den. 411 US 919 (1973). Plaintiff admits his convictions meet the standards set forth in rules, but this evidence for defendant's is potential for unfair prejudice and subtantially outweighs its probative value, Brandon

-vs- village of maywood, 179 F.Supp 847, 854 (N.D. Ill 2001); US -vs- Cavender, 228 F3d 792, 798 (7th cir 2000); Hernandez -vs- knight, 475 F.supp 1054 (S.D. New York 1979). In alternative allow plaintiff to admit he had felony convictions and not nature of charges or sentences, cummings -vs- malone, 995 F2d 817 (8th cir 1993); Rason -vs- Hardiman, 803 F2d 269 (7th cir 1986). Defendant's should not be allowed to argue plaintiff's criminal record should be admitted because it influenced the way they treated him as plaintiff was a pretrial detainee at all times from 1995-1998, McCrary-EL -vs- Shaw, 992 F2d 809, 812 (8th cir 1993); Donald -vs- Wilson, 847 F2d 1191, 1194 (6th cir 1988); moreland, 805 F2d 798, 799 (8th cir 1986); love, 776 F2d 170, 174 (7th cir 1985). Also plaintiff is not by any means suing defendant's for assault and therefore should not argue plaintiff's convictions show he started the violent assault and battery made upon plaintiff, Lataille, 754 F2d 33, 37 (1st cir 1985); knight, 475 F.supp 1054, 1055 (S.D. NY 1978). The referenced cases are not used to stop plaintiff's Disiplinary Report(s) (DR's) from entering trial. Plaintiff does plan to bring in his lengthy DR's that he recieved over HALF a year in confinement for during years 1996-1998 that will show how far EMSA and BSO gone to retaliate against plaintiff as Defendant DR. Davis, M.D. even wrote one on plaintiff, done (30) days in confinement. If court allows plaintiff's criminal charges pending to be known to jury, he ask that he be allowed to bring forth his entire pretrial to show EMSA and BSO invading his criminal trial during years 1995-1996-1997 and 1998. Plaintiff will also present reluctant witnesses to testify.

## CONCLUSION

Wherefore, plaintiff ask for a pretrial ruling on this matter as it will help plaintiff prepare for his direct case in chief. As court knows plaintiff is suing defendant's for deliberate indifference to his serious medical issues that still effect his daily life while in prison. As well plaintiff's criminal charge took place in year 1995. Plaintiff's present convictions are 1st degree murder, Burglary w/assault and Robbery.

2 of 3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy has been turned over to prison officials to mail by U.S. mail this 21st day of April 2004 and copy mailed to: Mr. Richard Woulfe, esq for EMSA, et al defendants,

William M. Hicks 664670
William M. Hicks prose
Lake Corr Inst
19225 US Hwy 27
Clermont, Fla 34711-9025