UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

Magistrate Judge White

Plaintiff,

v.

**NIGHT BOX**
**FILED**

EMSA, et al.,

APR 2 9 2004

Defendants.

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

_____/

## DEFENDANTS' RESPONSE TO MOTION TO COMPEL

Defendants DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON, DR. G. PEARSON and EMSA LIMITED PARTNERSHIP ("Defendants"), file their Response to the Plaintiff's Motion to Compel Responses to Request for Admissions, Interrogatories and Requests for Production and Notice of Receiving April 6, 2004, as follows:

1.      This is a lawsuit wherein Plaintiff William M. Hicks ("Hicks") has alleged to have been improperly treated in violation of his constitutional rights at the time he was incarcerated and under the Defendants' care.

2.      Hicks previously filed various requests for admissions and requests for production as well as interrogatories upon the Defendants in this case. In accordance with the governing Federal Rules of Civil Procedure, Defendants provided their responses to same. (*See* Plaintiff's Discovery Requests and Defendants' corresponding responses attached hereto as Composite Exhibit "A.")

3.      Because several, if not most, of Hicks' requests were either wholly immaterial, vague, ambiguous or otherwise not reasonably calculated to lead to the discovery of admissible evidence, several objections were made by the Defendants, pursuant to Federal Rules of Civil Procedure



26(b)(1).  Where required, answers were provided.

4.      Hicks has now filed a Motion to Compel Responses to Requests for Admission and evidently is desirous of having this Court rule on Defendants' objections to same.

5.      Taking into account both that the Plaintiff in this matter is *pro se* and the overbreath and ambiguity with which he phrases his discovery requests, these Defendants have attempted in good faith to provide Hicks with meaningful responses.  However, Defendants hereby request that their objections be upheld by this Court.

WHEREFORE, Defendants DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON, DR. G. PEARSON and EMSA LIMITED PARTNERSHIP respectfully request this Court deny Plaintiff's Motion to Compel Responses to Requests for Admissions, Interrogatories and Requests for Production and grant all other relief as this Court deems just and necessary under the circumstances.

## **MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 36(a), "a party may serve upon any other party a written request for the admissions, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relates to statements or opinions of facts or of the application of law to fact, including the genuineness of any documents described in the request."  Pursuant to Federal Rule of Civil Procure 26(b)(1):

> Parties may obtain discovery regarding any manner, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, conditions, and location of any books, documents, or other tangible things and the identity and location of the persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial *if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*  (Emphasis added).

BUNNELL  WOULFE  KIRSCHBAUM  KELLER, McINTYRE & GREGOIRE, P A   PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340, 954·761·8600

*HICKS V. EMSA*
*CASE NO.: 00-6087-CIV-DIMITROULEAS/White*

It is clear from the nature of several of Plaintiff's discovery requests that Hicks is seeking

information which is either vague, overbroad or entirely unrelated to his underlying claims in this

case. For that reason, Defendants' objections should be sustained and Plaintiff's Motion to Compel

should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was mailed this ___ day

of April, 2004 to Williams M. Hicks, *pro se Plaintiff*, #664670, Lake Correctional Institution, 19225

US Highway 27, Clermont, Florida 34711-9025; Summer Marie Barranco, Esquire, counsel for

Defendants Jenne, Broward County Sheriff, Purdy Jolly & Giuffreda, 1322 SE 3rd Avenue, Fort

Lauderdale, Florida.

BY: _____
RICHARD T. WOULFE
Florida Bar No.: 222313
GREGG A. TOOMEY
Florida Bar No.: 0159689
ANTHONY GONZALES
Florida Bar No.: 0373280
BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, McINTYRE & GREGOIRE, P.A.
Attorneys for Defendants
One Financial Plaza, # 900
100 S.E. 3rd Avenue
Fort Lauderdale, FL 33394
Telephone:    954-761-8600
Fascimile:    954-463-6643
rtw@bunnellwoulfe.com
gat@bunnellwoulfe.com

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Eucker, Cline, Davis,
Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks. Esquire/*pro se Plaintiff*/Facsimile not available

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

Magistrate Judge White

      Plaintiff,

v.

KEN JENNE, et al.,

      Defendants.

_____/

### DEFENDANT, DR. DAVIS'
### RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

    The Defendant, Dr. Davis', pursuant to Rule 36, responds to Plaintiff's Request for

Admissions served on January 20, 2004, as follows:

    1.     After reasonable inquiry, this request can neither be admitted or denied.

    2.     Objection. Vague and ambiguous. Also, irrelevant, immaterial and not reasonably
calculate to lead to the discovery of admissible evidence.

    3.     Denied.

    4.     Denied.

    5.     Denied.

    6.     Denied.

    7.     Objection. Vague and ambiguous. Also, irrelevant, immaterial and not reasonably
calculated to lead to the discovery of admissible evidence.

    8.     Denied.

    9.     Denied.

COMPOSITE EXHIBIT "A"

10.     Objection.  Overly broad as to scope and time.  Also, vague and ambiguous.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Admit.

18.     Objection.  Overly broad as to time and scope.

19.     Admit

20.     Objection.  Overly broad as to scope and time.  Also, vague and ambiguous.

21.     Denied.

22.     Admit.

23.     Admit.

24.     Objection.  Irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

25.     Objection.  Irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

26.     Objection.  Vague and ambiguous.

27.     Objection.  Irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

28.     Objection.  Overly broad as to time and scope.

I HEREBY CERTIFY that a true and correct copy of the forgoing was sent via next day mail this 19th day of March, 2004 to Williams M. Hicks, *pro se Plaintiff*, #664670, Lake Correctional Institution, 19225 US Highway 27, Clermont, Florida 34711-9025.

> BUNNELL, WOULFE, KIRSCHBAUM,
> KELLER, McINTYRE & GREGOIRE, P.A.
> Attorneys for Defendants
> One Financial Plaza, # 900
> 100 S.E. 3rd Avenue
> Ft. Lauderdale, FL 33394
> Tel: 954-761-8600
> Fax: 954-463-6643
>
> BY: _____
> RICHARD T. WOULFE
> Florida Bar No.: 222313
> GREGG A. TOOMEY
> Florida Bar No.: 0159689

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Eucker, Cline, Davis, Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks, Esquire/*pro se Plaintiff*/Facsimile not available

**FedEx Express** • *USA Airbill*

FedEx Tracking Number: 84  3035 4471

Form 02

**Date** 3/19/04

Sender's FedEx Account Number: 1058-3550-7

**From:** Richard T. Woulfe, Esq.  Phone (954) 761-8600

Company: BUNNELL WOULFE KELLER MCINTIRE

Address: 100 SE 3RD AVE

FORT LAUDERDALE    State FL    ZIP 33394-0002

**Internal Billing Reference** Hicks v EMSA (D85/54-173)

**To:** William Hicks #664670    Phone ( )

Company: Lake Correctional Institution

Address: 19225 US Highway 27

Clermont    State FL    ZIP 34711-9025

**4a  Express Package Service**    Packages up to 150 lbs.
- [X] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b  Express Freight Service**    Packages over 150 lbs.
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5  Packaging**
- [ ] FedEx Envelope
- [X] FedEx Pak
- [ ] Other

**6  Special Handling**
- SATURDAY Delivery Available ONLY for FedEx Priority Overnight and FedEx First Overnight
- HOLD Weekday at FedEx Location NOT Available for FedEx First Overnight
- HOLD Saturday at FedEx Location Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes As per attached Shipper's Declaration
- [ ] Yes Shipper's Declaration not required
- [ ] Dry Ice Dry Ice 9, UN 1845
- [ ] Cargo Aircraft Only

**7  Payment**  Bill to:
- [X] Sender Acct. No. in Section
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages ___  Total Weight ___  Total Declared Value $ .00

**8  Release Signature** Jennifer Subu

447

Try online shipping at fedex.com
By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide including terms that limit our liability.
Questions? Visit our Web site at fedex.com or call 1.800.Go.FedEx® 800.463.3339.

0267163203

Provided to Lake C.I.

22 Jan 04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-DIM
MAGISTRATE JUDGE, P.A. WHITE

William M. Hicks,
    Plaintiff, prose;
        -vs-
KEN JENNE, et al,
    Defendant(s).

PLAINTIFF'S FIRST REQUEST
FOR ADMISSIONS TO DR. DAVIS, M.D.

Comes Plaintiff, pursuant to Fed.R.Civ.P. Rule 36, and requests Dr. Davis, M.D., to make the following Admissions and he alone sign off stating these are his responses in accordance to rules.

1.) Admit you seen Plaintiff on 10-18-96.

2.) Admit that on 18-18-96 while in NBDC clinic, you personally vouched to write Plaintiff a Displinary Report (DR) after you seen him.

3.) Admit that on 10-18-96, Plaintiff recieved (30) days in confinement because of the Displinary Report you wrote.

4.) Admit you authorized plaintiff to be taken to outside Hospital, pompano Beach medical center on 11-27-96.

5.) Admit plaintiff had (7) x-rays taken at NBDC on 8-21-96.

6.) Admit plaintiff had (2) x-rays taken on 9-9-96.

1 of 4

7.) Admit that being a medical Doctor, you're trained that when a person is hit to the head by blunt force, he/she could recieve brain damage.

8.) Admit that you were aprised of all recorded fractures plaintiff has as you signed off next to x-rays.

9.) Admit Plaintiff was not taken to outside Hospital on day of assault and battery.

10.) Admit Plaintiff had M.R.I and/or C.T, x-rays. If deny. which one if any you deny and why.

11.) Admit Plaintiff had fracture to right temple.

12.) Admit Plaintiff had fracture to facial under Right eye.

13.) Admit Plaintiff had fracture to Right jaw.

14.) Admit Plaintiff had fractures to left jaw/face.

15.) Admit Plaintiff had right jaw bone visible on right.

16.) Admit Plaintiff had limitted opening of jaw.

17.) Admit Plaintiff filed request(s) and grievance(s) stating he has kneck pain.

18.) Admit you took (5) x-rays on day of assault with x-ray tech MR. Wayne Evans.

2 of 4

19.) Admit that as a M.D. medical Doctor, you're capable of reading basic x-rays.

20.) Admit Plaintiff had blood in his right eye do to assault.

21.) Admit by law and procedure you're to record all complaints, x-ray's taken, results of radiologists as well place copy of request and grievances in medical file of plaintiff.

22.) Admit EMSA had a medical file on plaintiff from years 1995 through 1998.

23.) Admit you no longer work for NBDC and/or EMSA. If deny. state which, why and how long.

24.) Admit back in 1996-1998, you had / have on your license a repramand. If deny. state why denying.

25.) Admit as a medical Doctor, a person such as Plaintiff could suffer great pain if jaw does not open and close properly as it's called T.M.J. Explain.

26.) Admit Plaintiff's right temple was fractured and instead of wiring skull closed, the bone would grow back and possibly trap nerves. Explain all or in part.

27.) Admit Plaintiff was really well known in jail.

28.) Admit you was chief Health officer over NBDC medical.

3 of 4

<u>CERTIFICATE OF SERVICE</u>

<u>I William M. Hicks,</u> HEREBY CERTIFY that he has drafted up (4) page Admissions to DR. Davis, M.D, to respond to under oath and sign his name to make it under oath in accordance to rules, ALSO a true and correct copy was handed over to prison officials to mail by us mail this <u>22</u> day of January 2004, and mailed ... to summer M. Barranco, Esq 1322 S.E 3rd AVE FT. Laud, Fla 33316 and McAllister, Esq, 2801 ponce de leon Blvd, 9mFL, coral Gables, Fla 33134.

<u>William M. Hicks 664670</u>
William M. Hicks prose
lake corr Inst
19225 US Hwy 27
Clermant, Fla 34711-9025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

Magistrate Judge White

     Plaintiff,

v.

KEN JENNE, et al.,

     Defendants.

_____/

### DEFENDANT, DR. UECKER'S
### RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

The Defendant, Dr. Uecker, pursuant to Rule 36, responds to Plaintiff's Request for

Admissions served on January 20, 2004, as follows:

    1.      Admit.

    2.      Admit.

    3.      Objection. Irrelevant, immaterial and not likely to lead to the discovery of admissible
evidence.

    4.      Admit.

    5.      Denied.

    6.      Denied.

    7.      Admit.

    8.      Denied.

    9.      Denied.

    10.     Denied.

11.    Denied.

12.    Admit.

13.    Admit.

14.    Denied.

15.    Objection. Irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

16.    Defendant cannot admit or deny as phrased.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Objection. Overly broad as to time and scope.

21.    Admit.

22.    Objection. Vague and ambiguous. Also, irrelevant.

23.    Objection. Vague and ambiguous as to 'T.M.J."

24.    Objection. Vague and ambiguous.

25.    Objection. Vague and ambiguous.

26.    Objection. Vague and ambiguous. Without waiving this objection, Defendant would admit that fractures can be painful.

27.    Objection. Overly broad as to scope and time. Also, vague and ambiguous.

28.    Denied.

29.    Denied.

30.    Objection. Irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

I HEREBY CERTIFY that a true and correct copy of the forgoing was mailed this _19th_ day

of _____, 2004 to Williams M. Hicks, *pro se Plaintiff*, #664670, Lake Correctional

Institution, 19225 US Highway 27, Clermont, Florida 34711-9025.

> BUNNELL, WOULFE, KIRSCHBAUM,
> KELLER, McINTYRE & GREGOIRE, P.A.
> Attorneys for Defendants
> One Financial Plaza, # 900
> 100 S.E. 3rd Avenue
> Ft. Lauderdale, FL 33394
> Tel: 954-761-8600
> Fax: 954-463-6643
>
>
> BY: _____
> RICHARD T. WOULFE
> Florida Bar No.: 222313
> GREGG A. TOOMEY
> Florida Bar No.: 0159689

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Eucker, Cline, Davis,
Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks, Esquire/*pro se Plaintiff*/Facsimile not available

REC'D JAN 26 2004

BH

Provided to Lake C.I.

22 Jan 04

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-civ-Dim

MAGISTRATE JUDGE, P.A. WHITE

RAT

William M. Hicks,

    Plaintiff, pro se,

    —vs—

KEN JENNE, et al,

    Defendant(s).

_____

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DR. Uecker, m.D.**

The Plaintiff, pursuant to Fed. R. Civ. P. Rule 36, and requests DR. Uecker, m.D. to make the following ADMISSIONS and he alone sign off stating these are his responses in accordance to rules.

1.) Admit you're an medical Doctor.

2.) Admit you're an surgeon. If deny, list why not.

3.) Admit you're in private practice, years 1996-1998.

4.) Admit you were a contractor, contracting to EMSA for your services. If deny any. list which ones and why.

5.) Admit you seen Plaintiff only at main Jail during 1996-1998. If deny in part, Explain why and years.

6.) Admit you seen Plaintiff on 2-17-97, and/or by DR. Elliot.

7.) Admit you seen Plaintiff on 5-24-96.

8.) Admit you recommended OMF surgery for Plaintiff.

9.) Admit you advised Dental department of O.M.F.

10.) Admit you ordered facial x-rays of Plaintiff and revealed fracture under right eye.

11.) Admit you renewed Flexeral and Darvocet on 3-7-97.

12.) Admit Plaintiff seen you on 4-22-96.

13.) Admit on 3-4-96 Plaintiff seen you.

14.) Admit on 4-23-96 seen plaintiff.

15.) Admit on 9-22-97 a referal was set to see you the same night.

16.) Admit a female doctor at 4:00 pm said would see DR. uecker on 9-26-97, and she ordered (2) x-rays of facial. If deny, Explain.

17.) Admit on 10-6-97 at 7:00pm approx. you reported fracture to facial, Jaw was displaced and nose was broken. If deny, state reasons as to which.

18.) Admit Plaintiff was scheduled to see you on on 9-22-97, because Plaintiff did not see you on 9-19-97.

19.) Admit you signed off on x-rays.

2 of 4

20.) Admit you reviewed x-ray result(s).

21.) Admit you're a licensed medical Doctor trained to review x-rays.

22.) Admit as a licensed M.D, that if a person gets assaulted by blunt object such as fists to the face and/or Head, that person could sustain brain damage.

23.) Admit as a M.D. that a person who lives with T.M.J will experiance pain.

24.) Admit as a M.D. that the only way to fix a jaw problem that should have been wired, is to rebreak the jaw.

25.) Admit that plaintiff had a fracture to his right temple.

26.) Admit as a M.D. that a fracture 1/4 wide in temple would cause severe pain.

27.) Admit plaintiff had any kind of a fracture.

28.) Admit as a M.D. that a person who gets assaulted and hit in the eye, it will cause blood vesel's to break and fill the eye.

29.) Admit that if blood vesel's break in the eye and clear up, it will leave floating spots or scarring and able to notice when person looks out his/her own eye.

30.) Admit you have had a private practice in years 1995-1999.

3 of 4

<u>CERTIFICATE OF SERVICE</u>

<u>I william m. Hicks</u>, HEREBY CERTIFY that he has drafted up (4) pages Admissions to DR. Uecker, M.D. to respond to under oath and sign his name to make it under oath in accordance to rules. Also a true and correct copy was handed over to prison officials to mail by us mail this <u>22</u> day of January 2004, and mailed to summer m, Barranco, esq 1322 S.E 3rd AVE FT. Laud, fla 33316 and mcallister, esq 2801 ponce de leon BlVD · 9FL· coral Gables, fla 33134,

<u>william m. Hicks 664670</u>
william m. Hicks prose
Lake Corr INST
19225 U.S. Hwy 27
clermont, fla 34711-9025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

Magistrate Judge White

    Plaintiff,

v.

KEN JENNE, et al.,

    Defendants.

_____/

## DEFENDANT, DR. J. CLINE
## RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

The Defendant, Dr. J. Cline's, pursuant to Rule 36, responds to Plaintiff's Request for Admissions served on January 20, 2004, as follows:

1.    Denied.

2.    Denied

3.    Admit.

4.    Denied.

5.    Denied.

6.    Admit.

7.    Denied.

8.    Admit.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Objection. Overly broad as to time and scope. Vague and ambiguous as to "street oral surgeon."

13.    Objection. Vague and ambiguous. Without waiving this objection, denied.

14.    Objection. Vague and ambiguous. Without waiving this objection, denied.

15.    Objection. Vague and ambiguous. Without waiving this objection, denied.

16.    Denied.

3\19\04

17.    Admit.

18.    Denied.

19.    Objection. Overly broad as to time. Also, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

20.    Admit.

21.    Denied.

22.    Admit.

23.    Objection. Overly broad as to time. Also, vague and ambiguous.

24.    Denied.

25.    Denied.

26.    Denied.

I HEREBY CERTIFY that a true and correct copy of the forgoing was sent via overnight mail this __19 7th__ day of March, 2004 to Williams M. Hicks, *pro se Plaintiff*, #664670, Lake Correctional Institution, 19225 US Highway 27, Clermont, Florida 34711-9025.

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, McINTYRE & GREGOIRE, P.A.
Attorneys for Defendants
One Financial Plaza, Suite 900
100 Southeast Third Avenue
Ft. Lauderdale, FL 33394
Phone: 954/761-8600; Fax: 954/463-6643

BY: _____
      RICHARD T. WOULFE
      Florida Bar No.: 222313
      GREGG A. TOOMEY
      Florida Bar No.: 0159689

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Eucker, Cline, Davis, Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks, Esquire/*pro se Plaintiff*/Facsimile not available

BH
Provided to Lake C.I.
22 Jan 04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-DIM
MAGISTRATE JUDGE, P.A. WHITE

William M. Hicks,
    Plaintiff, prose,
    —vs—
KEN JENNE, et al,
    Defendant(s),

PLAINTIFF'S FIRST REQUEST FOR
ADMISSIONS TO DR. J. Cline, DDS

The plaintiff, pursuant to Fed. R. Civ. P. Rule 36, request DR. J.
cline, DDS, to make the following Admissions and he alone sign
off stating these are his responses in accordance to rules.

1.) Admit on 5-3-96 you seen Plaintiff with TODD Schwartz,
HSA, and took x-rays of facial and revealed facial fracture,
If deny. Explain why and which part.

2.) Admit you seen Plaintiff on 5-8-96,

3.) Admit you only seen Plaintiff at main Jail,

4.) Admit you was in private practice,

5.) Admit x-rays were taken (5) total on 2-19 or 20-96.

6.) Admit x-rays were taken on 2-21-96.

1 of 3

1/24/04

Admit x-rays were ordered by dental and plaintiff seen you and you advised he will see oral surgeon. Date seen you on 3-15-96.

8.) Admit you was head of dentistry at main Jail.

9.) Admit x-rays were taken on 3-26-96 of L & R jaw.

10) Admit plaintiff seen you on 3-15-96 and you advised him he could not go to Hospital because of his alleged charge.

11.) Admit you took x-rays with x-ray tech wayne Evans.

12.) Admit plaintiff was taken approx. (9) months later to see a street oral surgeon.

13.) Admit you seen x-ray of right temple.

14.) Admit you seen x-ray of right and left jaw.

15.) Admit you seen facial fracture.

16.) Admit Plaintiff had right jaw bone sticking out.

17.) Admit your not a licensed oral surgeon.

18.) Admit you had authority to recommend outside treatment.

19.) Admit plaintiff had M.R.I. and/or C.T. x-rays. Explain.

20.) Admit when plaintiff seen you, DR. T. Weathers was also present on most visits.

21.) Admit you and DR. T. Weathers took x-rays of plaintiff's facial, L & R jaw and right temple.

22.) Admit MRS. S. pearson, DDS is married to MR. G. Pearson.

23.) Admit plaintiff never had surgery for any fracture.

24.) Admit you can read x-rays.

25.) Admit you signed dental logs and x-ray requests.

26.) Admit to fix a fractured jaw, would be to wire it closed as to your dental training.

<u>CERTIFICATE OF SERVICE</u>

I William M. Hicks, HEREBY CERTIFY that he drafted (3) pages admissions to DR. Jack cline, DDS, to respond to under oath and to personally sign his reply. I certify a true and correct copy was handed over to prison officials this <u>22</u> day of January 2004, and mailed to Summer M. Barranco, esq 1322 SE 3rd AVE FT. Loud, Fla 33316 and McAllister, esq, 2801 Ponce de Leon BLVD · 9 Fl · Coral Gables, Fla 33134.

<u>William M. Hicks 6646670</u>
William M. Hicks prose
Lake corr INST
19225 US Hwy 27
Clermont, Fla 34711 - 9025

3 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

Magistrate Judge White

      Plaintiff,

v.

KEN JENNE, et al.,

      Defendants.

_____/

### DEFENDANT, DR. G. PEARSON'S,
### RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

The Defendant, Dr. G. Pearson's, pursuant to Rule 36, responds to Plaintiff's Request for Admissions served on January 20, 2004, as follows:

7.    Denied.

8.    Denied.

9.    Defendant cannot admit or deny as this request is unintelligible.

10.    Defendant cannot admit or deny who was seen by Dr. Cline.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Objection. Overly broad as to time. Also, vague and ambiguous.

15.    Defendant cannot admit or deny as this information is not maintained by this Defendant.

16.    Defendant cannot admit or deny as this information is not maintained by this Defendant.

17.    Defendant cannot admit or deny as this information is not maintained by this Defendant.

18.    Admit.

19.    Denied.

20.    Defendant cannot admit or deny as this information is not maintained by this

3/19/04

Defendant. Also, unintelligible.

21. Defendant cannot admit or deny as this information is not maintained by this Defendant. Also, unintelligible.

22. Objection. Overly broad as to time and scope.

23. Defendant cannot admit or deny as this information is not maintained by this Defendant.

24. Denied.

25. Admit.

26. Denied.

27. Admit.

28. Denied.

29. Objection. Overly broad as to time and scope.

30. Objection. Vague and ambiguous.

31. Denied.

32. Denied.

33. Denied.

I HEREBY CERTIFY that a true and correct copy of the forgoing was sent via next day air this 19TH day of March, 2004 to Williams M. Hicks, *pro se Plaintiff*, #664670, Lake Correctional Institution, 19225 US Highway 27, Clermont, Florida 34711-9025.

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, McINTYRE & GREGOIRE, P.A.
Attorneys for Defendants
One Financial Plaza, Suite 900
100 Southeast Third Avenue
Ft. Lauderdale, FL 33394
Phone: 954/761-8600; Fax: 954/463-6643

BY: _____
RICHARD T. WOULFE
Florida Bar No.: 222313
GREGG A. TOOMEY
Florida Bar No.: 0159689

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Eucker, Cline, Davis, Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks, Esquire/*pro se Plaintiff*/Facsimile not available

FILED JAN 26 2004

7.) Admit you were aware of plaintiff's fracture's to facial and jaw to include limited opening of jaw, deviates upon opening and closing jaw, zygo fracture, swelling by Right temple and reporting plaintiff in constant pain as per your log dated 3-22-96 at 1:38 pm.

8.) Admit you know what a dental log is.

9.) Admit you were aware of DR. cline, DDS, reporting close to same as above on 3-15-96 at 9:00am at N.B.D.C.

10.) Admit plaintiff never seen DR. cline at NBDC.

11.) Admit you ordered diet food on 6-20-96, 1-9-97, 12-20-96.

12.) Admit Plaintiff wrote grievance over not recieving diet on 9-19-96, 10-21-96, 7-30-96, 7-28-96.

13.) Admit you ordered pain meds on 8-29-96, 12-20-96, 9-19-96, 9-29-96.

14.) Admit plaintiff wrote grievance about not recieving dental.

15.) Admit Plaintiff was charged for dental and medications.

16.) Admit Plaintiff wrote requests to see dental.

17.) Admit plaintiff wrote complaints of being in NBDC and over a year, and not recieving dental care needed.

18.) Admit you done basic dentistry.

2 of 4

19.) Admit on 6-28-96 Plaintiff seen you per Barbara Evans.

20.) Admit Plaintiff wrote dental request complaining of flamed gum, upper left and not seen in (2) months dated 3-12-98.

21.) Admit wrote request to you per upper jaw and tooth pain. Dated 7-28-97.

22.) Admit you signed medication logs, and/or stamped.

23.) Admit wrote request on 1-2-97 - asking if you complied with our conversation had on 12-31-96, per orders for medical.

24.) Admit you took x-rays of plaintiff's jaw.

25.) Admit your married to mrs. S. pearson, DDS.

26.) Admit DR. Davis, M.D. was chief Health officer at NBDC.

27.) Admit DR. Cline, DDS, was supervisor over dentistry for NBDC and main Jail.

28.) Admit you spoke to susan McCampbell over plaintiff's dental issues.

29.) Admit you spoke to Barbara Evans, HSA over Plaintiff's Dental issues.

30.) Admit MR. S. Holmes, ombudsman made contact with you over plaintiffs Dental issues.

31.) Admit Barbra law NBDC superintendent was in contact with you over plaintiff's medical and dental issues.

32) Admit you were made aware of DR. Davis, M.D. giving plaintiff a Displinary Report (DR).

33.) Admit you was not in private practice during 1995-1998.

<u>CERTIFICATE OF SERVICE</u>

I William m. Hicks, HEREBY CERTIFY that he has drafted (4) page Admissions to DR. Glen pearson, DDS, to respond to under oath and sign his name to make it under oath in accordance to rules. AlSO a true and correct copy was handed over to prison officials to mail by U.S. mail this <u>22</u> day of January 2004, and mailed to summer m. Barrenco, esq 1322 SE 3rd AVE FT. Laud, Fla 33316 and mcallister, esq 2801 ponce de leon BlVD. 972. coral gables, Fla 33134.

<u>William m. Hicks 664670</u>
William m. Hicks prose
Lake corr INST
19225 U.S. Hwy 27
clermont, Fla 34711-9025

4 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

Magistrate Judge White

    Plaintiff,

v.

KEN JENNE, et al.,

    Defendants.

_____/

## DEFENDANT, DR. T. WEATHER'S
## RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

The Defendant, Dr. Weather's, pursuant to Rule 36, responds to Plaintiff's Request for

Admissions served on January 20, 2004, as follows:

1.    Admit.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Admit.

6.    Denied.

7.    Denied.

8.    Denied.

9.    Objection.  Relevance.

10.   Denied.

3|19|04

11.    Denied.

12.    Admit.

13.    This Defendant cannot admit or deny as phrased.

14.    Admit.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Objection.  Vague, ambiguous, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.

19.    Denied.

20.    Objection.  Overly broad as to time and scope.

21.    Objection.  Overly broad as to time and scope.

22.    Admit.

23.    Objection.  Vague and ambiguous as to "above average".  Without waiving this objection, x-rays were available.

24.    Objection.  Vague and ambiguous.

25.    Objection.  Vague and ambiguous as to "experience".

26.    Objection.  Vague and ambiguous as to "wire a temple closed"

27.    Admit.

28.    Denied.

29.    Cannot admit or deny as phrased, as there are many types of licenses.  Without waiving this objection, I am a licensed oral surgeon.

I HEREBY CERTIFY that a true and correct copy of the forgoing was mailed this 19th day

of _____*MARCH*_____, 2004 to Williams M. Hicks, *pro se Plaintiff*, #664670, Lake Correctional

Institution, 19225 US Highway 27, Clermont, Florida 34711-9025.

<div style="margin-left:40%">

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, McINTYRE & GREGOIRE, P.A.
Attorneys for Defendants
One Financial Plaza, # 900
100 S.E. 3rd Avenue
Ft. Lauderdale, FL 33394
Tel: 954-761-8600
Fax: 954-463-6643


BY: _____
            RICHARD T. WOULFE
            Florida Bar No.:  222313
            GREGG A. TOOMEY
            Florida Bar No.: 0159689

</div>

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Eucker, Cline, Davis,
Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks, Esquire/*pro se Plaintiff*/Facsimile not available

REC'D JAN 2 6 2004

BH
Provided to Lake C.I.
22 Jan 04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-DIM
MAGISTRATE JUDGE, P.A. WHITE

William M. Hicks,
        Plaintiff, prose,
        —vs—
KEN JENNE, et al,
        Defendant(s).

PLAINTIFF'S FIRST REQUEST
FOR ADMISSIONS TO DR. T. WEATHORS,
DDS, oral surgeon

The Plaintiff, pursuant to Fed. R. civ. P. Rule 36, requests DR. T. weathors, to make the following Admissions and he alone sign off stating these are his responses in accordance to rules.

1.) Admit on 5-8-96, Plaintiff seen you and DR. cline, DDS with MR. TODD Schwartz, HSA, in medical.

2.) Admit on 2-19-96 or 2-20-96, (5) x-rays were taken of side of head, and all points of Head, If deny, Explain.

3.) Admit on 2-21-96, x-rays were taken. (Five) of whole head which revealed fractured jaw by ear with mass damage to jaw and fracture to right temple. If deny, Explain.

4.) Admit a dentist on 3-15-96, scheduled a appointment with you and to take x-rays.

5.) Admit, did not see you on 3-19-96.

6.) Admit on 3-26-96 had x-rays taken of left and Right jaw.

7.) Admit Plaintiff seen you on 3-27-96, and revealed another fracture behind jaw.

8.) Admit you said jaw bone on right side of face would go down in 2-3 years approx., and to visit you in your own private practice, when released.

9.) Admit that you have been in private practice during years 1996-1998.

10.) Admit you were aware of fracture to right temple.

11.) Admit you used x-ray tech MR. Wayne Evans.

12.) Admit you only seen plaintiff at main Jail.

13.) Admit DR. S. Pearson, DDS, on 3-22-96 said she set up appointment to see you on 3-29-96.

14.) Admit plaintiff seen you on 2-21-96.

15.) Admit you were aware of Plaintiff's fractures.

16.) Admit as a oral surgeon that the only way to resolve a fracture jaw is to wire it closed.

17.) Admit a person who has T.M.J., lives with pain

18.) Admit as a licensed schooled dentist such as you, that a jaw bone sticking out shows a serious problem.

19.) Admit the x-rays taken by dental at main jail showed fractures to left and right jaw, right temple, under right eye as reported by the radiologists report(s).

20.) Admit plaintiff was taken to a street oral surgeon (9) months later for his jaw.

21.) Admit Plaintiff was never taken within days or couple months to an Hospital for proper x-rays.

22.) Admit that you as a licensed oral surgeon knew how to read x-rays.

23.) Admit that main jail had above average x-ray machine that can reveal fractures.

24.) Admit that an x-ray would reveal small fractures.

25.) Admit you have the experiance to wire a jaw closed.

26.) Admit your license does not qualify you to make judgment calls on whether to wire a temple closed.

27.) Admit you worked with DR. Jack cline, DDS, in main jail.

28.) Admit DR. uecker, M.D. recommended O.M.F. surgery.

29.) Admit you're licensed for dentistry only. If deny. Explain.

<u>CERTIFICATE OF SERVICE</u>

<u>I William M. Hicks</u>, HEREBY CERTIFY that he has drafted up (4) page admissions to DR. T. weathers, DDS. oral surgeon, to respond to under oath and sign his name to make it under oath in accordance to rules, Also a true and correct copy was handed over to prison officials to mail by U.S. mail this <u>22</u> day of January 2004, and mailed to Summer M. Barranco, esq 1322 S.E. 3rd Ave FT. Laud, fla 33316 and mcallister, esq 2801 ponce de leon BIVD. 9FL. coral Gables, fla 33134.

<u>William M. Hicks 664670</u>
William M. Hicks prose
Lake Corr Inst
19225 U.S. Hwy 27
clermont, fla 34711-9025

4 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

     Plaintiff,

Magistrate Judge White

v.

KEN JENNE, et al.,

     Defendants.

_____/

## DEFENDANT, DR. S. PEARSON
## RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

The Defendant, Dr. S. Pearson's, pursuant to Rule 36, responds to Plaintiff's Request for

Admissions served on January 20, 2004, as follows:

1.    Admit.

2.    Admit.

3.    Denied.

4.    Objection. Overly broad as to time frame and scope. Also, vague and ambiguous.

5.    Admit.

6.    Denied.

7.    Objection. Overly broad as to time frame and scope. Also, irrelevant, immaterial and

not reasonably calculate to lead to the discovery of admissible evidence.

8.    Objection. Vague and ambiguous. Also, Defendant cannot admit or deny what

another person would do.

9.    Objection. Vague and ambiguous.

10.    Objection.  Overly broad as to time and scope.  Also, vague and ambiguous.

11.    Admit.

12.    Admit.

I HEREBY CERTIFY that a true and correct copy of the forgoing was sent via next day air this _____ day of March, 2004 to Williams M. Hicks, *pro se Plaintiff*, #664670, Lake Correctional Institution, 19225 US Highway 27, Clermont, Florida 34711-9025.

> BUNNELL, WOULFE, KIRSCHBAUM,
> KELLER, McINTYRE & GREGOIRE, P.A.
> Attorneys for Defendants
> One Financial Plaza, # 900
> 100 S.E. 3rd Avenue
> Ft. Lauderdale, FL 33394
> Tel: 954-761-8600
> Fax: 954-463-6643
>
> BY: _____
> RICHARD T. WOULFE
> Florida Bar No.: 222313
> GREGG A. TOOMEY
> Florida Bar No.: 0159689

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Eucker, Cline, Davis, Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks, Esquire/*pro se Plaintiff*/Facsimile not available

REC'D JAN ~ provided to Lake C.I.

*BY*

*22 Jan 04*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-DIM
MAGISTRATE JUDGE. P.A. WHITE

RAT

MOS MCO

TH. ✓  due 2/26/04

ml   P

william M. Hicks,
    Plaintiff, pro se,
    —vs—
KEN JENNE, et al,
    Defendant(s),

PLAINTIFF'S
FIRST REQUEST FOR
ADMISSIONS TO DR. S. Pearson, DDS

The plaintiff, pursuant to Fed. R. Civ. P. Rule 36, requests DR. S. pearson, DDS, to make the following Admissions and she alone sign off stating these are her responses in accordance to rules.

1.) Admit you worked at Main Jail.

2.) Admit you're only licensed to perform general dentistry.

3.) Admit you seen plaintiff on 3-22-96 and referred to see oral surgeon on 3-29-96.

4.) Admit you done general dentistry to plaintiff's teeth.

5.) Admit you're married to MR. Glen pearson, DDS.

6.) Admit you seen plaintiff on 3-22 or 3-23-96.

1 of 2

1/26/04

7.) Admit you personally seen plaintiff over four times.

8.) Admit as a dentist that if a person has a dental problem they would bring it to your attention.

9.) Admit you signed Dental logs and made notes.

10.) Admit being a Dentist you would review patients Dental file to understand whats been done, ect.

11.) Admit you're not a M.D. Doctor.

12.) Admit since your not an oral surgeon, you would refer patients to one if needed.


<u>CERTIFICATE OF SERVICE</u>


<u>I William M. Hicks</u>, HEREBY CERTIFY that he has drafted up (2) page admissions to DR. S. pearson, DDS, to respond to under oath and sign her name to make it under oath in accordance to rules. Also a true and correct copy was handed over to prison officials to mail this 22 day of January 2004, and mailed to summer m. Barranco, esq 13 22 SE 3rd AVE Ft. Laud, fla 33316 and McAllister, esq 2501 pace de lean Blvd '9FL. Coral Gables, fla 33134.

<u>William M. Hicks 664670</u>
William m. Hicks prose
Lake corr INST
19225 U.S. Hwy 27
Clermont, fla 34711-9025

2of2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

Magistrate Judge White

    Plaintiff,

v.

KEN JENNE, et al.,

    Defendants.

_____/

## DEFENDANT, EMSA'S
## RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

The Defendant, EMSA, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, responds to Plaintiff's Request for Admissions served on January 20, 2004, as follows:

1.    Admit that EMSA was health care provider for Broward Sheriff's Office (BSO) two jails, NBDC and main jail in years 1995-1999.

**Response:**    **Objection, overly broad as to time and scope. Plaintiff is requesting information that is irrelevant, immaterial and not designed to lead to admissible evidence. Without waiving this objection, EMSA admits it provided healthcare to inmates in the Broward County Jail during these years.**

2.    Admit that EMSA no longer has contract with BSO.

**Response:**    **Admit.**

3.    Admit EMSA is a for profit health care provider.

**Response:**    **Admit.**

3|19|04

4.    Admit EMSA has had law suits against them while at BSO jail(s).

Response:    Objection. Plaintiff is requesting information that is irrelevant, immaterial and not designed to lead to admissible evidence.

5.    Admit detainee's died in BSO custody during years 1996 through 1998 while EMSA had contract.

Response:    Objection, overly broad as to time and scope. Plaintiff is requesting information that is irrelevant, immaterial and not designed to lead to admissible evidence.

6.    Admit that Mrs. Marta Prado is a corporate owner of EMSA.

Response:    Objection, irrelevant, vague and ambiguous as to "corporate owner".

7.    Admit Mrs. Marta Prado is using her maiden name instead of complete married name Mrs. Butterworth.

Response:    Objection. Plaintiff is requesting information that is irrelevant, immaterial and not designed to lead to admissible evidence.

8.    Admit that EMSA hired Dr. Davis, M.D. knowing he had repramand (sic) on his license.

Response:    Objection. Plaintiff is requesting information that is irrelevant, immaterial and not designed to lead to admissible evidence.

9.    Admit that Dr W.C. Davis, Dr. Ucker, Dr. Weathors, Dr. J. Cline, Dr. S. Pearson and Dr. G. Pearson were all employee's for EMSA during years 1995 through 1999. If some were not, state reason why.

Response:    Objection, overly broad as to time and scope.

10.    Admit EMSA bids for contracts.

Response:    Objection. Plaintiff is requesting information that is irrelevant, immaterial and not designed to lead to admissible evidence.

11.    Admit EMSA has a profit sharing program.

**Response:    Objection. Plaintiff is requesting information that is irrelevant, immaterial and not designed to lead to admissible evidence.**

12.    Admit EMSA M.D. doctor's and P.A. doctor's ordered x-rays to be taken.

**Response:    Objection, irrelevant, vague and ambiguous, also overly broad as to scope and time.**

13.    Admit dentist's ordered x-rays.

**Response:    Objection, irrelevant, vague and ambiguous, also overly broad as to scope and time.**

14.    Admit EMSA had taken Plaintiff for M.R.I. and C.T. x-ray.  Explain each one and when.

**Response:    Defendant admits that x-rays were taken. Defendant objects to "explain" as vague, ambiguous, and beyond scope of**

15.    Admit Plaintiff filed complaints to EMSA corporate office.

**Response:    Defendant admits that Plaintiff has filed Inmate Grievance Forms.**

16.    Admit EMSA corporation officials knew Plaintiff had fracture's (sic) to head and facial.

**Response:    Objection, vague and ambiguous as to "head and facial", and "EMSA Corporation Officials."**

17.    Admit EMSA was made known of complaints by the Plaintiff of kneck (sic) injuries and pain.

**Response:    Denied.  As a corporate entity, EMSA cannot have awareness.**

18.    Admit EMSA officials were made aware of Plaintiff's pain and suffering from February. 17, 1996 til day gone to prison in year 1998.

**Response:    Denied.**

19.    Admit EMSA officials knew of Plaintiff's fractures to his right temple, facial under right eye, facial cut and sutures placed, fractures to left and right side of jaw, nose, kneck (sic) injuries and made known of back pain. If deny. Explain which ones are being denied.

**Response:    Denied.**

20.    Admit EMSA officials ordered and reccommended (sic) Plaintiff to be taken to private oral facial maxial (sic) surgeon 9 months after assault and battery for his jaw.

**Response:    Admitted to the extent the records indicate that the Plaintiff was seen by Coral Springs Oral and Maxillofacial Surgery Associates.**

21.    Admit Plaintiff received (sic) no surgery for any fractures.

**Response:    Admit.**

22.    Admit EMSA doctor recommended open mouth surgery for Plaintiff's fractured jaw.

**Response:    Denied.**

23.    Admit EMSA medical director(s) of NBDC and main jail were aware of Plaintiff's medical condition.

**Response:    Objection, vague and ambiguous.**

24.    Admit EMSA authorities (sic) knew of Dr. Davis, M.D. giving a displinary (sic) report (DR) which Plaintiff received (sic) (30) days in confinement after office visit at NBDC jail.

**Response:    Denied.**

25.    Admit EMSA denied Plaintiff his constitutional right to proper, adequate medical care owed to him as a detainee.

**Response:    Denied.**

26.    Admit EMSA's official's revealed fracture's (sic) up to (9) months later as revealed by radiologist(s) reports.

**Response:**    **Denied.**

27.    Admit EMSA as a licensed health arc providers is aware that when someone recieves (sic) head trauma, there should be prompt, proper x-rays taken.

**Response:**    **Objection. Corporation cannot be aware of anything. Also, vague and ambiguous.**

28.    Admit EMSA a licensed health care provider is aware a person can receive brain damage from being repeatedly hit on the face and head.

**Response:**    **See response to #27 above.**

29.    Admit EMSA has complete copies of all x-rays films and reports that were taken of Plaintiff during the years 1996-1998.

**Response:**    **Defendant cannot admit or deny as the Plaintiff was apparently treated by other medical professionals not associates with EMSA.**

30.    Admit EMSA in year 1998 had contract with South Florida Reception Center to supply medical care and dental doc.

**Response:**    **Objection, irrelevant.**

31.    Admit EMSA has contracts with Dept. of Corr. in Florida and prisons as well other states. Describe other states.

**Response:**    **Objection, irrelevant.**

32.    Admit complaints other than by Plaintiff were filed against EMSA during 1995-1998.

**Response:**    **Objection, irrelevant.**

33.    Admit Florida Justice Institute filed for release of Plaintiff's medical files.

**Response:**    **Objection, irrelevant.**

34.    Admit EMSA had complaints filed against them by Plaintiff with (BSO) Internal Affairs in 1996-1997.

**Response:    Defendant is without knowledge, and therefore cannot admit or deny this Request for Admission at this time.**

35.    Admit EMSA released medical files to Plaintiff while he was a detainee at NBDC jail by a signed release form on 8-21-96.

**Response:    This Defendant cannot admit or deny because the records do not include a release signed by Plaintiff. All medical records in this Defendant's possession has been provided.**

36.    Admit EMSA provided copy's of x-rays (5) in 1996 to Plaintiff's mother as she paid for them by check, Mr. Donna Johnson.

**Response:    This Defendant cannot admit or deny because the records do not include a release signed by Plaintiff. All medical records in this Defendant's possession has been provided.**

37.    Admit Plaintiff's criminal trial judge issued (3) orders, ordering jail (BSO) and EMSA to provide needed medical attention. If deny. How many.

**Response:    Objection. This request is improper as the orders, if any, speak for themselves.**

38.    Admit Plaintiff's criminal trial lawyer(s) Mike Entin, Esq. served EMSA a Subpoena to receive x-rays.

**Response:    Objection. Irrelevant.**

39.    Admit EMSA has a grievance policy detainee's used to grieve medical problems while in BSO custody.

**Response:    Denied.**

40.   Admit EMSA has a request policy detainee's used to request information while in BSO custody.

**Response:   Objection, vague and ambiguous.  Without waiving this objection, EMSA had a procedure for inmates to receive medical care.**

41.   Admit EMSA has a sick call request forms.

**Response:   Defendant admits that they have Inmate Medical Request Forms.**

42.   Admit EMSA was required to supply medical care to all detainee's, even when their (sic) indigent.

**Response:   Admit.**

43.   Admit EMSA charged detainee's for seeing the dentist and doctor's.  Explain cost to each one charged.  In jail.

**Response:   Pursuant to the State and Federal Law, inmates are charged for medical care.  The remainder of this request is improper in a Request for Admissions.**

44.   Admit EMSA had a full time oral surgeon for dentistry during years 1995-1998, by the name of Dr. T. Weathors.

**Response:   Objection. Vague and ambiguous.  Also, over broad and irrelevant.**

45.   Admit EMSA used Mr. S. Holmes as a ombudsman for medical at NBDC and main jail during years 1995-1998.

**Response:   Objection. Vague and ambiguous.  Also, over broad and irrelevant.**

46.   Admit EMSA had psychiatrist and RN nurse present in his criminal case, courtroom. That were employee's. (sic)

**Response:   Objection, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.**

47.    Admit EMSA has contracts with jails in Florida and other state's jails.  Name other states.

**Response:**    **Objection, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.**

I HEREBY CERTIFY that a true and correct copy of the forgoing was sent via next day air this 19th day of March, 2004 to Williams M. Hicks, *pro se Plaintiff*, #664670, Lake Correctional Institution, 19225 US Highway 27, Clermont, Florida 34711-9025; Summer Marie Barranco, Esquire, counsel for Defendants Jenne, Broward County Sheriff, Purdy Jolly & Giuffreda, 1322 SE 3rd Avenue, Fort Lauderdale, Florida.

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, McINTYRE & GREGOIRE, P.A.
Attorneys for Defendants
One Financial Plaza, # 900
100 S.E. 3rd Avenue
Ft. Lauderdale, FL 33394
Tel: 954-761-8600
Fax: 954-463-6643

BY: _____
RICHARD T. WOULFE
Florida Bar No.: 222313
GREGG A. TOOMEY
Florida Bar No.: 0159689

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Eucker, Cline, Davis, Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks, Esquire/*pro se Plaintiff*/Facsimile not available

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

Magistrate Judge White

Plaintiff,

v.

KEN JENNE, et al.,

Defendants.
_____/

## CERTIFICATE OF MAILING ANSWERS TO INTERROGATORIES

THE UNDERSIGNED HEREBY CERTIFIES that this original Certificate of Mailing Answers to Interrogatories to Defendant, E.M.S.A., propounded by Plaintiff, WILLIAM M. HICKS, by certificate dated January 20, 2004 was mailed along with the original Interrogatories and answers thereto by United States mail this _____ day of April, 2004 to: Williams M. Hicks, *pro se Plaintiff,* #664670, Lake Correctional Institution, 19225 US Highway 27, Clermont, Florida 34711-9025; Summer Marie Barranco, Esquire, counsel for Defendants, Jenne, Broward County Sheriff, Purdy Jolly & Giuffreda, 1322 SE 3rd Avenue, Fort Lauderdale, Florida.

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, McINTYRE & GREGOIRE, P.A.
Attorneys for Defendants
One Financial Plaza, Suite 900
100 Southeast Third Avenue
Ft. Lauderdale, FL 33394
Phone: 954/761-8600; Fax: 954/463-6643

BY: _____
RICHARD T. WOULFE
Florida Bar No.: 222313
GREGG A. TOOMEY
Florida Bar No.: 0159689

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Eucker, Cline, Davis, Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks, Esquire/*pro se Plaintiff*/Facsimile not available

## INTERROGATORIES

A.    Please provide full names of all known titles, all work addresses and zip codes, any private practice address known.

1.    Mr. Todd Schwartz, HSA, EMSA.

**Answer:**  Objection.  Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

2.    Dr. Elliot, Coral Springs.

**Answer:**  Objection.  Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

3.    Ruth Ellen, R.N.

**Answer:**  Objection.  Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Names of all black female nurses working day shift at main jail in 1996.

**Answer:**  Objection, overly broad, irrelevant and not calculated to lead to the discovery of admissible evidence.

5.    Dr. Davis, M.D.

**Answer:**    May be contacted through undersigned counsel.

6.    Dr. Craig Ucker, M.D. and any private practice known.

**Answer:**    May be contacted through  undersigned counsel.

7.    Dr. S. Pearson, D.D.S.

**Answer:**    May be contacted through  undersigned counsel.

8.    Dr. Jack Cline, D.D.S.

**Answer:**    May be contacted through  undersigned counsel.

9.    Dr. Trevor Weathors, D.D.S. oral surgeon, and any private practice known.

**Answer:**    May be contacted through undersigned counsel.

10.    Dr. Glen Pearson

**Answer:**    May be contacted through  undersigned counsel.

11.    EMSA record custodians full name and work location.

**Answer:**    All EMSA records may be obtained through undersigned counsel.

12.    Melsaides Nelson, M.S., R.N.

**Answer:**    Objection. Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

13.    Veronica O'Connor, P.A.

**Answer:**    Objection. Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

14.    Jacquelyn D. Farrar, dental assistant.

**Answer:**    Objection. Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

15.    Calista Chukwu, R.N.

**Answer:**    Objection. Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

16.    Joan Bauersmith, R.N.

**Answer:**    Objection. Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

17.    Miguel Tome, M.D. and any known private practice.

**Answer:**    Objection. Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

18.    Andrea Craig, dental assistant.

**Answer:**    Objection. Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

19.    Mr. Wayne Evans, x-ray tech and any private company he works for other than EMSA also.

**Answer:**    Objection. Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

20.    Mr. James R. Thompson, M.D. and any private practice.

**Answer:**    Objection. Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

21.    Mr. Ed Hanley, Human Service Counselor.

**Answer:**    Objection. Vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

B.    Provide listing of all known law suits filed against EMSA, as well any Defendant during years 1995-1999, while contracting for (BSO) Broward Sheriff's Office.

**Answer:**    Objection, overly broad as to time frame and scope. Notwithstanding, this objection, the requested information is public record pursuant to Rule 32(b).

C.    Provide copies of all and any administrative complaints filed on any defendant's to include EMSA as a whole during entire contracting with BSO.

**Answer:**    Objection, overly broad as to time frame and scope, and privileged by Florida Statutes..

D.    Provide full defense witnesses that defendant's intend to call and present during trial.

**Answer:**    Undetermined at this time. Discovery is ongoing.

E.    Provide all expert witnesses and reports.

**Answer:**    Objection, work product. Discovery is ongoing.

F.    State facts on Exhibits and witnesses and other documents plan to use.

**Answer:**    Undetermined at this time. Discovery is ongoing.

G.    The defendant's are still under a continuing duty to provide all known addresses, ect., I ask that defense not object to as not admissable, etc. as all asked for, there is a reason.

**Answer:**    Objection. Vague, ambiguous and unintelligible.

H.    List all detainee witnesses during years 1996-1998 in BSO custody as well all prisoner witnesses name present.

**Answer:**    Objection. Overly broad as to scope and time frame. Irrelevant, immaterial and not likely to lead to the discovery of admissible evidence. Also, unintelligible.

_____

STATE OF FLORIDA
COUNTY OF _____

_____, being duly sworn upon oath deposes and says that EMSA is

the Defendant in the aforementioned case, and that the foregoing answers to Interrogatories are true

and correct to the best of his/her knowledge, information, and belief.

The foregoing instrument was sworn to and acknowledged before me this _____ day of

_____, 2004, by _____.

Personally known_____

Produced Identification_____

Type of Identification Produced_____

_____
Signature of Notary Public

_____
Name of Notary Typed, Printed or Stamped

_____
Commission Number

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

Magistrate Judge White

      Plaintiff,

v.

KEN JENNE, et al.,

      Defendants.

_____/

## DEFENDANT, EMSA'S
## RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE

The Defendant, EMSA, responds to Plaintiff's Request to Produce served on January 20, 2004, as follows:

1.      Copies of all Dr. Elliot's report's and findings as to reviewing x-ray(s), C.T. scan and MRI, in years 1996, 1997 and 1998.

**Response:**      **Objection, overly broad as to persons. Without waiving this objection, see medical records.**

2.      Copy of doctor's report made on approx. 6-2-96 in jail.

**Response:**      **See medical records.**

3.      Copies of all x-ray report(s) listed, but not limited to, 2-9-96, 2-19-96, 2-20-96, 2-21-96, 3-26-96, 3-27-96, 53-96, 8-21-96, 9-9-96, 9-26-97.

**Response:**      **See medical records.**

4.      Copies of all Dr. Ucker's report's and finding made on 3-4-96, 4-22-96, 4-23-96, 5-3-96, 5-24-96, 2-17-97, 2-12-97, 3-7-97, 10-6-97, and year 1998 reports.

**Response:**      **Objection, overly broad as to persons. Without waiving this objection,**

see medical records.

5.    Copies of Dr. Cline, findings on 3-15-96, 5-3-96, 5-8-96.

**Response:    Objection, overly broad as to persons. Without waiving this objection, see medical records.**

6.    Copies of Dr. S. Pearson's findings on 3-22-96, 3-23-96.

**Response:    Objection, overly broad as to persons. Without waiving this objection, see medical records.**

7.    Copies of Dr. Weathors findings on 2-21-96, 3-29-96, 5-3-96, 5-8-96.

**Response:    Objection, overly broad as to persons. Without waiving this objection, see medical records.**

8.    Copy of female doctor's order, ordering (27 x-rays of facial on 9-26-97, at 4:00 p.m. and referring to see Dr. Ucker.

**Response:    Objection, overly broad as to persons. Without waiving this objection, see medical records.**

9.    Copies of two grievances written by Hicks on 5-12-96, about not taking x-rays and refusing to take to hospital.

**Response:    Grievances are maintained by Broward Sheriff's Office.**

10.    Copy of request written on 8-23-96, requesting to see x-rays.

**Response:    See medical records.**

11.    Copy of hospital report done in 1996, testing stomach of Hicks.

**Response:    The only medical records in this Defendant's possession have been provided.**

12.    Copy of grievance written on 9-10-96, to see x-rays.

**Response:    Grievances are maintained by Broward Sheriff's Office.**

13.    Copy of letter from Hicks defense attorney's Mr. Jeffrey M. Harris and Mike Entin

dated approx. 10-17-96, directed to the director of EMSA, Mr. Todd Schwartz.

**Response:      After reviewing the files, Defendant is unable to locate this document.**

14.     Copy of letter from Hicks defense attorney Mike Entin, Esq. requesting by Subpoena to receive copies of x-rays.

**Response:      After reviewing the files, Defendant is unable to locate this document.**

15.     Copies of Dr. Davis, report and findings on 10-18-96.

**Response:      Objection, overly broad as to persons.  Without waiving this objection, see medical records.**

16.     Copy of M.R.I. report and findings done on 11-27-96 at local hospital, Pompano Beach Medical Center, as well all other report's and findings done by hospital.

**Response:      Objection, overly broad as to persons.  Without waiving this objection, all medical records in this Defendant's possession have been provided.**

I HEREBY CERTIFY that a true and correct copy of the forgoing was sent via next day air this ____ day of March, 2004 to Williams M. Hicks, *pro se Plaintiff*, #664670, Lake Correctional Institution, 19225 US Highway 27, Clermont, Florida 34711-9025.

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, McINTYRE & GREGOIRE, P.A.
Attorneys for Defendants
One Financial Plaza, # 900
100 S.E. 3rd Avenue
Ft. Lauderdale, FL 33394
Tel: 954-761-8600
Fax: 954-463-6643

BY: _____
RICHARD T. WOULFE
Florida Bar No.: 222313
GREGG A. TOOMEY
Florida Bar No.: 0159689

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants/Facsimile: 954-463-6643
William H. Hicks, Esquire/*pro se Plaintiff*/Facsimile not available