```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 00-6087-Civ-DIMITROULEAS
                        MAGISTRATE JUDGE P.A. WHITE
```

WILLIAM M. HICKS,             :

       Plaintiff,       :

v.                            :     ORDER ON PENDING MOTIONS, AND
                                    OF INSTRUCTIONS TO PRO SE PLAINTIFF
EMSA, et al.,                 :     REGARDING RESPONSE TO DEFENDANTS'
                                    MOTION FOR SUMMARY JUDGMENT
       Defendants.      :

_____

    This Cause is before the Court upon motions by the defendants, and plaintiff (DE#s 220, 221, 222, 223, and 224).

    Upon Consideration, and review of the record, it is thereupon

    ORDERED AND ADJUDGED, as follows:

1.  **The defendants' motion (DE# 220)**, filed on April 26, 2004, for an extension of the April 23 deadline for filing dispositive motions, **is granted, to April 30, 2004,** as requested, in light of the extenuating circumstances of defense counsel's hospitalization.

2.  In anticipation of the filing of the defendants' motion for summary judgment, and in light of the pending July 5, 2004 trial calendar, the plaintiff is instructed as follows:

    a.  **Plaintiff's response to defendants' motion for summary judgment must be RECEIVED BY THE CLERK OF COURT FOR FILING on or before May 28, 2004.**

    b.  **No extensions of time will be granted.**

    c.  **Plaintiff's failure to file a timely response may result in consideration of the defendants' motion for summary judgment, in the absence of a response from the plaintiff.**

3.  More specifically, with regard to his response to the defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56, the plaintiff instructed, as follows:

The plaintiff is hereby notified that this Court will consider the motion without oral hearing, and that he may file a response in opposition thereto for consideration by the Court. <u>Somerville v. Hall</u>, 2 F.3d 1563 (11 Cir. 1993); <u>Griffith v. Wainwright</u>, 772 F.2d 822, 825 (11 Cir. 1985); <u>Moore v. Florida</u>, 703 F.2d 516 (11 Cir. 1983); <u>Barker v. Norman</u>, 651 F.2d 1107 (5 Cir. 1981); <u>Kibort v. Hampton</u>, 538 F.2d 90 (5 Cir. 1976).

The attention of the plaintiff is particularly drawn to all provisions of <u>Fed.R.Civ.P</u>. 56, and specifically to that portion of Rule 56(e) which provides:

> When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does <u>not so respond, summary judgment, if appropriate, shall be entered against him</u>. (Emphasis added.)

The plaintiff is specifically cautioned as follows:

a.  Any issue determined by summary judgment will not be tried. If a summary judgment is granted as to all issues, there will be no trial and a final judgment will be entered without further proceedings.

b.  The evidence presented by the defendant in support of the motion for summary judgment may be accepted by the Court as true if it is not contradicted by affidavits or other sworn evidence such as depositions, submitted by the plaintiff.

c.  **The plaintiff cannot rely solely on his complaint and other initial pleadings, but must respond with affidavits, depositions, or otherwise, to show that there are material issues of fact which require a trial.**

<u>Coleman v. Smith</u>, 828 F.2d 714 (11 Cir. 1987); <u>Brown v. Shinbaum</u>, 828 F.2d 707 (11 Cir. 1987).

4.   **The plaintiff's motion (DE# 221), is deferred for ruling by the Honorable William P. Dimitrouleas**, United States District Judge, before whom this matter is set for trial, and who as the trial judge will make rulings on the admissibility of evidence.

5.   **The plaintiff's motion *in limine* (DE# 222), is also deferred for ruling by Judge Dimitrouleas.**

6.   **The plaintiff's motion (DE# 223)**, captioned "Plaintiff's Motion for Court's Help in Obtaining Medical Files that Appear to Be Sealed by DOC Medical Records at Lake Corr Inst," which is in essence a request for the Court to order the service of subpoenas for production of medical records by non-parties at government expense, **is denied.**[1]

7.   **The plaintiff's motion (DE# 224)**, to compel further responses by Dr. Glenn Pearson, D.D.S., to Admissions Requests Numbers 3 and 4, **is denied.**

Dated: April 29, 2004

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]   First, the plaintiff has previously been instructed by Court Order in this case that the District Court cannot order the service of subpoenas upon non-parties at government expense in a civil action, even on behalf of a litigant who is proceeding *in forma pauperis*. (See Order on Pending Motions, DE# 114, entered November 14, 2001).

Moreover, from his motion, is not clear what records the plaintiff seeks. In the "Conclusion" section of the motion (DE# 223), the plaintiff asks "for Court's help as the medical file petaining to Hicks treatment while in BSO and EMSA Custody during years 1995 1998 are pertainant and are in need for trial." In the body of the motion, however, (DE# 223, p. 1) plaintiff states that "He does not now know how to obtain medical records of William M. Hicks that are from BSO and EMSA in year 2000." Continuing, he appears to state that certain records which he knows to exist ("some documents that relate do defendant Dr. W.C. Davis, M.D. reporting plaintiff's facial injuries which he sutured under plaintiff's right eye") were not among the documents supplied by the defendants in their response to discovery received by the plaintiff on April 6, 2004. Plaintiff apparently believes that copies of the medical records generated while he was detained in the Broward County Jail system in 2000 are part of his medical Florida Department of Corrections Medical file, at Lake C.I.  The plaintiff states that Miss Clemmons at Lake C.I. told him he must request the documents from the defendants.

3

cc: William M. Hicks, Pro Se
    DC# 664670
    Lake Correctional Institution
    19225 U.S. Hwy. 27
    Clermont, FL 34711-9025


    Gregg A. Toomey, Esquire
    Richard T. Woulfe, Esquire
    BUNNELL, WOULFE, KIRSCHBAUM,
        KELLER, McINTYRE, & GREGOIRE, P.A.
    One Financial Plaza, #900
    100 S.E. 3rd Avenue
    Ft. Lauderdale, FL 33394
    **(By Mail, and facsimile 954/463-6643)**


    Honorable William P. Dimitrouleas
        United States District Judge