Provided to Lake C.I.
30 April 04
BH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-DIM
MAGISTRATE JUDGE. P.A. WHITE

William M. Hicks,
    Plaintiff, prose,
-vs-
E.M.S.A. et al,
    Defendant(s).
_____/

### PLAINTIFF'S RE-MOTION ASKING TO FILE DISCOVERY PAST APRIL 9, 2004 DEADLINE / and CONTINUED OBJECTIONS TO PRETRIAL SCHEDULE

COMES NOW, William M. Hicks, prose, and Re-motions court to rescind its April 14, 2004 order denying extension to file post April 9, 2004 discovery deadline for reasons following. Plaintiff complied when he did not object to court's order dated March 10, 04 granting defendant's request for extension up to (30) days to respond to plaintiff's discovery requests propounded January 20, 04. Court gave defendant's till March 22, 04 to respond. Defendant's on March 19, 04 certified compliance by overnight mailing (Fed ex) which plaintiff never received. On March 30, 04 defendant's filed Re-notice of compliance with exhibits stating (LCI) Lake Corr. Inst. mailroom on March 24, 04 signed for package. Then March 29, 2004 Federal express notified defendant's package was returned.[1] Then on March 31, 2004 defendant's filed second Re-notice of compliance certifying re-mailed by U.S. postal service express (overnight). This package contained EMSA medical files and discovery responses that plaintiff signed for on April 6, 04 (plaintiff's Ex A, shows attempt to obtain April 6, 04 log, but staff turned 6TH into 16 by using the L in April) two days before April 9, 04 deadline.

---

[1] LCI would not except any mail unless US postal mail.

Plaintiff on April 14, 04 [2] submitted his additional needed discovery request(s) that defendant's in a letter dated April 23, 04 denied quoting court's April 9, 2004 deadline as reasons. These additional discovery request are needed as well he was served by defendant's with an incomplete medical file that did not meet plaintiff's certain document request. As Honorable court knows defendant's counsel's are trained and work representing Broward sheriff's office as well, therefore are versed in rules and policies of DOC. Plaintiff's failure to adhere to April 9, 2004 deadline was not his fault as well has no control over prison mailroom which was approximate reason for plaintiff's failure to meet legal deadline, Coleman -vs- Peyton, 362 F2d 905 (C.A.VA 1966); Sigafus -vs- Brown, 416 F2d 105 (C.A. Ill 1969). By holding plaintiff to deadline has caused extreme hardship and prejudice since he lost first (30) days so defendant's could have extension to respond. Plaintiff ask that court allow in defendant's possesion his April 14, 2004 additional discovery to be responded to as this will not prejudice defendant's and it's only fair.

so prays.

(2). Plaintiff's re-motion and continued objections to courts pretrial schedule as he asked Honorable court for help or allow him to skip some procedures that have become obstacles as plaintiff does not comprehend or understand as there is no law books to help him, Kilgo -vs- Ricks 983 F2d 189 (11th Cir 1993). Plaintiff also invokes his disability under ADA since he's under the care of psychiatrist who just switched psychotropic medications that have altered plaintiff's abilities to comprehend even more as he has no energy and forced mentally and physically to sleep 18 hours or more a day. Doctor gave his word that there be no change. But now plaintiff has become severely aggresive from normal passive assertive.

---

[2] Takes time to draft and two days to make copies.

The psychiatrists here are some how under the impression plaintiff hears voices and sees things and tried at first to place him on haldol at high doseage and place him in C.S.U. on compound.

Now plaintiff tried again on April 29, 04 to have law library obtain needed law books but was told by law clerk DOC consent decree does not allow such books. Reference Florida Administrative Code section 33-501.301, FAC, procedure 501.301, effective Nov 5, 2001. Law clerk refused to put this in writing to show this court. Plaintiff's law library is considered (DOC terms) major and has philip J. Padovano state self help books only.[4] This law library[3] did have Wright & Miller self help. As court knows the civil procedure is used in federal habeas corpus as plaintiff's has one pending now. This court has jurisdiction to plaintiff's deprivation of materials necessary to afford reasonable access to court's, Sigafus -vs- Brown, 416 F2d 105 (CCA Ill 1969). As prisoner's have a fundamental constitutional right of access to court's protected by the 14th Amend, U.S.C., as such access must be adequate, effective and meaningful, and prisoners must be provided with access to adequate law libraries or adequate assistance of persons [trained] in the law, Williams -vs- Lane, 646 F Supp 1379 C.N.D. Ill 1986); Carter -vs- Kamka, 515 F Supp 825 (D.C. md 1980); Boston -vs- Stanton, 450 F. Supp 1049 (D.C. mo 1978); Hooks -vs- Wainwright, 352 F Supp 163 (D.C. Fla. 1972). The state of Florida must provide prisoners with reasonable access to adequate legal reference material, the state's interest in curtailing expense is not an [e]xcuse, Craig -vs- Hooker, 405 F Supp 656 (D.C. Nev. 1975). Wherefore, plaintiff ask court for help now or appoint counsel.

                          So prays

---

[3] Did carry untill school supervisor ordered clerks to throw away.

[4] Not civil law.

## CONCLUSION

Plaintiff prays court will heed plaintiff's plea's for help as his discovery of evidence and understanding of procedures will help in any summary judgment motion(s) as well prepare for trial. Plaintiff wants court to understand that while at his last camp E.C.I., Everglades Corr Inst he had <u>all</u> books needed for his use to bring forth, litigate and present to court his constitutional rights. But as court knows his L.C.I. camp does not have. All books were taken by clerks rather than thrown out. Confessions by past clerks as they gone as fast as they became clerks. I think there's only one certified law clerk [basic training] and two assistant clerks.

## CERTIFICATE OF SERVICE

I certify true and correct copy handed to prison officials to mail by U.S. mail and all facts and matters are true and correct under pains of perjury and mailed to Richard Wolfe, esq for ENISA defendants this 30TH day of April 2004.

William M. Hicks 664670
William M. Hicks prose
Lake Corr Inst
19225 US Hwy 27
Clermont, Fla 34711-9025

4

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

(Instructions on Back)

Mail Number: _(EX A)_
Team Number: 1
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☒ Other _Maintenance Supervisor_ |
|---|---|---|---|---|

| FROM: | Inmate Name: William M Hicks | DC Number: 664171 | Quarters: F171-L | Job Assignment: Houseman | Date: 4/28/04 |
|---|---|---|---|---|---|

**REQUEST**

1) Would you please send me a copy of maintenance mail log thru Nichols, GA Tenney, Bunnell, maintenance Lloyd, who was on evaluation on April 16, 2004. Also this is intended to use in my pending court case.

2) Please print full names of all employees who were in maintenance on said date. Also please put titles of position after each name.

3) Was a Trash Man in maintenance? If not, who is this person, what employee job title was put in his job?

Thank you. William M Hicks

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

—— DO NOT WRITE BELOW THIS LINE ——

**RESPONSE**   DATE RECEIVED:

1) Done on 16th from _____ lawyer. April 16 (copy attached)

2) Potter & Sanchez

3) With an officer who taped out when Sanchez was out.

| The following pertains to informal grievances only:
Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): C. Potter    Date: 29 April 04

Distribution:  White – Returned to Inmate    Pink – Returned by official responding, or if the response is to an
               Canary – Returned to Inmate            informal grievance then forward to be placed in inmate's file

DC6-236 (Revised 8-00)

# INCOMING LEGAL AND/OR PRIVILEGED MAIL LOG

Lake Correctional Institution

Month APRIL 2004

| Inmate Name | DC Number | Date Mail Received By Institution | From (Full Address of Sender) | Date Mail Received By Inmate | Inmate's Signature | Officer Initials |
|---|---|---|---|---|---|---|
| WILLIAM HICKS | 664670 | 4.19.04 | BUNNELL WOULFE KIRSCHBAUM KELLER MCINTYRE & GREGOIRE PROFESSIONAL ASSOCIATION PO DRAWER 030340 FT LAUDERDALE FLORIDA 33303 | 4.20.04 | W. Hicks 664670 | CP |
| WILLIAM HICKS | 664670 | 4.19.04 | BUNNELL WOULFE KIRSCHBAUM KELLER MCINTYRE & GREGOIRE PROFESSIONAL ASSOCIATION PO DRAWER 030340 FT LAUDERDALE FLORIDA 33303 | 4.20.04 | W. Hicks 664670 | CP |
| WILLIAM HICKS | 664670 | 4.19.04 | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA OFFICE OF THE CLERK 301 N MIAMI AVENUE RM 150 MIAMI FLORIDA 33128 | 4.20.04 | W. Hicks 664670 | CP |

This form is also used to file informal grievance in accordance with Rule 33-103.005, Florida Administrative Code. Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt in the appropriate person.

DC3-321