UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM M. HICKS,

    Plaintiff,

v.

DR. W.C. DAVIS, DR. UECKER,
DR. TREVOR WEATHERS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON and
EMSA,

    Defendants.

CASE NO.: 00-6087-CIV-DIMITROULEAS

Magistrate Judge White



## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO PRETRIAL ORDER, MOTION TO DEFER EVIDENTIARY MATTERS, MOTION TO EXCLUDE CRIMINAL CHARGES, AND MOTION FOR COURT'S HELP IN OBTAINING MEDICAL RECORDS

Defendants DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, DR. CLINE, DR. PEARSON, DR. G. PEARSON and EMERGENCY MEDICAL SERVICES ASSOCIATION, pursuant to rule 7.1, Local Rules of the United States District Court for the Southern District of Florida, files this Response to Plaintiff's Objections to Pretrial Order, Motion to Defer Evidentiary Matters [D.E. 221], Motion to Exclude Criminal Charges [D.E. 222], and Motion for Court's Help in Obtaining Medical Records [D.E. 223] as follows:

### I. Background

William Hicks ("Hicks") is a state-incarcerated inmate, sentenced to life without parole by Judge Cohn in Broward County. He is serving his sentence in the Lake Correctional Institution. Although this case has taken an unusual course, including an appeal and partial affirmance of a prior

grant of summary judgment, the essential allegations may be summarized.

According to the operative Complaint, Hicks was housed in the Broward County Jail as a pretrial detainee on April 7, 1996[1] when he was attacked by a fellow inmate [Complaint ¶ 8]. Hicks was taken immediately for medical attention, and was treated for his injuries (Complaint ¶¶ 18-24). At that time, Hicks was seen by nursing staff and Defendant Cline, and an x-ray was taken. Cline told Hicks there was no fracture, but, according to Hicks, Cline would not show him the x-ray (Complaint ¶¶ 22-24).

Three days later, Hicks was transferred to another Broward County Jail, and was denied requested medical attention (Complaint ¶ 34). In fact, Hicks claims he was denied medical attention for the remainder of his detention, even though surgery was "suggested" by Defendant Uecker (Complaint ¶¶ 35-42).

Of course, there are two sides to every story, and this case is no different. According to Hicks' medical records, he was examined and treated by the Defendants in an extensive manner following his fight with another inmate. This treatment included dozens of visits to medical staff, CT scans, x-rays, panoramic radiographs, and treatment by outside specialists. These records show that Hicks did not suffer a broken jaw, but only a non-displaced fracture of the zygomatic arch, for which surgical intervention is not indicated.

Hicks has now filed several Motions, seeking various forms of relief. For the reasons that follow, the Motions should be denied.

II.  **Argument**

    A.  **Objection to Pretrial Order and Request to Defer Evidentiary Issues**

---

[1] The date is incorrect. According to records, the altercation occurred on February 9, 1996.

In his Objection to Pretrial Order and Motion to Defer Evidentiary Matters [D.E. 221], Hicks first seeks the Court's counsel regarding pretrial procedures. Although not specific in terms of what he wants the Court to do, Hicks makes reference to a March 31, 2004 motion. The only motion served on that date is his Motion requesting that Magistrate White explain the pretrial procedures set by the Court [D.E. 215].

It is without question that while a pro se party is given wide latitude in the conduct of litigation, that latitude is not unfettered. *See Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (stating that "[n]othing requires that a pro se litigant be provided repeatedly with procedural information at each stage of his case. Ignorance of the law usually is not a factor that can warrant equitable tolling" (citing *Gatewood v. Railroad Retirement Bd.*, 88 F.3d 886, 890 (10th Cir.1996); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989), cert. denied, 493 U.S. 863, (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

In this case, the Court issued Pretrial Orders setting out the pertinent deadlines, and precedent requires Hicks' compliance, regardless that he has chosen to appear pro se. The Court is under no obligation to instruct Hicks on the proper litigation of his case, and to do so would obviously set a dangerous precedent regarding pro se parties. Therefore, this portion of the Motion should be denied.

Hicks next argues that evidentiary matters should be deferred until trial. The primary case cited by Hicks to support his claim is *In Re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 259-60 (3rd Cir. 1983). However, that court specifically held that deciding evidentiary matters in limine is appropriate. *See Id.* Since Hicks provides no compelling reason for evidentiary matters to be deferred, this portion of the Motion should be denied.

### B. Motion in Limine to Exclude Criminal Charges

Contrary to his position in the preceding Motion, Hicks has filed a Motion in Limine to Exclude Criminal Charges. In this Motion, Hicks argues that the criminal charges for which he is currently incarcerated: murder, burglary and robbery, be kept from the jury.

The pertinent evidentiary provision is rule 609, which states in pertinent part:

(a) General rule. For the purpose of attacking the credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

From this rule, cross-examination of Hicks about his felony convictions is permitted for the purpose of attacking his credibility. The only limitation on this inquiry is that the probative value of the evidence must not be outweighed by the unfairly prejudicial effect.

Because the records do not support Hicks' recitation of the facts, his entire case is based on his own testimony. Murder, burglary and robbery are significant crimes. Given this, Hicks credibility is an important issue for the jury's determination. After all, Hicks' only evidence is his word, and his credibility is therefore central to the jury's determination. *See Lewis v. Sheriffs Dept. for City of St. Louis*, 817 F.2d 465, 466-67 (8th Cir. 1987) (affirming the trial court's admission of prior convictions).

Although Hicks states that the prejudicial effect of this evidence outweighs its probative value, he does not explain how this is true. By the very nature of his claim and his requested

damages, the jury will know that Hicks is imprisoned, so the prejudicial effect of introducing the convictions is minimal. The felonies are for serious crimes for which Hicks was convicted within the last ten years, and Rule 609 permits their introduction. The Motion in Limine should therefore be denied.

### C. Motion to Obtain Medical Files from the Department of Corrections

Hicks' final Motion in this series seeks the Court's assistance in obtaining records maintained by the Florida Department of Corrections. This Court previously ruled on and denied this request [D.E. 183]. Since Hicks presents no new reason for the Court to compel production from a non party at government expense, the Motion should be denied.

To the extent that this Motion seeks production of medical records maintained by the Defendants, the Court should be aware that copies of these records have been provided on two occasions: in response to Hicks' Request for Production, and as exhibits to their Motion for Summary Judgment.

### III. Conclusion

For the foregoing reasons, the pending Motions should be denied.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was mailed this 10th day of March, 2004 to Williams M. Hicks, *pro se Plaintiff*, #664670, Lake Correctional Institution,

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A., PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340, 954-761-8600

19225 US Highway 27, Clermont, Florida 34711-9025.

          BUNNELL, WOULFE, KIRSCHBAUM,
          KELLER, McINTYRE & GREGOIRE, P.A.
          Attorneys for Defendants
          One Financial Plaza, # 900
          100 S.E. 3rd Avenue
          Ft. Lauderdale, FL 33394
          Tel: 954-761-8600
          Fax: 954-463-6643

          BY: _____
          RICHARD T. WOULFE
          Florida Bar No.: 222313
          GREGG A. TOOMEY
          Florida Bar No.: 0159689

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Fucker, Cline, Davis, Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks, Esquire/*pro se* Plaintiff/Facsimile not available

6

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A. PO DRAWER 030340, FORT LAUDERDALE, FL 33303-0340 954·761·8600