UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-Civ-DIMITROULEAS
MAGISTRATE JUDGE P.A. WHITE

WILLIAM M. HICKS,

      Plaintiff,

v.

EMSA, et al.,

      Defendants.

ORDER ON PENDING MOTION AND
SECOND ORDER OF INSTRUCTIONS
TO PRO SE PLAINTIFF REGARDING
A RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

FILED by _____ D.C.
MAY 13 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

This Cause is before the Court upon plaintiff's motion (DE# 229, dated April 30, 2004), which is captioned "Plaintiff's Re-Motion Asking to File Discovery Past April 9, 2004 Deadline/and Continued Objections to Pretrial Schedule."

Upon Consideration, and review of the record, it is thereupon

ORDERED AND ADJUDGED, as follows:

1. **The plaintiff's motion (DE# 229)**, which is in legal effect a request for an unspecified extension of time, **is denied.**

Discovery matters complained of by the plaintiff were ruled upon in previous Court Orders. Insofar as he indicates that other matters interfere with his ability to comply with the pretrial schedule, he is provided further guidance under paragraph 2, below.

2. **The pretrial schedule and deadlines**, including the May 28, 2004 deadline for plaintiff's response to the defendants' April 29, 2004 motion for summary judgment, **remain unchanged**.

    a.    In the Order(DE# 227), which was entered on April 29, 2004, due to his status as a pro se litigant the plaintiff was given specific instructions to help him understand what is required to file a response to a motion for summary judgment.

    b.    With regard to his assertions about his medical condition, and lack of understanding of procedures, the plaintiff is instructed that he must do the best that he can. The fact that he is proceeding without an attorney



and is untrained in the law is the reason that instructions have been provided to him.

With regard to his complaint that he lacks access to certain legal research materials, the plaintiff is instructed that he must nonetheless respond to the best of his ability.

At this point in time, the task which is before the plaintiff is to file a response to the defendants' motion for summary judgment on or before May 28, 2004. The plaintiff's allegations that he lacks certain volumes to perform legal research does not provide a basis for not filing a response to the defendant's motion for summary judgment. Plaintiffs who are incarcerated and are proceeding pro se routinely file responses to motions for summary judgment in civil rights actions. The filing of such a response does not require legal argument from the pro se plaintiff, and therefore lack of access to certain law library resources should not stop him from responding, as instructed. It is facts, not law, that govern the disposition of such a motion.

The plaintiff is reminded, as he was previously told in the April 29, 2004 Order, that his failure to timely respond to the defendants' motion for summary judgment may result in the Court's consideration of the defendants' motion for summary judgment, in the absence of a response from the plaintiff.

Dated: May 12, 2004.

_____
UNITED STATES MAGISTRATE JUDGE

cc: William M. Hicks, Pro Se
DC# 664670
Lake Correctional Institution
19225 U.S. Hwy. 27
Clermont, FL 34711-9025

Gregg A. Toomey, Esquire
Richard T. Woulfe, Esquire
BUNNELL, WOULFE, KIRSCHBAUM,
   KELLER, McINTYRE, & GREGOIRE, P.A.
One Financial Plaza, #900
100 S.E. 3rd Avenue
Ft. Lauderdale, FL 33394

Honorable William P. Dimitrouleas
   United States District Judge