UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

    Plaintiff,

vs.

EMSA, et al.,

    Defendants.
_____/

FILED by _____ D.C.
MAY 28 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### ORDER EXPLAINING WHEN TRIAL STARTS; ORDER OVERRULING OBJECTIONS TO PRETRIAL ORDER; ORDER DENYING AS MOOT MOTION TO DEFER RULING ON PRETRIAL EVIDENTIARY MATTERS; ORDER DEFERRING RULING ON MOTION IN LIMINE TO EXCLUDE CHARGES

THIS CAUSE is before the Court upon Plaintiff's Motion to Explain When Actual Trial Starts [DE-215], Plaintiff's Motion to Defer All Pretrial Evidentiary Matters [DE-221], Plaintiff's Motion in Limine to Exclude his Criminal Charges [DE-222], and Defendants' Response [DE-230]. The Court has carefully considered the Motions and is otherwise fully advised in the premises.

With respect to Plaintiff's Motion to Explain When Actual Trial Starts [DE-215], the Court notes that its Order of March 11, 2004 [DE-195] explains that a calendar call is scheduled for 8:45 A.M. on Tuesday, July 6, 2004. On that date, the parties will appear at a calendar call where the Court will ask whether there are any matters before the case goes to trial. Moreover, this case is set for trial on the two-week calendar commencing Monday, July 12, 2004. This means that the parties should be ready for trial on July 12, 2004, but depending on the Court's calendar at that time, this case may begin on any date from July 12, 2004 to July 23, 2004.

With respect to Plaintiff's questions relating to Defendants' counsel being absent on July

16, 2004, the Court notes that there will be no proceedings in this case on that date. This case will not proceed without Defendants' counsel. Therefore, the Court will be in recess on July 16, 2004, and if necessary, will resume on July 19, 2004.

Additionally, Plaintiff requests the Court to appoint counsel to oversee his rights and to help him plan his case. However, a civil litigant, including a prisoner pursuing a Section 1983 action, has no absolute constitutional right to the appointment of counsel. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510, 1522 n. 19 (11th Cir. 1983). The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Wahl, 773 F.2d at 1174. Therefore, the Court will deny Plaintiff's request for appointment of counsel.

Plaintiff also requests that the Court explain each step of the pending pretrial schedule in pro se terms. That request is denied. However, the Court notes that a pro se party is given latitude in the conduct of the litigation. With respect to Plaintiff's Motion to Defer All Pretrial Evidentiary Matters [DE-221], the Court will deny such Motion as moot as there are no pretrial evidentiary matters before the Court. Finally, with respect to Plaintiff's Motion in Limine to Exclude his Criminal Charges [DE-222], the Court will defer ruling until calendar call on such Motion.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Explain When Actual Trial Starts [DE-215] is **GRANTED**.
2. Plaintiff's Objections to the Pretrial Order are **OVERRULED**.

2

3. Plaintiff's Motion to Defer All Pretrial Evidentiary Matters [DE-221] is **DENIED AS MOOT**.

4. The Court will **DEFER** ruling until calendar call on Plaintiff's Motion in Limine to Exclude his Criminal Charges [DE-222].

5. This case remains referred to Judge White.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of May, 2004.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge White
Summer M. Barranco, Esq.
Richard T. Woulfe, Esq.

William M. Hicks, Pro Se
DC # 664670
Lake Correctional Inst.
19225 US HWY 27
Clermont, FL 34711-9025