UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CIV-DIM

MAGISTRATE JUDGE, P.A. WHITE

FILED BY

04 JUN -4 7:55

CLERK U.S. DIST. CT.
S.D. OF FLA - MIAMI

WILLIAM M. HICKS,

Plaintiff, prese,

-vs-

EMSA, et al,

Defendant's

_____

PLAINTIFF'S MOTION FOR COURT ORDER TO HAVE
COPIES OF EXHIBITS MADE TO ATTACH TO RESPONSE
TO SUMMARY JUDGMENT/EXTENSION OF TIME

_____

Comes now, William M. Hicks, Prese, and request this court for
a court order served upon D.O.C. at Lake Corr Inst to make
copies needed for response to summary judgment that deadline
is set for may 28, 2004. Also request extension to make copies
and present them for his exhibits. Hicks on 5-26-04 gave
exhibits to Librarian to make copies of entire medical record,
on same day it was approved and copies were being made
and at 2:00 pm tried to pick them up but was told had to stop
making copies as was ordered. I spoke with librarian who would
not advise me who denied copies. At this time a clerk was
shredding all copies made. I tried to find out who denied
making copies then librarian advised me my rule 56 motion

was not needed and my exhibits were not in compliance with rule 56? I was advise that they checked my inmate trust fund and said I did not have funds to pay. chapter 33-501-302 (2004) clearly reads no one shall read legal work nor deny copies based on funds. Im told suit is not a prison condition suit and they don't have to make copies. As court knows Hicks never left custody nor has he ever had any problems making copies before. This is quite odd as my deadline is due and denied copies. Hicks broke down all exhibits and on 5-27-04 was told a mn overstreet said I can not make copies. on 5-26-04 I was told by clerk that DOC attorney mn. Barry Rhodes told librarian not to make copies. So at this point Hicks is only allowed to make one copy of copy request form and copy of motion with [no] exhibits. See attached copy request showing approved then disapproved. Hicks has always paid his copy cost, medical, dental, ect and owes DOC nothing. And all of a sudden he's denied his constitutional right to access this court. Hicks was moving for summary judgement himself?

wherefore based on the facts submitted Hicks needs a court order and possible show cause order on DOC why denying copies, EX A-1, Hicks spoke to Assist warden mn. Holmes at 3:00pm who advised Librarian to make copies of reduced Exhibits, If Hicks needs more Exhibits he needs court order.

May 27, 2004
Dated

William M. Hicks
William M Hicks
DC# 664670
Lake corr inst

2 of 2

**COPY**

COPYING SERVICES REQUEST AND WITHDRAWAL

TRACKING #: _312_ – _2004_ – _6301_

INMATE NAME: _Hicks William_                    DC# _664670_

INSTITUTION/UNIT: _Lake Corr. Inst._            HOUSING LOCATION: _F-2210_

INSTRUCTIONS: (1.) Identify by name all the courts, attorneys, or officials that will be mailed copies; (2.) Identify the reason why copies are needed, e.g., "3.850", "civil rights complaint", etc.; (2.) Write the title of the documents to be copied in the lefthand column below. If the material to be copied are attachments or exhibits to a document or pleading, they must be listed separately. Attachments or exhibits will not be copied unless they are submitted along with the original documents or pleadings that they relate to; (3.) List the total number of pages for each title to be copied; (4.) List the number of copies for each title that you are requesting; (5.) Sign and date the request where indicated on the form; and, (6.) Submit this form and the material to be copied to the Law Library Supervisor.

REASON THAT COPIES ARE NEEDED: _Challenge to Prison Conditions_
_pursuant to Fed. R. Civ. P. rule 56_

LIST ALL PARTIES THAT WILL BE PROVIDED COPIES: _Woolfe, Esquire; and my-self_

| TITLE OF DOCUMENT(S) TO BE COPIED | TOTAL PAGES | NUMBER OF COPIES | |
|---|---|---|---|
| | | REQUESTED | APPROVED |
| 1. Defendant Response to Summary Judgment | 11 | 2 | |
| 2. Exhibits to Response to Summary Judgment | 1165 | 2 | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |

BY MY SIGNATURE, I AM REQUESTING THAT THE ABOVE-REFERENCED COPIES BE MADE FOR ME, AND HEREBY AUTHORIZE THE DEPARTMENT TO CHARGE OR LIEN MY INMATE BANK ACCOUNT FOR **$ 0.15** FOR EACH PHOTOCOPY AS PAYMENT FOR COPYING SERVICES.

_William M. Hicks 664670_                    _5-25-04_
INMATE SIGNATURE                              DATE

**INMATES DO NOT WRITE IN THIS BOX**

REQUEST IS:        APPROVED ☐            DISAPPROVED ☒

LAW LIBRARY SUPERVISOR                    DATE

REASON FOR DISAPPROVAL:

TOTAL COPIES MADE: _____    TOTAL COST (TOTAL COPIES X $0.15 EA): $ _____

DATE COPIES MADE: _____    DATE ISSUED/MAILED TO INMATE: _____

DC5-154 (10/03)

# EXHIBIT A

#1 notes on staff : medical release forms :

#2 medical passes and diet orders :

#3 medical notes on transfers and Assessments :

#4 PHYSICIANS ORDERS :

#5 medication record :

#6 Progress notes :

#7 BSO inmate request forms :

#8 BSO grievances :

#9 EMSA charges for sickcall, ect and Dental requests :

#10 EMSA medical requests :

#11 EMSA mental Health requests :

#12 psychotropic medications/refusals :

#13 Laboratory reports :

# Treatment frees woman from painful disorder

**By BOB FRENCH**
Staff Writer

It started with a toothache and ended with brain surgery.

For 10 years Betty Rozear, of Weston, was plagued by pain in her face — pain so excruciating that sometimes she almost wanted to die.

That ended last year when Rozear underwent brain and skull surgery. Now she wants others sufferers to know they can find relief. Since the operation she has been free of pain and has resumed favorite activities such as playing the piano.

"I feel like a new person," said Rozear, 70. "There is hope out there for people like me."



**SECOND CHANCES**

Rozear's painful odyssey began after she had her teeth cleaned about 10 years ago. She noticed then that her teeth hurt, and the pain wouldn't go away.

About five or six years ago she complained about a wisdom tooth, asking to have it pulled. Her dentist at that time told her the tooth was fine and that she needed to see a neurologist.

Dr. Amos Stoll, a Fort Lauderdale neurosurgeon who eventually saw Rozear, said she suffered from trigeminal neuralgia, also known as tic douloreaux.

"It is one of the most painful disorders," he said. "People have committed suicide because of the pain. It comes out of the blue."

The disorder affects a nerve running from the ear into the face and causes sharp, penetrating pains, Stoll said. The nerve has three branches that run to the forehead, cheek and chin.

Often a sufferer will feel a jab of pain when chewing or talking, Stoll said.

"I've had patients stop speaking in

PLEASE SEE **SECOND** / 4B

---

## Treatment gives woman new life, relief from pain

FROM PAGE 1B

mid-sentence during an office visit because of the pain," he said.

Stoll said the disorder is rare, affecting less than 1 percent of the population. It can be difficult to diagnose and there is no test to detect the condition, he said.

Often the first sign of trouble is a toothache that can't be fixed.

Rozear said the pain became so severe at times that "I couldn't talk, I couldn't eat, I couldn't swallow water, unless I went through horrible pain."

When Rozear began seeing a neurologist, she was put on a drug that acts on the central nervous system and is used to treat seizures. At first it worked, but the dosage had to be continually increased, Rozear said.

"We were going past the point of safety," she said.

About 18 months ago, Rozear was sent by her neurologist, Dr. Frank Finlon, of Fort Lauderdale, to Stoll for surgery.

But the prospect of brain surgery worried Rozear.

"This was a very big step for me to take. I felt like I should plan my funeral," she said.

Eight days before surgery, Rozear opened her Bible to a verse that gave her confidence.

"The verse was Psalms 30:2-3 — "Oh Lord, My God, I pleaded with

you and you gave me my health again. You brought me back from the brink of the grave, from death itself, and here I am alive!"

The operation required Stoll to open a two-inch diameter hole in Rozear's skull behind her ear to expose the nerve — the diameter of a telephone cord.

"This was a very big step for came out of the brain stem. At that point, the nerve is crossed by a blood vessel.

In rare cases, the blood vessel can put pressure on the nerve causing pain, Stoll said.

To correct the problem, surgeons placed a Teflon sponge — about one fourth the size of a person's pinky fingernail — between the blood vessel and the nerve.

Usually the operation is fairly safe, but there are some risks.

a bad one," Stoll said.

Rozear said the operation was "worth it.

"If I would have went in sooner," she said, "it was a marvelous, miraculous procedure. I feel like I'm a walking miracle. I hope others will learn about it and get relief."

*Editor's Note: Do you have a recent story of hope to share? Have you been given a second chance, for instance, to get a high school diploma or college degree or the job you thought you would never get? Have you overcome adversity in raising a family, been involved in a rescue from an accident or other danger, or beaten the odds medically? To participate, please fax offerings to Second Chances at 954-436-7171 or mail to 3 SW 129th Ave., Suite 101, Pembroke Pines, FL 33027.*

SECOND

CHILDREN

WINDOWS

# EMSA CORRECTIONAL CARE

## PHYSICIAN'S ORDERS

| | |
|---|---|
| INMATE NAME: Hicks, William<br>ID #: BS95 1453   2/21/96<br>1100<br>noted<br>D.O.B. 9/10/63<br>ALLERGIES: NKA<br>GAIL WASHINGTON, LPN<br>MAIN JAIL<br>Use Last    Date 2/21/ | DIAGNOSIS (If Chg'd)<br>① Soft diet x 2 wks<br>② Motrin 600 g p.o. t.i.d x 2 wks<br>③ Follow up with dental in 2 wks |
| INMATE NAME: Hicks, William 2/21/96<br>ID #: BS95 1453<br>1100<br>noted<br>D.O.B. 9/10/63<br>ALLERGIES: NKA<br>GAIL WASHINGTON, LPN<br>MAIN JAIL<br>Use Fourth    Date 2/21/96 | DIAGNOSIS (If Chg'd)<br>① Mandible series to Augment<br>X ray<br><br>X-RAY COMPLETE<br>DATE 2-21-96 INITIAL<br>WAYNE EVANS<br>X-RAY TECHNOLOG |
| INMATE NAME: Hicks William<br>ID #: BS95 1453<br>noted<br>D.O.B. 9/10/63  #BS95735<br>ALLERGIES: NKA  H. Dozier<br>DR. N. DOZIER<br>STAFF PHYSICIAN MAIN JAIL<br>Use Third    Date 2-19-96 | DIAGNOSIS (If Chg'd)<br>Ft of zygomatic au<br>reflex spasm fo t.i.d x 7<br>DC Darvocet<br>Tylenol #3 tt tablets po<br>q.i.d po x 5 days<br>Refer to Dentist |
| INMATE NAME: Hicks, William<br>ID #: BS95 14533  noted 4/15/96<br>2200<br>D.O.B. 9/10/63  M. Cooper LPN<br>Melissa Cooper, LPN<br>ALLERGIES: NKA  Main Jail<br>Use Second    Date 2/15/96 | DIAGNOSIS (If Chg'd)<br>① Darvocet N 100 tt po TID x 3 da<br>② X Ray B orbit inc zygoma<br>Duller<br>B. WADE CHATFIELD<br>P.A. - C. MAIN JAIL<br>X-RAY COMPLETED<br>DATE 2-19-16 INITIAL Evans RT<br>WAYNE EVANS (ms)<br>X-RAY TECHNOLOGIST<br>MANUELA F. PAREDES, M<br>ST. CC. 2-28 |
| INMATE NAME: Hicks, Wm  noted<br>2/9/96<br>ID #: BS95-1453  M.B.R<br>MARGARET BUTCH<br>NEGRON, RN<br>D.O.B. 9/10/63<br>ALLERGIES: NKA<br>Use First    Date 2/9/96  1/4 | DIAGNOSIS<br>① X-Ray - R Jaw<br>② Ice to face x 24 hrs<br>③ Motrin 800 g p.o. t.i.d x 5 d<br>④ SMAC-24 po 2/12/96  SB<br>⑤ RTC to po Suture<br>removal 2/16<br>X-RAY COMPLETED<br>DATE 2-9-96 INITIAL WE<br>WAYNE EVANS  WB<br>X-RAY TECHNOLOGIST<br>DR. WINTHROP C. DAVIS<br>STAFF PHYSICIAN - NBDC |

# EMSA CORRECTIONAL CARE

## PHYSICIAN'S ORDERS

---

INMATE NAME: Hicks William

ID #: BS95 14533

*noted*

*L. Krozier*

D.O.B. 9/10/63

ALLERGIES: NKA

LORRAINE KROZIER
MAIN JAIL STAFF NURSE KROZIER MAIN JAIL

Use Last    Date 3/28/96

DIAGNOSIS (If Chg'd)

Tylenol II po TID for 43rd day

R.N. Wagner / S. Joseph

---

INMATE NAME: Hicks, William

ID #: B 1451 4 533    3/27/96
1000A
noted
gw?

D.O.B. 9/10/63

ALLERGIES: NKA

GAIL WASHINGTON, LPN
MAIN JAIL

Use Fourth    Date 3/27/96

DIAGNOSIS (If Chg'd)

Flexeril 10x po t-id x 2wks

T. WATHEN

---

INMATE NAME: Hicks, William

ID #: BS95 14 533

*noted*
HSU 3/20/96
H. Davies RN

D.O.B. 9/10/63

ALLERGIES: NKA

Use Third    Date 3/22/96

DIAGNOSIS (If Chg'd)

SOFT DIET 3000 cal. tid x 5 days.
or until seen by oral surgeon.
S. Pearson DMD.

---

INMATE NAME: Hicks, Williams

ID #: BS95 14533    3/15/96
0930
noted
gw?

D.O.B. 9/10/63

ALLERGIES: NKA

GAIL WASHINGTON, LPN
MAIN JAIL

Use Second    Date 3/15/96

DIAGNOSIS (If Chg'd)

Naprosyn 500mg PO tid x 10
Zygomatic Arch (Rt.) Radiograph

**X-RAY COMPLETED**
DR. JACK CLINE    DATE 3-26-96 INITIAL Evans RT(R)
Director of Dentistry - Main Jail

WAYNE EVANS
X-RAY TECHNOLOGIST

---

INMATE NAME: Hicks Williams

ID #: BS95 14533

*noted*
gw LPN
3/14/96
3/15/96
An Krozier

D.O.B. 9/10/63

ALLERGIES: NKA

Use First    Date 3/14/96

DIAGNOSIS (B) Facial FXS (Zygoma)

— Tylenol II P.O. TID prn H/A x 3
— Flexeril 10g TID prn pain x 3wk

**EMSA** CORRECTIONAL CARE

## PHYSICIAN'S ORDERS

| | |
|---|---|
| INMATE NAME: _Hicks William_ | DIAGNOSIS (If Chg'd) _Cold_ |
| ID #: _BS9514533_ | _Sudafed 60ml BID X5_ |
| D.O.B. _9/10/53_ _noted_ | _CTM 4ml T BID x 3d._ |
| ALLERGIES: _NKA_ | _T/C GLX PEN co BID x5_ |
| | LORRAINE CHRISTOPHER, LPN MAIN JAIL |
| Use Last   Date _5/18/96_ | _Per Protocol_ |

| | |
|---|---|
| INMATE NAME: _Hicks, William_ | DIAGNOSIS (If Chg'd) |
| ID #: _BS9514533_ | _Rt. Zygomatic Arch Series_ |
| | BARBARA ROSS LPN MAIN JAIL |
| D.O.B. _9/10/53_ | X-RAY COMPLETED |
| ALLERGIES: _NKA_ | DATE _5/3/96_ INITIAL _Evans_ |
| | DR. JACK CLINE          WAYNE EVANS |
| Use Fourth   Date _5/3/96_ | Director of Dentistry - Main Jail   X-RAY TECHNOLOGIST |

| | |
|---|---|
| INMATE NAME: _Hicks, W._ | DIAGNOSIS (If Chg'd) |
| ID #: _BS SO 14533_ | _Terminate ψ FU_ |
| | VIRGILIO IBAY, RN BA  MAIN JAIL |
| D.O.B. _9/10/_ | _Limia_ |
| ALLERGIES: _NKDA_ | DR. MEL LIMIA |
| | STAFF PSYCHIATRIST |
| | MAIN JAIL |
| Use Third   Date _4/30/96_ | |

| | |
|---|---|
| INMATE NAME: _Hicks, Williams_ | DIAGNOSIS (If Chg'd) _R ZMC Fx, R TMJ_ |
| ID #: _BS9514533_ _noted_ | _- Flexeril 10mg P.O. TID PRN X_ |
| D.O.B. _9/10/63_ | _- Midrin # P.O. BID PRN X30_ |
| ALLERGIES: _NKA_ | _- F/u ¢ OMF surg_ |
| | _in 7 wk as scheduled_ |
| Use Second   Date _4/22/96_ | DR. CRAIG HECKER |
| | STAFF PHYSICIAN |

| | |
|---|---|
| INMATE NAME: _Hicks, W._ | DIAGNOSIS |
| ID #: _BS 95_ | _RTC 1 mo._ |
| | VIRGILIO IBAY, RN BA  MAIN JAIL |
| D.O.B. _9/1/63_ | _Limia_ |
| ALLERGIES: _NKDA_ | DR. MEL LIMIA |
| | STAFF PSYCHIATRIST |
| | MAIN JAIL |
| Use First   Date _3/29/96_ | |

CC 022

**EMSA** *CORRECTIONAL CARE*

## PHYSICIAN'S ORDERS

INMATE NAME: Hicks W.

ID #: BS 95 14533

D.O.B. 9/10/63    VIRGILIO IBAY, RN BA   Noted
                  MAIN JAIL

ALLERGIES: NKDA  3/7/97

DIAGNOSIS (If Chg'd)
Renew
20 Co/T 100 mg po AM. 30 d
                                    Limia
DR. MEL LIMIA
STAFF PSYCHIATRIST,
MAIN JAIL

Use Last    Date 3/7/97

---

INMATE NAME: Hicks Williams

ID #: BS9514533   Noted

D.O.B. 9/10/63    JERRENE R. BRANTLEY RN
                 HEAD NURSE-MJB

ALLERGIES: NKA

DIAGNOSIS (If Chg'd)
Darvocet N 100 ĩ po TID for
    x 5 days
DR. N. BAKER
STAFF PHYSICIAN - MJB

Use Fourth    Date 2/11/97

---

INMATE NAME: Hicks, William

ID #: BS9514533   Noted
                  Brantley RN
D.O.B. 9/10/63    2/17 IPO

ALLERGIES: NKA

DIAGNOSIS (If Chg'd)    TMJ
Flexeril 10 mg P.O. TID x 30 days
OMF / Dr. Elliott, ASAP
Darvocet N-100 ĩ TID prn pain x 4 days
                              DR. CRAIG UECKER
                              STAFF PHYSICIAN

Use Third    Date 2/17/97

---

INMATE NAME: Hicks W.

#: BS 95 14533

D.O.B. 9/10/63    VIRGILIO IBAY, RN BA
                  MAIN JAIL
ERGIES: NKDA   Ibay RN
              2/11/97

DIAGNOSIS (If Chg'd)
Renew
20 Co/T 100 mg po AM  30 day
                                    Limia
DR. MEL LIMIA
STAFF PSYCHIATRIST,
MAIN JAIL

Second    Date 2/11/97

---

INMATE NAME: Hicks William

BS 9514533   Noted P
             ESP
9/10/63     EVELYN ESPINOSA, RN
            KBB
GIES: NKA

DIAGNOSIS
Sudafed II tabs po Bid x 10d
Motrin II tabs po Bid prn x 30d Rx2
c/o Tylenol II tabs po TID.
Tylenol II tabs po TID x 30d Rx1
2800 Cal diet

Date 1/21/97

**EMSA CORRECTIONAL CARE**

## PHYSICIAN'S ORDERS

INMATE NAME: Hicks, William
ID #: BS 97 70 76
D.O.B. 9/19/63
ALLERGIES: NKA
Use Last   Date 10/1/97

DIAGNOSIS (If Chg'd)

Per HSA remove from single cell.

w/o Sent to Classification
per HN

KAREN MIZRAHY, P.A.C.
MAIN JAIL BUREAU

---

INMATE NAME: Hicks, William
ID #: BS97170076
D.O.B. 9/19/63
ALLERGIES: NKA
Use Fourth   Date 9/26/97

DIAGNOSIS (If Chg'd)

TO Dr Uecker this PM.

Nasal X-ray done

X-RAY COMPLETED   ELIZABETH ENGESSER
DATE: 9/26/97   X-RAY TECH – MJB

MIZRAHY, P.A.C.
JAIL BUREAU

---

INMATE NAME: Hicks, William
ID #: BS 97 70 76
D.O.B. 9/19/63
ALLERGIES NKA
Use Third   Date 9/24/97

MARILYN GEORGE
RN-MAIN JAIL BUREAU
9/24/97
5p

DIAGNOSIS (If Chg'd) Nasal fx.

Ocean spray (nasal) ii sprays each
nostril bid prn x14d.
Cont Motrin as noted below.

KAREN MIZRAHY, P.A.C.
MAIN JAIL BUREAU

---

INMATE NAME: Hicks, William
ID #: BS 97 70 76
D.O.B. 9/19/63
ALLERGIES: NKA
Use Second   Date 9/17/97

ROXANNE BAXLER, LPN
STAFF NURSE-JAIL BUREAU
9/17

DIAGNOSIS (If Chg'd)

DR. MICHELE SMITH, DO
MJB

Relocation to single cell per HSA
Robaxin 500 mg po tid prn x10d ē MR
Motrin ii po bid prn HA x30d ē MR
To Dr Uecker this Fri 9/19
Re: Pt's fx.

KAREN MIZRAHY, P.A.C.
MAIN JAIL BUREAU

---

INMATE NAME: Hicks, William
ID #: BS 97 70 76
D.O.B. 9/19/63
ALLERGIES: NKA
Use First   Date 8/21/97

MARILYN GEORGE
RN-MAIN JAIL BUREAU
8/21/97
645p

DIAGNOSIS   Med renewal.

Motrin 600 mg po tid prn. x30d.
ē MR.

DR. N. MERZIER
STAFF PHYSICIAN - MJB

KAREN MIZRAHY, P.A.C.
MAIN JAIL BUREAU

---

7/94

**EMSA** CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: HICKS  William | ID # BS951453 | D.O.B. 9 / 10 / 63 |
|---|---|---|---|

| | |
|---|---|
| 8-13-95 | S: Pt. observed on rounds. No complaints |
| 2315 | O: Pt. lying on Rt. side on bunk. RR equal |
| | color appears good |
| | A: Sleeping soundly |
| | P: Continue q 15' checks by BSO - q. shift eval. |
| | by M.H. |
| | E: None due to sleeping soundly. _Judith Jones_ G |
| | Judith Jones, LPN |
| | NBDC |
| 8-14-95 | Incidental note: |
| 0135 | Pt sleeping during rounds —— _Judith Jones_ G |
| | Judith Jones, LPN |
| | NBDC |
| 8-14-95 | Incidental note: |
| 0400 | Pt. sleeping during rounds. Remains on |
| | suicide watch. _Judith Jones_ G |
| | Judith Jones, LPN |
| | NBDC |

**FOR MENTAL HEALTH USE ONLY**

CL 1490-03 (2/95)



EMSA CORRECTIONAL CARE

PROGRESS NOTES

| Date/Time | Inmate Name: HICKS William | ID # BS9514533 | D.O.B. 9/10/63 |
|-----------|------------------------------|----------------|----------------|

8/23/95
4pm –

S. "I have a lot of anger inside and because I can't let go of the feelings I cry also then I hate my self for crying. I stop taking my medication because I am not sure if the pain I feel in my right arm and shoulder is a reaction from the medication.

O. white male alert, cooperative 0x4 with good eye contact. Appropriate behavior at times very tearful. Normal psycho-motor activity. Pt sister Patricia Lawson shared with me that William lawyer and her felt that pt was suicidal as he told them he had stop taking his meds. Pt denies having any suicidal ideations, he reports that when "I begin to share my feelings people got the wrong impression." Pt speech coherent. Pt mood and affect is appropriate to his situation. Pt reports difficulty in sleeping because of shoulder + arm pain. Appetite is normal

A. Alteration in mood related to his situation

P. To have 1-1 session and inform psychiatrist of pt mental status

E. Pt to access M H services as the need arises. M. Nelson RN

MELSAIDES NELSON, MSRN,
PYSCHIATRIC SUPERVISOR, NBDC

**FOR MENTAL HEALTH USE ONLY**

CL 1480-03 (2/95)

EMSA CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks William | ID # 14537 | D.O.B.: 9/10/63 |
|---|---|---|---|

8/29/95
2 pm

Gray FC

S: "I want to the see the med dr."
(Medical Dr)

O: Hx of li & Suiequez o no
c̄ pain o ® arm & shilds.
We discussed & got was informed
that Suiq n li so not
produce pain, we discussed if
he eit som excessive Advised
to rit.

MSS Alert Coop friendly
Ui psychosis act.
Ui eye contact (hygiene
Euthymic o pngo ffel
⊕ Deluviry ACo belier, S/H
good sleep off
good insight & judgement

A. Bipolos D. mixed.

P. cut li 800 mg QH Mood Swing
Swig 75 mg QH Day
Lumia

DR. MEL LIMIA
STAFF PSYCHIATRIST
MAIN JAIL

*Complete Both Sides Before Using Another Sheet*

**FOR MENTAL HEALTH USE ONLY**

CC 004                                                                 7/94

**EMSA CORRECTIONAL CARE**

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, William | ID # BS9514533 | D.O.B. 9/10 |
|-----------|------------------------------|-----------------|--------------|

PA Note.

8/31/95
925/p

S - PT c/o B/L shoulder pain intermittently & wks; S/P MUA c multiple Js's; of recent trauma.

D. NAD

Upper Ext: Symetrical.

ROM good, of edema, erythema or deformity

A/P Bursitis

Advil 600 mg po TID x 14d.
Blue Ice Rp Brd x 14d

E. Warm compress.
Rest.
RTC prn

VERONICA O'CONNER, PA
NBDC

DR. WINTHROPE E. DAVIS
STAFF PHYSICIAN - NBDC

# EMSA CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hick William    ID# BS 95/4533    D.O.B.: 7/10/63 |
|---|---|
| 10-28-95 | S   I'm not suicidal. |
| 5:05 AM | O   Alert cooperative O X 4 good eye contact. Wearing paper gown Appropriate behavior Normal psychomotor activity No a/v hallucinations or paranoia. Speech coherent & goal directed Mood euthymic Affect appropriate denied S/H ideation Seems to suggest that there may have been a misunderstanding about what he said to his mother. However in view of his question concerning why he had been moved to the main Jail he quite likely threatened suicide to effect a transfer back to North Broward. |
|  | A   Bipolar disorder mixed ɔ psychotic feature in remission. |
|  | P   D/C suicide watch.    T.J. Martin M.D.  |
|  |                          Dr. John Martin  |
|  |                          Psychiatrist - NBDC |

11/1/95  Incidental Note - I received a call from Ombudsman [?] re William grievances about Dental and getting pt back into the drug program. The pt was referred to the dentist placed on list to be seen 11/2/9 Correction Counselor Shiela Lemander [?] will be assessing pt functional level for general population. M. Nelson RN

MELSAIDES NELSON, MSRN,
PYSCHIATRIC SUPERVISOR, NBDC

**Complete Both Sides Before Using Another Sheet**

**FOR MENTAL HEALTH USE ONLY**

# EMSA CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks - William | ID # 859 5/4/53 | D.O.B. 9/1/61 |
|---|---|---|---|

1/04/96
1830

S - pt brought over ambulatory from 12²H3. pt A+o ×3.

O - pt A+o ×3. Pears 3mm. Speech clear. Smile symmetrical. No ptosis noted of eyes. pt has a well healed scar extending occipital to o Temporal area. No Redness or swelling noted. pt's hearing within normal limits. Hand grasp equal and strong - pt's gait steady.

A - pt's only c/o is a occ d.v. pt desired not to be moved to the Infirmary and feel he needs no Medical Intervention at this time. In fact pt is pleased c this Progress. pt was told he May always Access Med Help.

P - Allow pt time to Verbalize

E - pt inst to call your Nurse any Problems -

Joy Brennan

JOY BRIEN, RN
NBDC

CL 1480-02 (2/95)

**EMSA** CORRECTIONAL CARE

PROGRESS NOTES

| Date/Time | Inmate Name: Hicks Bill    ID # B89574533   D.O.B. 9/1/01 |
|-----------|-----------------------------------------------------------|

**02/06/96 at 940 P** Nsg. Note: Refused nursing intervention in reference of difficulty urinating. Referred Pt to clinic

FLORENCE DEMOSTHENES, RN
NBB

**2/15/96 2:50** S/P altercation one week ago c/o persistent pain in dist of (R) Trigemual nerve. No acute Visual changes

O Impr

RECENT (R) infraorbital ecchymosis tender over (R) zygoma & sensation ~~loss~~ diffusely (R) TMJ crepitus

Eyes. Subconjunctival hemorr OD Sclera, Cent

A: 1 TMJ syndrome
2. r/o orbital fracture
D: EEG order [signature]

D. WADE CHATFIELD
P.A. - C. MAIN JAIL

DR. A. DERZIER
STAFF PHYSICIAN MAIN JAIL

**2-15-96 2 PM** Individual note pt was called to see me but did not come down

DR. N. DERZIER
STAFF PHYSICIAN MAIN JAIL

CL 1480-02 (2/95)

# EMSA CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks William | ID # 3595-4733 | D.O.B. 9/10/6 |
|---|---|---|---|

2-20-96
11ª

32 year old w/m here to see me as per Mr Bains to determine if he needs eye glasses— also pt ~ c H/o q in his rt side of face. It was hit in the face by another inmate

O    BP 110/8 p 80  R 20

Face ⊤ tenderness on palpitation at the base of jaw

Lungs clear to R
Heart R R
abdomen soft BS present

✱ X-ray reveals Fx of zygomatic arch
Vision os 20/20  OD 20/20  OU 20/2

A   Fx at zygomatic arch
✱  refer to dentist

DR. N. DERZIER
STAFF PHYSICIAN MAIN JAIL

**EMSA** CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, William | ID # DS 951453 | D.O.B. 9 / 10 / |
|-----------|------------------------------|----------------|-----------------|
| 2-21-26 | | | |

Oral & Maxillo-facial surgery note

CC" I was struck 12 days ago".

HOI Pt. states that he was struck to the ® face repeatedly with a fist multiple times apprx 2 wks ago. Pt reports L.O.C. at the time of initial trauma. He has been evaluated by MD" and is referred for OMFS consult.

PMHx HMS. ⊕ per chart.

OE: Cervicofacial Examination incl lymphatics significant for ® subconjunctival ecchymoses, & infraorbital ecchymoses on the ®. Facial swelling not evident at time of examination. EOM full x2. PERLA. No paresthesia is evident along the distribution of the infraorbital nerve on the ®; however pt reports paresthesia in the temporal & parietal regions. Infraorbital and supraorbital rims intact to palpation ⊤ stepdeformity. A healing cutaneous wound is evident in the ® zygoma. Pupillary levels equal ⊤ and signs of eye trauma, diplopia is not evident. Interincisal opening is 35 mm. Mild tenderness to palpation at ® TMJ. Intraorally ecchymosis is not evident in the nuccobuccal fold in the ®. Occlusion is stable

Radiographs

**EMSA** *CORRECTIONAL CARE*

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, Williams    ID # BS95 14 57    D.O.B. 9/10/63 |
|---|---|
| 2-21-96 | Review of new facial bones done this an Significant for non displaced fracture of the zygomatic process of the Temporal bone. A bony discontinuity is evident in the (R) lateral wall of the maxillary sinus. The maxillary sinuses are well aerated ī evidence of air fluid levels bilaterally. Infraorbital rims appear intact. Clinical & radiographic findings consistent ī nondisplaced fx of the (R) zygomatic arch, & fracture of the (R) lateral wall of the maxillary sinus ( 2° fx ). Plan: ① Soft diet x 2wks ② Motrin 600 po t-id x 2wks ③ F/u ī Dental in 2wks [signature] T. WRATHEN |
| 2-27-96 9⁰⁶A | Incident Note: Pt. Refused Sick call See Refusal form. — [signature] Jewell Davis, LPN |
| 3/4/96 7:30 pm | ① H/o of (R) Zygomatic Arch Fx ?? ② (R) Ramus mand Fx (Doubtful) 2° to Assault x 3wks Ago. Non c/o x pain    motrin not giving him sick Pt: ① Palpable (R) Zygoma + lat orbit fx Class I — mal-occlusion, ↓ mouth opening 2° to Fx/masseter muscle spasms |

**EMSA** CORRECTIONAL CARE

132/96  10u          **PROGRESS NOTES**

| Date/Time | Inmate Name: Hicks, William | ID # B595/4533 | D.O.B. 9/10/6 |
|-----------|-----------------------------|----------------|---------------|
| 3-27-96 10.30 m. | atra f maxell. Facial chng ute. Pt evaluated this pm. Clinical exam is watially unchanged although pericranial opening has improved since lst appt. Opening 41 mm. Demands of exam ct uncommulable. Pt report that he is under a lot a stress and clinically is clenching musculature (parafunctional habit) will exam ct. Plan (1) will follow opi ucle x-ray (1) PA x-ray ct teed UR Quadrant. (uncommulable) (1) Continue flexeril x 14 dys | | |
| 3/28/96 445 pm | Que Note: Referral to Psychiatrist. Received a call from pt's mother regarding pt being "a little depressed". — Bchwaty PSA | | |
| 3/29/96 9a | See 4 mle                          Sunive          DR. MEL LIMIA STAFF PSYCHIATRIST, MAIN JAIL | | |
| 4/8/96 10 n | Que. note: Responded to Grievance. JRB JERRENE R. BRANTLEY, RN HEAD NURSE, MJB | | |
| 4/13/96 7p | Incidental report-will refer to See P/R S Crawford LPN  CRAWFORD, SHEILA, LPN MAIN JAIL | | |
| 4/8/96 | Unable to see sick call xxx to BSO movement - L. Gayle MAIN JAIL | | |

CL-1180.02 (2/95)

# EMSA CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, Williams     ID # BS951453S    D.O.B.: 91/0163 |
|-----------|-----------|
| 4/22/96 8:25 pm | ⊕ ℞ ZMC Fx X ~ 2½ months ago 2° to assault. Mand. X-rays ⊖ Fxs ⊖ diplopia |
| | Pt c/oing Headaches & ℞ Zygomatic pains, which are ↑ c̄ sleep & chewing |
| | PE: ⊕ Palp. ℞ Zygomatic arch Fx PERRLA, EOMI, midface stable. Class I, nl occlusion. CN's VII intact. ⊕ numbness in 3ᴿᴰ division of ℞ CN V |
| | A/P ⊕ ℞ ZMC Fx (abnormal occlusion, ⊖ dystopia) ⊕ ℞ TMJ syndrome, ⊕ headaches → see orders |
| 4/25/96 3:05 PM | GRIEVANCE ANSWERED _____ SIGNATURE    4/25/96 DATE   TODD SCHWARTZ, HSA Main Jail     DR. CRAIG UECKER STAFF PHYSICIAN |

**EMSA** CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks W | ID # 14533 | D.O.B. 5 10 63 |
|---|---|---|---|

4/30/96

9 am

S: "OK"

O: Hx of "Bipolar D. mixed". Doing very well Ø Med & in Dng Cell.

DT is taking care of his jaw – might need ref. to re-align & stop the discomfort

PT not in need of psychiatric service at this time.

MSE: Alert Coop & friendly

Psychomotor activity in NL.

Mild dysphoria – "same like always"

Ø Delusion, S/H. ACU.

good sleep. app

good insight/judgement

A: Hx of Bipolar D. mixed

P: Termination

PT may access M.D.

*Limia*

DR. MEL LIMIA
STAFF PSYCHIATRIST,
MAIN JAIL

**FOR MENTAL HEALTH USE ONLY**

CL 1480-03 (2/95)

**EMSA** *CORRECTIONAL CARE*

### PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, William | ID # BS951453 | D.O.B.: 9/10/6 |
|---|---|---|---|
| 5/24/96 8:00p | ⊕ ® ZMC Fx / ® TMJ syndrome X 3 months 2° to assault. X-rays confirm Dispersed ® Zygomatic Fxs  ⊙ Diplopia ⊕ Severe headaches daily. P₅: PBMLA 600mI ⊕ Depressed ® Zygomatic arch (stable midface stable  ⊕ TMJ ® Facial Fxs ⟹ See orders | | |

DR. CRAIG HECKER STAFF PHYSICIAN

**EMSA** CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: BS95 145 33 | ID # Hicks WN | D.O.B.: 91 101 6 |
|---|---|---|---|

**6/13/91**
**2300** — Inc Note

Inmate unable to attend clinic appointment. Now in "Lock Down" as per Deputy. Reschedule for 6/20/91

PETER SMITH, RN
NBB

**6/20/96**
**655p** — MD Note.

S - Pt s/p Fx (R) zygomatic arch. c/o difficulty chewing & requesting appt c soft diet.
② Requesting renewal of pain meds.
O - NAD.
Mouth: mucosa pink; mouth of fully open.
Face: Scar (R) infra orbital area. Tenderness at (R) zygomatic arch & edema.
A/P: s/p (R) zygomatic arch Fx.
MM
Midrin ⨂ Bid po prn ×30d
Motrin 800 mg po Bid ×30d
Flexeril 10 mg po Bid ×30d
Cont soft diet
appt c soft ×60d

E. Clinic prn.

DR. WILLIAM C. DAVIS
STAFF PHYSICIAN - NBDC

**NSA CORRECTIONAL CARE**

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, William    ID # BS95H53    D.O.B. 9/10/63 |
|-----------|--------------------------------------------------------------|
| 8.15.96<br>9.50A | avid note. S/M status has TMJ pain.<br>meds need to be reviewed pt<br>still no helping Completely<br>Refered to Dentist<br><br>JOHN CATANO, P.A.<br>NBB<br><br>DR. WINTHROP C. DAVIS<br>STAFF PHYSICIAN · NBDC |
| 5/16/96 | Chil Note —<br>Xrays ordered to clear ?'s about<br>older films - noted by family as issue.<br>(Hicks) |
| 8/24/96 8P | S— I have been taking the motrin + other pain<br>meds I was told that motrin is only for Headache<br>these meds are not helping my pain I need to<br>see the Doctor for my pain + Chronic Headache<br>O— c/o chronic headache. Hx small microwave<br>Denied Hx Migraines Denied Hx High BP. BP<br>120/90. No blurred vision<br>A — Alterantion in comfort 2° chronic Headaches<br>+ pain not responding to present treatment<br>P— Refer pt back to the Dr for f/u<br>E— Avoid straining self, adequate rest. medical<br>access as needed — Calista Chukwu<br><br>CALISTA CHUKWU, RN<br>NBDC |

EMSA CORRECTIONAL CARE

PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, William    ID # BS96 145 33   D.O.B. 9/10/63 |
|-----------|-----------------------------------------------------------------|
| 9/6/96 - 1700 | Inc Notes- Unit Nurse notified to inform inmate that facial bones X-Ray showed no abnormalities. Ruth LeBell RN Ruth LeBell |
| 9·9·96 · u.op· | incidental note · prev's facial films · were to Dark · and will to Be Done again · for x-n of Townes & snv. position |

JOHN CATANO, P.A.
NBB

DR. WINTHROP C. DAVIS
STAFF PHYSICIAN, NBDC

EMSA *CORRECTIONAL CARE*

PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, William | ID # 896145 33 | D.O.B. 9,10,63 |
| --- | --- | --- | --- |

9/20/96
845P

*PA Note*

1 Pt presented taking Motrin cause nausea, so doesn't need renewal.

2 Yo DA.

3 rectal bleeding 2 wks ago, last noted 4 days; some previous intermittently

4 Needs inform on Zygomatic X-Ray. Still c/o pain L area; still c difficulty opening mouth - fully.

9/7/96 X Ray ordered.
9/19/96 Scheduled / Motrin.

O. NAD; talkative, repetitive.
Head.    Normocephalic.
 TM's   intact.
Mouth:   Pt partially open mouth.
 Eyes / Cross   intact.
 Rectal:   refused.

Yo DA
S/P Zygomatic Contusion.
R/O rectal Bleeding.
Ocean Nasal Spray II sprays each nostril Po x 30 d
RTC for

DR. WINTHROP C. DAVIS
STAFF PHYSICIAN - NBDC

DR. WINTHROP C. DAVIS
STAFF PHYSICIAN - NBDC


**EMSA** CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks William | ID # BS 9 57453 | D.O.B. / / |
|---|---|---|---|

09/22/96
1545

(S) "Nurse, my Problems are all taken care of; I saw the Doctor and he changed my medicine - I'm on Motron now instead of Motrin"

(O) pt A+O - X3. Co-operative. N320 obese - Good Bowel Sounds. No c/o Constipation. J Brennan NBOc

As far as pt Seeing the xrays I informed pt these xrays take a little while to process and then the Radiologist Reads them. pt accepts this explanation.

(A) Alteration of comfort due to Anxiety- pt upset.

(P) New PV was presented. pt told to access med for any problems.

(E) pt understands plan of action.

Joy Brennan NBOc
Joy Brennan NBOc

9/24/96
30
10 am

Orve Note

Inced. Note: Grevnce. Rec'd: 9/20/26
Grevnce. Ans: 9/24/9

M Nelson RN M. NELSON MSRN

1480-02 (2/95)

**EMSA ✚ CORRECTIONAL CARE**

PROGRESS NOTES  BS95-14533

| Date/Time | Inmate Name: HICKS, WILLIAM | ID # | D.O.B. 9/10/63 |
|---|---|---|---|

10/8/96
~~2 pm~~

MD CLINIC?

ISI Here for review of his medical problems and to discuss possible solutions which were agreeable to him. His complaints today include

Wt. 230

1. Concerns that his jaw was still broken causing him pain @ his @ TMJ. This pain is constant he claims. He is sure people are lying to him about it

2. Constant HA's — he feels this is from the stress of his pain — he was taking medicin, but he angrily points out that midrin caused him to have a "bleeding" ulcer and to throw up blood. He wants something for pain & HA's.

3. Inability to open mouth fully — he says is due to pain in @ jaw — he wants to have more X-Ray studies of his jaw & mouth because he's sure he needs surgery

4. GI upset: He says he threw up this morning, and that he has intermittent abdominal pains & cramps — all the time

MEDS:

| ZOLOFT | 50 mg BID | FH: lives ē mother, sister |
| MOTRIN | 800 mg BID | 1 brother was schizophrenic |
| FLEXERIL | 10 mg BID | ē committed suicide |
| | | "in front of me!" |

See ⟶ HCP ⟶

**MSA CORRECTIONAL CARE**

CLINIC

INFIRMARY HISTORY AND PHYSICAL

Page #2

_NBB – Clinic_
Institution/Facility

Inmate Name: __Hicks, Wm__ DOB _9/10/63_ ID# _BS 95-14533_

Chief Complaint __See Progress Notes 10/9/96__

History of Present Illness: __Mr. Hicks came to the Clinic for a review of his medical complaints, most of which have to do with pain on the right side of his face, which he said has been bothering__

Past Medical History: __him since he was involved in an altercation earlier this year, in February —__

PHYSICAL EXAMINATION
General Appearance: __Heavy-set W.M.    wt 230 – NAD, alert, Ox3    BP 160/98, p: 72    R 16-18    T 98.6__

HEENT: __PERRLA  fundi: benign  TM's: pearly — neck: Supple + adenopathy__

Chest/Breast: __c/o pain over ® TMJ — opens mouth to 41 mm - ® 3 gomma is in fact - no deformity noted__

Heart: __S₁ S₂ + no RRR —__

Lungs: __Clean to A__

Abdomen: __Obese – No Hepato-Splenomegaly – NON-TENDER throughout__

Back: __c̄ good active BS (—) flank tenderness__

Extremities: __NO EDEMA Bilat.; pulses all 2+ c̄ good refill —__

Neuro: __DTR's 2+ ; Babinski ↓↓ ; mc's = intact throughout__

Skin: __No rashes, No lesions - Warm, dry, MM's are well-hydrated.__

Genitalia: __Normal ♂ (circ'd) testes ↓↓  No D/C__

Rectal: __Prostate: NORMAL SIZE ; NON-TENDER ; STOOL : Guaiac (—) for blood__

Impression/Diagnosis: __c/o ® TMJ pain – No Dislocation noted ; HA's__

Date _10/9/96_ Time _3 pm_  Completed by: __WC Drmrmd__
Physician, PA, or NP

DR. WINTHROP C. DAVIS
STAFF PHYSICIAN - NBDC

Physician Signature (If completed by PA or NP) Page #3

See Imp & Plan →

CLINIC
INFIRMARY HISTORY & PHYSICAL

CC 226                                                                                                    4/93

EMSA CORRECTIONAL CARE

Page #3          PROGRESS NOTES   BS95-14533

| Date/Time | Inmate Name: HICKS, Wm. | ID # | D.O.B. 9, 10, 63 |
|---|---|---|---|

10/9/96   MD NOTE (cont'd)

Imp:

1. TMJ-Owing to the specific location of his pain @ (R) TMJ* he may have some problem there, but:

  - his mouth opens to 41 mm, which is normal

*no facial deformities were noted

  - its impossible to make an objective evaluation of just how much discomfort he is actually having.

2. I spoke with Dr. Weavers, who advised me that no further oral surgery w/u was anticipated at this point. He is due for a routine filling in 24 hrs.

3. HA's - again, objective evaluation of "constant horrible pain" is difficult when the pt. is in NAD.

4. % GI upset / Bleeding ulcer - No evidence on PE of ulcer-like Sx's - Stool was neg. for blood - No active bleeding at this time.

Plan 1. I suggested a trial of Indocin instead of Motrin - if this is unsuccessful, then a trial of Para for Forte

trial of Tagamet @ HS

2. Trial of Indocin CR 80 for HA's - ⟶ I note is that pt's diastolic BP was sl. elevated

 ✓ LABS ordered - RTC 1 week to

J. M. DAVIS

EMSA CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: _Nicks Willie_ | ID # _BS951455_ | D.O.B. / / |
|-----------|------------------------------|------------------|-------------|
| 10/21/96 2PM. | Inc. Note :- | | |

Group discussion :-

To try & Resolve Inmate Non acceptance of Medical information given to him by us.

1. Outside Oral Surgeon Consult
2. Outside IM/GE Consult

_Hass._

CL 1480-02 (2/95)

**EMSA** CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, Wm | ID # BS957453 | D.O.B. 9/10/63 |
|---|---|---|---|

12-19-96 0855  Incidental Note. Unable to do sick call
Pt is in Court. Will reschedule
— L. Gordon RN   Liloutie Gordon, RN
NBDC

1/6/97   INCID. NOTE: GRIEVANCE REC'D 1/6/97
6/10     GRIEVANCE RESPONDED 1/6/97
         SEE COPY   Jon Bavolsrt RN

1/10/97   Saw Pt p, His Request
?0 — What is status of Consultant Report?
Answer — Re: g 1/10/97 Dr. Elliott has not
been able to see Films because not at
hospital — sent by Dr. not on site ë was
— Probation. He will ask ë nurse to
get films returned to hospital so Dr. Elliott
can see them.
   ? continued "Raid Stomach"
Answer — Willing to pay charge for
Tylenol & P Tegretol ë review
of St folded charge by PT O Clonic —
Above acceptable to PT

                    Nurse D

1/16/97   Spoke ë pt's mom Anna Jebsen (?)
who informs re that she has
pt's Xray. Requested that she

**EMSA** *CORRECTIONAL CARE*

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks WM | ID # B595I433 | D.O.B. 9/10/63 |
|-----------|----------------------|----------------|-----------------|
| 1/16/97 2:45p | return the Mayos we can give them to Dr Elliot. She informed me she will not inform me if she will or will not ~~give it~~ return the Mays | | |

Joan Bauersmith LPN

JOAN BAUERSMITH, RN, HN, NBDC

**EMSA** CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, William    ID # 81451433    D.O.B.: 9/10/63 |
|---|---|
| 1/21/97 4:05 p | PA Note |

S: Pt was listed for SNU as per Dr. Slack; is on his meds. 1/10/97 Mon c/o BP recip but refused by dietrist. 1/9/97; Requesting extra milk/snacks; & wants Reg diet c liquid protein — it doesn't taste right.

② Still c DHA & (R) maxillary tenderness; detto present dosage of Tylenol II tabs TID & relief

③ c/o (R) nasal congestion, "feels warm", & n/v/d; appetite ↓ ↓ BM irregular c watery, bloody.

O: T 99.6   BP 100/70   Wt 283 lbs.
Pt well nourished CM NAD; A&O×3

Head: Normocephalic.
Ears: TMs clear c exudate/erythema.
Eyes: PERLA, no icteric
Nose: intact c rhinorrhea.
Eyes: — no icterus.
Mouth & pharyngeal edema, erythema or petechiae.
Neck: Supple
Lungs: Clear B/L

**EMSA CORRECTIONAL CARE**

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, William   ID # BS9574533   D.O.B: 9 110163 |
|---|---|
| 2/17/97 7:35p | S: ⊕ ® maxillary Fx By Facial CT on 11/96 + ⊕ TMJ syndrome 2° to Facial Trauma (assault) on 2/7/96. Pt. seen By Dr. Elliott, (OMF surgeon) Pt c/oing Severe Headaches. + chronic TMJ pa |
| | O: BP 118/86 P72 T 99.8 HEENT: ⊕ palp ® zygomatic deformity midface stable. PERRLA EOMI CN's II → XII grossly intact class II occlusion Nasal pharynx — clear oral pharynx — clear A/P ⊕ Symptomatic TMJ 2° to recent Blunt Facial Trauma. ℞ Scheduled to see Dr. Elliott For F/u ⇒ cont Symptomatic relief. |
| | DR. CRAIG UECKER STAFF PHYSICIAN |
| 3-4-97 1:45 pm | GRIEVANCE ANSWERED 3/4/97 DATE SIGNATURE TODD SCHWARTZ, HSA Main Jail |

# ℥A CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | |
|---|---|
| Inmate Name: HICKS, William | ID # BS9514533  D.O.B.: 9/10/63 |

| Date/Time | |
|---|---|
| 3/5/97 8⁰⁵pm | Inc. Note: Patient requesting to see doctor in order to get clearance for mattress and pillows due to "medical problems" as stated by said patient. Refer to PA Clinic. |
| | — Palma Robinson/PALMA ROBINSON RN. |
| 3/12/97 12:15 pm | GRIEVANCE ANSWERED 3/12/97  DATE  SIGNATURE  **TODD SCHWARTZ, HSA**  **Main Jail** |
| 3-28-97 11:00 | GRIEVANCE ANSWERED 3-28-97  DATE  SIGNATURE  X 3 |
| 3/29/97 5P | S: Pt. c/o pain Ⓡ jaw — "dislocated" — outrageous H/As since 2/96. H/A is frontal, shooting in Ⓡ temple/behind Ⓡ eye. Was punched. Also has toothache x 7d. |
| | O: ⊕ carie Ⓛ lower jaw  ⊕ TMJ click Ⓛ side |
| | A/P: ① TMJ syndrome — Darvocet, Flexeril  ② toothache — refer to dentist |
| | **DR. MICHELE SMITH, DO**  **NBB**  _Michele Smith_ |
| 4/4/97 | GRIEVANCE ANSWERED  DATE  SIGNATURE  **JERRENE R. BRANTLEY, RN**  **HEAD NURSE, MJB** |

**EMSA** CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: _Hicks, William_ | ID # _B591/D296_ | D.O.B.: _9/9/63_ |
|---|---|---|---|

8/6/97 11:45 value note seen in s/c see form

LAURA ROSS, LPN
MAIN JAIL BUREAU

8-8-97
9:30 am

GRIEVANCE ANSWERED
SIGNATURE / DATE

KEVIN JORGENSON, RN, BSN
ASST. HEALTH SERVICE ADMINISTRATOR
MAIN JAIL BUREAU

8-13-97
4p

GRIEVANCE ANSWERED
SIGNATURE / DATE

KEVIN JORGENSON, RN, BSN
ASST. HEALTH SERVICE ADMINISTRATOR
MAIN JAIL BUREAU

8/18/97
8:00 pm

S: Pt has chronic H/A's & jaw pain 2°
to trauma sustained in '96 during altercation
c̄ Deputies + inmate.

O: PERRLA, EOMI    VSS s̄ HA
⊕ M/P ® Zygomatic arch deformity
®/© mandible pain/tenderness; closs I-nl
occlusion ⊕ click.

A/P ⊕ chronic H/A's, ⊘ ® TMJ 2° to
old traumatic injuries
⇒ see orders

DR. CRAIG UECKER
STAFF PHYSICIAN

CC 023                                                                              5/95



# EMSA CORRECTIONAL CARE

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, William    ID # B59717076    D.O.B.: 9 1/9163 |
|-----------|------------------------------------------------------------------|
| 10·1·97 13⁰⁰ | PA note — HSA came to clinic today & asked if for Pt to be removed from single cell. Will do as HSA asks (reasons unknown as to why Pt went into single cell anyhow) — KAREN ANZRAHY, P.A.C. MAIN JAIL BUREAU / MANUELA HOSCUDERO, M.D. MAIN JAIL BUREAU |
| 10/6/97 7:25p | S: S/P assault on 4/6/96 @ N.B. Now c/o Difficulty Breathing thru nose. ⊖ drainage    X-rays: Nondisplaced nasal Fx O: VSS   ARB   ⊕ (R) ZMC Fx. ⊕ Deviated nasal septum to (L) c _____ Partial collapse of (L) Int. nasal valve (R) nasal vestibule widely patent ⊕ Palp nasal Fx's (R) > (L) ⊕ (R) Facial Fx's (X 1½ yrs old) → See orders — DR. CRAIG UECHER STAFF PHYSICIAN |
| 10-13-97 2:35pm | KEVIN JORGENSON, RN, BSN ASST. HEALTH SERVICE ADMINISTRATOR MAIN JAIL BUREAU [stamp: DATE / SIGNATURE / GRIEVANCE ANSWERED] |

CC 023

 **CORRECTIONAL CARE**

*12/2/13*

## PROGRESS NOTES

| Date/Time | Inmate Name: Hicks, William | ID #: b59717076 | D.O.B.: 09/19/63 |
|---|---|---|---|

**2/27/98**
**10:20 Am** Inr. Note: blood drawn for CBC, Smac
Lithium, Thyroid panel per Dr's orders
— yvonne Wilcher m/a          YVONNE WILCHER, MA
                                      NBB

**3/3/98**
**4:10p** MD Note
S: Pt comes to clinic 2° concern
over pain. Had jaw, (R) temporal
(R) zygomatic arch fx 4/97. Says
unable to open jaw & causes
pain 24° a day. Saw OMFS
Surgeon who said no further
therapy (surg.) could be done.
Has given Midrin which doesn't
work, Robaxin, Tylenol which
works.

O: NAD
   jaw open angle ~30°
   facial (R) palpated NT
   no deformities noted.

A/P: Discussed pain mgmt c̄ pt.
Alternatives for chronic pain are Elavil
& Tegretol. Will continue Midrin, Tylenol
as pt says helps somewhat.    ERIN CODY, MD
        (over)                      NBB

CC 023                                                    5/95

S. Pearson, DDS

EXHIBIT    D

1.) 3-22-96 Dental log

NAME _Nickel William_

| TOOTH | SERVICES NECESSARY |
|---|---|
| 1 | DENTAL EXAM _Pat. rollins'd at 2pm_ — 8:20 AM — 2:00 PM |
| 2 | (G) stos |
| 3 | S: "S.gal" — pain |
| 4 | #29 Crowele (2) + writing |
| 5 | No Pepcise |
| 6 | #22 food trap |
| 7 | P: BH |
| 8 | C: OHI |
| 9 | Dr. Jack Cline |
| 10 | Director of Dentistry – NBDC |
| 11 | |
| 12 | Not an emergency |
| 13 | S: Scratches teeth unless brushing |
| 14 | and eating |
| 15 | O: #29 able abrasive probably |
| 16 | from brushing too hard |
| 17 | A: facial abrasion #29 |
| 18 | P: too deep 3% t/4 restored w/amalgam |
| 19 | E: OHI Dent brush hard and |
| 20 | continued will vary brush |
| 21 | |
| 22 | |
| 23 | DR. GLENN PEARSON |
| 24 | DENTIST |
| 25 | S: "teeth hurts" |
| 26 | |
| 27 | O: #1 zygo fract |
| 28 | A: #1 RR fract |
| 29 | P: Ref refuse EXT |
| 30 | E: Consent O.K. |
| 31 | |
| 32 | |
| 33 | P: Completed Perio in Two RVS / donated perog |
| 34 | difficulty chewing teeth, Dentist explaining |
| 35 | #s P. agreeable. Fruct/exs. Slight stimulation |
| 36 | upon closing. Routine swelling by R temple |
| 37 | Removed pieces temporarily w/o discomfort |
| 38 | P: Healing agreeable. Fractpai |
| 39 | E: Still dist was Pen by OS recoment meds extract |
| 40 | — — |

_Right side column (rotated notes):_

8:20 AM
2:00 PM

S: scratches teeth
O: #29 abe Amalgam
w/recement cavity
bucial —
P: suggest teeth cleaning
Meal w/agent eduna
w/ref —
A: recement caries
Sent sizzin 2x
P: Bruer 2x Ameel and
debatlamt —
E: OHI

DR. GLENN PEARSON
DENTIST

CCS01

# EMSA CORRECTIONAL CARE

## DENTAL SERVICES

INMATE LAST NAME _Webb_    INMATE FIRST NAME _William_

D.O.B. _9.10.63_    ID# _B395 14533_    DATE OF EXAMINATION _9/29/95_

INSTITUTION _NBDC_

### MEDICAL HISTORY - SUMMARY

| | |
|---|---|
| General Health | _____ |
| Existing Illness | _____ |
| Medicine/Drugs | _____ |
| Allergies _NKA_ | Blood pressure S ___ / D ___ |

### DENTAL HISTORY - SUMMARY

| | |
|---|---|
| Altitude | _____ |
| Home Care | _____ |

### CLINICAL DATA

| | |
|---|---|
| General Condition of Teeth | _____ |
| Plaque | Stains _____ Abrasions _____ |
| Condition of Present Restorations | _____ |
| Overhangs | Contact Points _____ |
| Inflammation of Gingival Tissue: Slight _____ Moderate ✓ Severe _____ | |
| Color | Recession _____ Pockets _____ |
| Condition of the Floor of Mouth | _____ |
| Palate: Hard _____ Soft _____ | |
| Frenum | Tongue _____ Lips _____ |
| Presence of Exudate | Areas of Food Retention _____ Ridges _____ |
| Calculus: Slight _____ Moderate ✓ Excessive _____ Saliva _____ | |
| TMJ | Neck _____ Occlusion _____ Oral Cancer Exam _____ |
| Results of X-Ray: Bone | Root Tips _____ Impactions _____ |
| Supernumerary | Abscesses _____ |

Cheeks

### Medical History questions (left column)

- General Health
- Physician's Care?
- Medications?
- Diabetes?
- T.B.?
- Hepatitis?
- Venereal Disease?
- Radiation Therapy?
- Anemia?
- Epilepsy?
- Last Elective Dental Treatment?
- Reactions to Anesthetics?
- Rheumatic Fever?
- Heart Murmur?
- High/Blood Pressure?
- Heart Disease?
- Bleeding?
- Lung Disease?
- Kidney Disease?
- Breathing Problem?
- Other?

CODE: S.C. - Space Closed   C.R. - Crown   X - Missing Teeth

Tooth numbers: 32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17 (LOWER)
Tooth numbers: 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 (UPPER)

RIGHT — LINGUAL — LEFT

- X-Rays
- Study Models
- Photographs
- Clinical Exam
- Vitality Test
- Mobility

EMSA

Barbara Hanson-EVANS, HSA

EXHIBIT H

KEN JENNE
SHERIFF OF BROWARD COUNTY
P.O. BOX 9507
FORT LAUDERDALE, FLORIDA 33310

98-51

DATE:        March 12, 1998

TO:          William Hicks, BS9717076

FROM:        Barbara Hanson-Evans, HSA, BSO

SUBJECT:     Grievance dated 3/2/98


I have nothing to do with your charges or your guilt.  As you are aware I have
had you seen by almost all medical professionals in each facility.  I cannot
tell them what to say about your condition.  Each time you are seen the medical
personnel addresses your concerns.  It might not be what you want to hear, but
they have all assured me that your treatment has been good & appropriate as
it relates to your medical and mental health condition.

Your last request to be seen by Dr. Cody was granted.  I have looked into your
complaint about not receiving your prescribed medication, it is documented that
you have been receiving your medication.

If this is not correct, please record the date, time and medication you have not re-
ceived and forward to my attention.


BHE/tlr

RON COCHRAN
SHERIFF
BROWARD COUNTY
POST OFFICE BOX 9507
FORT LAUDERDALE, FLORIDA 33310-5907

DATE:      July 2, 1996

TO:        William Hicks, BS9514533

FROM:      Barbara Hanson-Evans, HSA, BSO

SUBJECT:  Grievance

I reviewed your chart thoroughly as promised.

| | |
|---|---|
| 2/21/96 | X-ray showed fracture of (L) mandible and zygomatic arch. |
| 3/15/96 | Minimal depression of the arch. |
| 4/22/96 | Uecker suggested OMF surgery. |
| 5/3/96 | Old healed fracture of the arch. |
| 5/8/96 | Dr. Cline, Todd Schwartz, and Dr. Weathers explained that surgery was not planned for the arch. The problem with eating was addressed. Soft diet ordered. |

I did notice you are now taking your medication. I have given Mr. Holmes the copies of DR's for review.

The x-rays do not show any remarkable problem and the bones are intact. I am assuming that you will be experiencing pain which is now being managed appropriately.

As I suggested I would review the chart to see if there were documentation to substantiate what you alleged the physicians told you. I have seen nothing about clean break etc. I only rely on the x-ray reports which cannot be tampered with.

I was informed that you were scheduled to see Dr. Pearson/Dr. Cline on 6/28/96.



RON COCHRAN
SHERIFF
BROWARD COUNTY
POST OFFICE BOX 9507
FORT LAUDERDALE, FLORIDA 33310-5907

DATE:      July 25, 1996

TO:        William Hicks, BS9514533

FROM:      Barbara Hanson-Evans, HSA, BSO *BHE*

SUBJECT:   Grievance


As stated to you in your interview with me, I
only report what was documented in your medical
records.

I spoke with Dr. Pearson who saw you the next
day in order to hear your concerns and
explain/clear up any misunderstanding.


BHE/tlr

RON COCHRAN
SHERIFF
BROWARD COUNTY
POST OFFICE BOX 9507
FORT LAUDERDALE, FLORIDA 33310-5907


DATE:     September 26, 1996

TO:       William M. Hicks, BS9514533

FROM:     Barbara Hanson-Evans, HSA, BSO

SUBJECT:  Grievances


I cannot bring charges against the employees for failure to provide medical treatment. A thorough review of your medical records showed that you are being seen in a timely manner.

On 9/25/96, during our conversation you stated you had no more complaints and treatment was ok and you will live with it. However, you still had problems with the fractured jaw you received in the facility. As explained to you the Physician is correct when he states the bone will grow back.

Again please continue to utilize the medical services when needed and keep me informed if you need any help.

BHE/tlr



I Recieved BACK ON 10-1-96
Bill - Hicks

STREET DENTIST YEAR 1996

DR. JEFFREY Elliot and charlse
Russol DDS oral facial surgearis.

EXHIBIT I

# EMSA CORRECTIONAL CARE

BMJ
_____
Institution

## AUTHORIZATION FOR THE RELEASE OF MEDICAL RECORDS

Name: _William Hicks_     ID#: _659519533_     D.O.B. _9-10-63_

Date(s) of Treatment: From _8-7-95_    To _PRESENT_

Type of Information Requested: _X Ray; health records_

Reason for Information: _To evaluate for treatment_

Authorized Person(s) Company: _Dr ELLIOT_

I hereby authorize the Medical Record Department at _Broward County Jail_ to release, to the above named, the information specified in this request. I understand that once the requested information has been released the Department of Correction, EMSA Correctional Care, and its employees can no longer be held accountable for the released information. I further hereby release the Department of Correction, EMSA Correctional Care, and its employees of all responsibilities and liability that may arise in compliance with this authorization.

This authorization expires sixty (60) days from the date on which it is signed.

_William m Hicks_
Patient Signature

_Dodd Schaf_
Witness Signature

_2-14-96_ _1:40pm_
Date and Time

_2-14-96_
Date and Time

Por este medio autorizo al Departamento de Historia Clínica de _____ a ceder a la entidad mencionada arriba la información especificada en esta forma. Etiendo que una vez que dicha información haya sido obtenida, el Departamento de Correccion, EMSA Correctional Care, y sus empleados no seran responsables por la informacion pedida. Ademas yo exonero al Departamento de Correccion, a EMSA Correctional Care, y a sus empleados, de toda responsabilidad u obligacion que pudiera presentarse a consecuencia de esta autorizacion.

Esta autorizacion caducara a los sesenta (60) dias de la fecha en que fue firmada.

_____
Firma de Paciente

_____
Firma del Testigo

_____
Fecha and Hora

_____
Fecha and Hora

# EMSA CORRECTIONAL CARE

_____
Institution

## AUTHORIZATION FOR THE RELEASE OF MEDICAL RECORDS

Name: _William Hicks_      ID#: _059514533_    D.O.B. _9-10-63_

Date(s) of Treatment: From _8-7-95 / 11-27-96_    To _Present_

Type of Information Requested: _Radiology Films — CT Scan_

Reason for Information: _To have DR Elliot review all films_

Authorized Person(s) Company: _Pompano Beach Medical Center and EMSA_

I hereby authorize the Medical Record Department at _Pompano Beach Medical Center_
to release, to the above named, the information specified in this request. I understand that once the requested information has been released the Department of Correction, EMSA Correctional Care, and its employees can no longer be held accountable for the released information. I further hereby release the Department of Correction, EMSA Correctional Care, and its employees of all responsibilities and liability that may arise in compliance with this authorization.

This authorization expires sixty (60) days from the date on which it is signed.

_William M Hicks_ _____      _Todd Picket_ _____
Patient Signature                      Witness Signature

_2-17-97_   _12:00 PM_ _____      _2-17-97_   _12:00 PM_ _____
Date and Time                          Date and Time

Por este medio autorizo al Departamento de Historia Clinica  de _____
a cecer a la entidad mencionada arriba la infomracion especificada en esta forma. Etiendo que una vez que dicha nformacion haya sido obtenida, el Departamento de Correccion, EMSA Correctional Care, y sus empleasdos no seran esponsables por la informacion cedida. Adema's yo exonero al Departamento de Correcion, a EMSA Correctional Care, y a us empleados, de toda responsabilidad u obligacion que pudiera presentarse a consecuencia de esta autorizacion.

Esta autorizatio caducaro a los sesenta (60) dias de la fecha en que fue firmada.

_____          _____
Firma de Paciente                     Firma del Testigo

_____          _____
Fecha and Hora                        Fecha and Hora

*To Brass*
*of*
*B.S.O 24HRS*
*only*

*my Last homes*

BROWARD SHERIFF'S OFFICE
~~ME~~ OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

*TAKE action now - "Last chance" try*

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

TO BE COMPLETED BY INMATE

Date of Request: 3-17-97          Inmate's Name: William M Hicks
                                             (Alias, if used)

Arrest #: BS95-14533          Location: 7-A-2-8     DOB: 9/10/6

To: Brass only - get it  B RASS only

Program Specialist [ ]      Mailroom [ ]       Commissary [ ]
Classification    [ ]      Food Service [ ]    Other [✓]

Nature of Request: I suffer from trauma caused By incompetence of FW.R. DC & B.S.O; to protect me and provide adequate medical; + can show deliberate indifference which violate the 8th amendment Prohibiting cruel and unusual punishment which several months delay to serious head injury damage constitute deliberate indifference; 2-5-96 till now I sought = IP - received Fuck Bull shit, you treat me like low life and trash; you have 24h to provide medical, she would kill me all way; I let Ball go now so I'm warning you as god says to Treat the devil with respect - In tired of 15 months of pain and suffering - Thanks. Take note not a joke.

Inmate's Signature  William M Hicks          Date Signed  3-17-97

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD. "Please Take Seriously" "15 months Later now"

----------------------------------------

DO NOT WRITE BELOW THIS LINE:
ACTION TAKEN/RESPONSE

You were evaluated + Recieved prescription for your Discomfort on 2-17-97. You have failed on several occasions to respond to the Nurses med call in the Morning. We have Requested a full Review of your X-rays + CT scan By Dr Enoch. We are still waiting his Response.

Completed By: [signature]  Kevin Jefferson PN ARSA
                           CCN          Date: 3-17-97     Time: 3:20 PM

All requests will be handled by the responding deputy in one of the following ways:

[✓] Written Information          [ ] Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)

*MEDICAL*

*Bross*

*Only*

*TAKE medical*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

*LA SHERRIZE*

*24 HRS*

*only*

*"TAKE action Now" Last chance*

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

TO BE COMPLETED BY INMATE   *HAD 15months*

Date of Request: *3-17-97*                    Inmate's Name: *William M Hicks*
                                                            (Alias, if used)

Arrest #: *BS95-14533*            Location: *7-A-2*           DOB: *9/10/63*

To: *TO Bross OF EMSA only - not TODD Schwartz.*

Program Specialist ☐          Mailroom ☐  =           Commissary ☐
Classification ☐              Food Service ☐           (Other) ☐

Nature of Request: *I suffer from trauma caused by incompetance of W.B.D.C. $ N.S.O $ E to protect me and provide adequate medical, "I can show deliberate in difference which violats the 8th amendment Prohibiting cruel and unusual punishment wh Several months delay to treat a serious head injury does constitute deliberat in difference ; 2-5-96 till now I fought for medical which I should have gotten ; you tre*

*Like shit; you have 24 hrs to provide proper medical "I Let Ball go now" I'm tired" you been serv you have 24 hrs thats all I give Last chance to you - who are supose to be profesonal $ not Liers*
*William M Hicks*                                           *3-17-97*

Inmate's Signature                              Date Signed

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD.

----------------------------------------

DO NOT WRITE BELOW THIS LINE:
ACTION TAKEN/RESPONSE

*You were evaluated on 2-17-97, all X-ray & CT Report were requested to be reviewed by Dr Elliot, We will Contact Dr Elliote for his Response.*

Completed By: *Kevin L. Jefferson RN BSV*
                    CCN #HSA        Date: *3-19-97*    Time: *3:20pm*

All requests will be handled by the responding deputy in one of the following ways:

☒ Written Information            ☐ Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24  (Rev. 4/93)

EXHIBIT J

1) nurse assessment after assault and suture removal:

2) X-ray results

| Name: (Last, First, Middle) | | | | Race/Sex | Arrest Number | | DOB: |
|---|---|---|---|---|---|---|---|
| Hicks  William | | | | W/M | BS95 7453 | | 9/10/6x |
| Age: | 2/9/96 | Date/Time 1:40pm | Use of Force? [ ] Yes [X] No | Allergies: NKA | | | |

## AUTHORIZATION FOR HEALTH CARE SERVICES AND ANESTHESIA

I, the undersigned, an inmate/patient in this facility, had explained to me and understand the nature of my condition. I hereby authorize the health care staff to perform evaluation and treatment on me as needed.

| Signature | William M R | Date | 2-9-96 | Time | 1:40p |
|---|---|---|---|---|---|
| Witness | Calista Chukwu Rn | Date | 2-9-96 | Time | 1:40p |
| Witness | CALISTA CHUKWU, RN NBDC | Date | 2/9/96 | Time | 1:40p |

If inmate/patient cannot sign, explain:

| Temperature: 98² | Pulse: 104 | Respiration: 24 | | Blood Pressure: 160/98 |
|---|---|---|---|---|

## BRIEF HISTORY

If injured by accident, state where, when, and how injury occurred. If an illness occurred, provide description of illness:

Called to see above inmate was reportedly cut by another inmate Beech Norman at the (R) side of the face. Open Cut noted (R) cheek. bleeding. incident stated to have happened at the Recreation yard at about 1:30 PM.

## TREATMENT

Cut cleaned with hydrogen peroxide and pressure dressing applied to arrest the bleeding.

DISPOSITION: inmate sent to the clinic for further care

Condition on release: [ ] GOOD  [X] FAIR  [ ] POOR   Signature: Calista Chukwu

CALISTA CHUKWU
NBDC

## PHYSICIAN'S REPORT

Traumatic laceration of (L) Zygomate incurred in an altercation - Sutured with Ethilon 6-0 proline good Closure     RTC 7D.

| REPORTING PHYSICIAN | Signature | W.C. Davis DR. WINTHROP C. DAVIS STAFF PHYSICIAN - NBDC | Date/Time 2/9/96 |
|---|---|---|---|
| REVIEWING PHYSICIAN | Signature | | Date/Time |

BSO DJ#26 (New 12/94)

DIAGRAM OF INJURY



Front            Right Side   Left Side                Back

Type of Injury: Open Cut ℞ cheek

Date of Injury: 2-9-96                    Time of Injury: 1 30 pm

Urgent Medical Care Record: Completed? [X]Yes [ ]No     Signed by Inmate? [X]Yes [ ]No

Doctor's Signature                                   Date
DR. WINTHROP C. DAVIS
STAFF PHYSICIAN - NBDC                    2/9/96

**EMSA** CORRECTIONAL CARE

## INTRASYSTEM TRANSFER SUMMARY

Transferring Facility: _NBB_

Inmate I.D. # _BS95-14533_

Inmate Name: _Hicks, William_          D.O.B.: _9/10/63_

Date of Last H & P: _8/15/95_  Date of Last PPD: _8/7/95_  Results: _neg_

Allergies: _NKA_

Current Health Problems: _suture removal @ jaw_

Current Medication (Name, Dosage, Frequency, Duration:) _Motrin 800mg P.O. TID X 5d_

Physical Disabilities/Limitation: _none noted_

Assistive Devices/Prosthetics: _none noted_

Glasses: _none_          Contacts: _none_

Follow-up care needed: _RTC 2/16 suture removal_

Signature _M. Cornelius RN_    **MIKE CORNELIUS, RN CHARGE NURSE - NBB**    Date _2/12/96_

## TRANSFER RECEPTION SCREENING

Facility: _MAIN JAIL_          T _98.4_ P _72_ R _18_  B/P _124/68_

S: Current Complaint: _c/o headache._

Current Medications/Treatment: _Motrin 800mg PO TID x 5 days._

O: Physical Appearance/Behavior: _AAO x 3. Respirations even and unlabored. Gait steady_

Disposition:  ( X ) General Population   (   ) Infirmary   Referral: (   ) Medical   (   ) Dental   (   ) Mental Health

When:   (   ) Immediately   ( X ) Sick Call   (   ) Other _____

Signature _H. Holness LPN_   **HYACINTH HOLNESS LPN MAIN JAIL**   Date _2/14/96_

CC 027

# EMSA

## X-RAY REPORT

| NAME·LAST | FIRST | | | DOB | DATE | | ARREST ID # |
|---|---|---|---|---|---|---|---|
| *Hicks* | *Wm* | | | 9/10/63 | 2/9/96 | | BS95-14533 |

| SEX | RACE | TECH INITIALS | DATE OF TEST | INSTITUTION | | | X-RAY # |
|---|---|---|---|---|---|---|---|
| M | W | WE | 2-9-96 | NBDC | | | NB |

| DRS. NAME | LOCATION | NURSE SIGNATURE/STAMP |
|---|---|---|
| *Davis* | 12/H4 | V Serrao RN    Vicky Serrao, RN  NBDC |

IN THE BEST INTEREST OF THE PATIENT AND REFERRING PHYSICIAN, THIS EXAMINATION WILL NOT BE DONE IF PERTINENT CLINICAL INFORMATION, AND TENTATIVE CLINICAL DIAGNOSIS ARE NOT PROVIDED BELOW:

HISTORY:   *R Jaw — fight*

TECH COMMENTS:

### X-RAY REQUEST

| | | | | |
|---|---|---|---|---|
| ANKLE R[ ] L[ ] | FACIAL BONES | KUB | POST REDUCTION | TM JOINT R[ ] L[ ] |
| CERVICAL SPINE | FEMUR R[ ] L[ ] | KUB & UPT | RIBS, BOTH SIDES | THORACIC SPINE |
| CHEST | FINGERS R[ ] L[ ] | LATERAL DECUBITUS | RIBS R[ ] L[ ] | TIBIA & FIBULA R[] L[] |
| CHEST, PA & LAT | FOOT R[ ] L[ ] | L.S. SPINE | SACRUM | WRIST R[ ] L[ ] |
| CLAVICLE R[ ] L[ ] | FOREARM R[ ] L[ ] | MANDIBLE R[ ] L[ ] | SHOULDER R[ ] L[ ] | OTHER |
| COCCYX | HAND R[ ] L[ ] | NASAL BONES | SINUSES | |
| COMPARISON VIEW | HIPS, BILATERAL | ORBITS | SKULL | |
| ELBOW R[ ] L[ ] | HIPS R[ ] L[ ] | OS CALCIS R[ ] L[ ] | SONOGRAM | |
| ECHO | HOLTER MONITOR | PELVIS | STERNUM | |

**REPORT:**

MANDIBLE:  Fracture suggested on the left mandibular ramus. Correlate with the clinical findings.

Radiological findings should be correlated with the clinical findings.

Thank you for referring this patient.

_____
Miguel A. Tome, M.D.
Radiologist

*seen by dentist*
*ny*

DR. N. DERTZER
STAFF PHYSICIAN MAIN JAIL    2-27-96

_____
RADIOLOGIST SIGNATURE

_____
DATE REPORT TYPED

# EMSA

## X-RAY REPORT


RECEIVED
FEB 23 1996

| NAME-LAST | FIRST | | DOB | DATE | ARREST ID # |
|---|---|---|---|---|---|
| Hicks, William | | | 9/10/63 | 2/15/96 | 8595/4533 |

| SEX | RACE | TECH INITIALS | DATE OF TEST | INSTITUTION | X-RAY # |
|---|---|---|---|---|---|
| M | B | WE | 2-19-96 | BCMJ | MB |

| DRS. NAME | LOCATION | NURSE SIGNATURE/STAMP | |
|---|---|---|---|
| PA Chatfield | 7C35 | M. Cooper RN | Melissa Cooper, LPN / Mail Jail |

IN THE BEST INTEREST OF THE PATIENT AND REFERRING PHYSICIAN, THIS EXAMINATION WILL NOT BE DONE IF PERTINENT CLINICAL INFORMATION, AND TENTATIVE CLINICAL DIAGNOSIS ARE NOT PROVIDED BELOW:

HISTORY: (R) eye injury

TECH COMMENTS:

### X-RAY REQUEST

| | | | | |
|---|---|---|---|---|
| ANKLE R[ ] L[ ] | FACIAL BONES | KUB | POST REDUCTION | TM JOINT R[ ] L[ ] |
| CERVICAL SPINE | FEMUR R[ ] L[ ] | KUB & UPT | RIBS, BOTH SIDES | THORACIC SPINE |
| CHEST | FINGERS R[ ] L[ ] | LATERAL DECUBITUS | RIBS R[ ] L[ ] | TIBIA & FIBULA R[ ] L[ ] |
| CHEST, PA & LAT | FOOT R[ ] L[ ] | L.S. SPINE | SACRUM | WRIST R[ ] L[ ] |
| CLAVICLE R[ ] L[ ] | FOREARM R[ ] L[ ] | MANDIBLE R[ ] L[ ] | SHOULDER R[ ] L[ ] X | OTHER include zygoma |
| COCCYX | HAND R[ ] L[ ] | NASAL BONES | SINUSES | |
| COMPARISON VIEW | HIPS, BILATERAL X | ORBITS (R) | SKULL | |
| ELBOW R[ ] L[ ] | HIPS R[ ] L[ ] | OS CALCIS R[ ] L[ ] | SONOGRAM | |
| ECHO | HOLTER MONITOR | PELVIS | STERNUM | |

**REPORT:**

RIGHT ORBIT: Fracture of the right zygomatic arch. The remainder of the bony structure is intact.

Thank you for referring this patient.

*seen by Dexter*

Miguel A. Tome. M.D.
Radiologist

D/R: 02/19/96

D/D: 02/20/96

M/R/P:

OK TO FILE
M.D. INITIAL _____     DATE 2-23-96

PULL CHART
FOLLOW UP

FURTHER ACTION _____     DATE _____

RADIOLOGIST SIGNATURE _____

DATE REPORT TYPED _____

# EMSA

## X-RAY REPORT

| NAME·LAST          FIRST | | DOB | DATE | ARREST ID # |
|---|---|---|---|---|
| *Hicks, William* | | *9-10-63* | *2-21-96* | *BS9514153* |
| SEX | RACE | TECH INITIALS | DATE OF TEST | INSTITUTION | | X-RAY # |
| *M* | *W* | *WE* | *2-21-96* | *BCMT* | | *MJ* |
| DRS. NAME *Weathers* | | LOCATION | NURSE SIGNATURE/STAMP | | | |

IN THE BEST INTEREST OF THE PATIENT AND REFERRING PHYSICIAN, THIS EXAMINATION WILL NOT BE DONE IF PERTINENT CLINICAL INFORMATION, AND TENTATIVE CLINICAL DIAGNOSIS ARE NOT PROVIDED BELOW:

HISTORY:    *Repeat for Oral Surgeon*

TECH COMMENTS:

### X-RAY REQUEST

| | | | | |
|---|---|---|---|---|
| ANKLE R [ ] L [ ] | FACIAL BONES | KUB | POST REDUCTION | TM JOINT R [ ] L [ ] |
| CERVICAL SPINE | FEMUR R [ ] L [ ] | KUB & UPT | RIBS, BOTH SIDES | THORACIC SPINE |
| CHEST | FINGERS R [ ] L [ ] | LATERAL DECUBITUS | RIBS R [ ] L [ ] | TIBIA & FIBULA R[] L[] |
| CHEST, PA & LAT | FOOT R [ ] L [ ] | L.S. SPINE | SACRUM | WRIST R [ ] L [ ] |
| CLAVICLE R [ ] L [ ] | FOREARM R [ ] L [ ] | MANDIBLE R [ ] L [ ] | SHOULDER R [ ] L [ ] | OTHER |
| COCCYX | HAND R [ ] L [ ] | NASAL BONES | SINUSES | |
| COMPARISON VIEW | HIPS, BILATERAL | ORBITS | SKULL | |
| ELBOW R [ ] L [ ] | HIPS R [ ] L [ ] | OS CALCIS R [ ] L [ ] | SONOGRAM | |
| ECHO | HOLTER MONITOR | PELVIS | STERNUM | |

REPORT:

MANDIBLE:  There is no evidence of fracture, dislocation or other bony abnormality.

IMPRESSION:  NORMAL STUDY OF THE MANDIBLE.

Radiological findings should be correlated with the clinical findings.

Thank you for referring this patient.

Miguel A. Tome, M.D.
Radiologist

DR. WINTHROP C. DAVIS
STAFF PHYSICIAN #NRDC
FEB 26 1996

---

RADIOLOGIST SIGNATURE

---

DATE REPORT TYPED

RECEIVED
APR 08 1996

# EMSA

## X-RAY REPORT

| NAME-LAST | FIRST | | DOB | DATE | | ARREST ID # |
|---|---|---|---|---|---|---|
| Hicks | Williams | | 9/10/63 | 3/15/96 | | BC9514533 |

| SEX | RACE | TECH INITIALS | DATE OF TEST | INSTITUTION | | X-RAY # |
|---|---|---|---|---|---|---|
| m | B | | | BCMJ | | |

| DRS. NAME | | LOCATION | NURSE SIGNATURE/STAMP | |
|---|---|---|---|---|
| Cline | | 7C35 | | |

IN THE BEST INTEREST OF THE PATIENT AND REFERRING PHYSICIAN, THIS EXAMINATION WILL NOT BE DONE IF PERTINENT CLINICAL INFORMATION, AND TENTATIVE CLINICAL DIAGNOSIS ARE NOT PROVIDED BELOW:

HISTORY:

Zygomatic Arch Rt, History of fx.

TECH COMMENTS:

### X-RAY REQUEST

| | | | | |
|---|---|---|---|---|
| ANKLE R[ ] L[ ] | FACIAL BONES | KUB | POST REDUCTION | TM JOINT R[ ] L[ ] |
| CERVICAL SPINE | FEMUR R[ ] L[ ] | KUB & UPT | RIBS, BOTH SIDES | THORACIC SPINE |
| CHEST | FINGERS R[ ] L[ ] | LATERAL DECUBITUS | RIBS R[ ] L[ ] | TIBIA & FIBULA R[] L[] |
| CHEST, PA & LAT | FOOT R[ ] L[ ] | L.S. SPINE | SACRUM | WRIST R[ ] L[ ] |
| CLAVICLE R[ ] L[ ] | FOREARM R[ ] L[ ] | MANDIBLE R[ ] L[ ] | SHOULDER R[ ] L[ ] | OTHER |
| COCCYX | HAND R[ ] L[ ] | NASAL BONES | SINUSES | |
| COMPARISON VIEW | HIPS, BILATERAL | ORBITS | SKULL | |
| ELBOW R[ ] L[ ] | HIPS R[ ] L[ ] | OS CALCIS R[ ] L[ ] | SONOGRAM | |
| ECHO | HOLTER MONITOR | PELVIS | STERNUM | |

REPORT:

    ZYGOMA:    Fracture of the posterior portion of the zygomatic arch
    with minimal depression of the arch anteriorly.

    Thank you for referring this patient

    _____
    James F. Thompson, M.D.
    Radiologist

DR. WINTHROP C. DAVIS
STAFF PHYSICIAN-NBDC

APR 1 1996
DATE

_____
RADIOLOGIST SIGNATURE

_____
DATE REPORT TYPED

# EMSA

## X-RAY REPORT

RECEIVED MAY 1 0 1996 BY:

| NAME - LAST | FIRST | | DOB | DATE | |
|---|---|---|---|---|---|
| Hicks, William | | | 9-10-63 | 5-3-96 | 559574533 |

| SEX | RACE | TECH INITIALS | DATE OF TEST | INSTITUTION | X-RAY # |
|---|---|---|---|---|---|
| M | W | WE | 5-3-96 | BCMJ | MJ |

| DRS. NAME | LOCATION | NURSE SIGNATURE/STAMP |
|---|---|---|
| Weathers | | |

IN THE BEST INTEREST OF THE PATIENT AND REFERRING PHYSICIAN, THIS EXAMINATION WILL NOT BE DONE IF PERTINENT CLINICAL INFORMATION, AND TENTATIVE CLINICAL DIAGNOSIS ARE NOT PROVIDED BELOW:

HISTORY:

TECH COMMENTS:

### X-RAY REQUEST

| | | | | |
|---|---|---|---|---|
| ANKLE R [ ] L [ ] | FACIAL BONES | KUB | POST REDUCTION | TM JOINT R [ ] L [ ] |
| CERVICAL SPINE | FEMUR R [ ] L [ ] | KUB & UPT | RIBS, BOTH SIDES | THORACIC SPINE |
| CHEST | FINGERS R [ ] L [ ] | LATERAL DECUBITUS | RIBS R [ ] L [ ] | TIBIA & FIBULA R [ ] L [ ] |
| CHEST, PA & LAT | FOOT R [ ] L [ ] | L.S. SPINE | SACRUM | WRIST R [ ] L [ ] |
| CLAVICLE R [ ] L [ ] | FOREARM R [ ] L [ ] | MANDIBLE R [ ] L [ ] | SHOULDER R [ ] L [ ] | OTHER |
| COCCYX | HAND R [ ] L [ ] | NASAL BONES | SINUSES | (R) Zygomatic Arch |
| COMPARISON VIEW | HIPS, BILATERAL | ORBITS | SKULL | |
| ELBOW R [ ] L [ ] | HIPS R [ ] L [ ] | OS CALCIS R [ ] L [ ] | SONOGRAM | |
| ECHO | HOLTER MONITOR | PELVIS | STERNUM | |

REPORT: RIGHT ZYGOMATIC ARCH:    Old healed fracture of the posterior third of the right zygomatic arch.

*James R. Thompson, M.D.*
RADIOLOGIST
James R. Thompson, M.D.
Radiologist

☐ OK TO FILE
   M.D. INITIAL _____    DATE 5-17-96
   DR. K. DERUZAR
   STAFF PHYSICIAN MAIN JAIL

☐ PULL CHART
   FOLLOW UP

☐ NO FURTHER ACTION _____    DATE _____

_____
RADIOLOGIST SIGNATURE

_____    _____
DATE        PORT TYPED

_psych_

EMSA
X-RAY REPORT

PATIENT'S NAME:     HICKS, WILLIAM

DOB:               09/10/63

ARREST NUMBER:     BS9514533

FACILITY NAME:     NORTH BROWARD DET. CENTER

X-RAY NUMBER:      BS9514533

DATE OF FILMS:     08/21/96


INTERPRETATION


FACIAL BONES AND MANDIBLE:

STUDY IS TECHNICALLY SOMEWHAT LIMITED BUT I DO NOT SEE DEFINITE
ABNORMALITY.   IF SYMPTOMS PERSIST, ADDITIONAL STUDIES MAY BE
HELPFUL.

HERBERT GOLDBERG, M.D.
HG/mv
08/21/96



POMPANO BEACH MEDICAL CENTER
600 S.W. THIRD STREET
POMPANO BEACH, FL 33060

NAME: HICK,WILLIAM
PHYS: Gupta,Subhash
DOB: 09/10/63    AGE: 33    SEX: M
ACCT: N00956554262 LOCATION: N.RAD
EXAM DATE: 11/27/96 STATUS: OUT
RADIOLOGY NO: 24961506
UNIT NO: N000016140

(FAX)

FOR Dr. ELLIOTT 344-9651

EMSA
1550 BLOUNT ROAD
POMPANO BEACH, FL 33069

EXAMS: CT FACIAL BONES W/O CONTRAST, CT ORBITS W/O CONTRAST,
       CT ORBIT CORONAL VIEW

C.T. SCAN OF THE FACIAL BONES:

MULTIPLE THIN CORONAL AND AXIAL COMPUTERIZED TOMOGRAPHIC SECTIONS OF
THE FACIAL BONES AE OBTAINED.  THERE IS A SMALL CRACK IN THE LATERAL
WALL OF THE RIGHT MAXILLAY SINUS.  THERE ARE NO AIR FLUID LEVELS IN
THE RIGHT MAXILLARY SINUS.  THE REMAINDER OF THE WALLS OF THE RIGHT
MAXILLARY SINUS, AS WELL AS THE BONY ORBITS APPEAR NORMAL.  THE RIGHT
TEMPOROMANDIBULAR JOINT APPEARS NORMAL.  THE RIGHT ZYGOMATIC ARCH
APPEARS NORMAL.

IMPRESSION:

SMALL CRACK IN THE LATERAL WALL OF THE RIGHT MAXILLARY SINUS OTHERWISE
NORMAL EXAMINATION.

                    ** REPORT SIGNATURE ON FILE 11/28/96 **
                    REPORTED BY: STEPHEN EDELSTEIN, M.D.
                    SIGNED BY:   EDELSTEIN.STEVEN

    CC: EMSA

    TRANSCRIBED DATE/TIME: 11/27/96  1647
    TRANSCRIPTIONIST: NRAD.BLK
    PRINTED DATE/TIME: 11/28/96  1346;   BATCH NO: 1885

PAGE 1                          EMSA

**IMAGING REPORT**

```
POMPANO BEACH MEDICAL CENTER          NAME: HILL,WILLIAM
600 S.W. THIRD STREET                 PHYS: Gupta,Subhash
POMPANO BEACH, FL 33060               DOB: 09/10/63   AGE: 33      SEX: M
                                      ACCT: N00956554262 LOCATION: N.RAD
                                      EXAM DATE: 11/27/96 STATUS: OUT
                                      RADIOLOGY NO: 24661506
                                      UNIT NO: N000016140
```

EMSA
1550 BLOUNT ROAD
POMPANO BEACH, FL  33069


EXAMS: CT FACIAL BONES W/O CONTRAST, CT ORBITS W/O CONTRAST,
       CT ORBIT CORONAL VIEW

C.T. SCAN OF THE FACIAL BONES:

MULTIPLE THIN CORONAL AND AXIAL COMPUTERIZED TOMOGRAPHIC SECTIONS OF
THE FACIAL BONES AE OBTAINED.  THERE IS A SMALL CRACK IN THE LATERAL
WALL OF THE RIGHT MAXILLAY SINUS.  THERE ARE NO AIR FLUID LEVELS IN
THE RIGHT MAXILLARY SINUS.  THE REMAINDER OF THE WALLS OF THE RIGHT
MAXILLARY SINUS, AS WELL AS THE BONY ORBITS APPEAR NORMAL.  THE RIGHT
TEMPOROMANDIBULAR JOINT APPEARS NORMAL.  THE RIGHT ZYGOMATIC ARCH
APPEARS NORMAL.

IMPRESSION:

SMALL CRACK IN THE LATERAL WALL OF THE RIGHT MAXILLARY SINUS OTHERWISE
NORMAL EXAMINATION.


            ** REPORT SIGNATURE ON FILE 11/28/96 **
            REPORTED BY: STEPHEN EDELSTEIN, M.D.
            SIGNED BY:   EDELSTEIN,STEVEN


                              ☑ OK TO FILE                    12/3/96
                                M.D. INITIAL ___   DATE _____
                              ☐ PULL CHART
                                FOLLOW UP
                              ☐ NO FURTHER ACTION
CC: EMSA                        M.D. INITIAL _____   DATE _____

TRANSCRIBED DATE/TIME: 11/27/96 (1647)
TRANSCRIPTIONIST: NRAD.BLH
PRINTED DATE/TIME: 11/28/96 (1346)   BATCH NO: 1885


PAGE 1                          EMSA

# IMAGING REPORT
CO-496 5-95

RECEIVED

OCT 09 1997

EMSA
X-RAY REPORT

PATIENT'S NAME:            HICKS, WILLIAM

DOB:                      09/09/63

ARREST NUMBER:            BS9717076

FACILITY NAME:            BROWARD MAIN JAIL

X-RAY NUMBER:             BS9717076

DATE OF FILMS:            10/07/97

INTERPRETATION

NASAL BONES:

THERE ARE NO SIGNIFICANT RADIOGRAPHIC ABNORMALITIES DEMONSTRATED.

IMPRESSION: RADIOGRAPHICALLY NEGATIVE EXAM.

HUGH EISEN, M.D.
HE/sl
10/08/97
RADIOLOGIC CONSULTATION

☐ OK TO FILE
M.D. INITIAL                         DATE 10/10/97

☐ PULL CHART
FOLLOW-UP

☐ NO FURTHER ACTION
M.D. INITIAL _____          DATE _____

# EXHIBITS

## Affidavits by:

1.) Marshall Jackson DC #378129

2.) Thomas E Mock DC# E08566

3.) Paul Epstein DC# 659130

4.) Ronald Taylor DC #138872

5.) William M. Hicks DC #664670

NOTORIZED

# AFFIDAVIT

AFFIDAVIT OF: _Marshall S. Jackson_

STATE OF _Fla_ )
) SS.
COUNTY OF _Lake_ )

I, _Marshall S. Jackson_, do hereby swear that the following statement is true and correct, made on my own free will, and from my personal knowledge:

I am 32 years old and never been convicted of perjury. As a layman I can clearly observe and see Mr. Hicks jaw open to a very limited spot which is approx 1/4 inch wide and his jaw bone on the right side sticks out very noticeably. Upon opening his jaw which opens to the left rather than open normally up and down. His jaw makes crackling and popping noises I see clearly a scar on the top of his nose as well a scar under right eye and facial. Mr. Hicks right temple area is clearly caved in compared to the left side looking normal. Since I've known Mr. Hicks he has complained of constant pain daily I can if needed give testimony to this.

_Marshall P. Jackson_
Marshall S. Jackson 378124

1

## DECLARATION OF OATH

Under penalties of perjury, I, _Marshall Jackson_, declare that I have read the forgoing ›AFFIDAVIT‹ and that the facts stated in it are true, pursuant to Florida Statues, Chapter 92.525., on this _28_ day of _May_, 200_4_.

_Marshall D. Jackson_

Affaint, Declarant

NOTARY

STATE OF FLORIDA

COUNTY OF LAKE

Sworn to and subscribed before me this 28 day of MAY, 2004.

Did take an oath, and produced Department of corrections I.D. # as identification,

_Virginia C. Potter_

NOTARY PUBLIC

Virginia C. Potter
Commission # DD135904
Expires Aug. 3, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

Aug 3-2006

MY COMMISSION EXPIRES

3

NOTORIZED

# AFFIDAVIT

AFFIDAVIT OF: *Thomas E Mock*

STATE OF *Florida* )
) SS.
COUNTY OF *lake* )

I, *Thomas Emock*, do hereby swear that the following statement is true and correct, made on my own free will, and from my personal knowledge:

I am 24 years old and Never been charged or convicted of perjury. I dont have medical Training except for myself having T.M.J and Jaw dislocates while I chew food I was kicked in The jaw and Nose by a house. mr Hicks has a jaw bone sticking out of right side of his face Next to his ear. I can clearly see This jaw bone and when I feel my own jaw bone's it is No where Near That of mr Hicks. mr Hicks jaw has limitted opening and it locks and makes popping sounds when mr Hicks open's his jaw To the point it locks it Then shifts To the left as his jaw open's To the left. mr Hick's has a scaren bridge of Nose and a scar under right eye when I observe mr Hick's Temple features I can clearly see his right Temple erea have indentation compare To his left side which look's Normal I have personally heard mr Hick's complain of Pain in his jaw

1

I used to eat with mr Hicks at a table
set aside for persons with medical problems
such as slow eating pass.

Thomas Mock eo8566

## DECLARATION OF OATH

Under penalties of perjury, I, _THomas E moce_ , declare that I have read the forgoing ›AFFIDAVIT‹ and that the facts stated in it are true, pursuant to Florida Statues, Chapter 92.525., on this _28_ day of _Mal)_, 200__.

_Thomas Moce_

Affiant, Declarant

NOTARY

STATE OF FLORIDA
COUNTY OF LAKE

sworn to and subscribed before me this _28_ day of _MAY_, 2004.

Did take an oath, and produced Department of corrections I.D. # as identification.

_Virginia C. Potter_
NOTARY Public

Virginia C. Potter
Commission # DD135904
Expires Aug. 3, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

_Aug 3-2006_
MY COMMISSION EXPIRES

3

NOTORIZED

# AFFIDAVIT

AFFIDAVIT OF: Ronald L. Taylor

STATE OF Florida )
                         ) SS.
COUNTY OF Lake )

I, Ronald L. Taylor , do hereby swear that the following statement is true and correct, made on my own free will, and from my personal knowledge:

I am 42 years of age (born October 7, 1961) and have never been charged or convicted of perjury or falsehood.

Though I've not had any extensive medical training, I have been trained in first aid and emergency preparedness through the Boy Scouts Red Cross and United States Navy. That is to say that I am capable of recognizing an abnormality or injury and administering first aid.

Mr. Hicks, a personal friend of mine, asked me to examine his jaw and temples and explain my observations in affidavit.

Mr. Hicks obviously has had a serious injury to his jaw. The right side, where the lower jaw is hinged, has a large lump, an obvious disfigurement Also on the right side, just above the jaw, the temple is visibly more indented than the left temple.

When Mr. Hicks opens and closes his

1

mouth I am able to feel the joints on both sides pop. He claims these irregularities are painful and cause severe headaches. I have no trouble believing this after only a minimal observation.

Often the Medical Department, as well as the Department of Corrections, will try to deny a problem exists if they believe the problem will cost them money. Sad - but true, as many lawsuits have proven time and again.

Should it be required I will be available for further testimony, written or oral, ~~consern~~ concerning my observations of Mr. Hick's visible disformity or the lack of proper medical care for inmates in the custody of the Department of Corrections.

Ronald L. Taylor

Ronald L. Taylor 138812

## DECLARATION OF OATH

Under penalties of perjury, I, Ronald L. Taylor, declare that I have read the forgoing >AFFIDAVIT= and that the facts stated in it are true, pursuant to Florida Statues, Chapter 92.525., on this 28th day of May, 2004.

*Ronald L. Taylor*

Affiant, Declarant

NOTARY

STATE OF FLORIDA
COUNTY OF LAKE

Sworn to and subscribed before me this 28 day of MAY, 2004. Did take an oath, and produced Department of corrections E.D. # as identification.

*Virginia C. Potter*
NOTARY PUBLIC

Virginia C. Potter
Commission # DD135904
Expires Aug. 3, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

Aug 3-2006
MY COMMISSION EXPIRES

3

NOTORIZED

# AFFIDAVIT

AFFIDAVIT OF: _Paul Epstein_

STATE OF _Florida_ )
) SS.
COUNTY OF _Lake_ )

I, _Paul Epstein_, do hereby swear that the following statement is true and correct, made on my own free will, and from my personal knowledge:

I am 37 years old and have never been charged or convicted of dishonesty. I am also available to give an oral testimony if necessary. I also have not received any medical training. My statements concerning Mr. Hicks are of a laymans perspective and of my own observations during the time of us being incarcerated together, July 2002 through May 2004. During this time Mr. Hicks has complained about frequent headaches and pain and discomfort when laying down or move his neck. My personal observations of Mr. Hicks facial features are that his jaw is out of line and a large lump on his right side of neck compared to myself and others I notice a considerable difference. Also there is an indentation (w) temp.
I have also been incarcerated at the Broward County Jail (main, N Broward jail stockade) during the years of 92, 96-97, 99 or during which time I did not recall any

1

Information regarding Sick call Procedures IE. Orentation in the form of a Booklet. During all of my bookings I was taken to the nurse on duty and Vital Signs were taken. I was asked if I took medication or had any medical complaints. I have never been advised of a Sick Call or Grievance Procedure

Paul Epstein 059130

2

## DECLARATION OF OATH

Under penalties of perjury, I, _PAUL EPSTEIN_____, declare that I have read the forgoing >AFFIDAVIT= and that the facts stated in it are true, pursuant to Florida Statues, Chapter 92.525., on this __28__ day of __MAY__, 200 4.

_____

Affaint, Declarant

_NOTARY_

STATE OF FLORIDA

COUNTY OF LAKE

sworn to and subscribed before me this __28__ day of __MAY__, 2004.                    Did take an oath, and produced Department of corrections I.D.#              as identification.

_Virginia C. Potter_

NOTARY PUBLIC

Virginia C. Potter
Commission # DD135904
Expires Aug. 3, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

Aug 3-2006

MY COMMISSION EXPIRES

3

NOTORIZED

# AFFIDAVIT

AFFIDAVIT OF: _William M. Hicks_

STATE OF _FLORIDA_ )
) SS.
COUNTY OF _LAKE_ )

I, _William M. Hicks_, do hereby swear that the following statement is true and correct, made on my own free will, and from my personal knowledge:

I state I have severe 24 hour a day headaches stemming from jaw and kneck which my head is filled with constant pain, dizzyness, confusion, ect. since 1996 assault and not recieving any prompt proper medical care to wit, serjanies, proper x-rays and specialists whom were unbiased, my jaw opens at most two fingers wide and locks. The jaw pops and cracks as well opens to the left, the jaw is out of alignment as the (R) jaw bone sticks out. The jaw is getting worse to wit, closer of opening &, as Doctors advised would happen. (R) temple area is still tender and nerves are touchy as if EMSA done wired skull (temple) closed when ordered. Hicks may not have such permenant damage such as nerve damage and all that goes with, it as well possible nerves trapped when the bone was allowed to grow back on its own. Hicks eyes are getting worse exspecially the left. Also possible brain damage still as the amount of pain is

1

have to have. Hicks now known kneck damage recorded in his D.O.C. medical file showing 5+6 vertabra damage and or thith's now pluss feels like sand in kneck when moving. Hicks still has problem with sinuses due to the sinus collapsing as recorded in medical file. Hicks has permenant life long injuries as a result of all defendant's deliberate indifference to serious medical needs. Hicks jaw is still considered serious as it gets worse and not better. No matter how hard Hicks trys for medical in D.O.C. he will not recieve untill this civil suit is done and over. Why, good question as DOC has nothing to do with suit and by law, sentencing papers and U.S.C. he's suppose to recieve proper prompt medical care. There is still unknown injuries that are and were known in 1996. But are not being revealed. All MRI, CT scans report normal. But this is not true as clearly pointed out in all affidavits. Hicks has placed exhibits A-O with his response to Defendant's summary judgment totalling over 1500 pages. The record is clear to conside with affidavits of a serious life permenant ongoing medical condition that still needs to be treated. SEE EX. A. First page newspaper article on pain. Hicks is the same.

William M. Hicks, 664196
William M. Hicks, prose

2

## DECLARATION OF OATH

Under penalties of perjury, I, _William M. Hicks_, declare that I have read the forgoing ›AFFIDAVIT= and that the facts stated in it are true, pursuant to Florida Statues, Chapter 92.525., on this _28_ day of _MAY_, 200_4_.

_William M. Hicks 66420_

Affaint, Declarant

_NOTARY_

STATE OF FLORIDA
COUNTY OF LAKE

Sworn to and subscribed before me this _28_ day of _MAY_, 2004. Did take an oath, and produced Department of corrections I.D. # as identification.

_Virginia C. Potter_

NOTARY PUBLIC

Virginia C. Potter
Commission # DD135904
Expires Aug. 3, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

_Aug 3 - 2004_

MY COMMISSION EXPIRES

COMPLAINTS ON
LICENSES

# EXHIBIT N

1.) DR. martin, M.D. psychiatrist resigns
from psychiatry:

2.) DR. Davis, M.D.:

3.) DR. Jack Cline, DDS:

4.) DR. miGuel A. Tome, M.D. Radiologist:



**FLORIDA DEPARTMENT OF**
# HEALTH

Jeb Bush
Governor

John O. Agwunobi, M.D., M.B.A.
Secretary

## NOTICE

Name: _____ **Winthrop E. Davis** _____

License number: _____ ME 45725 _____

Additionally, the licensee has _____ **4** _____ closed medical malpractice claim(s). In order to obtain information, please send a written request to:

**Florida Department of Financial Services**
**ATTN: Document Processing Section**
**Post Office Box 5320**
**Tallahassee, Florida 32314-5320**

The cost is .50 per page and each closed claim is approximately 4-5 pages long. If you have any questions, please contact the Department of Financial Services at (850) 413-3149 or fax (850) 488-3429.

Web address: http://www.fldfs.com

Final Order No. DOH-02-1636-S -MQA
FILED DATE - 10/29/02
Department of Health

By: *Vicki R. Kenon*
Deputy Agency Clerk

STATE OF FLORIDA
BOARD OF MEDICINE

DEPARTMENT OF HEALTH,

      Petitioner,

vs.                    DOH Case No.: 2000-10390
                        License No.: ME0045725

WINTHROP CRUSAN DAVIS, M.D.,

      Respondent.

_____/

## FINAL ORDER

THIS CAUSE came before the BOARD OF MEDICINE (Board) pursuant to Sections 120.569 and 120.57(4), Florida Statutes, on October 4, 2002, in Miami, Florida, for the purpose of considering a Consent Agreement (attached hereto as Exhibit A) entered into between the parties in this cause. Upon consideration of the Consent Agreement, the documents submitted in support thereof, the arguments of the parties, and being otherwise fully advised in the premises,

IT IS HEREBY ORDERED AND ADJUDGED that the Consent Agreement as submitted be and is hereby approved and adopted in toto and incorporated herein by reference. Accordingly, the parties shall adhere to and abide by all the terms and conditions of the Consent Agreement.

This Final Order shall take effect upon being filed with the Clerk of the Department of Health.

DONE AND ORDERED this _____ 27 day of OCTOBER ,
2002.

BOARD OF MEDICINE

_____
Larry McPherson, Jr., Executive Director
*for* Zachariah P. Zachariah, M.D., Chair

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the
foregoing Final Order has been provided by U.S. Mail to WINTHROP
CRUSAN DAVIS, M.D., 700 NE 7th Avenue, Suite 3, Ft. Lauderdale,
Florida 33304; to Paul W. Lambert, Esquire, Lambert Law Firm,
Magnolia Centre, Suite 102, 1203 Governor's Square Boulevard,
Tallahassee, Florida 32301-2960; and by interoffice delivery to
Ephraim Livingston and Pamela Page, Department of Health, 4052
Bald Cypress Way, Bin #C-65, Tallahassee, Florida 32399-3253 this
29 day of October , 2002.

_____

F:\Users\ADMIN\NANCY\MED\ORD\10-02-Disc\Davis.wpd

2

**STATE OF FLORIDA**
**DEPARTMENT OF HEALTH**

DEPARTMENT OF HEALTH,

   Petitioner,

 v.         **DOH Case No. 2000-10390**

WINTHROP CRUSAN DAVIS, M.D.,

   Respondent.

_____/

## CONSENT AGREEMENT

  WINTHROP CRUSAN DAVIS, M.D., referred to as the "Respondent," and the Department of Health, referred to as "Department" stipulate and agree to the following Agreement and to the entry of a Final Order of the Board of Medicine, referred to as "Board," incorporating the Stipulated Facts and Stipulated Disposition in this matter.

  Effective July 1, 1997, Petitioner is the state agency charged with regulating the practice of medicine pursuant to Section 20.43, Florida Statutes, Chapter 456, Florida Statutes, and Chapter 458, Florida Statutes. Pursuant to the provisions of Section 20.43(3), Florida Statutes, the Petitioner has contracted with the Agency for Health Care Administration to provide consumer complaint, investigative, and prosecutorial services required by the Division of Medical Quality Assurance, councils, or boards, as appropriate.

## STIPULATED FACTS

1.  At all times material hereto, Respondent was a licensed physician in the State of Florida having been issued license number ME 0045725.

2.  Respondent was charged by an Administrative Complaints filed by the Department and properly served upon Respondent with violations of Chapter 458, Florida Statutes, and the rules enacted pursuant thereto.  A true and correct copy of the Administrative Complaint is attached hereto as Exhibits A.

3.  Respondent neither admits nor denies the allegations of fact contained in the Administrative Complaint for purposes of these proceedings only.

## STIPULATED CONCLUSIONS OF LAW

1.  Respondent admits that, in his capacity as a licensed physician, he is subject to the provisions of Chapters 456 and 458, Florida Statutes, and the jurisdiction of the Department and the Board.

2.  Respondent admits that the facts that gave rise to this case, if proven, would constitute violations of Chapter 458, Florida Statutes.

3.     Respondent admits that the Stipulated Disposition in this case is fair, appropriate and acceptable to Respondent.

## STIPULATED DISPOSITION

1.  **FUTURE CONDUCT**.   Respondent shall not in the future violate Chapters 456, 458 and 893, Florida Statutes, or the rules promulgated pursuant thereto.  Prior to signing this agreement, Respondent read Chapters 456, 458, and

2

893, Florida Statutes, and the Rules of the Board of Medicine, at Chapter 64B8, Florida Administrative Code.

2. **REIMBURSEMENT OF COSTS.** Respondent agrees to reimburse the Department for any administrative costs incurred in the investigation and preparation of this case, including costs assessed by the Division of Administrative Hearings, if applicable, and by the Board of Medicine office. The agreed upon Agency cost to be reimbursed in this case is one thousand five dollars ($1,500.00). The costs shall be paid by the Respondent to the Board of Medicine within **TWO (2) YEARS** of imposition by Final Order of the Board. **THE RESPONDENT ACKNOWLEDGES THAT THE TIMELY PAYMENT OF THE COSTS IS HIS LEGAL OBLIGATION AND RESPONSIBILITY AND RESPONDENT AGREES TO CEASE PRACTICING IF THE COSTS ARE NOT PAID AS AGREED TO IN THIS CONSENT AGREEMENT, SPECIFICALLY: IF THE RESPONDENT HAS NOT RECEIVED WRITTEN CONFIRMATION THAT THE FULL AMOUNT OF THE COSTS NOTED ABOVE HAS BEEN RECEIVED BY THE BOARD OFFICE WITHIN TWO (2) YEARS OF THE FILING OF THE FINAL ORDER, THE RESPONDENT AGREES TO CEASE PRACTICE UNTIL SUCH WRITTEN CONFIRMATION IS RECEIVED BY THE RESPONDENT FROM THE BOARD. (SEE EXHIBIT B, PARAGRAPH E OF THIS CONSENT AGREEMENT FOR BOARD ADDRESS AND STANDARD TERMS.)**

3. **LICENSE REINSTATEMENT:** Respondent's Florida license shall be reinstated, subject to the restrictions that Respondent shall maintain a licensure-

long contract with PRN, and shall not actively practice medicine in the State of Florida, unless and until Respondent appears before the Board of Medicine and demonstrates the ability to practice with skill and safety to patients.

4.     Should Respondent wish to return to active practice of medicine in Florida he shall notify the Board of Medicine which may then impose a period of probation with such terms as the Board may deem appropriate.

5.     **MITIGATING FACTORS:**  Respondent has no prior discipline. No restraints or legal restraints on his license existed at time of offense. The allegations against Respondent do not include substandard care or impact on patients.

6.     It is expressly understood that this Agreement is subject to the approval of the Board and the Department.   In this regard, the foregoing paragraphs (and only the foregoing paragraphs) shall have no force and effect unless a Final Order incorporating the terms of this Agreement is entered by the Board.

7.     Respondent shall appear before the Board at the meeting of the Board where this Agreement is considered.  Respondent, in conjunction with the consideration of this Agreement by the Board, shall respond to questions under oath from the Board, Board Staff or Department Staff.  Respondent shall be prepared to explain the circumstances involved in this matter and what measures have been taken to prevent a recurrence.  However, Respondent shall offer no

evidence, testimony or argument that disputes or contravenes any stipulated fact or conclusion of law.

8.    Should this Agreement be rejected, no statement made in furtherance of this Agreement by the Respondent may be used as direct evidence against the Respondent in any proceeding; however, such statements may be used by the Petitioner for impeachment purposes.

9.    Respondent and the Department fully understand that this joint Agreement and subsequent Final Order incorporating same will in no way preclude additional proceedings by the Board or the Department against the Respondent for acts or omissions not specifically set forth in the Administrative Complaint.

10.    Upon the Board's adoption of this Agreement, Respondent expressly waives all further procedural steps, and expressly waives all rights to seek judicial review of or to otherwise challenge or contest the validity of the Agreement and the Final Order of the Board incorporating said Agreement.

11.    Respondent waives the right to seek any attorney's fees or costs from the Department in connection with this matter.

12.    This Agreement is executed by the Respondent for the purpose of avoiding further administrative action with respect to this cause.  In this regard, Respondent authorizes the Board to review and examine all investigative file materials concerning Respondent prior to or in conjunction with consideration of the Agreement.  Furthermore, should this joint Agreement not be accepted by the Board, it is agreed that presentation to and consideration of this Agreement and

other documents and matters by the Board shall not unfairly or illegally prejudice the Board or any of its members from further participation, consideration or resolution of these proceedings.

SIGNED this 6th day of ___JUNE___, 2002.

_Winthrop Crusan Davis,_

WINTHROP CRUSAN DAVIS, M.D.

Before me, personally appeared _Winthrop Crusan Davis, MD_, whose identity is known to me by _Florida Drivers License_ (type of identification) and who, under oath, acknowledges that his/her signature appears above.
Sworn to and subscribed before me this _6th_ day of ___June___, 2002.

_Joyce K. Mitchell_

NOTARY PUBLIC

APPROVED this 24th day of ___July___, 2002

John O. Agwunobi, M.D., M.B.A.
Secretary, Department of Health

By:    Nancy M. Snurkowski
Chief Attorney, Practitioner Regulation

6

STATE OF FLORIDA
DEPARTMENT OF HEALTH

DEPARTMENT OF HEALTH,                    )
                                         )
            PETITIONER,                  )
                                         )
    vs.                                  )          CASE NO. 2000-10390
                                         )
WINTHROP CRUSAN DAVIS, M.D.,             )
                                         )
                                         )
            RESPONDENT.                  )
_____ )

## ADMINISTRATIVE COMPLAINT

COMES NOW the Petitioner, Department of Health, hereinafter referred to as "Petitioner," and files this Administrative Complaint before the Board of Medicine against Winthrop Crusan Davis, M.D., hereinafter referred to as "Respondent," and alleges:

1.     Effective July 1, 1997, Petitioner is the state agency charged with regulating the practice of medicine pursuant to Section 20.43, Florida Statutes; Chapter 456, Florida Statutes, and Chapter 458, Florida Statutes.  Pursuant to the authority of Section 20.43(3), Florida Statutes, the Petitioner has contracted with the Agency for Health Care Administration to provide consumer complaint, investigative and prosecutorial services required by the Division of Medical Quality Assurance, councils, or boards, as appropriate.

1

2.    Respondent is and has been at all times material hereto a licensed physician in the state of Florida, having been issued license number ME 0045725. Respondent's last known address is 700 NE 7th Avenue, Suite #3, Ft. Lauderdale, Florida 33304.

3.    The Physicians Recovery Network (hereinafter referred to as "PRN") is the impaired practitioners program for the Board of Medicine, pursuant to Section 456.076, Florida Statutes. PRN is an independent program that monitors the evaluation, care and treatment of impaired healthcare professionals. PRN oversees random drug screens and provides for the exchange of information between the treatment providers, PRN and the Department, for the protection of the public. Raymond M. Pomm, M.D. is the Medical Director of the PRN and is charged with responsibility for the oversight of the program and documentation of compliance and noncompliance with PRN monitoring contracts.

4.    Respondent's first encounter with PRN was in February 1990 when he admitted himself to the Mt. Sinai Medical Center in Miami, Florida, for detoxification and treatment for chemical and alcohol dependence. Prior to that time, Respondent had been treated for chemical dependency on several occasions in the early and mid 1980's.

5.    In or about February 1990, following completion of treatment at Mt. Sinai Medical Center, Respondent transferred to the Talbott Recovery Center, in Atlanta, Georgia, for long-term residential treatment for polysubstance dependency (alcohol, benzodiazepines, opiates and stimulants).

2

6.    On or about May 26, 1990, Respondent successfully completed his rehabilitation program at Talbott Recovery Center and was discharged.

7.    At the time of Respondent's discharge, he signed a PRN monitoring contract. The PRN contract provided that Respondent would: a) submit to random urine drug or blood screens;  b) abstain from any use of drugs or alcohol; c) attend Alcoholics or Narcotics Anonymous meetings four-five times a week; d) participate in continuing care group therapy three times a week; e) attend a 12-step program for recovering professionals; f) agree to intensive outpatient treatment two times per week; g) notify PRN of the use of any drugs or alcohol; h) notify PRN of any changes in address; i) contact the PRN office by phone on a monthly basis; j) provide appropriate release forms for urine screen results, treatment center records, therapist reports, and other written and verbal information required to comply and in compliance with the above requirements; and k) to withdraw from practice for evaluation at the request of PRN if any problem develops.

8.    In October 1990, April of 1991, and again in November of 1991, Respondent experienced three separate relapses of his chemical dependency.  Each time Respondent was retreated and established a new PRN contract.  The terms of the PRN contracts contained the same terms as set out in paragraph 7 above with the exception that Respondent was required to attend additional group therapy meetings every week.

9.    Again in December of 1992, Respondent experienced a chemical relapse. He underwent treatment at Talbot Recovery Center in Atlanta, Georgia.

3

10.     In May of 1993, Respondent completed treatment at the Talbot Recovery Center and established a new PRN monitoring contract.  The contract provided that Respondent would: a) submit to random urine drug or blood screens; b) abstain from any use of drugs or alcohol; c) attend Alcoholics or Narcotics Anonymous meetings four-five times a week; d) participate in continuing care group therapy three times a week; e) attend a 12-step program for recovering professionals; f) agree to intensive outpatient treatment two times per week;  g) notify PRN of the use of any drugs or alcohol; h) notify PRN of any changes in address; i) contact the PRN office by phone on a monthly basis; j) provide appropriate release forms for urine screen results, treatment center records, therapist reports, and other written and verbal information required to comply and in compliance with the above requirements; and k) withdraw from practice for evaluation at the request of PRN if any problem develops.

11.     In July of 1998, Respondent's five-year monitoring contract was extended for a year due to his being charged with shoplifting and two DUI's.

12.     On or about February of 2000, PRN received a report from Respondent's ex-wife, a physician, reporting that when she took their children to Respondent's home or picked the children up from visits with their father, she noticed slurred speech and erratic behavior by Respondent.

13.     As a result of the information received regarding Respondent's behavior, PRN contacted Respondent and requested that he undergo an inpatient evaluation with a Board-approved treatment provider.  Respondent refused to undergo evaluation.

14.    In early March of 2000, the circuit court judge assigned to the custody dispute between Respondent and his ex-wife appointed guardians ad litem, both mental health professionals, to review the matter and make recommendations to the court based on the best interest of the parties' children.

15.    The guardians ad litem observed Respondent on several occasions and concluded that Respondent suffered from hypoglycemia and that he refused to adjust his diet to address his health problems, that he appeared depressed and that they could not rule out the possibility of chemical dependency or alcohol dependency as his behavior was erratic.

16.    The guardians ad litem recommended to the circuit court that Respondent undergo a complete physical and mental screening and be required to submit to random drug screening.  PRN's last contact with the guardians ad litem indicated that Respondent had canceled appointments with them and did not undergo an evaluation.

17.    On or about May 11, 2000, PRN sent Respondent a certified letter telling him that he needed to undergo an evaluation.  Respondent did not claim the letter.

18.    On or about July 17, 2000, Dr. Pomm, Executive Director of PRN, sent a letter to AHCA stating that due to Respondent's extensive and complicated history of chemical dependency, which required multiple treatments, coupled with the serious reports PRN had received recently concerning Respondent's behavior, stability, and his unwillingness to cooperate with the Court and with PRN, there was sufficient basis to be concerned about Respondent's ability to practice medicine with reasonable skill and safety to patients by reason of illness, the use of drugs, alcohol, narcotics, or any other

type of material or as a result of any mental or physical condition. Dr. Pomm concluded by stating that due to the serious nature of the information PRN had received concerning Respondent's behavior and his stability, including a police report and a report from court-appointed mental health professionals, and Respondent's unwillingness to cooperate with PRN, it was his opinion that "Respondent is unsafe to practice his profession with reasonable skill and safety, and is a threat to the public health, safety and welfare."

19.    On or about September 19, 2000, based on the information received from PRN, the Department issued an Order Compelling Mental and Physical Examination of Respondent by Jeffrey D. Kamlet, M.D., a psychiatrist, to be performed on October 5, 2000.    Respondent presented to Dr. Kamlet's office and Dr. Kamlet conducted an evaluation.

20.    On or about October 6, 2000, Dr. Kamlet issued an evaluation report, which contained conclusions and recommendations regarding the ability of Respondent to practice medicine with reasonable skill and safety to patients.

21.    Dr. Kamlet diagnosed Respondent with major depression and recurrent and chronic relapsing polysubstance abuse. He also concluded that he found no subjective or objective evidence of continuing substance abuse or alcoholism or any evidence of hypoglycemia.

22.    Dr. Kamlet recommended that "Dr. Davis withdraw from practice until an appropriate period of time of clean random observed drug and alcohol screening has been documented, Dr. Davis has been cleared psychiatrically to return to work with skill

6

and safety necessary for his profession and until he has entered into a PRN monitoring contract."

## COUNT ONE

23.    Petitioner realleges and incorporates paragraphs one (1) through twenty-two (22), as if fully set forth herein this Count One.

24.    Respondent is unable to practice medicine with reasonable skill and safety to patients by reason of illness or use of alcohol, drugs, narcotics, chemicals, or any other type of material or as a result of any mental or physical condition, in that Respondent's extensive and complicated history of chemical and alcohol dependency, coupled with the serious reports PRN received recently concerning Respondent's behavior, stability, and his unwillingness to cooperate and comply with the circuit court and with the recommendations of PRN, indicate his inability to practice medicine with skill and safety to patients.

25.    Based on the foregoing, Respondent has violated Section 458.331(1)(s), Florida Statutes, by being unable to deliver respiratory care services with reasonable skill and safety to patients by reason of illness or use of alcohol, drugs, narcotics, chemicals, or any other type of material or as a result of any mental or physical condition.

WHEREFORE, the Petitioner respectfully requests the Board of Medicine enter an order imposing one or more of the following penalties:  permanent revocation or

suspension of the Respondent's license, restriction of the Respondent's practice, imposition of an administrative fine, issuance of a reprimand, placement of the Respondent on probation, the assessment of costs related to the investigation and prosecution of this case as provided for in Section 456.072(4), Florida Statutes, and/or any other relief that the Board deems appropriate.

SIGNED this _21ˢᵗ_ day of _November_____, 2000.

Robert G. Brooks, M.D., Secretary

Kathryn L. Kasprzak
Chief Medical Attorney

COUNSEL FOR DEPARTMENT:

Kathryn L. Kasprzak
Chief Medical Attorney
Agency for Health Care Administration
P. O. Box 14229
Tallahassee, Florida 32317-4229
Florida Bar #0937819
KLK/kmk
PCP: November 20, 2000
PCP Members: Cerda, Winchester, Pardue

**FILED**
DEPARTMENT OF HEALTH
DEPUTY CLERK
CLERK _Vicki R. Kenon_
DATE _11/21/00_

F I L E D

Department of Professional Regulation
AGENCY CLERK

STATE OF FLORIDA
DEPARTMENT OF PROFESSIONAL REGULATION
BOARD OF DENTISTRY

CLERK _____

DATE _____2-25-91_____

DEPARTMENT OF PROFESSIONAL
REGULATION,

    Petitioner,

vs.

    CASE NO.:  00066594
    LICENSE NO.:  DN 0008037

JACK ANDREW CLINE, D.D.S.,

    Respondent.

_____/

## FINAL ORDER

THIS MATTER was heard by the Board of Dentistry pursuant to Section 120.57(3), Florida Statutes, on January 4, 1991, in Tallahassee, Florida.  The Board considered the proposed Stipulation entered into by the parties in this cause which is attached to this Order.  Petitioner was represented by Nancy M. Snurkowski, Senior Attorney.  Respondent was present and was not represented by legal counsel.  The parties had been properly noticed of the hearing.  Upon consideration, it is ORDERED AND ADJUDGED:

    1.  The proposed Stipulation is hereby approved and adopted and incorporated herein by reference.

    2.  Respondent shall adhere to and abide by all the terms and conditions of the Stipulation.

    3.  This Final Order shall be placed in and become a permanent part of Respondent's official record with the Board.

4.   This Final Order becomes effective upon being filed with the Board Clerk.

DONE AND ORDERED this _21_ day of _February_ 1991.

BOARD OF DENTISTRY

WILLIAM F. ROBINSON, D.D.S
CHAIRMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Final Order has been forwarded by Certified United States Mail this _25th_ day of _February_, 1991, to Jack Andrew Cline, D.D.S., 2639 Castilla Isle, Ft. Lauderdale, Florida 33301, and hand delivered to Nancy M. Snurkowski, Senior Attorney, Department of Professional Regulation, 1940 North Monroe Street, Tallahassee, Florida 32399-0750.

William H. Buckhalt, C.P.M.
Executive Director
Board of Dentistry

RECEIVED
BUREAU OF LEGAL SERVICES

STATE OF FLORIDA
DEPARTMENT OF PROFESSIONAL REGULATION    90 OCT -3 AM 11: 19

DEPARTMENT OF PROFESSIONAL
REGULATION,

        Petitioner,

vs.                      CASE NO.  0066594

JACK ANDREW CLINE, D.D.S.,

        Respondent.
_____/

## STIPULATION

    Jack Andrew Cline, D.D.S., hereinafter referred to as
Respondent, and the Department of Professional Regulation,
hereinafter referred to as Department, hereby stipulate and agree
to the following joint Stipulation and Final Order of the Board
of Dentistry, hereinafter referred to as Board, incorporating
this Stipulation and agreement in the above-styled manner.

## STIPULATED FACTS

    1.  For all times pertinent hereto, Respondent was a
licensed dentist in the State of Florida, having been issued
license number DN 0008037.  Respondent's last known address is
319 N.E. 23rd Avenue, Fort Lauderdale, Florida 33301.

    2.  Respondent was charged by an Administrative Complaint
filed by the Department and properly served upon Respondent with
violations of Chapter 466, Florida Statutes, and Chapter 455,
Florida Statutes.  A true and correct copy of the Administrative
Complaint is attached hereto and incorporated by reference as
Exhibit A.

1

3.  Respondent neither admits nor denies the matters of facts alleged in the Administrative Complaint attached hereto as Exhibit A.

### STIPULATED CONCLUSIONS OF LAW

1.  Respondent, in his capacity as a licensed dentist, admits that in such capacity he is subject to the provisions of Chapter 455 and 466, Florida Statutes, and the jurisdiction of the Department and the Board.

2.  Respondent neither admits nor denies that the facts set forth in the foregoing stipulated facts constitute violations of Chapter 455 and Chapter 466, Florida Statutes as alleged in the Administrative Complaint.

### STIPULATED DISPOSITION OF LAW

1.  Respondent shall, in the future, comply with Chapters 466 and 455, Florida Statutes, and the rules promulgated pursuant thereto.

2.  Respondent, to avoid the necessity of further administrative proceedings in this case stipulate to the following:

a.  The Board shall impose an Administrative Fine of five hundred ($500.00) dollars against the Respondent.  Said fine shall be paid by the Respondent to the Executive Director of the Board of Dentistry, 1940 North Monroe Street, Tallahassee, Florida 32399-0750 within thirty (30) days of rendition of the Final Order by the Board of Dentistry, which Final Order incorporates this Stipulation.

b.  Respondent's license to practice dentistry shall receive a reprimand in this matter.

3.  It is expressly understood that this Stipulation is subject to approval of the Board and the Department has no force and effect until an Order is based upon it by the Board.

4.  This Stipulation is executed by the Respondent for purpose of avoiding further administrative action with respect to this cause.  In this regard, Respondent authorizes the Board to review and examine all investigative file materials concerning Respondent prior to or in conjunction with consideration of the Stipulation.  Furthermore, should this joint Stipulation not be accepted by the Board, it is agreed that presentation to and by the Board shall not unfairly or illegally prejudice the Board or any of its members from further participation, consideration or resolution of these proceedings.

5.  Respondent and the Department fully understand that this joint Stipulation and subsequent Final Order incorporating same will in no way preclude additional proceedings by the Board and/or Department against the Respondent for acts or omissions not specifically set forth in the Administrative Complaint attached as Exhibit A issued in this cause.  If the Stipulation is rejected by the Board of Dentistry, the Respondent has not waived his rights to a formal or informal hearing pursuant to Chapter 120, Florida Statutes.

6.  Respondent expressly waives all further procedural steps, and expressly waives all rights to seek judicial review of

3

or otherwise challenge or contest the validity of the joint Stipulation of facts, conclusions of law, and imposition of discipline and the Final Order of the Board incorporating said Stipulation.

7. The Respondent waives the right to seek any attorney's fees or costs from the Department in connection with this disciplinary proceeding.

WHEREFORE, the parties hereto request the Board to enter a Final Order accepting and implementing the terms contained herein.

Jack Andrew Cline
Respondent
Case No. 0066594

Sworn to and subscribed
before me this 25
day of September 1990.

NOTARY PUBLIC

STATE OF FLORIDA NOTARY
COMMISSION EXPIRES 9/11/93

My Commission Expires:

APPROVED this 15th day of October, 1990.

Larry Gonzalez
Secretary

by: _____
Charles F. Tunnicliff
Chief Attorney

NMS/ceh
4/10/90

STATE OF FLORIDA
DEPARTMENT OF PROFESSIONAL REGULATION
BOARD OF DENTISTRY

DEPARTMENT OF PROFESSIONAL
REGULATION,

        Petitioner,            Case No.    0086598

vs.

JACK ANDREW CLINE, D.D.S.,

        Respondent.
_____/

ADMINISTRATIVE COMPLAINT

COMES NOW, the Petitioner, Department of Professional
Regulation, hereinafter referred to as "Petitioner", and files
this Administrative Complaint before the BOARD OF DENTISTRY,
against Jack Andrew Cline, D.D.S., hereinafter referred to as
"Respondent", and alleges:

1.  Petitioner, Department of Professional Regulation, is
the state agency charged with regulating the practice of
dentistry pursuant to Section 20.30, Florida Statutes; Chapter
455, Florida Statutes; and Chapter 466, Florida Statutes.

2.  Respondent is, and has been at all times material
hereto, a licensed dentist in the State of Florida, having been
issued license number DN0005037.  Respondent's last known address
is 2021 North Federal Highway, Ft. Lauderdale, Florida 33306.

3.  Between November 10, 1982, and July 7, 1983, Respondent
provided dental services for ███████ M████████.  Respondent
constructed an eleven unit fixed splint extending from the
maxillary right second molar to the maxillary left first
bicuspid.  On follow-up appointments  the Respondent checked the
bridge and bite and noted in the patient's records.  On July 7,
1983, the patient returned complaining of a toothache.  The
Respondent referred the patient to an endodontist for root canal
therapy on tooth #25.

4.  After July, 1983, the patient was treated by several
different doctors at Shepard Dental Center for various problems.
The eleven unit bridge had to be recemented on several occasions.

5.  On or about April 24, 1986, the patient was examined by
the investigative consultant for Department of Professional

Regulation. The Consultant's evaluation revealed the following: teeth #'s 1, 3, 4, 5, 7, 12, 13, 14, 15, and 16 missing; in place was a metal-porcelain crown retainer on tooth #2; the pontic replacing tooth #3 had fractured off destroying the intergrity of the fixed splint; pontics #4 and 5 were unsupported on the distal which creates a tremendous cantilever effect on the remaining portion of the splint; recurrent decay was found on the retainer at the gingival of tooth #6, as well as at the facial gingival.

6. The services performed by the Respondent fell below the standards of care when measured against prevailing peer performance, in part, but not limited to the following:

a) The design and construction of the eleven unit bridge was defective resulting in repeated cementing of the bridge, the fracture of tooth #3 destroying the integrity of the fixed splint, the pontics of #4 and #5 were unsupported thus causing a tremendous cantilever effect and the continued failure of the splint.

b) The repeated necessity to cement the appliance was due to faulty diagnosis and treatment planning or the faulty performance of services provided to the patient.

7. Based upon the foregoing, the Respondent has violated Section 466.028(1)(y), Florida Statutes (1981), by being guilty of incompetence by failing to meet the minimum standards of performance in diagnosis and treatment when measured against generally prevailing peer performance.

WHEREFORE, Petitioner respectfully requests the BOARD OF DENTISTRY to enter an Order imposing one or more of the following penalties: revocation or suspension of the Respondent's license, restriction of the Respondent's practice, imposition of an administrative fine, issuance of a reprimand, placement of the Respondent on probation, and/or any other relief that the Board deems appropriate.

SIGNED this _1st_ day of _September_____, 1987.

FILED
Department of Professional Regulation
AGENCY CLERK
CLERK_____
DATE __9/3/87__

Van B. Poole
Secretary

by: _____
Bruce D. Lamb
Chief Attorney

STATE OF FLORIDA
DEPARTMENT OF PROFESSIONAL REGULATION

BOARD:                              DENTISTRY

CASE NUMBER:                        00045376

COMPLAINT MADE BY:                  

DATE OF COMPLAINT:                  February 15, 1984

COMPLAINT MADE AGAINST:             Jack A. Cline
                                    1505 North Federal Highway
                                    Fort Lauderdale, Fl  33304

INVESTIGATED BY:                    John Jorgensen
                                    Fort Lauderdale-BIS

REVIEWED BY:                        Nancy M. Snurkowski

RECOMMENDATION:                     NOLLE PROSSE (PL-82)

## CLOSING ORDER/DETAILED REPORT

**THE COMPLAINT:**   The treatment provided by the Respondent
failed to meet the minimum standard of performance when measured
against generally prevailing peer performance.

**THE FACTS:**   The patient presented to the Sheppard Dental
Clinic for examination/consultation and treatment.  A treatment
plan was developed and the Respondent began root canal therapy and
crown preparations for several teeth.  Prior to the completion of
the treatment and after extensive cervices had begun, the clinic
management barred the patient from the facility due to disruptive
behavior and failure of the patient to resolve an outstanding
balance.  The Respondent did not have control over the scheduling
of the patients.

Subsequent to receiving treatment by Respondent, the patient
presented himself to at least ten (10) other dentists seeking
treatment. Consistently, the patient's personal dental hygiene was
described as poor and contributory to his poor dental health.

Based upon the mitigating factors described above, the amount
of time that has elapsed thus impacting on the ability of witnesses
to recall the events and the fact that the Respondent no longer
practices dentistry, this case shall be closed without further
prosecution.

THE LAW:   The Petitioner has the burden of proving the allegations with clear and convincing evidence.   _Ferris v. Turlington_, 510 So. 2nd 292, (Fla. 1987).   There is insufficient evidence for the Department to meet this burden and prevail at the final hearing.

Presented to the Probable Cause Panel this 10th day of DEC 1992.

_____
Prosecutor

It is, therefore, ORDERED that this matter be, and same is hereby, DISMISSED.

DONE AND ORDERED this 30th day of December 1992.

By: _____
Nancy M. Snurkowski
Chief Attorney

FILED
Department of Professional Regulation
AGENCY CLERK

DEPARTMENT OF PROFESSIONAL REGULATION
BOARD OF MEDICINE

CLERK _____

DATE ___8-12-92___

DEPARTMENT OF PROFESSIONAL
REGULATION,

    Petitioner,

v.

    DPR CASE NUMBER: 91-03298
    LICENSE NUMBER:  ME 0016574

MIGUEL A. TOME, M.D.,

    Respondent.

_____/

## FINAL ORDER

THIS MATTER came before the Board of Medicine (Board pursuant to Section 120.57(3), Florida Statutes, on August 7, 1992, in Tallahassee, Florida, for consideration of a Consent Agreement (attached hereto as Exhibit A) entered into between the parties in the above-styled case. Upon consideration of the Consent Agreement, the documents submitted in support thereof, the arguments of the parties, and being otherwise advised in the premises, the Board rejected the Consent Agreement proposed and offered an amendment at the hearing, which amendment was accepted without objection by the parties.

IT IS HEREBY ORDERED AND ADJUDGED that the Consent Agreement as submitted be and is hereby approved and adopted in toto and incorporated by reference her in with the following:

    1. Paragraph 1 of the Stipulated Disposition is amended as follows: "The Respondent will receive a letter of concern from the Board of Medicine."

    2. The remaining provisions of Paragraph 1 of the Stipulated Disposition are deleted.

Accordingly, the parties shall adhere to and abide by all of the terms and conditions of the Consent Agreement as amended.

This Final Order takes effect upon filing with the Clerk of the Department.

DONE AND ORDERED this __7__ day __August__, 1992.

BOARD OF MEDICINE

JAMES N. BURT, M.D.
VICE CHAIRMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by certified U.S. Mail to Miguel A. Tome, M.D., 340 Forestill Blvd., #103, West Palm Beach, Florida 33406-6055, Carl L. Santone, Esquire, 1150 Cypress Financial Center, 5900 North Andrews Avenue, Ft. Lauderdale, Florida 33309 and by interoffice delivery to Larry G. McPherson, Jr., Chief Medical Attorney, Department of Professional Regulation, Northwood Centre, 1940 North Monroe Street, Tallahassee, Florida 32399-0792, t or before 5:00 P.M., this _____ day of _____, 1992.

DOROTHY J. FAIRCLOTH
Executive Director

## STATE OF FLORIDA
## DEPARTMENT OF PROFESSIONAL REGULATION

DEPARTMENT OF PROFESSIONAL
REGULATION,

      Petitioner,

v.

                             DOAH Case No. 92-1651
                             DPR Case No. 91-03298

MIGUEL A. TOME, M.D.,

      Respondent.

_____/

## CONSENT AGREEMENT

      MIGUEL A. TOME, M.D., referred to as the "Respondent," and the Department of Professional Regulation, referred to as "Department," stipulate and agree to the following Agreement and to the entry of a Final Order of the Board of Medicine, referred to as "Board," incorporating the Stipulated Facts and Stipulated Disposition in this matter.

### STIPULATED FACTS

      1.   At all times material hereto, Respondent was a licensed physician in the State of Florida having been issued license number ME 16574.

      2.   Respondent was charged by an Administrative Compliant filed by the Department and properly served upon Respondent with violations of Chapter 458, Florida Statutes, and the rules enacted pursuant thereto. A true and correct copy of the Administrative Complaint is attached hereto as Exhibit A.

3.  Respondent neither admits nor denies the allegations of fact contained in the Administrative Complaint.

## STIPULATED CONCLUSIONS OF LAW

1.  Respondent admits that, in his capacity as a licensed physician, he is subject to the provisions of Chapters 455 and 458, Florida Statutes, and that the jurisdiction of the Department and the Board.

2.  Respondent admits that the facts set forth in the Administrative Complaint, if proven, would constitu    ulations of Chapter 458, Florida Statutes, as alleged in the    inistrative Complaint.

## STIPULATED DISPOSITION

1.  **FUTURE CONDUCT**.    Respondent shall not in the future violate Chapters 455, 458 and 893, Florida Statutes, or the rules promulgated pursuant thereto.

2.  **FINE**.    The Board shall impose an administrative fine in the amount of $1,000.00 against the Respondent.  The fine shall be paid by the Respondent to the Executive Director of the Board within 30 days of its imposition by Final Order of the Board.

3   REPRIMAND.  The Respondent shall receive a reprimand from the Board of Medicine.

4.  (a)  Respondent shall attend the intensive course on Mammography Interpretation sponsored by Tufts University Medical Center, Boston, Massachusetts either in September or October, 1997, or a Board approved equivalent.    Respondent shall submit documentation to the Board of his satisfactory completion of this

course.

4. (b) At the time this Consent Agreement is considered Respondent shall submit to the Board for its consideration a brief report on the general availability of such courses to the Florida physicians in 1992-1993.

This report shall include the locations, sponsors, costs and contact numbers of the courses and any other information of which the Board may make use in the future.

5. Respondent shall perform 40 hour of community service in a not-for-profit setting outside of physician's office within 6 months from the Board Order accepting this Consent Agreement. Community service shall consist of medical service without fee for the good of the people of the State of Florida. Respondent shall submit a written plan for performance and completion of the community service for approval prior to performance of said community service. Affidavits detailing the community service performed shall be filed with the Board when completed.

6. It is expressly understood that this Agreement is subject to the approval of the Board and the Department. In this regard, the foregoing paragraphs (and only the foregoing paragraphs) shall have no force and effect unless a Final Order incorporating the terms of this Agreement is entered by the Board.

7. Respondent shall appear before the Board at the meeting of the Board where this Agreement is considered. Respondent, in conjunction with the consideration of this Agreement by the Board,

shall respond to questions under oath from the Board, Board Staff or Department Staff.

8.    Should this Agreement be rejected, no statement made in furtherance of this Agreement by the Respondent may be used as direct evidence against the Respondent in any proceeding; however, such statements may be used by the Petitioner for impeachment purposes.

9.    Respondent and the Department fully understand that this joint Agreement and the subsequent Final Order incorporating same will in no way preclude additional proceedings by    Board and/or the Department against the Respondent for acts or omissions not specifically set forth in the Amended Administrative Complaint attached as Exhibit "A" herein.

10.    Upon the Board's adoption of this Agreement, Respondent expressly waives all further procedural steps, and expressly waives all rights to seek judicial review of or to otherwise challenge or contest the validity of the Agreement and the Final Order of the Board incorporating said Agreement.

11.    Upon the Board's adoption of this Agreement, the parties hereby agree that each party will bear his own attorney's fees and costs resulting from prosecution or defense of this matter. Respondent waives the right to seek any attorney's fees or costs from the Department in connection with this matter.

12.    This Agreement is executed by the Respondent for the purpose of avoiding further administrative action with respect to this cause.    In this regard, Respondent authorizes the Board to

review and examine all investigative file materials concerning Respondent prior to or in conjunction with consideration of the Agreement. Furthermore, should this joint Agreement not be accepted by the Board, it is agreed that presentation to and consideration of this Agreement and other documents and matters by the Board shall not unfairly or illegally prejudice the Board of any of its members from further participation, consideration or resolution of these proceedings.

SIGNED this 25th day of JUNE , 1992.

Miguel A. Tome, M.D.

Sworn to and subscribed before me this 25th day of June , 1992

NOTARY PUBLIC

My Commission Expires:

APPROVED this _____ day of _____ , 1992.

George Stuart
Secretary

By: Larry G. McPherson, Jr.
Chief Medical Attorney

MBR:pc

STATE OF FLORIDA
DEPARTMENT OF PROFESSIONAL REGULATION
BOARD OF MEDICINE

DEPARTMENT OF PROFESSIONAL
REGULATION,

      PETITIONER,

vs.                    CASE NO. 9103298

MIGUEL A. TOME, M.D.

      RESPONDENT.
_____/

## ADMINISTRATIVE COMPLAINT

COMES NOW the Petitioner, Department of Professional Regulation, hereinafter referred to as "Petitioner," and files this Administrative Complaint before the Board of Medicine against MIGUEL A. TOME, M.D., hereinafter referred to as "Respondent," and charges:

1. Petitioner is the state agency charged with regulating the practice of medicine pursuant to Section 20.30, Florida Statutes; Chapter 455, Florida Statutes; and Chapter 458, Florida Statutes.

2. Respondent is and has been at all times material hereto a licensed physician in the State of Florida, having been issued license number ME 16574. Respondent's last known address is 1840 Foresthill Blvd. #119, West Palm Beach, Florida 32406.

3. On or about April 15, 1989, Patient #1 was referred to Respondent, a radiologist, by another physician in order for Respondent to _____.

4.    On or about April 25, 1989, Respondent performed a mammogram on Patient #1.

5.    Respondent interpreted Patient #1's mammogram as being negative when the mammogram showed a lesion and surrounding stellate tissue in Patient #1's left breast which were highly suggestive of carcinoma.

6.    Respondent failed to detect the lesion and stellate tissue, and their significance, from Patient #1's mammogram.

7.    The Respondent failed to practice medic'    with that level of care, skill, and treatment which a reas(    y prudent similar physician recognizes as acceptable under simila, conditions and circumstances in that Respondent interpreted Patient #1's mammogram as being negative when the mammogram showed a lesion and surrounding stellate tissue in Patient #1's left breast which were highly suggestive of carcinoma.

8.    Based upon the foregoing, Respondent has violated Section 458.331(1)(t), Florida Statutes, by gross or repeated malpractice of the failure to practice medicine with that level of care, skill, and treatment which is recognized by a reasonably prudent similar physician as being acceptable under similar conditions and circumstances.

WHEREFORE, the Petitioner respectfully requests the Board of Medicine enter an Order imposing one or more of the following penalties: revocation or suspension of the Respondent's license, restriction of the Respondent's practice, imposition of an administrative fine, issuance of a reprimand, placement of the

Respondent on probation, and/or any other relief that the Board
deems appropriate.

SIGNED this 14 day of February, 1992.

George Stuart, Secretary

Larry G. McPherson, Jr.
Chief Medical Attorney

COUNSEL FOR DEPARTMENT:

Larry G. McPherson, Jr.
Chief Medical Attorney
Department of Professional Regulation
1940 North Monroe Street
Tallahassee, Florida  32399-0750
Florida Bar #788643
LAQP/TWK/tb
PCP: February 6, 1992
Murray, Basisht, Rodriguez

FILED
Department of Professional Regulation
AGENCY CLERK

CLERK
DATE  2-17-92

HICKS EXHIBITS TO SHOW
EXHAUSTION OF ADMINISTRATION
OF REMEDIES.

ALSO REFER TO ALL EXHIBIT(S)

EXHIBIT   O

# NCCHC

## National Commission on Correctional Health Care

## Fact Sheet

1.      How inmates access Health Care Services

      A.      Routine medical request given to medication nurses not deputies.

      B.      Emergency Care  - Signal 67 or contact medical directly.

      C.      Urgent Care - Medical called and/or inmate brought to medical 24hours/7days.

      D.      Medical Extensions -
- MJB - x 5859
- NBB - x 3526
- DOCC - x 5384

2.      Trustees - cleared by medical prior to being assigned.

3.      First Aid Kits - inspected monthly by medical staff.

4.      Deputies are trained annually in:
- First Aid
- CPR
- Suicide Prevention
- Bio-hazardous waste

5.      Mental Health Referrals by Deputies - medical is notified via telephone or by memo.

6.      Inmates in segregation - checked by medical 3 X week

7.      Sick Call -  Held Daily

8.      Inmates are charged a fee for service based on DCR Policy 4.5.28 - Inmate Co-payment for Health Services

9.      Refusal for Medical Services - DCR Policy 4.5.32 - All inmates who refuse a medical visit must be brought to medical.

# ORIENTATION

# ACCESS TO HEALTH CARE SERVICES
# IN THE BROWARD COUNTY JAIL

Qualified health care professionals are available to provide medical care, mental health care and dental care in all three (3) BSO detention facilities.

You will be medically screened by a nurse at intake. It is in your best interest to cooperate with the nurse by giving complete and accurate information regarding your medical history.

Within the first two (2) weeks of incarceration, you will be brought to the clinic for a routine health assessment. Again, it is in your best interest to cooperate with the nurse by giving complete and accurate information regarding your medical history. There is no charge for the initial medical screening or the routine health assessment.

You may access health care services any day by submitting an Inmate Medical Request Form. These are available from the nurse who makes daily medication rounds in all housing units.

Please note: There is a charge for medical services. (Co-payment fee).

See Co-payment fee information.

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

## TO BE COMPLETED BY INMATE

Date of Request: _____    Inmate's Name: _____
                                    (Alias, if used)

Arrest #: _____    Location: _____    DOB: _____

To: _____

| Program Specialist ☐ | Mailroom ☐ | Commissary ☐ |
| Classification ☐ | Food Service ☐ | Other ☐ |

Nature of Request: _____

_____

_____

_____

_____

_____

_____                    _____
Inmate's Signature                 Date Signed

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD.

DO NOT WRITE BELOW THIS LINE:
ACTION TAKEN/RESPONSE

_____

_____

_____

_____

_____

Completed By: _____    CCN _____    Date: 6-19-96    Time: 445

All requests will be handled by the responding deputy in one of the following ways:

☐ Written Information          ☐ Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)

*To Superintendant of*
*N.B.D.C. 6-12-96*

**BROWARD SHERIFF'S OFFICE**
**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**INMATE GRIEVANCE FORM**

### TO BE COMPLETED BY INMATE

WILLIAM M HICKS                    BSO 512433 12-143  N.B.D.C    6-12-96

Inmate's Name _____  Arrest#____ Cell  Facility____ Date____

### PART A - INMATE'S GRIEVANCE

SIR, I william m Hicks Request to see you SIR, Inmate hand
Book states that If Inmate has problems there is a procedure
to follow, well SIR I have never had one followed, yet so
I'm Requesting to see you SIR over medical Issues on why
I'm being hard core over medical Records, I want you In
Person SIR, I Have Far more proof than I need to prove this
villein think. Jail is stricking out at me because of one person here.
                                                                6-12-96

Inmate's Signature _____  Date Signed _____

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B - RESPONSE

Mr. Hicks,
All Medical grievances must be address on
a Medical grievance form, please Request a form
from the medical Nurse on rounds.
St. Lecutt 3776                                    6/14/96

Reviewing Deputy's/Signature/CCN _____  Date _____

                                                  6-12-96

Supervisor's Signature/CCN _____  Date _____

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I _____, wish to appeal the response.

Inmate's Signature _____  Date Signed _____

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### DIRECTOR'S RESPONSE TO APPEAL

_____

_____

_____

_____

Director's Signature _____  Date _____

*To Tony*
*Lanza*
*EMSA*
*Director*

BROWARD SHERIFF'S OFFICE
DEPA...NT OF CORRECTIONS AND REHAB...ION
INMATE'S REQUEST FORM

JAN 05 1998

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

### TO BE COMPLETED BY INMATE

Date of Request: *1-4-97*

Inmate's Name: *William m Hicks*
(Alias, if used)

Arrest #: *8597-17536*

Location: *7-A-1* 

DOB: *5-1963*

To: *EMSA Director" Tony Lanza*

| Program Specialist ☐ | Mailroom ☐ | Commissary ☐ |
| Classification ☐ | Food Service ☐ | other ☐ |

Nature of Request: *Sir, I Williams m Hicks ask you Tony Lanza to please Tell Doctor to re fill my Perscription For pain meds "Desiden (2) mottrin (3) robaytan & please note we have not met "Im the one with ABUSO By EMSA & B.S.O." Fortunes" Please allow me to have meds Williams m Hicks In you sir, I Thank you.*

Inmate's Signature

*1-4-98*

Date Signed

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD.

### DO NOT WRITE BELOW THIS LINE:
### ACTION TAKEN/RESPONSE

*Mr. Hicks if you have a medical problem and complaint, please address it through the regular channel e.g. "Sick call Request." Thank you.*

Completed By: *MARLENE R. BRANTLEY, RN*
*HEAD NURSE, MJB*

Date: *1/5/98*

Time: *12³⁰*

All requests will be handled by the responding deputy in one of the following ways:

☐  Written Information

☐  Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE GRIEVANCE FORM

## TO BE COMPLETED BY INMATE

William M Hicks                    BS97-17076    7-D-2    _____
_____
Inmate's Name                     Arrest#      Cell   Facility        Date

### PART A - INMATE'S GRIEVANCE

RE: "internal Affairs"
I wrote internal Affairs over 17 months ago to help R.I. + this same guy told me at W.B.D.C. "no inmate receives Better health Care than People + desired I asked him to please put that in writing, are" I heard that the agency will abist to provide human control "rights" to people ie police then selves" I asked that that the internal affairs would please do a investigation into the above information was acdied after my trial" Jast date trial is almost the trial Then will Be one done so I ask that you let me know" Dr christian "Be forward with me
                                                                    William M Hicks
_____
Inmate's Signature                              Date Signed

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.
RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

## TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B - RESPONSE

SEP 30 1997

I will Be with you "ff not" oh well "Thank you.

Mr. Hicks I have addressed your medical complaints I have
had you seen by Dr. Lima, Dr Hecker, you have also been
seen in the Dental Clinic. If you have a specific medical complaint
please send a medical request outlining your complaint

_____
Reviewing Deputy's Signature/CCN                    Date

_____
Supervisor's Signature/CCN                          Date    11-5-97

KEVIN JORGENSON, R.N. BSN
ASST. HEALTH SERVICE ADMINISTRATOR
MAIN JAIL BUREAU

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I _____, wish to appeal the response.

_____
Inmate's Signature                              Date Signed

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.
RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

## DIRECTOR'S RESPONSE TO APPEAL

_____
_____
_____
_____

_____
Director's Signature                            Date
BSO DJ#51 (Revised 4/93)

*To Sgt Garrison.*  *"O NORTH BROWARD" retention Center*
*Garrison*
*B. DC*
*Pompano 69  1501*    **BROWARD SHERIFF'S OFFICE**    *Please*
**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**INMATE GRIEVANCE FORM**

## TO BE COMPLETED BY INMATE

William M Hicks                 Arrest# BG-14533   7-1   M Jail   4-18-96
**Inmate's Name**                 Arrest#        Cell    Facility    Date

### PART A - INMATE'S GRIEVANCE

DEAR Sgt mam, I William M Hicks request that you mam, send me all
copys of all my Request & GRIEVANCES I Have written you in th pest
three manths mam, I william Hicks send them to you and I william m
Hicks never recieve any of my statements I sent you. you MAM OISome
BODy else keeps saying they sent them back. I will mean I Just don't ask Please
for fresponse, I think you to Back up your statement you gave on tape
To IA, AFF, mam If you sent my STUFF Back it will it should Be no problem to reach Tur File
William M Hicks                 4-18-96
**Inmate's Signature**                 **Date Signed** and copy them
                                            All
**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

**TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW** *Thank you*
                 *1428 & 861*    **PART B - RESPONSE**    *(105/1173) + Sgt mam*

Mr Hicks you submitted 2 grievances to this office both to medical I was not answered
here was a professional Compliance Case investigated from this office in which
I took your tapid statement. If you want the results of that you need to
that Professional Compliance. Requests do not go through this office so I
cnt have any copies to give you    Sgt M Garrison    4/29/96
**Reviewing Deputy's Signature/CCN**    4244    **Date**
CMSN had already received copy of unanswered grievance attach. Its answer.
                                    X ET 4600
**Supervisor's Signature/CCN**                 **Date**

**TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.**
I (?)                 wish to appeal the response.    5-2-96
I wrote for Fight Never Responded   11   Bill Hicks
**Inmate's Signature**                 **Date Signed**
**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

**DIRECTOR'S RESPONSE TO APPEAL**
Please answer and

return to Sgt Wendt

**Director's Signature**                 **Date**

*I recieved*
*Back on*
*12-6-96*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

## TO BE COMPLETED BY INMATE

Date of Request: *12-5-96*                    Inmate's Name: *William K. Hicks*
                                              (Alias, if used)

Arrest #: *5595 70533*                Location: *12-N-3*     DOB: *blanks*

To: *Supervisor of W3DC Mail Room*

| Program Specialist | ☐ | Mailroom | ☒ | Commissary | ☐ |
| Classification | ☐ | Food Service | ☐ | Other | ☐ |

Nature of Request: *Deputy KoRun took request 11-7pm shift on 12-5-96*
*You State @ from who    (2) To who*
*If I say it out right it will end up like*
*my grievances have done along with other neglect*
*Dated Back to 10--96  So I want to*
*speak to in person, who had enough time. Thanks for*
*your response.*
*William m Hicks*                                        *12-5-96*
Inmate's Signature                                      Date Signed

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST
BOX LOCATED IN EACH POD.

-------------------------------------------------------------------------

DO NOT WRITE BELOW THIS LINE:
ACTION TAKEN/RESPONSE

*Attached are the other answered*
*requests).*

*Need (more Specific) info to*
*help solve the problem*

Completed By: _____ *CCN 5712* ___ Date: *12-6-96*  Time: _____

All requests will be handled by the responding deputy in one of the following ways:

☐  Written Information          ☐  Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)

Mr. Hicks

I have spoken to Deputy Sharkey and Deputy Korman and both of them stated that Deputy Sharkey never touched the letters in question.  Deputy Korman also stated that he placed them in the mail box outside of the mail room at this time I can not tell you how they were removed from the box and returned to the control room.  If this problem arises again which I am hopeful that it will not, please notify the mail room so it can be addressed

Sergeant M. Garrison

*Sgt. M Garrison*

Note on time of Date
Dep Sharky never worked with Deputy Korman and B was in Lockdown and time sheets and Log book would confirm this

*To mail form*    *A.S.A.P*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

## TO BE COMPLETED BY INMATE

Date of Request: 3-2-98

Inmate's Name: William M Hicks
(Alias, if used)

Arrest #: _____-17054

Location: _____    DOB: _____

To: Mail Room

| | | | | | |
|---|---|---|---|---|---|
| Program Specialist | ☐ | Mailroom | ☑ | Commissary | ☐ |
| Classification | ☐ | Food Service | ☐ | Other | ☐ |

Nature of Request: I want "B.S.O" a male Deputy "Shorky" 11-7Am shift to cut Toto mail & he's violating in rights To mail & not mail. He has already been caught stealing my mail in 1997 & he's still mailo t me for his own actions. I get threats & His miss is got a threat! I still hold my mail today 3 days later. He's is violation of Federal rules" need to charge his lignty on knew before I get Hurt over his cocky attitudes.

Inmate's Signature: William M Hicks    Date Signed: 3-2-98

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD.

------------------------------------------------

### DO NOT WRITE BELOW THIS LINE:
### ACTION TAKEN/RESPONSE

William Hicks
I was told not by McKinney was doing deputy file out

Completed By: _____  CCN _____  Date: _____  Time: _____

All requests will be handled by the responding deputy in one of the following ways:

☐  Written Information    ☐  Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

TO BE COMPLETED BY INMATE

Date of Request: _____    Inmate's Name: _____
                                                           (Alias, if used)

Arrest #: _____    Location: _____ DOB: _____

To: _____

| | | | | | |
|---|---|---|---|---|---|
| Program Specialist | ☐ | Mailroom | ☐ | Commissary | ☐ |
| Classification | ☐ | Food Service | ☐ | Other | ☐ |

Nature of Request: _____

_____

_____

_____

_____

_____

_____                    _____
Inmate's Signature                                 Date Signed

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD.

-------------------------------------------------------------------------

DO NOT WRITE BELOW THIS LINE:
ACTION TAKEN/RESPONSE

William Hicks
I WAS TOLD BY
Deputy mickery next to sgt
File " WAS Acting

Completed By:_____ CCN_____ Date:_____ Time:_____

All requests will be handled by the responding deputy in one of the following ways:

☐  Written Information                    ☐  Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)

North Broward
Detention Center

3-17-98
Starting
now Seek
criminal charges

## RE: Stolen mail
### Deputy Sharky Shift 11-7AM

Night of 3-16-98, Shift 11-7AM Deputy Sharky Done count and I asked if he would sign my mail vouchers. He never replied, but gave me a additude Look of hostility.

Next day 3-17-98 Shift 3-11pm I recieved mail back and not signed by Sharky, pluss Torn open and retaped To try to close! I opened both envelopes on ends To save envelopes and vouchers. Upon opening I looked and noticed pieces of mail missing. Both envelopes was addressed to Lawyers. Also my mail was put back into envelopes in wrong order. I asked Housing Deputy Ingram who gave me The mail To tell Sergeant Botero I request To speak and told Deputy Ingram Why. Stg Botero called me out Tospeak and I shown all mail and told of missing mail. I also told of Dep Sharky and all The things he has done pluss Stolen my mail and Said I need him to Tell Sergeant on 11-7am Shift I need tospeak pluss L.T.! Said okay.

! Now Deputy Sharky Stole my mail From 1996-1997 and done criminal actions with it, which gone To my prosecutor in my Trial I'm To have Soon! His Superiors only removed his 5 year pin & gogd behavior pins. He Should have recieved Federal charges.
! Now in 1998 month of March Sharky Just recieved His pins back and Just had Them Taken away Just as Fast For his criminal actions again. He gave me a disciplinary report "DR" which results in conefinement. These are court regulated papers but given out Like Candy. I wrote 3 request For Help and Submitted To in house mail. Deputy Sharky gave me DR For That! I was Threatened to get Back Twice and at 4:30 people came to my room and Said Sharky Wants to rescind my DR. Criminal actions" He Lost His pins Again over That"  William M Hicks BS97-17076

William m Hicks BS97-17076 010 BS95-14533

*I to pol medical + nor pain med*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE GRIEVANCE FORM

*PAGE 1 OF 6*
*(6 pages)*

## TO BE COMPLETED BY INMATE

William M Hicks                    BS97-17076 7-B-2    M-Jail    9-16-97

Inmate's Name _____    Arrest# _____  Cell ___ Facility ___ Date ___

### PART A – INMATE'S GRIEVANCE

RE: Kevin Jorgenson "EMSA Director" THIS IS NO Small problem So please
Take Serious as I'm tired of writing ad my Files in Lawyers office are
Filled every9. B.S.O and EMSA and high officials of both are aware of all
since 4-7-96 when DR DAVIS M.D Lied to cover up "Fractures to Heal" Jaw-
Fracture behind Jaw – Both orbits – skull – mandables' – nerve damage to temple-
Facial cheek – stiches – neck – Back damage. – + So much more. "Please note I

William M Hicks                              9-16-97

Inmate's Signature _____          Date Signed _____

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B – RESPONSE

_____

_____

_____

_____

Reviewing Deputy's Signature/CCN _____    Date _____

Supervisor's Signature/CCN _____    Date _____

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I _____, wish to appeal the response.

Inmate's Signature _____    Date Signed _____

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### DIRECTOR'S RESPONSE TO APPEAL

_____

_____

_____

Director's Signature _____    Date _____
BSO DI#51 (Revised 4/93)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE GRIEVANCE FORM

JAN 7 1997

## TO BE COMPLETED BY INMATE

William M Hicks    BS95-14533   12-1-43   NBDC   1-6-97
Inmate's Name          Arrest#      Cell   Facility   Date

### PART A - INMATE'S GRIEVANCE

PER DR Haeck of N.B.D.C. Yo Hicks
on Oct-24, 1996 miss Susan W. McCampbell of D.O.C.R States
in a Letter to I that DR Haeck is making arrangements For another
independent review of medical care: IS SUSAN W. M." is that the
the truth or is DR Haeck quashing the truth to coverup for all his
staff : Ham : IVE placed many request : no response : action will Be take
              William M Hicks    For IVE Been Emotionally and physically hurt.
                                                                    1-6-97
Inmate's Signature                              Date Signed

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

## TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B - RESPONSE

Seen on the 1/10/97
Explained to Mr. Hicks Status of
Consultant and Surgeon report

                                          1/10/97
Reviewing Deputy's Signature/CCN                Date

_____
Supervisor's Signature/CCN                      Date

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I _____, wish to appeal the response.

_____
Inmate's Signature                              Date Signed

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### DIRECTOR'S RESPONSE TO APPEAL

_____
_____
_____
_____

_____
Director's Signature                            Date

*TO EMSA*

*Kevin J*

*'Please Forward ISA r last*

## BROWARD SHERIFF'S OFFICE
### DEPARTMENT OF CORRECTIONS AND REHABILITATION
### INMATE'S REQUEST FORM

*A.S.A.P*

*Copy*

you haven't asked the housing unit deputy to solve this problem, do so before completing
s request.

## TO BE COMPLETED BY INMATE

e of Request: _9-16-97_                    Inmate's Name: _William M Hicks_
                                           (Alias, if used)

est #: _BS97-17076_          Location: _7-13-2 5_          DOB: _9-21-63_

To: _Kevin Jorgenson "EMSA"_

Program Specialist  ☐          Mailroom       ☐          Commissary  ☐
Classification      ☐          Food Service   ☐          Other       ☒

ture of Request: _____

MR Kevin, I had sent many request and greviences
and I get no response" I File several medical request and no response,
I'm seeking to speak to you as I have tried to For 9 days now
but I seem to have a BSO & EMSA inter ference again "you spoke to
my mom and said I'll see Dr. to tonight" to no doctor again "need to speak
_A.S.A.P_
Before weekend
_William M Hicks_                              _7-16-97_
nmate's Signature                              Date Signed

HEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST
OX LOCATED IN EACH POD.

-------------------------------------------------------------------

### DO NOT WRITE BELOW THIS LINE:
### ACTION TAKEN/RESPONSE

_____

_____

_____

_____

_____

_____

Completed By: _____ CCN _____ Date: _____ Time: _____

All requests will be handled by the responding deputy in one of the following ways:

☐  Written Information          ☐  Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE GRIEVANCE FORM

### TO BE COMPLETED BY INMATE

William M. Hicks _____ BS97-12076 12-1-H-4 W.R.D.C. 7-31-97

Inmate's Name _____ Arrest# _____ Cell _____ Facility _____ Date

### PART A – INMATE'S GRIEVANCE

RE EMSA: This company has almost killed me, denied to medical lies, cover ups, etc. So on and I was sent to chattahoochee for medical and as I return I once again to W.R.D.C. where it all happened and in days would not give medication or such meds. That to remain competent to stand trial But How? I still fight For medical "care forcing me to Higher levels alley. I access you wanted EVERY right, statute law arquable. I filled on frivilit and sui sits william M Hicks

Inmate's Signature _____ Date Signed 7-31-97 a fucken Joke

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.
RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.

### TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B – RESPONSE

RECEIVED AUG - 5 1997

Sir you were seen 8-6-97 a referral was done for you to be evaluated by the Physician Assistant.

Reviewing Deputy's Signature/CCN _____ Date

_____ KEVIN JORGENSON, RN, BSN _____ 8-8-97
Supervisor's Signature/CCN   ASST. HEALTH SERVICE ADMINISTRATOR   Date
_____ MAIN JAIL BUREAU

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I _____, wish to appeal the response.

_____
Inmate's Signature _____ Date Signed

WHEN COMPLETED, KEEP THE TOP OF THE FORM.
RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.

### DIRECTOR'S RESPONSE TO APPEAL

_____

_____

_____

_____

Director's Signature _____ Date

BSO DJ#51 (Revised 4/93)

*C Court manager RGC Brison    R.C.M.D.C.*

## BROWARD SHERIFF'S OFFICE
### DEPARTMENT OF CORRECTIONS AND REHABILITATION
### INMATE GRIEVANCE FORM

### TO BE COMPLETED BY INMATE

William m Hicks _____ B39544533 23°C  N.B.D.C. _____ 2-22-56

Inmate's Name _____ Arrest#____ Cell__ Facility_____ Date

### PART A – INMATE'S GRIEVANCE

*in Reference to the incident at 1H Rec Yard of Pomping De on 2-19-96 in which I sustained injury (in terms of internal any external damages, broken wrist, jaw as per Sargent BennT 2-19-96. Till this date has not been Interviewed concerning what happened. As per my civil Rights hush to press charges on assaulting Inmate. Same day Received Stitches and asked for x-rays, Not to 13 days late at Mainjail Dentist x-ray Reviaild broken*

Inmate's Signature _____ Date Signed 1/22/W

*William K* WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. 2-22-96
RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.

### TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B – RESPONSE

_____

_____

_____

_____

Reviewing Deputy's Signature/CCN _____ Date _____

Supervisor's Signature/CCN _____ Date _____

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I _____, wish to appeal the response.

Inmate's Signature _____ Date Signed _____

WHEN COMPLETED, KEEP THE TOP OF THE FORM.
RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.

### DIRECTOR'S RESPONSE TO APPEAL

_____

_____

_____

Director's Signature _____ Date _____

BSO DJ#51 (Revised 4/93)

*"Second* π *N.B.D.C. wit matises Robinson SER*
2-96
*Request.*

## BROWARD SHERIFF'S OFFICE
### DEPARTMENT OF CORRECTIONS AND REHABILITATION
### INMATE GRIEVANCE FORM

### TO BE COMPLETED BY INMATE

William M Hicks                    BS595-14553   7-3-C   M. Jail   3/17/86
Inmate's Name                      Arrest#       Cell    Facility   Date

### PART A - INMATE'S GRIEVANCE

"Second Request" In reference to the incident at 1-H -Rec yard At Pompano D.C. on 2/9-96 in which I sustained injury in terms of interior and exterior damages, Broken upper jaw and lower jaw Broken and reset wrong. As per x-rays at B.C. M 5-2-21/96 Till this day I Have not recieved any response to pressing charges on inmate, note same day I Asked for x rays all got stiches, Doctor told me nothing was Broken well-well, Lets Have Lunch, same fex Took them their all Here same amount of x rays.

Inmate's Signature *William H.*                    Date Signed
                                                    8-17-96
**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B - RESPONSE

_____

_____

_____

_____

_____

_____          _____
Reviewing Deputy's Signature/CCN                Date

_____          _____
Supervisor's Signature/CCN                      Date

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I _____, wish to appeal the response.

_____          _____
Inmate's Signature                              Date Signed
**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### DIRECTOR'S RESPONSE TO APPEAL

_____

_____

_____

_____

_____          _____
Director's Signature                            Date
BSO DJ#51 (Revised 4/93)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

## TO BE COMPLETED BY INMATE

Date of Request: 3-27-96

Inmate's Name: _William Willis_
(Alias, if used)

Arrest #: 9585441233        Location: 2-C-3        DOB: _____

To: _Mr. Robinson unit Manager_

| Program Specialist ☐ | Mailroom ☐ | Commissary ☐ |
| Classification ☐ | Food Service ☐ | Other ☑ |

Nature of Request: _____

To MR Robinson, SIR I went through proper channels to talk to the unit Manager And SARS told me to write you a request on him.

I would like to see you SIR ABout 3 problems
William Willis                        3-27-96

Inmate's Signature _____        Date Signed _____

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD.

---

### DO NOT WRITE BELOW THIS LINE:
### ACTION TAKEN/RESPONSE

Your Request to me About the incident at North Broward was handled by Sgt Garrison and forwarded to Professional Compliance. If you are seeking information on that subject Contact them. If you have a problem other than a program problem Address it to the LT.

Completed By: W. Atkinson   CCN 5100   Date: 3/28/96   Time: 1040

All requests will be handled by the responding deputy in one of the following ways:

☐   Written Information            ☐   Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)

THE NEWSLETTER OF THE FLORIDA PSYCHIATRIC SOCIETY

June 1998
Vol. 19, Number 2

## Inside This Issue

Get Wired Now!
see President's Message on page 2

Reports from Margo and Jan
see Staff Reports beginning on page 4

Urgent Notice on:
Medicare Codes
see notice on page 3

Speakers Enlighten
see Reports on page 8

Back to the Future
see President elect's message on page 9

Parity Bill Unheard
see Legislative Report on page 10

Euthanasia and Assisted Suicide
see Book Review on page 17



## FPS Plans for the Future at Spring Meeting

Sarasota proved once again to be a great setting for the FPS Spring Meeting. If you missed it you missed a great opportunity for education and fellowship. The speakers on the scientific program provided new and insightful information on psycho-pharmacology, valuable to the practice of psychiatry.

There were many opportunities for involvement in planning for the future of FPS as well, with special interest forums, Council meetings, and committee meetings on the schedule. Following are the committee reports from the meeting:

**Articles & Bylaws** Pending revisions were approved with only minor changes. The revisions included: Chapter Ten(5), deletion of "the Ethics Committee may request participation of other appropriate committees and of individual members in the evaluation and investigation." This clearly belongs in the Operations Manual. Article 8, page 3 required leaving in the word "two", which had been deleted. Several minor changes were made to streamline the membership processes as well. The Commit-

tee will ask council to rescind the recognition of local chapters that are not in compliance regarding their bylaws being in line with what is required. The Committee also would like to request the committee scrutinize the Operations Manual and to keep it current by recommending additions, deletions, etc. The Committee is seeking new members. Anyone interested in serving on the Articles & Bylaws Committee should contact the FPS office.

**Budget** The Committee proposed a phase-in to recruit new members for a 10% reduction in dues. They will be looking into the cost to the Special of the 48 inactive members and what should be done in regard to that. The Committee studying the FPS investment policy, the Committee would like to seek areas of return on liquid reserves, keeping the reserves separate from investments for funding more aggressive with investments as well.

**Chapter Presidents** The group will focus on the importance of communication, past image building. The chapters are encour-

**MAIL:** *All incoming mail should be addressed to you using your arrest number and housing location and the address of the facility in which you are housed. The addresses of the Facilities are listed on page one of this booklet. All mail (except legal mail) will be opened and inspected for contraband before it is delivered to you. Legal mail will not be opened until you are present. Mail containing obscene material will be returned to the sender. You may receive magazines or soft cover books if they are mailed directly from the publisher. The limit is 3 magazines or books in your possession at any time, including those received from the Jail Library. Mail to be sent out is to be addressed on a stamped envelope. Mail cannot be sent to another correctional facility.*

*You will remain in one of our facilities until you post bond, your case is disposed of by the judge, or your sentence is completed.*

*Misdemeanor and traffic cases are heard in County Court, felony cases are heard in Cicuit Court and if you are here on a civil hold, that case will be heard by a Civil Court Judge.*

*If you are sentenced to serve less than one year, you will serve the sentence in a Broward County Jail. If your sentence is more than one year, you will be transferred to the State Department of Corrections.*

**TELEPHONE PRIVILEGES:** *Each Unit has telephones available for your use. At the time of booking, telephone calls were free except for long distance calls which were collect. In the Unit all telephone calls are made as collect calls. Calls may not last more than thirty (30) minutes. Telephones will be turned off during cleaning times and during meal times. Public Defenders' telephone numbers and some other service numbers are free calls. The telephone is a privilege offered to the inmates in the Unit and if this privilege is abused it may be taken away.*

**FREE PHONE NUMBERS:**

| | |
|---|---|
| **Public Defender** | **831-8650** |
| Juvenile Division | 831-5787 |
| | 831-6773 |
| | 831-6774 |
| Complaint Division | 831-6768 |
| Misdemeanor Division | 831-8690 |
| | 831-8691 |
| | 831-8693 |
| Intake Division (Call this number if you have not been assigned a Public Defender) | 831-8831 |
| | |
| **Chris Cloney (Class Attorney)** | **523-5993** |
| | |
| **Clerk's Office** | |
| Felony | 831-5519 |
| BARC (Alcohol/Drug Treatment ) | 765-4200 |
| | |
| **Crime Stoppers (TIPS)** | **493-8477** |

**Henderson Mental Health Center**
    *Mental health counseling and treatment*
    *330 S.W. 27th Avenue, Fort Lauderdale* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 791-4300
**Nova Mental Health Center**
    *Mental health counseling and treatment*
    *3111 University Drive, #307, Coral Springs* . . . . . . . . . . . . . . . . . . . . . . . . 753-7020
    *3301 College Avenue, Davie* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 475-7070
    *4800 North State Road 7, Suite F, Lauderdale Lakes* . . . . . . . . . . . . . . . . . . 486-3663


**Shelter:**
**Broward County Homeless Program**
    *Housing: Call the day before you are released and report to their office on the next day. You
    will need a picture ID card and your Social Security card.*
    *844 West Broward Boulevard, Fort Lauderdale* . . . . . . . . . . . . . . . . . . . . . . 765-4841
**Covenant House**
    *Emergency/temporary shelter & crisis intervention for people under 21, with or without infants;
    24-hour intake.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 561-5559
    *733 Breakers Avenue, Fort Lauderdale* . . . . . . . . . . . . . . . . . . . . . . . . . . . 561-5559
**Faith Farm**
    *Live-in alcohol/drug rehabilitation and work program for men over 17 years of age;  24-hour
    intake, minimum 90-day program*
    *1980 N.W. 9th Avenue, Fort Lauderdale* . . . . . . . . . . . . . . . . . . . . . . . . . . 763-7787
**The Lippman Family Center**
    *Emergency/temporary shelter for youth under 18 years of age; 24-hour intake.*
    *221 N.W. 43 Court, Oakland Park* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 568-2801
**Salvation Army**
    *Emergency/temporary shelter for men, women, families*
    *1445 West Broward Boulevard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 463-4572
**Women in Distress**
    *Emergency shelter for women and children; 24-hour intake* . . . . . . . . . . . . . . 761-1133
**Food:**
**St. Lawrence Chapel**
    *1537 W. Dixie Highway, Pompano Beach* . . . . . . . . . . . . . . . . . . . . . . . . . . 785-8510
**South Beach Park**
    *One (1) block north of the Yankee Clipper Hotel on A1A in Fort Lauderdale*
**Calvary Church of God in Christ**
    *744 N.W. 12th Avenue, Fort Lauderdale*
**Lutheran Co-op Feeding Program**
    *1405 West Broward Boulevard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 764-8073
**New Covenant Church**
    *3311 N.W. 9th Avenue, Pompano Beach* . . . . . . . . . . . . . . . . . . . . . . . . . . 783-7700
**St. John's Episcopal Church**
    *1704 Buchanan Street, Hollywood* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 921-3721
**Veterans:**
**Multi-Purpose Center**
    *1532 N.E. 4th Avenue, Fort Lauderdale* . . . . . . . . . . . . . . . . . . . . . . . . . . . 771-1092
**Vet Center**
    *315 N.E. 3rd Avenue, Fort Lauderdale* . . . . . . . . . . . . . . . . . . . . . . . . . . . 356-7926

**INTRODUCTION:** *You are being held in one of the three facilities of the Department of Corrections and Rehabilitation of the Broward Sheriff's Office. The staff of the department is charged with your care and safety during the time you are in custody. To assist the staff and yourself, please read this Inmate Handbook and follow the rules and regulations contained in it. By reading the Handbook you will understand what you can expect, and what is expected of you. All your rights and responsibilities are explained in the Handbook.*

*If you do not understand the information contained in this Handbook, ask for help from any staff person. It is important for your own safety that you follow all the rules and obey the staff at all times. This Handbook must remain in your posession during the time you are incarcerated.*

*This Handbook also contains information about programs and services available to you during your stay in jail. If you have any questions about programs, ask your Housing Unit Deputy or a Correctional Counselor. If you choose to participate in any of these programs, you may find a way to address some of the issues that brought you into the criminal justice system*

*It is our goal to have your incarceration be safe. It is your job to help staff by cooperating with staff, listening to all staff direction, and follow all rules.*

*Susan W. McCampbell, Director*
*Department of Corrections and Rehabilitation*
*Broward Sheriff's Office*

**GENERAL INFORMATION :**

*As you were booked into this Facility, you were given an arrest number which will identify you for as long as you are in custody.  Anything that is used to identify you or your property should also have this number attached to it. The locations and mailing addresses of our corrections facilities are listed below.*

**ACTUAL LOCATION:**

*Main Jail Bureau*
*555 S.E. 1st Ave.*
*Ft. Lauderdale, Florida 33310*



**MAILING ADDRESS:**

*Main Jail Bureau*
*P.O. Box 9537*
*Fort Lauderdale, Florida  33301*

*Div. of Community Corrections*
*5400 NW 9th Ave.*
*Fort Lauderdale, Florida  33309*

*Div. of Community Corrections*
*P.O. Box 407065*
*Ft. Lauderdale, FL 3340-7065*

*North Broward Bureau*
*1550 North Blount Road*
*Pompano Florida  33069*

*North Broward Bureau*
*P.O. Box 634037*
*Margate, Florida 33063*

*1*

RON COCHRAN
SHERIFF
BROWARD COUNTY
P.O. BOX 9507
FORT LAUDERDALE, FLORIDA 33310

DATE:      November 11, 1997

MEMO TO:   Willie Roberts, Superintendent
           Main Jail, Department of Corrections & Rehabilitation

FROM:      Madeleine Garrison, Bravo Shift Lieutenant
           Main Jail

SUBJECT: **William Hicks**

    On this date I went to speak with inmate William Hicks reference
the request he sent to the Superintendent office on 11/1/97.  Mr.
W. Hicks stated that he had a problem with the medical staff,
receiving medication and treatment for a broken jaw.  Mr. Hicks
felt that the Dr's statement "At least the right eye is not
falling out" was inappropriate.  He also requested to speak with
Mr.& Mrs. Holmes as well as Mrs. Jackson.  He said this was to
clarify issues before he subpoena so he cause them to purger
themselves.  This was to stop the corruption.  I asked him why he
had not requested to speak to them via the request form and he
stated that it would not et through.  He has sent other request
slips and has not received answers.  His complaints were
basically referencing events which occurred in 4/96 during a drug
class.

    At this time I have not notified the above mentioned parties of
his request.  I have notified EMSA of Mr. Hicks complaints.

Broward County
Post Office Box 9507
Fort Lauderdale, Florida 33310

March 31, 1998

William Hicks
North Broward Bureau
12-1H

Dear Mr. Hicks:

Please be advised that we have looked into your allegations and all of these issues have been addressed with Unit Manager Boleman, the Shift Lieutenants and the Sergeants.  Although we found some of the items concerning, we found your allegations to be unfounded.

We will continue to monitor this situation and address any wrong doing with either the staff and/or the inmate.

Thank you for bringing these issues to our attention.

Sincerely,

Willis Robinson
Assistant Superintendent

WR:rp
cc:    Susan W. McCampbell, Director
       F. Patrick Tighe, Assistant Director
       Barbara Law, Superintendent
       file

*I Hicks Have Received on 4-2-98 at NBDC 12 1-H-4*

February 3, 1997

William Hicks
North Broward Bureau
12-2H-2
BS95-14533

RE:    GRIEVANCE RESPONSE

Dear Mr. Hicks:

On January 30, 1997, Unit Manager Bechard and I visited you in your housing area reference the attached grievances. Although there were several issues, you clearly stated that the most pressing issue was your current lockdown status. You are currently serving a 30 day sentence for a disciplinary report you received on January 19, 1997.

When I returned to my office, I immediately reviewed the paperwork regarding the disciplinary report dated, January 19, 1997. I find no procedural violations and the entire procedure was accomplished in accordance with the Department of Corrections and Rehabilitation's written Policy and Procedure. The sentence of 30 days is within the sentencing guidelines for the code of conduct you violated. Therefore, I am in agreement with the committee's decision regarding your disciplinary report dated, January 19, 1997.

Based on our conversation on January 30, 1997 and the information provided in this correspondence, I have determined that the attached issues have been resolved. Thank you.

Sincerely,

Barbara Law, Superintendent
North Broward Bureau

BL/rp



**BROWARD COUNTY**
**FLORIDA**

Jodi Paris Jeffreys
Aide to Commissioner John E. Rodstrom, Jr.
**Board of County Commissioners**

(305) 357-7007 • FAX (305) 357-7295

October 17, 1997


William M. Hicks
P.O. Box 9356
BS97-17076
Fort Lauderdale, FL 33310

Dear Mr. Hicks:

This office is in receipt of your letter dated 09/25/97. The County Commission's job is one of policy setting. Commissioner Rodstrom does not intervene in legal issues. However, we will be happy to forward your letter of complaint to the proper destination, being the Broward County Sheriffs Office, where your grievances should be heard.

Sincerely,

Jodi P. Jeffreys, Aide to
John E. Rodstrom, Jr.,
Broward County Commission, Dist. 7


JER/jpj

I Hicks
Recieved on 10-21-97
7-D-2 2

main Jail



## Lori Nance Parrish, Commissioner

BOARD OF COUNTY COMMISSIONERS
Marilyn DeCosta, Administrative Assistant
Pam Mehringer, Governmental Intern

(954) 357-7005 • FAX (954) 357-7044
E-mail address: lparrish@co.broward.fl.us

- Memorandum -

**Date:**       October 29, 1997

**To:**         Pete Corwin, Assistant to the County Administrator

**Thru:**       Phil Allen, Acting County Administrator

**From:**       Commissioner Lori Nance Parrish

**Subject:**    William M. Hicks

I received the attached correspondence from William M. Hicks who is in the Main Jail.  There are several allegations contained in Mr. Hicks' letter with respect to the medical care being provided in this facility, as well as other allegations. Please have the appropriate person look into the allegations contained in Mr. Hicks' letter.

LNP/md

Enclosure

cc--William M. Hicks

File:  Jails

*Recieved on*
*Bill Hicks 11-3-97*
*7-0-2-2*
*Main Jail*

*vote*
*Reply I Hicks*
*To Scott county*
*of*
*Parrish*
*on 11-3-97*
*Vaughn*



**BROWARD COUNTY**

SYLVIA POITIER, DISTRICT #2, 1985-PRESENT
**Board of County Commissioners**

(954) 357-7002 • FAX (954) 357-7295

November 06, 1996

Mr. William M. Hicks
North Broward Detention Center
Post Office Box 4107037
BS95-14533
Ft. Lauderdale, Florida 33340

Dear Mr. Hicks:

We are in receipt of your letter dated October 27, 1996. Your mishap in the North Broward
Detention Center is of great concern to us. Rest assured that you are not being overlooked and
that the proper authorities will be notified.

However, since your letter was directed to County Commissioner Parrish's office, she will be
considered your primary contact and will handle your situation appropriately.

Sincerely,

Sylvia Poitier,
Commissioner.





*A NICE LETTER (?)*

*STAPLE copys of packet & response*

SYLVIA POITIER, DISTRICT #2, 1985-PRESENT
**Board of County Commissioners**

(954) 357-7002 • FAX (954) 357-7295

*EHICKS I Tried TO call 5-1-98 won't go through*

April 28, 1998

William Hicks
B597-17076
North Broward Detention Center Jail
P.O. Box 407037
Fort Lauderdale, FL 33340

Dear Mr. Hicks:

I received your letter, and I am sending it to someone in the Detention Division to check for the misuse and abuse you are suffering. Please let me know if you get any relief.

Please write me and tell me why you are in jail, and how long you have been there. I look forward to hearing from you.

May God bless you and keep you, may he make his face to shine upon you and be gracious unto you, may he lift up his countenance upon you and give you peace. Until we meet face to face, write me again.

Sincerely,

Sylvia Poitier
Commissioner

*re senda Letter 5-3-98 voucher Lawilbrary*

*I Hicks recieved 4-30-98 NBDC 12-1-H-4*

*AS OF 6-5-98 Never responded TO my needs & calls*



## RON COCHRAN
### SHERIFF
### BROWARD COUNTY

November 5, 1996

The Honorable Lori Nance Parrish
Board of County Commisstioners
115 South Andrews Avenue, Room 410
Fort Lauderdale, Florida 33301

Re:     Inmate William Hicks

Dear Commissioner Parrish:

I appreciate you forwarding to me inmate William Hicks' letter regarding his treatment in the Broward County Jail. Mr. Hicks is being held awaiting trial. He is alleged to have beaten to death his mother's 82 year old neighbor.

The jail staff is very much involved with Mr. Hicks and his medical issues. He is one of the many inmates we work with each day who does not concur with their medical treatment. I, and the jail staff, are satisfied that Mr. Hicks' medical issues are being addressed in the most appropriate manner.

If we can provide any specifics about Mr. Hicks' case, without violating his right to medical confidentiality, please call Susan McCampbell at 831-8916.

Sincerely,

Ron Cochran
Sheriff

RC/rk

Office of the

# Sheriff



Broward County
Post Office Box 9507
Fort Lauderdale, Florida 33310

June 17, 1996

Mr. William M. Hicks, BS9514533
North Broward Detention Center
1550 N. W. 30th Ave.
Pompano Beach, FL 33309

Dear Mr. Hicks:

I have received your recent letter in which you indicate that you would like to speak to me regarding jail and medical issues. Your request is more appropriately addressed to the Superintendent of the North Broward Detention Center, Barbara Law. You should send her a request slip and either she or her designee will get back to you. Thank you for contacting me.

Sincerely,

Susan W. McCampbell, Director
Department of Corrections and Rehabilitation

SWMcC/rk
cc:    Superintendent Barbara Law

Office of the

# Sheriff

Broward County
Post Office Box 9507
Fort Lauderdale, Florida 33310



July 22, 1996

Mr. William M. Hicks, BS9514533
North Broward Detention Center
1550 Blount Road
Pompano Beach, Florida 33060


Dear Mr. Hicks:

I have received your recent letter in which you request that I send someone to speak to you
regarding your disciplinary status.  Please be advised that I have requested that Mr. Stan Holmes,
Ombudsperson, speak with you regarding these issues.

Sincerely,

Susan W. McCampbell, Director
Department of Corrections and Rehabilitation

SWMcC/dg
cc:     Stan Holmes, Ombudsperson

**Sheriff**

Broward County
Post Office Box 9507
Fort Lauderdale, Florida 33310



October 4, 1996

William M. Hicks
North Broward 12-1-H-3

Dear Mr. Hicks:

I appreciate you taking the time to write to me about your medical concerns.

A careful, thorough, review of your medical file indicates that you have been receiving medical care since your arrival in the Broward County jail system. In order to address your personal concerns, however, a physician will conduct a thorough review of your medical file and your current condition during the week of October 7, 1996. After that review, the physician will be speaking with you extensively concerning your current condition and plans for future medical treatment. The physician will explain your past medical concerns, including assuring that you understand the real nature of your injuries.

In is unfortunate that often an inmate's family physician and jail physicians do not agree on the diagnosis and treatment plans for the inmate. This happens among physicians in the "free" world as well. It is my position that EMSA's physicians provide a level of care consistent with what is found in the community. EMSA is responsible for the daily medical treatment of more than 3,600 inmates, and 70,000 arrestees each year. This is more clients than any hospital in the County. Even with this volume, quality care is provided. The level of care has been demonstrated in repeated audits by outside medical experts.

Mr. Hicks, it is our stated purpose to assure that inmates are treated with dignity and afforded a level of care consistent with community standards. We will continue to do our part in assuring your health during your incarceration. I ask that you also fully cooperate during the next week with the medical review. You are fortunate to have a mother that cares about you to advocate on your behalf. Be assured I will continue to work with her and, hopefully, address as many of her concerns as possible.

Superintendent Law is my representative at North Broward. I know that you and she speak often. Anything that you would like to relay to me, you may certainly tell her. You are aware that she also cares about your welfare and has listened to you and acted on your behalf numerous times. When I am at North Broward I will come by to meet you.

Please write again.  You also have at your disposal inmate counsel Chris Cloney, and Federal Court Monitor John Tiedeberg.  Mr. Tiedeberg is frequently in the facility.  Should you desire to see him, just let Superintendent Law know.  If you wish to speak to Mr. Cloney, he may be reached at 523-5993.

Sincerely,

Susan W. McCampbell, Director
Department of Corrections and Rehabilitation

SWMcC/rk
cc:     Dr. William Haeck
        Superintendent Barbara Law
        Stan Holmes, Ombudsperson

Office of the
# Sheriff



Broward County
Post Office Box 9507
Fort Lauderdale, Florida 33310

October 24, 1996

Mr. William Hicks, BS95-14533
North Broward Detention Center
1550 Blount Road
Pompano Beach, FL 33060

Dear Mr. Hicks:

Please be advised that Dr. Haeck is making arrangements for another independent review of your medical care. I hope that this review leads to the resolution of your issues.

Sincerely,

Susan W. McCampbell, Director
Department of Corrections and Rehabilitation

SWMcC/rk

of the

Sheriff                 *I Rec'eved*
                         *on*
                         *11-4-96*
                         *Bill H.*

Broward County
Post Office Box 9507
Fort Lauderdale, Florida 33310



October 31, 1996

Mr. William Hicks, BS95-14553
North Broward Detention Center
1550 Blount Road
Pompano Beach, Florida

Dear Mr. Hicks:

The following is in response to your letter dated October 28, 1996:

It is regretful that you do not feel that you had a "proper medical review." I understand your behavior during that session may have prevented you from taking advantage of the opportunity.

I cannot think of any Federal laws that BSO broke by having you see Dr. Davis. You are free, of course, to pursue any litigation you wish to pursue.

I doubt that the Deputies and the Sergeants are engaged in a conspiracy to deprive you of your rights. My review of all paperwork relative to your rights indicates that you have been afforded due process. It seems to me that if you followed facility rules, your incarceration would proceed more smoothly for you.

I have seen no paperwork from staff indicating any use of force on you. If you feel that you have been "beaten" then I suggest you ask your family to make a complaint to the Office of Professional Compliance, 831-8181. I've previously advised your Mother of this process and the telephone number. If a Deputy is abusing you verbally, you need to forward a grievance to the facility superintendent, or talk to the Sergeant on the unit.

You ask to see the highest ranking official. That is Superintendent Law at North Broward. I know that she has spoken with you before. If you'd like to talk to her again, ask to see her as she makes rounds, or send an Inmate Request to her attention.

I'm pleased you've had a chance to meet the Federal Court Monitor, Mr. Tiedeberg. I'm sure Mr. Tiedeberg can provide you with the telephone number of Mr. Chris Cloney, the inmates' attorney. Perhaps Mr. Cloney might assist you in your litigation against EMSA and BSO. Perhaps Mr. Cloney can also advise you concerning your allegations of false accusations, improper disciplinary action, and physical and verbal threats. If you wish to place assault charges against any staff member, you may discuss this with Mr. Cloney, or you may call Professional Compliance at the number listed above to ask that the charges be placed and an investigation undertaken.

I have a meeting with EMSA's Medical Director today. I will promptly advise him that you say you are very sick. I'm sure EMSA will respond appropriately to your medical complaints.

In closing, Mr. Hicks, I suggest that you have a conversation with the unit sergeant concerning how you can pass your time during this pre-trial incarceration in a manner consistent with facility rules. You hold your own destiny in your hands. If you comply with facility rules, follow the lawful orders of staff and cooperate with the medical staff, your stay will be less stressful for you and your family.

Sincerely,

Susan W. McCampbell, Director
Department of Corrections and Rehabilitation

SWMcC/rk
cc:     Superintendent Barbara Law
        EMSA Medical Director

*I Recieved*
*11-8-96*
*Bill H*

Office of the
# Sheriff

Broward County
Post Office Box 9507
Fort Lauderdale, Florida 33310

November 6, 1996

Mr. William M. Hicks
BS95-14533
North Broward Detention Center
1550 Blount Road
Pompano, Florida 33060

Dear Mr. Hicks:

I wanted to acknowledge your note of November 4, 1996 in which you state that you will no longer correspond with me regarding your allegations of medical mistreatment. It has been my goal since my first telephone conversation with your Mother to assist you and your family is understanding the boundaries and opportunities presented by your incarceration. There are many instances where we will not agree on issues, but it is my position that we have addressed your medical issues. You have a right to disagree with that; you have a right to take whatever legal action you believe is in your best interest. You should know that no matter your actions, I will continue to follow your case and work to assure that you are provided with the care to which you are entitled.

Sincerely,

Susan W. McCampbell, Director
Department of Corrections and Rehabilitation

SWMcC/rk



# RON COCHRAN
### SHERIFF
### BROWARD COUNTY

November 13, 1997

Mr. William Hicks, BS97-17076
Main Jail
555 SE First Avenue
Fort Lauderdale, FL 33301

Dear Mr. Hicks:

I have received your recent letter in which you asked that I send someone to advocate on
your behalf.  Please be advised that I sent Stan Holmes, Ombudsperson, to assist you with
your issues. You are now filing a complaint about him.

Your placement is a matter of your medical/psychiatric needs, your behavior and the
classification process.  Except for medical or psychiatric needs, you are housed according
to the objective inmate classification system with other individuals who's classification
scores are similar to yours.  Medical or psychiatric placement is the responsibility of the
health care staff.

If you have issues which  you feel are not being addressed, you should contact the
Superintendent of your facility, Mr. Willie Roberts.

Sincerely,

Susan W. McCampbell
Deputy Chief

SWM/dpg

*I received on 9-16-97 Bill H*

Broward County
Post Office Box 9507
Fort Lauderdale, Florida 33316

*On 9-19-97 sent another letter do to the threats of being moved to another room.*

September 15, 1997

Mr. William Hicks, BS9717076
Broward County Main Jail
555 S.E. First Avenue
Fort Lauderdale, FL 33321

Dear Mr. Hicks:

I have received your recent letter to Mrs. Susan McCampbell as I am the Acting Director of the Department of Corrections and Rehabilitation. You have indicated that you are currently experiencing medical problems and for that reason I am referring your letter to Mr. Kevin Jorgenson, Health Care Administrator at the Main Jail. A totally quiet room is not a possibility in a jail setting and we are not in a position to offer a choice of practitioners, but perhaps your pain management plan can be re-evaluated. Mr. Jorgenson will meet with you to discuss this issue.

Sincerely,

F. Patrick Tighe, Acting Director
Department of Corrections and Rehabilitation

FPT/rk

cc:    Kevin Jorgenson
          *EMSA Director of Main Jail*

October 27, 1997

Mr. William Hicks, BS9717076
Main Jail
555 S.E. First Avenue
Ft. Lauderdale, FL 33301

Dear Mr. Hicks:

Your letter to Susan McCampbell has been referred to me. Since your issue directly involves the policies and activities of the staff of the Main Jail, Superintendent Willie Roberts or his designee will be responding to your issue.

Sincerely,

F. Patrick Tighe, Acting Director
Department of Corrections and Rehabilitation

FPT/rk

cc:　　Superintendent Willie Roberts

I Hicks Recieved
Back on 10-28-97

7-D-2

**RON COCHRAN**
SHERIFF
BROWARD COUNTY
P.O. BOX 9507
FORT LAUDERDALE, FLORIDA 33310

**DATE:**     November 14, 1996                    96-335

**MEMO TO:**  Sergeant Jim Layman
             Professional Compliance

**FROM:**     Susan W. McCampbell, Director
             Department of Corrections and Rehabilitation

**SUBJECT:**  Non-Misconduct Inquiry
             Inmate William Hicks

I am returning to you the Non-Misconduct Inquiry forwarded to me on November 13, 1996. The complainant is inmate William M. Hicks, currently held in the forensic unit at North Broward. Mr. Hicks is awaiting trial for allegedly beating to death his mother's 82 year old neighbor. Mr. Hicks received facial injuries in a fight with another inmate in April, 1996.

Since Mr. Hicks' incarceration, he and his family have been quite vocal about what they consider to be his mistreatment - both medically, and in terms of the general conditions of his incarceration. I have personally spent many hours on the telephone with his mother, Donna Johnson, as has Marie Hall. Superintendent Law has spent time with Mr. Hicks and in talking to Mrs. Johnson. Our Ombudsperson, Stan Holmes, has reviewed Mr. Hicks' incarceration record several times to assure our staff was following our rules. EMSA has devoted considerable resources to reviewing Mr. Hicks' medical condition and making appropriate medical decisions, ones Mr. Hicks does not agree with. Mr. Hicks and Mrs. Johnson have frequently threatened legal action, have written to the Board of County Commissioners and contacted media outlets.

It appears that there is nothing the Department of Corrections and Rehabilitation will be able to do to address Mr. Hicks' and Mrs. Johnson's concerns to their satisfaction. I have suggested to them on numerous occasions that if they have complaints which they believe we are "covering up" they should contact Professional Compliance.

It is therefore, with this significant history, that I recommend that a non-DCR person review Mr. Hicks' latest complaints. I note that the litany of complaints in his letter to you brings a whole new series of charges which he, or Mrs. Johnson, has not mentioned previously. To assist the investigating deputy, I can provide the correspondence to date, the grievances Mr. Hicks has filed and the responses, Mr. Hicks' inmate request forms and responses, and this disciplinary record during incarceration. If you have some other review mechanism in mind, I'd be pleased to assist as well. I believe the review of Mr. Hicks' complaints will not require significant new investigation.

I appreciate you re-looking at the assignment of this matter. If I can supply additional information, please let me know.

SWMcC/rk
Enclosure (Non-misconduct Inquiry)
cc:     Chief Roy Vrchota
        Lt. Andrew Koerick

RON COCHRAN
SHERIFF
BROWARD COUNTY
P.O. BOX 9507
FORT LAUDERDALE, FLORIDA  33310

DATE:    November 6, 1996                        NM96-220

MEMO TO:  Director Susan McCampbell, DOC

FROM:     Sgt. Jim Layman, CCN 2913              RECEIVED
          Professional Compliance
                                                 NOV 1 3 1996
SUBJECT:  NON-MISCONDUCT ENQUIRY
          RE:  Deputy Brian Kelly, CCN 7674 et al    Corrections Administration
          NBB

CITIZEN INFORMATION:
          William M. Hicks
          BS95-14533
          NBB

NATURE OF INCIDENT:

Hicks, in a hand written letter dated 31 Oct 96, alleges mistreatment by
several corrections deputies assigned to DOC-NBB.


DATE EMPLOYEES' COMMAND TELEPHONICALLY CONTACTED: N/A
DATE ASSIGNED:  6 Nov 96              RESULTS DUE BY: 5 Dec 96

THIS PORTION TO BE COMPLETED BY EMPLOYEES' COMMAND:

DATE CITIZEN CONTACTED:
SUPERVISOR:

                    RESULTS OF FOLLOW-UP




Upon the completion of this inquiry, please forward all original documents to the Office of
Professional Compliance.  **IMPORTANT:**  If the employees' district or division command
determines or uncovers that the incident involves an allegation of employee misconduct, it
will be the responsibility of that command to notify the Office of Professional Compliance
and obtain a P.C. number.  In addition, the investigating supervisor will document the
allegations on a Complaint Control Form and commence with an administrative investigation.

cc:  Professional Compliance File

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE GRIEVANCE FORM

**TO BE COMPLETED BY INMATE** 121142403

| | | | | |
|---|---|---|---|---|
| Inmate's Name | Arrest# | Cell | Facility | Date |

### PART A - INMATE'S GRIEVANCE

_____

_____

_____

_____

_____

_____

| | |
|---|---|
| Inmate's Signature | Date Signed |

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.
RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

**TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
PART B - RESPONSE**

Mr. Hicks Grievances are picked up on a regular basis.
It is unfortunate that the box was full when you tried
to submit yours. We will monitor and see if they need
to be picked up more often.

| | |
|---|---|
| Reviewing Deputy's Signature/CCN | Date |
| Supervisor's Signature/CCN | Date 2-22-98 |

**TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.**

I _____, wish to appeal the response.

| | |
|---|---|
| Inmate's Signature | Date Signed |

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.
RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

**DIRECTOR'S RESPONSE TO APPEAL**

I Hicks received
Back on 3-4-98
NBDC
12-1-#4

| | |
|---|---|
| Director's Signature | Date |

BSO DJ#51 (Revised 4/93)

DATE                    BDC    Jail                    page 1/4 12-1-H-4
4-9-98              TAPE STATEMENT ON
                   INTERNAL AFFAIRS              on TAPE 2:45 pm "He said
        Wit LEFT 2:25 pm                        IAS rt Said 2:45 pm"
                            BACK on wit 3:20 pm

I William M HICKS WAS called out to Attorney visit. Time
I WAS called 2:12 pm + LEFT wit 2:25 pm. I gave to holding cell
First THEN Taken into visit Room. Upon walking in I met a Black
male in Dress cloTHS + gold bracelet on LeFT wrist. He notified
self as a Detective. For internal affairs. He stated he was
here To investigate Deputy Sharky and Stolen mail. I Showed
him some Files on Sharky ① File on 3 request with Turned to a
D.R, ② DAY For DAY notes on Sharky ③ DAY For DAY on Dep Ingram
I spoke openly To him + told of 1996-1987 Stolen mail of Dep
Kooram "Korum" and of Time he WAS Found guilty. spoke of all
assaults and of Sharkys abuse to me. He asked me if it was
okay to take Tape statement, I said yes sir, He read all I
provided and proceeded to use tape recorder. As we gave
on TAPE he said For me to SAY Full NAME + spell last NAME +
Home address said Don't have one "I've Been in here since 1995 +
He said to SAY Social Security. He spoke of reader + said his
NAME + Detective of B.SO. Sheriffs OFFICE. He Asked questions
and I answerd them. I Told of Sharky Taking mail + he's
housing deputy and I gave mail several Times and I've
had problems. I Told I got mail back due to he would
not Sign CNN#___ and I got Two LeTTers back. ①
a white envelope Torn open From Top To Bottom 1 inch up
away From Bottom. Told was Taped Back up to seal it +
a Brown envelope Torn open "Tried" Bottom but started to
                    con't

cont

NBDC Jail
Statement con't on
internal affairs

page 2 of 2

12-1-H-4

To tear and open top of it! Told of peices of mail taken from it! Both hand written to lawyers! 1 page each was gone & all mail left was rearranged! Ask if I knew it was Shorky and can I prove it! I said he's housing deputy and he's incharge & or we could go to control room deputy! I said Shorkys in charge of all mail & request & scan! He took to control room & never done any thing else! Said can you prove he done it", I said I can only prove by day for day notes and he's in control of 12-1-H-! I told of problems in 1996-97 of assaults & abuse & I sought medical due to Broken Jaw! Showed how far mouth opens & of Bone sticking out side of face! and of over 1/2 year in lockdown for seeking medical and of tape statement taken by Sgt Garrison "which is now L.T. Garrison", & never gone anywhere! Told of internal affairs guy & sgt Black female "couldn't remember name & in 96 or 97 took interview & never done any thing & only wanted my notes I didn't have in jail! due to notes disappear! Told of miss holmes drug cell & 15 people to go against me & of miss Holmes & miss Jackson relapse perversion & a Detective Female hit on me sexually! I said I have day for day notes & names of all! He said would I be willing to take lie detector test and I said yes" Said it twice & I said yes twice! He said if he needs to see me again could he "I said yes! I said I go to trial next week for murder not guilty of & I won't be back till 9:00 so see me at 10:00pm "said no problem! He left & I felt as [illegible] fall will do right". [illegible] Shorky may Be charged & loose JOB! Said Davis works in Jewelry [illegible]

[illegible]
2991 6-P

# BROWARD SHERIFF'S OFFICE
## DEPARTMENT OF CORRECTIONS AND REHABILITATION
## INMATE GRIEVANCE FORM

**TO BE COMPLETED BY INMATE**

William M Hicks | 1S97-[illegible] | 7-D-2[2] | M-[illegible] | 9-20-97
Inmate's Name | Arrest# | Cell | Facility | Date

**PART A - INMATE'S GRIEVANCE**

RE: internal Affairs"
I [illegible] internal AFFairs [illegible] 12 months ago [illegible]
[illegible] at [illegible] "Bobby" [illegible] [illegible],
I asked him to please [illegible] that [illegible] I hoped that the agency would
[illegible] to provide [illegible] "rights" to people [illegible] police them [illegible]
[illegible] the internal affairs would please [illegible] investigation into the above
[illegible] medical [illegible] trial [illegible]
will be [illegible] so I ask that "you be the [illegible]" I'm a Christian" So [illegible] with me

William M Hicks 9-20-97

Inmate's Signature Date Signed

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

**TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW**
**PART B - RESPONSE**

God Bless with you "[illegible]" "[illegible]" Thank you.

Mr Hicks I have addressed your medical Complaints I have had you seen by Dr Lima, Dr Hecker, you have also been seen in the Dental clinic. If you have a specific medical complaint please send a medical Request outlining your Complaint

Reviewing Deputy's Signature/CCN Date

[signature] 11-5-97

Supervisor's Signature/CCN Date

**TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.**

I ______________________________, wish to appeal the response.

Inmate's Signature Date Signed

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

**DIRECTOR'S RESPONSE TO APPEAL**

I Hicks recieved BACK on 11-10-97 7-D-2[2]

Director's Signature Date

BSO DJ#51 (Revised 4/93)

*Tried No pain meds since here* *page 1 of 5*

**BROWARD SHERIFF'S OFFICE**
**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**INMATE GRIEVANCE FORM**

*RE EMSA "MEDICAL"*                **TO BE COMPLETED BY INMATE**

William M Hicks        DS97-1776   2-D22  M-5        11-7-97
------------------------------------------------------------------
Inmate's Name                Arrest#    Cell  Facility         Date

**PART A - INMATE'S GRIEVANCE**

RE: Kevin J & Nurse Taylor & nurses on all shifts "@ EMSA"

I've tried to Renew pain medication & psych drugs week ½ ahead of time and I got a copy back Dated 10-29-97 to kevin J which said he reffered me to renewal of meds. wrong He's all week till 11-8-97 I put medical & B.S.O request in to medical & kevin J. and I got no pain meds at all. SEEMS THIS EMSA

William M Hicks                                11-7-97
------------------------------------------------------------------
Inmate's Signature                         Date Signed

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

**TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW**
**PART B - RESPONSE**

_____

_____

_____

_____

Reviewing Deputy's Signature/CCN                    Date

Supervisor's Signature/CCN                          Date

**TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.**
I _____, wish to appeal the response.

Inmate's Signature                         Date Signed
**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

**DIRECTOR'S RESPONSE TO APPEAL**

_____

_____

_____

Director's Signature                                Date

*PE NO Pain meds um [?]* BROWARD SHERIFF'S OFFICE    *Page 2 of 5*
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE GRIEVANCE FORM

## TO BE COMPLETED BY INMATE

Inmate's Name: HICKS William    Arrest#: BSSO 77016    Cell: 2-D2    Facility: M J    Date: 11-7-97

### PART A – INMATE'S GRIEVANCE

Has caused a lot of problems' they lie to coverup all Fractures to Head caused By B.S.O & I never had Jaw wired nor Fractures Fixed wich I still have Fractures today I've tried the way Kevin J "Directa" told me to But seems since he's in a little trouble for his addituck & wrongs & corruption it's the BSO takes out on me again "as usual I'm the one to

Inmate's Signature: HICKS William    Date Signed: 11-7-97

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

## TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B – RESPONSE

Reviewing Deputy's Signature/CCN    Date

Supervisor's Signature/CCN    Date

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I _____, wish to appeal the response.

Inmate's Signature    Date Signed

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### DIRECTOR'S RESPONSE TO APPEAL

Director's Signature    Date

RE No Pain meds non st

Page 3 of 5

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE GRIEVANCE FORM

## TO BE COMPLETED BY INMATE

William m Hicks        BS9717606  2-D2  m-5    11-2-99

Inmate's Name _____ Arrest# ____ Cell __ Facility __ Date

### PART A - INMATE'S GRIEVANCE

TO Suffer at the hands of B.S.O & EMSA. I've tried at all shifts to have nurses please check on re newal OF Pain meds But seems they say they have But I never saw them nor docta" I've asked nurse taylor on 11-2-99 3-11pm to please tell Docta" she said By the time I get there no Body will Be there" So she basicly said no

William m Hicks                11-2-99

Inmate's Signature _____ Date Signed

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

## TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B - RESPONSE

Reviewing Deputy's Signature/CCN _____ Date

Supervisor's Signature/CCN _____ Date

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I _____, wish to appeal the response.

Inmate's Signature _____ Date Signed

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### DIRECTOR'S RESPONSE TO APPEAL

Director's Signature _____ Date

BSO DI#51 (Revised 4/93)

*RE: No pain meds all + 7/...*                                                    *Page 4 of 5*

## BROWARD SHERIFF'S OFFICE
### DEPARTMENT OF CORRECTIONS AND REHABILITATION
### INMATE GRIEVANCE FORM

### TO BE COMPLETED BY INMATE

William M Hicks                BS9717026   702   M 5      11-7-97

Inmate's Name                   Arrest#     Cell  Facility    Date

### PART A - INMATE'S GRIEVANCE

and I've asked all week For help, not Just that one
time, i've asked BSO Deputy on 11-7-97 "3-11pm" and
I got yelled "Screamed at" It's not my Fucking JOB
nor DO I Have to worry about your medical "EMSA
Does "and So on: "Black male" something got Done But
then they called down told to tell nurse today + She'll take

William M Hicks                                  11-7-97

Inmate's Signature                          Date Signed

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B - RESPONSE

_____

_____

_____

_____

Reviewing Deputy's Signature/CCN                 Date

_____

Supervisor's Signature/CCN                       Date

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I _____, wish to appeal the response.

_____

Inmate's Signature                          Date Signed

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### DIRECTOR'S RESPONSE TO APPEAL

_____

_____

_____

_____

Director's Signature                             Date
BSO DI#51 (Revised 4/93)

*page 50f5*

**BROWARD SHERIFF'S OFFICE**
**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**INMATE GRIEVANCE FORM**

## TO BE COMPLETED BY INMATE

*William M Hicks*                    *BS971076* *7-D-2* $^2$ *M-J*        *11-7-97*
Inmate's Name                           Arrest#    Cell   Facility          Date

### PART A – INMATE'S GRIEVANCE

*Care of it" what a bunch of bull Shit, I have day For
day notes & copys of all request I got Deal with, I
gave to Lawyer, I Suffer Still & every one Says
"its the other guy" when is Some one going to get
on Ball & take "control" it has to Stop "why not now"
I only Seek medical "all Started By one Docter 'DR DAVIS M.D
And the bill got So High, Thanks.*

*William M Hicks*                                              *11-9-97*
Inmate's Signature                                          Date Signed

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

## TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B – RESPONSE

_____

_____

_____

_____

_____          _____
Reviewing Deputy's Signature/CCN              Date

_____          _____
Supervisor's Signature/CCN                    Date

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.
I _____, wish to appeal the response.

_____          _____
Inmate's Signature                            Date Signed

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### DIRECTOR'S RESPONSE TO APPEAL

_____

_____

_____

_____

_____          _____
Director's Signature                          Date
BSO DJ#51 (Revised 4/93)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE GRIEVANCE FORM

## TO BE COMPLETED BY INMATE

3979

William M Hicks                    BS97-17076   7-12-2   M-5              11-23-97

Inmate's Name _____ Arrest# ___ Cell ___ Facility ___ Date

RE: No pain medication

### PART A - INMATE'S GRIEVANCE

Since 11-20-97 I've submitted medical request + regular
request all I try to do is Renew said medication
which is a right + and a necessity to maintain
a positive + mental attitude" you ARE once again
allowing I to suffer in pain "over 19 months all I do is
Fight For F——— medical do to your Fault ERSA"
So I now go For, days starting new waves over medication"

William m Hicks                                   11-23-97

Inmate's Signature _____ Date Signed

**WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### TO BE COMPLETED BY THE OFFICE OF INFORMATION AND REVIEW
### PART B - RESPONSE

RECEIVED
DEC 05 1997

Sir   your meds were relieved 11/26/97

Kevin Jorgenson, RN, BSN
ASST. HEALTH SERVICE ADMINISTRATOR
MAIN JAIL BUREAU

Reviewing Deputy's Signature _____ 12-5-97 Date

Supervisor's Signature/CCN _____ Date

### TO BE COMPLETED IF INMATE WANTS TO APPEAL RESPONSE.

I, _____, wish to appeal the response.

Inmate's Signature _____ Date Signed

**WHEN COMPLETED, KEEP THE TOP OF THE FORM.**
**RETURN ALL OTHER COPIES TO THE GRIEVANCE BOX LOCATED IN EACH POD.**

### DIRECTOR'S RESPONSE TO APPEAL

Director's Signature _____ Date

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

*I Hicks*
*recieved Back*
*7-022   11-12-97*

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

## TO BE COMPLETED BY INMATE

Date of Request: _____   Inmate's Name: _____
                                   (Alias, if used)

Arrest #: _____   Location: _____   DOB: _____

To: _____

| Program Specialist | ☐ | Mailroom | ☐ | Commissary | ☐ |
| Classification | ☐ | Food Service | ☐ | Other | ☐ |

Nature of Request: _____

_____

_____

_____

_____

_____

Inmate's Signature                          Date Signed

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD.

------------------------------------------------

### DO NOT WRITE BELOW THIS LINE:
### ACTION TAKEN/RESPONSE

Lt. Gornson came to speak with
you. you complaints were hear
and will be foward to the Ast. Sup Robinson

Comp_____ By: _____  CCN _____  Date: 11/11/97  Time: _____

will be handled by the responding deputy in one of the following ways:

☐ ____en Information          ☐ Personal Interview

will be responded to, in writing, by the Office of Information and Review.

1/93)

*please note this is*

*A Legal request, STR*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

*Note →  "I WANT Willie roberts to sign his NAME ONly"*

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

TO BE COMPLETED BY INMATE

Date of Request: *1-23-98*          Inmate's Name: *Williams m Hicks*
                                                        (Alias, if used)

Arrest #: *BS97-1206* *old # BS95-14533*    Location: *7 A 1 6*    DOB: *9 10 63*

To: *Willie roberts "Superwrecdest*

| | | | |
|---|---|---|---|
| Program Specialist | ☐ | Mailroom | ☐ | Commissary | ☐ |
| Classification | ☐ | Food Service | ☐ | Other | ☐ |

Nature of Request: *STR, on 1-21-98 at 10:00AM - 10:45AM I met with professional compliance" I wrote request on 1-21-98 to master control to recieve copy of Log entry on that! seen m Lewis on 1-22-98 Said I need to take Legal action" So I go through you I have 1996 pro federal USC Law suite still pending against Jail + EMSA for medical! I ask you to please Tak copy This Sir! I need For my record! P.S. I ask wright" So I thank you to*

*William m Hicks*                      *1-23-98*
Inmate's Signature                      Date Signed

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD.

DO NOT WRITE BELOW THIS LINE:
ACTION TAKEN/RESPONSE

_____

_____

_____

_____

_____

Completed By:_____CCN_____Date:_____Time:_____

All requests will be handled by the responding deputy in one of the following ways:

☐  Written Information            ☐  Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)        *RE Professional Compliance*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

_If you haven't asked the housing unit deputy to solve this problem, do so before completing this request._

### TO BE COMPLETED BY INMATE

Date of Request: _____  Inmate's Name: _____
(Alias, if used)

Arrest #: _____  Location: _____ DOB: _____

To: _____

| | | | | | |
|---|---|---|---|---|---|
| Program Specialist | ☐ | Mailroom | ☐ | Commissary | ☐ |
| Classification | ☐ | Food Service | ☐ | Other | ☐ |

Nature of Request: _____
_____
_____
_____
_____
_____
_____

Inmate's Signature                              Date Signed

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST
BOX LOCATED IN EACH POD.

------------------------------------------------------------------

### DO NOT WRITE BELOW THIS LINE:
### ACTION TAKEN/RESPONSE

_____
_____
_____
_____
_____
_____

Completed By: _____ CCN _____ Date: _____ Time: _____

All requests will be handled by the responding deputy in one of the following ways:

☐   Written Information                    ☐ Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)

_TO B. Law_

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE'S REQUEST FORM

_12-26-96_
_at 1:45pm_

_Attn L.t. Wm R.T. Link #Badge 2225_      _BillH  By Deputy Riviera_

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

===

TO BE COMPLETED BY INMATE

Date of Request: _12-24-96_      Inmate's Name: _William m Hicks_
(Alias, if used)

Arrest #: _B595-14533_      Location: _12-1-H-3_      DOB: _3-10-67_

To: _To B. Law °/0F L.t. Wm  Badge 2225_

| Program Specialist ☐ | Mailroom ☐ | Commissary ☐ |
| Classification ☐ | Food Service ☐ | Other ☒ |

Nature of Request: _I request to Speak of two things ① Am I in B.S.O care_
_and are they Suppose to provide For I ② I have a serious problem at_
_B.SO & EMSA been aware of For OF OVER 10 months now, IVE Been Lien_
_to, Beat up, Emotionally, Scared ed always in serious pain. I Asked_
_For two things ① to have my Soft Diet Food along with snack bag & and_
_my medication. I have ulcers From this jail and Broke ribs ad others still Broken_
_/ you say you dont make appearances - well your not alone, Nice Job keep it up,_
_William m Hicks_      _Im tired, no more Fights,_
_gone through courts_

Inmate's Signature      Date Signed
_12-24-96_

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD.
- - - - - - - - - - _not to mention still threats pr a certain Deputy_

DO NOT WRITE BELOW THIS LINE:
ACTION TAKEN/RESPONSE

_I personally spoke with Sadie, the EMSA Head nurse_
_& she assured me she would check out your diet and_
_medication concerns. These items are the only ones_
_I can personally see to that you have requested._
_Your other listings are to vague and non-directional_
_for me to address. Hope I helped some._

Completed By: _H.W.H.L_   CCN _2225_  Date: _12/26/96_  Time: _12:31pm_

All requests will be handled by the responding deputy in one of the following ways:

☐   Written Information      ☐   Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

DJ#24 (Rev. 4/93)   _P.S. Refered your abuse complaint (Threats) To Sgt Lehman_
_I.A. HWH_

North Broward Detention center

3-4-98

! MATTER in regards TO "Two B.S.O. Sergeants!
① Sgt Lyons 7-3pm  ② Sgt Botero 3-11pm

I William m Hicks Arrest# BS97-17076, Fight For my Life and I also Fight To not Be or get assaulted. On many occasions I asked and pleaded to speak To Sergeants Botero & Lyons. All over shift 11-7AM. A white male B.S.O. Deputy who Lost his good behavior pin & 5 year pin For Stealing my mail and giving to his Boss which gave to STATE prosecutor "charles morton." He never had Federal Charges brough against him. As his Demeanor is bad, I know it's only time I will be assaulted do to These Two Sergeants LACK OF CARE & professionalism. THIS Deputy among others who should Be Fierd For ABUSE and violating THE LAWS, But all The Same deputys get away with it al makes THem Feel Superior and wont Loose JOB. SO I Feel We need to hold all Sergeants Liable. ALSO.

I'VE Been in Jail
Sine Aug 7, 95

CC:
File

Sincerely William m Hicks
BS97-17076 OID BS95-14533

*Mail form*

## BROWARD SHERIFF'S OFFICE
### DEPARTMENT OF CORRECTIONS AND REHABILITATION
### INMATE'S REQUEST FORM

A.S.A.P

If you haven't asked the housing unit deputy to solve this problem, do so before completing this request.

### TO BE COMPLETED BY INMATE

Date of Request: 3-2-98

Inmate's Name: *William m Hicks*
(Alias, if used)

Arrest #: 6391-0096

Location: 17 - - - - 4    DOB: 3-7-63

To: *Mail room*

| Program Specialist | ☐ | **Mailroom** | ✓ | Commissary | ☐ |
| Classification | ☐ | Food Service | ☐ | Other | ☐ |

Nature of Request: I need help. A male Deputy "Shorty" 11-7AM shift wont take mail. He's violating my rights to mail legal work. He has already been caught stealing my mail in 1997 & he's still mad at me to his own actions. I get threats + His praise I get a threat! I still hold my mail today 3 days later. He's in violation of Federal rules. I need to charge this deputy a name before I get hurt over his cocky attitudes.

3-2-98

Inmate's Signature *William M Hicks*    Date Signed

WHEN COMPLETED, KEEP ORIGINAL (WHITE) FORM. RETURN ALL OTHER COPIES TO THE INMATE REQUEST BOX LOCATED IN EACH POD.

-----------------------------------------

### DO NOT WRITE BELOW THIS LINE:
### ACTION TAKEN/RESPONSE

William Hicks
I WAS TOLD BY
Deputy McKinny not
TO FILE " was acting
Sgt.

Completed By:_____ CCN_____ Date:_____ Time:_____

All requests will be handled by the responding deputy in one of the following ways:

☐  Written Information          ☐  Personal Interview

All grievances will be responded to, in writing, by the Office of Information and Review.

BSO DJ#24 (Rev. 4/93)

DISplinary Report(S) SEE
TOP PORTION OF OTHER
DETAINEES, shows AlSO
DEpuity S taking DR$^S$ AND
SIGNING After SERVED.
MADE COPY'S BEfore that
Happened. AlSO shows
retaliation on Hicks for
SEEKING MEDICAL


EXHIBIT  P

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION



# INMATE DISCIPLINARY REPORT

**PART I:  REPORT OF INFRACTION**    Inmate's present location: _____

|  | Facility/Pod/Housing Unit/Cell Number |  |
|---|---|---|
| Inmate's Name: | Violation Classification | Violation Code |
|  | 1. |  |
| Arrest Number:    Date/Time of Infraction: | 2. |  |
| Place of Infraction: | 3. |  |

Description of infraction (who,what,when,where,how,why,and your actions):

_____

_____

_____

_____

_____

| Reporting employee's signature/CCN: | Date/Time: | Employee's name and title (print): |
|---|---|---|

Evidence collected?  [ ] Yes  [ ] No    Event Report completed?  [ ] Yes  [ ] No    Case Number _____

**PART II:  INVESTIGATION**    Investigation starting date: 6/5/96,  time: 2115 hours

Inmate present for statement (check one)?    [✓] Yes    [ ] No    [ ] Refused

INMATE STATES THAT HE DID NOT WANT TO CAUSE TROUBLE AND
TOOK THE FLOWER TRAY. HICKS SAY THAT DEP KELLY DID NOT LISTEN
TO HIS REQUESTS TO WRITE INTO HIS DIET TRAY. INMATE HICKS
STATED THAT HE DID NOT ASK DEP KELLY ANY QUESTIONS. HE SAID
HE JUST SAID "IT SOUNDS LIKE AN ACT" BUT HE DID NOT SAY IT TO
DEP KELLY. HICK'S SAID HE WANTED TO GET THE DIET FOR
MEDICAL REASONS ONLY.

**Inmate requested:**    representation? [ ] Yes [ ] No    witnesses? [ ] Yes [ ] No

Comments/action taken and finding of infraction:    Statement By william Hicks > Says who
gave hearing breed and violated all my rights to a Fare hearing
and as I asked her to read witness statements that where already
there and she said no and so she violated my D.R Rules and
rights, the facts where there and deputy kelly lied
along with deputy seith and my witnesses where saying
the truth. violated all my rights to a Fair Trial.

| Inmate's signature: | Investigator's signature/CCN: |
|---|---|
| Reviewing supervisor's signature/CCN: | Disciplinary Report expires on: Date: _____ Time: 1700 |
| D.R. copy delivered to inmate by (name/CCN): | Date/Time delivered: | Hearing Date and Time: |

White (original) - Inmate file    Yellow copy - Facility Administrator's file    Pink copy  - Inmate

BSO DI#98 (Revised 12/95)

*Recieved This As my copy of new D.R, 6-12-96
hock Down For medical Reasons, can't Read.*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

N.B.D.C

## DISCIPLINARY COMMITTEE ACTION SHEET

**PART I: COMMITTEE TYPE** (check one): [✓] IDC  [ ] UDC          Date: ___/___/___    Time: _____ hours

Inmate's present location: _____
Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: HICKS WILLIAM | Violation Classification | Violation Code |
|---|---|---|
| | 1. DISOBEY. ORDER | |
| Arrest Number: 9895-1433  Date/Time of Infraction: 06-05-96   1700 | 2. INSOLENCE | A |
| Place of Infraction: 12 H3 | 3. | |

Disciplinary Report expiration date: ___/___/___, time: _____ hours

Hearing Continuance?   [ ] Yes  [✓] No   Reason: _____

Representative requested?   [ ] Yes  [✓] No  Name: _____

If denied, reason: _____

Witnesses requested?   [ ] Yes  [ ] No  If yes, name(s): _____

Name of witness(es) present: _____

Name of witness(es) not present and why (if denied by committee, reasons must be specific): _____

Reporting employee present?  [ ] Yes  [✓] No  If yes, name/CCN: _____

Inmate's Plea (check one):          [ ] Guilty          [✓] Not Guilty

**PART II: HEARING** (Presentation of Evidence)

1. Inmate's statement summary: _____

2. Testimony summary of each witness: _____

3. Physical evidence received and considered: _____

4. Written statements received and considered: _____

5. Confidential information considered and not provided to inmate:  [ ] Yes  [✓] No   Reason for confidentiality: _____

6. Information from informant is relevant to matter at issue: [ ] Yes  [✓] No

7. Reason for confidential informant/information reliability: _____

8. Reliance level of informant information: _____

9. Evidence which corroborates information from informant: _____

**PART III: DISPOSITION OF DISCIPLINARY COMMITTEE**
The disciplinary committee finds you (check one): [ ] Guilty as charged     [ ] Not Guilty

Committee sanctions imposed are based on the following information: _____

Special Condition(s): _____

Disciplinary Detention: [✓] Yes  [ ] No  Number of days: _____     Loss of Gain Time: [ ] Yes  [✓] No  Number of days: _____

Committee Action: _____

| Action date: | Chairperson/CCN: | Member #1/CCN: | Member #2/CCN: |
|---|---|---|---|
| | | | |

**YOU, THE INMATE HAVE THE RIGHT TO APPEAL THIS ACTION WITHIN 15 DAYS.**

**FOR ADMINISTRATIVE USE ONLY:** Check applicable box: [ ] APPROVED  [ ] DISAPPROVED  [ ] MODIFY

Unit Manager's/Facility Administrator's Signature/CCN: _____   Date: ___/___/___

BSO DJ#96 (New 5/95)          White (original) - Inmate file   Yellow copy - IDC/UDC file   Pink copy - Inmate

*Official SARG gave hearing 3 days after he violated guns*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## INMATE DISCIPLINARY REPORT

**PART I: REPORT OF INFRACTION**    Inmate's present location: N.B.B, U-12 1 H-3
Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: Hicks, William | Violation Classification | Violation Code |
|---|---|---|
| | 1. Threatening Another w/ Bodily Harm | A - |
| Arrest Number: 575-14533  Date/Time of Infraction: 10-18-96  0848 | 2. | |
| Place of Infraction: U-12 Clinic Exam | 3. | |

Description of infraction (who,what,when,where,how,why,and your actions)

On 10-18-96 at About 0848 hrs, Dr. Davis had inmate Hicks, William in the office with Nurse Rojen. The exam room door opened and Dr. Davis exited the room stating to this writer to please take Mr. Hicks back, because he was done. A tone of urgency was in his voice. As I approached the exam room door, Inmate Hicks stated "get me out before I knock him out" refering to Dr. Davis. Dr. Davis asked inmate if that was a threat. Inmate Hicks replied "Its A Promise."

| Reporting employee's signature/CCN: Depu C.R. Peres 4575 | Date/Time: 10-18-96 / 1030 | Employee's name and title (print): Dep. R. Peres / Corrections |

Evidence collected? [ ] Yes [X] No    Event Report completed? [ ] Yes [X] No    Case Number _____

**PART II: INVESTIGATION**    Investigation starting date: 10|18|96, time: 1350 hours

Inmate present for statement (check one)?  [X] Yes    [ ] No    [ ] Refused

Inmate states that he is inocent that he was asking the doctor about Medical problems. While he was asking the Questions Dr. Davis stated that it's all in your head. and that he is to busy to awnser questions. Dr. Davis then opened the door and told Deputy Peter to "get him out of here". Dr. then approached him in hall way and threatened him with a D.R..

Inmate requested:    representation? [ ] Yes [ ] No    witnesses? [ ] Yes [ ] No

Comments/action taken and finding of infraction: _____

| Inmate's signature: William M Hicks | Investigator's signature/CCN: [signature] L 4505 |
| Reviewing supervisor's signature/CCN: [signature] 8796 | Disciplinary Report expires on: Date: 10|25|96  Time: 0848 |
| D.R. copy delivered to inmate by (name/CCN): [signature] L 4505 | Date/Time delivered: | Hearing Date and Time: |

I DID not recieve till monday morning Three days latter  P ↓ 24hours

White (original) - Inmate file    Yellow copy - Facility Administrator's file    Pink copy - Inmate

BSO DJ#88 (Revised 12/95)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## INMATE DISCIPLINARY REPORT - CONTINUATION

PART I: REPORT OF INFRACTION    Inmate's present location: _N.B.B. H-12 143_

| Inmate's Name: _Hicks, William_ | Violation Classification | Violation Code |
|---|---|---|
| | 1. _Threatening another will addition_ | _A-3_ |
| Arrest Number: _585-14533_    Date/Time of Infraction: _10-18-96 / 0848_ | 2. | |
| Place of Infraction: _U-12 Clinic Exam_ | 3. | |

Description of infraction (who,what,when,where,how,why,and your actions):

→ _This threat was heard by me. ∗∗∗ Dr Davis went back in the_
_exam room and movement was called to have Inmate Hicks taken_
_back to his housing unit. See Victim complaint completed by Dr._
_Davis and Witness statement completed by Nurse Kogan. Inmate_
_Hicks remained in the hall outside the Clinic for separation purposes._

_____

PART II: INVESTIGATION    Investigation starting date: _10/18/96_, time: _1350_ hours

Inmate's statement: _Inmate states that Dr. Davis had threatened_
_him in the exam room and that he told Dep._
_Peters to "Get me out of here before I get beat up."_

_____

| Inmate's signature: _William M. Hicks_ | Investigator's signature/CCN: _4905_ |
|---|---|
| (Reviewing supervisor) signature/CCN: _5176_ | Disciplinary Report expires on: Date: _10-25-96_  Time: _0848_ |
| D.R. copy delivered to inmate by (name/CCN): _4905_ | Date/Time delivered: | Hearing Date and Time: |

White (Original) - Inmate file    Yellow copy - Facility Administrator's file    Pink copy - Inmate

BSO DJ#88A (Revised 12/95)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## DISCIPLINARY COMMITTEE ACTION SHEET

**PART I: COMMITTEE TYPE** (check one): [ ] IDC  [ ] UDC    Date: 10/21/96   Time: 1310 hours

Inmate's present location: 1H3 Unit 12
Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: Hicks, William | | Violation Classification | Violation Code |
|---|---|---|---|
| Arrest Number: 3510 14333   Date/Time of Infraction: 10/18/96 0646 | | 1. | |
| | | 2. Threatening another | A/3 |
| Place of Infraction: U12 Clinic Area | | 3. W/ bodily harm | |

Disciplinary Report expiration date: 10/25/96 , time: 0848 hours

Hearing Continuance? [X] Yes [ ] No  Reason: Lack of witness statements on I/m behalf.

Representative requested? [X] Yes [ ] No  Name: Caseworker supervisor: Trevor Mortgenth

If denied, reason: N/A

Witnesses requested? [X] Yes [ ] No  If yes, name(s): Dr. Daves, Nurses, All inmates that were pres

Name of witness(es) present: Via witness statements)

Name of witness(es) not present and why (if denied by committee, reasons must be specific): Dep Peters AL, Nurse Cogan
I/ms: Hart, E. BS96-11605, Cunningham, J, DV96 1326, Charles, E. BS96 13710,
Aponte R. 1596-0195) Note* Witnesses are

Reporting employee present? [ ] Yes [X] No  If yes, name/CCN: located thought out NBB, Witness statement written.

Inmate's Plea (check one): [ ] Guilty  [ ] Not Guilty

**PART II: HEARING** (Presentation of Evidence)

1. Inmate's statement summary: I/m Hicks stated that during the Dr visit, he did not threaten Dr. Daves, that Dr. Daves threaten him with harm.

2. Testimony summary of each witness: Witness statement indicates that Hicks was upset w/ Dr Daves in ref to his (Hicks Med cond) and made comments to Dr Daves.

3. Physical evidence received and considered: Written witness statements

4. Written statements received and considered: Yes (4 med staff) 5 inmate witness state-ment.

5. Confidential information considered and not provided to inmate: [ ] Yes [X] No   Reason for confidentiality: _____

6. Information from informant is relevant to matter at issue: [ ] Yes [X] No

7. Reason for confidential informant/information reliability: N/A

8. Reliance level of informant information: N/A

9. Evidence which corroborates information from informant: N/A

**PART III: DISPOSITION OF DISCIPLINARY COMMITTEE**

The disciplinary committee finds you (check one): [X] Guilty as charged   [ ] Not Guilty

Committee sanctions imposed are based on the following information: Written witness statements from med Staff and inmates.

Special Condition(s):

Disciplinary Detention: [X] Yes [ ] No  Number of days: _____    Loss of Gain Time: [ ] Yes [ ] No  Number of days: _____

Committee Action: 30 days DD L.O.P. Rel 11/23/96

| Action date: 10/24/96 | Chairperson/CCN: | Member #1/CCN: | Member #2/CCN: 3911 |
|---|---|---|---|

**YOU, THE INMATE HAVE THE RIGHT TO APPEAL THIS ACTION WITHIN 15 DAYS.**

**FOR ADMINISTRATIVE USE ONLY:** Check applicable box: [X] APPROVED  [ ] DISAPPROVED  [ ] MODIFY

Unit Manager's/Facility Administrator's Signature/CCN: 3984   Date: 10/25/96

BSO DJ#96 (New 5/95)    White (original) - Inmate file   Yellow copy - IDC/UDC file   Pink copy - Inmate

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

Main Jail
BrowARD

## INMATE DISCIPLINARY REPORT

**PART I: REPORT OF INFRACTION**    Inmate's present location: 02 / 7D203

Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: Hicks, William | Violation Classification | Violation Code |
|---|---|---|
| Arrest Number: BS95143533    Date/Time of Infraction: 5/27/96   1700 | 1. Refusing an Order of Staff Member | A-04 |
| Place of Infraction: 7D203 | 2. | |
| | 3. Refusing to Work | B-08 |

Description of infraction (who, what, when, where, how, why, and your actions):

On the above date & time, after the dinner meal, rooms 3 & 4 were assigned to clean-up. I/m Hicks, housed in 7D203 refused to clean-up after being ordered (via intercom) several times. Two more rooms had to be assigned to clean up and they heard very well over the intercom

| Reporting employee's signature/CCN: Joseph J Franklin  #6887 | Date/Time: 5/27/96  1705 | Employee's name and title (print): FRANKLIN (deputy) #6887 |
|---|---|---|
| Evidence collected? [ ] Yes [×] No | Event Report completed? [ ] Yes [×] No | Case Number |

**PART II: INVESTIGATION**

Investigation starting date: 5/27/96, time: 1805 hours

Inmate present for statement (check one)?   [×] Yes        [ ] No        [ ] Refused

" I ASKED ROLEX IN RM. 4 TO CLEAN-UP BECAUSE I WAS THROWN UP AND WASN'T FEELING WELL. " " YOU CAN TAKE ROLEX'S STATEMENT ON THAT. "

Inmate requested:    representation? [ ] Yes [ ] No        witnesses? [ ] Yes [ ] No

Comments/action taken and finding of infraction: _____

| Inmate's signature: William M Hicks | Investigator's signature/CCN: Dep. M. Tomlin / # 7925 |
|---|---|
| Reviewing supervisor's signature/CCN: Sgt. D.J.  Ang #525 | Disciplinary Report expires on: Date: 6/3/96  Time: 1725 |
| D.R. copy delivered to inmate by (name/CCN): Dep. M. Tomlin / #7925    Date/Time delivered: 5-27-96/1812 | Hearing Date and Time: |

White (original) - Inmate file   Yellow copy - Facility Administrator's file   Pink copy - Inmate

BSO DJ/03 (Rev. ex. 1992)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## DISCIPLINARY COMMITTEE ACTION SHEET

**PART I:  COMMITTEE TYPE** (check one): [ ] IDC  [ ] UDC          Date: ___/___/___  Time: _____ hours

Inmate's present location: _____
Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: | | Violation Classification | Violation Code |
|---|---|---|---|
| Arrest Number: | Date/Time of Infraction: | 1. | |
| | | 2. | |
| Place of Infraction: | | 3. | |

Disciplinary Report expiration date: ___/___/___, time: _____ hours

Hearing Continuance?      [ ] Yes  [ ] No  Reason: _____

Representative requested?     [ ] Yes  [ ] No  Name: _____

If denied, reason: _____

Witnesses requested?   [ ] Yes  [ ] No  If yes, name(s): _____

Name of witness(es) present: _____

Name of witness(es) not present and why (if denied by committee, reasons must be specific): _____

Reporting employee present?  [ ] Yes  [ ] No  If yes, name/CCN: _____

Inmate's Plea (check one):        [ ] Guilty        [ ] Not Guilty

**PART II:  HEARING** (Presentation of Evidence)

1. Inmate's statement summary: _____

2. Testimony summary of each witness: _____

3. Physical evidence received and considered: _____

4. Written statements received and considered: _____

5. Confidential information considered and not provided to inmate:  [ ] Yes   [ ] No    Reason for confidentiality: _____

6. Information from informant is relevant to matter at issue: [ ] Yes   [ ] No

7. Reason for confidential informant/information reliability: _____

8. Reliance level of informant information: _____

9. Evidence which corroborates information from informant: _____

**PART III:  DISPOSITION OF DISCIPLINARY COMMITTEE**
The disciplinary committee finds you (check one):        [ ] Guilty as charged      [ ] Not Guilty

Committee sanctions imposed are based on the following information: _____

Special Condition(s): _____

Disciplinary Detention:  [ ] Yes  [ ] No  Number of days: _____  Loss of Gain Time: [ ] Yes  [ ] No  Number of days: _____

Committee Action: _____

| Action date: | Chairperson/CCN: | Member #1/CCN: | Member #2/CCN: |
|---|---|---|---|

**YOU, THE INMATE HAVE THE RIGHT TO APPEAL THIS ACTION WITHIN 15 DAYS.**

**FOR ADMINISTRATIVE USE ONLY:** Check applicable box: [ ] APPROVED  [ ] DISAPPROVED  [ ] MODIFY

Unit Manager's/Facility Administrator's Signature/CCN: _____  Date: ___/___/___

BSO DJ#96 (New 5/95)        White (original) - **Inmate file**   Yellow copy - **IDC/UDC file**    Pink copy - **Inmate**

*Recieved a D.R. a other inmate did not*
*Recieve on. Depus is lied. Just got out*
*of Lock down on 7-1-96 THis is 7-2-96*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## INMATE DISCIPLINARY REPORT

*I did 25 days, THey Lied also.*

**PART I: REPORT OF INFRACTION**     Inmate's present location: _____

Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: | | Violation Classification | Violation Code |
|---|---|---|---|
| Arrest Number: | Date/Time of Infraction: | 1. | |
| | | 2. | |
| Place of Infraction: | | 3. | |

Description of infraction (who,what,when,where,how,why,and your actions):

_____
_____
_____
_____
_____
_____

| Reporting employee's signature/CCN: | Date/Time: | Employee's name and title (print): |
|---|---|---|

Evidence collected?  [ ] Yes  [ ] No     Event Report completed?  [ ] Yes  [ ] No     Case Number

**PART II: INVESTIGATION**     Investigation starting date: ___/___/___, time: _____ hours

Inmate present for statement (check one)?     [ ] Yes     [ ] No     [ ] Refused

_____
_____
_____
_____
_____

Inmate requested:     representation? [ ] Yes [ ] No     witnesses? [ ] Yes [ ] No

Comments/action taken and finding of infraction: _____

*Once again I get a D.R. And the other*
*Inmate did not Recieve any thing, why I ask*
*deputys Lied to place this against me, It states the other*
*was arguing. I Just got out of Lockdown - 7-1-96 For 25 days*
*I thank you for once a That shows*
*Something*

| Inmate's signature: | Investigator's signature/CCN: |
|---|---|
| Reviewing supervisor's signature/CCN: | Disciplinary Report expires on: Date: ____ Time: ____ |
| D.R. copy delivered to inmate by (name/CCN): | Date/Time delivered: | Hearing Date and Time: |

*(NOTE)* *THE Inmate Involved     Tryd to tell SAKS the truth BLA*
*she would not Listen to him, him the inmate they say I Threatend*

White (original) - Inmate file     Yellow copy - Facility Administrator's file     Pink copy - Inmate

BSO DR#8 (Revised 12/93)

_D.R on Black guy & Tims I threatoned Him_
_I DiD Not_

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## DISCIPLINARY COMMITTEE ACTION SHEET

**PART I: COMMITTEE TYPE** (check one): [ ] IDC [ ] UDC    Date: ___/___/___  Time: _____ hours

Inmate's present location: _____
Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: | | Violation Classification | Violation Code |
|---|---|---|---|
| | | 1. | |
| Arrest Number: | Date/Time of Infraction: | 2. | |
| Place of Infraction: | | 3. | |

Disciplinary Report expiration date: ___/___/___, time: _____ hours

Hearing Continuance?    [ ] Yes [ ] No  Reason: _____

Representative requested?   [ ] Yes [ ] No  Name: _____

If denied, reason: _____

Witnesses requested?   [ ] Yes [ ] No  If yes, name(s): _____

Name of witness(es) present: _____

Name of witness(es) not present and why (if denied by committee, reasons must be specific): _____

Reporting employee present?  [ ] Yes [ ] No  If yes, name/CCN: _____

Inmate's Plea (check one):    [ ] Guilty    [ ] Not Guilty

**PART II: HEARING** (Presentation of Evidence)

1. Inmate's statement summary: _____

2. Testimony summary of each witness: _____

3. Physical evidence received and considered: _____

4. Written statements received and considered: _____

5. Confidential information considered and not provided to inmate:  [ ] Yes  [ ] No    Reason for confidentiality: _____

6. Information from informant is relevant to matter at issue: [ ] Yes  [ ] No

7. Reason for confidential informant/information reliability: _____

8. Reliance level of informant information: _____

9. Evidence which corroborates information from informant: _____

**PART III: DISPOSITION OF DISCIPLINARY COMMITTEE**
The disciplinary committee finds you (check one):    [ ] Guilty as charged    [ ] Not Guilty

Committee sanctions imposed are based on the following information: _____

Special Condition(s): _____

Disciplinary Detention: [ ] Yes [ ] No  Number of days: _____    Loss of Gain Time: [ ] Yes [ ] No  Number of days: _____

Committee Action: _____

| Action date: | Chairperson/CCN: | Member #1/CCN: | Member #2/CCN: |
|---|---|---|---|

**YOU, THE INMATE HAVE THE RIGHT TO APPEAL THIS ACTION WITHIN 15 DAYS.**

**FOR ADMINISTRATIVE USE ONLY:** Check applicable box: [ ] APPROVED  [ ] DISAPPROVED  [ ] MODIFY

Unit Manager's/Facility Administrator's Signature/CCN: _____  Date: ___/___/___

BSO DJ#96 (New 5/95)    White (original) - Inmate file    Yellow copy - IDC/UDC file    Pink copy - Inmate

*for a person strong & coaxed inmate Kindley*
*Retaliation on deputy gross nickles*
*for 2 Granola Bars &*
*(Bag of Jelly Beans)*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## INMATE DISCIPLINARY REPORT

**PART I: REPORT OF INFRACTION**    Inmate's present location: _N.B.B. 121H3 #4_

Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: Hicks, William | Violation Classification | Violation Code |
|---|---|---|
| | 1. Conduct which Disrupts | A-5 |
| Arrest Number: BS9514533    Date/Time of Infraction: 10-27-96    0817 | 2. | |
| Place of Infraction: N.B.B. 121H Vestibule | 3. | |

Description of infraction (who, what, when, where, how, why, and your actions): _Inmate Hicks exited 121H3 to go to the Law Lib he was then searched by Dep. S. Gray 5134 and was found to be in possession of 1 bag Jelly beans and 2 Granola bars. Inmate Hicks told Dep. Gray that he needed these items for medical reasons. Nurse Menos who was conducting Medical rounds was then interrupted by Dep. Gray who was attempting to verify this information. Nurse Menos stated_

| Reporting employee's signature/CCN: Deputy Gray 4503 | Date/Time: 10-27-96    0742 | Employee's name and title (print): Correction R. Grossnickle    Deputy |
|---|---|---|

Evidence collected? [ ] Yes [X] No    Event Report completed? [ ] Yes [X] No    Case Number

---

**PART II: INVESTIGATION**    Investigation starting date: 10/21/96 time: 1325 hours

Inmate present for statement (check one)? [X] Yes    [ ] No    [ ] Refused

_S.I.F. Confirmation._

Inmate requested:    representation? [X] Yes [ ] No    witnesses? [X] Yes [ ] No    *Never Had Hearing*

Comments/action taken and finding of infraction:

| Inmate's signature: William M. Hicks | Investigator's signature/CCN: Dep. Strander 4-7455 |
|---|---|
| Reviewing supervisor's signature/CCN: SGT 46 (illegible) 5776 | Disciplinary Report expires on: Date: Nov. 3, 1996 Time: 0751 |
| D.R. copy delivered to inmate by (name/CCN): Dep. Strander 7453    Date/Time delivered: 10/27/96 1031 | Hearing Date and Time: |

White (original) - Inmate file    Yellow copy - Facility Administrator's file    Pink copy - Inmate

BSO DJ#88 (Revised 12/95)

*"For a person should be written regarding relatiation on deputy gross wickies"*

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## INMATE DISCIPLINARY REPORT - CONTINUATION

**PART I: REPORT OF INFRACTION**    Inmate's present location: N.E.B. 121H 3#4
Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: Hicks, William | | 1. Conduct which disrupts | Violation Code A-5 |
|---|---|---|---|
| Arrest Number: 15595 7453 | Date/Time of Infraction: 10-27-96 0817 | 2. | |
| Place of Infraction: N.E.B. 12 1 H Vestibule | | 3. | |

Description of infraction (who,what,when,where,how,why, and your actions):
that there was no reason for Inmate Hicks to take these items with him. Items were placed back in Inmate Hicks cell. Inmate Hicks is currently serving 30 Days Lock down with Loss of priviledges and at the begining of his disiplinary confinement all comissary items other than personal hygene items were removed and placed in property. The aforementioned item were then removed (Jelly beans, granola bars) and disposed of as they are considered contraband at this time.

**PART II: INVESTIGATION**    Investigation starting date: 10-27-96    time: 1225 hours
Inmate's statement: I/M Hicks stated that granola bars + Jelly Beans were given to him in the hallway out-side of his unit. I/M Hicks stated that he gave these items to another inmate in this unit to place inside his room. I/M Hicks stated that he has a witness, the person he gave the items to. Ernest Taylor is the witness. Ernest Taylor stated that he threw the items through the flap of the door.

| Inmate's signature: William Hicks | Investigator's signature/CCN: Dep. Shroader 7453 |
|---|---|
| Reviewing supervisor's signature/CCN: 30110000, 3776 | Disciplinary Report expires on: Date: 11/2/96    Time: 0957 |
| D.R. copy delivered to inmate by (name/CCN): Dep. Shroader 7453 | Date/Time delivered: 10/27/96 1231 | Hearing Date and Time: |

*THIS is on a threat that I receive on first 11-8-97 and this staff is aware of it the whole time*

**BROWARD SHERIFF'S OFFICE**
**DEPARTMENT OF CORRECTIONS AND REHABILITATION**

## *INMATE DISCIPLINARY REPORT* - CONTINUATION

**PART I: REPORT OF INFRACTION**     Inmate's present location: _____

| Facility/Pod/Housing Unit/Cell Number | | |
|---|---|---|
| Inmate's Name: | Violation Classification | Violation Code |
| | 1. | |
| Arrest Number:     Date/Time of Infraction: | 2. | |
| Place of Infraction: | 3. | |

Description of infraction (who,what,when,where,how,why,and your actions):

_____

**PART II: INVESTIGATION**     Investigation starting date: __/__/__ , time: ____ hours

Inmate's statement: _____

| Inmate's signature: | Investigator's signature/CCN: |
|---|---|
| Reviewing supervisor's signature/CCN: | Disciplinary Report expires on:  Date:     Time: |
| D.R. copy delivered to inmate by (name/CCN):     Date/Time delivered: | Hearing Date and Time: |

White (Original) - Inmate file    Yellow copy - Facility Administrator's file    Pink copy - Inmate

BSO DJ#88A (Revised 12/95)

*I spoke to deputy ___ vesses called, I had inmate egg ___ to door also But was told this ___ I did not want ___ is pursonel and slened the a ___ on eggs Face and egg reathis Lips through glass ___ not shakin tem egg pu this*

**BROWARD SHERIFF'S OFFICE**
**DEPARTMENT OF CORRECTIONS AND REHABILITATION**

## DISCIPLINARY COMMITTEE ACTION SHEET

**PART I: COMMITTEE TYPE** (check one): [ ] IDC [ ] UDC          Date: ___/___/___   Time: _____ hours

Inmate's present location: _____
Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: | | Violation Classification | Violation Code |
|---|---|---|---|
| | | 1. | |
| Arrest Number: | Date/Time of Infraction: | 2. | |
| Place of Infraction: | | 3. | |

Disciplinary Report expiration date: ____/____/____, time: _____ hours

Hearing Continuance?     [ ] Yes [ ] No   Reason: _____

Representative requested?   [ ] Yes [ ] No   Name: _____

If denied, reason: _____

Witnesses requested?   [ ] Yes [ ] No   If yes, name(s): _____

Name of witness(es) present: _____

Name of witness(es) not present and why (if denied by committee, reasons must be specific): _____

Reporting employee present? [ ] Yes [.] No   If yes, name/CCN: _____

Inmate's Plea (check one):          [ ] Guilty          [.] Not Guilty

**PART II: HEARING** (Presentation of Evidence)

1. Inmate's statement summary: _____

2. Testimony summary of each witness: _____

3. Physical evidence received and considered: _____

4. Written statements received and considered: _____

5. Confidential information considered and not provided to inmate: [.] Yes   [ ] No   Reason for confidentiality: _____

6. Information from informant is relevant to matter at issue: [ ] Yes   [ ] No

7. Reason for confidential informant/information reliability: _____

8. Reliance level of informant information: _____

9. Evidence which corroborates information from informant: _____

**PART III: DISPOSITION OF DISCIPLINARY COMMITTEE**
    The disciplinary committee finds you (check one): [ ] Guilty as charged   [ ] Not Guilty

Committee sanctions imposed are based on the following information: _____

Special Condition(s): _____

Disciplinary Detention: [ ] Yes [ ] No   Number of days: _____   Loss of Gain Time: [ ] Yes [ ] No   Number of days: _____

Committee Action: _____

| Action date: ___/___ | Chairperson/CCN: | Member #1/CCN: | Member #2/CCN: |
|---|---|---|---|

**YOU, THE INMATE HAVE THE RIGHT TO APPEAL THIS ACTION WITHIN 15 DAYS.**

**FOR ADMINISTRATIVE USE ONLY**: Check applicable box: [ ] APPROVED   [ ] DISAPPROVED   [ ] MODIFY

Unit Manager's/Facility Administrator's Signature/CCN: _____   Date: ___/___/___

BSO DJ#96 (New 5/95)      White (original) - Inmate file   Yellow copy - IDC/UDC file   Pink copy - Inmate

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## INMATE DISCIPLINARY REPORT

**PART I: REPORT OF INFRACTION**    Inmate's present location: _____

Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: | | Violation Classification | Violation Code |
|---|---|---|---|
| | | 1. | |
| Arrest Number: | Date/Time of Infraction: | 2. | |
| Place of Infraction: | | 3. | |

Description of infraction (who,what,when,where,how,why,and your actions):

_____

_____

_____

_____

_____

_____

| Reporting employee's signature/CCN: | Date/Time: | Employee's name and title (print): |
|---|---|---|

Evidence collected?  [ ] Yes  [ ] No    Event Report completed?  [ ] Yes  [ ] No    Case Number _____

**PART II: INVESTIGATION**    Investigation starting date: ___/___/___,  time: _____ hours

Inmate present for statement (check one)?    [ ] Yes    [ ] No    [ ] Refused

_____

_____

_____

_____

_____

Inmate requested:    representation? [ ] Yes [ ] No    witnesses? [ ] Yes [ ] No

Comments/action taken and finding of infraction: _____

*① I was forced To Take probation*

*said 10 Days on 6-5-98*

| Inmate's signature: | Investigator's signature/CCN: |
|---|---|
| Reviewing supervisor's signature/CCN: | Disciplinary Report expires on:<br>Date:          Time: |
| D.R. copy delivered to inmate by (name/CCN): | Date/Time delivered: | Hearing Date and Time: |

White (original) - Inmate file    Yellow copy - Facility Administrator's file    Pink copy - Inmate

BSO DJ#88 (Revised 12/95)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## INMATE DISCIPLINARY REPORT

**PART I: REPORT OF INFRACTION**     Inmate's present location: _12-1-H-4 #5_
Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: _HICKS, WILLIAM_ | 1. Violation Classification _USING ABUSIVE LANGUAGE_ | Violation Code _B-15_ |
|---|---|---|
| Arrest Number: _13597-17076_   Date/Time of Infraction: _6-3-98/1210_ | 2. | |
| Place of Infraction: _12-1-H-4 DAYROOM_ | 3. | |

Description of infraction (who,what,when,where,how,why,and your actions):
_SHORTLY AFTER THE FEEDING INMATE HICKS WANTED TO TALK TO ME, I STATED IF IT HAS ANYTHING TO DO WITH A MEDICAL PROBLEM OR ANY OTHER INSTITUTIONAL RULE I WILL TALK TO HIM, IF NOT I WILL BE UNABLE TO TALK TO HIM - HIS RESPONCE WAS "YOU ARE TO FUCKIN BUSY TO TALK BECAUSE YOU TALK TO FEMALE DEPUTIES TO MUCH."_

| Reporting employee's signature/CCN: _DEP2 SUL/ 5758_ | Date/Time: _6-3-98/1220_ | Employee's name and title (print): _SELDIN / DEPUTY_ |
|---|---|---|

Evidence collected? [ ] Yes [X] No     Event Report completed? [ ] Yes [X] No     Case Number _____

**PART II: INVESTIGATION**     Investigation starting date: _6/3/98_, time: _1250_ hours

Inmate present for statement (check one)?  [.] Yes     [ ] No     [ ] Refused
_Inmate Hicks, William BS97-17076 Stated That He NEVER Said a word to Deputy Seldon and that the information written is a Total Lie"_

Inmate requested:     representation? [ ] Yes [X] No     witnesses? [X] Yes [ ] No
Comments/action taken and finding of infraction: _Guilty Based on Deputy's Statement. 10 days Probation_

| Inmate's signature: | Investigator's signature/CCN: _Deputy R. Smith 5274_ |
|---|---|
| Reviewing supervisor's signature/CCN: _3621_ | Disciplinary Report expires on: Date/ _12/6_ Time: |
| D.R. copy delivered to inmate by (name/CCN): _William M Hicks_ | Date/Time delivered: _6-3-98/1257_ | Hearing Date and Time: _06-05-98_ — _1005_ |

_Dep. Smith_

White (original) - Inmate file     Yellow copy - Facility Administrator's file     Pink copy - Inmate

BSO DJ#88 (Revised 12/95)

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF CORRECTIONS AND REHABILITATION

## *DISCIPLINARY COMMITTEE ACTION SHEET*

**PART I: COMMITTEE TYPE** (check one): [ ] IDC [ ] UDC          Date: ___/___/___     Time: _____ hours

Inmate's present location: _____
Facility/Pod/Housing Unit/Cell Number

| Inmate's Name: | | Violation Classification | Violation Code |
|---|---|---|---|
| | | 1. | |
| Arrest Number: | Date/Time of Infraction: | 2. | |
| Place of Infraction: | | 3. | |

Disciplinary Report expiration date: ___/___/___ , time: _____ hours

Hearing Continuance?     [ ] Yes [ ] No  Reason: _____

Representative requested?     [ ] Yes [ ] No  Name: _____

If denied, reason: _____

Witnesses requested?   [ ] Yes [ ] No  If yes, name(s): _____

Name of witness(es) present: _____

Name of witness(es) not present and why (if denied by committee, reasons must be specific): _____

Reporting employee present? [ ] Yes [ ] No  If yes, name/CCN: _____

Inmate's Plea (check one):          [ ] Guilty          [ ] Not Guilty

## PART II: HEARING (Presentation of Evidence)

1. Inmate's statement summary: _____

2. Testimony summary of each witness: _____

3. Physical evidence received and considered: _____

4. Written statements received and considered: _____

5. Confidential information considered and not provided to inmate: [ ] Yes [ ] No   Reason for confidentiality: _____

6. Information from informant is relevant to matter at issue: [ ] Yes [ ] No

7. Reason for confidential informant/information reliability: _____

8. Reliance level of informant information: _____

9. Evidence which corroborates information from informant: _____

## PART III: DISPOSITION OF DISCIPLINARY COMMITTEE
The disciplinary committee finds you (check one):     [ ] Guilty as charged     [ ] Not Guilty

Committee sanctions imposed are based on the following information: _____

Special Condition(s): _____

Disciplinary Detention: [ ] Yes [ ] No  Number of days: _____  Loss of Gain Time: [ ] Yes [ ] No  Number of days: _____

Committee Action: _____

| Action date: | Chairperson/CCN: | Member #1/CCN: | Member #2/CCN: |
|---|---|---|---|

**YOU, THE INMATE HAVE THE RIGHT TO APPEAL THIS ACTION WITHIN 15 DAYS.**

**FOR ADMINISTRATIVE USE ONLY:** Check applicable box: [ ] APPROVED   [ ] DISAPPROVED   [ ] MODIFY

Unit Manager's/Facility Administrator's Signature/CCN: _____     Date: ___/___/___

BSO DJ#96 (New 5/95)          White (original) - Inmate file    Yellow copy - IDC/UDC file    Pink copy - Inmate