UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

      Plaintiff,

Magistrate Judge White

v.

DR. W.C. DAVIS, DR. UECKER,
DR. TREVOR WEATHERS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON and
EMSA,

      Defendants.

_____/

**NIGHT BOX**
**FILED**

JUN - 7 2004

CLARENCE MADDOX
CLERK. USDC/SDFL/FTL

## DEFENDANTS' REPLY MEMORANDUM
## REGARDING THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, DR. CLINE,

DR. PEARSON, DR. G. PEARSON and EMSA LIMITED PARTNERSHIP, by and through their

undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and Rule 7.5, Local Rules of

the United States District Court for the Southern District of Florida, file this Reply Memorandum

Regarding their Motion for Summary Judgment as follows:

### I.    BACKGROUND:

The Complaint, Record and the Only Expert Testimony in the Case for Willim Hicks

("Hicks") is a state incarcerated inmate, sentenced to life without parole by Judge Cohn in Broward



CASE NO.: 00-6087-CIV-DIMITROULEAS

County, Florida. He is serving his sentence in the Lake Correctional Institution. Although this case has taken an unusual course, including an appeal on a partial affirmance of a prior grant of summary judgment, the essential allegations may be summarized.

According to the operative Complaint, Hicks was housed in the Broward County Jail as a pre-trial detainee on February 9, 1996 when he was attacked by a fellow inmate (Complaint ¶8). Hicks was taken immediately for medical attention, and was treated for his injuries (Complaint ¶¶18-24). At that time, Hicks was seen by nursing staff and Defendant Dr. Cline. Dr. Cline told Hicks there was no fracture, but, according to Hicks, Dr. Cline would not show him the X-rays (Complaint ¶¶ 22-24).

Three days later, Hicks was transferred to another Broward County Jail and claims he was denied requested medical attention (Complaint ¶34). In fact, Hicks claims he was denied medical attention for the remainder of his detention, even though surgery was "suggested" by Defendant, Dr. Uecker, (Complaint ¶¶ 35-42).

The medical records in this case, which have been filed in the record, and detailed in the Motion for Summary Judgment, tell a completely different story. Contrary to Hicks' assertions, these records show Hicks was properly treated after his injury, and when Hicks continued to complain, treatment was provided by qualified medical personnel, including nursing staff, medical doctors, dentists and oral and maxillofacial surgery specialists. In fact, when studies failed to indicate any evidence of Hicks' claimed jaw fracture, he was even treated by outside specialists at the Defendants' expense. The specialists, who have no association with the Defendants, came to identical conclusions: there was no jaw fracture.

2

The only expert testimony which will be presented in the case confirms the quality of the care given Hicks. Steven M. Holmes, D.D.S. is an oral and maxillofacial surgery expert - the same type of specialist Hicks claims needed to treat him. Dr. Holmes reviewed all records obtained in this case and made three irrefutable conclusions: Hicks suffered a fracture of the right zygomatic arch; Hicks was properly treated for that injury; and Hicks did not suffer a jaw fracture.

## II.    **ARGUMENT**:

In his Response, Hicks attempts to conjure disputed issues, but fails. First, he claims Summary Judgment is sought by the Defendants on no greater record than that presented by prior counsel in the previously filed motion, the granting of which was reversed in part by the eleventh circuit. However, the previous motion was based almost entirely on Hicks' deposition testimony, not the medical record. Furthermore, there was no expert testimony presented in the former motion. Here, the Defendants rely on the opinion of Dr. Holmes, who reviewed the records and found the treatment appropriate, not just by constitutional standards, but within the standard of care. Hicks presents no testimony to the contrary.

Next, he asserts a disputed issue of fact based on the Defendants' recitation of this record. However, none of his factual differences, which largely allege differences to dates and other immaterial matters, are sufficient to stave off summary judgment. At this point, Hicks must show material factual differences. See, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (stating that "[o]nly disputes over facts that might affect the outcome of this suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."); *Cohen v. United Am. Bank,* 83 F.3rd 1347, 1349 (11th Cir. 1996)

3

(holding that the non-moving party must establish, through record evidence, that a reasonable jury could return a verdict in his favor).

Hicks also seeks to show a disputed issue of fact by showing the record provided by the Defendants does not include all radiology reports. However, he does not provide any additional reports to support his assertion. Instead, he presents a fraction of the reports already submitted with the Summary Judgment Motion. These reports conclusively show that Hicks did not have a fractured jaw. Instead of conceding this point, as he must, he points to Dr. Tome's report from an X-ray taken immediately after the altercation in which he finds a suggestion of a jaw fracture and recommends clinical follow-up for confirmation of the suggested fracture, and Barbara Evans' memorandum in response to one of Hicks' many complaints.

His reliance on these isolated documents is misplaced. As is clear from Dr. Tome's report, there was only a <u>suggestion</u> of a fracture to the jaw, and the weakness of this finding is emphasized by his suggestion of additional examination to confirm that suggestion. Follow-up treatment, not just in the form of examination, but repeated testing by EMSA staff and independent specialists, conclusively shows there was no jaw fracture.

Reliance on Barbara Evans' memorandum is equally insufficient. It is obvious that Ms. Evans, who is employed by the Broward County Sheriff's Office, not EMSA, reviewed the medical record, and came to an erroneous conclusion: that Dr. Uecker suggested surgery. Nothing in the record supports this conclusion. Defendant, Dr. Weathers, who is an oral and maxillofacial surgeon, examined Hicks on February 21st and found no mandible fracture.

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A.
ONE FINANCIAL PLAZA, SUITE 900 • 100 SOUTHEAST 3rd AVENUE • FORT LAUDERDALE, FLORIDA 33394 • 954 761 8600

CASE NO.: 00-6087-CIV-DIMITROULEAS

In an apparent attempt to save his claims from summary judgment, Hicks next claims to have suffered injuries to his temple and neck and asserts these injuries are confirmed by subsequent treatment. Since Hicks went directly from the Broward County Jail to the state prison system, the only subsequent treatment would have been rendered by the Department of Corrections. Since the filing of the Motion for Summary Judgment, the Defendants have obtained his complete medical file from the Department of Corrections, and an authenticated copy has been filed in the record.[1]

A review of those records shows, not only that Hicks' claims of other injuries is unsubstantiated, but that he continues to complain of injuries which cannot be confirmed by substantial medical treatment. In fact, Hicks' medical treatment in prison is a near replication of his treatment in the Broward County Jail. As occurred in the jail, Hicks complained of imagined injuries to the medical staff in the prison. As in the jail, prison medical staff went to great lengths and expense to confirm a medical source for his complaints. As in the jail, prison medical staff could find no basis for his complaints. The record is clear: Hicks did not suffer a fractured jaw, and he did not suffer a back injury while in the Broward County Jail.

Hicks also attempts to show a material issue by including disciplinary materials on some of the Defendants. However, Hicks does not explain how these records, none of which have temporal relationship to the allegations of this case have any relevance or raise a material issue. As such, they are surplusage, and of no meaning to this discussion.

---

[1]Pertinent portions of the Department of Corrections record are attached as **Composite Exhibit "A"**.

B U N N E L L   W O U L F E.   K I R S C H B A U M.   K E L L E R.   M c I N T Y R E   &   G R E G O I R E.  P. A.
ONE FINANCIAL PLAZA. SUITE 900 • 100 SOUTHEAST 3rd AVENUE • FORT LAUDERDALE. FLORIDA 33394 • 954 761 8600

Hicks relies on notes included in the record by Dr. Lemia. According to Hicks' reading of these notes, Dr. Lemia diagnosed him with a fractured jaw. There is but one problem with Hicks' position. Dr. Lemia is a psychiatrist, and his notes clearly show he is repeating information given him by Hicks. That is, Dr. Lemia is not making a diagnosis - Hicks is. Since Hicks is not qualified to make a diagnosis, this information cannot create a material issue.

For reasons unknown, Hicks seems to allege a conspiracy between Dr. Lemia, a psychiatrist in the prison system, and Judge Cohn's courtroom deputy. The supposed purpose of this conspiracy was to induce Hicks to take a sentence of a year-and-a-day on his criminal charges in return for dismissing this suit. Rather than merely pointing out the complete irrelevance of this allegation, the Defendants ask the Court to note that Hicks is serving a sentence of life plus fifteen years.

Finally, Hicks seeks to refute Dr. Holmes' affidavit by filing his own self-serving affidavit and those from fellow inmates. The undersigned hardly needs to point out the insufficiency of these filings. However, none of the affiants are qualified medical professionals. Little of this information is proper for an affidavit, and none of the information is relevant to this discussion.

## III.    CONCLUSION:

The response does nothing to alter the Defendants' entitlement to summary judgment. Hicks' claims are entirely based on his own allegations, which are thoroughly contradicted by record evidence. At this point, Hicks must show more. Failing to meet the requirements necessary to defeat summary judgment, the motion must be granted.

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P A
ONE FINANCIAL PLAZA, SUITE 900 · 100 SOUTHEAST 3rd AVENUE · FORT LAUDERDALE, FLORIDA 33394 · 954 761 8600

CASE NO.: 00-6087-CIV-DIMITROULEAS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was furnished by U.S.

Mail to  WILLIAMS M. HICKS, *pro se Plaintiff*, #664670, Lake Correctional Institution, 19225

U.S. Highway 27, Clermont, Florida 34711-9025 this 7th day of June, 2004.

BUNNELL, WOULFE, KIRSCHBAUM,
KELLER, McINTYRE & GREGOIRE, P.A.
Attorneys for Defendants
One Financial Plaza, Suite 900
100 S.E. Third Avenue
Fort Lauderdale, FL 33394
Tel:    (954) 761-8600
Fax:    (954) 463-6643

BY: _____
RICHARD T. WOULFE)
Florida Bar No.:  222313
GREGG A. TOOMEY
Florida Bar No.: 0159689

Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Attorneys for Defendants EMSA, Eucker, Cline, Davis,
Weathers, G. Pearson and S. Pearson/Facsimile: 954-463-66543
William H. Hicks, Esquire/*pro se Plaintiff*/Facsimile not available

7

BUNNELL, WOULFE, KIRSCHBAUM, KELLER, McINTYRE & GREGOIRE, P.A.
ONE FINANCIAL PLAZA, SUITE 900 · 100 SOUTHEAST 3rd AVENUE · FORT LAUDERDALE, FLORIDA 33394 · 954 761 8600

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

## INMATE ~~REQUEST~~
*Informal Grievance*

(Instructions on Back)

Mail Number: _____
Team Number: __1__
Institution: _Lake C I_

**TO:** (Check One)
☐ Warden  ☐ Classification  ☑ Medical  ☐ Other
☐ Asst. Warden  ☐ Security  ☐ Dental   *MR. Johnstone HSA*

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | *William M Hicks* | *664670* | *E2203-U* | *Inside grounds* | *7/15/03* |

**REQUEST** *Informal Grievance to mr. Johnstone HSA.*

*Sir, I wrote many times but no reply. I was advised by mr. Johnson warden you are in possesion of my 303 grievance sent to warden asking for a meeting to discuss medical problems of denial of medical treatment, this is now close to a month old. I expect you personally respond and advise me the status at this moment in time.*

RECEIVED
MEDICAL ADMINISTRATION
JUL 18 2003
LAKE CORRECTIONAL

*William M Hicks 664670*

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

### DO NOT WRITE BELOW THIS LINE

**RESPONSE**                          **DATE RECEIVED:** ___

*I have reviewed your medical record. You have written quite a few grievances and requests regarding your medical issues. However, I note that you declined to see Dr. Ta for follow-up on 5/19/03. He had seen you on 4/29/03 provided you with appropriate medications and requested an X-Ray.*

*I do not think that it was wise for you to decline your follow-up appointment. You have not been denied medical treatment at all but you chose to refuse follow-*

[The following pertains to informal grievances only]

*up for reasons unclear. Dr. Ta has no problem seeing you. I do*

Based on the above information, your grievance is ~~DENIED~~ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.) *not see impelling reason to see you myself.*

Official (Signature): _____  7/21/03   Date: ___

G. JOHNSANINO
M.D. C.I.M.E. CCHP
CHIEF HEALTH OFFICER
INMATE HEALTH SERVICE
LAKE

*by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file.*

Distribution:   White   -Returned to Inmate
                Canary  -Returned to Inmate

DC6-236 (Revised 8-00)                    **COMPOSITE EXHIBIT "A"**

FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care

Allergies: NKDA

| DATE/TIME | |
|---|---|
| 8/7/03 | *(cont'd)* |
| | 104 — Oxybutynin 5mg; 3NJ + 30 |
| | — Motrin 600 mg; TID x 30 |
| | — Refer to Oral Surgeon for |
| | TMJ, 104 of |
| | injury (R) side of face in 1996 |
| | RTC in one month. 9/4/03 |
| | c̄ Enlaration |

C.B. STAMBAUGH
SR LPN
LAKE CI

CUONV. TA, MD
Sr Physician
Lake CI

| 08/11/03 | Dental pre-med. for Tooth restoration |
|---|---|
| 0930 | R: AMOXYCILLIN 500mg x 6 tabs, Take 4 tabs 1 hr |
| | before appt. then 2 tabs 4 hrs after appt. |
| | appt. 10 AM 8/12/03.  wgnewtonDDS |
| | meds 9 Am + 1400 PM |

K. Timberlake
L.P.N.
Lake CI

WILLIAM G. NEWTON, DDS
SENIOR DENTIST
LAKE CI

K. Timberlake
L.P.N.
Lake CI

| 8/12/03 | **LAB WORK DONE**  U/A, C&S  PSA — V. Nichols |
|---|---|
| 0830 | |

V. NICHOLS
SLPN
LAKE CI

| 8-14-03 | INCIDENTAL NOTE: |
|---|---|
| 1600 | CONSULT RECEIVED FOR |
| | Oral Sx-PMC |
| | TO SCHEDULE APPOINTMENT |

G. WILLIAMS, DEO
LAKE CI

| 8/18/03 | Lab review |
|---|---|
| 1015 | U/A (8/14/03) c̄ enterobacter cloacae |
| | sensitive to sulfa - R: Bactrim DS tab |
| | 7 po Bid x 10 days. |

C.B. STAMBAUGH
SR. LPN
LAKE CI

R.F TIRADO-MONTES, M.D.
SR. PHYSICIAN
LAKE CI

Inmate Name _Hicks William_
DC# _664679_   Race/Sex _W/M_
Date of Birth _9-10-63_
Institution _Lake CI_

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan

DC4-701 (Revised 3/00)

This form is not to be amended, revised, or altered without approval
of the Deputy Director of Health Services Administration.

**Florida Department of Corrections**
CAT Scan, Ultrasound, and Vascular Request/Report
Department of Radiology

(CT)

ULTRASOUND
VASCULAR

### PLEASE WRITE LEGIBLY

| In the best interest of the patient and referring physician, this examination will not be performed if pertinent clinical information and tentative clinical diagnosis are not provided below: |
|---|

Pain (R) cheek + TMJ (Both)

old assault in 1996

List allergies:

☐ Ambulatory   ☐ Diabetic   ☐ J Code   ☐ Stretcher   ☐ Wheelchair

Physician Name (Print) and Name Stamp: Luan TA /Lake CI

Date of Request: 10-14-03

| CAT SCAN REQUEST | | ULTRASOUND REQUEST | VASCULAR STUDY REQUEST |
|---|---|---|---|
| Coronal & Sagittal | Chest | Abdominal/Gallbladder | Arterial Doppler, Lower Extremity R [ ] L [ ] |
| ✓ Facial/TMJ | Abdomen | Breast | Arterial Doppler, Upper Extremity R [ ] L [ ] |
| Head | Pelvis | Extremity R [ ] L [ ] | Carotid Doppler |
| Orbit | Cervical Spine | Neck/Soft Tissue/Thyroid | Venous Doppler R [ ] L [ ] |
| Soft Tissue Neck | Thoracic Spine | Pelvis | Venous Duplex R [ ] L [ ] |
| Lower Extremity R [ ] L [ ] | Lumbar Spine | Renal | |
| Upper Extremity R [ ] L [ ] | | Scrotum | |
| Exams not checked above: | | | |

| Date Performed: | Technologist Initials: | Time exam performed (military): |
|---|---|---|
| 11-14-03 | | 10:05 S |

664670-CT SCAN OF THE FACIAL BONES: CT Scan of the facial bones was performed in the coronal axial plain, thin slices were obtained. There is no evidence of fractures. The paranasal sinuses are well pneumatized. The osteomeatal complex is patent bilaterally. The zygomatic arches are also intact.

IMPRESSION: NORMAL CT SCAN OF THE FACIAL BONES.

LUON V. TA, MD
Sr Physician
Lake CI

ELIGIO LOPERENA, PA
CLINICAL ASSOCIATE RMC
11/20/09

E.E. FRANCO, M.D. lm
RMC RADIOLOGY DEPT.

Radiologist Signature

D:11-14-03   T:11-14-03
Date Read      Date Typed

Distribution:
White — Medical Records
Canary — X-Ray Jacket
Pink — Data Entry
Goldenrod — Local Requirements

NOV 17 2003

### PLEASE WRITE LEGIBLY
Inmate Name Hicks William
DC# 664620          Race/Sex
Date of Birth 9/6/63
Institution Lake Rhe
Is permanent camp a private institution? No ☐ Yes ☐
Clinic/hospital room number

This form is not to be amended, revised, or altered without approval of
the Deputy Director of Health Services Administration

DC4-705B (10/99)

863 South Orlando Avenue, Suite 1
Winter Park, FL 32789
Office (407) 644-3140
Toll Free (877) 765-0941
Fax (407) 644-3884

# TransFlorida Mobile Diagnostic Services, L.C.



**NAME:** Hicks, William
**DOB:**
**DC#:** 664670
**FACILITY:** Lake C. I.
**WING/FLOOR:**
**PHYSICIAN:** TA
**DOE:** 10/28/2003

CERVICAL SPINE:

There is mild disc degeneration at C5-6 with a small anterior spur. There is no fracture or focal
bone lesion. There is no prevertebral soft tissue swelling.

**IMPRESSION:** Mild C5-6 spondylosis.

*Fenton Froom M.D.*
Fenton Froom, M.D.
ff/mta/ld

LUON V. TA, MD
Sr Physician
Lake CI
12/10/03

D: 10/28/03
T: 10/29/03



860 South Orlando Avenue, Suite F
Winter Park, FL 32789
Office (407) 644-3140
Toll Free (877) 765-0941
Fax (407) 644-3884

# TransFlorida Mobile Diagnostic Services, L.C.

| | |
|---|---|
| **NAME:** | HICKS, WILLIAMS |
| **D.O.B.** | |
| **DC#:** | 664670 |
| **FACILITY:** | LAKE, C.I. |
| **WING/FLOOR:** | |
| **PHYSICIAN:** | TA |
| **DATE OF EXAM:** | 05/09/2003 |

TEMPOROMANDIBULAR JOINTS:

There is no evidence of an acute fracture or focal bone lesion.  There is some mild limitation of mobility in the open and close mouth positions, but otherwise no abnormality is seen.  The mandibular condyles are smooth and well formed.

**IMPRESSION:**

1. Mild-to-moderate limitation of mobility.
2. Otherwise, normal.

LUON V. TA, MD
Sr Physician
Lake CI

5/19/03

*Fenton Froom M.D*

Fenton E. Froom, M.D.
FEF/tt



D:5/12/2003
T:5/14/2003

*Informal Grievance*

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

*(Instructions on Back)*

Mail Number: _____
Team Number: _2_
Institution: _ECI_

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|

To chief Health officer

| FROM: | Inmate Name William M. Hicks | DC Number 664670 | Quarters #Z-215 | Job Assignment Houseman | Date Feb 22/02 |
|---|---|---|---|---|---|

**REQUEST**

2-12-02

Dear Doctor who is head operator of medical
company Wexford at Everglades.

On Feb 1, 2002 I filed a request to you
to answer why I have not seen a
specialist that was ordered, you
passed it on to DR. Fonte, DDS to respond.

Otis was directed to you, I'm in need to
have my jaw rehinge and reset properly.
I ask you to call me out, you ordered
that I see a specialist.

Thank you, William M. Hicks

664670

All requests will be handled in one of the following ways:  1) Written Information or    2) Personal Interview.  All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                    **DATE RECEIVED:** _____

Refer to Dr. Fonte for
follow up answer

3/27/02

There is no basis found in multiple exams, X-rays & even C.T. scans to
identify or confirm your complaints. The tests & exams do not show
a condition that is treatable by referral to Oral Surgery
that Oral Surgeons treat.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _DENIED_ (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): _Kelly Fan L.S. Finkelstein RN, HSA, RN, RS, 11NC_    Date: _3/28/02_

LINDA G. FINKELSTEIN, RN
REGIONAL NURSE SPECIALIST

Distribution:    White    -Returned to Inmate        Pink    -Retained by official responding, or if the response is to an
                 Canary   -Returned to Inmate                  informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

*Informal Grievance*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIO.**

## INMATE REQUEST

*(Instructions on Back)*

Mail Number: _____
Team Number: **2**
Institution: **E C I**

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|

MR. mathews, warden

| FROM: | Inmate Name | DC Number 664670 | Quarters | Job Assignment Houseman | Date 1/16/02 |
|---|---|---|---|---|---|

**REQUEST** To MR. mathews, warden of E.C.I.

Dear warden,

I have tried to recieve proper dental and medical care since year 2000 till present 2002. I have filed numerous grievances and 303 grievances that claim I am entitled to proper medical and dental, since 2000, I had dentist and medical doctor order that I indeed need to see a specialist. But I can't get a response if it has been truely filed or approved. I ask that you please intervence and take care of this issue.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

William M. Hicks, foster

I-1-01-059

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**   DATE RECEIVED: 1-17-02

Dr. Gonzales - please review and respond Copy me with your response. Mathews 1-18-02.

Refer to Dr. Tonte for follow-up answer. 3/27/02.

There is no physical evidence or problem identified on multiple exams, x-rays & even C.T. scans to explain or confirm your complaints. Unable to have a basis for Oral Surg

[The following pertains to informal grievances only:]
Based on the above information, your grievance is **DENIED** . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): _____ RN/HSA L.S. FINKELSTEIN, HSA, RN, MS, MNC   Date: 3/28/02

LINDA S. FINKELSTEIN, RN
REGIONAL NURSE SPECIALIST

Distribution:   White  -Returned to Inmate   Pink  -Retained by official responding, or if the response is to an
   Canary -Returned to Inmate   informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

**INMATE REQUEST**

STATE OF FLORIDA
Department of Corrections
(Instructions on Back)

Mail Number _____
Team Number _____

TO:
(Check One)

☐ Superintendent      ☐ Classification      ☐ Medical      ☐ Other

☐ Asst. Superintendent      ☐ Security      ☐ Dental

| FROM: | Inmate Name HICKS, WILLIAM | D.C. Number | Quarters | Job Assignment | Date |
|-------|---------------------------|-------------|----------|----------------|------|

**REQUEST**

This is in response to your 3/4/2000 letter to Sylvia William and the 3/16/2000 letter from Ernita Brisdoin to you.

All requests will be handled in one of the following ways:   1) Written information or   2) Personal interview. All informal grievances will be responded to in writing.

_____**DO NOT WRITE BELOW THIS LINE**_____

**RESPONSE**

① Tomoka is a State facility and we have no responsibility for or connection to the county jail. DR's are not given for seeking Medical attention. If someone wrote you up it was for your behavior, not for seeking medical care. You have been seen by Dental and Medical on many occasions. You have had x-rays of your head & face and Medication as seen fit by the Dators. No fractures were found on any of the x-rays. You have been seen by specialists and diagnosed with MPD (Myofacial Pain Disorder). If our doctors felt a need for your jail records they would ask for them. If you want a copy of the jail records in your medical file it is your responsibility to get them. After seeing your chart, your care has been more than appropriate from all aspects, Medical, Dental, M.H.

Official (Signature) _Bulsolvi_

Date 3-29-00

Distribution:   WHITE..........Returned to Inmate
CANARY........Returned to Inmate

PINK.......Retained by Official Responding or, if the response is to an informal grievance then forward to be placed in inmate's file.

DC3-005 (8-89)

ARC DIAGNOSTIC CENTER, INC.
7801 CORAL WAY, SUITE 131
MIAMI, FLORIDA 33155
305-261-8991/FAX 305-261-1654

PATIENT NAME:  WILLIAM HICKS
FACILITY:      EVERGLADES C.I.
CHART#:        664670
DOS:           08-12-02
REFERRED BY:   DR. DWYER

**CERVICAL SPINE X-RAYS:**

TWO VIEWS

There is hypertrophic spur formation of C5-C6.

C7 is not seen on the lateral view, therefore cannot be evaluated.

Visualized disc spaces are intact.

There is no cervical rib.

**IMPRESSION:**

Degenerative changes of C5-C6.
Please see the above discussion.

ERLINDA B. ENRIQUEZ, M.D.
DIPLOMATE OF AMERICAN BOARD OF RADIOLOGY
EBE/mpv

1/7/03

LUON V. TA, MD
Sr Physician
Lake CI

NORMAL LAB / X-RAY
ABNORMAL LAB / X-RAY NOTEL
NO FOLLOW-UP NEEDED
ABNORMAL LAB / X-RAY
PULL CHART

T.A. MAHONEY, MD
8-19-02

The Office of Dr. Roberto Rivera
7050 NW Fourth Street, suite 202
Plantation, FL 33317
(954) 791-XRAY (9729)
E-mail: radiolog@bellsouth.net

# DIAGNOSTIC EXAMINATION REPORT

Name of Patient: Williams Hicks
ID Number: 664670
Referring Physician: Everglades C.I.
Date of exam: 10/25/01

## FACIAL BONES:

There is no evidence of fracture or dislocation. No blastic or lytic lesions
are noted. No soft tissue calcifications are seen.

## IMPRESSION:  NORMAL STUDY.

Roberto Rivera, MD
Board-certified Radiologist
Florida Medical Diagnostic Group

DR. JUAN GONZALEZ CHO

Florida Department of Corrections
Magnetic Resonance Imaging Request/Report
Department of Radiology

# MRI/NM

**PLEASE WRITE LEGIBLY**

PLEASE NOTE that MRI exam cannot be performed if any of the following is present: pacemaker, cochlear implant, metal in the eye, cerebral aneurysm clips.

In the best interest of the patient and referring physician, this examination will not be performed if pertinent clinical information and tentative clinical diagnosis are not provided below:

Alleged intense pain (R) TMJ
and fee.
Exam Done At imaging CTR AT San Marco

List allergies:

☐ Ambulatory  ☐ Diabetic  ☐ J Code  ☐ Stretcher  ☐ Wheelchair

Physician Name (Print and Name Stamp): Dr Allis

Date of Request: 4/12/00

| NUCLEAR MEDICINE SCAN REQUEST | | | MRI SCAN REQUEST | |
|---|---|---|---|---|
| Cardiac | Gallbladder (HIDA) | | Abdomen | Hip/Pelvis |
| Infarct | Liver/Spleen | | Chest | Lumbar Spine |
| MUGA | Pulmonary V/Q | | Cervical Spine | Neck |
| Thallium/Myoview Stress | Pulmonary Quantitative | | Head/Brain Stem | Thoracic Spine |
| Brain | Testicular | | Lower Extremity, any joint | |
| Bone Scan | Triple Renal | | Lower Extremity, no joint | (R) TMJ |
| Bone Scan (3 Phase) | Thyroid | | Upper Extremity, any joint | |
| Cerebra | Thyroid Scan and Uptake | | Upper Extremity, no joint | |
| Scans not checked above. | | | | |

Date Performed: 5/3/00  Technologist Initials: 1800  Time exam performed (military): D C H

5 THIS EXAMINATION WAS PERFORMED AT THE IMAGING CENTER AT SAN MARCO IN JACKSONVILLE, FLORIDA.
664670

664670 MRI OF THE RIGHT TEMPOROMANDIBULAR JOINT: MRI Examination of the right temporomandibular joint was performed, oblique coronal T1 and T2, and coronal T1 weighted images were obtained.

In the open and closed mouth sequences, there is normal translation of the condyle in relation to the articulating eminence. The articular discs rotate normally within the glenoid fossa. There is no evidence of anterior displacement or internal derangement of the meniscus. The condyle demonstrates normal morphology, there is no evidence of avascular necrosis.

IMPRESSION: NEGATIVE MRI EXAMINATION OF THE RIGHT TEMPOROMANDIBULAR JOINT.

RECEIVED

TOMOKA C. I.
MED. DEPT.

John A. _____, D.M.D.
North Florida Reception Ctr.

O.P. MEDICAL RECORDS
North Florida Reception Center

E.E. FRANCO, M.D., sct
NFRC RADIOLOGY DEPT.

D:5-8-00    T:5-8-00

**PLEASE WRITE LEGIBLY**

Inmate Name Hicks, William

Radiologist Signature _____

DC# 664610    Race/Sex_____

Date of Birth 9-16-63

Institution TOMOKA

Is permanent camp a private institution? No ☐ Yes ☐

Clinic/hospital room number_____

Distribution:
  White — Medical Records
  Canary — X-Ray Jacket
  Pink — Data Entry
  Goldenrod — Local Requirements

Date Read _____   Date Typed _____

This form is not to be amended, revised, or altered without approval of the Deputy Director of Health Services Administration

DC4-705C (10/99)

Florida Department of Corrections
X-Ray Request/Report
Department of Radiology

# X-RAY

**PLEASE WRITE LEGIBLY**

In the best interest of the patient and referring physician, this examination will not be performed if pertinent clinical information and tentative clinical diagnosis are not provided below:

*N/o f x s facial bone Rods or mandible*

List allergies:

*NKA*

☑ Ambulatory ☐ Diabetic ☐ J Code ☐ Portable ☐ Stretcher ☐ Wheelchair

Physician Name (Print) and Name Stamp: *R T. ALLIS, D.D.S.*  *Parker Greg. D.S, O* NFRC HOSPITAL

Date of Request: *4-12-00*

## X-RAY REQUEST

| | | | | |
|---|---|---|---|---|
| Ankle R [ ] L [ ] | Cystogram | Hand R [ ] L [ ] | Myelogram [        ] | Shoulder R [ ] L [ ] |
| Arthrogram [        ] | Elbow R [ ] L [ ] | Hips R [ ] L [ ] | Nasal Bones | Sinuses |
| Barium Enema | Esophagram | Humerus R [ ] L [ ] | Orbits | Skull |
| Cervical Spine | ✓ Facial Bones | I.V. Pyelogram | Os Calcis R [ ] L [ ] | Sternum |
| C. Spine, complete | Femur R [ ] L [ ] | Knee R [ ] L [ ] | Pelvimetry | T.M. Joints R [ ] L [ ] |
| Chest | Fingers R [ ] L [ ] | KUB | Pelvis | Thoracic Spine |
| Chest, PA and LAT | Foot R [ ] L [ ] | KUB and UPT | Post Reduction | T. Spine, complete |
| Chest PPD | Forearm R [ ] L [ ] | Lumbar Spine | Ribs R [ ] L [ ] | Tibia & Fibula R [ ] L [ ] |
| Clavicle R [ ] L [ ] | Gallbladder Series | L. Spine, complete | Sacrum | Venogram R [ ] L [ ] |
| Coccyx | G.I. Series | ✓ Mandible | Scoliosis Series | Wrist R [ ] L [ ] |
| Comparison View | G.I. and Small Bowel | Date Performed: | Technologist Initials: | Time exam performed (military). |
| Exams not checked above: *JMU* | | *4-12-00* | *CA* | *1150* |

664670–FACIAL BONES:  There is no evidence of bone or joint abnormality.

IMPRESSION:  NORMAL FACIAL BONES.

–ORBITS:  There is no evidence of fractures or separation of structures.  There is no foreign body noted.

IMPRESSION:  NORMAL ORBITS.

–MANDIBLE SERIES:  There is no evidence of fracture or dislocation.  However, if a fracture is a clinical consideration, then further evaluation with a Panorex view is recommended.

IMPRESSION:  NORMAL MANDIBLE SERIES.

V.M. SAENZ M.D./Sct.
NFRC RADIOLOGY DEPT.
Radiologist Signature

D:4-13-00    T:4-13-00
Date Read    Date Typed

PLEASE WRITE LEGIBLY
Inmate Name *Hicks, William*
DC# *664670*  Race/Sex *B/m*
Date of Birth *9-16-63*
Institution *Tomoka*
Is permanent camp a private institution?  No ☐  Yes ☐
Clinic/hospital room number_____

Distribution:
White – Medical Records
Canary – X-Ray Jacket
Pink – Data Entry
Goldenrod – Local Requirements

RECEIVED
APR 14 2000
TOMOKA C.I.
MED. DEPT.

This form is not to be amended, revised, or altered without approval of the Deputy Director of Health Services Administration

DC4-705A (Revised 10/99)

**STATE OF FLORIDA**
Department of Corrections

# INMATE REQUEST

(Instructions on Back)

Mail Number _3_
Team Number _99_

Tomoka

| TO: (Check One) | ☐ Superintendent | ☐ Classification | ☑ Medical | ☐ Other |
|---|---|---|---|---|
| | ☐ Asst. Superintendent | ☐ Security | ☐ Dental | DR cakron |

| FROM: | Inmate Name | D.C. Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | William m Hicks | 664670 | J6u | required ATD | 1/22/99 |

## REQUEST

Ducter I ASK these questions,

A) Teok All Head shots of xrays to Find any problems

B) Took over 2 o something weeks ago

C) DID you Find anything and what

D) will I see you to Discuss problems

E) I ask to see and evaluate xrays with you and all statements

Thak you

William m Hicks

RECEIVED
JAN 26 1999

All requests will be handled in one of the following ways:   1) Written information or   2) Personal interview. All informal grievances will be responded to in writing.

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

I reviewed your x-rays from 12-31-98 skull series which are normal. I also reviewed the x-rays at NFAC from mandible and facial bones + they are also normal.

If you still have a complaint you may need to see your unempfated access + Sick Call

| | Official (Signature) SIT CALDERON, CHO | Date 2-8-9 |
|---|---|---|

PINK.....Retained by Official Responding or, if the response is to an informal grievance then forward to be placed in inmate's file.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
**CONSULTATION REQUEST**

RECEIVED
SEP 21 1998
Senior Dentist
North Florida Reception Center

| | | |
|---|---|---|
| ~~..~~ ORAL SURGEON<br>Institution: CFRC | FROM R. FAECHER, DMD<br>Institution: TOMCI | DATE OF REQUEST:<br>8-14-98 |

| Reason(s) for consultation:<br>Evaluate and recommend diagnostic plan __XX__<br>Evaluate and recommend treatment plan __XX__<br>Other (specify): _____ | Type of consultation:<br>Emergency _____<br>Urgent _____<br>Routine __XXX__ | DATE APPOINTMENT MADE:<br><br>Staff Signature: |
|---|---|---|
| | | APPOINTMENT DATE: |

Condition is (check one):  [ ] Acute Trauma    [ ] Acute Illness   [XX] Chronic

History of present illness (include onset, presentation, progress, therapy):

    PATIENT PRESENTS TO DENTAL WITH VERBAL HISTORY OF MANDIBULAR FRACTURE -SIDE.
    TRAUMA STATED TO HAVE OCCURED 4-96 WITH NO EVAL OR ATTEMPTED TX UNTIL 8 MONTHS
    FOLLOWING.  COMPLAINT OF DEVIATION OF MANDIBLE UPON OPENING AND DIMINISHED MANIBLE
    FUNCTION AND SEVERE PAIN.  NEED PANOREX RADIOGRAPH

Physical findings:

    LIMITED OPENING OF MOUTH NOTED

Diagnostic findings (explain laboratory, x-ray or other test findings):

    NO RADIOGRAPHS TAKEN 8-14-98

Other pertinent information:

Provisional diagnosis:  INCOMPLETE UNTIL RADIOGRAPHIC DATA ASSESSED

Health Care Provider Signature/Stamp _____ RS Faecher, DMD Tom, CI

CHO/Designee Approval Signature/Stamp

**AUTHORIZATION FOR SPECIALTY EVALUATION**

I, the undersigned, have had explained to me and understand that I require:
   ORAL SURGERY EVALUATION
which cannot be accomplished at  TOMOKA CORRECTIONAL INSITUTION
I also understand that should hospitalization and/or surgery be necessary, a
separate consent form will be signed prior to such hospitalization and/or surgery.
I also consent to be referred to the Reception & Medical Center, or such
other health care facility as may be appropriate, for the reason(s) stated
and consent to undergo health care services as may be necessary to evaluate my
health status.

Signature of Patient X _William M Hicks_      Date: _8/14/98_
Signature of Witness _____      Date: _8/14/58_

**IT IS ABSOLUTELY NECESSARY THAT INMATES ARE NOT MADE AWARE
OF THE DATE OR TIME OF ANY APPOINTMENT OUTSIDE THE INSTITUTION**

Date Name  HICKS, WILLIAM           Reference:  HSB 15.01.04
DC # __663670__      R/S __W/M__
Date of Birth _____
Institution _____TOMCI_____

CONSULTATION REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTION**
**X-Ray Report**

664670

| NAME-LAST | FIRST | | AGE | DATE | DC NUMBER |
|---|---|---|---|---|---|
| Hicks | William | | 35 | 1-28-99 | 664518 |

| SEX | RACE | BIRTHDAY | ADMIT DATE | INSTITUTION | |
|---|---|---|---|---|---|
| m. | W | 9-19-63 | | Tom. | |

| DRS. NAME | ROOM NO. | REQUEST WRITTEN BY: | |
|---|---|---|---|
| PARKER T. ALLIS, D.D.S. Reception & Medical Center | | | PARKER T. ALLIS, D.D.S. Reception & Medical Center |

IN THE BEST INTEREST OF THE PATIENT AND REFERRING PHYSICIAN, THIS EXAMINATION WILL NOT BE DONE IF PERTINENT CLINICAL INFORMATION, AND TENTATIVE CLINICAL DIAGNOSIS ARE NOT PROVIDED BELOW:

HISTORY:

IMO ® subcondylar fx ? - untreated
Pt alleges discomfort in joint

**X-RAY REQUEST**

| | | | | |
|---|---|---|---|---|
| | COMPARISON VIEW | HAND R[] L[] | MANDIBLE R[X] L[] | SACRUM |
| | CYSTOGRAM | HIP PINNING | MYELOGRAM, CERVICAL | SHOULDER R[] L[] |
| ANKLE R[] L[] | ELBOW R[] L[] | HIPS, BILATERAL | MYELOGRAM, THORACIC | SINUSES |
| ARTERIOGRAM CODE# BELOW | ESOPHOGRAM | HIPS R[] L[] | NASAL BONES | SKULL |
| ARTHROGRAM, KNEE R[] L[] | FACIAL BONES | HUMERUS R[] L[] | ORBITS | SONOGRAM |
| BARIUM ENEMA | FEMUR R[] L[] | I.V. PYELOGRAM | O.R. CHOLANGIOGRAM | STERNUM |
| CERVICAL SPINE | FINGERS R[] L[] | KNEE R[] L[] | OS CALCIS R[] L[] | T.M. JOINTS R[] L[] |
| C. SPINE, COMPLETE | FOOT R[] L[] | KUB | PELVIMETRY | THORACIC SPINE |
| CHEST | FOREARM R[] L[] | KUB & UPT | PELVIS | TIBIA & FIBULA R[] L[] |
| CHEST, PA & LAT. | GALLBLADDER SERIES | LATERAL DECUBITUS | POST REDUCTION | VENOGRAM R[] L[] |
| CLAVICLE R[] L[] | G.I. SERIES | L.S. SPINE | RIBS, BOTH SIDES | VENOGRAM, BILATERAL |
| COCCYX | G.I. & SMALL BOWEL | L.S. SPINE COMPLETE | RIBS, R[] L[] | WRIST R[] L[] |

X-RAYS NOT CHECKED ABOVE

664670-MANDIBLE SERIES:  There is no evidence of fracture or dislocation.  However, if a fracture is a clinical consideration, then further evaluation with a Panorex view is recommended.

IMPRESSION:  NORMAL MANDIBLE SERIES.

-FACIAL BONES:  There is no bone or joint abnormality.

IMPRESSION:  NORMAL FACIAL BONES.

RECEIVED
FEB 03 1999
TOMOKA C.I.
MED. DEPT.

E. E. FRANCO, M.D.  mmw
NFRC RADIOLOGY DEPT.

WHITE - MEDICAL RECORDS
CANARY - X-RAY JACKET
PINK - LOCAL REQUIREMENTS

RADIOLOGIST SIGNATURE
D: 1-29-99    T: 1-29-99

DATE REPORT TYPED

DC4 705A  (10/87)



# ViewBox, Inc.
**3182 ZARHARIAS DRIVE**
**ORLANDO, FL.32837**
**407-5269099**

| Patient: | Hicks, William |
|---|---|
| D.C. # | 614670 |
| Facility: | TCI |
| Exam: | Skull |
| Date: | 12-31-98 |

SKULL

Findings:   The calvarium is intact.  The sella is normal.  The paranasal sinuses are clear.

Impression:   Normal

_____
Fenton E. Froom, M.D./vsm

12-31-98



| DATE AND TIME | DENTAL TREATMENT RECORD |
|---|---|
| 2/19/02 8⁴⁵ | Request recieved & answered. No medical necessity found for referral. _Fonte_ FRANCISCO FONTE, DDS EVERGLADES C.I. |
| 2/21/02 | Informal grievance received & answered. "you haven't send out for due us medical necessity" _Fonte_ FRANCISCO FONTE, DDS EVERGLADES C.I. |
| 3/28/02 0945ᶜ | CMC Note: Chart & I/M Request Review & discussion with Dentist Fonte, & P.A. Liriva. No significant findings in prior examinations & diagnostic work-ups including X-rays & C.T. scanning of Ⓡ side face/jaw. Apparently, anecdotal information from the patient included relating he is in lawsuit with the Medical Service where initial zygoma tx occurred in Jail. There is some question/concern by dentist as to reliability of patient's/recurring inability to open jaw when it is examined for this problem. since dental exam & work on teeth was done on 02-04-02 when the focus was care of tooth + loss of jaw mobility. Most of symptoms are fairly subjective & hard physical findings. P: Bring patient into a closely observed environment for 24 to 72° to focus upon ADL's specific to TMJ & other related complaints R: limited ROM, constant pain, problems eating, etc. & see if we can better assess the causes or impairments or both the patient lists. _L.S.F._ LINDA S. FINKELSTEIN, RN REGIONAL NURSE SPECIALIST |
| 4/29/02 935-950 | DSSC(sub)/Referral same. Ⓢ "I broke a piece of tooth eating" Ⓞ Persists #t 31 Ⓐ fractured, Exam shows lia ___ cuspidon on chipway Ⓟ Smooth polished _Fonte_ FRANCISCO FONTE, DDS EVERGLADES C.I. |

Inmate Name  Hicks  William
DC#  664670   R/S  WM
Date of Birth  9-10-63
Institution  ECI

DENTAL TREATMENT RECORD
DC4-724  (02/92)

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

| DATE AND TIME | DENTAL TREATMENT RECORD |
|---|---|
| 10/20/98 1510 | Pt returned from TMJ clinic at NFRC. DSRR, no follow treatment at Tomoka C.I. indicated at this time. <br><br> R. S. FAECHER, DMD <br> Dental Clinic <br> TomCI |
| 10/28/98 | INMATE REQUEST RECEIVED AND ANSWERED <br><br> Reg. Exam <br><br> K. HILL, CDA <br> TOMOKA CORR. INST. <br> DENTAL CLINIC |
| 11-02-98 930 | Requested exam, pt states he has not received follow up care since his return from NFRC oral surgery / TMJ eval into growth. States he did not receive pain meds. Review of records show Rx motrin 600mg & other written on 10/20/98 by Dr Hacklett NFRC. Phoned pharmacies at TomCI, and NFRC both confirm pt did not get meds. Rx motrin 600mg X 12 (twelve tabs) Sig tid prn pain c̄ food; mechanical diet for 1 month. Pt to return to NFRC as needed for follow-up. <br><br> R. S. FAECHER, DMD <br> Dental Clinic <br> TomCI |
| 11-09-98 1300 | Inmate was called out today because he filed an informal grievance dated 11/5/98 stating that he did not receive his pain medications which I prescribed on 11/2/98 to him. Inmate states that he did not know that the prescription that I wrote for him was to be filled at the pharmacy. He stated that he was given his Rx on Friday and did not return to pharmacy until 4 days later to find out the Rx expired. He also did not get his soft-food mechanical diet. He states he gave the diet slip to a DOC employee working in the cafeteria, and they did not follow through with the order. Inmate attempted to walk out of dental clinic without being dismissed, while he was seated in the dental operatory. Spoke with Officer Fernald (food service) states that inmate never placed an diet no record of diet slip being received. Spoke with Pharmacist (John Fraser) states that inmate unable to keep original Rx to take back to dental clinic (which inmate never did). From the events that transpired the patient seems more interested in manipulating and deceiving DOC employees rather than getting his MPD managed. Pt is noncompliant, he did not receive his meds and diet because he chose to not follow instructions. Will place pt on 30 day mechanical diet beginning 11/11/98 - 12/11/98. No indication for motrin analgesic at this time. <br><br> R. S. FAECHER, DMD <br> Dental Clinic <br> TomCI |

Inmate Name  Haks, William
DC# 6604670          R/S WM
Date of Birth
Institution  Tomci

DENTAL TREATMENT RECORD
DC4-724  (02/92)

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

(Instructions on Back)

Mail Number: _____
Team Number: 2
Institution: E C I

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☑ Medical<br>☐ Dental | ☐ Other |
|---|---|---|---|---|

To chief Health officer

| FROM: | Inmate Name<br>William M. Hicks | DC Number<br>664670 | Quarters<br>H-Z 215 | Job Assignment<br>Houseman | Date<br>Feb 1/02 |
|---|---|---|---|---|---|

**REQUEST**   ATTN: medical Director
                        3rd notice
I have written requests and grievances
with no response. my questions are simple.
Did a medical order get approved by medical
Director to see an oral surgeon, DDS. I have
been trying since 2001 to see this kind of
doctor. It's apearent that a dentist and
medical doctor saw fit to write an order,
so that means I have a serious need
to see an oral surgeon. Please respond!

        Feb 1, 2002        William M. Hicks #664670

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

FEB 5 2002

**RESPONSE**                                    DATE RECEIVED:

Since results as per RADIOLOGIST inform came Normal
"There is no evidence of fracture or dislocation or lytic
lesion noted No soft tissue calcifications are seen"
"Impression: Normal study"
No medical necesity for Referal is found.

[The following pertains to informal grievances only: _____
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | Date: 2/19/02 |
|---|---|

Distribution:    White   -Returned to Inmate         Pink   -Retained by official responding, or if the response is to an
               Canary  -Returned to Inmate                  informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

*Exhibit*
*4(c)*

*RECEIVED APR 0 3 2000*
*R.S. FAECHER, DMD*
*Dental Clinic*
*TomCI.*

RON COCHRAN
SHERIFF
BROWARD COUNTY
POST OFFICE BOX 9507
FORT LAUDERDALE, FLORIDA 33310-590

DATE:     July 2, 1996

TO:       William Hicks, BS9514533

FROM:     Barbara Hanson-Evans, HSA, BSO

SUBJECT:  Grievance


I reviewed your chart thoroughly as promised.

2/21/96   X-ray showed fracture of (L) mandible
          and zygomatic arch.
3/15/96   Minimal depression of the arch.
4/22/96   Uecker suggested OMF surgery.
5/3/96    Old healed fracture of the arch.
5/8/96    Dr. Cline, Todd Schwartz, and Dr. Weathers
          explained that surgery was not planned for the
          arch.  The problem with eating was addressed.
          Soft diet ordered.

I did notice you are now  taking your medication.  I have given
Mr. Holmes the copies of DR's for review.

The x-rays do not show any remarkable problem and the bones are
intact.  I am assuming that you will be experiencing pain which
is now being managed appropriately.

As I suggested I would review the chart to see if there were
documentation to substantiate what you alleged the physicians
told you.  I have seen nothing about clean break etc.  I only
rely on the x-ray reports which cannot be tampered with.

I was informed that you were scheduled to see Dr. Pearson/
Dr. Cline on 6/28/96.


*Last Request*
*Sent to this memo 7-3-96*


*Recieved*
*7-3-96*
*Bill H*