UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-Dimitrouleas
MAGISTRATE JUDGE, P.A. WHITE



BH
Provided to Lake C.I.
1 June 04

FILED by JC   D.C.
IN TAKE
JUL - 1 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

William M. Hicks,
    Plaintiff, prose,
    -vs-
E.M.S.A., et al,
    Defendant(s).
_____/

## PLAINTIFF'S PRETRIAL STATEMENT

1.) Plaintiff has not confer with defendant's as of yet.

2.) Defendant's had ample time to have copies of all documents in plaintiff's possession but have refused to work with plaintiff in order to obtain copies.

(a) BRIEF statement of CASE:

The case before this honorable court is based on Plaintiff being brutally assaulted and battered by a known violent sentenced prisoner housed at 'N.B.D.C.' North Broward Detention Center jail in recreation yard. Plaintiff as a result of assault received severe trauma to right eye, neck and back along with fractures to left and right side

of face as well fractures to right temple, jaw L & R sides, below right eye and fractures to nasal which happened on Feb 7, 1996 at approx. 1:30 pm. After assault plaintiff seen nurse right at exit of rec. yard and she taped bleeding facial cut closed below right eye then cleaned blood off plaintiff and floor. Plaintiff was then escorted to medical and seen Dr. W.C. Davis, M.D. who sutured facial cut and took (5) xrays of entire head after several demands from plaintiff (Hicks). Xrays were developed on site by xray tech Mr. W. Evans and Davis told Hicks he recieved no fracture(s) or serious injuries. Hicks recieved no further treatment and Davis called BSO deputy to take me away. Hicks was escorted to BLDG 12-1-H-3 confinement. Hicks during Feb 7 which was Friday till monday Feb 10 seen no specialist or any proper pain medications. On Feb 10, 1996 Hicks was transferred to BSO 'main jail' and placed in drug program which Hicks had court order to be in prior to assault. Hicks upon entering main jail started his quest for medical through EMSA request(s), BSO request(s) and grievance(s). Hicks eventually seen defendant(s) Dr. Cline, DDS, Dr. S. Pearson, DDS, Dr. T. Weathers, DDS, oral surgeon and Dr. Uecker, M.D. which all knew of Hicks fracture(s) and serious medical condition and never gave any prompt proper medical treatment except for pain medication(s), extra pillow and mattress. Hicks while at main jail reached out to all HSA's, warden, officials, internal affairs, county commissioners and then sheriff Ron cochran. Hicks was at main jail twice during 1996-1998 and recieved basic medical and dental treatment which fell below standards set by law. Hicks eventually was sent back to NBDC (was there twice between 1996-1998) and within one hour in housing unit was placed in confinement which the false wr's lasted up to over half a year straight in confinement. Hicks started his quest for medical treatment by way of complaint(s), request(s) and grievance(s) sent to BSO Director McCampbell, new sheriff Ken Jenne, HSA Barbra Hanson Evans, warden, assist warden and internal affairs. Hicks recieved no actual treatment or help needed promptly. Hicks seen the only dentist at NBDC, Defendant Dr. Glenn Pearson, DDS, which

only gave basic dental care even though DR.G. pearson was fully aware of all serious injuries made known to him by Hicks as well medical records. Hicks sought repeated help from criminal trial judge James I. cohn who issued (3) court orders that were not acted on or taken serious. Hicks seen only one specialist nine months later on the street in 1996 while still in custody.

(b) BRIEF WRITTEN STATEMENTS OF FACTS THAT WILL BE OFFERED:

(1) Hicks in said styled cause will show that while he was housed at NBDC he was brutally assaulted and battered by a at the time sentenced prisoner norman beech with propensity for violence in the psychiatric unit building, recreation yard. Hicks will provide BSO incident reports outlining the assault and battery made upon him and show Beech was formally charged with two counts of assault and battery on two BSO deputys and simple battery on Hicks.

(2) Hicks through his testimony and charts showing layout of recreation yard and no recreation deputys assigned to secure yard were present to insure safty of Hicks or security of the jail with approx (30) other detainees locked in the confines of the recreation yard on Feb 7, 1996. Then Hicks making his way to exterior doorway with the assault still occurring non-stop when he met up with John Doe #1, Deputy Elaudio lattanzi and John Doe #2, Deputy Gary Hensley in a locked Hallway when Doe #1 grabbed Hicks as a human sheild causing Hicks to take full force of assault and battery causing severe injuries and trauma. Hicks will testify Doe #2 tried to call for back up on his radio, but his radio was disfunctional (dead Battery). Hicks will testify that he broke free from Doe #1 when Doe #2 unlocked main Hallway door to jail, and escaped to safety. And at such time another BSO Deputy was just walking by and called for back up.

(3.) Hicks will testify and show report of nurse, mrs. chukwu, RN, describing

3

injuries and cut to facial below right eye and treatment she tells she gave. Hicks will testify nurse was preparing medication shots that she personally stated were for Norman Beech the attacker. As well that nurse cleaned blood up around facial cut and taped closed and cleaned blood off Hicks body and floors.

(4). Hicks will testify he was escorted through female unit to medical and seen by DR. Davis, M.D. with awaiting x-ray tech MR. Wayne Evans. The only treatment recieved was sutures to facial cut and (5) x-rays taken of entire head after several demands by Hicks. X-rays were developed on site by x-ray tech Evans. DR. Davis then advising Hicks he recieved no serious injuries nor sustained any fractures. Hicks will testify he asked to review the x-rays but Davis refused his requests. Davis demanded BSO deputy to esscort Hicks away from medical which Hicks was taken to confinement in 12-1-H-3. Hicks will testify he recieved no pain meds or seen any specialists nor proper prompt medical treatment.

(5) Hicks will testify that on Feb 8, MR Stanty Holmes ombudsman and unit manager Robinson came to confinement dayroom where Hicks was sitting and Holmes walked around Hicks laughing due to the serious injuries observed, and denied Hicks verbal plea's for medical and to press charges.

(6). Hicks will testify and provide family as witnesses that will show Hicks called them from confinement day room phone and family advising medical department of NBDC contacted them and Hicks criminal trial lawyers and were told of assault and Hicks did not recieve any serious injuries or sustained any fracturec52.

(7). Hicks will testify and produce records shewing all injuries were known on Feb 7, 1996 by DR. Davis shewing kneck injuries, back and right eye injuries, trauma and fracture's to L & R side of face, L & R jaw,

4

under right eye, right temple and nasal. Also that the pain was so intense and suffered 24 hours a day as he does now still.

(8) Hicks will testify he asked trial court for court order so he may be in drug program even though faced death sentence and on Feb 10 was transferred to main jail and housed in 7-c-2 drug cell ran by BSO ombudsman mr Holmes wife. Hicks will show this is when he started to file EMSA request(s), BSO request(s), grievance(s) and written complaints seeking medical treatment.

(9) Hicks will also testify after completion of drug program he enrolled in drug relapse prevention ran by mrs. A. Jackson who notorized Hicks first §1983 complaint filed in 1996. Hicks will testify he continued his requests and grievances seeking medical treatment and while in this program he talked to Internal Affairs agents which started the second investigation.

(10). Hicks will show while in mrs. Holmes drug program he was finally seen by DR. J. Cline, DDS and DR. T. Weathers, oral surgeon which at this time DR. Weathers never told Hicks he was a oral surgeon. Also eventually seen DR. S. Pearson, DDS and DR. uecker, M.D. which all were fully made aware by Hicks of violent assault and that all knew Hicks had sustained fracture [S] and serious trauma. Hicks will provide charts, requests, grievances and radiologists reports listing monthly a new fracture or serious problem and that all refused proper prompt medical treatment even though Hicks seen most x-rays taken in jail at main jail.

(11) Hicks will testify that his family, and criminal trial lawyer(s) were in constant contact with EMSA and its employee's and BSO authorities over Hicks need for medical treatment, as well making them well aware of Hicks needs he suffered in pain 24 hours a day.

5

(12), Hicks will show by document(s) consisting of daily notes, request's and grievances as well medical charts showing DR. cline and DR. T. weathors took xrays and DR. cline switching Hicks x-rays with other detainee's showing Hicks had no fractures.

(13), Hicks will show by documents showing DR. uecker. M.D. ordered O.M.F surgery and DR. cline and DR. weathors made personal decission not to follow M.D. orders and wire jaw closed in proper alignment. Hicks will testify M.D. doctor at main jail in 1996 ordered Hicks right temple to be wired closed, but DR. cline and DR. weathors made the final decission not to wire closed even though these two are dentists.

(14), Hicks will present documents showing DR. uecker ordered OMF surgery again in 1997 as well known of nasal fracture's, facial fracture's as nasal xray was taken over year later and still shown fracture. Also fracture below right eye.

(15), Hicks will show by documents that DR. cline and DR. weathors provided only basic treatment as dentist throughout 1996-1998, and fell below norms of standards set for medical care.

(16). Hicks will show by documents that DR. S. pearson, DDS was fully aware of all fracture's and medical condition since she made her own notes and read medical chart as well advised by Hicks.

(17), Hicks will submit internal affair reports made in 1996 and 1997, Because of seeking medical care.

(18.) Hicks will present all false DR's that he recieved when he returned back to NBDC in 1996 as his first one was for asking to have his ordered Diet tray (soft food). Also a DR from

Dr. Davis after Hicks refused to see him.

(19). Hicks will show by documents that Dr. Glenn Pearson, DDS was the only Dentist at NBDC and he was fully aware of all documented charting in medical files as well by Hicks and its a 'small' jail so news travels fast.

(20). Hicks will show he reached out to ombudsman Mr. Holmes, R. Evans, HSA, B. Law superintendent, ect over DRs and recieve prompt medical care.

(21). Hicks will show he reached out to authorities who in turn made Sheriff [S], DOC director over BSO, McCampbell, L, MSA, and all employee's aware of ongoing problem.

(22). Hicks will present (five) x-rays taken day of assault which his mother paid for them by check and will provide witness testimony that EMSA authorities threatened family to obtain back x-rays.

(23). Hicks will testify to effects that civil case and seeking medical had on his criminal trial since Defendant's opened gateway door in their clearly unprofessional pleadings.

(24). Hicks will testify to retaliation by BSO deputies by assaults made on Hicks and Director McCampbell filing or forwarding Hicks complaints to Internal Affairs.

(25). Hicks will show that ex Sheriff Ron Cochran knew of all medical problems, ect as well S. McCampbell who took over as Sheriff when Cochran died and also Ken Jenne.

(26.) Hicks will show how far and wide he gone for help and

7

reached out to congress, state reps, ect.

(27). Hicks will show he filed medical complaints on all listed Defendant(s).

(28). Hicks will present a [c]omplete outside oral surgeon file showing seen approx. (9) months later as well set up to see in 1996 and 1997. Will testify doctor was ready to wire jaw closed but advised its to late.

(29). Hicks will present corporate records on EMSA as well merged into prison health services and show problems had against companys.

(30). Will submit court documents and licensing with settled law suits against DR. Davis, M.D., DR. Cline, DDS, DR. Tome, M.D. radiologist, ect.

(31) Hicks will present responses from law firms refusing to take case as Im sure its because of the owners of EMSA.

## (C) list of all exhibits:

1.) Disciplinary Reports,
2.) Broward sheriff's policies file,
3.) Susan McCampbell request's and grievances,
4.) Ken Jenne 'sheriff' request's and grievances,
5.) Barbara Hanson-Evans request's and grievances,
6.) Broward county commissioners responses and complaints,
7.) Everglades corr Inst requests and grievances for medical,
8.) Stanley Holmes request's and grievances,
9.) F.D.L.E. responses and complaints,
10.) oral facialomaxial surgeon reports,
11.) Internal Affairs "B.S.O." complaints,
12.) copies of x-rays taken day of assault,
13.) Dental file from B.S.O. years 1996-1998,
14.) Willie Roberts 'superintendent of main jail' requests,
15.) replys from congress and senate,
16.) MRS. Holmes requests and grievances, 'caseworker',
17.) miss A. Jackson requests and grievances, 'caseworker',
18.) Barbara Law 'superintendent, N.B.D.C.' requests and grievances,
19.) B.S.O. mail Room requests, vouchers, complaints,
20.) Kevin J. RN, 'medical director main jail' requests and grievances,
21.) Tomoka corr INST requests and grievances for medical,
22.) South florida Reception center requests and grievances,
23.) complete medical file from ENISA, years 1996-1998,
24.) DR. pearson, DDS requests and grievances,
25.) DR. G. pearson, DDS requests and grievances,
26.) DR. cline, DDS requests and grievances,
27.) DR. Trever weathers, DDS, oral surgeon requests and grievances,

28.) DR. Uecker, M.D. requests and grievances,
29.) "E.M.S.A." Emergency medical service Ass requests and grievances,
30.) DR. W.C. Davis, M.D. requests and grievances,
31.) Daily notes from years 1996 through 2001,
32.) News paper articles,
33.) responses from Attorneys refusing to take civil case,
34.) letter to Government officials,
35.) Agency for Health care complaints filed,
36.) Sworn Affidavits,
37.) Police reports from Assault and battery.
38.) court document(s) showing licensing division settled with defendant's as well settled State and Federal law suit claims.

Hicks reserves the right to supplement as needed.

C D) PLAINTIFF'S WITNESS LIST:

1.) Mrs. Kathleen Farber,
2.) Mrs. Carla Blair,
3.) Steve Allard,
4.) Mr. Jeffrey M. Harris, esq;
5.) Mike Antin, esq;
6.) Florida justice institute rep,
7.) Mr. and Mrs. Shissler,
8.) Mrs. Ruth Lobell, RN,
9.) Sgt. Robert Gross-Nickle,
10.) Dep Greg Popivictch,
11.) Dep Madeline Garrison,
12.) Mr. Gary Hensley,
13.) Mrs. Calista Chukwu, RN,

(10)

14.) Mr. Wayne Evans, xray technologist,
15.) Mrs. Melsadies Nelson, RN,
16.) Dr. Charlse Russell, DDS oral surgeon and Dr. J. Elliot,

Hicks reserves the right to add as well incorporates all listed witnesses in Defendant(s) witness list. Also will provide a complete listing of all known addresses at a later time.

### CERTIFICATE OF SERVICE

I William M. Hicks certify that his pretrial statement is done the best he knows how and is true and correct and a copy was handed over to prison officials to mail by U.S. mail this 18TH day of June 2004 and mailed to counsel Mr. R. Woulf, esq for all EMSA defendant(s).

William M. Hicks 664670
William M. Hicks, prose
Lake Corr Inst
19225 US Hwy 27
Clermont, Fla 34711-9025