Jul 14 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

WILLIAM M. HICKS,

    Plaintiff,

v.

DR. W.C. DAVIS, DR. UECKER,
DR. TREVOR WEATHERS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON and
EMSA,

    Defendants.
_____/

CASE NO.: 00-6087-CIV-DIMITROULEAS

Magistrate Judge White

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case.

    When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

1

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available.** You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available.** On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

\* \* \* \* \*

**Notetaking - Permitted.** If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

2

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

**Notetaking - Not Permitted.**  A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in notetaking and may not wish to do so.

* * * * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you

3

must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

[In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.]

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment 1 may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment, the Plaintiff and the lawyers for the Defendants will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present

4

evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law.  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

**2.2**
**Consideration Of The Evidence**
**Duty To Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## **Credibility Of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

4.2

7

**Impeachment Of Witnesses**
**Inconsistent Statement And Felony Conviction**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

5.1

**Expert Witnesses**
**General Instruction**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

9

6.1
**Burden Of Proof
When Only Plaintiff Has Burden Of Proof**

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

**7.1**
**Duty To Deliberate**
**When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

11

**2.3.2**
**Civil Rights**
**42 USC § 1983 Claims**
**Eighth Amendment Claim**
**Convicted Prisoner Alleging Deliberate**
**Indifference To Serious Medical Need**

In this case the Plaintiff claims that the Defendants, while acting "under color" of state law, intentionally violated the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendants, DR. W.C. DAVIS, DR. UECKER, DR. TREVOR WEATHERS, DR. JACK CLINE, DR. SHARON PEARSON, DR. GLENN PEARSON, were acting under color of state law as employees of EMSA the Defendants intentionally violated the Plaintiff's right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the Constitution.

More specifically, the Plaintiff claims that the Defendants were deliberately indifferent to the Plaintiff's serious medical needs.

You are instructed that under the Eighth Amendment to the Constitution of the United States, anyone who is convicted and detained under state law is entitled to necessary medical care, and a physician would violate that right if the physician is deliberately indifferent to an inmate's serious medical need. Stated another way, to be deliberately indifferent to an inmate's serious medical need amounts to the imposition of cruel and unusual punishment in violation of the Eighth Amendment.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Notice, however, that deliberate or intentional conduct on the part of the officer is required

before any violation of the Constitution occurs. Mere negligence or a lack of reasonable care on the part of the officer is not enough; the Plaintiff must prove deliberate and intentional conduct resulting in a deprivation of the Plaintiff's constitutional rights through the infliction of cruel and unusual punishment.

In order to prevail on this claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>: That the Defendants, DR. W.C. DAVIS, DR. CRAIG UECKER, DR. TREVOR WEATHERS, DR. JACK CLINE, DR. SHARON PEARSON, DR. GLENN PEARSON and EMSA, deliberately knew of and intentionally disregarded the Plaintiff's serious medical need.

<u>Second</u>: That in so doing the Defendants, DR. W.C. DAVIS, DR. CRAIG UECKER, DR. TREVOR WEATHERS, DR. JACK CLINE, DR. SHARON PEARSON, DR. GLENN PEARSON and EMSA, acted "under color" of the authority of state law; and

<u>Third</u>: That the Defendant's acts were the proximate or legal cause of the damages sustained by the Plaintiff.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

With regard to the second required element of proof - - that the Defendants acted "under color" of state law - - that fact is not disputed in this case and you may accept that fact as proved.

With regard to the third required element of proof - - that the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff - - you are instructed that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for

13

the constitutional deprivation, such damages would not have occurred.

If you find for the Plaintiff and against the Defendants you will then consider the Plaintiffs claim for damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.   Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and
no others:

      (a)    Physical as well as emotional

             pain and mental anguish.

14

**2.4.2**
**Civil Rights**
**42 USC §1983 Claims**
**Fourteenth Amendment Claim**
**Pretrial Detainee Alleging Deliberate**
**Indifference To Serious Medical Need**

In this case the Plaintiff claims that the Defendants, while acting "under color" of state law, intentionally violated the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendants were acting under color of state law as employees of EMSA the Defendants intentionally violated the Plaintiff's right to due process of law under the Fourteenth Amendment to the Constitution.

More specifically, the Plaintiff claims that the Defendants were deliberately indifferent to the Plaintiff's serious medical needs in violation of the Plaintiff's right, as a pretrial detainee, to necessary medical care and attention.

You are instructed that the due process of law clause of the Fourteenth Amendment does entitle anyone who is arrested and detained under state law to necessary medical care. Thus, a corrections officer would violate that constitutional right if the officer is deliberately indifferent to an inmate's serious medical need.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Notice, however, that deliberate or intentional conduct on the part of the officer is required before any violation of the Constitution occurs. Mere negligence or a lack of reasonable care on the part of the officer is not enough; the Plaintiff must prove deliberate and intentional conduct resulting in a deprivation of the Plaintiff's constitutional rights.

In order to prevail on this claim the Plaintiff must prove each of the following facts by a

15

preponderance of the evidence:

> First: That the Defendants, DR. W.C. DAVIS, DR. CRAIG UECKER, DR. TREVOR WEATHERS, DR. JACK CLINE, DR. SHARON PEARSON, DR. GLENN PEARSON and EMSA, deliberately knew of and intentionally disregarded the Plaintiff's serious medical need.
>
> Second: That in so doing the Defendants, DR. W.C. DAVIS, DR. CRAIG UECKER, DR. TREVOR WEATHERS, DR. JACK CLINE, DR. SHARON PEARSON, DR. GLENN PEARSON and EMSA, acted "under color" of the authority of state law; and
>
> Third: That the Defendant's acts were the proximate or legal cause of the damages sustained by the Plaintiff.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

[With regard to the second required element of proof - - that the Defendants acted "under color" of state law - - that fact is not disputed in this case and you may accept that fact as proved.]

With regard to the third required element of proof - - that the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff - - you are instructed that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

If you find for the Plaintiff and against the Defendants, you will then consider the Plaintiff's claim for damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable

16

compensation for all of the Plaintiffs damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as physical and emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

**You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:**

    (a)    Physical and emotional pain and mental anguish.

8
**Election Of Foreperson**
**Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

18

## SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That DR. W.C. DAVIS was deliberately indifferent to the Plaintiff's serious medical needs?

    Answer Yes or No      _____

2. That DR. CRAIG UECKER was deliberately indifferent to the Plaintiff's serious medical needs?

    Answer Yes or No      _____

3. That DR. JACK CLINE was deliberately indifferent to the Plaintiff's serious medical needs?

    Answer Yes or No      _____

4. That DR. TREVOR WEATHERS was deliberately indifferent to the Plaintiff's serious medical needs?

    Answer Yes or No      _____

5. That DR. SHARON PEARSON was deliberately indifferent to the Plaintiff's serious medical needs?

    Answer Yes or No      _____,

6. That DR. GLENN PEARSON was deliberately indifferent to the Plaintiff's serious medical needs?

7. That EMSA was deliberately indifferent to the Plaintiff's serious medical needs? EMSA?

    Answer Yes or No      _____,

    [Note:    If you answered No to Questions
    1 through 7, you need not answer the
    remaining questions.]

8. That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff?

    Answer Yes or No      _____

9. That the Plaintiff should be awarded damages to compensate for physical as well as emotional pain and mental anguish?

19

      Answer Yes or No  _____

      If you answered Yes,
in what amount?  $_____

10.    That the Plaintiff should be awarded damages to compensate for physical as well as emotional pain and mental anguish?

      Answer Yes or No  _____

      If you answered Yes,
in what amount?  $_____

   SO SAY WE ALL.

                                         _____
                                            Foreperson

DATED:_____