UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

    Plaintiff,

Magistrate Judge White

vs.

DR. W.C. DAVIS, DR. UECKER,
DR. TREVOR WEATHERS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON, and
EMSA LIMITED PARTNERSHIP,

    Defendants.
_____/



FILED by ___ D.C.

AUG 0 4 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

THIS CAUSE is before the Court upon Defendants' Motion for Judgment as a Matter of Law presented orally at the close of Plaintiff's case-in-chief on August 3, 2004. After hearing arguments from the parties on this issue, and being otherwise fully advised in the premises, the Court granted the Motion in open court.

### A. Rule 50 Standard

Rule 50 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

(a) Judgment as a Matter of Law.

  (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

  (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to judgment.



In evaluating a defendant's Rule 50 motion, made at the close of the plaintiff's case, the Court must consider all the evidence in the light most favorable to the plaintiff and grant the plaintiff the benefit of all reasonable inferences. Bogle v. Orange County Bd. of County Commissioners, 162 F.3d 653, 656 (11th Cir. 1998) (citing Richardson v. Leeds Police Dep't, 71 F.3d 801, 805 (11th Cir. 1995)). Judgment as a matter of law is appropriate only if the facts and inferences "point so overwhelmingly in favor of the movant . . . that reasonable people could not arrive at a contrary verdict." Bogle, 162 F.3d at 656 (citing Richardson, 71 F.3d at 805).

### B. Deliberate Indifference to Serious Medical Needs

Prison officials violate the Constitution if they withhold appropriate medical care with deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, negligence is not enough to establish an issue of material fact. Id. at 104-06. For a pretrial detainee to prevail on a claim of denial of his Fourteenth Amendment rights based on withheld medical care, a plaintiff must establish: (1) an objectively serious deprivation, defined as a serious medical need accompanied by a substantial risk of serious harm if unattended; (2) a response by public officials beyond mere negligence that is so inadequate that it constitutes an unnecessary and wanton infliction of pain; and (3) an attitude of deliberate indifference demonstrating that the defendant was aware of the facts from which a substantial risk of serious harm could be inferred, and that the defendant actually did draw such an inference. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).[1]

However, the inmate/plaintiff need not establish deliberate indifference through expert

---

[1] The minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner. Lancaster v. Monroe County, Alabama, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997).

testimony. Moreover, it is insufficient merely for an inmate to quarrel with the medical staff's professional judgment regarding a diagnosis or course of treatment. Estelle, 429 U.S. at 107. Deliberate indifference may be established by a showing of grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Additionally, the standard may be met by demonstrating that jail officials denied or delayed an inmate from receiving necessary medical treatment for non-medical reasons, such as the cost of the procedure. Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 704 (11th Cir. 1985).

In the instant case, the Court finds that the Plaintiff incurred a fractured cheek bone and received appropriate medical care for such injury. In that regard, the Court finds that there was no evidence that the Plaintiff was denied treatment because of the costs associated with providing such care. Additionally, the Court finds that there was no delay in Plaintiff's treatment which rose to the level of a deliberate indifference to Plaintiff's serious medical needs. The Court notes that Plaintiff's voluminous medical records weigh against his allegations of deliberate indifference. Moreover, the Court does not find that the Defendants responded in a manner that was so inadequate that it constituted an unnecessary and wanton infliction of pain. Finally, there was no indication that the Defendants were aware of any substantial risk of serious harm to the Plaintiff. In sum, the Court does not find a sufficient evidentiary basis to establish a claim for deliberate indifference in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Judgment as a Matter of Law, presented orally before the Court on August 3, 2004 is **GRANTED**.

2. Final judgment is hereby entered in favor of the Defendants, and the Plaintiff shall take nothing from this action.

3. All other pending motions are **DENIED AS MOOT**.

4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___4___ day of August, 2004.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Gregg A. Toomey, Esq.

William M. Hicks, Pro Se
DC # 664670
Lake Correctional Inst.
19225 US HWY 27
Clermont, FL 34711-9025

4