UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-DIM
MAGISTRATE JUDGE, P.A. WHITE

Provided to
South Florida Reception Center
on 9/16/04 for mailing.
I/M Initials BH

William M. Hicks,
   Plaintiff, PROSE,
-vs-
EMSA, et al,
   Defendant(s).

## PLAINTIFF'S TRAVERSE REPLY TO DEFENDANT'S RESPONSE TO RULE 59 and 60(b) MOTION

Comes now William M. Hicks, prose pursuant to Fed. R. Civ. P. and files his timely motion as it was sent to permanent prison camp Lake Corr Inst which Hicks is still residing at South Fla. Recept. center and recieved Sept 10, 2004. Defendants are reciting in response arguments made in their prior summary judgment motion which Hicks refuted by facts and record. Hicks stands firm on his Rule 59 and 60(b) motion and since defense counsel's have shown in prior pleadings facts untrue, this court should conduct entire denovo review. Defendant's argue by trying to persuade court into believing misconstrued facts such as Hicks did not object to Defendant's entry of EMSA and DOC files because he did not want to sort 'through loose' pages in boxes. This is incorrect as Hicks had complete labeled EMSA medical files broken down also to each Defendant binded together. Hicks aprised court of intentions to put forth all his EMSA medical files after examining witnesses and Defendant's with records as there

---

1 motion was dated August 30, 2004



is alot of Defendant's and best to place into evidence at such time. Hicks shown his files were complete even though Defense counsel's gave court their 'sworn oath' the files were TRUE AND complete. Defendant's assert they aprised Hicks of Dr. Davis, M.D. not testifying prior to trial. This is wholefully untrue statements as Hicks asked couple of times trying to set up days for all Defendant's. Three days later Hicks was told when he called Dr. Davis, M.D. to testify that whereabouts unknown and didn't know if in state or not. There was a total of [Five] days for trial [2] and one day for Rule 50 motion. Hicks can go on but his Rule 59 and 60(b) motion speak clearly as well Hicks has never been shown once to put forth any motion or pleading in bad faith which court should construe as true and correct.

## CONCLUSION

Wherefore, Defendant's put forth boiler plate motion of half truths and misconstrued facts to support their position in an effort to refute Hicks factual motion and have failed to respond to all Hicks arguments in R.59 and 60(b) motion. Based on record and Hicks consistant factual pleadings this court should deny their response, grant Hicks motion and/or refer case for settlement as court suggested in trial to end this case in which Hicks was and is severely wronged as well still denied proper treatment in Dept. of corr because of this case.

So prays.

---

[2] Not all full days of jury trial.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that all contained herein are true and correct to Hicks ability under pains of perjury and copy mailed by U.S. mail from Dept of corr prison officials this 16TH day of September 2004 and mailed to MR. R. Woulfe, esq for EMSA defendants.

William M. Hicks
William M. Hicks #664670
South Fla Recept Center
14000 NW 41st Street
Miami, Fla 33178