UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CIV-DIMITROULEAS

WILLIAM M. HICKS,

    Plaintiff,

    Magistrate Judge White

vs.

DR. W.C. DAVIS, DR. UECKER,
DR. TREVOR WEATHERS, DR. CLINE,
DR. PEARSON, DR. G. PEARSON, and
EMSA LIMITED PARTNERSHIP,

    Defendants.

_____/

FILED by _____ D.C.

NOV - 4 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER DENYING PLAINTIFF'S RULE 59 AND RULE 60 MOTION

THIS CAUSE is before the Court upon Plaintiff's Rule 59 and Rule 60 Motion, filed herein on August 12, 2004 [DE-276], Defendants' Response to Plaintiff's Rule 59 and Rule 60 Motion, filed herein on September 1, 2004 [DE-278], and Plaintiff's Traverse Reply to Defendants' Response, filed herein on September 21, 2004 [DE-279]. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff William M. Hicks ("Hicks") brought the above-styled action to recover for injuries allegedly resulting from an altercation while incarcerated at the Broward County Main Jail. The gravamen of Hicks' Amended Complaint is that he was denied appropriate medical attention constituting a deliberate indifference to his serious medical needs. After six days of trial, Defendants moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure.

After carefully considering the evidence, the Court found that Hicks incurred a fractured



cheek bone and received appropriate medical care for such injury. Additionally, the Court found

that there was no evidence of a delay in Hicks' treatment which rose to the level of a deliberate

indifference to a serious medical need. The Court noted that Hicks' voluminous medical records

weighed against a finding of deliberate indifference. Accordingly, the Court found that Hicks

failed to present a sufficient evidentiary basis to establish a claim for deliberate indifference and

granted Defendants' Rule 50 Motion in open court.[1]

In the instant Motion, Hicks moves for a new trial asserting that the Court committed the

following errors: (1) the Court erred in granting Defendants' Rule 50 Motion because Hicks

should have been informed of the deficiencies in his proof and been afforded an opportunity to

present evidence bearing on those issues; (2) the Court erred in denying Hicks the opportunity to

introduce his medical records into evidence; (3) the Court erred in making determinations on the

witnesses' credibility; (4) the Court erred in altering the two-week trial schedule and in skipping

days when the Court would be in session; and (5) the Court erred in prohibiting Hicks from

introducing newspaper articles regarding medical neglect in local jails.

## II. DISCUSSION

With respect to Hicks' initial allegation that the Court erred in not permitting Hicks the

opportunity to respond before ruling on Defendants' Rule 50 Motion, the Court notes that it read

directly from the Eleventh Circuit's opinion on each triable issue and then asked Hicks to point

to the evidence supporting his case. Hicks was unable to do so. Thus, the Court finds no error in

granting Defendants' Rule 50 Motion as Hicks was warned of the deficiencies in his proof and

was given a fair opportunity to rebut those charges.

---

[1]The Court's ruling was followed by a written order on August 4, 2004. [DE-275].

Hicks' next complaint is that the Court erred in prohibiting him from introducing his medical records into evidence. However, Hicks overlooks the fact that he was unable to authenticate any of those records. Although Hicks states that his box of materials contained a complete set of his medical records, such claim does not require the Court to blindly accept the materials into evidence. Therefore, the Court finds no error in prohibiting Hicks from introducing medical records which were not properly authenticated.

Additionally, Hicks claims that the Court erred in making determinations on the witnesses' credibility. The Court disagrees. Here, the Court notes that the basis for the Court's ruling on the Defendants' Rule 50 Motion was that Hicks failed to present any evidence affirmatively supporting his claims. As the Plaintiff in this case, Hicks had the burden of coming forward with evidence supporting his case. However, merely disagreeing with the witnesses' testimony does not provide support for one's claims. Accordingly, in granting the Defendants' Rule 50 Motion, the Court determined that there was no legally sufficient evidentiary basis for a reasonable jury to find for Hicks in this action.

Next, Hicks claims the Court erred in altering the two-week trial schedule and in skipping days when the Court would be in session. Here, the Court notes that being placed on a two-week calendar means that the Court has reserved a two-week period in which to try the case. In the instant case, the full two-week period was unnecessary because Hicks' case-in-chief lasted six days. Moreover, other than limiting redundant testimony, the Court did not restrict the presentation of Hicks' case. Furthermore, the Court recognized that Hicks was a pro se litigant and allowed Hicks wide latitude in the presentation of his case. To the extent that the Court placed any other restrictions on Hicks' presentation, the Court notes that the latitude afforded a

3

pro se litigant is not unlimited.  See Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999).

Finally, Hicks argues that the Court erred in not allowing him to introduce newspaper articles concerning the history of medical neglect in local jails.  Here, the Court notes its discretion under Rule 403 to balance probative value and unfair prejudice.  See Lambert v. Fulton County, Ga., 253 F.3d 588, 596 (11th Cir. 2001).  In the instant case, Hicks wanted to admit newspaper articles for the truth of the matters asserted in those articles.  Accordingly, considering its discretion in this area, the Court prohibited Hicks from admitting such articles.  See Dallas County v. Commercial Union Assurance Co., 286 F.2d 388, 391-92 (5th Cir. 1961) (finding that in most circumstances, a newspaper article is inadmissible hearsay); Metro. Council of NAACP Branches v. FCC, 46 F.3d 1154, 1165 (D.C. Cir. 1995) (questioning whether a New York Times article was admissible evidence of the truthfulness of its contents).  Thus, the Court finds no error in prohibiting Hicks from introducing the newspaper articles.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Rule 59 and Rule 60 Motion, filed herein on August 12, 2004 [DE-276] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of November, 2004.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Gregg A. Toomey, Esq.

William M. Hicks, Pro Se
DC # 664670
Lake Correctional Inst.
19225 US HWY 27
Clermont, FL 34711-9025