Provided to Lake C.I.
15 Nov 04  BH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-DIM
MAGISTRATE JUDGE, P.A. WHITE

William M. Hicks,
  Plaintiff, PROSE,
  -vs-
EMSA, et al,
  Defendant(s).
_____/



PLAINTIFF'S OBJECTIONS TO ORDER DENYING
RULE 59 AND 60(b) MOTION

COMES NOW, William M. Hicks, prose, and files timely objections to court's denial of R.59 and 60(b) motion dated Nov 4, 2004, as recieved order on Nov 8, 2004 at Lake Corr Inst and would place summation of objections as follows:

PG1, court's analogy trial lasted six days is incorrect by Mr. Robert Ryckoff court reporters response showing five days from 7-19-04 - 7-22-04 and 8-2-04. Defendant's oral R.50 motion was presented on 8-2-04 and court's hearing of R.50 held 8-3-04. Calander call was on 7-9-04. Court's analogy of fact is in question as court clearly asserts Hicks incurred Fx cheek bone "only", ...

PG2, Hicks was denied his rights as prose prisoner on calander call to place motions in record because court kept him handcuffed and shackled and denied appointment of counsel,

Hicks presented substantial evidence supporting injuries that were all known on Feb 9, 1996 and not limited to (L&R) jaw fx's, facial fx's, under right eye fx, (R) temple fx to include limited opening of mouth being reported up to 2004, kneck injury of 5 and 6 vertebra, eye injury and blurred vision, and constant pain and suffering. Hicks used witnesses and defendant(s) with their expert to show documented injuries. Court notes "Hicks voluminous medical records" failed to support deliberate indifference. This anology is clearly wrong. Hicks shown defendant's medical files (EMSA) to be incomplete and inaccurate records. Defense counsel(s) failed to, and/or used deceit by not advising defendant Dr. Davis, M.D. "Fled, and not known if in state or out of state" by their words. They knew ahead in court Davis would testify, but told Hicks on 3rd day of trial when called, he was or fled. They defendant's knew Davis was an intricate part of case. Davis seen Hicks on Feb 9, 1996. Hicks clearly revealed by documented evidence by using defendant(s) to reveal altered records as one has Defense counsel(s) fax clearly showing name, firm, date and year 2004. Hicks impeached all defendant's and their expert, thus created a jury question and not a question for judge to determine. Therefore, evidence did not weigh against Hicks. Hicks even allowed defendant(s) and their expert to use their medical files to show their file was not true and complete medical files.

Court misconstrued 11th cir opinion when read aloud. Then asked Hicks to point to evidence supporting his case. For one there was no medical files in evidence at this point as court granted Hicks and defendant's objections on admission. Then court was aprised Dept of Corr abruptly stopped psychotropic medication which was shown also by Hicks repeated requests to take recess during trial because of side effects causing

severe reactions from withdraw of depokine and Remron that rendered Hicks to spit up blood, bleed in stool, abdominal pains that was visable as Hicks was ready to fall out in trial. Also incapable of preforming as side effects caused thinking, thought process as well remembering problems. Also other effects. Hicks made court known Dec denied prescribed pain medication(s) which are used for now cronic pain in head caused by head and neck injuries. Hicks under these circumstances tried best he could even with 'missing' documents of Barbra Hansen-Evans, BSO HSA from clerks possession. These shown o.m.f. orders and fx jaw, ect.

Pg 3. courts analogy it did not deny Hicks from introducing his evidence or medical records is error. Hicks during 'jury' trial openly told court 'he must be able to put evidence in trial at some point'. This is when court dismissed jury. Court asserts Hicks was unable to authenticate records. This is plain wrong as court never gave a chance. Defendants didn't authenticate their EMSA and Dec files when court blindly entered them into evidence. Hicks on face of his neatly binded EMSA file had true documents showing recieved copies from defendant(s), BSO defendant(s), miami volunteer's project plus Hicks certified release forms from BSO custody during 1995-1998. court interjected need to go page by page against defendant's file. But didn't want to do it, nor defense. Hicks files were so neat and intact, he had them binded and broken down to each defendant. Hicks allowed defendant(s) and their expert to use their medical files and Hicks used his to show defendant(s) files to be incomplete and altered documents. Court acknowledged this when granted Hicks objections to defendant(s) files, thereby removing all files from evidence except for some documents placed by Hicks.

Hicks shown error in court's determinations on witnesses testimony to refute Hicks responses in court. This is on record as well DR. Uecker's statements Hicks sought medical because of mental problems and touched on use of prozac. And uecker never admitting orders to due omf surgery. Hicks clearly impeached 'All' defendants) and their expert, thus creating jury questions. court did error altering trial dates as Hicks prose status could not keep up with rescheduling of witnesses thus caused predjudice and hardship which caused Hicks hired expert not to be able to testify because of his private practice. Trial days were not always full days and week and half apart at end over objections. court limitted DR. uecker's testimony to be had because he needed to be else where, thus forcing a prose litigant to try and present evidence that occurred during three year spand. Also he was a hostile witness. Court tried to limit Hicks testimony and ability to put forth evidence as defendants) came to prison and reviewed evidence prior to trial.

pg4 Hicks made concise argument on court's error not allowing news paper articles in evidence. Court never reviewed them completely as they shown neglect, denial of care and people [destainee's] dying because of inadequate medical treatment. This would of also supported DR. Cline's statement, treatment to costly. Defendant's under the law must disprove articles for untrustworthyness. These were all focused on EMSA and their contract and how much they were paid to provide care.

## CONCLUSION

WHEREFORE, Hicks puts forth his summation of facts to show court's analogy of facts is not a true and correct recital of events that occurred during Calander call, trial and R.50 hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY facts and matters contained herein are true and correct to best of his ability and turned over to prison officials to mail this 15TH day of November 2004 and mailed to MR. Richard T. Woulfe, esq. One Financial Plaza, #900 · 100 SE 3rd Avenue, Ft. Laud, Fla 33394

William M. Hicks 664620
William M. Hicks pro se
Lake corr east
19225 US Hwy 27
Clermont, Fla 34711-9025