UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6087-CIV-DIM
MAGISTRATE JUDGE. P.A. WHITE

William M. Hicks,
  Plaintiff, PROSE,
 -vs-
EMSA, et al,
  Defendant(s).



Provided to Lake C.I.
10 Jan 05

FILED by ___ D.C.
JAN 13 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

PLAINTIFF'S OBJECTIONS TO ORDER DENYING TRIAL TRANSCRIPT'S AT GOV'TS EXPENSE / MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR IFP STATUS & TRANSCRIPTS AT GOVERNMENTS EXPENSE

COMES NOW, William M. Hicks, PROSE, pursuant to S.D.L.R. Rule 7.1, Fed R Civ P Rule 12(F), FRAP Rule 26(a), and submits his timely objections and motion to strike defendant's response dated [DECEMBER 28, 2004] to Hicks IFP/transcript at Gov'ts expense motion dated [NOVEMBER 30, 2004]. Hicks recieved court's amended denial order on Jan 3, 2005 from prison officials. This court on Dec 14, 2004 had carefully reviewed and considered Hicks motion dated NOV 30, 2004, and GRANTED IFP status and transcripts at Gov't expense, but in same denied interalia/ motion to expand record for appeal. court did note in order at FN #1, that an appeal does not present a substantial question 'IF' it is 'frivolous', but subsequently in court's amended order

1 of 6

DEC 30, 2004, it now asserts Hicks conclusory allegations are insufficient to warrant Gov't expense for transcripts. And in this same amended order at FN 2, court notes that "this appeal does not present a substantial question and "is frivolous", contrary to previous order.

In accordance with local Rule 7.1(c), as cited also by defendant's, an opposing party must file their [RESPONSE] within [T]EN days, and the movant may then file a reply thereto within Five days. Pursuant to Fed. R. Civ. P. 6(a), Hicks filed his original motion on [NOVEMBER 30, 2004] by turning said over to prison officials, thereby making timely service completed, Fed. R. Civ. P. Rule 5(b), <u>Smith -v- U.S. parole comm</u>, 721 F2d 346, FN #1 at 347 (11 cir 1983). It is clear by Hicks motion because said was notorized on Nov 30, 2004, a (Tuesday) thus, on this date time for defendant's to file their RESPONSE began to run. This pursuant to local Rule 7.1, Fed R Civ P 6(a), and FRAP 26(a) would impose a deadline effectively of December 13, 2004, (monday), [Excluding weekends] as pursuant to rules above.

Being so, this court should <u>strike</u> defendant's untimely response. See <u>pashoain -vs- GTE Directories</u>, 208 F supp 2d 1293, 1297 (M.D. Fla 2002) which this court held, "The court may order stricken from any pleading 'redundant, immaterial, impertinent, or scandalous, matter'. See also <u>Story -vs- sunshine foilage world, INC</u>, 120 F supp 2d 1027, 1030 (M.D. Fla 2000) (quoting <u>Seibel -vs- society, lease, INC</u>, 969 F supp 713, 715 (M.D. Fla 1997) (same).

Court should except truthfulness of well pled facts and not consider matters beyond the pleading, Fed. R. Civ. P. 12(f), <u>Thompson -vs- kindred nursing center East, LLC</u>, 211 F supp 2d 1345, 1347-48 (M.D. Fla 2002).

The defendant's response filed on [December 28, 2004] clearly grossly exceeded said TEN day strict limitation

through negligence or overlooking apparent applicable rule as Hicks cited above. Defendant's apparent misreading or unawareness is not excusable, <u>Pinion -vs- Dow Chemical, USA</u>, 928 F2d 1522, 1533 (1 Cir 1991) (citing <u>Kraus</u> 899 F2d at 1365-66). See also <u>certain underwriters of Lloyds of London -vs- Evans</u>, 896 F2d 1255, 1257-58 (10 Cir 1990) where district court improperly enlarged time for filing a notice of appeal in excess of jurisdictional limits imposed by the appellate rules, appellant could not claim reasonable reliance in light of his "duty to familiarize himself with the appellate rules". Appellant either "knew or should have known" that district court had exceeded maximum allowable extension under Rule 4(a)(5), <u>Parke vs- Chapley</u>, 865 F2d at 914, noting that in part due to "relative ease [just reading the rules of procedure"] with which counsel should have determined consequences of F.R.C.v.P. 60(b) motion, "any reasonable counsel simply could not have been misled" by trial court's statement...

Court in <u>US -vs- Hill</u>, 826 F2d 507, 508 (7 Cir 1987) stated "The supreme court has not held or even hinted that a defendant's own neglect, or that of his lawyers, extends jurisdictional time limit." In <u>US -vs- Locke</u>, 105 S.ct 1785, 1796 (1985) held, that "Filing [D]eadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced", <u>Pinion, supra, NT 13</u>. No cause existed but for defendant's untimely response for an "AMENDED" order to be issued denying transcripts at Gov't expense.

Missing a jurisdictional deadline deprives the court of power to act, <u>Browder v- Director DOC</u>, 98 S.ct 556 (1978);

Bailey -vs- Sharp, 782 F2d 1366 (7cir 1986). 'The district court's jurisdiction ran out after TEN DAYS, and it was powerless either to give either party more time, or to grant a new trial on its own motion, absent unique circumstances, "a court without jurisdiction is a court without power, no matter how appealing the case for exceptions may be", Bailey, 782 F2d 1366, 1373, (citing professional managers ass -vs- us, 761 F2d 740 (DC cir 1985) (easterbrook J. concurring), As cited in pinion, supra.

It's clear beyond doubt that the court's order was premised solely upon the untimely response by defendant's. SEE AMENDED ORDER Dec 30, 2004, denying transcript at Gov't expense, page one, "This cause is before the court upon plaintiff's motion to proceed IFP for appeal and transcripts of trial at Gov't expense, filed herein on Dec 6, 2004 [DE-284], and this court has considered DEFENDANT[S] December 28, 2004 RESPONSE [DE-292]... Thus, court erred by relying on untimely response to predicate issuance of its Amended order of Dec 30, 2004 DENYING the transcripts at Gov't expense, as defendant's failed to even attempt to show 'unique circumstances' in their untimely response, thereby leaving court with no jurisdiction to "amend" a previous order Dec 14, 2004, granting Hicks motion, in accordance with pinion, supra, (citing Bailey, supra.) would be predicated upon a timely counter-point raised by the opposing party. The trial court's jurisdiction thusly ran out after TEN DAYS, and it was powerless to grant either party anything on its own motion, Bailey, 782 F2d 1373; Browder -v- DOC, 98 S.ct 556 (1978), due to the defendant's missing a jurisdictional deadline, the court is deprived of the power to act. Defendant's did not

4 of 6

properly adhering to rules for either reconsideration or objections, or even extension of time, rather waiting [29 DAYS] to file their response directed to Hicks NOV 30, 2004 motion and are still 14 days late 'after' court ruled in accordance to proper rules. The court in <u>Byrne -vs- Nezhat</u>, 261 F3d 1075, 1129-30 (11 cir 2001) held, shot gun responses or motions are inappropriate and subject to Rule 12(f) to strike pleading. Also defendant's are regularly bound by the acts and omissions of their lawyer's, <u>Kagan -vs- Caterpillar tractor, Co</u>, 795 F2d 601, 608-09 (7TH Cir 1986); <u>Tolliver -vs- Northrop Corp</u>, 786 F2d 316, 319 (7TH cir 1986), and must look to their lawyer's rather than their adversaries for satisfaction. This is so in criminal as well civil litigation, Eg., <u>Murray -vs- Carrier</u>, 106 S.Ct 2639 (1986).

Defendant's Dec 28, 2004 response is woefully inadequate and misleading of actual facts and only re-enforces Hicks position that transcripts are needed for proper disposition on appeal. Furthermore, Hicks submitted to court clerk copy of his trust fund account outlining (six) months! ...

<u>CONCLUSION</u>

Wherefore, Hicks requests court to honor objections, strike response and nullify amended Dec 30, 2004 order and reissue its prior order Dec 14, 2004 Granting transcripts at gov't expense.

## CERTIFICATE OF SERVICE
### OATH

I William M. Hicks HEREBY CERTIFY that matters contained herein objections/motion to strike are true and correct under penalty of perjury and turned over to prison officials to mail by US mail this 10 day of January 2005 and true and correct copy mailed to Defendant's counsel, Mr. R. Waulfe, esq 100 SE 3rd Avenue Ft. Laud, Fla 33394 and Clerk of 11TH Cir Appeals court....

William M. Hicks 664670
William M. Hicks PRO SE
Lake Corr Inst
19225 US Hwy 27
Clermont, Fla 34711-9025