# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

July 15, 2008

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813

**Appeal Number:** 04-16386-GG
Case Style: William M. Hicks v. Ken Jenne
District Court Number: 00-06087 CV-WPD



The Clerk's Office has been directed to recall the mandate. The clerk of the district court is requested to return the opinion and judgment previously issued as mandate.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Tonya Richardson (404) 335-6176

MDT-3 (03-2004)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 15 2008
THOMAS K. KAHN
CLERK

---

No. 04-16386-GG

---

WILLIAM M. HICKS,

                                                            Plaintiff-Appellant,

versus

KEN JENNE, Broward County Sheriff,
BARBARA HANSON-EVANS,
ET AL,

                                                           Defendants-Appellees.

---

On Appeal from the United States District Court for the
Southern District of Florida

---

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia

BEFORE: TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

BY THE COURT:

Now pending before the Court is a document filed by Appellant himself which asks the Court to <u>sua sponte</u> recall our mandate. Appellant advises that, although appointed counsel no longer represented him at the rehearing stage, both the order denying rehearing and our mandate were served on counsel, rather than on Appellant. Appellant maintains that former counsel did not provide him copies of either the rehearing order or the mandate, and that he was not aware of the

mandate's issuance until May 13, 2008. Appellant further advises that he wished to file a petition for certiorari with the Supreme Court of the United States and that the failure to serve him with the rehearing order and mandate deprived him of his right to do so. See Supreme Court Rule 13(3)(establishing the time period within which a petition for certiorari can be filed).

We construe this document as a motion to recall the mandate, to vacate and reissue the order denying Appellant's rehearing petition and to stay the mandate.

Appellant's request to recall our mandate and to vacate and reissue the order denying rehearing is GRANTED as the Court's records confirm that Appellant was not served with a copy of either document. The Clerk is directed to reissue our rehearing order as of the date of this order.

Appellant's request to stay the mandate is DENIED.