# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

July 23, 2008

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813

**Appeal Number: 04-16386-GG**
Case Style: William M. Hicks v. Ken Jenne
District Court Number: 00-06087 CV-WPD



The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 04-16386

District Court Docket No.
00-06087-CV-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jan 4, 2007
THOMAS K. KAHN
CLERK

WILLIAM M. HICKS,

    Plaintiff-Appellant,

versus

KEN JENNE, Broward County Sheriff,
BARBARA HANSON-EVANS,
BARBARA LAW,
STANLEY HOLMES,
EMERGENCY MEDICAL SERVICE ASSOCIATION, Correctional Care Member of Inphynet,

    Defendants-Appellees,

SUSAN MCCAMPBELL, et al.,

    Defendants.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------------------

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUL 2 3 2008
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: January 4, 2007
For the Court: Thomas K. Kahn, Clerk
By: Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2007
THOMAS K. KAHN
CLERK
```

No. 04-16386
Non-Argument Calendar

D. C. Docket No. 00-06087-CV-WPD

WILLIAM M. HICKS,

          Plaintiff-Appellant,

versus

KEN JENNE, Broward County Sheriff,
BARBARA HANSON-EVANS,
BARBARA LAW,
STANLEY HOLMES,
EMERGENCY MEDICAL SERVICE ASSOCIATION,
Correctional Care Member of Inphynet,

          Defendants-Appellees,

Appeal from the United States District Court
for the Southern District of Florida

**(January 4, 2007)**

Before TJOFLAT, ANDERSON, and BARKETT, Circuit Judges.

PER CURIAM:

William M. Hicks appeals from the district court's order granting judgment as a matter of law to the defendants on his 42 U.S.C. § 1983 claim for inadequate medical care. Hicks alleges that physicians and staff failed to give him proper medical treatment for injuries he suffered at the hands of a mentally ill detainee while being held at the North Broward Detention Center on February 9, 1996. After successfully appealing from a grant of summary judgment in favor of the defendants,[1] Hicks tried his case pro se to a jury over six days in July 2004. At the close of his case, the defendants moved under Fed.R.Civ.Pro 50(a) for judgment as a matter of law. The district court granted the motion after giving Hicks an opportunity to respond. Hicks thereafter moved for reconsideration, which the district court denied. On appeal and with the aid of counsel, Hicks argues that he introduced sufficient evidence to overcome defendants' Rule 50 motion.[2] Upon

---

[1] In an earlier unpublished decision, No. 02-14055, this Court affirmed summary judgment as to Hicks's claims against officials working at the Broward County Sheriff's Office for failing to protect Hicks from the assault, but we reversed summary judgment as to the contract physicians and staff who Hicks alleged denied him adequate medical treatment.

[2] In his pro se brief, which we liberally construe, Hicks cites a host of alleged errors by the district court, all having to do either with the court's management of its trial calendar or its evidentiary rulings. Many of these were raised and addressed previously in the context of Hicks's motion for reconsideration. We discern no error in the district court's rulings.

2

careful review of the record and consideration of the parties' briefs, we affirm.

We review the district court's grant of judgment as a matter of law under Rule 50(a) de novo, using the same standard that guided the district court. McCormick v. Aderholt, 293 F.3d 1254, 1258 (11th Cir. 2002). A motion for judgment as a matter of law is properly granted if "there is no legally sufficient evidentiary basis for a reasonable jury" to find for the non-moving party. Fed.R.Civ.P. 50(a). Like the district court, we examine the evidence in a light most favorable to the non-moving party. McCormick, 293 F.3d at 1258.

In order for Hicks to prevail on his claim for inadequate medical treatment under 42 U.S.C. § 1983 and the Fourteenth Amendment,[3] he must prove (1) an "objectively serious deprivation," defined as a serious medical need accompanied by a substantial risk of serious harm if unattended; (2) an inadequate response by public officials amounting to an unnecessary and wanton infliction of pain that goes beyond mere negligence; and (3) an attitude of deliberate indifference demonstrating that the defendants were aware of facts from which a substantial risk of serious harm could be inferred, and that the defendants actually did draw

---

[3] Hicks fell victim to the attack while a pretrial detainee and thus his Fourteenth Amendment rights, not his Eighth Amendment rights, are at issue. The legal standard is the same in either case, however. Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997).

3

such an inference. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). Because negligence alone is insufficient for liability under § 1983, Hicks must do more than dispute the professional judgment of the medical staff regarding his diagnosis and treatment. Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S. Ct. 285, 291-92 (1976). Deliberate indifference, however, can be established by evidence that necessary medical treatment has been withheld or delayed for nonmedical or unexplained reasons. See Farrow v. West, 320 F.3d 1235, 1247 (11th Cir. 2003) (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in treatment). Hicks may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all." Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th Cir. 1985).

As for the first element of his claim, an objectively serious medical need, Hicks alleges that he received fractures to both his zygomatic arch (cheekbone) and his mandible (lower jaw) during his assault. The evidence demonstrates (and the defendants readily admit) that Hicks did suffer a fracture of his cheekbone; however, there is no evidence that Hicks ever had a broken jaw. Hicks presented the testimony of a family member who saw "bones sticking out" of Hicks's face, along with bruises and swelling, but who could not specify the location or nature of the injury. While a lay person can testify as to whether a plaintiff has a serious

medical need, see Farrow, 320 F.3d at 1243, in this case numerous x-rays and a CT scan confirmed that Hicks in fact did not have a fracture in his lower jaw. In light of this evidence, no reasonable jury could conclude that Hicks suffered a jawbone fracture from the lay observation recounted in his witness's testimony. Still, defendants concede that evidence of the cheekbone fracture alone qualifies as a "serious medical need" having a substantial risk of serious harm if unattended. Thus, Hicks's evidence at trial established the first element of his claim.

Hicks, however, cannot establish deliberate indifference on the part of the defendants with evidence of a cheekbone fracture only. Throughout his case, Hicks sought to prove deliberate indifference by evidence that his injuries required surgery, which was never provided. Undisputed testimony at trial showed that his cheekbone fracture, which was not a displaced fracture, did not require surgery; rather it would (and apparently did) heal properly on its own with the aid of minimal medical attention. The defendant physicians in this case prescribed pain medication, extra pillows, and a soft-food diet. The extensive medical record Hicks amassed while seeking treatment amply demonstrates that the defendants were not deliberately indifferent in treating him. Hicks may not approve of the course of treatment given him, but he has failed to introduce evidence that defendants were more than negligent or that his treatment was so cursory as to be

nonexistent. <u>Estelle</u>, 429 U.S. at 105-06; <u>Ancata</u>, 769 F.2d at 704.

It would be a different matter, if, as Hicks sought to prove, the defendants actually believed that surgery was the necessary treatment for his injuries. At the summary judgment stage, Hicks presented evidence that one of his physicians at the detention facility, Dr. Uecker, had recommended surgery. Barbara Hanson-Evans, Health Services Administrator for the Broward County Sheriff's Office, submitted an affidavit noting that Hicks's medical records showed that "Dr. Uecker suggested OMF (Open Mouth Fracture) surgery."[4] At trial, however, Ms. Hanson-Evans (who is not a licensed physician) testified that she merely read from Dr. Uecker's notes when she updated Hicks's medical records. She herself made no medical judgments. Furthermore, the description in her affidavit was a misreading of a progress note made by Dr. Uecker recommending that Hicks see an "OMF surgeon"–not "surgery"–for the problems he continued to experience. As Dr. Uecker testified, the purpose of recommending an OMF surgeon was to diagnose possible Temporomandibular Joint (TMJ) Syndrome. At no time did Dr. Uecker recommend surgery for Hicks. The OMF surgeon Hicks did see, Dr. Weathers, likewise did not recommend surgery. Apart from Ms. Hanson-Evans's

---

[4] Contrary to Ms. Hanson-Evans's understanding at the time, OMF stands for "oral and maxillofacial," not "Open Mouth Fracture." There is no implication of a fracture in the acronym.

6

erroneous affidavit, Hicks failed to introduce any evidence that surgery was the proper or necessary treatment for his injury. In fact, when Hicks questioned Dr. Uecker at trial, the district court reminded Hicks, who proceeded pro se, of the need to ask Dr. Uecker about this central factual allegation. Hicks chose not to do so. Without evidence of a jawbone fracture or the need for treatment, such as surgery, beyond the care he was given, Hicks failed to introduce sufficient evidence to overcome defendants' Rule 50(a) motion. Accordingly, we affirm.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By:_____
Deputy Clerk
Atlanta, Georgia